Filed 20 November 02 P2:02
Marilyn Burgess - District Clerk
Harris County

Pgs-3
ATFEX
7

CAUSE NO. 2020-38738

| | | |
|---|---|---|
| JETALL COMPANIES INC, | § | IN THE DISTRICT COURT OF |
| *Plaintiff(s)* | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| HOOVER SLOVACEK LLP, | § | 164th JUDICIAL DISTRICT |
| *Defendant(s)* | § | |

## FINAL JUDGMENT

On October 30, 2020 a hearing was held to consider *Defendant Hoover Slovacek, LLP's Motion for Relief Pursuant to Section 27.09(A) of the Texas Citizen Participation Act and Motion for Summary Judgment as to Plaintiff's Sole Remaining Claim,* filed October 9, 2020. All parties appeared and a record was made. In consideration of the said motion, Plaintiff's response, the Court's prior Order, the Court's file, argument of counsel and relevant authority, the Court finds:

In its Order signed September 17, 2020, the Court dismissed, with prejudice, Jetall Companies, Inc.'s, causes of action for breach of contract and breach of fiduciary duty under authority of Section 27.007 of the Texas Citizen Participation Act;

Hoover Slovacek LLP has, in past actions, represented parties adverse to Jetall Companies, Inc., in multiple legal matters;

Jetall Companies, Inc. previously sued a Hoover Slovacek LLP partner and attorney related to similar or the same subject matter as this lawsuit;

Jetall Companies, Inc.'s previous lawsuit was dismissed by a different court pursuant to the Act and Jetall Companies, Inc. was sanctioned in that matter;

Jetall has sued opposing attorneys, who represent parties adverse to Jetall, on multiple occasions in the past;

Jetall has been sanctioned multiple times in past litigation for engaging in improper and repugnant actions, in courts of law;

Jetall brought this lawsuit for an improper purpose, which was to harass and increase the cost of litigation and to cause opposing counsel to personally incur unnecessary expenses so as to dissuade its opposing counsel from representing parties adverse to Jetall; and,

1

sanctions are justified in the present matter pursuant to Section 27.005(b) and Section 27.009(a) of the Texas Citizens Participation Act.

It is therefore:

Ordered that, pursuant to Section 27.009(a)(l) of the Texas Citizens Participation Act, Hoover Slovacek, LLP shall have and recover from Plaintiff, Jetall Companies, Inc., the amount of $35,891.00 as reasonable attorneys' fees and court costs. It is further,

Ordered that pursuant to Section 27.009(a)(2) of the Texas Citizens Participation Act, Hoover Slovacek LLP is awarded as a sanction against Jetall Companies, Inc., the sum of $90,000.00, which the Court finds is sufficient to likely deter Jetall Companies, Inc., from bringing similar actions that violate the Texas Citizens Participation Act. It is further,

Ordered that Jetall Companies, Inc., shall pay all sums listed above, to Hoover Slovacek LLP, within ten (10) days of the signing of this order and that execution shall issue for all other amounts and all relief awarded herein, consistent with Texas law. It is further,

Ordered that, in the event an appeal of this judgment in favor of Hoover Slovacek, LLP is taken to the Court of Appeals and this judgment is affirmed (and in that event only), Hoover Slovacek, LLP shall recover the additional sum of $36,000.00 from Jetall Companies, Inc., as reasonable attorney fees on appeal. It is further

Ordered that, in the event this judgment in favor of Hoover Slovacek, LLP is affirmed by the Court of Appeals and is subsequently the subject of a petition for review in the Texas Supreme Court and such petition is denied or dismissed, Hoover Slovacek, LLP shall recover the additional sum of $15,000.00 from Jetall Companies, Inc., as reasonable attorney fees incurred in defending against the petition for review filed in the Supreme Court. It is further

Ordered that, in the event this judgment in favor of Hoover Slovacek, LLP is affirmed by the Court of Appeals the Texas Supreme Court calls for briefing on the merits, Hoover Slovacek, LLP shall recover the additional sum of $25,000.00 from Jetall Companies, Inc., as reasonable attorney fees incurred before the Supreme Court. It is further

Ordered that, in the event this judgment in favor of Hoover Slovacek, LLP is affirmed by the Court of Appeals and is affirmed following the grant of a petition for review in the Texas Supreme Court, Hoover Slovacek, LLP shall recover the additional sum of $10,000.00 from Jetall Companies, Inc., as reasonable attorney fees incurred in the completion of representation before the Supreme Court. It is further

Ordered that, Hoover Slovacek LLP's Motion for Summary Judgment as to Jetall Companies, Inc.'s, sole remaining cause of action for fraud is hereby granted and said fraud claim is dismissed with prejudice. It is further

Ordered that interest shall accrue on the amounts awarded in this judgment at the rate of five per cent (5%) per annum per TEX. FIN. CODE §304.003 (c). Such post-judgment interest shall accrue on the amount awarded from the date of judgment until paid. It is further

Ordered that costs of court are taxed against Jetall Companies, Inc.

All claims and causes of action not expressly disposed of herein are dismissed. This judgment disposes of all claims and all parties, and it is final and appealable.

Signed October 31, 2020

Hon. MICHAEL LANDRUM
Judge, 164th District Court

March 29, 2022



# JUDGMENT

# The Fourteenth Court of Appeals

JETALL COMPANIES, INC., Appellant

NO. 14-20-00691-CV    V.

HOOVER SLOVACEK LLP, Appellee
_____

This cause, an appeal from the judgment in favor of appellee, Hoover Slovacek LLP, signed October 31, 2020, was heard on the appellate record. We have inspected the record and find no error in the judgment. We order the judgment of the court below **AFFIRMED**.

We order appellant, Jetall Companies, Inc., to pay all costs incurred in this appeal.

We further order this decision certified below for observance.

Judgment Rendered March 29, 2022.

Panel Consists of Justices Jewell, Bourliot, and Poissant. Memorandum Opinion delivered by Justice Jewell.



# THE SUPREME COURT OF TEXAS

Orders Pronounced September 23, 2022

**ORDERS ON CAUSES**

21-0652   THREE ACES TOWING, INC. D/B/A THREE ACES STORAGE v. CASSIE LANDRUM, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JEFFREY LANDRUM; from Chambers County; 14th Court of Appeals District (14-19-00409-CV, 628 SW3d 346, 06-24-21)

Pursuant to Texas Rule of Appellate Procedure 59.1, after granting the petition for review and without hearing oral argument, the Court reverses the court of appeals' judgment and renders judgment.

Per Curiam Opinion

22-0078   IN RE MARIAM AYAD; from Collin County; 5th Court of Appeals District (05-21-00216-CV, ___ SW3d ___, 01-05-22)

stay order issued February 22, 2022, lifted

Pursuant to Texas Rule of Appellate Procedure 52.8(c), without hearing oral argument, the Court conditionally grants the petition for writ of mandamus.

Per Curiam Opinion

## ORDERS ON PETITIONS FOR REVIEW

### THE FOLLOWING PETITIONS FOR REVIEW ARE DENIED:

21-0497   DIAMONDBACK E & P LLC AND MAGNOLIA, LLC v. RIDGEFIELD PERMIAN, LLC AND ALBERT JEFFRYES GRIFFITHS, AS TRUSTEE OF THE ALBERT JEFFRYES GRIFFITHS TRUST; from Reeves County; 8th Court of Appeals District (08-19-00156-CV, 626 SW3d 357, 05-05-21)

   2 petitions

22-0364   JOE ERVIN LOCKRIDGE v. STEPHANIE MARTIN; from Dallas County; 5th Court of Appeals District (05-21-00717-CV, ___ SW3d ___, 04-05-22)

22-0539   WEST LOOP HOSPITALITY, LLC, JETALL COMPANIES, INC., AND ALI CHOUDHRI v. HOUSTON GALLERIA LODGING ASSOCIATES, LLC, RAYMOND MANAGEMENT CO., INC., THE ESTATE OF C.J. RAYMOND, AND BARRY PERKEL; from Harris County; 1st Court of Appeals District (01-19-00885-CV, 649 SW3d 461, 03-03-22)

   (Justice Young not participating)

22-0553   JETALL COMPANIES, INC. v. HOOVER SLOVACEK LLP; from Harris County; 14th Court of Appeals District (14-20-00691-CV, ___ SW3d ___, 03-29-22)

   (Justice Young not participating)

22-0766   C. G. v. TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES; from Travis County; 3rd Court of Appeals District (03-22-00098-CV, ___ SW3d ___, 07-22-22)

   counsel's motion to withdraw granted

**MISCELLANEOUS**

<u>THE FOLLOWING PETITION FOR WRIT OF MANDAMUS IS DENIED:</u>

22-0700   IN RE BRENDA L. CADDELL; from Dallas County; 5th Court of Appeals District (05-22-00435-CV, 649 SW3d 857, 07-05-22)

<u>THE FOLLOWING PETITION FOR WRIT OF PROHIBITION IS DENIED:</u>

22-0695   IN RE RJR VAPOR CO., LLC; from Travis County; 3rd Court of Appeals District (03-22-00361-CV, ___ SW3d ___, 06-30-22)