Case 23-03141   Document 32-1   Filed in TXSB on 08/31/23   Page 1 of 12

Case 23-03141   Document 32-1   Filed in TXSB on 08/31/23   Page 1 of 12

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| *In re:* | § | |
| | § | |
| **HOUSTON REAL ESTATE PROPERTIES, LLC** | § | Case No. 22-32998 |
| | § | (Chapter 7) |
| *Debtor*, | § | |
| | § | |
| **JOHN QUINLAN, OMAR KHAWAJA, AND OSAMA ABDULLATIF,** | § | |
| | § | |
| *Plaintiffs*, | § | Adversary No. 23-03141 |
| | § | |
| v. | § | |
| | § | |
| **HOUSTON REAL ESTATE PROPERTIES, LLC, et al.,** | § | |
| | § | |
| *Respondents*. | § | |

**MEMORANDUM OF LAW OF DEFENDANTS JETALL COMPANIES, INC., ARABELLA PH 3201 LLC, 9201 MEMORIAL DR. LLC, 2727 KIRBY 26L LLC, TEXAS REIT LLC, DALIO HOLDINGS I, LLC, DALIO HOLDINGS II, LLC, SHAHNAZ CHOUDHRI, ALI CHOUDHRI, SHEPHERD-HULDY DEVELOPMENT I, LLC, SHEPHERD-HULDY DEVELOPMENT II, LLC, AND GALLERIA LOOP NOTE HOLDER LLC IN SUPPORT OF THEIR MOTION TO DISMISS COMPLAINT**

**TABLE OF CONTENTS**

Page

I.   PRELIMINARY STATEMENT ................................................................................... 1

II.  LEGAL STANDARD ................................................................................................. 2

    A.   Federal Rule 12(b)(6). ...................................................................................... 2

    B.   Federal Rules 8 and 12(e). ............................................................................... 2

    C.   Federal Rule 9. ................................................................................................. 4

III. ARGUMENT & AUTHORITIES ............................................................................... 4

    A.   Argument with Respect to Fraudulent Conveyance or Fraudulent Transfer
         Actions. ............................................................................................................. 4

    B.   Cause of Action for "Alter Ego." ..................................................................... 6

    C.   Joint Enterprise Liability (All Defendants). .................................................... 6

    D.   Fraud (Choudhri). ............................................................................................ 7

    E.   Exemplary Damages and Attorney's Fees. ...................................................... 7

IV.  PRAYER ..................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Page**

**CASES**

*Aluminum Chems. v. Bechtel Corp.*, 28 S.W.3d 64, 67 n.3 (Tex.App.—Texarkana 2000, no pet.) .................................................................................................................. 6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2007) ............................................................................... 4, 5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ............................................... 2, 4, 5

*Dodd v. Savino*, 426 S.W.3d 275, 291 (Tex.App.—Houston 14th District, no pet.) ...................... 6

*Ellison v. Am. Image Motor Co., Inc.*, 36 F. Supp. 2d 628, 640 (S.D.N.Y. 1999) .......................... 4

*Nichols v. Linn,* 282 S.W.3d 743, 747 (Tex.App.—Dallas 2005, no pet.) ................................... 6

*Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ....................................................... 3

*Seidel v. McLaughlin (In re Western Natural Gas, LLC)*, Case No. 01-36710-SAF-7, 2004 WL 1945312, at *1 (Bankr. N.C. Tex. July 7, 2004) ........................................................ 3

*Sisk v. Tex. Parks & Wildlife Dep't*, 644 F.2d 1056, 1059 (5th Cir. 1981) ................................. 3

*SSP Partners v. Gladstrong Investments,* 275 S.W.3d 444, 456 (Tex. 2008) ............................... 6

*Tese-Milner v. TPAC, LLC (In re Ticketplanet.com)*, 313 B.R. 46, 59 (Bankr. S.D.N.Y. 2004) ........................................................................................................................... 4

**STATUTES**

11 U.S.C. § 541(a)(1) ........................................................................................................ 5

11 U.S.C. § 704(a) ............................................................................................................. 5

FED R. CIV. P. 8 ............................................................................................................. 2, 3

FED. R. CIV. P. 12(b)(6) .................................................................................................... 2

FED. R. CIV. P. 12(e) ......................................................................................................... 3

FED. R. CIV. P. 9(b) ........................................................................................................ 4, 7

*Texas Bus. Orgs. Code* §21, 223(a)(3) ............................................................................... 6

**OTHER AUTHORITIES**

6 Collier on Bankruptcy ¶ 704.03 (Richard Levin & Henry J. Sommer eds., 16th ed.) ................. 5

H.R. Rep. No. 595, 95th Cong., 1st Sess. 367-68 (1977) ............................................................... 5

S. Rep. No. 989, 95th Cong., 2nd Sess. 82-83 (1978) .................................................................... 5

Defendants Jetall Companies, Inc., Arabella PH 3201 LLC, 9201 Memorial Dr. LLC, 2727 Kirby 26L LLC, Texas REIT LLC, Dalio Holdings I, LLC, Dalio Holdings II, LLC, Shahnaz Choudhri, Ali Choudhri, Shepherd-Huldy Development I, LLC, Shepherd-Huldy Development II, LLC, and Galleria Loop Note Holder LLC (collectively, "*Defendants*") respectfully submit this Memorandum of Law in support of their motion to dismiss the claims and causes of action (the "*Motion*") asserted by the Plaintiffs, John Quinlan, Omar Khawaja, and Osama Abdullatif (collectively, "*Plaintiffs*") [Dkt. 1], pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "*Rules*"), made applicable to this adversary proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure.

**I.
PRELIMINARY STATEMENT**

1. All of the claims asserted by the Plaintiffs against the Defendants: (i) fraudulent transfer (all Defendants), (ii) alter ego (all Defendants), (iii) joint enterprise liability (all Defendants), and (iv) fraud (Choudhri only), are not well taken and should be dismissed for failure to state a claim upon which relief can be granted, for the following reasons.

2. With respect to fraudulent transfer (all Defendants), the Plaintiffs lack standing to complain about any fraudulent transfers with regard to any of the persons or entities. With respect to Houston Real Estate Properties, LLC, the Debtor, any such claims belong to the Trustee, not to some third-party individual, and the Plaintiffs have no standing whatsoever to complain about purported fraudulent transfers not involving the Debtor in this proceeding. Alter ego (all Defendants) and joint enterprise liability (all Defendants) do not even meet the most permissive pleading standard since sufficient facts have not been alleged to establish alter ego or joint enterprise liability. Fraud with respect to Choudhri additionally has to meet the enhanced pleading standards under Rule 9(b) of the Federal Rules of Civil Procedure, and the allegations do not even

approach that standard. Exemplary damages and attorneys' fees are additional remedies in the event other causes of action survive and are not independent causes of action.

## II.
## LEGAL STANDARD

**A.      Federal Rule 12(b)(6).**

3.      Federal Rule of Civil Procedure 12(b)(6), made applicable through Bankruptcy Rule 7012, authorizes dismissal of a complaint if it fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). While the Court must accept as true all well-pleaded facts in the complaint, dismissal of a complaint is warranted if the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted).

**B.      Federal Rules 8 and 12(e).**

4.      Federal Rule 8, made applicable through Bankruptcy Rule 7008, states that a plaintiff must give the defendant fair notice of the nature of the claim and grounds for it, including the demand for judgment the plaintiff seeks. *See* FED R. CIV. P. 8. In applying Federal Rule 8, courts have held that a plaintiff may not merely include a "bare averment that he wants relief and is entitled to it." *Twombly*, 540 U.S. at 555 n.3. Pursuant to Rule 8(a), a complaint will be deemed inadequate if it contains "bare bones" allegations since it does not provide adequate notice. *See Walker v. S. Cent. Bell Tel. Co.*, 904 F.2d, 275, 277 (5th Cir. 1990).

5.      Additionally, the type of "Group" or "Block" pleading utilized against all Defendants is not adequate under Rule 8(a). In *Seidel v. McLaughlin (In re Western Natural Gas, LLC)*, the chapter 7 trustee filed a complaint against the defendant and other defendants. Case No.

01-36710-SAF-7, 2004 WL 1945312, at *1 (Bankr. N.C. Tex. July 7, 2004). There, the court recognized that the complaint failed to state a short and plain statement of the claim as it pertains to the defendant. The same could be said here as to the vast majority of the Defendants:

> [T]he complaint contains no specific allegation concerning [the defendant]. … The complaint does not allege ***when*** the transactions occurred or ***who*** had been involved. The complaint does not contain a short statement of ***what*** [the defendant] is alleged to have done. The complaint does not allege ***[the defendant's] involvement in any specific action or transaction***. As a result, the complaint does not comply with Rule 8(a) and, consequently, does not state a claim for relief.

*Id*. at *2 (emphasis added). The same is true here. With the exception of some allegations made about Jetall paying the property taxes for Defendants Kirby, Memorial, and Arabella, there is no other mention of them at all.[1]

6. Federal Rule 12(e) provides that if a plaintiff files a complaint that is vague or ambiguous, the defendant, instead of attempting to answer, may file a motion asking the court to require the plaintiff to amend its complaint with a more definite statement. *See* FED. R. CIV. P. 12(e); *Sisk v. Tex. Parks & Wildlife Dep't*, 644 F.2d 1056, 1059 (5th Cir. 1981). If the court grants a Rule 12(e) motion, the plaintiff must re-plead within ten (10) days after notice of the order or as scheduled by the Court. *See* FED. R. CIV. P. 12(e). If the plaintiff does not re-plead by the deadline, the court may strike the complaint and dismiss the case. *See* FED. R. CIV. P. 8, 12(e); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (emphasizing that dismissal under Rule 8 is appropriate in "those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised").

---

[1] One entity paying the property taxes for a number of other entities is a normal business practice and certainly does not make them alter egos.

C.     **Federal Rule 9.**

7.     Federal Rule 9, made applicable through Bankruptcy Rule 7009, states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b).

8.     Additionally, Rule 9(b) requires that "a complaint must allege with some specificity the acts constituting fraud . . . conclusory allegations that defendant's conduct was fraudulent or deceptive are not enough." *Tese-Milner v. TPAC, LLC (In re Ticketplanet.com)*, 313 B.R. 46, 59 (Bankr. S.D.N.Y. 2004) (citations omitted). This is particularly true where, as here, fraud is alleged against multiple defendants. *Id.* (stating that "when fraud[2] is alleged against multiple defendants, a plaintiff must plead with particularity by setting forth separately the acts complained of by each defendant") (quoting *Ellison v. Am. Image Motor Co., Inc.*, 36 F. Supp. 2d 628, 640 (S.D.N.Y. 1999)).

9.     Generally, the heightened pleading standards of *Iqbal* and *Twombly* have not been met with respect to Plaintiff's Original Complaint. Legal conclusions and a recitation of elements of a cause of action are not facts to be considered. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Nonconclusory factual allegations are the only ones that may be considered in a 12(b)(6) Motion to Dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662 (2007).

## III.
## ARGUMENT & AUTHORITIES

A.     **Argument with Respect to Fraudulent Conveyance or Fraudulent Transfer Actions.**

10.     Any fraudulent transfer action with respect to Houston Real Estate Properties, LLC, the Debtor, belongs to the Trustee and not to the Plaintiffs in this Adversary Proceeding. When a Trustee is appointed, the Trustee takes control of all property. The Trustee is charged with (among

---

[2] All Defendants are alleged to have made fraudulent conveyances.

other things) being the custodian of the property of the Estate. 11 U.S.C. § 704(a). Property of the Estate is broadly defined to include "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Property of estate includes causes of action. H.R. Rep. No. 595, 95th Cong., 1st Sess. 367-68 (1977); S. Rep. No. 989, 95th Cong., 2nd Sess. 82-83 (1978) ("The scope of §541(a)(1) is broad. It includes all kinds of property, including tangible or intangible property, causes of action (*see* Bankruptcy Act § 70a(6)), and all other forms of property currently specified in section 70a of the Bankruptcy Act § 70a…"). Thus, "[r]ights of action arising upon the contracts of property of the debtor, not yet resolved into suit, pass to the trustee, and should be asserted in the proper tribunal whenever necessary for the collection or preservation of the estate." 6 Collier on Bankruptcy ¶ 704.03 (Richard Levin & Henry J. Sommer eds., 16th ed.).

11. With regard to the other allegations about purported fraudulent transfers among other entities sued, the attempts at some specificity are hollow, because there is no pleading or showing that the entity allegedly making the transfers was insolvent or rendered insolvent by those transfers. This is a necessary element to a state fraudulent conveyance action. A recitation of the "badges of fraud" contained on page 15 provide little more than a "formulaic recitation of the elements" of a fraudulent transfer claim that resolves to "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Such allegations are conclusory and not entitled to be assumed true for purposes of assessing the sufficiency of a plaintiff's pleading. *Iqbal*, 556 U.S. at 681. In its Response, Plaintiffs point to no meaningful, non-conclusory factual allegations in their Complaint from which it could be said Plaintiffs stated a plausible claim for relief as required by *Iqbal*. *Id.* at 678.

B.    **Cause of Action for "Alter Ego."**

12.    Alter Ego is not a cause of action in Texas; it is merely a way of holding one person or entity liable for the debt of another. *Dodd v. Savino*, 426 S.W.3d 275, 291 (Tex.App.—Houston 14th District, no pet.).

13.    The allegations that Plaintiffs attempt do not show the relationship between or among the Defendants in any manner to accomplish that. For example, they make no specific allegations as to what Houston Real Estate Properties, LLC's (the Debtor's) relationship was to Shahnaz Choudhri, or what these Defendants' relationships are with each other, other than the general statement that they are "one and the same thing and acting as alter egos of one another." Again, exactly the kind of allegation that *Twombly* and *Iqbal* say is not sufficient.

14.    Moreover, the failure to observe corporate formalities is no longer a ground for piercing the corporate veil under alter ego. *Texas Bus. Orgs. Code* §21, 223(a)(3); *Nichols v. Linn,* 282 S.W.3d 743, 747 (Tex.App.—Dallas 2005, no pet.); *Aluminum Chems. v. Bechtel Corp.*, 28 S.W.3d 64, 67 n.3 (Tex.App.—Texarkana 2000, no pet.).

C.    **Joint Enterprise Liability (All Defendants).**

15.    The joint enterprise liability "cause of action" no longer exists under Texas law and has not since 2008. In *SSP Partners v. Gladstrong Investments,* 275 S.W.3d 444, 456 (Tex. 2008), the Texas Supreme Court held that a Plaintiff cannot pierce the corporate veil to impose liability of one corporation for the obligations of another merely because the corporations were acting as a single business enterprise.

16.    Thus, even if the allegations of the Complaint were sufficient to allege what formerly was a joint enterprise liability cause of action (which they are not), no such action exists any longer as a matter of law.

17. The allegations about joint enterprise are contained in paragraph 48, and again, are merely a recitation in two sentences that cite conclusory elements and not facts to prove a cause of action.[3]

**D.  Fraud (Choudhri).**

18. The same is true for the allegations of fraud against Choudhri.

19. Those are contained in paragraph 46 of the Complaint and merely recite the elements of the cause of action without any facts other than some conclusory allegations that Choudhri has made misrepresentations regarding his net worth, fraudulent conveyances (*see* argument above regarding the inadequacy of those allegations), "attempts to transfer assets between the Choudhri Defendants and others" (there is no such cause of action as an "attempt to transfer" or "efforts to preclude.")  Additionally, since Plaintiffs have alleged fraud, they must meet the heightened pleading standards of Rule 9(b), which they have not.

20. Federal Rule 9, made applicable through Bankruptcy Rule 7009, states that "[i]n alleging fraud or mistake, a Party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  FED. R. CIV. P. 9(b).

**E.  Exemplary Damages and Attorney's Fees.**

21. These are more in the nature of remedies than causes of action and cannot be recovered since the other purported causes of action are not well taken and should be dismissed.

---

[3] "The Choudhri Defendants were engaged in a joint enterprise because they had an understanding or common purpose to be carried out by the enterprise, a community of pecuniary interest in that common purpose and an equal right to direct and control the enterprise.  The Choudhri Defendants also committed one or more torts against Plaintiffs while acting within the scope of the enterprise.  Plaintiffs have been damaged as a result." *Original Complaint [Dkt. 1], at ¶ 48.*

## IV.
## PRAYER

The Plaintiff's Complaint against the Defendants should be dismissed as a matter of law for failure to state a claim upon which relief can be granted. For all of the foregoing reasons, the Defendants respectfully request that the Court grant the Motion for dismissal of the Complaint with prejudice.

Dated: August 31, 2023

        Respectfully submitted,

        */s/ James Q. Pope*
        James Q. Pope
        State Bar No. 24048738
        **THE POPE LAW FIRM**
        6161 Savoy Drive, Suite 1125
        Houston, Texas 77036
        (713) 449-4481 Telephone
        (281) 657-9693 Facsimile
        jamesp@thepopelawfirm.com

        **COUNSEL FOR DEFENDANTS**[4]

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Trustee's Response and Brief in Support to Defendant Eric Sydow's Motion to Dismiss was served on Counsel for the Defendants via the Court's ECF/PACER system on the 30th day of August 31, 2023.

        */s/ James Q. Pope*
        James Q. Pope

---

[4] Some Defendants will have separate counsel as time permits.