## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| *In re:* | § | |
| | § | |
| **HOUSTON REAL ESTATE PROPERTIES,** | § | **Case No. 22-32998** |
| **LLC** | § | **(Chapter 7)** |
| | § | |
| ___*Debtor,*___ | § | |
| | § | |
| **JOHN QUINLAN, OMAR KHAWAJA,** | § | |
| **AND OSAMA ABDULLATIF,** | § | |
| | § | |
| *Plaintiffs*, | § | **Adversary No. 23-03141** |
| | § | |
| **v.** | § | |
| | § | |
| **HOUSTON REAL ESTATE PROPERTIES,** | § | |
| **LLC, et al.,** | § | |
| | § | |
| *Respondents*. | § | |

### HOUSTON REAL ESTATE PROPERTIES, LLC'S MOTION TO DISMISS COMPLAINT PURSUANT TO PURSUANT TO FED.R.CIV.P. 8(a), 9(b) AND 12(b)(1) AND (12(b)(6), AND FED.R.BANKR.P. 7008, 7009 AND 7012

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY(S).**

TO THE HONORABLE JEFFREY P. NORMAN, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Houston Real Estate Properties, LLC ("HREP" or "Movant") and files this

*Motion to Dismiss Pursuant to* FED.R.CIV.P. 8, 9(b) 12(b)(1) *and* 12(b)(6), *and* FED.R.BANKR.P.

*7008, 7009 and 7012* (the "<u>Motion</u>") seeking dismissal of the Complaint on the basis that it fails to meet basic pleading standards or state plausible claims and that Plaintiffs do not have standing to bring the claims asserted. In support of the requested relief, Movant would respectfully show the Court as follows:

## I. SUMMARY OF ARGUMENT

1.      The Complaint should be dismissed pursuant to FRCP 12(b)(1) because the Court lacks constitutional authority to adjudicate the state claims and does not have subject-matter jurisdiction over the claims asserted against HREP. Additionally, the Plaintiffs lack standing to assert estate claims.

2.      The Complaint should be dismissed because the Plaintiffs fail to state a claim upon which relief can be granted pursuant to FRCP 12(b)(6), 8, and 9. The Claims asserted by the Plaintiffs against HREP are not supported by any factual allegations against the Debtor whatsoever, much less satisfying the heightened pleading standards of FRCP 9.

## II. PROCEDURAL AND FACTUAL BACKGROUND

3.      On October 7, 2022 (the "<u>Petition Date</u>"), Houston Real Estate Properties, LLC (the "<u>Debtor</u>") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code initiating the above-captioned bankruptcy case (the "<u>Bankruptcy Case</u>"). The Bankruptcy Case was converted to Chapter 7 on March 8, 2023, and Randy Williams was appointed Trustee on March 9, 2023.

4.      On August 1, 2023, ("<u>Plaintiffs</u>") filed their complaint, entitled *John Quinlan, Omar Khawaja, and Osama Abdullatif's Original Complaint* (the "<u>Complaint</u>") (Doc#1) initiating this adversary seeking damages against the Debtor for "Fraudulent Transfer," "Alter Ego," and "Joint Enterprise Liability." Summons was issued on the Debtor on August 4, 2023, though it was

not served on the Debtor, but on the Trustee.

5.      The Complaint makes no specific, identifiable factual claims that can establish the pled causes of action of (i) fraudulent transfer, (ii) alter-ego, or (iii) joint enterprise liability against the Debtor. The Complaint throws wild darts, but none land against the Debtor.

### III. ARGUMENT AND AUTHORITIES

A. <u>The Complaint should be dismissed pursuant to FRCP 12(b)(1) because the Court lacks constitutional authority to adjudicate the state claims and does not have subject matter jurisdiction over the claims asserted against HREP.</u>

*6.*      Pursuant to FED. R. CIV. P. 12(b)(1), dismissal of a complaint is authorized based on a lack of subject matter jurisdiction. *In re Neighbors Legacy Holdings, Inc.*, Adv. No. 18-3276, 2022 WL 4073663, *5 (Bankr. S.D. Tex. Sept. 2, 2022). A court may dismiss a party's complaint if it does not plausibly establish the court's "statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss*., 143 F.3d 1006, 1010 (5th Cir. 1998). A court does not have the constitutional power to adjudicate a dispute involving a plaintiff that lacks constitutional standing; thus, warranting dismissal. *Pelletier v. Victoria Air Conditioning, Ltd*., 780 F. App'x 136, 139 (5th Cir. 2019) (citing *Harold H. Huggins Realty, Inc. v. FNC, Inc*., 634 F.3d 787, 795 n.2 (5th Cir. 2011)) ("A dismissal for lack of constitutional standing should be granted under Rule 12(b)(1) for lack of subject matter jurisdiction…").

7.      Federal Rule 12 applies to this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7012. Rule 12(h)(3) mandates that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Because "[i]t is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking," this Court must enter an order dismissing this suit if it finds it lacks

jurisdiction to adjudicate the Plaintiff's claims. *In re USA Promlite Tech. Inc.*, 636 B.R. 743, 754 (Bankr. S.D. Tex. 2022).

8.      "Federal courts are courts of limited jurisdiction."  *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017) (citations omitted).  Since the Movants invoke the power of this Court, they have the burden of establishing the court's subject matter jurisdiction over their Potential Claims.  *See, Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 534 (5th Cir. 2017) (burden of establishing subject matter jurisdiction rests upon the party asserting jurisdiction); *Family Rehab., Inc. v. Azar*, 886 F.3d 496, 500 (5th Cir. 2018) (same).

9.      The limits of the Court's constitutional authority to adjudicate claims was established in *Stern v. Marshall*, 564 U.S. 462 (2011).  In *Stern*, the Supreme Court determined that such authority does not extend to state common law claims.  Id. at 487, 502. The state law claims Plaintiffs assert, including fraudulent transfer, alter ego, and joint enterprise liability constitute claims based solely on state common law and, thus, are independent of bankruptcy law. Additionally, the Debtor does not consent to this Court's adjudication of the proposed state law claims.  As a consequence, this Court lacks the constitutional authority to adjudicate them.

10.      In the present case, as discussed below, the Plaintiffs do not raise any plausible or even comprehensible claims. Even were the Plaintiffs to allege a comprehensible and plausible claim of fraudulent transfer by the Debtor, the claim would be a derivative one, which is property of the bankruptcy estate and which the Chapter 7 Trustee is the only party with standing to bring. The general rule is that a creditor may only bring a claim that involves a direct or personal injury to that creditor. In re Black Elk Energy Offshore Operations, LLC, No. 15-34287, 2016 Bankr. LEXIS 2708, at *4-5 (Bankr. S.D. Tex. July 26, 2016) "In determining whether a claim is derivative, courts look to state law to determine if the debtor could have raised the claim at the

commencement of its case." Id. at 5. The Movants do not have standing to bring prepetition claims in this bankruptcy for the benefit of the estate and its creditors.

11.     Giving derivative standing is extremely disfavored in Chapter 7 because unlike in 11,[1] where the Code appears to permit granting derivative standing,[2] there is no explicit language in Chapter 7, where the conflicts of interest are lessened, and it is presumed that a Trustee is "guarding the henhouse," and will pursue or sell valuable causes of action. Reed v. Cooper (In re Cooper), 405 B.R. 801, 809 (Bankr. N.D. Tex. 2009)

12.     Allowing creditors to pursue derivative actions in Chapter 7 is rife with the possibility of abuse.

> If creditors do not like the job the trustee is doing, they can file a motion to compel him or her to act, or a motion for removal of the trustee (11 U.S.C. § 324). In the context of such a motion, the court can scrutinize the business judgment and litigation zeal (or lack thereof) that is being exercised by the trustee. But simply allowing a creditor--a non-statutory fiduciary--to go forward in the Chapter 7 trustee's stead could facilitate a creditor "hijacking" a Chapter 7 bankruptcy case in a manner that Congress did not envision.

*Reed v. Cooper*, 405 B.R. 801 at 812.

13.     As a rule, the Bankruptcy Court should not grant derivative standing to creditors to pursue estate causes of action in Chapter 7, however if the court considers doing so, the *Louisiana World Expo* factors apply in Chapter 7 cases. *Reed* at 809.

---

[1] Though even in Chapter 11, there is cause for concern:

> The swift and efficient administration of a bankruptcy estate is an important goal underlying the Bankruptcy Code. This goal is achieved by narrowly defining standing in a bankruptcy case. Otherwise the bankruptcy case may be side-tracked by unnecessary ancillary litigation. Requiring court approval prior to allowing a creditor to file a derivative suit furthers the goal of efficiency by weeding out unnecessary suits before they are filed.

*PW Enters. v. N.D. (In re Racing Servs.)*, 363 B.R. 911, 916 (B.A.P. 8th Cir. 2007).

[2] The textual basis in Chapter 11 include 11 U.S.C. §§ 1103(c)(5), 1109(b), and 1123(b)(3)(B). *Reed v. Cooper*, 405 B.R. 801 at 804.

14.     Creditors may seek and receive standing to bring derivative recovery and avoidance claims in the Bankruptcy Court, but they must take certain actions. Under *Louisiana World Expo* and its progeny, creditors may receive leave from the bankruptcy court to bring recovery or avoidance actions only upon a showing that the claim is colorable, that the Trustee has refused unjustifiably to pursue the claim, and that the creditor receive leave to sue from the bankruptcy court. *La. World Exposition v. Fed. Ins. Co.*, 858 F.2d 233, 247 (5th Cir. 1988).

15.     The burden is on the movant to show that it has a colorable claim and that it presented it to the trustee and the unjustifiably refused. *Larson v. Foster (In re Foster)*, 516 B.R. 537, 542 (B.A.P. 8th Cir. 2014); *Sebastian v. Schmitz (In re WorldSpace, Inc.)*, No. 15-25 (GMS), 2016 U.S. Dist. LEXIS 129497, at \*29 (D. Del. Sep. 22, 2016). *Louisiana World* doesn't explicitly allocate the burden, but does indicate that the Committee met the burden. *La. World Exposition v. Fed. Ins. Co.*, 858 F.2d at 247 n.15.

16.     Here, because the Movant has not even attempted to meet its burden the issue is not ripe before this court, and the Debtor need not reach the remaining analysis of whether the Court should approve derivative standing. The Court should, as have the other courts, approach the issue with caution.

B.  <u>The Complaint should be dismissed because the Plaintiffs fail to state a claim upon which relief can be granted pursuant to FRCP 12(b)(6).</u>

17.     Federal Rule of Civil Procedure 12(b)(6) requires a Court dismiss a challenged claim if the plaintiff fails to provide both fair notice of the claim and plausible factual allegations to support the claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a complaint under this standard, the Court does not accept conclusory statements as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Rather, discarding mere conclusions, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at

570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679. That is not sufficient to state a claim. Moreover, "a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

18.     Rule 8(a)(2) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). To state plausible claims a complaint must contain more than labels and conclusions and not merely a formulaic recitation of a cause of action's elements. *Twombly*, 550 U.S. at 545; *Iqbal*, 556 U.S. at 678.  Enough facts must be alleged to state a claim for relief that is plausible on its face. *Twombly*, 550 U.S. at 570. A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678.

19.     The standard is higher where fraud is alleged. "Rule 9(b) imposes a heightened pleading standard for fraud claims and requires that a party state with particularity facts supporting each element of fraud." *Turner v. AmericaHomeKey Inc.*, 2011 U.S. Dist. LEXIS 91173, at *6 (N.D. Tex. Aug. 16, 2011) (citing *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003)), *aff'd*, 514 Fed. Appx. 513 (5th Cir. 2013) (per curiam). In cases alleging fraud, the plaintiff must plead the "who, what, when, where, and how" of the fraud. *United States ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005).

20.     That the Plaintiffs have failed to meet their pleading standard is true under both

Rule 8's pleading standard and Rule 9(b)'s heightened pleading standard, and it is the heightened standard that applies here. *Schroeder v. Wildenthal*, No. 3:11-CV-0525-B, 2011 U.S. Dist. LEXIS 137843, at *14 (N.D. Tex. Nov. 30, 2011) (dismissing constructive fraud claim for failure to meet Rule 9(b) pleading standard); *see also Cass v. City of Abilene*, Civil Action No. 1:13-CV-177-C, 2014 U.S. Dist. LEXIS 197316, at *4 (N.D. Tex. Feb. 25, 2014) ("formulaic recitations of the elements of a cause of action supported by mere conclusory statements do not satisfy Rule 8.").

21.     To state a claim for constructive fraud under 11 U.S.C. § 548 or TEX. BUS & COM. CODE § 24.005 and § 24.006, the Plaintiffs must allege that transfers were made for which: (1) less than reasonably equivalent value was received in exchange; and (2) the transferor was or became insolvent. *Cunningham v. Schmidt* (*In re Schmidt*), Nos. 05-84993-SGJ-7, 07-03068, 2007 Bankr. LEXIS 2917, at *20-21 (Bankr. N.D. Tex. Aug. 24, 2007).

22.     In their Complaint, the Plaintiffs allege both of these elements against the Debtor only in a conclusory fashion, parroting the language of the statutes on which they rely, without any factual support at all. *See*, *e.g.*, Complaint ¶¶ 35 (alleging "[Defendants] are alter egos of each other and have all made intentional fraudulent transfers to avoid paying their creditors" and then reciting elements of the cause of action and the badges of fraud but not tying them to the Debtor in any way); ¶ 36-41 (alleging transfers of property while not identifying the Debtor as transferor or transferee and making no allegation regarding whether the Debtor was rendered insolvent by such transfer); ¶ 44-45 (reciting elements of TUFTA without tying them in any way to the Debtor, including no allegations regarding intent, insolvency, etc.).

23.     These conclusory allegations are inadequate as a matter of law to establish either element of constructive fraud. *Tow v. Bulmahn* (In re ATP Oil & Gas Corp.), 711 F. App'x 216, 223 (5th Cir. 2017) (affirming dismissal of fraudulent transfer claims where "the Trustee failed to

present any financial data showing that ATP was actually insolvent or had little capital when making the complained-of bonus payments" and that "[w]ithout a specific reference to ATP's financial condition at the time—which the Trustee should be capable of making in light of his access to ATP's financial books and records—the Trustee cannot plausibly show that ATP was insolvent at the time of the transfers."); *Dynex Capital, Inc.,* 2018 U.S. Dist. LEXIS 76448, at *11 (N.D. Tex. May 7, 2018) (holding that allegations that "[t]he transfers were for less than reasonably equivalent value;" and that "[a]t the time the transfers were made, [DCI] was insolvent or became insolvent as a result of the transfers" failed to allege that defendant acted with either "constructive or actual fraudulent intent"); *Crescent Res. Litig. Tr. v. Nexen Pruet, LLC* (*In re Crescent Res., LLC*), Nos. 09-11507-CAG, 11-01082- CAG, 2012 Bankr. LEXIS 287, at *25 (Bankr. W.D. Tex. Jan. 23, 2012) (granting motion to dismiss because plaintiff "fails to support its allegations with factual assertions" where plaintiff alleged only "dates, amounts, and names of transferees included in Exhibit B,' along with general conclusory allegations of insolvency and reasonably equivalent value."); *United Healthcare Servs. v. Next Health, LLC*, No. 3:17-CV-00243-E-BT, 2021 U.S. Dist. LEXIS 36084, at *47-48 (N.D. Tex. Feb. 26, 2021) (dismissing constructive fraudulent transfer claims where "there are no factual allegations regarding the debtors' solvency or Executive Defendants' beliefs regarding that solvency to support the conclusory statement"); *Munoz v. Cedar Park Constr., LLC* (*In re RTX Custom Homes, Inc.*), Nos. 14-11732-HCM, 15-01110-HCM, 2017 Bankr. LEXIS 1669, at *100 (Bankr. W.D. Tex. June 8, 2017) (denying constructive fraudulent transfer where Trustee could not meet his burden of proof regarding the alleged insolvency of the debtor).

24.    A similar analysis holds for Plaintiffs' cause of action for "Alter Ego" ¶ 47. Alter Ego is not a cause of action in Texas, "but is instead a means of imposing liability for an underlying

—

cause of action." *Wilson v. Davis*, 305 S.W.3d 57, 68 (Tex. App. 2009). As there is no plausible cause of action pled against the Debtor, analysis of alter-ego liability is premature.

25.     The joint enterprise liability "cause of action" no longer exists under Texas law and has not since 2008.  In S*SP Partners v. Gladstrong Investments,* 275 S.W.3d 444, 456 (Tex. 2008), the Texas Supreme Court held that a Plaintiff cannot pierce the corporate veil to impose liability of one corporation for the obligations of another merely because the corporations were acting as a single business enterprise.

26.     Defendants request dismissal of the Complaint pursuant to FED.R.CIV.P 8(a), 9(b) and 12(b)(6), made applicable hereto by FED.R.BANKR.P 7008, 7009 and 7012, as the Complaint's allegations fail to satisfy the particularity requirement of FED.R.CIV.P 9(b) and otherwise do not support legally cognizable claims that are plausible under Rule 8(a).

## IV. PRAYER

27.     The Plaintiffs' Complaint against HREP should be dismissed as a matter of law for failure to state a claim upon which relief can be granted.  For all of the foregoing reasons, HREP respectfully request that the Court grant the Motion for dismissal of the Complaint with prejudice and for such other relief available.

Dated: September 5, 2023

<div style="margin-left: 40%;">

Respectfully submitted,

*/s/Ron Satija*
Melissa S. Hayward
Texas Bar No. 24044908
Ron Satija
Texas Bar No. 24039158
**HAYWARD PLLC**
10501 N Central Expy Ste 106
Dallas, TX 75231-2203
972-755-7100 Phone/Fax
MHayward@HaywardFirm.com

</div>

RSatija@HaywardFirm.com
**ATTORNEYS FOR DEFENDANT**
**HOUSTON REAL ESTATE PROPERTIES, LLC**


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Motion to Dismiss was served on Counsel for the Defendants via the Court's ECF/PACER system on the 5th day of September 2023.


*/s/ Melissa S. Hayward*
Melissa S. Hayward

Thomas Ballases
Hoover Slovacek LLP
5051 Westheimer, Ste 1200
Houston, TX 77056