IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HOUSTON REAL ESTATE PROPERTIES, LLC, | § | CASE NO. 22-32998 |
| | § | (Chapter 7) |
| Debtor. | § | |
| | § | |
| JOHN QUINLAN, OMAR KHAWAJA, AND OSAMA ABDULLATIF, | § | |
| | § | |
| Movants, | § | ADVERSARY NO. 23-03141 |
| | § | |
| v. | § | |
| | § | |
| HOUSTON REAL ESTATE PROPERTIES, LLC, et al., | § | |
| | § | |
| Respondents. | § | |

**MOVANTS' ANSWER TO COUNTERCLAIM**
**[Responsive document to Document No. 33]**

John Quinlan, Omar Khawaja, and Osama Abdullatif, ("Movants") file this Answer to the Counterclaims filed by Jetall Companies, Inc. and Ali Choudhri [*Document No. 33*].

1.      Movants are without sufficient information to admit or deny the allegations in paragraphs 1 and 2.

2.      As to paragraphs 3-5, Movants admit that they can be served, in this particular matter, through the undersigned legal counsel.  The remainder of the allegations noted in such paragraphs are denied.

3.      As to paragraphs 6-8, Movants are without sufficient information to admit or deny the allegations.

4.      As to paragraphs 9-10, Movants are without sufficient information to admit or deny the allegations.  However, Movants admit that they are knowledgeable about Jetall Companies, Inc.'s ("Jetall") and Ali Choudhri's ("Choudhri") pattern and practice of committing fraud and

other acts of deceit in their business endeavors through, inter alia, hidden agreements (e.g., agency agreements) and or the creation of fraudulent and false documents.

5.      Movants admit the first sentence of paragraph 11 but deny the remainder of it. Specifically, Osama Abdullatif previously engaged Jetall and or Choudhri and or other entities he or they may have controlled in a limited number of dealings; and, on those limited occasions, Jetall and or Choudhri and or the other entity attempted to defraud Osama Abdullatif as has been proven through litigation and final judgments. Since that time, Osama Abdullatif has been trying to collect on these debts and judgments.

6.      Movants deny the allegations made in paragraphs 12-29 and 31, but admit the findings noted in the final judgments in Cause No. 2012-27197 and Cause No. 2012-27197-A, as well as the Final Arbitration Award in Case No. 01-19-0002-7577, all of which adjudicated some and or all of these allegations.

7.      Movants deny the allegations made in paragraph 30.

8.      As to paragraphs 32-34, Movants do not have sufficient information to admit or deny these allegations and or alternatively deny said allegations.  Movants admit that Jetall filed a baseless lawsuit after a whistleblower named Chris Wyatt sought to report various illegal activities being committed by Jetall and or Choudhri and or other entities he or they may have controlled. Jetall nonsuited its baseless claim in January of 2023.  *See* Cause No. 2021-00192.

9.      Movants admit paragraph 35, as shown by public records in Cause No. 2021-00192. Movants also admit that Jetall nonsuited its baseless claim in January of 2023.  *See* Cause No. 2021-00192.

10.     Movants deny the allegations made in paragraphs 36-38.

11.      Movants are without sufficient information to admit or deny the allegations in Paragraph 39.

12.      Movants deny the allegations made in paragraphs 40-56, but admit the findings noted in the final judgments in Cause No. 2012-27197 and Cause No. 2012-27197-A, as well as the Final Arbitration Award in Case No. 01-19-0002-7577, all of which adjudicated some or all of these allegations.

13.      Movants deny the Prayer in the Counterclaim.

14.      Movants plead the defense of res judicata.

15.      Movants plead the defense of estoppel as well as all its iterations.

16.      Movants plead the defense of arbitration and award.

17.      Movants plead the defense of fraud.

18.      Movants plead the defense of unclean hands.

19.      Movants plead the defense of statute of limitations.

20.      Movants plead the defense of statute of frauds.

21.      Movants plead the defense of prior material breach.

22.      Movants plead any and all defenses noted in the Lanham Act.

23.      Movants plead any and all defenses noted in the Racketeer Influenced and Corrupt Organizations Act.

24.      Movants plead any and all defenses noted in the Electronic Communications Privacy Act.

25.      Movants plead for recovery of their attorneys' fees associated with the defense of this frivolous counterclaim.

## Conclusion

Movants, John Quinlan, Omar Khawaja, and Osama Abdullatif, respectfully ask this Court to enter judgment that Jetall and Choudhri take nothing by reason of their alleged counterclaims against Movants, that said counterclaims be dismissed with prejudice, that all costs be assessed against Jetall and Choudhri, that Movants be awarded reasonable and necessary attorneys' fees and expenses, and that Movants have such other and further relief to which they may show themselves justly entitled at law or in equity.

Respectfully submitted,

**HOOVER SLOVACEK, LLP**

By: _____
      T. Michael Ballases
      State Bar No. 24036179
      ballases@hooverslovacek.com
      Steven A. Leyh
      State Bar No. 12318300
      leyh@hooverslovacek.com
      Galleria Tower II
      5051 Westheimer, Suite 1200
      Houston, Texas 77056
      Telephone: (713) 977-8686
      Facsimile: (713) 977-5395

**ATTORNEY FOR MOVANTS**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record, on September 20, 2023, via electronic service pursuant to the Federal Rules of Civil Procedure.

_____

T. Michael Ballases