IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **HOUSTON REAL ESTATE PROPERTIES, LLC** | § § | **Case No. 22-32998** |
| | § | **(Chapter 7)** |
| | § | |
| Debtor, | § | |
| | § | |
| | § | |
| **JOHN QUINLAN, OMAR KHAWAJA, AND OSAMA ABDULLATIF,** | § § § | |
| | § | |
| Movants, | § § | **Adversary No. 23-03141** |
| | § | |
| v. | § | |
| | § | |
| **HOUSTON REAL ESTATE PROPERTIES, LLC, et al.,** | § § § | |
| | § | |
| Respondents. | § | |

**MOTION OF 2727 KIRBY 26L LLC, 9201 MEMORIAL DR. LLC, AND SHEPHERD-HULDY DEVELOPMENT I, LLC TO RECONSIDER AND VACATE <u>AGREED ORDER ENTERED AT DOCKET NUMBER 53</u>**

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW 2727 Kirby 26L LLC, 9201 Memorial Dr. LLC, and Shepherd-Huldy Development I, LLC (collectively, "**Defendants**") hereby submit their Motion to Reconsider and Vacate Agreed Order entered at Docket Number 53 (the "**Motion**") and in support thereof, would show the court as follows:

1. On September 12, 2023, the Court entered an Agreed Order, in violation of the Defendants' due process rights, that allows the Trustee to sell assets that are not property of the bankruptcy estate, and are owned by the non-Debtor, third-party, Defendants.

2. FED. R. CIV. P. 59(e), incorporated by FED. R. BANKR. P. 9023, allows a party to seek reconsideration where: (1) there has been an intervening change in the controlling law; (2) new evidence has become available; or (3) there is a need to prevent manifest injustice or to correct a clear error of fact or law.

3. In this case Defendants believe that, for the following reasons, this Court should reconsider its ruling to prevent manifest injustice or to correct a clear error of fact or law.

4. Plaintiffs have the burden to establish subject-matter jurisdiction. St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998). Plaintiffs have failed to show that this Court has subject matter jurisdiction over this adversary proceeding or that jurisdiction exists to permit the Trustee.to sell property that is not property of the captioned Debtor's bankruptcy estate.

5. 28 U.S.C. § 1334(a) & (b) set forth the general jurisdiction of the District Courts in bankruptcy cases and proceedings. Under 28 U.S.C. § 1334(b), the District Courts have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11. The Plaintiffs have failed to satisfy their burden of proving that jurisdiction exists as to all Defendants other than the Debtor.

6. Claims are "related to" a bankruptcy proceeding "if 'the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" In re Wright, 545 B.R. 541, 549 (S.D. Tex. 2016) (quoting Celotex Corp. v. Edwards, 514 U.S. 300, 307 n.6 (1995)). "In other words, an 'action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and . . . in any way impacts the handling and administration of the bankruptcy estate." Volvo Trucks N.A., Inc. v. Crescent Ford Truck Sales, Inc., 273 F. App'x 368, 369 (5th Cir. 2008) (quoting Bass v. Denney, 171 F.3d 1016, 1022 (5th Cir. 1999)).

7. On September 1, 2023, the court entered an Order Granting Temporary Restraining Order that prevented Cypress BridgeCo, LLC and Magnolia BridgeCo, LLC from foreclosing on the following properties "Subject Properties":

    a. 2503 S. Shepherd Dr., Houston, Texas 77019, Shepherd-Huldy Development I, LLC;

    b. 2421 Shepherd Dr., Houston, Texas 77019, Shepherd-Huldy Development I, LLC;

    c. 2502 Huldy St., Houston, Texas 77019, Shepherd-Huldy Development I, LLC;

    d. 2424 Huldy St., Houston, Texas 77019, Shepherd-Huldy Development I, LLC;

  e. 9201 Memorial Drive, Houston, Texas 77024, 9201 Memorial Dr. LLC; and

  f. 2727 Kirby 26L, Houston, Texas 77098, 2727 Kirby 26L LLC;

8. The properties are not owned by Houston Real Estate Properties, LLC, the "Debtor", and therefore are not property of the Debtor's Chapter 7 bankruptcy estate.

9. However, on September 12, 2023, the court entered an Agreed Order, filed at Docket Number 53, that orders the Subject Properties, among other things, to be sold by the Trustee.

10. The Court lacks jurisdiction over the Subject Properties, considering no determination has been made as to whether the Subject Properties are property of the Debtor's bankruptcy estate. Property only becomes "property of the bankruptcy estate" if it was owned by the Debtor as of the commencement of the bankruptcy case. 28 U.S. C. § 1334(e)(1).

11. Under 11 U.S. C. § 541(a)(1), the commencement of a case creates an estate comprised of all legal or equitable interests of the debtor in property as of the commencement of the case.

12. Under 11 U.S. C. § 363(b)(1), the Trustee is only authorized to sell property that is property of the estate. Under certain limited circumstances not relevant here, the Trustee may sell a co-owner's interest in property of the estate. See 11 U.S. C. § 363(h).

13. Plaintiffs have not met their burden of proof that the assets covered by the Agreed Order are "property of the estate. The Defendants that are the owners of the property covered by the Agreed Order do not approve or consent to the Trustee's sale of their assets.

14. Although the court's "related-to" subject matter jurisdiction is quite broad, it is not without limits. The Trustee, Plaintiffs' Counsel, and counsel for the BridgeCo entities, will attempt to use the purported Agreed Order, which was not agreed to by any non-Debtor entity who actually owns the Subject Properties, to create property of the estate. The Trustee can't merely rely upon the Agreed Order as a means by which the Subject Properties become property of the estate that can be sold in Debtor's underlying chapter 7 bankruptcy proceeding.

15. The Trustee can't use the Agreed Order "as jurisdictional bootstraps to allow the…bankruptcy court to exercise jurisdiction that would not otherwise exist. See Celotex Corp. v. Edwards 514 U.S. at 327, 115 S.Ct. 1493; and In re Guild & Gallery Plus, Inc., 72 F.3d 1171, 1182 (3d Cir.1996) (holding that a consent order purporting to exert jurisdiction over non-estate property cannot "be utilized to support a finding of subject matter jurisdiction").

16. The non-Debtor entities, who actually have an ownership interest in the Subject Properties, did not agree to the sale of their respective assets. (See Exhibits 1, 2 and 3)

## LACK OF DUE PROCESS

17. It is an undisputed fact that the Subject Properties are owned by non-Debtor, third-party, entities, and the Court erred by issuing a purported Agreed Order that allows the Chapter 7 trustee to sell non-Debtor, third-party, assets that are not property of the estate. Entry of the Agreed Order, without providing adequate notice to the Defendants, is a violation of the Defendants' rights to due process, and the Agreed Order should be set aside.

18. A fundamental requirement of due process is "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information. . . and it must afford a reasonable time for those interested to make their appearance." See Mullane v. Central Hanover Bank Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

19. Although the court set a hearing on its Order Granting Temporary Restraining Order entered on September 1, 2023 (Docket Number 37) for September 12, 2023, at 10:00am, the Temporary Restraining Order gives no indication that the Trustee's ability to sell the Subject Properties was being considered by the Court. The Order Granting Temporary Restraining Order doesn't even contain the word "Trustee." The Defendants were given no indication, by court order, or separate notice by either the Trustee or the Plaintiffs, that their assets were subject to being sold by the Trustee.

20. The "purpose of notice under the Due Process Clause is to apprise the affected individual of, and permit adequate preparation for, an impending `hearing.'" Memphis Light, Gas Water Division v. Craft, 436 U.S. 1, 14, 98 S.Ct. 1554, 1563, 56 L.Ed.2d 30 (1978). The notice in this instance was a mere docket entry, that in no way put the Defendants on notice that their assets were in danger of being seized and sold.

21. The Proposed Agreed Order was filed with the Court on September 11, 2023 at 5:17pm.

22. The signed Agreed Order was entered by the Court on September 12, 2023 at 8:52am.

23. The Defendants weren't given an opportunity to challenge the Proposed Agreed Order, before the Court's decision to Order the sale of the Subject Properties. The Court entered the Agreed Order before the scheduled hearing on the Order Granting

Temporary Restraining Order, and removed the hearing from the docket, without giving the Defendants an opportunity to be heard.

24. Additionally, 11 U.S.C. 363(b)(1) authorizes the Trustee to sell property of the estate "after notice and hearing". None of the Defendants were provided notice of the relief being sought by the Plaintiffs and the Trustee.

25. Defendants would ask that this court reconsider its decision to enter the Agreed Order field at Docket Number 53 and vacate the Agreed Order in its entirety.

WHEREFORE, Defendants respectfully request that the Court (i) grant the Motion, (ii) vacate the Agreed Order entered at Docket Number 53, and (iii) grant Defendants such other and further relief as is just and proper.

Dated:  September 26, 2023

Respectfully submitted,

/s/ James Q. Pope
James Q. Pope
State Bar No. 24048738
**THE POPE LAW FIRM**
6161 Savoy Drive, Suite 1125
Houston, Texas  77036
(713) 449-4481 Telephone
(281) 657-9693 Facsimile
jamesp@thepopelawfirm.com
**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed with the Court and served via the Court's CM/ECF system upon all of the parties registered to receive such notice on September 26, 2023.

/s/ James Q. Pope
James Q. Pope