## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| | § | Case No.  22-32998 |
| **HOUSTON REAL ESTATE** | § | |
| **PROPERTIES, LLC,** | § | |
| *Debtor.* | § | **Chapter 7** |

| | | |
|---|---|---|
| **JOHN QUINLAN, OMAR KHAWAJA,** | § | |
| **AND OSAMA ABDULLATIF,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **JETALL COMPANIES, INC., ARABELLA** | § | **Adversary Cause No. 23-03141** |
| **PH 3201 LLC, 9201 MEMORIAL DR. LLC,** | § | |
| **2727 KIRBY 26L LLC, TEXAS REIT LLC,** | § | |
| **DALIO HOLDINGS I, LLC, DALIO** | § | |
| **HOLDINGS II, LLC, HOUSTON REAL** | § | |
| **ESTATE PROPERTIES, LLC, SHAHNAZ** | § | |
| **CHOUDHRI, ALI CHOUDHRI,** | § | |
| **SHEPHERD-HULDY DEVELOPMENT I,** | § | |
| **LLC, SHEPHERD-HULDY** | § | |
| **DEVELOPMENT II, LLC, GALLERIA** | § | |
| **LOOP NOTE HOLDER LLC, A. KELLY** | § | |
| **WILLIAMS, MAGNOLIA BRIDGECO,** | § | |
| **LLC, and CYPRESS BRIDGECO, LLC,** | § | |
| *Defendants.* | § | |

## DEFENDANTS' MOTION TO EXPUNGE NOTICES OF LIS PENDENS AND SUPPLEMENTAL NOTICES OF LIS PENDENS

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT

**FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**COMES NOW**, Arabella PH 3201 LLC, 9201 Memorial Dr. LLC, 2727 Kirby 26L LLC, Texas REIT LLC, Ali Choudhri, and Shepherd-Huldy Development I, LLC (collectively as "**Defendant**" or "**Movant**") and brings this motion to expunge the lis pendens (the "**Motion**") filed by Plaintiffs John Quinlan, Omar Khawaja, And Osama Abdullatif (collectively as "**Plaintiffs**"), concerning the following real properties (collectively as the "**Properties**"):

- 4521 San Felipe No. 3201, Houston, Texas 77027 – Arabella PH 3201, LLC
- 4401 Schurmier Rd, Houston, Texas 77048 – Memorial Glen Cove, LLC
- 3550 Charleston St, Houston, Texas 77021 – Memorial Glen Cove, LLC
- 2503 S. Shepard Dr, Houston, Texas 77019 - Shepherd-Huldy Development I, LLC
- 2421 S. Shepard Dr, Houston, Texas 77019 - Shepherd-Huldy Development I, LLC
- 2419 S. Shepard Dr, Houston, Texas 77019 - Shepherd-Huldy Development I, LLC
- 2502 Huldy St, Houston, Texas 77019 - Shepherd-Huldy Development I, LLC
- 2424 Huldy St, Houston, Texas 77019 - Shepherd-Huldy Development I, LLC
- 9201 Memorial Dr, Houston, Texas 77024 - 9201 Memorial Dr. LLC, a WY LLC
- 2727 Kirby 26L, Houston, Texas 77098 - 2727 Kirby 26L LLC, a Texas LLC
- 402 Terrace Dr, Houston, Texas 77007 - Memorial Glen Cove, LLC
- 207 Malone St, Houston, Texas 77007 - Memorial Glen Cove, LLC
- 5803 Blossom St, Houston, Texas 77007 - Memorial Glen Cove, LLC
- 6531 Rodrigo St, Houston, Texas 77007 - Memorial Glen Cove, LLC
- 8050 Westheimer Rd, Houston, Texas 77063 – Texas REIT, LLC
- 8098 Westheimer Rd, Houston, Texas 77063 – Texas REIT, LLC

## PLAINTIFFS' NOTICES OF LIS PENDENS AND SUPPLEMENTAL NOTICES OF LIS PENDENS MUST BE EXPUNGED

The notices of lis pendens filed by Plaintiffs against each of the Properties on July 31, 2023 (together, the "**Notices**")[1] and the Supplemental Notices of Lis Pendens (together, the

---

[1] *See* Exhibit A (Notice of Lis Pendens against 9201 Memorial Drive, Houston, Texas 77024 recorded under file number RP-2023-286290 in the Harris County real property records); Exhibit B (Notice of Lis Pendens against 2727 Kirby 26L, Houston, Texas 77098 recorded under file numbers RP-2023-286266 in the Harris County real property records); Exhibit C (Notice of Lis Pendens against 4521 San Felipe Street, Unit 3201, Houston, Texas 77027 recorded

"**Supplemental Notices**")[2] filed on August 23, 2023 are baseless and must be expunged.  Section 12.0071 of the Texas Property Code mandates that a court *shall* expunge a lis pendens if any of three conditions is met, and Plaintiffs' Notices and Supplemental Notices fail to meet any of them:

---

under file number RP-2023-285825 in the Harris County real property records); Exhibit D (Notice of Lis Pendens against 5803 Blossom St, Houston, Texas 77007 recorded under file number RP-2023-286306 in the Harris County real property records); Exhibit E (Notice of Lis Pendens against 3550 Charleston St, Houston, Texas 77021 recorded under file number RP-2023-286304 in the Harris County real property records); Exhibit F (Notice of Lis Pendens against 2424 Huldy St, Houston, Texas 77019 recorded under file number RP-2023-286256 in the Harris County real property records); Exhibit G (Notice of Lis Pendens against 2502 Huldy St, Houston, Texas 77019 recorded under file number RP-2023-286267 in the Harris County real property records); Exhibit H (Notice of Lis Pendens against 207 Malone St, Houston, Texas 77007 recorded under file number RP-2023-286302 in the Harris County real property records); Exhibit I (Notice of Lis Pendens against 402 Terrace Dr, Houston, Texas 77007 recorded under file number RP-2023-286303 in the Harris County real property records); Exhibit J (Notice of Lis Pendens against 6531 Rodrigo St, Houston, Texas 77007 recorded under file number RP-2023-286307 in the Harris County real property records); Exhibit K (Notice of Lis Pendens against 4401 Schurmier Rd, Houston, Texas 77048 recorded under file number RP-2023-286305 in the Harris County real property records); Exhibit L (Notice of Lis Pendens against 2421 S. Shepard Dr, Houston, Texas 77019 recorded under file number RP-2023-286230 in the Harris County real property records); Exhibit M (Notice of Lis Pendens against 2503 S. Shepard Dr, Houston, Texas 77019 recorded under file number RP-2023-285802 in the Harris County real property records); Exhibit N (Notice of Lis Pendens against 2419 S. Shepard Dr, Houston, Texas 77019 recorded under file number RP-2023-286211 in the Harris County real property records); Exhibit O (Notice of Lis Pendens against 8050 Westheimer Rd, Houston, Texas 77063 recorded under file number RP-2023-286308 in the Harris County real property records); Exhibit P (Notice of Lis Pendens against 8098 Westheimer Rd, Houston, Texas 77063 recorded under file number RP-2023-286309 in the Harris County real property records);

[2] *See* Exhibit A1 (Supplemental Notice of Lis Pendens against 9201 Memorial Drive, Houston, Texas 77024 recorded under file number RP-2023-322006 in the Harris County real property records); Exhibit B1 (Supplemental Notice of Lis Pendens against 2727 Kirby 26L, Houston, Texas 77098 recorded under file numbers RP-2023-322000 in the Harris County real property records); Exhibit C1 (Supplemental Notice of Lis Pendens against 4521 San Felipe Street, Unit 3201, Houston, Texas 77027 recorded under file number RP-2023-321984 in the Harris County real property records); Exhibit D1 (Supplemental Notice of Lis Pendens against 5803 Blossom St, Houston, Texas 77007 recorded under file number RP-2023-322011 in the Harris County real property records); Exhibit E1 (Supplemental Notice of Lis Pendens against 3550 Charleston St, Houston, Texas 77021 recorded under file number RP-2023-322021 in the Harris County real property records); Exhibit F1 (Supplemental Notice of Lis Pendens against 2424 Huldy St, Houston, Texas 77019 recorded under file number RP-2023-322007 in the Harris County real property records); Exhibit G1 (Supplemental Notice of Lis Pendens against 2502 Huldy St, Houston, Texas 77019 recorded under file number RP-2023-322001 in the Harris County real property records); Exhibit H1 (Supplemental Notice of Lis Pendens against 207 Malone St, Houston, Texas 77007 recorded under file number RP-2023-322042 in the Harris County real property records); Exhibit I1 (Supplemental Notice of Lis Pendens against 402 Terrace Dr, Houston, Texas 77007 recorded under file number RP-2023-322033 in the Harris County real property records); Exhibit J1 (Supplemental Notice of Lis Pendens against 6531 Rodrigo St, Houston, Texas 77007 recorded under file number RP-2023-322030 in the Harris County real property records); Exhibit K1 (Supplemental Notice of Lis Pendens against 4401 Schurmier Rd, Houston, Texas 77048 recorded under file number RP-2023-322031 in the Harris County real property records); Exhibit L1 (Supplemental Notice of Lis Pendens against 2421 S. Shepard Dr, Houston, Texas 77019 recorded under file number RP-2023-321996 in the Harris County real property records); Exhibit M1 (Supplemental Notice of Lis Pendens against 2503 S. Shepard Dr, Houston, Texas 77019 recorded under file number RP-2023-321997 in the Harris County real property records); Exhibit N1 (Supplemental Notice of Lis Pendens against 2419 S. Shepard Dr, Houston, Texas 77019 recorded under file number RP-2023-322010 in the Harris County real property records); Exhibit O1 (Supplemental Notice of Lis Pendens against 8050 Westheimer Rd, Houston, Texas 77063 recorded under file number RP-2023-322019 in the Harris County real property records); Exhibit P1 (Supplemental Notice of Lis Pendens against

- *First*, Plaintiffs failed to serve copies of the Notices of Lis Pendens and Supplemental Notices of Lis Pendens upon Movants within three days of filing as required under Tex. Prop. Code § 12.007(d).
- *Second*, Plaintiffs fail to assert any "real property claim" in this matter as required to support a lis pendens under Tex. Prop. Code § 12.0071(c)(1). Plaintiffs' complaint does not assert or seek recovery of title or any direct interest in the Properties. Instead, Plaintiffs' claims concerning the Properties only seek satisfaction of a separate money judgment. Clear Texas law dictates that such claims are insufficient to establish a "real property claim" as a matter of law under the Texas Property Code as required to justify a lis pendens.
- *Third*, Plaintiffs have the burden to establish by a preponderance of the evidence the validity of their claims in the Properties to support a lis pendens.  Plaintiffs cannot meet this burden.

Any one of these failings requires the Court to expunge the Notices and Supplemental Notices.  Taken together, these failings leave no question that the Notices and Supplemental Notices are frivolous. Movants accordingly seek expungement of all Notices and Supplemental Notices.

## **<u>SUMMARY</u>**

On or about October 7, 2022, Defendant Houston Real Estate Property, LLC (individually as "**HREP**" or the "**Debtor**") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code initiating the above-captioned bankruptcy case (the "**Bankruptcy Case**"). The Bankruptcy Case was converted to Chapter 7 on March 8, 2023, and Randy Williams was appointed Trustee on March 9, 2023.

On or about August 1, 2023, Plaintiffs filed its Original Complaint (the "**Complaint**"), initiating the above-captioned adversary proceeding seeking damages against Debtor for the following cause of actions: (1) fraudulent transfer, (2) fraud, (3) alter ego, and (4) joint enterprise liability. Plaintiffs' Complaint, however, fails to establish the elements of each of the foregoing causes of action.

---

8098 Westheimer Rd, Houston, Texas 77063 recorded under file number RP-2023-322023 in the Harris County real property records);

### A. Plaintiffs' Original Complaint

Plaintiffs' claims in its Original Complaint are exclusively brought in their capacity as judgment creditors to Choudhri following *Abdullatif et al. v. Choudhri et al.*, Cause No. 2013-41273 in the 55th District Court of Harris County, Texas ("**Lawsuit 1**"), *Jetall Companies, Inc. and Declaration Title Company, LLC v. Allan B. Daughtry, Richard Heil, Todd Oakum and Renee Davy,* Cause No. 2017-10832 in the 152nd Judicial District Court of Harris County, Texas ("**Lawsuit 2**") and *Jetall Companies, Inc. v. Hoover Slovacek LLP*, Cause No. 2020-38738 in the 164th Judicial District Court of Harris County, Texas ("**Lawsuit 3**").

In its Complaint, Plaintiffs allege that the judgment against Defendant Ali Choudhri (individually as "**Choudhri**") in the 2013 Lawsuit have remained unpaid. However, on or about December 6, 2022, the District Clerk disbursed $1,802,190.10 previously held in the Court's registry to Plaintiff Abdullatif. Choudhri subsequently made multiple cash deposits in lieu of supersedeas bond in order to supersede the judgment in the 2013 Lawsuit pending appeal. *See* Exhibit S (Order on Superseded Judgment entered February 27, 2023). Thus, Plaintiffs do not have a judgment lien on any property as a result of the 2013 Lawsuit that is currently on appeal and enforcement of the judgment is suspended while the judgment is superseded.  *See* Tex. R. App. P. 24.1(f) ("Enforcement of a judgment must be suspended if the judgment is superseded").

Furthermore, Plaintiffs also do not have a judgment lien on any property in Lawsuit 1, Lawsuit 2, or Lawsuit 3.

Plaintiffs notably do not allege that they currently hold or previously held any direct interest in or encumbrance against any of the Properties.  The Complaint does not seek title to the Properties as part of the recovery sought by Plaintiffs. Instead, the Complaint seeks exemplary damages, judgments for additional damages, injunctive relief and a constructive trust for the

alleged fraudulent transfers. None of these claims are sufficient to support a notice of lis pendens under Texas law.

### B. Plaintiffs' Notices of Lis Pendens and Supplemental Notices of Lis Pendens in this Matter

Plaintiffs filed the various Notices against the Properties on July 31, 2023 and the Supplemental Notices on August 23, 2023. Plaintiffs filed the Notices and Supplemental Notices identifying the claims in the above-styled case, relating to an interest in each of the Properties. However, instead of seeking title to the Properties as the relief sought, Plaintiffs seek monetary damages in both the Notices and again in the Supplemental Notices. Additionally, Plaintiffs filed a Supplemental Notice of Lis Pendens for a property described as "Exhibit A" that was not listed in the Complaint.

## EXPUNGEMENT IS REQUIRED

Section 12.0071(c) of the Texas Property Code provides that "the court *shall* order the notice of lis pendens expunged if the court determines that (1) the pleading on which the notice is based does not contain a real property claim; (2) the claimant fails to establish by a preponderance of the evidence the probable validity of the real property claim; or (3) the person who filed the notice for record did not serve a copy of the notice on each party [to the action]." Tex. Prop. Code § 12.0071(c) (emphasis added). The statute is mandatory and requires expungement of the lis pendens if any of the foregoing conditions is not met. *Id.* Here, Plaintiffs fail to meet *any* of the required conditions.

### A. Plaintiffs Failed to Serve the Required Copies of the Notices of Lis Pendens and Supplemental Notices of Lis Pendens in this Matter

Section 12.0071(c)(3) of the Texas Property Code mandates expungement of a lis pendens if "the person who filed the notice for record did not serve a copy of the notice on each party entitled to a copy under Section 12.007(d)." Tex. Prop. Code § 12.0071(c)(3). The referenced

Section 12.007(d) requires that "[n]ot later than the third day after the date a person files a notice for record under this section, the person must serve a copy of the notice on each party to the action who has an interest in the real property affected by the notice." *Id*. at § 12.007.

Plaintiffs failed to serve any copies of the Notices and Supplemental Notices on Movants. Because it has been longer than three days since the Notices and Supplemental Notices were filed and Plaintiffs have yet to serve any copies, the Court must expunge such lis pendens. Tex. Prop. Code § 12.0071(c)(3).

**B. Plaintiffs' Complaint Does Not Assert a Real Property Claim**

The next necessary condition to support a valid lis pendens is that the underlying pleading must "contain a real property claim." Tex. Prop. Code § 12.0071(c).[3] A real property claim must involve "title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property." Tex. Prop. Code Ann. § 12.007(a). Stated differently, the "real estate claim must 'support the award of real property based on' the claim asserted." *Alolabi v. Chretien*, No. 01-20-00761-CV, 2022 Tex. App. LEXIS 5256, at *18 (Tex. App.—Houston [1st Dist.] July 28, 2022, pet. denied) (quoting *In re Chong*, No. 14-19-00368-CV, 2019 Tex. App. LEXIS 5263, at *2 (Tex. App.—Houston [14th Dist.] June 25, 2019, orig. proceeding). None of Plaintiffs' claims asserted here seek an award of title or a direct interest in the Property and thus cannot justify a lis pendens. *See In re Huffines Retail Partners, L.P.*, 978 F.3d 128, 133 (5th Cir. 2020) (expunging lis pendens because the underlying did not involve "actual titles to real property or the establishment of a direct interest in real property."); *see also Bos v. Smith*, 556 S.W.3d 293, 306 (Tex. 2018) (noting that even "a liberal construction does not

---

[3] To determine whether a plaintiff sufficiently pleaded a real property claim, the court should look only to the petition to determine if the action comes within the provisions of the lis pendens statute. *In re Jamail*, 156 S.W.3d 104, 107 (Tex. App.—Austin 2004, orig. proceeding).

require a court to read into a petition what is plainly not there." [internal quotation marks omitted]).

When determining whether a notice of lis pendens is proper, the court must examine the nexus between the underlying lawsuit and the property that is the subject of the notice of lis pendens. *Countrywide Home Loans, Inc. v. Howard*, 240 S.W.3d 1, 4 (Tex. App.— Austin 2007, pet. denied). To constitute a "real property claim," the suit on which the lis pendens is based must claim a *direct* interest—as opposed to a *collateral* interest—in the real property. *In re Collins*, 172 S.W.3d 287, 293 (Tex. App.—Fort Worth 2005); *Kraish v. Hamed*, 762 S.W.2d 906, 909 (Tex. App.–Dallas 1988, writ denied). An interest is considered direct if the claim seeks to actually restore the plaintiff's pre-existing right in the subject real property. *Countrywide Home Loans, Inc.*, 240 S.W.3d at 6.

As the Texas Supreme declared nearly thirty years ago, "[i]f the suit seeks a property interest only to secure the recovery of damages or other relief that the plaintiff may be awarded, the interest is merely collateral and will not support a lis pendens." *Flores v. Haberman*, 915 S.W.2d 477, 478 (Tex. 1995) (orig. proceeding). In *Flores*, the plaintiffs alleged that defendant converted plaintiffs' property and used the proceeds to buy other properties. 915 S.W.2d at 478. Plaintiffs sought a constructive trust on the properties and filed notice of lis pendens. *Id.* The Texas Supreme Court held that the notice of lis pendens was improper because the "plaintiffs seek a constructive trust in the purchased properties only to satisfy the judgment they seek against [defendant]. As such, the interest is no more than a collateral interest in the property." *Id.*; *see also In re Watts*, No. 01-02-01247-CV, 2003 Tex. App. LEXIS 995, at *1 (Tex. App.—Houston [1st Dist.] Jan. 30, 2003, orig. proceeding) (holding that "notice of lis pendens was improperly filed" because plaintiff sought constructive trust in real property only to satisfy a money judgment against the defendant); *In re Chong*, 2019 Tex. App. LEXIS 5263, at *8 (holding that the plaintiff did not

allege a "real property claim" because the interest it sought in the property was to satisfy a potential judgment against defendants).

The Fourteenth Court of Appeals held similarly in *Moss v. Tennant*. 722 S.W.2d 763 (Tex. App.—Houston [14th Dist.] 1986, orig. proceeding). In *Moss*, the Court held that the lis pendens was improper because plaintiff's suit did "not seek recovery to the title to relator's property nor to establish an interest in the [property] except as security for the recovery of . . . damages . . . on his fraud allegation and only to the extent he [could] trace the proceeds" used to purchase the property. *Id.* The Court further noted that the plaintiff's "pleading that a lien be imposed against the [subject] property is essentially a prayer for a judgment lien, affects the property only collaterally, and does not come within the provisions of § 12.007." *Id.*

Here, Plaintiffs' claims mirror the well-established case law requiring expungement of a lis pendens. *See Flores*, 915 S.W.2d at 478; *Chong*, 2019 Tex. App. LEXIS 5263, at *8; *Moss*, 722 S.W.2d at 763. Similar to *Flores*, Plaintiffs here seek a constructive trust against the Properties solely for purposes of securing payment of the judgments in Lawsuits 1, Lawsuit 2, and Lawsuit 3. And as in *Moss*, Plaintiffs here do not seek to recover title to the Properties nor to establish any direct interest in the Properties except as security for the recovery of damages. The claims in Plaintiffs' Complaint are thus insufficient to establish a "real property claim" for purposes of supporting a valid notice of lis pendens. *See, e.g., id.* The Court should accordingly grant this Motion and order the expungement of the Notices and Supplemental Notices.

**C.      Plaintiffs Cannot Establish the Validity of a Real Property Claim by the Preponderance of the Evidence**

Even if the Court determines that Plaintiffs properly plead a real property claim—which they do not—Plaintiffs are nonetheless unable to meet their burden to overcome the last independent ground for expungement. Tex. Prop. Code §12.0071(c)(2). Plaintiffs must

demonstrate by a preponderance of the evidence the probable validity of their purported real property claims. *See also In re I-10 Poorman Invs., Inc*., 549 S.W.3d 614, 617–618 (Tex. App.—Houston [1st Dist.] 2017, orig. proceeding) (noting that a plaintiff must offer evidence to support validity of real property claim to survive a motion to expunge). This Motion to expunge under the Texas Property Code places the burden of proof on Plaintiffs to establish their claims. *In re Rescue Concepts, Inc.*, 498 S.W.3d 190, 194 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding). Defendants need not present evidence until Plaintiffs initially meet their burden to establish their purported real property claim. *Id.*

Plaintiffs provide no evidence supporting the validity of their purported claims against the Properties as highlighted below:

### 1. Fraudulent Transfer

Under the Texas Uniform Fraudulent Transfers Act, a judgment creditor may bring a claim for fraudulent transfer if debtor's conveyances were made:

(1) with actual intent to hinder, delay, or defraud any creditor of the debtor; or

(2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

> (A) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

> (B) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

Tex. Bus. & Com. Code § 24.005. Here, Plaintiffs cannot show any actual intent to defraud, nor any lack of reasonably equivalent value, and thus cannot establish that Movants have engaged in a fraudulent transfer.

### 2.  Fraud

To prevail on a fraud claim, Plaintiffs must prove that (1) Defendants made a material representation that was false; (2) Defendants knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) Defendants intended to induce Plaintiffs to act upon the representation; and (4) Plaintiffs actually and justifiably relied on the representation, which caused injury.  *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co*., 51 S.W.3d 573, 577 (Tex. 2001); *Hartford Fire Ins. Co. v. C. Springs 300, Ltd*., 287 S.W.3d 771, 781 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).

Here, Plaintiffs allege that Choudhri committed fraud by misrepresenting his net worth, creating fraudulent conveyances, attempted to transfer assets between Defendants and others, and made efforts to preclude Plaintiffs from collecting upon their debts. However, Plaintiffs assertions are based on attempts and efforts of fraud situated in Plaintiffs' beliefs, rather than the showing of actual fraud based on Defendants' reckless assertions or intentions. Thus, Plaintiffs assertions are insufficient to show that Choudhri and/or Defendants acted with the intent to commit fraud.

### 3.  Alter Ego

For Plaintiffs to show that Movants are alter egos of Choudhri, they must establish that Choudhri has used Movants as a corporate fiction for an illegitimate purpose, meaning "actual or constructive fraud, a sham to perpetrate a fraud, or other similar theory."  Tex. Bus. Org. Code §§ 21.223(a)-(b); *SSP Partners v. Gladstrong Inv. (USA) Corp*., 275 S.W.3d 444, 451-52 (Tex. 2007). Plaintiffs have not provided any support for this contention and cannot satisfy this burden.

### 4. Joint Enterprise Liability

"Joint enterprise is a theory involving derivative liability whereby one enterprise participant may be held responsible for a cause of action proven against another participant." *In re Tex. Dep't of Transp.,* 218 S.W.3d 74, 78 (Tex. 2007) (orig. proceeding) (per curiam) (citing *Tex. Dep't of Transp. v. Able,* 35 S.W.3d 608, 611–16 (Tex. 2000)). Texas has adopted the restatement standard, finding that the elements which are essential to a joint enterprise are: (1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control. *Seidler v. Morgan,* 277 S.W.3d 556 (Tex. App.—Texarkana 2009, pet. denied) (citing *Able*, 35 S.W.3d at 613 (Tex. 2000). Plaintiffs cannot establish a claim for joint enterprise where other elements are left unmet. *Chesser v. Lifecare Mgmt. Servs., L.L.C.*, 356 S.W.3d 613, 626 (Tex. App.—Fort Worth 2011, no pet.).

Plaintiffs argued that Defendants "had an understanding or common purpose to be carried out by the enterprise, a community of pecuniary interest in said purpose and equal right to direct and control the enterprise." However, Plaintiffs failed to meet all the elements required for a joint enterprise. Plaintiffs cannot establish that there was an agreement among the Defendants nor show Defendants had equal right to direct and control the enterprise. Thus, the claims against Defendants under joint enterprise liability are not met.

## CONCLUSION AND PRAYER

As set forth herein, Plaintiffs failed to serve the required copies of the Notices and Supplemental Notices within three days allotted by the Texas Real Property Code.  Plaintiffs' claims also fail to establish a real property interest in the Properties and they cannot meet their burden of proof to demonstrate by a preponderance of the evidence the probable validity of any

purported claim in the Properties.  The Notices and Supplemental Notices are therefore improper and must be expunged.  Tex. Prop. Code §12.0071(c).  Movants accordingly pray that this Court (i) grant their Motion to Expunge the Notices of Lis Pendens and Supplemental Notices of Lis Pendens; (ii) enjoin Plaintiffs from filing additional notices of lis pendens against the Properties, and (iii) grant Movants such further relief at law, and in equity, as is just.

Thus, Plaintiffs cannot establish by a preponderance of the evidence the probable validity of any of their claims.

Respectfully Submitted,

/s/ James Q. Pope
James Q. Pope
THE POPE LAW FIRM
TBN: 24048738
6161 Savoy Dr, Suite 1125
Houston, Texas 77036
Phone: 713.449.4481
Fax: 281.657.9693
jamesp@thepopelawfirm.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Defendants' Motion to Expunge Notices of Lis Pendens and Supplemental Notices of Lis Pendens was served on September 27, 2023 to all interested parties by electronic delivery.

/s/ James Q. Pope
James Q. Pope