IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | CASE NO. 22-32998 |
| § | |
| HOUSTON REAL ESTATE § | |
| PROPERTIES LLC § | (CHAPTER 7) |
| § | |
| DEBTOR § | |
| § | |
| JOHN QUINLAN, OMAR KHAWAJA, § | |
| AND OSAMA ABDULLATIF, § | |
| § | |
| PLAINTIFFS § | |
| § | |
| v. § | ADVERSARY NO. 23-3141 |
| § | |
| HOUSTON REAL ESTATE § | |
| PROPERTIES, LLC, et al. § | |
| § | |
| DEFENDANTS § | |

**TRUSTEE'S RESPONSE IN SUPPORT OF PLAINTIFFS' MOTION
TO STRIKE NOTICE OF APPEARANCE AND MOTION TO DISMISS**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Comes now Randy W. Williams, Trustee of the bankruptcy estate of Houston Real Estate Properties, LLC, Defendant herein, (the "**Trustee**"), and files this Trustee's Response in Support of Plaintiffs' Motion to Strike Notice of Appearance and Motion to Dismiss, and respectfully represents as follows:

1. Counsel for the prepetition Debtor Houston Real Estate Properties, LLC has made an appearance in this case on behalf of the "Debtor". However, the Trustee is the sole representative of the Debtor for purposes of this adversary proceeding. "The fiduciary duty of the trustee runs to shareholders as well as to creditors." *Commodity Futures Trading Com v. Weintraub*, 471 U.S. 343, 355, 105 S. Ct. 1986, 1994 (1985).

2. A prepetition Debtor may have standing to object to a Trustee's actions in the main

1

bankruptcy case if the estate is solvent.  *In re Watson*, 2004 Bankr. LEXIS 2318 (Bankr. M.D. La. 2004).  However, this does not allow the Debtor to usurp the Trustee's authority to defend or prosecute claims relating to the Debtor.  *See, e.g., Nat'l Am. Ins. Co. v. Ruppert Landscaping Co.*, 187 F.3d 439, 441-42 (4th Cir. 1999) ("If a cause of action is part of the estate of the bankrupt then the trustee alone has standing to bring that claim. . . . Reserving the action for the trustee maintains the integrity of the bankruptcy proceeding and ensures that individual creditors cannot hijack the bankruptcy process.").

3. Further, intervention will not be allowed absent prior authority of the Court upon a showing that the party is inadequately represented.  *See* 10 Collier on Bankruptcy, ¶ 7024.03 at 7024-4 to -5 (16th ed. 2014) ("In the situation where one of the duties of the existing parties is to represent the interests of the intervenor, intervention will not be allowed unless a compelling showing of inadequate representation is made.")

WHEREFORE, the Trustee prays that Plaintiffs' Motion to Strike Notice of Appearance and Motion to Dismiss be granted, and that he be granted such other and further relief to which he may be entitled.

Respectfully submitted,

**OKIN ADAMS BARTLETT CURRY LLP**

By: */s/ Timothy L. Wentworth*
Timothy L. Wentworth
Texas Bar No. 21179000
Email: twentworth@okinadams.com
1113 Vine St., Suite 240
Houston, Texas  77002
Telephone: 713.228.4100
Facsimile:  888.865.2118
**ATTORNEYS FOR RANDY W. WILLIAMS, TRUSTEE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of *Trustee's Response in Support of Plaintiffs' Motion to Strike Notice of Appearance and Motion to Dismiss* was served on October 10, 2023 via the Court's CM/ECF system to all parties consenting to service through same.

>*/s/ Timothy L. Wentworth*
>_____
>Timothy L. Wentworth