United States Bankruptcy Court
Southern District of Texas
**ENTERED**
October 16, 2023
Nathan Ochsner, Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 22-32998 |
| HOUSTON REAL ESTATE PROPERTIES LLC, | § § | CHAPTER 7 |
| | § | |
| Debtor. | § | |
| | § | |
| JOHN QUINLAN, | § | |
| OMAR KHAWAJA, AND | § | |
| OSAMA ABDULLATIF, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 23-3141 |
| | § | |
| JETALL COMPANIES, INC., | § | |
| ARABELLA PH 3201 LLC, | § | |
| 9201 MEMORIAL DR. LLC, | § | |
| 2727 KIRBY 26L LLC, | § | |
| TEXAS REIT LLC, | § | |
| DALIO HOLDINGS I, LLC, | § | |
| DALIO HOLDINGS II, LLC, | § | |
| HOUSTON REAL ESTATE PROPERTIES, LLC, | § § | |
| SHAHNAZ CHOUDHRI, | § | |
| ALI CHOUDHRI, | § | |
| SHEPHERD-HULDY DEVELOPMENT I, LLC, | § § | |
| SHEPHERD-HULDY DEVELOPMENT II, LLC, | § § | |
| GALLERIA LOOP NOTE HOLDER LLC, | § | |
| A. KELLY WILLIAMS, | § | |
| MAGNOLIA BRIDGECO, LLC, | § | |
| CYPRESS BRIDGECO, LLC, | § | |
| MOUNTAIN BUSINESS CENTER, LLC and | § § | |
| RANDY W WILLIAMS CH7 TRUSTEE, | § | |
| | § | |
| Defendants. | § | |

**ORDER GRANTING MOTION TO STRIKE**

This matter is before the Court on the Motion to Dismiss Complaint (ECF No. 47) filed by Houston Real Estate Properties, LLC, the Response filed by the plaintiffs, John Quinlan, Omar Khawajia and Osama Abdullatif (collectively the "Plaintiffs") (ECF No. 79), the Motion to Strike filed by the Plaintiffs (ECF No. 81), the Trustee's Response in Support of Plaintiffs' Motion to Strike (ECF No. 84), Plaintiffs' Response to Motion to Strike (ECF No. 86), which opposes the motion to strike, and reiterates its request to dismiss the Complaint. Finally, the Chapter 7 Trustee has also filed a Reply to plaintiffs' response (ECF No. 87).

**FACTUAL AND PROCEDURAL BACKGROUND**

Houston Real Estate Properties, LLC ("Debtor") is one of the defendants in this adversary action. The adversary was filed on August 1, 2023. Debtor filed a Chapter 11 petition on October 7, 2022, which was converted to a Chapter 7 case on March 8, 2023. Therefore, the Debtor ceased to be a debtor in possession on March 8, 2023, and had no authority to retain counsel after that date.

Summons was executed on Debtor by hand delivering the complaint to Ali Choudhri, a co-defendant in this case (ECF No. 42). Debtor thereafter filed its motion to dismiss under Federal Rules of Civil Procedure ("FRCP") 9, 12(b)(6), and 12(e), which have been incorporated into Federal Rules of Bankruptcy Procedure 7009 and 7012. Plaintiffs filed a response to the motion to dismiss and a motion to strike the motion to dismiss based on the Debtor's lack of capacity due to the appointment of a Chapter 7 Trustee. Plaintiffs also requested that the purported counsel for the Debtor cease filing any pleadings for the Debtor in this adversary.

The Court notes that the Debtor is not the only party that has filed a motion to dismiss in this adversary. The following co-defendants, Jetall Companies, Inc., Arabella PH 3201 LLC, 9201 Memorial Dr. LLC, 2727 Kirby 26L LLC, Texas REIT LLC, Dalio Holdings I, LLC, Dalio Holdings II, LLC, Shahnaz Choudhri, Ali Choudhri, Shepherd-Huldy Development I, LLC, Shepherd-Huldy Development II, LLC, and Galleria Loop Note Holder LLC have also filed a motion to dismiss[1] (Defendants' Motion") under substantially similar grounds as Debtor's motion to dismiss. While the Court does not want to give an advisory opinion is this order, it is concerned regarding the issue of derivative standing that arises in this adversary case. While the response deadline has not yet run for plaintiffs to respond to Defendants' Motion, the plaintiffs' response to

---

[1] ECF No. 65.

2 / 4

the Debtor's motion to dismiss states that they have standing to bring the complaint due to the Court's order lifting the stay in the underlying bankruptcy case.² However, that order did not grant the Plaintiffs derivative standing, it simply lifted the stay against the Debtor.

In his response in support of the motion to strike, the Chapter 7 Trustee concurs that only he can be the representative for the Debtor for purposes of this adversary proceeding, and that he also seeks to have both the motion to dismiss and the notice of appearance of counsel³ struck. The Debtor responded stating that the Chapter 7 Trustee's representation of the Debtor is inadequate as he failed to file an answer on behalf of the Debtor, the Debtor is a "solvent debtor," and the motion to strike was not timely filed. The Chapter 7 Trustee has filed a reply again asserting that he is the sole representative of the Debtor, and that the Debtor may have standing to object to the trustee's actions in the main case if the estate is solvent, but that does not allow this Debtor to usurp the trustee's authority to defend or prosecute claims relating to the Debtor.

## JURISDICTION

The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334(a) and (b), and the standing order of reference from the District Court. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2). The bankruptcy court has the power to enter a final order in this adversary proceeding, subject to traditional rights of appeal. This adversary proceeding arises under bankruptcy case number 22-32998 (the "Main Case") pending in this District and venue is proper pursuant to 28 U.S.C. § 1409.

## LEGAL ANALYSIS

As a Chapter 7 Trustee has been appointed in the underlying bankruptcy case, any claims and defenses regarding the Debtor belong to the trustee. The trustee must remain the gatekeeper to evaluate claims and to bring them if he believes it would benefit the bankruptcy estate.⁴ While the Chapter 7 Trustee is currently a defendant in this adversary, in actuality any third-party claims are claims by the estate against other defendants, all of whom should be sued by the Trustee or not at all. The Court agrees with the Trustee that he is the sole representative of the Debtor for the purposes of this adversary at this time. It is also this Court's view that the proper plaintiff to assert the claims in this adversary is probably the Chapter 7 Trustee, and not the current Plaintiffs.

---

² ECF No. 79, pages 5-6
³ ECF No. 56.
⁴ *In re On-Site Fuel Service, Inc.*, 2020 WL 3703004 (Bankr. S.D. Miss. May 8, 2020).

3 / 4

      Therefore, the motion to strike is granted, and the notice of appearance and the motion to dismiss is struck from the docket.

      **ACCORDINGLY, IT IS ORDERED** that Plaintiffs' Motion to Strike is granted, and both the Motion to Dismiss at ECF No. 47 and the Notice of Appearance at ECF No. 56 are struck from the docket.

      SIGNED 10/16/2023

_____
Jeffrey Norman
United States Bankruptcy Judge