IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HOUSTON REAL ESTATE PROPERTIES, LLC, | § | CASE NO. 22-32998 |
| | § | (Chapter 7) |
| Debtor. | § | |
| | § | |
| JOHN QUINLAN, OMAR KHAWAJA, AND OSAMA ABDULLATIF, | § | |
| | § | |
| Plaintiffs, | § | ADVERSARY NO. 23-03141 |
| | § | |
| v. | § | |
| | § | |
| HOUSTON REAL ESTATE PROPERTIES, LLC, et al., | § | |
| | § | |
| Choudhri Defendants. | § | |

**PLAINTIFFS, JOHN QUINLAN, OMAR KHAWAJA, and OSAMA ABDULLATIF'S RESPONSE TO DEFENDANTS' MOTION TO EXPUNGE LIS PENDENS AND SUPPLEMENT NOTICE OF LIS PENDENS [Docket No. 58] AND BRIEF IN SUPPORT**

This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.

Represented parties should act through their attorney.

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, John Quinlan, Omar Khawaja, and Osama Abdullatif ("Plaintiffs"), file this Response to Defendants', Arabella PH 3201 LLC ("Arabella"), 9201 Memorial Dr. LLC ("Memorial"), 2727 Kirby 26L LLC ("Kirby"), Texas REIT LLC ("REIT"), Ali Choudhri ("Choudhri") and Shepherd-Huldy Development I, LLC ("Shepherd I") (collectively the "Chouhdri Defendants") Motion to Expunge Lis Pendens and Supplement Notice of Lis Pendens [Docket No. 58] and Brief in Support of Plaintiffs' opposition thereto.

## I. SUMMARY OF RESPONSE

1.      Plaintiffs' Notice of Lis Pendens is valid and should not be expunged.  Section 12.007(a) of the Texas Property Code delineates the requirements entitling a party to a lis pendens. Plaintiffs met these requirements.   Section 12.0071(c) of the Texas Property Code sets forth requisites for a party to expunge a lis pendens. Choudhri Defendants cannot satisfy any ground to expunge Plaintiffs' lis pendens as (1) the pleading on which the notice is based contains a real property claim; (2) claimants can establish by a preponderance of the evidence the probable validity of those real property claims; and (3) notice of the lis pendens was served upon the movants within three days of filing.

## II. STATEMENT OF FACTS

2.      Plaintiffs collectively hold three judgments and stand in the shoes of four judgment-creditors against Defendants Jetall Companies, Inc. ("Jetall"), Ali Choudhri ("Choudhri"), and Houston Real Estate Properties, LLC ("HREP" or "Debtor"):

a.  On November 21, 2022, Plaintiff, Osama Abdullatif, obtained a final judgment in Cause No. 2013-41273, *Osama Abdullatif and Abdullatif & Company, LLC v. Ali Choudhri and Houston Real Estate Properties, LLC*, filed in the District Court of Harris County ("Lawsuit I"). In that case, Choudhri was found liable for statutory fraud and fraud in a real estate transaction.

   b.  On February 17, 2023, Plaintiffs, John Quinlan, Omar Khawaja, and Osama Abdullatif, obtained an assignment of the judgment rendered on June 23, 2020, in Cause No. 2017-10832, *Jetall Companies, Inc. and Declaration Title Company, LLC v. Allan B. Daughtry, Attorney at Law, Richard Heil, Todd Oakum and Reny Davy f/k/a Renee Oakum*, filed in the District Court of Harris County, Texas, 152nd Judicial District ("Lawsuit II"). In this cause, Plaintiffs received assignments from both judgment-creditors against judgment-debtor, Jetall.

   c.  On February 17, 2023, Plaintiffs, John Quinlan, Omar Khawaja, and Osama Abdullatif, obtained an assignment of the judgment rendered against Jetall on October 31, 2020, in Cause No. 2020-38738, *Jetall Companies, Inc. v. Hoover Slovacek LLP*, filed in the District Court of Harris County, Texas, 164th Judicial District ("Lawsuit III"). In that case, the Court saw fit to include the following finding in its judgment, "Jetall has been sanctioned multiple times in past litigation for engaging in improper and repugnant actions, in courts of law."

These judgments against Debtor and the respective Choudhri Defendants remain unpaid.[1]

    3.     On December 7, 2022, to avoid paying an appeal bond equal to the sum of the compensatory damages and interest awarded to Plaintiffs in Cause No. 2013-41273, Choudhri filed a fraudulent Net Worth Affidavit claiming a personal net worth of –$67,951,728.25.[2] This is contrary to multiple public statements, articles, and personal financial statements attested to by Choudhri himself in the recent past.

    4.     On or about February 10, 2023, Plaintiffs received documents from a third-party confirming that in November 2021, approximately one year before Choudhri signed his fraudulent Net Worth Affidavit, Choudhri provided a Personal Financial Statement to a "mezzanine" or "hard money" lender asserting that his personal net worth was $246,440,100.00.[3] A comparison of this Personal Financial Statement and the fraudulent Net Worth Affidavit represents an alleged decrease in net worth by a total of $314,391,828.25 in just over one (1) year.

---

[1] *See* **Exhibit 1-A, 1-B & 1-C** (Assignments of Judgment), and **Exhibit 3**, (Judgments).
[2] **Exhibit 4**, Affidavit of Ali Choudhri.
[3] **Exhibit 13**.

5.      HREP and Choudhri Defendants have been transferring assets and properties between themselves and various third parties in an effort to hinder and delay Plaintiffs' efforts of collecting their judgments. For example, attached to Choudhri's November 12, 2021, Financial Statement is a list of properties allegedly owned by Choudhri along with the liabilities associated with each. Seven (7) of those properties, valued by Choudhri at $15,575,000, were *un*encumbered by any "liabilities." Since November 2021, Choudhri has systematically encumbered the properties with debt for no apparent business purpose or transferred the properties and absconded with the cash.

6.      The encumbering or transferring of these properties occurred after the jury verdict and mere days before Plaintiff Osama Abdullatif's judgment became final in Cause No. 2013-41273. That judgment was in excess of $5,000,000. Properties so encumbered or transferred include those properties controlled by Defendants and subject to the lis pendens at issue herein.

### III.    PROCEDURAL BACKGROUND

7.      On October 7, 2022, Debtor filed a Voluntary Petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

8.      One of the creditors moved to convert the case to Chapter 7 and/or appoint a Trustee. [Main Case, Docket No. 57]. The case was converted to Chapter 7 on March 8, 2023. [Main Case, Docket No. 74]. The Court appointed Randy Williams as Trustee ("Trustee").

9.      On June 28, 2023, Plaintiffs were granted relief from the automatic stay pursuant to 11 U.S.C. § 362(d) so that Movants could "exercise whatever legal rights and remedies they might have against the Debtor and the properties and or related entities, and for such other relief and further relief to which it may be entitled." [Main Case, Docket No. 112]. Upon being granted such relief from the Court, Plaintiffs initiated this adversary proceeding through their Original

Complaint [Docket No. 1] in which Plaintiffs asserted claims of fraudulent transfer, fraud, alter ego and joint business enterprise against Debtor, Jetall, and other Choudhri related entities. In the Original Complaint, Plaintiffs sought "a constructive trust be imposed for the assets fraudulently transferred." [Docket No. 1, pg. 23] In support of their fraudulent transfer claim, Plaintiffs identified that the assets which were fraudulently transferred or encumbered included real property. Specifically, Plaintiffs asserted that "*fraudulent conveyances of these properties* are the latest in a long history of obfuscations of justice and attempts at evasion." *Id*. at pg. 20. After the Complaint was filed, Plaintiffs served upon the Choudhri Defendants a lis pendens identifying the following properties subject to its Complaint (the "Subject Property") which are owned by the identified entities[4]:

| | |
|---|---|
| (a) | 4521 San Felipe No. 3201, Houston, Texas 77027 - Arabella |
| (b) | 2503 S. Shepherd, Houston, Texas 77019 – Shepherd I |
| (c) | 2421 S. Shepherd Dr., Houston, Texas 77019 – Shepherd I |
| (d) | 2419 S Shepherd Dr., Houston, Texas 77019 – Shepherd I |
| (e) | 2502 Huldy St., Houston, Texas 77019 – Shepherd I |
| (f) | 2424 Huldy St., Houston, Texas 77019 – Shepherd I |
| (g) | 9201 Memorial Dr., Houston, Texas 77024 - Memorial |
| (h) | 2727 Kirby 26L, Houston, Texas 77098 - Kirby |
| (i) | 4401 Schurmier Road, Houston, Texas 77048 – Memorial Glen |
| (j) | 402 Terrace Dr., Houston, Texas 77007 – Memorial Glen |
| (k) | 207 Malone St., Houston, Texas 77007 – Memorial Glen |
| (l) | 5803 Blossom St., Houston, Texas 77007 - Memorial Glen |
| (m) | 3550 Charleston St., Houston, Texas 77021 – Memorial Glen |
| (n) | 6531 Rodrigo St., Houston, Texas 77007 – Memorial Glen |
| (o) | 8050 Westheimer Rd., Houston, Texas 77063 - REIT |
| (p) | 8098 Westheimer Rd., Houston, Texas 77063 - REIT |

10.     On August 30, 2023, Plaintiffs supplemented their Complaint to assert additional claims of fraudulent transfer based on conveyances by Choudhri Defendants designed to encumber

---

[4] **Exhibit 5**, Affidavit of Michael Ballases; **Exhibit 5-A & 5-C**, Lien Notices and Receipts of Mailing.

their real property. [Docket No. 26]. After the First Supplemental Complaint was filed, Plaintiffs served an additional notice of lis pendens on the Subject Property.[5]

11.     Non-Debtor Defendants, a/k/a Choudhri Defendants, have moved to expunge the lis pendens under Texas Property Code § 12.0071. Plaintiffs file this response to Defendants' Motion.

## IV. ARGUMENTS & AUTHORITIES

12.     A lis pendens is proper if the party filing the notice is seeking to establish an interest in real property that is the subject of a pending suit. TEX. PROP. CODE § 12.007. To challenge a lis pendens, a party may file an application to have a lis pendens expunged. TEX. PROP. CODE § 12.0071. The court must expunge the lis pendens if (1) the pleading on which the notice is based does not contain a real property claim, (2) the claimant fails to establish by a preponderance of the evidence the probable validity of the real property claim, or (3) the person who filed the notice for record did not serve a copy of the notice on each party entitled to a copy under Section 12.007(d). TEX. PROP. CODE § 12.0071(c).   To satisfy section 12.007(c), the suit on which the lis pendens is based must claim a direct interest in real property, not a collateral one. TEX. PROP. CODE § 12.007.  That is, the property against which the lis pendens is filed must be the subject matter of the underlying lawsuit.  *Flores v. Haberman*, 915 S.W.2d 477, 478 (Tex. 1998).

A.     **The pleadings contain real property claims against the subject property.**

13.     The Court is not permitted to go beyond the pleadings in determining whether the lis pendens is valid. *See In re Mousa*, No. 01-04-00485-CV, 2004 WL 2823172 (Tex. App.— Houston [1st Dist.] Dec. 9 2004, orig. proceeding); *Hughes v. Houston Northwest Medical Center*, 647 S.W.2d 5, 6 (Tex. App.—Houston [1st Dist.] 1982, orig. proceeding). To determine if the

---

[5] **Exhibit 5,** Affidavit of Michael Ballases; **Exhibit 5-B & 5-D**, Second Lien Notice and Receipts of Mailing

pleading on which the notice is based contains a real property claim, the court should court should liberally construe the pleadings in favor of the pleader and look to the pleader's intent to determine whether the pleader has alleged facts that affirmatively demonstrate that the lis pendens is proper. *In re Collins*, 172 S.W.3d 287, 294-95 (Tex. App.—Fort Worth 2005, orig. proceeding). A proper lis pendens may not be based on a property interest that only seeks to recover damages or other relief that the plaintiff may be awarded. *In re Cohen*, 340 S.W.3d 889, 898 (Tex. App.—Houston [1st Dist.] 2011, orig. proceeding.) However, it is sufficient to support a lis pendens if the plaintiff's pleadings request restoration of a prior ownership interest in a particularly identified property – through actual title or a constructive trust. *Id*. Additionally, a lis pendens filed on specifically identified property alleged to have been purchased with "the fruits" of the defendant's fraud is proper. *Id*.

14.     Choudhri Defendants cite two cases in support of their position that the claims of Plaintiffs are not real property claims: *Flores v. Haberman*, 915 S.W.2d 477 (Tex. 1995) and *Moss v. Tennant*, 722 S.W.2d 762 (Tex. App.—Houston [14th. Dist.] 1986, orig. proceeding). Both cases dealt with claims that are distinguishable from those in this matter. In *Flores*, the plaintiff brought a claim for conversion and sought a constructive trust on property not subject to the conversion but purchased with the proceeds of the conversion. *Flores*, 915 S.W.2d at 478.   In *Moss*, the plaintiff brought claims arising out of the sale of real estate and sought a constructive trust not over the real estate subject to the sale, but over the real property purchased with the proceeds. *Moss*, 722 S.W.2d at 762-763. In both cases the courts found that the interests in the property were collateral interests and not the subject of the claims. *Flores*, 915 S.W.2d at 478; *Moss*, 722 S.W.2d at 763. The claims in these cases are not analogous to the claims brought by Plaintiffs.

15.     Plaintiffs have brought a claim of fraudulent transfer against the Debtor and Choudhri Defendants asserting that the Subject Property has been unlawfully transferred or encumbered. The Subject Property is not collateral to other claims but is the heart of the fraudulent transfer claims. Therefore, Plaintiffs seek a constructive trust over the Subject Property free and clear of any unlawful encumbrances and/or ownership interests.

16.     The facts in this case are analogous to those in *In re Cohen*. In *Cohen*, plaintiffs brought claims of fraudulent transfer against different partnerships contending that the partnerships had wrongfully encumbered and transferred to others real property held by the partnerships. *Cohen*, 340 S.W.3d at 890. The plaintiff further requested that real property liens and title transfers be set aside, and that a constructive trust be placed on the properties that were allegedly transferred. *Id*. at 894-897. The *Cohen* court concluded that such claims of fraudulent transfer of real property, wherein a constructive trust over the properties was sought, was a real property claim sufficient to support a notice of lis pendens. *Id*. at 900.

17.     As opposed to those cases relied upon by the Choudhri Defendants, *i.e. Moss*, this matter and *Cohen* involve claims of fraudulent transfer pertaining to real property. This distinguishing factor was recognized in *Tex. Kidney, Inc. v. ASD Specialty Healthcare*, No 14-13-01106-cv, 2014 WL 3002425, 2014 Tex. App. LEXIS 7095 (Tex. App.—Houston [14th Dist.] July 1, 2014, no pet.). In *Tex. Kidney*, defendants argued that the lis pendens should be expunged based on *Moss* and its holding that a lis pendens is inappropriate where a party is seeking to secure payment of a judgment unrelated to real property. *Tex. Kidney*, 2014 Tex. App LEXIS 7095 at *22. The *Tex. Kidney* court found that the *Moss* holding was inapplicable because the claims in *Moss* were not claims of fraudulent transfer of real property. *Id*. *Tex. Kidney* held that a claim of fraudulent transfer of real property supports a lis pendens. *Id*.

18.     Therefore, Plaintiffs have pleaded fraudulent transfer claims that support a real property interest as held in *Tex. Kidney* and *Cohen*. Further, Plaintiffs have identified why the Subject Property is subject to the fraudulent transfer claims.

**B.     Plaintiffs can establish their claims for fraudulent transfer, joint enterprise and/or alter-ego by a preponderance of the evidence.**

19.     Defendants have further asserted that Plaintiffs cannot establish by the preponderance of the evidence the probable validity of the real property claim. Preponderance of the evidence means the greater weight and degree of credible evidence that would create a reasonable belief in the truth of the matter. *Herrera v. Stahl*, 441 S.W.3d 739, 741 (Tex. App.— San Antonio 2014, no pet.). As expressly stated in the statute, a nonmovant does not have the burden of proving the claim by a preponderance of the evidence, but has the apparent lesser burden of proving the "*probable*" validity of the claim. TEX. PROP. CODE § 12.0071(c)(2).

*i.      The evidence shows a probable validity that Defendants are alter-egos of each other and/or that they operated as joint enterprise.*

20.     The evidence establishes that Debtor and Choudhri Defendants are one and the same, acting as alter egos of one another and/or through a joint enterprise.  Generally, proving alter ego involves two elements: (i) unity between the corporation and individual such that the separateness of the corporation has ceased; and (ii) a finding that holding only the corporation liable would result in injustice. *Lifshutz v. Lifshutz*, 61 S.W.3d 511, 516 (Tex. App.—San Antonio 2001, pet. denied).  These requirements stem from the rationale that if the owner or owners of the entity themselves disregard the legal separation, distinct properties, or proper formalities of the different corporate entities, then the law will likewise disregard them too so far as is necessary to protect individual and corporate creditors. *Hideca Petroleum Corp. v. Tampimex Oil Int'l, Ltd.*, 740 S.W.2d 838, 843 (Tex. App.—Houston [1st Dist.] 1987, no writ).  Unity between an entity and

its alter ego is often established by evidence showing a blending of identities or blurring of lines of distinction. *Id.* When determining the question of alter ego, a court may consider: [i] the payment of alleged corporate debts with personal checks or other commingling of funds; [ii] representations that the individual will financially back the corporation; [iii] the diversion of company profits to the individual for his personal use; [iv] inadequate capitalization; and [v] other failures to keep corporate and personal assets separate. *Sparks v. Booth*, 232 S.W.3d 853, 865-68 (Tex. App.—Dallas 2007, no pet.).

21.     Joint enterprise is a similar vicarious liability theory as an alter-ego. Similar to alter ego, joint enterprise liability has been recognized as a distinct claim of liability upon a showing that a defendant and other parties involved had an express or implied agreement, a common purpose, a community of pecuniary interest, and an equal right to a voice in the direction of the enterprise. *Texas DOT v. Able*, 35 S.W.3d 608, 613 (Tex. 2000); *see also St. Joseph Hosp. v. Wolff*, 94 S.W.3d 513 (Tex. 2000); *Seareau v. ExxonMobil Corp.*, 274 S.W.3d 206, 222 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

22.     Debtor and Choudhri Defendants have collectively blended identities and blurred lines of distinction such that they should be found to be alter egos of each other and/or working as a joint enterprise. Choudhri Defendants commingle funds, pay the debts of each other, and divert company profits.[6] Plaintiff's Petition provides evidence of instances wherein one Defendant paid the obligation of another. Specifically, on or about July 10, 2020, Galleria Loop paid the personal income taxes of Shahnaz Choudhri to the Internal Revenue Service.[7] Additionally, Jetall paid the

---

[6] Attached as **Exhibit 6** is a Declaration from a former Jetall employee and whistleblower, who notes that Jetall comingles funds and pays the debts of others without the consideration of and disregarding the corporate formalities.
[7] See **Exhibit 7** (a check from Galleria Loop for payment of the personal income taxes of Shahnaz Choudhri).

real property taxes in 2022 for real property owned by Kirby, Memorial, and Arabella.[8] Finally, in 2022, Galleria Loop paid the real property taxes for real property owned by Arabella.[9]

23.    Debtor and Choudhri Defendants all have one common principal, Choudhri.[10] Choudhri has testified that he financially backs Jetall, Debtor, or whichever one of his business entities is in litigation then.  For instance, Choudhri testified that he is HREP and that HREP is him, as detailed below.[11]

```
17        Q.   And you're the manager of HREP, correct?
18        A.   Correct, yes.
19        Q.   And you don't know whether or not you have a
20   company agreement, correct?  Is strike that.  You don't
21   know what's in your company agreement, do you?
22        A.   Not as I sit here because it's really 100% my
23   entity so it's whatever.
```

```
16        Q.   Look, I want you to so we can avoid this, be
17   when I say you, if it's either HREP your you I'm talking
18   about the same thing?
19        A.   It's the same, yeah.
20        Q.   Okay.  You consider yourself, you mentioned
21   this pass through concept.  When I say you, do you
22   understand I'm talking either HREP or you?
23        A.   I do, yes.
24        Q.   You meaning Ali Choudhri?
25        A.   Yes, that's right.
```

---

[8] **Exhibit 7** (a check from Jetall for the payment of property taxes for real property owned by Kirby; (a check from Jetall for the payment of taxes for real property owned by Memorial); (a check from Jetall for the payment of property taxes for real property owned by); (another check from Jetall for the payment of property taxes for real property owned by Kirby).

[9] *Id.* (a check from Galleria Loop for the payment of property taxes for real property owned by Arabella).

[10] **Exhibit 8** (Texas SOS filings for Choudhri Defendants)

[11] **Exhibit 9**, trial testimony of Choudhri in Cause No. 2013-41273, *Osama Abdullatif, et al, v. Ali Choudhri*, in the Judicial District Court, page 121 from the 8-11-22 transcript and page 42 from the 8-15-22 transcript.

Choudhri also testified that he is the 100% owner of Jetall and implied that he is responsible for the debts of Jetall, shown below.[12]

```
1              So the plan was to settle it,
2    negotiate it or fight it.  Take it on.
3        Q.    And what happened -- what happened if -- if
4    you lost the verdict or you lost the appeal?
5        A.    I would be responsible.  I would have to
6    pay for it, whatever it cost.
```

```
15   Q.    (MR. JOHANSON) Do you remember testifying last Thursday that, if
16   you lost the Verdict or lost the appeal, that you -- "I would be
17   responsible and would have to pay for it whatever the cost," you
18   remember saying that?
19   A.   Yes.
20   Q.   That was an absolute lie, wasn't it?
21   A.   No.
```

In that same trial Choudhri later testified that he is obligated to financially back Jetall.[13]

---

[12] **Exhibit 10**, testimony of Choudhri in Case No. 2017-10832, *Jetall Companies, Inc. v. Alan B. Daughtry, Richard Heil, Todd Oakum, and Renee Davy*, in the 152nd Judicial District Court when questioned as to whether he would be responsible for the debts of Jetall. The first excerpt is from the Trial Testimony of Ali Choudhri dated March 12, 2020, Reporter's Record, Vol. 1 of 1, page 32. The second excerpt is from the Trial Testimony of Ali Choudhri dated March 16, 2020, Reporter's Record, Vol. 5 of 11, page 170.
[13] *Id.*, testimony of Choudhri in Case No. 2017-10832, *Jetall Companies, Inc. v. Alan B. Daughtry, Richard Heil, Todd Oakum, and Renee Davy*, in the 152nd Judicial District Court. This excerpt is from the Trial Testimony of Ali Choudhri dated March 16, 2020, Reporter's Record, Vol. 5 of 11, page 192.

```
12  Q.   Okay.  And this draft, by the way, it doesn't obligate Jetall to
13       put a penny into Declaration Title, does it?
14  A.   Incorrect.
15  Q.   Okay.  And that's where -- where are they obligated to put a
16       penny to the Company?
17  A.   Well, I'm taking on the Verdict and the claims and I'm stepping
18       in the shoes of the firing line where you're firing on Todd and
19       Renee and Declaration.  I'm stepping in the shoes of that.  So,
20       that obligates me to put money in the Company and fight you and
21       your Verdict.
22  Q.   You're not obligated to pay any of it, if you lose?
23  A.   I disagree.
```

Choudhri further claimed that he, in fact, did financially back Jetall later in the same trial.[14]

```
11  Q.   Did you tell Renee on the phone that you -- that Jetall would
12       guarantee that she wouldn't have any future liability?  That you
13       would cover any potential liability arising out of the Heil
14       matter?
15           Did you tell her that?
16  A.   I told her that I would take care of the Heil matter.  It was my
17       responsibility.  My obligation.
```

24.     Choudhri has further admitted to diverting profits of Debtor to himself.  In fact, Choudhri testified that funds received by Debtor were actually his funds.[15]

---

[14] *Id.*, testimony of Choudhri in Case No. 2017-10832, *Jetall Companies, Inc. v. Alan B. Daughtry, Richard Heil, Todd Oakum, and Renee Davy*, in the 152nd Judicial District Court.  This excerpt is from the Trial Testimony of Ali Choudhri dated March 16, 2020, Reporter's Record, Vol. 5 of 11, page 226.

[15] **Exhibit 9**, testimony of Choudhri in Cause No. 2013-41273, *Osama Abdullatif, et al, v. Ali Choudhri*, in the Judicial District Court, Trial Testimony, pages 110-111 from the 8-10-22 transcript.

```
 5              MR. DRINNON:  Oh, I'm sorry, I didn't
 6    complete -- it's line 22 through 25.  It says:  So we
 7    didn't read 20 through 25.  20 through 25 -- so HREP,
 8    when I say you, of course I mean HREP got the money and
 9    your answer was, I mean, it's a pass through.  It's my
10    company.  It's a passthrough through me so I got the
11    money.
12              Did I read that correctly?
13        A.   Yeah.
14        Q.   (BY MR. DRINNON)  Okay.  Thank you, sir.
15              So at the time of the transaction, then,
16    you got $552,000, correct?  We just went through this.
17    At the time of the transaction you got $552,000 --
18    $552,970, correct?
19        A.   Correct.
```

25.     Debtor and Choudhri Defendants further blend their identities and blur any lines of distinction based on documents they submit themselves to the government. On or about August 15, 2017, Jetall filed a Texas Franchise Tax Report for the year ended December 31, 2016.  In the report, Jetall identifies a slew of business entities that Jetall claims are each an "affiliate" of Jetall when, in fact, there are no legal connections between the companies.[16]  Two of the companies identified as "affiliates" of Jetall are REIT and Debtor.   Additionally, Choudhri filed documents with the State of Texas claiming that he is the President, manager, and member of Debtor,[17] but this assertion is inconsistent with the Debtor's sworn Schedules in this case.

26.     All of these acts were intentional and completed in an effort to feign the appearance that these entities are distinct and separate when, in fact, they are not.  In short, all of the Choudhri Defendants are either owned or controlled by Choudhri, are insiders as well alter egos of him, and/or act as a joint enterprise.

---

[16] **Exhibit 2-A,** Jetall's Texas Franchise Tax Report for the year ended December 31, 2016.
[17] **Exhibit 11,** Texas governmental documents for HREP.

**ii.      The evidence shows "a probable validity" of Defendant's fraudulent transfer of real property claim.**

27.      Fraudulent transfer causes of action are statutory and are governed by Chapter 24 of the Texas Business and Commerce Code (the "TUFTA") and Section 548 of the United States Bankruptcy Code, though other laws and principles of equity supplement the Texas statutory cause of action. TEX. BUS. & COM. CODE § 24.011. The purpose of TUFTA is to prevent fraudulent transfer of property by a debtor who intends to defraud creditors by placing assets beyond their reach. *Kaufman v. Morales*, 93 S.W.2d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

28.      To accomplish that end, TUFTA permits a creditor, under certain circumstances, to set aside a debtor's fraudulent transfer of assets. TEX. BUS. & COM. CODE § 24.008. A transfer is fraudulent as to present and future creditors if it is made with actual intent to hinder, delay, or defraud any creditor of the debtor. TEX. BUS. & COM. CODE § 24.005. Section 24.005 identifies multiple "badges of fraud," which can be utilized as circumstantial evidence to prove a debtor's intent to hinder, delay, or defraud a creditor. *Johnston v. Crook*, 93 S.W.3d 263, 273 (Tex. App.—Houston [14th Dist.] 2002, pet. denied); TEX. BUS. & COM. CODE § 24.005(b).  Some of those badges include, *inter alia*, [i] transferring assets to an insider, [ii] retaining control or possession of an asset after an alleged transfer, [iii] concealing the transfer, [iv] not receiving like or reasonable value for the transferred asset, [v] encumbering the asset with debt or liabilities, and [vi] making the transfer around the time the bad actor knew or should have known the bad actor was about to incur debt or liability. TEX. BUS. & COM. CODE § 24.005(b).  If a transfer is made without adequate consideration, it raises a presumption of fraudulent intent that establishes a prima facie case. *In re Major Funding Corp.,* 126 B.R. 504, 508 (Bankr. S.D. Tex. 1990).

29.      Defendants, Jetall, Arabella, Memorial, Kirby, REIT, Dalio I, Dalio II, HREP, Shahnaz Choudhri, Ali Choudhri, Shepherd I, Shepherd II, and Galleria Loop, are alter egos of

each other and have all made intentional fraudulent transfers to avoid paying their creditors. The Choudhri Defendants have committed numerous fraudulent transfers in order to prevent creditors from collecting debts owed by Choudhri Defendants. Choudhri reserved ownership interests in certain alter ego companies and concealed transfers through the utilization of agency agreements, despite creating the appearance that he was no longer an owner or involved. These include, REIT, Dalio I, Dalio II, Shepherd I, and Shepherd II.[18] The purpose of these agency agreements was to allow Choudhri to hide his ownership interest, involvement, and control of the assets, as well as conceal his assets from creditors. For example, the Choudhri Defendants use of the agency agreements was noted by a Commercial Arbitration Tribunal from the American Arbitration Association, that found, *inter alia*, that Choudhri [i] lied under oath about the existence of the agency agreements, [ii] refused to produce the agency agreements (which had to be obtained from third-parties), [iii] intentionally hid his involvement in certain transactions by use of the agency agreements, [iv] was not credible as a witness, [v] acted improperly, wrongfully, and not in good faith, [vi] knowingly and intentionally, with malice, committed fraud, and [vii] awarded substantial exemplary damages in the amount of $250,000.00 for fraud and breach of fiduciary duty against Choudhri and some of the other Choudhri Defendants noted herein.[19]

30.     Choudhri made fraudulent transfers of personal property (i.e., cash), as previously shown above, to deprive his creditors of collecting debts owed to them. Moreover, those transfers were not for like or reasonable value, and were after the time the Choudhri Defendants knew or should have known that a debt and/or liability (including judgments held by Plaintiffs) would be incurred.

---

[18] **Exhibit 2-B**, Agency Agreement involving Choudhri, REIT, Dalio I, and Dalio II; **Exhibit 2-C**, Agency Agreement involving Choudhri, Shepherd I, and Shepherd II.
[19] **Exhibit 12**, Arbitration Award.

31.     Choudhri falsified and misrepresented his net worth.  On December 7, 2022, to avoid paying an appeal bond equal to the sum of compensatory damages and interest awarded to one of the Plaintiffs herein in Lawsuit 1, Choudhri filed a fraudulent Net Worth Affidavit[20] claiming a personal net worth of –$67,951,728.25.  However, in November 2021—approximately one year before Choudhri signed his fraudulent Net Worth Affidavit—Choudhri provided a Personal Financial Statement asserting that his personal net worth was $246,440,100.00.[21]  A comparison of this Personal Financial Statement and the fraudulent Net Worth Affidavit represents an alleged decrease in net worth by a total of $314,391,828.25 in a single year.

32.     The Choudhri Defendants are also encumbering assets with liabilities to dissuade creditors from collection, which further supports a fraudulent transfer finding.  On the last page of Choudhri's November 2021, Financial Statement[22] is a list of properties allegedly owned by Choudhri along with the liabilities associated with each.[23]  Seven (7) of those properties were unencumbered by any "liabilities."[24]  Since the time the Financial Statement was made, Choudhri has systematically encumbered the properties with debt for no apparent business purpose and absconded with the cash.  The properties encumbered or transferred by the Choudhri Defendants include those properties subject to the lis pendens, including the 9201 Memorial Drive property, the 2727 Kirby 26L property and the Shepherd I properties. On October 3, 2022, Shepherd I obtained a loan from Magnolia BridgeCo, LLC which encumbered its properties.[25]  On November 2, 2022, Choudhri obtained a loan for $2,760,000.00 from Cypress BridgeCo, LLC, another "mezzanine" or "hard money" lender, pledging the previously unencumbered 9201 Memorial Dr.

---

[20] **Exhibit 4**, Choudhri's fraudulent Net Worth Affidavit filed in Lawsuit 1)
[21] **Exhibit 13**, Choudhri's November 2021, Personal Financial Statement, pg. 1.
[22] *See id*. at last page.
[23] *Id*.
[24] *Id*.
[25] **Exhibit 14.**

property as collateral.[26]  Also on November 2, 2022, Choudhri obtained another loan for $2,079,000.00 from Cypress BridgeCo, LLC pledging the previously unencumbered 2727 Kirby 26L property as collateral.[27]

33.     Memorial Glen Cove, LLC is a Texas limited liability company owned and/or controlled by Choudhri.[28] According to the Texas Secretary of State, Memorial Glen Cove LLC is managed by Memorial Park LLC, a Texas limited liability company also owned and or controlled by Choudhri.[29]  VGRP Holdings LLC allegedly obtained a deed of trust in its favor after presumably loaning money to Choudhri secured by properties that he owned individually but then placed into Memorial Glen Cove LLC.[30]  Memorial Glen Cove LLC, Memorial Park LLC, and VGRP Holdings LLC, are Texas limited liability companies all owned and/or controlled by Choudhri.[31]  Note that at the debts were allegedly incurred a mere days before the final judgment in Lawsuit 1 was rendered.

34.     Choudhri also made fraudulent transfers of real property.  Certain real properties were deeded from Choudhri to Memorial Glen Cove LLC (another entity Choudhri owns or controls) just before the judgment in Lawsuit 1 was rendered against Choudhri and Debtor, including  402 Terrace Dr., 3550 Charleston St., 6531 Rodrigo St., 5803 Blossom St., 207 Malone St., and 4401 Schurmier Rd. [i] On November 15, 2022, Choudhri allegedly transferred a property identified as ***402 Terrace Dr***., Houston, Texas 77007 to the entity coined Memorial Glen Cove, LLC for "[c]ash and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged." [ii] ***3550 Charleston St.***  Also, on November 15, 2022, Choudhri

---

[26] **Exhibit 15.**
[27] **Exhibit 16**.
[28] **Exhibit 8.**
[29] *Id*.
[30] **Exhibits 17 & 18.**
[31] **Exhibit 8**.

transferred a property identified as 3550 Charleston St., Houston, Texas 70021 to the entity coined Memorial Glen Cove, LLC for "[c]ash and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged." [iii] **_6531 Rodrigo St_**. Again, on November 15, 2022, Choudhri transferred a property identified as 6531 Rodrigo St., Houston, Texas 77007 to the entity coined Memorial Glen Cove, LLC for "[c]ash and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged." [iv] **_5803 Blossom St._** Again, on November 15, 2022, Choudhri transferred a property identified as 5803 Blossom Street, Houston, Texas 77007 to the entity coined Memorial Glen Cove, LLC for "[c]ash and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged." [v] **_207 Malone St_**. Again, on November 15, 2022, Choudhri transferred a property identified as 207 Malone Street, Houston, Texas 77007 to the entity coined Memorial Glen Cove, LLC for "[c]ash and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged." and [vi] **_4401 Schurmier Road_**. Again, on November 15, 2022, Choudhri transferred a property identified as 4401 Schurmier Road, Houston, Texas 77048 to the entity coined Memorial Glen Cove, LLC for "[c]ash and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged." Choudhri has been transferring properties like these and the others, between himself and other business entities that he owns or controls or to various third parties (not for reasonable value) in an effort to hinder and delay Plaintiffs efforts of collecting their judgment. Every one of the aforementioned transfers occurred exactly six (6) days before the judgment was rendered in Lawsuit 1.

35.     All of these acts are intentional, fraudulent, and completed in an effort to place assets beyond the reach of creditors. More importantly, the preponderance of the evidence shows

a probably validity that Plaintiffs will be able to succeed on their claim of fraudulent transfer, e.g. evidence supports a reasonable belief that the claim is probable.

**C.      Choudhri defendants were served copies of the respective notice of lis pendens within three days of filing.**

36.      Choudhri Defendants allege that Plaintiffs failed to serve a copy of the lis pendens notice within three business days of filing, which is incorrect.  Attached hereto is proof of mailing the respective lis pendens within three business days.[32]  Service by mail is complete upon mailing. TEX. R. CIV. P. 21a; see also FRCP 5(b)(2)(C). As shown by the attached USPS receipts, all notices were mailed within three days of filing.

**D.      Alternatively, the motion to expunge hearing should be extended to have adequate time to conduct discovery.**

37.      Plaintiffs request that the Court deny Defendants' Motion to Expunge. Alternatively, Plaintiffs request a continuance of the hearing on the Motion to Expunge to provide deposition testimony and conduct further discovery to show the probable validity of Plaintiffs' claims.

## V.   REQUEST FOR HEARING WITH ORAL TESTIMONY

38.      During the hearing on a motion to expunge a lis pendens, a court may permit evidence in the form of oral testimony. *In re Rescue Concepts, Inc.* 498 S.W.3d 190, 194 (Tex. 2016) (*citing* TEX. PROP CODE § 12.0071(b)(1), (e). Plaintiffs therefore request that, in addition to the evidence submitted with this Response, the Court consider live testimony to the extent necessary at the time of the hearing.

---

[32] **Exhibit 18**.

## VI. Conclusion & Prayer

WHEREFORE, Plaintiffs have shown that their Lis Pendens is proper under Texas Property Code § 12.007(a). Thus Plaintiffs respectfully request that the Defendants' Motion to Expunge Lis Pendens and Supplement Notice of Lis Pendens be denied, and that Plaintiffs may be granted all such other relief that they may show themselves entitled.

DATED:  October 19, 2023

Respectfully submitted,

**HOOVER SLOVACEK LLP**

By: */s/ T. Michael Ballases*
      Steve A. Leyh
      State Bar No. 12318300
      T. Michael Ballases
      State Bar No.  24036179
      Angeline V. Kell
      State Bar No. 24040009
      5051 Westheimer, Suite 1200
      Houston, Texas 77056
      Telephone: (713) 977-8686
      Facsimile: (713) 977-5395
      leyh@hooverslovacek.com
      ballases@hooverslovacek.com
      kell@hooverslovacek.com

**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document, has been served electronically upon each of the parties identified on the Court's ECF Service List maintained in this case, on October 19, 2023, and as additionally noted below.

**23-03141 Notice will be electronically mailed to:**

Houston Real Estate Properties,
LLC
2500 West Loop South, Suite 255
Houston, Texas 77027
jamesp@thepopelawfirm.com
mhayward@haywardfirm.com

Ali Choudhri
2500 West Loop South, Suite 255
Houston, Texas 77027
jmac@jlm-law.com
jamesp@thepopelawfirm.com

Shahnaz Choudhri
2500 West Loop South, Suite
255
Houston, Texas 77027
jamesp@thepopelawfirm.com
jim@jamespierce.com

Jeannie Lee Anderson
Linebarger Goggan Blair &
Sampson LLP
P.O. Box 3064
Houston, Texas 77253-3064
Houston_bankruptcy@lgbs.com

Rodney Lee Drinnon
McCathern Houston
2000 West Loop South, Suite 1850
Houston, Texas 77027
ndrinnon@mccathernlaw.com

Michael J. Durrschmidt
Hirsch & Westheimer, P.C.
1415 Louisiana, 36th Floor
Houston, Texas 77002
mdurrschmidt@hirschwest.com

Bennett Greg Fisher
Lewis Brisbois Bisgaard & Smith
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Bennett.fisher@lewisbrisbois.com

Melissa S. Hayward
Hayward PLLC
1050 N. Central Expwy, Suite 106
Dallas, Texas 75231
mhayward@haywardfirm.com

James Q. Pope
The Pope Law Firm
6161 Savoy, Suite 1125
Houston, Texas 77036
ecf@thepopelawfirm.com

Melissa E. Valdez
Perdue Brandon Felder Collins &
Mott
1235 North Loop West, Suite 600
Houston, Texas 77008
mvaldez@pbfcm.com

Ruth A. Van Meter
Hayward PLLC
10501 N. Central Expwy, Suite 106
Dallas, Texas 75231
rvanmeter@haywardfirm.com

Timothy L. Wentworth
Okin Adams, LLP
1113 Vine St., Suite 240
Houston, Texas 77002
twentworth@okinadams.com

Jana Smith Whitworth
Office of United States Trustee
515 Rusk Street, Suite 3516
Houston, Texas 77002
Jana.whitworth@usdoj.gov

A. Kelly Williams
12140 Wickchester Ln., Suite 100
Houston, Texas 77079
Akw@milestoneVG.com
Kelly.williams@bridgecofinancial.com

Cypress Bridgeco, LLC and
Magnolia Bridgeco, LLC
Bobby Debelak
McDowell Hetherington
1001 Fannin St., Suite 2400
Houston, Texas 77002
bobby.debelak@mhllp.com

By: */s/ T. Michael Ballases*
T. Michael Ballases