United States Bankruptcy Court
Southern District of Texas

**ENTERED**
October 24, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | **CASE NO: 22-32998** |
| HOUSTON REAL ESTATE PROPERTIES LLC, | § § § | **CHAPTER 7** |
| Debtor. | § § | |
| | § | |
| JOHN QUINLAN, OMAR KHAWAJA, OSAMA ABDULLATIF, AND | § § § § | |
| VS. | § § | **ADVERSARY NO. 23-3141** |
| | § | |
| JETALL COMPANIES, INC., ARABELLA PH 3201 LLC, 9201 MEMORIAL DR. LLC, 2727 KIRBY 26L LLC, TEXAS REIT LLC, DALIO HOLDINGS I, LLC, DALIO HOLDINGS II, LLC, HOUSTON REAL ESTATE PROPERTIES, LLC, SHAHNAZ CHOUDHRI, ALI CHOUDHRI, SHEPHERD-HULDY DEVELOPMENT I, LLC, SHEPHERD-HULDY DEVELOPMENT II, LLC, GALLERIA LOOP NOTE HOLDER LLC, A. KELLY WILLIAMS, MAGNOLIA BRIDGECO, LLC, CYPRESS BRIDGECO, LLC, MOUNTAIN BUSINESS CENTER, LLC, AND RANDY W WILLIAMS CH7 TRUSTEE, | § § § § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § | |

## AMENDED ORDER DENYING MOTION (ECF NO. 57)

Before the Court is the Motion to Reconsider filed by 2727 Kirby 26L LLC, 9201 Memorial Dr. LLC, And Shepherd, Huldy Development I, LLC, defendants in this case, and the

response in opposition filed by the plaintiffs, Osama Abdullatif, Omar Khawaja, John Quinlan (ECF No. 93).  The motion in all things is denied.

The Motion seeks to vacate the order based on violations of due process and to correct a clear error of fact or law.  The Court declines to do so for the following reasons.

First, the Agreed Order is an agreement between the parties to that order.  It only binds the parties to that order [the BridgCo Defendants] and any language regarding any sale of property would still require a motion and order in the main bankruptcy case to which the movants herein could object.  Additionally, the Trustee owns only the debtor's interest in the subject properties as of the petition date and can only sell that interest.  That the movants believe that the Trustee could sell the interest of an unrelated third party is without merit.

The properties are subject to disputed claims that they are part of the bankruptcy estate via claims of alter ego, joint enterprise liability and fraudulent transfers.  Assuming these allegations are true, and these issues have yet to be litigated, this Court has jurisdiction.  To rule otherwise would thwart the Bankruptcy Code and the role of the Chapter 7 Trustee to liquidate assets for the benefit of creditors.  The Court agrees with the respondents as to the Court's jurisdiction.

For these reasons, it is **ORDERED** that the Motion to Reconsider is in all things denied.

SIGNED 10/24/2023

_____
Jeffrey Norman
United States Bankruptcy Judge