United States Bankruptcy Court
Southern District of Texas
**ENTERED**
October 25, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 22-32998** |
| HOUSTON REAL ESTATE PROPERTIES LLC, | § | |
| | § | **CHAPTER 7** |
| Debtor. | § | |
| | § | |
| JOHN QUINLAN, | § | |
| OMAR KHAWAJA, | § | |
| OSAMA ABDULLATIF, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 23-3141** |
| | § | |
| JETALL COMPANIES, INC., ARABELLA PH 3201 LLC, 9201 MEMORIAL DR. LLC, 2727 KIRBY 26L LLC, TEXAS REIT LLC, DALIO HOLDINGS I, LLC, DALIO HOLDINGS II, LLC, HOUSTON REAL ESTATE PROPERTIES, LLC, SHAHNAZ CHOUDHRI, ALI CHOUDHRI, SHEPHERD-HULDY DEVELOPMENT I, LLC, SHEPHERD-HULDY DEVELOPMENT II, LLC, GALLERIA LOOP NOTE HOLDER LLC, A. KELLY WILLIAMS, MAGNOLIA BRIDGECO, LLC, CYPRESS BRIDGECO, LLC, MOUNTAIN BUSINESS CENTER, LLC, AND RANDY W WILLIAMS CH7 TRUSTEE, | § | |
| Defendants. | § | |

## ORDER DENYING MOTION TO EXPUNGE

Before the Court is the Motion to Expunge Notices of Lis Pendens and Supplemental Notices of Lis Pendens (ECF No. 58) filed by some of the Defendants, Arabella PH 3201 LLC, 9201 Memorial Dr. LLC, 2727 Kirby 26L LLC, Texas REIT LLC, Ali Choudhri, and Shepherd-Huldy Development I, LLC (collectively "Defendants" or "Movants"), and the Response filed by

John Quinlan, Omar Khawaja and Osama Abdullatif (collectively "Plaintiffs" or "Respondents") (ECF No. 92). The Movants are seeking the expungement of a notice of lis pendens filed in the real property records by the Plaintiffs, against multiple real properties[1] on July 31, 2023 and supplemental notices of lis pendens on the same real properties on August 23, 2023.

## FACTS

One of the defendants, Houston Real Estate Property LLC, filed a voluntary bankruptcy petition under chapter 11 on October 7, 2022. The bankruptcy case was converted to a Chapter 7 case on March 8, 2023, and a Chapter 7 Trustee was appointed on March 9, 2023. The Plaintiffs filed this adversary on August 1, 2023,[2] and a Supplemental Complaint on August 30, 2023.[3] The Plaintiffs allege that Ali Choudhri has created various business entities to hide assets, and to fraudulently transfer various real properties, including those on which the lis pendens was filed. Plaintiffs argue that Defendants have fraudulently transferred real property by concealment and by transferring real property amongst themselves for less than a reasonably equivalent value in order to devalue their assets. Amongst other relief, Plaintiffs seek a judgment for avoidance of the transfers, an injunction against further transfer of the assets, and a constructive trust for the assets fraudulently transferred.

---

[1] 4521 San Felipe No. 3201, Houston, Texas 77027 – Arabella PH 3201, LLC • 4401 Schurmier Rd, Houston, Texas 77048 – Memorial Glen Cove, LLC • 3550 Charleston St, Houston, Texas 77021 – Memorial Glen Cove, LLC • 2503 S. Shepard Dr, Houston, Texas 77019 - Shepherd-Huldy Development I, LLC • 2421 S. Shepard Dr, Houston, Texas 77019 - Shepherd-Huldy Development I, LLC • 2419 S. Shepard Dr, Houston, Texas 77019 - Shepherd-Huldy Development I, LLC • 2502 Huldy St, Houston, Texas 77019 - Shepherd-Huldy Development I, LLC • 2424 Huldy St, Houston, Texas 77019 - Shepherd-Huldy Development I, LLC • 9201 Memorial Dr, Houston, Texas 77024 - 9201 Memorial Dr. LLC, a WY LLC • 2727 Kirby 26L, Houston, Texas 77098 - 2727 Kirby 26L LLC, a Texas LLC • 402 Terrace Dr, Houston, Texas 77007 - Memorial Glen Cove, LLC • 207 Malone St, Houston, Texas 77007 - Memorial Glen Cove, LLC • 5803 Blossom St, Houston, Texas 77007 - Memorial Glen Cove, LLC • 6531 Rodrigo St, Houston, Texas 77007 - Memorial Glen Cove, LLC • 8050 Westheimer Rd, Houston, Texas 77063 – Texas REIT, LLC • 8098 Westheimer Rd, Houston, Texas 77063 – Texas REIT, LLC
[2] ECF No. 1.
[3] ECF No. 26.

The Movants state that expungement is required as the pleadings do not contain a real property claim, there is no probable validity of a real property claim, and that they did not receive copies of the notices of lis pendens.

**LEGAL ANALYSIS**

The parties agree that Section 12.0071 entitled Motion to Expunge Lis Pendens of the Texas Property Code applies.[4] The parties also agree that subparagraph C is mandatory if any of the three circumstances apply. As set forth in Sections 12.0071(a), (c) and (e), the Court does not need to hear evidence, can review the pleadings, and any affidavits, or other exhibits on the docket to review and to make a ruling.

The Court must expunge if the **pleading** on which the notice is based does not contain a real property claim.[5] The Southern District of Texas has noted that there is a slight difference in Texas law as to which pleading, the original or the live pleading at the time of the lis pendens controls for this factor.[6] As the supplemental notices of lis pendens were filed on August 23, 2023, the pleading at issue here is the complaint.[7] The parties agree and tailor their arguments to the complaint. The Movants claim that the complaint does not assert an award of title, or a direct interest in the real property; and therefore a lis pendens is not justified. The Respondents disagree, arguing that the real properties at issue are the heart of their claims as it is the transfer of these real

---

[4] Texas. Property Code 12.0071 states in pertinent part as follows:
(a) A party to an action in connection with which a notice of lis pendens has been filed may: (1) apply to the court to expunge the notice; and (2) file evidence, including declarations, with the motion to expunge the notice.
(b) The court may: (1) permit evidence on the motion to be received in the form of oral testimony; and (2) make any orders the court considers just to provide for discovery by a party affected by the motion.
(c) The court shall order the notice of lis pendens expunged if the court determines that: (1) the pleading on which the notice is based does not contain a real property claim; (2) the claimant fails to establish by a preponderance of the evidence the probable validity of the real property claim; or (3) the person who filed the notice for record did not serve a copy of the notice on each party entitled to a copy under Section 12.007(d).
(e) The court shall rule on the motion for expunction based on the affidavits and counter affidavits on file and on any other proof the court allows.
[5] Tex. Prop. Code 12.0071(c)(1).
[6] P*elletier Mgmt. & Consulting, LLC v. InterBank*, No. 6:21-CV-00022, 2022 WL 614917 (S.D. Tex. Mar 2, 2022).
[7] ECF No. 1.

properties that they are claiming is fraudulent. The Plaintiffs further distinguish Movants' cases stating they both concerned lis pendens on subsequent real property that was purchased from proceeds from a sale of the real property at issue. Instead, they point to *In re Cohen*,[8] which states that real property claims sufficient to support a notice of lis pendens are those claims that request that real property liens and title transfers be set aside and that a constructive trust be placed on the properties that were fraudulently transferred, which is akin to what this suit claims. The Court finds that the complaint contains a real property claim.

The second factor under Section 12.0071(c) is whether the claimant fails to establish by a preponderance of the evidence the probable validity of the real property claim. The Movants merely claim that this is not their burden, but the Plaintiffs, and the Plaintiffs cannot prove fraud. The Plaintiffs assert that they can show a probable right to recovery on the fraudulent transfer claim as they have alleged a theory of fraudulent transfer that includes several badges of fraud. The purpose of the Texas Uniform Fraudulent Transfer Act ("TUFTA") is to "prevent fraudulent transfer of property by a debtor who intends to defraud creditors by placing assets beyond their reach."[9] The case law in the Response, the *Texas Kidney* case, also examines fraudulent transfers under TUFTA and looks to the badges of fraud, which the response also asserts. The Plaintiffs argue that the transfers of the real property without adequate compensation raises a presumption of fraudulent intent that establishes a prima facie case. The Court agrees and finds that there is a probable validity of a real property claim.

Lastly, the Court looks to whether or not the Movants received the notices of the lis pendens. The Movants merely assert that they did not receive the notices. There was no affidavit

---

[8] *In re Cohen*, 340 S.W. 3d 889 (Tex. App. -. Houston [1st Dist.] 2011.
[9] *Tex. Kidney, Inc. v. ASD Specialty Healthcare*, No. 14-13-01106-CV, 2014 WL 3002425 (Tex. App. – Houston [14th Dist.] July 1, 2014, no pet.) internal citations omitted.

in support of that conclusory statement.  The Plaintiffs did provide an affidavit along with several letters and proof of mailing.[10]  Therefore, the Court concludes that Defendants did receive copies of the lis pendens.

**ACCORDINGLY, IT IS ORDERED** that the Motion to Expunge Notices of Lis Pendens and Supplemental Notices of Lis Pendens is denied.

SIGNED 10/25/2023

_____
Jeffrey Norman
United States Bankruptcy Judge

---

[10] ECF No. 92-11 through 92-15.