IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HOUSTON REAL ESTATE PROPERTIES, LLC, | § | CASE NO. 22-32998 |
| | § | (Chapter 7) |
| Debtor. | § | |
| | § | |
| JOHN QUINLAN, OMAR KHAWAJA, AND OSAMA ABDULLATIF, | § | |
| | § | |
| Plaintiffs, | § | ADVERSARY NO. 23-03141 |
| | § | |
| v. | § | |
| | § | |
| HOUSTON REAL ESTATE PROPERTIES, LLC, et al., | § | |
| | § | |
| Respondents. | § | |

**JOHN QUINLAN, OMAR KHAWAJA, AND OSAMA ABDULLATIF'S
RESPONSE TO MOTION OF DEFENDANTS, JETALL COMPANIES, INC.,
ARABELLA PH 3201 LLC, 9201 MEMORIAL DR. LLC, 2727 KIRBY 26L LLC, TEXAS
REIT LLC, DALIO HOLDINGS I, LLC, DALIO HOLDINGS II, LLC, SHAHNAZ
CHOUDHRI, ALI CHOUDHRI, SHEPHERD-HULDY
DEVELOPMENT I, LLC, SHEPHERD-HULDY DEVELOPMENT II, LLC,
AND GALLERIA LOOP NOTE HOLDER LLC TO DISMISS COMPLAINT
[DOCKET NO. 32] AND BRIEF IN SUPPORT**

  **This motion seeks an order that may adversely affect you. If you oppose the motion,
you should immediately contact the moving party to resolve the dispute. If you and the
moving party cannot agree, you must file a response and send a copy to the moving party.
You must file and serve your response within 21 days of the date this was served on you. Your
response must state why the motion should not be granted. If you do not file a timely
response, relief may be granted without further notice to you. If you oppose the motion and
have not reached an agreement, you must attend the hearing. Unless the parties agree
otherwise, the court may consider evidence at the hearing and may decide the motion at the
hearing.**

**Represented parties should act through their attorney.**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, John Quinlan, Omar Khawaja, and Osama Abdullatif, file this Response to Motion of Defendants, Jetall Companies, Inc. ("Jetall"), Arabella PH 3201 LLC, 9201 Memorial Dr. LLC, 2727 Kirby 26L LLC, Texas REIT LLC, Dalio Holdings I, LLC, Dalio Holdings II, LLC, Shahnaz Choudhri, Ali Choudhri ("Choudhri"), Shepherd-Huldy Development I, LLC, Shepherd-Huldy Development II, LLC and Galleria Loop Note Holder LLC (collectively the "Choudhri Defendants") to Dismiss Complaint and Brief in Support of Plaintiffs' opposition thereto, would respectfully show the Court as follows:

1.      The Choudhri Defendants have moved to dismiss Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(6), made applicable through Bankruptcy Rule 7012.

2.      The Choudhri Defendants assert that Plaintiffs' claim of fraudulent transfer should be dismissed as Plaintiffs lack standing to assert a claim of fraudulent transfer. Plaintiffs assert that they have standing to pursue the claims against the Choudhri Defendants pursuant to the Court's approval of lifting the automatic stay. Additionally, Plaintiffs have moved, contemporaneously with the response, for derivative standing, to the extent needed, pursuant to *Louisiana World Exposition v. Federal Ins. Co.*, 858 F.2d 233, 247 (5th Cir. 1988).

3.      Additionally, the Choudhri Defendants assert that Plaintiffs have inadequately pleaded claims of fraudulent transfer, fraud and alter-ego. As shown in Plaintiffs' Brief in Support, *infra*, Plaintiffs have sufficiently pleaded facts which meet the standard stated in *Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014) (stating the task of a court under Rule 12(b)(6) is not to evaluate the plaintiff's likelihood of success—instead, a court must only decide whether the plaintiff states a "legally cognizable claim that is plausible").

4.     The Choudhri Defendants finally assert that joint enterprise liability is not recognized under Texas law. This argument is a misapplication of *SSP Partners v. Gladstrong Investments,* 275 S.W.3d 444, 456 (Tex. 2008). Joint enterprise liability was recognized as a distinct theory of liability in *St. Joseph Hosp. v. Wolff,* 94 S.W.3d 513 (Tex. 2000) and actually distinguished from single business enterprise liability in *SSP Partners,* 275 S.W.3d at 452 (differentiating elements of single business enterprise liability from joint enterprise liability). Joint enterprise liability is a viable theory of liability under Texas jurisprudence. *See Allred v. Freestone Cty. Fair Ass'n*, No. 07-20-00168-CV, 2022 WL 1153152, 2022 Tex. App. LEXIS 2513, at *30-31 (Tex. App.—Amarillo Apr. 18, 2022, no pet.) (recognizing joint enterprise liability in a decision last year).

5.     Even if the Court were persuaded that Movants have failed to properly plead some or all of their claims, the Court must allow them an opportunity to cure any such pleading defects.

## I. STATEMENT OF FACTS

6.     Plaintiffs collectively hold three judgments and stand in the shoes of four judgment-creditors against Jetall, Choudhri, and Houston Real Estate Properties, LLC ("HREP" or "Debtor"):

a.  On November 21, 2022, Plaintiff, Osama Abdullatif, obtained a final judgment in Cause No. 2013-41273, *Osama Abdullatif and Abdullatif & Company, LLC v. Ali Choudhri and Houston Real Estate Properties, LLC*, filed in the District Court of Harris County. In that case, Choudhri was found liable for statutory fraud and fraud in a real estate transaction.

b.  On February 17, 2023, Plaintiffs, John Quinlan, Omar Khawaja, and Osama Abdullatif, obtained an assignment of the judgment rendered on June 23, 2020, in Cause No. 2017-10832, *Jetall Companies, Inc. and Declaration Title Company, LLC v. Allan B. Daughtry, Attorney at Law, Richard Heil, Todd Oakum and Reny Davy f/k/a Renee Oakum*, filed in the District Court of Harris County, Texas, 152nd Judicial District. In this cause, Plaintiffs received assignments from both judgment-creditors against judgment-debtor, Jetall.

c.  On February 17, 2023, Plaintiffs, John Quinlan, Omar Khawaja, and Osama Abdullatif, obtained an assignment of the judgment rendered on October 31, 2020, in Cause No. 2020-38738, *Jetall Companies, Inc. v. Hoover Slovacek LLP*, filed in the District Court of Harris County, Texas, 164th Judicial District against Jetall.  In that case, the Court saw fit to include the following finding in its judgment, "Jetall has been sanctioned multiple times in past litigation for engaging in improper and repugnant actions, in courts of law."

These judgments are unpaid and ripe. [1]

7.      On December 7, 2022, to avoid paying an appeal bond equal to the sum of the compensatory damages and interest awarded to Plaintiffs in Cause No. 2013-4127, Choudhri filed a fraudulent Net Worth Affidavit claiming a personal net worth of –$67,951,728.25. This is contrary to multiple public statements, articles, and personal financial statements attested to by Choudhri himself in the recent past.

8.      On or about February 10, 2023, Plaintiffs received documents from a third-party confirming that in November 2021, approximately one year before Choudhri signed his fraudulent Net Worth Affidavit, Choudhri provided a Personal Financial Statement to a "mezzanine" or "hard money" lender asserting that his personal net worth was $246,440,100.00. A comparison of this Personal Financial Statement and the fraudulent Net Worth Affidavit represents an alleged decrease in net worth by a total of $314,391,828.25 in just over one (1) year.

9.      Upon information and belief, the Choudhri Defendants have been transferring assets and properties between themselves and various third parties in an effort to hinder and delay Plaintiffs' efforts of collecting their judgments. For example, attached to Choudhri's November 12, 2021, Financial Statement is a list of properties allegedly owned by Choudhri along with the liabilities associated with each. Seven (7) of those properties, valued by Choudhri at $15,575,000, were unencumbered by any "liabilities." Since November 2021, Choudhri has systematically

---

[1] Plaintiffs' Original Complaint, pg. 6.

encumbered the properties with debt for no apparent business purpose or transferred the properties and absconded with the cash. The lenders for these encumbrances are entities owned by Choudhri.

10.    The encumbering or transferring of these properties occurred after the jury verdict and mere days before Plaintiff Osama Abdullatif's judgment became final in Cause No. 2013-41273. That judgment was in excess of $5,000,000. Properties so encumbered or transferred by Defendants include those properties controlled by the Choudhri Defendants.[2]

## II.    PROCEDURAL BACKGROUND

[2] Properties so encumbered or transferred by Defendants are detailed in Plaintiffs' Complaint [Docket No. 1] as along with the actions taken by Choudhri Defendants to unlawfully encumber such properties:

a.    **9201 Memorial Drive.**  On November 2, 2022, Choudhri obtained a loan for $2,760,000.00 from Cypress BridgeCo, LLC, another "mezzanine" or "hard money" lender, pledging the previously unencumbered 9201 Memorial Dr. property as collateral.

b.    **2727 Kirby 26L.**  Also on November 2, 2022, Choudhri obtained another loan for $2,079,000.00 from Cypress BridgeCo, LLC pledging the previously unencumbered 2727 Kirby 26L property as collateral.

c.    **The Memorial Glen Cove, LLC Properties, formerly properties owned individually by Ali Choudhri.**  Upon information and belief, Memorial Glen Cove, LLC is a Texas limited liability company owned by Ali Choudhri. According to the Texas Secretary of State, Memorial Glen Cove LLC is managed by Memorial Park LLC, a Texas limited liability company also owned by Choudhri. Curiously, Memorial Park LLC is managed by Memorial Glen Cove. Choudhri often uses this circular member/manager scheme to hide his ownership in various "pass-through" entities. VGRP Holdings LLC obtained a deed of trust in its favor after presumably loaning money to Choudhri secured by properties that he owned individually but then placed into Memorial Glen Cove LLC.  Memorial Glen Cove LLC, Memorial Park LLC, and VGRP Holdings LLC are Texas limited liability companies all owned by Ali Choudhri.

d.    **402 Terrace Dr.**  On November 15, 2022, Choudhri transferred a property identified as 402 Terrace Dr., Houston, TX 77007 to the entity coined Memorial Glen Cove, LLC for "[c]ash and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged."  Upon information and belief, Choudhri has been transferring properties like this one, and the others listed below, between the named Defendants and various third parties in an effort to hinder and delay Plaintiffs' efforts of collecting their judgment.

e.    **3550 Charleston St.**  Also on November 15, 2022, Choudhri transferred a property identified as 3550 Charleston St., Houston, TX 70021 to the entity coined Memorial Glen Cove, LLC for "[c]ash and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged."

f.    **6531 Rodrigo St.**  Again, on November 15, 2022, Choudhri transferred a property identified as 6531 Rodrigo St., Houston, TX 77007 to the entity coined Memorial Glen Cove, LLC for "[c]ash and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged."

g.    **5803 Blossom St.**  Again, on November 15, 2022, Choudhri transferred a property identified as 5803 Blossom St., Houston, TX 77007 to the entity coined Memorial Glen Cove, LLC for "[c]ash and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged."

h.    **207 Malone St.**  Again, on November 15, 2022, Choudhri transferred a property identified as 207 Malone St., Houston, TX 77007 to the entity coined Memorial Glen Cove, LLC for "[c]ash and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged."

i.    **4401 Schurmier Rd.**  Again, on November 15, 2022, Choudhri transferred a property identified as 4401 Schurmier Rd., Houston, TX 77048 to the entity coined Memorial Glen Cove, LLC for "[c]ash and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged."

11.     On October 7, 2022, Houston Real Estate Properties, LLC ("Debtor" or "HREP") filed a Voluntary Petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code").

12.     One of the creditors, Omar Abdullatif, moved to convert the case to Chapter 7 and/or appoint a Trustee. [Main Case, Docket No. 57].  The case was converted to Chapter 7 on March 8, 2023. [Main Case, Docket No. 74]. The Court appointed Randy Williams as Trustee ("Trustee").

13.     On June 28, 2023, Plaintiffs moved for relief from the automatic stay pursuant to 11 U.S.C. § 362(d) so that Movants could "exercise whatever legal rights and remedies they might have against the Debtor and the properties and or related entities, and for such other relief and further relief to which it may be entitled." [Docket No. 112]. Therein, Plaintiffs further identified to the Court what contentions would be made and what claims they were seeking to bring in the adversary proceeding:

> 6.   Movants contend that Jetall Companies Inc. ("Jetall"), Arabella PH 3201 LLC, 9201 Memorial Dr. LLC, 2727 Kirby 26L LLC, Texas REIT LLC, Dalio Holdings I, LLC, Dalio Holdings II, LLC, Shahnaz Choudhri, Ali Choudhri ("Choudhri"), and HREP, are the alter egos of each other and are intentionally acting in a manner to defraud creditors and evade obligations. Choudhri controls a web of shell entities that hold his various properties. This web also includes HREP and Jetall. Choudhri sees HREP/Jetall/himself as one and the same. He utilizes the Debtor and Jetall as "pass through" entities.
>
> 7.   Movants seek to bring all the properties that are part of HREP and Choudhri web into this proceeding for the benefit of the creditors.
>
> 8.   Choudhri, the single owner of the Debtor, HREP, treats the Debtor like his personal bank, co-mingling personal funds with the Debtor's funds and the funds of other related entities. Claims of alter ego, substantive consolidation, conspiracy, joint enterprise, veil piercing and reverse veil piercing exist here and are relevant to this proceeding.

[Docket No. 112]. Based on these assertions, Plaintiffs sought permission from the Court to lift the automatic stay and proceed with the adversary proceedings to litigate these claims. The Trustee was unopposed, or acquiesced, to the relief requested and the actions of Plaintiffs. After oral hearing on the motion in which the Debtor asserted objections to the request, the Court granted the requested relief sought by Plaintiffs finding that: "[Plaintiffs] seek relief only against the Trustee so that the [Plaintiffs] may sue the debtor in an adversary proceeding. Again, this relief is unopposed by the Trustee, and on that basis, it is granted." [Docket No. 132].

14.     Upon being granted such relief from the Court, Plaintiffs initiated this adversary proceeding through their Original Complaint [Docket No. 1] in which the claims of fraudulent transfer, fraud, alter ego and joint business enterprise were asserted against Debtor, Jetall and other Choudhri related entities in accordance with the relief granted to Movant pursuant to the Court's Order Granting Motion for Relief from Stay.

15.     The Choudhri Defendants, or the non-Debtor Defendants, moved to dismiss Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6). [Docket No. 32].

### III.  ARGUMENTS & AUTHORITIES

16.     A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), made applicable through Bankruptcy Rule 7012, is appropriate only if the movant has not provided fair notice of its claims and factual allegations that—when accepted as true—are plausible and rise above mere speculation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (quoting *Twombl*y, 550 U.S. at 556). According to the Fifth Circuit, motions to dismiss for failure to state a claim are

viewed with disfavor and are rarely granted. *Collins v. Morgan Stanley DeanWitter*, 224 F.3d 496, 498 (5th Cir. 2000). The task of a court under Rule 12(b)(6) is not to evaluate the plaintiff's likelihood of success—instead, a court must only decide whether the plaintiff states a "legally cognizable claim that is plausible." *Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014). Under Rule 12(b)(6), the issue "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir.1995).

17.     Federal Rule of Procedure 8(a)(2), made applicable through Bankruptcy Rule 7008, requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Ashcroft v. Iqbal*, the Supreme Court held that Rule 8(a)(2) requires that "the well-pleaded facts . . . permit the court to infer more than the mere possibility of misconduct." 556 U.S. 662, 679 (1989). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

18.     Plaintiffs have asserted claims under the Texas Uniform Fraudulent Transfer Act ("TUFTA"), common law fraud on Choudhri, and vicarious liability claims of alter-ego and joint enterprise theory. Choudhri has moved to dismiss these claims pursuant to Rule 12(b)(6).

**A.      Plaintiffs possess standing to bring claims against the Choudhri Defendants under multiple theories.**

19.     The Choudhri Defendants argue that the right to a claim for fraudulent transfer under TUFTA lies with the trustee and not the Plaintiffs. [Docket No. 32]. In sum, Defendants are asserting that Plaintiffs lack standing to bring its claims of fraudulent transfer. As stated *supra*, this adversary proceeding was filed pursuant to the Court's Order lifting the automatic stay so that

Plaintiffs "may sue the [D]ebtor in an adversary proceeding." [Docket No. 132]. The bankruptcy trustee was unopposed to this relief, In this adversary proceeding, Plaintiffs have brought claims against the Debtor as permitted by the Order. While the Order does not specify whether claims may be brought against non-Debtors, such as the Choudhri Defendants, Plaintiffs assert that the claims against the Choudhri Defendants are compulsory to those brought against Debtor and, therefore, the Court has jurisdiction to hear the claims against the Choudhri Defendants as they relate to the Debtors estate and Plaintiffs have standing to bring the claims as they were personally harmed by the asserted claims. See *TMT Procurement Corp. v. Vantage Drilling Co. (In re TMT Procurement Corp.)*, 764 F.3d 512, 526 (5th Cir. 2014). (stating that bankruptcy courts have jurisdiction to hear claims if the outcome could alter, positively or negatively, the debtor's rights, liabilities, options, or freedom of action or could influence the administration of the bankrupt estate). Additionally, the Trustee has not moved to dismiss the actions in this adversary proceeding on behalf of the Debtor and instead was unopposed to those claims being brought. If the claims against the Debtor are unchallenged by the Trustee and thus are moving forward, then the Court should permit Plaintiffs' claims against the Choudhri Defendants to also remain.

20.     Next, the Bankruptcy Code expressly authorizes a trustee (or debtor-in-possession) to bring an adversary proceeding to avoid certain transfers as preferential or fraudulent. *PW Enters., Inc. v. N.D. Racing Comm'n (In re Racing Servs., Inc.)*, 540 F.3d 892, 898 & n. 7 (8th Cir. 2008). In some cases, however, courts have allowed creditors to bring such "avoidance claims" if it would benefit the estate. *Id*. A creditor who brings avoidance claims in place of the trustee is said to possess "derivative standing." *Id*. As such, the Court should permit Plaintiffs' claims against the Choudhri Defendants to also remain.

21.     Plaintiffs complied with the standards noted in *Louisiana World*.  A fellow Fifth Circuit court analyzed when derivative standing was proper and held that derivative standing was appropriate when an individual creditor establishes that the claim is colorable, that the debtor-in-possession has unjustifiably refused to pursue the claim, and that the creditor first received a letter to sue from the bankruptcy court. *Louisiana World Exposition v. Federal Ins. Co.*, 858 F.2d 233, 247 (5th Cir. 1988). On March 7, 2023, Plaintiffs sent a letter pursuant to *Louisiana World* to the debtor-in-possession requesting a prosecution of Plaintiff's claim.[3] This request was ignored. When Debtor's bankruptcy was subsequently converted into a Chapter 7, the *Louisiana World* request was forwarded to the Trustee, again requesting prosecution of Plaintiffs' claims.[4] The request was met without an answer regarding whether the request would be fulfilled. However, when Plaintiffs sought to lift the stay to bring this adversary proceeding, the Trustee approved or acquiesced. [Docket No. 132]. After Plaintiffs filed this adversary proceeding, another request was sent to the Trustee to confirm that Trustee had no interest in pursuing Plaintiffs' claims.[5] A deadline to respond was included in the letter but Trustee did not respond to the request, thus apparently confirming their acquiescence to Plaintiffs' individual pursuit of their claims in this adversary proceeding.[6]

22.     The concept of derivative standing was evaluated in *In re Cooper,* wherein the court recognized, in dicta, a bankruptcy court's ability to grant standing upon a creditor to bring claims against the estate and third parties:

> This court is ever mindful that it is a court of equity, and the grant of derivative status to a party to pursue litigation, as a representative for another, is a long standing equitable remedy with deep roots in our jurisprudence. The equitable remedy was employed by courts when the intended system broke down for one

---

[3] **Exhibit A.**
[4] **Exhibit B**.
[5] **Exhibit C.**
[6] The trustee's counsel did state that they disagree that the Louisiana World case applies here.

reason or another. More specifically: The concept of derivative standing arose when, despite a lack of express statutory authorization, courts of equity allowed shareholders to pursue valuable actions when the nominal plaintiff (the corporation) unreasonably refused to do so.

*In re Cooper*, 405 B.R. 801, 814 (N.D. Tex. 2009) (internal citations omitted). The *Cooper* court further opined that derivative standing may be available upon a showing by the individual creditor of a compelling case that warrants such relief. *Id.* Fifth Circuit precedent gives this Court broad authority when determining whether to grant derivative standing. In *Lilly v. FDIC (In re Natchez Corp. of W. Va.)*, the court stated a creditor can assert a claim on a Chapter 7 estate's behalf where "it has moved the bankruptcy court for authorization to do so and has shown appropriate circumstances which would permit such action." 953 F.2d 184, 187 (5th Cir. 1992) (interpreting Cooper to permit standing to pursue adversary claims in a Chapter 7 case when the trustee expressly transferred that power to the creditor with the bankruptcy court's approval and/or when the creditor made a demand on the trustee to pursue a certain claim and the trustee refused).[7] The *Cooper* court ultimately determined that the judgment creditor did not have a compelling case that warranted derivative standing in part because the trustee opposed the adversary proceeding. *Id*. That, of course, differs from this matter, where the Trustee has not committed to pursuing these claims, the Trustee has consented to this adversary proceeding, and the Court lifted the stay to permit this adversary action to move forward.

23.     Additionally, Plaintiffs have a compelling case to be permitted standing as such a finding harms no other creditor and is consistent with the policy concerns raised in *In re Schimmelpenninck* that, "in applying the above rules [on determining whether a cause of action

---

[7] Out of an abundance of caution, Plaintiffs have filed a Motion seeking the Court's approval that they have standing to bring their claims. Plaintiffs request the Court consider such Motion if the Court is persuaded that further permission from the Court is warranted.

belongs to the estate or is an attempt to recover property of the estate], a court must keep in mind the general bankruptcy policies of securing and preserving the debtor's property and ensuring equal distribution of the debtor's assets to similarly-situated creditors." 183 F.3d 347, 355 (5th Cir. 1999). If there are issues related to the priority of claims to any property recovered, those claims can be sorted out later, through appropriate pleading.

24.     As such, Plaintiffs should be permitted to bring their claims of fraudulent transfer in this adversary proceeding against the Choudhri Defendants as the claims are related to the Debtor, Debtor or Trustee has not moved to dismiss or acquiesced to the claims, Trustee has refused to bring the claims and the actions will not harm the Debtor's estate.

## B.     Plaintiffs have properly pleaded claims for fraudulent transfer under the Texas Uniform Fraudulent Transfer Act, Tex. Bus. & Com. Code §§ 24.005 and 24.006.

25.     **The** Choudhri Defendants further assert that Plaintiffs have failed to plead enough facts to support a claim of fraudulent transfer. Plaintiffs pleaded that their claims of fraudulent transfer are brought under both Texas Business and Commerce Code §§ 24.005 and 24.006. Under Section 24.005(a)(1), a transfer is fraudulent as to a creditor, whether the creditor's claim arose before or within a reasonable time after the transfer was made, if the debtor made it with actual intent to hinder, delay, or defraud its creditors. Tex. Bus. & Com. Code § 24.005. To summarize, the elements of an actual fraudulent transfer under TUFTA are: (1) a creditor; (2) a debtor; (3) the debtor transferred assets shortly before or after the creditor's claim arose; (4) with actual intent to hinder, delay or defraud any of the debtor's creditors. *See* Tex. Bus. & Com. Code § 24.005; *see also Jones v. Dyna Drill Techs., LLC,* No. 01-16-01008-CV, 2018 Tex. App. LEXIS 6689, at *14 (Tex. App.—Houston [1st Dist.] Aug. 23, 2018). "Actual fraudulent intent is rarely susceptible to direct proof; therefore, the requisite intent may be proved circumstantially by presenting evidence

of certain 'badges of fraud' that may cumulatively give rise to an inference of intent to hinder, delay, or defraud." *ASARCO LLC v. America Mining Corp.*, 396 B.R. 278, 370 (S.D. Tex. 2008).

26.     Plaintiffs' Complaint stated sufficient facts in paragraphs 35-41 to support the claim of fraudulent transfer. [Docket No. 1]. Plaintiffs pleaded that they are creditors and Defendants are debtors. [Docket No. 1]. Additionally, Plaintiffs identify a series of badges of fraud in which Defendants acted in an attempt to hinder collection of the debt or defraud Plaintiffs. For example, the following badges of fraud were identified in the Complaint:

(a)     Choudhri reserved ownership interests in certain alter ego companies and concealed transfers through the utilization of agency agreements despite making it appear as though he was no longer an owner or involved. These include, *at least*, REIT, Dalio I, Dalio II, Shepherd I, Shepherd II. The purpose of these agency agreements was to allow Choudhri to hide his ownership interest, involvement, and control of the assets, as well as conceal his assets from creditors.

(b)     Choudhri Defendants are encumbered assets with liabilities to dissuade creditors from collection, which further supports a fraudulent transfer finding. On the last page of Exhibit 21, Choudhri's November 2021, Financial Statement is a list of properties allegedly owned by Choudhri along with the liabilities associated with each. Seven (7) of those properties were unencumbered by any "liabilities." Since that time, Choudhri has systematically encumbered the properties with debt for no apparent business purpose and absconding with the cash. Some of the properties allegedly encumbered or transferred by the Choudhri Defendants include: [i] **9201 Memorial Drive.** On November 2, 2022, Choudhri obtained a loan for $2,760,000.00 from Cypress BridgeCo, LLC, another "mezzanine" or "hard money" lender, pledging the previously unencumbered 9201 Memorial Dr. property as collateral; [ii] **2727 Kirby 26L.** Also on November 2, 2022, Choudhri obtained another loan for $2,079,000.00 from Cypress BridgeCo, LLC pledging the previously unencumbered 2727 Kirby 26L property as collateral; [iii] Memorial Glen Cove, LLC is a Texas limited liability company owned and or controlled by Choudhri. Pursuant to the Texas Secretary of State, Memorial Glen Cove LLC is managed by Memorial Park LLC. A Texas limited liability company also owned and or controlled by Choudhri.[33] VGRP Holdings LLC allegedly obtained a deed of trust in its favor after presumably loaning money to Choudhri secured by properties that he owned individually but then placed into Memorial Glen Cove LLC. Memorial Glen Cove LLC, Memorial Park LLC, and VGRP Holdings LLC are Texas limited liability companies all owned and or controlled by Choudhri. Note that, at least, the first two aforementioned debts were allegedly incurred a mere nineteen (19) days before the final judgment in Cause No. 2013-41273 was rendered

(c)     Days before final judgment was entered in Cause No. 2013-41273. Choudhri transferred real properties to Memorial Glen Cove LLC (another entity Choudhri owns or controls) just before the judgment in Lawsuit 1 was rendered against Choudhri and

HREP. [i] **402 Terrace Dr.** On November 15, 2022, Choudhri allegedly transferred a property identified as 402 Terrace Dr., Houston, Texas 77007 to the entity coined Memorial Glen Cove, LLC for "[c]ash and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged."; [ii] **3550 Charleston St.** Also, on November 15, 2022, Choudhri transferred a property identified as 3550 Charleston St., Houston, Texas 70021 to the entity coined Memorial Glen Cove, LLC for "[c]ash and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged."; [iii] **6531 Rodrigo St.** Again, on November 15, 2022, Choudhri transferred a property identified as 6531 Rodrigo St., Houston, Texas 77007 to the entity coined Memorial Glen Cove, LLC for "[c]ash and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged."; [iv] **5803 Blossom St.** Again, on November 15, 2022, Choudhri transferred a property identified as 5803 Blossom Street, Houston, Texas 77007 to the entity coined Memorial Glen Cove, LLC for "[c]ash and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged."; [v] **207 Malone St.** Again, on November 15, 2022, Choudhri transferred a property identified as 207 Malone Street, Houston, Texas 77007 to the entity coined Memorial Glen Cove, LLC for "[c]ash and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged."; and [vi] **4401 Schurmier Road.** Again, on November 15, 2022, Choudhri transferred a property identified as 4401 Schurmier Road, Houston, Texas 77048 to the entity coined Memorial Glen Cove, LLC for "[c]ash and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged." Upon information and belief, Choudhri has been transferring properties like these and the others, between himself and other business entities that he owns or controls or to various third parties (not for reasonable value) in an effort to hinder and delay Plaintiffs efforts of collecting their judgment.

[Docket No. 1, pgs. 14-19, paras. 35-41]. These pleaded badges of fraud are sufficient to identify a plausible claim.

27.     The Choudhri Defendants further complain that the claim of fraudulent transfer is deficient because there is no pleading or showing that the entity allegedly making the transfers was insolvent or rendered insolvent by those transfers. [Docket No. 32]. This argument is misplaced. While a burden of showing insolvency by the transferring party is present in a claim under Texas Business and Commerce Code § 24.006, it is not an element of fraudulent transfer claim under Section 24.005. Tex. Bus. & Com. Code § 24.005. As it pertains to Plaintiffs' claim under Section 24.006, this section specifically provides that a debtor's transfer is fraudulent as to a creditor whose claim arose before the transfer if the debtor did not receive a reasonably equivalent value in exchange for the transfer and the debtor was insolvent at that time or became insolvent as a result

of the transfer. Tex. Bus. & Com. Code § 24.006. This adversary proceeding is occurring in a bankruptcy proceeding wherein Debtor and co-Defendant is clearly insolvent. Additionally, the facts pleaded in support of the badges of fraud identify numerous entities controlling assets that have been stripped of all worth through the fraudulent transfers. As such, Plaintiffs' Complaint sufficiently identifies a plausible claim for fraudulent transfer.

**C.    Plaintiffs have sufficiently pleaded all elements of an alter-ego theory of recovery.**

28.    The Choudhri Defendants assert that Plaintiffs have failed to sufficiently plead facts that support a vicarious liability theory of alter-ego. [Docket No. 32]. Under an alter ego theory, the corporate veil can be pierced if the corporation was organized and operated as a mere tool or business conduit of a person or another corporation. *Castleberry v. Branscum*, 721 S.W.2d 270, 272 (Tex. 1986). To show an alter-ego, a plaintiff must show a unity between the parties such that the separateness of a single corporation has ceased and that holding only the single corporation liable would result in injustice. *Id*. The injustice to be avoided can be leaving a plaintiff with an uncollectable judgment against one party while the party's alter ego goes free. *Mancorp, Inc. v. Culpepper,* 836 S.W.2d 844, 846 (Tex. App.—Houston [1st Dist.] 1992, no pet.).

29.    Paragraphs 29-34 of Plaintiffs' Complaint recite sufficient factual allegations to sustain that a separateness between Debtor and/or the Choudhri Defendants has ceased and that Plaintiffs will suffer an injustice in that the utilization of the alter ego may leave Plaintiffs with an uncollectable judgment while letting the Choudhri Defendants go free. [Docket No. 1]. Plaintiffs' assertions are sufficient to state a "legally cognizable claim that is plausible" for an alter ego theory of recovery.

**D.    Joint enterprise liability is a recognized theory of liability in Texas jurisprudence.**

30.    The Choudhri Defendants assert that Plaintiffs have not adequately pleaded a claim for joint enterprise liability because the "cause of action" no longer exists under Texas law. [Docket No. 32]. The Choudhri Defendants cite *SSP Partners v. Gladstrong Investments,* 275 S.W.3d 444, 456 (Tex. 2008) in support of their assertion. However, *SSP Partners* analyzed the "single business enterprise" theory, not joint enterprise liability. Joint enterprise liability has been recognized as a distinct claim of liability upon a showing that Defendant and other parties involved had an express or implied agreement, a common purpose, a community of pecuniary interest, and an equal right to a voice in the direction of the enterprise. *Texas DOT v. Able*, 35 S.W.3d 608, 613 (Tex. 2000); *see also St. Joseph Hosp. v. Wolff*, 94 S.W.3d 513 (Tex. 2000); *Seareau v. ExxonMobil Corp.* 274 S.W.3d 206, 222 (Tex. App.—Houston [14th Dist.] 2008, no pet.). These were the elements pleaded by Plaintiffs in support of joint enterprise liability. [Docket No. 1]. Plaintiffs' Complaint sufficiently pleads facts which show that the Choudhri Defendants were in agreement to effectuate a common purpose to divest the entities of assets and utilize all entities as one to effectuate this purpose.

**E.    Plaintiffs have sufficiently pleaded a cause of action of fraud against Choudhri.**

31.    Federal Rule of Civil Procedure 9, made applicable through Bankruptcy Rule 7009, states that "[i]n alleging fraud or mistake, a Party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Plaintiffs' Complaint specifically identifies those actionable misrepresentations in support of the fraud claim as Choudhri's misrepresentations regarding (a) his net worth, (b) the fraudulent conveyances he made through Debtor and the Choudhri Defendants, (c) attempts to transfer assets between the Choudhri Defendants and others, and (d) efforts to preclude Plaintiffs from collecting upon their debts. The facts supporting each of

the representations are shown in paragraphs 35-41 of Plaintiffs' Complaint. [Docket No. 1, pg. 14-19]. The Choudhri Defendants mischaracterize Plaintiffs' complaint as merely reciting the elements of fraud. That is not accurate. While Plaintiffs certainly identify the elements of fraud, Plaintiffs additionally have identified those representations for which the fraud claim is brought, and further expounded on the facts giving rise to the claim and the damages caused by those misrepresentations. *Id.*

## IV. CONCLUSION & PRAYER

WHEREFORE, Plaintiffs have shown that their Complaint complies with Federal Rule of Civil Procedure 12(b)(6) and thus Plaintiffs respectfully request that the Choudhri Defendants' Motion be denied, and that Plaintiffs may be granted all such other relief that they may show themselves entitled.

DATED:  October 25, 2023.

                                          Respectfully submitted,

**HOOVER SLOVACEK LLP**

By: _/s/ T. Michael Ballases_
Steve A. Leyh
State Bar No. 12318300
T. Michael Ballases
State Bar No.  24036179
Angeline V. Kell
State Bar No. 24040009
5051 Westheimer, Suite 1200
Houston, Texas 77056
Telephone: (713) 977-8686
Facsimile: (713) 977-5395
leyh@hooverslovacek.com
ballases@hooverslovacek.com
kell@hooverslovacek.com

**ATTORNEYS FOR MOVANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document, *Brief in Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss*, has been served electronically upon each of the parties on the Court's ECF Service List maintained in this case on October 25, 2023, and as evidenced below.

**23-03141 Notice will be electronically mailed to:**

Houston Real Estate Properties, LLC
2500 West Loop South, Suite 255
Houston, Texas 77027
jamesp@thepopelawfirm.com
mhayward@haywardfirm.com

Ali Choudhri
2500 West Loop South, Suite 255
Houston, Texas 77027
jmac@jlm-law.com
jamesp@thepopelawfirm.com

Shahnaz Choudhri
2500 West Loop South, Suite 255
Houston, Texas 77027
jamesp@thepopelawfirm.com
jim@jamespierce.com

Jeannie Lee Anderson
Linebarger Goggan Blair & Sampson LLP
P.O. Box 3064
Houston, Texas 77253-3064
Houston_bankruptcy@lgbs.com

Rodney Lee Drinnon
McCathern Houston
2000 West Loop South, Suite 1850
Houston, Texas 77027
ndrinnon@mccathernlaw.com

Michael J. Durrschmidt
Hirsch & Westheimer, P.C.
1415 Louisiana, 36th Floor
Houston, Texas 77002
mdurrschmidt@hirschwest.com

Bennett Greg Fisher
Lewis Brisbois Bisgaard & Smith
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Bennett.fisher@lewisbrisbois.com

Melissa S. Hayward
Hayward PLLC
1050 N. Central Expwy, Suite 106
Dallas, Texas 75231
mhayward@haywardfirm.com

James Q. Pope
The Pope Law Firm
6161 Savoy, Suite 1125
Houston, Texas 77036
ecf@thepopelawfirm.com

Melissa E. Valdez
Perdue Brandon Felder Collins & Mott
1235 North Loop West, Suite 600
Houston, Texas 77008
mvaldez@pbfcm.com

Ruth A. Van Meter
Hayward PLLC
10501 N. Central Expwy, Suite 106
Dallas, Texas 75231
rvanmeter@haywardfirm.com

Timothy L. Wentworth
Okin Adams, LLP
1113 Vine St., Suite 240
Houston, Texas 77002
twentworth@okinadams.com

Jana Smith Whitworth
Office of United States Trustee
515 Rusk Street, Suite 3516
Houston, Texas 77002
Jana.whitworth@usdoj.gov

A. Kelly Williams
12140 Wickchester Ln., Suite 100
Houston, Texas 77079
Akw@milestoneVG.com
Kelly.williams@bridgecofinancial.com

Cypress Bridgeco, LLC and Magnolia Bridgeco, LLC
Bobby Debelak
McDowell Hetherington
1001 Fannin St., Suite 2400
Houston, Texas 77002
bobby.debelak@mhllp.com

By: */s/ T. Michael Ballases*
     T. Michael Ballases