IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | **CASE NO: 22-32998** |
| HOUSTON REAL ESTATE PROPERTIES LLC, | § § § | **CHAPTER 7** |
| Debtor. | § § | |
| | § § | |
| JOHN QUINLAN OMAR KHAWAJA, AND OSAMA ABDULLATIF, | § § § § § | |
| VS. | § § | **ADVERSARY NO. 23-3141** |
| JETALL COMPANIES, INC., ARABELLA PH 3201 LLC, 9201 MEMORIAL DR. LLC 2727 KIRBY 26L LLC, TEXAS REIT LLC DALIO HOLDINGS I, LLC, DALIO HOLDINGS II, LLC, HOUSTON REAL ESTATE PROPERTIES, LLC, SHAHNAZ CHOUDHRI, ALI CHOUDHRI, SHEPHERD-HULDY DEVELOPMENT I, LLC, SHEPHERD-HULDY DEVELOPMENT II, LLC, GALLERIA LOOP NOTE HOLDER LLC, A. KELLY WILLIAMS, MAGNOLIA BRIDGECO, LLC, CYPRESS BRIDGECO, LLC, MOUNTAIN BUSINESS CENTER, LLC, AND RANDY W WILLIAMS CH7 TRUSTEE, | § § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § § | |

## ORDER GRANTING MOTION TO DISMISS

This matter is before the Court on the Motion to Dismiss Complaint (ECF No. 65) filed by several of the defendants, Jetall Companies, Inc., Arabella PH 3201 LLC, 9201 Memorial Dr. LLC, 2727 Kirby 26L LLC, Texas REIT LLC, Dalio Holdings I, LLC, Dalio Holdings II, LLC, Shahnaz Choudhri, Ali Choudhri, Shepherd-Huldy Development I, LLC, Shepherd-Huldy Development II, LLC, and Galleria Loop Note Holder LLC (collectively the "Defendants"), and the response thereto (ECF No. 79) filed by the plaintiffs. The Defendants are moving to dismiss the complaint stating that the plaintiffs have failed to state a claim upon which relief can be granted

pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable through Federal Rule of Bankruptcy Procedure 7012, and that the plaintiffs have no standing to complain about fraudulent transfers involving the debtor, as those claims belong to the Chapter 7 Trustee. In addition, the Defendants argue that the plaintiffs have no standing to complain about fraudulent transfers against the remaining defendants, and that the allegations against one defendant Ali Choudhri ("Choudhri") do not meet the enhanced pleading requirements of Federal Rule of Civil Procedure 9(b). For the following reasons, the motion to dismiss is granted.

## PROCEDURAL AND FACTUAL BACKGROUND

This adversary proceeding was commenced on August 1, 2023,[1] and the complaint was supplemented on August 30, 2023,[2] (collectively both pleadings are the "Complaint"). The plaintiffs, John Quinlan, Omar Khawaja and Osama Abdullatif ("Plaintiffs") are judgment creditors of the debtor and various other entities and individuals (the remaining defendants in the Complaint). According to the Plaintiffs, the Defendants transferred assets and encumbered real property amongst themselves, including the debtor, to hinder and delay the Plaintiffs in collecting their judgments. The Plaintiffs allege the following causes of action: fraudulent transfer, alter ego, and joint enterprise as to all defendants and fraud as to Choudhri.

The debtor, Houston Real Estate Properties, in an underlying bankruptcy case is one of the defendants in this adversary case. It filed a chapter 11 bankruptcy petition on October 7, 2023. On March 8, 2023, the Court converted the Chapter 11 to a case under Chapter 7.[3] The Chapter 7 Trustee is Randy W. Williams.

The Plaintiffs obtained assignments of judgments rendered against various of these defendants in November of 2022 and February of 2023. The Plaintiffs allege that all of the defendants in this adversary transferred assets and properties amongst themselves as well as additional third parties in an effort to hinder and delay Plaintiffs' ability to collect on these judgments. The Plaintiffs are seeking a judgment avoiding the alleged fraudulent transfers and requesting a finding that all of the defendants engaged in a joint enterprise, that all of the defendants are all alter egos of each other and that Choudhri is liable for specific fraudulent acts.

## JURISDICTION

The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334(a) and (b), and the standing order of reference from the District Court. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2). The bankruptcy court has the power to enter a final judgment in this adversary proceeding, subject to traditional rights of appeal. This adversary proceeding arises under bankruptcy case number 22-32998 (the "Main Case") pending in this District and venue is proper pursuant to 28 U.S.C. § 1409.

---

[1] ECF No. 1
[2] ECF No. 26
[3] Case No. 22-32998, ECF No. 74.

## STANDARD OF REVIEW

The Defendants have filed a motion to dismiss citing the Plaintiffs' lack of standing, for failure to state a claim pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), for a more definite statement under FRCP 12(e), (both FRCP 12(b)(6) and 12(e) have been incorporated into Federal Rule of Bankruptcy Procedure 7012), and for failure to meet the heightened pleading requirements for fraud in FRCP 9(b). In evaluating whether a complaint fails to state a claim, the Court must construe the complaint liberally in favor of the plaintiff as the non-moving party and assume the truth of well-pleaded facts.[4] The Court must assess a motion to dismiss only on "the facts stated in the complaint and the documents either attached to or incorporated in the complaint."[5] In order to survive a motion to dismiss, "a plaintiff must plead sufficient 'facts to state a claim to relief that is plausible on its face.'"[6] The Court is not required to accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[7]

Fraud claims must, additionally, meet FRCP 9(b)'s heightened pleading requirements. Under FRCP 9(b), fraud claims must be alleged with particularity concerning the circumstances of the fraud.[8]

## LEGAL ANALYSIS

The underlying bankruptcy case was converted to a Chapter 7 case on March 8, 2023, prior to the filing of this adversary case. Standing must exist at the time of filing a lawsuit. If a cause of action belongs to the estate, then the Chapter 7 Trustee has exclusive standing to assert the claim.[9] As such the Court agrees that the Plaintiffs lack standing to bring the fraudulent transfer claims. A Chapter 7 Trustee has been appointed, and such claims regarding the debtor belong to the Trustee, as Sections 548 and 544 of the Bankruptcy Code only allow trustees to bring fraudulent transfer actions. The Trustee must remain the gatekeeper to evaluate these claims and to bring them if he believes it would benefit the bankruptcy estate.[10] The judgment creditors cannot raise these claims.

Furthermore, this Court has not already conferred standing by lifting the automatic stay in the underlying bankruptcy case as alleged in the Plaintiffs' response.[11] All the Court did was lift the stay. Plaintiffs additionally argue in their response that they should be allowed to bring the claims in this action as they possess "derivative standing" in place of the Trustee. However, there are limited circumstances in a Chapter 7 case that allow derivative standing. Generally, courts have granted it when the trustee expressly transfers the power to a creditor, or when the trustee unjustifiably refuses a demand to pursue a claim.[12] Those exceptions do not apply in this case.

---

[4] *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007).
[5] *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).
[6] *Ferguson v. Bank of New York Mellon Corp.*, 802 F.3d 777 (5th Cir. 2015), *citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).
[7] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).
[8] *Oppenheimer v. Prudential Sec. Inc.,* 94 F.3d 189, 195 (5th Cir. 1996).
[9] *In re Wilson*, 527 B.R. 253 (Bankr. N.D. Tex. 2015) (internal citations omitted.
[10] *In re On-Site Fuel Service, Inc.,* 2020 WL 3703004 (Bankr. S.D. Miss. May 8, 2020)
[11] Response, ECF No. 98, pages 8-9.
[12] *In re Wilson, supra* at 257.

Therefore, the motion to dismiss is granted on the basis of lack of standing, and the Court does not need to reach the other arguments in the motion to dismiss. **As a Chapter 7 Trustee has been appointed, the Court will allow the appointed Chapter 7 Trustee to become the plaintiff within fourteen days.** Moreover, defendants Jetall Companies, Inc. and Ali Choudhri have filed counterclaims[13] against the Plaintiffs for misrepresentation and unfair competition under the Lanham Act, conspiracy under 18 U.S.C. §§ 1961-1968, and wiretapping in violation of 18 U.S.C §§ 2510 -2521 and the Texas Civ. Prac & Rem. Code § 123.002, et seq.  Those claims have not been dismissed.

**THEREFORE, IT IS ORDERED** that Defendants' Motion to Dismiss Complaint is granted.

SIGNED 10/26/2023

_____
Jeffrey Norman
United States Bankruptcy Judge

---

[13] ECF No. 33.