IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 22-32998 |
| | § | |
| HOUSTON REAL ESTATE | § | |
| PROPERTIES LLC | § | (CHAPTER 7) |
| | § | |
| DEBTOR | § | |
| | § | |
| JOHN QUINLAN, OMAR KHAWAJA, | § | |
| AND OSAMA ABDULLATIF, | § | |
| | § | |
| PLAINTIFFS | § | |
| | § | |
| v. | § | ADVERSARY NO. 23-3141 |
| | § | |
| HOUSTON REAL ESTATE | § | |
| PROPERTIES, LLC, et al. | § | |
| | § | |
| DEFENDANTS | § | |

**TRUSTEE'S EMERGENCY MOTION TO ABATE ADVERSARY PROCEEDING**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Comes now Randy W. Williams, Trustee of the bankruptcy estate of Houston Real Estate Properties, LLC, Defendant herein, (the "**Trustee**"), and files this Emergency Motion to Abate Adversary Proceeding, and respectfully represents as follows:

1. Recently, this Court ordered dismissal of the instant adversary proceeding. Plaintiffs herein filed a Motion seeking derivative standing or to compel the Trustee to retain their lawyers to prosecute this case for the estate. The Motion was denied, and this Court stated that it "sees no need to second guess the business judgment of the Chapter 7 Trustee," and recommended that the Trustee abandon the causes of action, or allow the Plaintiffs to file a motion to compel the Trustee to do so. [Docket No. 115].

2. At present, all tangible property in the main case has been administered. The

1

Trustee is holding $519,079,04 in the estate bank account. The funds are subject to the competing claims of Osama Abdullatif and Ali Choudhri, either directly or through entities that they own and/or control. At present, the Trustee is being represented by special counsel in an appeal of the action where Osama Abdullatif obtained a judgment against the Debtor and Ali Choudhri.

3. The Trustee has also reviewed the proofs of claim filed by Mr. Choudhri and his related entities and will file objections to those claims unless they are withdrawn or at a minimum, substantial additional information is furnished supporting the claims currently on file.

4. To the extent that the Debtor's estate owns the claims and causes of action alleged by Plaintiff in connection with this Adversary Proceeding, as the Court has noted it is the Trustee's business judgment, when and if it appropriate to either: prosecute such claims; sell the estates' interest in the claims as provided in *Cadle Co. v. Mims (In re Moore)*, 608 F.3d 253 (5th Cir. 2010); or decline to pursue the claims and abandon them.

5. At this time, the Trustee does not believe it is in the best interest of the Debtor's estate to become further involved in the two-party dispute between Mr. Abdulatif and Mr. Choudhri. The Trustee also has questions regarding the retention of Plaintiffs' counsel as special counsel to represent the estate. Messrs. Abdullatif and Choudhri have been in litigation for decades, with some of that litigation being the reason this case was filed. The specific litigation (judgment) against the Debtor and Mr. Choudhri is currently on appeal with enforcement stayed because a bond was posted. While the Trustee appreciates that the Plaintiffs believe the estate is the appropriate vehicle to carry forward their claims against Mr. Choudhri, that does not in and of itself mean that this estate should now be involved in further litigation.

6. Plaintiffs previously expressed an interest in acquiring the estate's claims for purposes of asserting them in this instant proceeding. Mr. Choudhri may also have an interest in acquiring the claims for purposes of putting an end to Plaintiffs' efforts to bring more litigation.

As a result, prior to abandoning the estate's interests in any claims, the Trustee requests that this proceeding be abated for sixty (60) days to allow him to solicit bids for the estate's claims. The Trustee will request interested parties submit written offers within thirty (30) days after the abatement is granted. If a reasonable offer(s) is submitted, then the Trustee will file a motion in the main case to approve a sale procedure for those claims with such matter to be considered before the expiration of the sixty (60) day abatement period. There could either be a private sale to a buyer or an auction if multiple bids are submitted. In the event a reasonable offer is not submitted within thirty (30) days, the Trustee will file notice in the main case to abandon the claims.

7. This motion has been filed on an emergency basis since the Court ordered the Trustee to become the plaintiff in this proceeding on or before November 9, 2023, or the Plaintiffs' claims will be dismissed.

WHEREFORE, the Trustee prays that this adversary proceeding be abated for sixty (60) days; and that he be granted such other and further relief to which he may be entitled.

Respectfully submitted,

**OKIN ADAMS BARTLETT CURRY LLP**

By: */s/ Timothy L. Wentworth*
Timothy L. Wentworth
Texas Bar No. 21179000
Email: twentworth@okinadams.com
1113 Vine St., Suite 240
Houston, Texas  77002
Telephone: 713.228.4100
Facsimile:  346.247.7158
**ATTORNEYS FOR RANDY W. WILLIAMS, TRUSTEE**

4869-7918-7855, v. 5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of *Trustee's Emergency Motion to Abate Adversary Proceeding* was served on November 9, 2023 via the Court's CM/ECF system to all parties consenting to service through same.

*/s/ Timothy L. Wentworth*
_____
Timothy L. Wentworth

## CERTIFICATE OF ACCURACY PURSUANT TO B.L.R. 9013-1(i)

In accordance with Bankruptcy Local Rule 9013-1(i), I hereby certify to the accuracy of the matters set forth in the foregoing Motion.

*/s/ Timothy L. Wentworth*
_____
Timothy L. Wentworth

4869-7918-7855, v. 5