IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § § § | |
| HOUSTON REAL ESTATE PROPERTIES, LLC, | § § § | Case No.  22-32998 |
| *Debtor.* | § | Chapter 7 |
| | | |
| JOHN QUINLAN, OMAR KHAWAJA, AND OSAMA ABDULLATIF, | § § § | |
| *Plaintiffs, Counter-Defendants,* | § § | |
| v. | § § | |
| JETALL COMPANIES, INC., ARABELLA PH 3201 LLC, 9201 MEMORIAL DR. LLC, 2727 KIRBY 26L LLC, TEXAS REIT LLC, DALIO HOLDINGS I, LLC, DALIO HOLDINGS II, LLC, HOUSTON REAL ESTATE PROPERTIES, LLC, SHAHNAZ CHOUDHRI, ALI CHOUDHRI, SHEPHERD-HULDY DEVELOPMENT I, LLC, SHEPHERD-HULDY DEVELOPMENT II, LLC, GALLERIA LOOP NOTE HOLDER LLC, A. KELLY WILLIAMS, MAGNOLIA BRIDGECO, LLC, and CYPRESS BRIDGECO, LLC, | § § § § § § § § § § § § § § § § | Adversary Cause No. 23-03141 |
| *Defendants, Counter-Plaintiffs.* | § | |

**COUNTER-PLAINTIFFS' MOTION TO RECONSIDER**
<u>**ORDER GRANTING EMERGENCY MOTION TO ABATE**</u>

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT

**FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**COMES NOW**, Arabella PH 3201 LLC, 9201 Memorial Dr. LLC, 2727 Kirby 26L LLC, Texas REIT LLC, Ali Choudhri, and Shepherd-Huldy Development I, LLC (collectively as "**Counter-Plaintiff**" or "**Movant**") and brings this motion to reconsider the order granting emergency motion to abate adversary proceeding filed at document number 117 (the "**Motion**") filed by Randy W. Williams ("**Chapter 7 Trustee**"), and in support thereof, would show the court as follows:

John Quinlan, Omar Khawaja, and Osama Abdullatif (collectively as "**Counter-Defendants**"), commenced this adversary proceeding against the Counter-Plaintiff on August 1, 2023, however, on October 26, 2023, the court entered an Order dismissing the Counter Defendants' adversary complaint.

The Order dismissing the adversary complaint allowed the "the appointed Chapter 7 Trustee to become the plaintiff within fourteen days." The Chapter 7 Trustee did not become a plaintiff within fourteen days of enter of the Order dismissing the adversary complaint, but filed an Emergency Motion to Abate Adversary Proceeding on November 9, 2023 at 1:37pm. On November 9, 2023 at 3:43pm, this court granted the Chapter 7 Trustee's Motion to Abate Adversary Proceeding, before Counter-Plaintiff had an opportunity to respond.

The dismissal of Counter-Defendants' Complaint, and the Chapter 7 Trustee's failure to become the plaintiff in the Complaint, leaves no basis, or justification, for the abatement of the adversary proceeding.

### F.R.CIV.P 59(E) (INCORPORATED BY BANKRUPTCY RULE 9023)

F.R.Civ.P 59(e) allows for alteration or amendment of a prior order to "prevent manifest injustice." (In re Benjamin Moore Co., 309 F.3d 296 (5th Cir. 2002)).  The Court issued its Order dismissing the adversary complaint on October 26, 2023.  The Counter-Defendants failed to seek reconsideration of the dismissal order, or appeal the court's decision.  Furthermore, the Chapter 7 Trustee elected not to become a plaintiff in the proceeding, and also failed to either seek reconsideration, or an appeal, of the Order dismissing the adversary complaint.  Considering Counter-Defendants' claims against the Counter-Plaintiff have been dismissed, there is no reason to abate the adversary proceeding.

### F.R.CIV.P 60(B)(6) (INCORPORATED BY BANKRUPTCY RULE 9024)

F.R.Civ.P 60(b)(6) provides that the court may relieve a party or its legal representative from a final judgment, order or proceeding for any other reason that justifies relief.

F.R.Civ.P 60(b)(6) is a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses contained within F.R.Civ.P 60(b).  Balentine v. Thaler, 626 F.3d 842, 846 (5th Cir. 2010), cert. denied, 564 U.S. 1006 (2011) (quoting Batts v. Tow-Motor Forklife Co., 66 F.3d 743, 747 (5th Cir. 1995)); see Guevara v. Davis, 679 F. App'x 332, 334 (5th Cir.), cert. denied, 138 S. Ct. 554 (2017); Boissier v. Katsur, 676 F. App'x 260, 264 (5th Cir. 2017).

F.R.Civ.P 60(b) "is to be construed liberally to do substantial justice . . . [it] is broadly phrased and many of the itemized grounds are overlapping, freeing Courts to do justice in hard

cases"."Frew, 780 F.3d at 327 (quoting Johnson Waste Materials v. Marshall, 611 F.2d 593, 600 (5th Cir. 1980))

Counter-Plaintiff believes that this adversary proceeding is the type of "hard case" contemplated by F.R.Civ.P 60(b) in general, and F.R.Civ.P 60(b)(6) in particular. However, the dismissal of the Complaint, and the Chapter 7 Trustee's failure to become the plaintiff in the adversary proceeding, changes the landscape of the proceeding, in such a way that reconsideration of the prior order granting the Chapter 7 Trustee's Emergency Motion to Abate is necessary.

FOR THESE REASONS, Counter-Plaintiff would ask that this court reconsider its prior Order granting the Chapter 7 Trustee's emergency motion to abate this adversary proceeding.

      Respectfully Submitted,
      /s/ James Q. Pope
      James Q. Pope
      THE POPE LAW FIRM
      TBN: 24048738
      6161 Savoy Dr, Suite 1125
      Houston, Texas 77036
      Phone: 713.449.4481
      Fax: 281.657.9693
      jamesp@thepopelawfirm.com

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served on November 24, 2023 to all interested parties by electronic delivery.

**23-03141 Notice was electronically mailed, via the court's ECF noticing system to:**

Thomas Michael Ballases
Steven A. Leyh
Angeline Vachris Kell
Hoover Slovacek LLP
5051 Westheimer, Ste 1200
Houston, TX 77056
on behalf of Plaintiffs John Quinlan, Omar Khawaja and Osama Abdullatif
ballases@hooverslovacek.com, leyh@hooverslovacek.com and kell@hooverslovacek.com

Matthew W. Bourda
Mcdowell Hetherington LLP
1001 Fannin, Suite 2400
Houston, Texas 77002
on behalf of Creditor Cypress BridgeCo, LLC and Magnolia BridgeCo, LLC
matthew.bourda@mhllp.com

Timothy Wentworth
Okin Adams, LLP
1113 Vine St., Suite 240
Houston, Texas 77002
On behalf of Randy W. Williams, Chapter 7 Trustee
twentworth@okinadams.com

/s/ James Q. Pope
James Q. Pope