United States Bankruptcy Court
Southern District of Texas
**ENTERED**
November 27, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 22-32998** |
| HOUSTON REAL ESTATE PROPERTIES LLC, | § | |
| | § | **CHAPTER 7** |
| | § | |
| Debtor. | § | |
| | § | |
| JOHN QUINLAN, OMAR KHAWAJA AND OSAMA ABDULLATIF, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 23-3141** |
| | § | |
| JETALL COMPANIES, INC., ARABELLA PH 3201 LLC, 9201 MEMORIAL DR. LLC, 2727 KIRBY 26L LLC, TEXAS REIT LLC, DALIO HOLDINGS I, LLC, DALIO HOLDINGS II, LLC, HOUSTON REAL ESTATE PROPERTIES, LLC, SHAHNAZ CHOUDHRI, ALI CHOUDHRI, SHEPHERD-HULDY DEVELOPMENT I, LLC, SHEPHERD-HULDY DEVELOPMENT II, LLC, GALLERIA LOOP NOTE HOLDER LLC, A. KELLY WILLIAMS, MAGNOLIA BRIDGECO, LLC, CYPRESS BRIDGECO, LLC, MOUNTAIN BUSINESS CENTER, LLC, AND RANDY W WILLIAMS CH7 TRUSTEE, | § | |
| Defendants. | § | |

## ORDER DENYING MOTION TO RECONSIDER

This matter is before the Court on the Counter-Plaintiffs' Motion to Reconsider Order Granting Emergency Motion to Abate (ECF No. 125) filed by Arabella PH 3201 LLC, 9201 Memorial Dr. LLC, 2727 Kirby 26L LLC, Texas REIT LLC, Ali Choudhri, and Shepherd-Huldy Development I, LLC ("Movants"). The Movants are requesting this Court reconsider its order granting the emergency motion to abate adversary proceeding filed on November 9, 2023 (ECF

No. 117), arguing that the Trustee is not a party to the adversary, and that the complaint was dismissed on October 26, 2023.

The Trustee timely filed the emergency motion to abate pursuant to the Court's order (ECF No. 101) allowing the Trustee to become the plaintiff in the adversary case. Instead of doing so, the Trustee sough a sixty-day abatement to see if the Chapter 7 estate's interest in any of the claims in the adversary could be sold. The Court agreed, and the adversary has been abated for sixty days. (ECF No. 117).

The Court is not persuaded that its order abating the adversary should be reconsidered. The movants have only alleged that they are entitled to relief from an order pursuant to Federal Rules of Civil Procedure 59 and 60 to prevent injustice and for any reason that justifies relief. However, they did not identify why a sixty-day abatement would somehow subvert justice in this case.

**THEREFORE, IT IS ORDERED** that the Motion to Reconsider is denied.

SIGNED 11/27/2023

Jeffrey Norman
United States Bankruptcy Judge