United States Bankruptcy Court
Southern District of Texas
**ENTERED**
January 10, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | **CASE NO: 22-32998** |
| HOUSTON REAL ESTATE PROPERTIES LLC, | § § § | **CHAPTER 7** |
| Debtor. | § § | |
| | § | |
| JOHN QUINLAN, OMAR KHAWAJA AND OSAMA ABDULLATIF, | § § § § | |
| VS. | § § | **ADVERSARY NO. 23-3141** |
| JETALL COMPANIES, INC., ARABELLA PH 3201 LLC, 9201 MEMORIAL DR. LLC 2727 KIRBY 26L LLC, TEXAS REIT LLC, DALIO HOLDINGS I, LLC, DALIO HOLDINGS II, LLC, HOUSTON REAL ESTATE PROPERTIES, LLC, SHAHNAZ CHOUDHRI, ALI CHOUDHRI, SHEPHERD-HULDY DEVELOPMENT I, LLC, SHEPHERD-HULDY DEVELOPMENT II, LLC, GALLERIA LOOP NOTE HOLDER LLC, A. KELLY WILLIAMS, MAGNOLIA BRIDGECO, LLC, CYPRESS BRIDGECO, LLC, MOUNTAIN BUSINESS CENTER, LLC, AND RANDY W WILLIAMS CH7 TRUSTEE, | § § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § § | |

## ORDER ON MOTION TO RECONSIDER

This matter is before the Court on the Motion to Reconsider Order Granting Emergency Motion to Abate (ECF No. 110) filed by Defendants Arabella a PH 3201 LLC, 9201 Memorial Dr. LLC, 2727 Kirby 26L LLC, Texas REIT LLC, Ali Choudhri, and Shepherd-Huldy Development I, LLC. (collectively "Counter-Plaintiffs" or "Movants"), and the Response filed by John Quinlan, Omar Khawaja, and Osama Abdullatif (collectively "Plaintiffs"). The Movants are seeking reconsideration of the order entered on October 25, 2023, denying the motion to expunge the lis

pendens (ECF No. 97). The Movants are seeking relief pursuant to Federal Rule of Civil Procedure ("FRCP") 59(e) to "prevent manifest injustice" and/or pursuant to FRCP 60(b)(6). For the following reasons, the motion is denied.

Courts in the 5th Circuit typically apply the principles of FRCP 59(e) to motions to reconsider under FRCP 54(b), requiring the movant to show 1) an intervening change in controlling law; 2) the availability of new evidence not previously available, or 3) the need to correct a clear error of law or prevent "manifest injustice."[1] Here, the Movants do not argue any of these factors. Instead they assert that the lis pendens are a continuing cloud on the title to various properties, as the complaint has been dismissed, which is the same argument urged in the motion to expunge lis pendens. The Court has already considered this argument and rejected it.

Counter-Plaintiffs make the same argument under FRCP 60(b) alleging that the dismissal of the complaint changes the litigation such that expungement is now warranted. The Court disagrees. These same arguments have been made and rejected in this Court's prior ruling on the motion to expunge the lis pendens when the Court found that the real properties remain subject to disputed claims of fraudulent transfers.

The complaint was dismissed based on lack of standing only and allowed the Chapter 7 Trustee to become the plaintiff. In the meantime, the case was abated, and the Chapter 7 Trustee has sold the estate's interest in this litigation claims to the Plaintiffs.

**THEREFORE, IT IS ORDERED** that the Motion to Reconsider Order Denying Motion to Expunge Notices of Lis Pendens is denied without prejudice.

SIGNED 01/10/2024

_____
Jeffrey Norman
United States Bankruptcy Judge

---

[1] *Frew v. Wilson*, No. 3:93-cv-65, 2020 WL 8994102, at *2 (E.D. Tex. July 23, 2020).