United States Bankruptcy Court
Southern District of Texas
**ENTERED**
March 08, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § § | Chapter 7 |
| HOUSTON REAL ESTATE PROPERTIES, LLC, | § § § § | Case No. 22-32998 |
| Debtor. | § § § | |
| JOHN QUINLAN, *et al.*, | § § § | |
| Plaintiffs, | § § | Adversary No. 4:23-ap-03141 |
| v. | § § § | |
| HOUSTON REAL ESTATE PROPERTIES, LLC, *et al.*, | § § § § | |
| Defendants. | § | |

## AGREED ORDER

The Plaintiffs initiated this adversary proceeding to pursue claims against several Defendants, including Magnolia BridgeCo, LLC and Cypress BridgeCo, LLC (together, "BridgeCo").

On August 30, 2023, Plaintiffs filed their *First Supplemental Complaint* adding, for the first time, BridgeCo as a Defendant. That Supplemental Complaint also sought to enjoin BridgeCo from foreclosing on several properties, which at the time was scheduled to occur on September 5, 2023. Adv. Dkt. No. 26. Those properties are as follows:

      a. 2503 S. Shepherd Dr., Houston, Texas 77019
      b. 2421 S. Shepherd Dr., Houston, Texas 77019
      c. 2502 Huldy St., Houston, Texas 77019
      d. 2424 Huldy St., Houston, Texas 77019
      e. 9201 Memorial Drive, Houston, Texas 77024
      f. 2727 Kirby 26L, Houston, Texas 77098

(together, the "BridgeCo Properties").

The Adversary Plaintiffs thus sought a TRO to prevent the sale of the Properties, which this Court granted. (Adv. Dkt. No. 37). On September 12, 2023, the Court entered its *Agreed Order* (Adv. Dkt. No. 53) giving the Chapter 7 Trustee the right to sell the Properties.

The next day, on August 31, 2023, other Defendants also counterclaims in this adversary proceeding. Adv. Dkt. No. 33. BridgeCo is not a counter-defendant.

After the entry of the *Temporary Restraining Order* (Adv. Dkt. No. 37) enjoining the sale of the Properties, the Court dismissed the Plaintiffs' causes of action against the Defendants for lack of standing but reserved the Trustee's ability to assume the claims for itself. Adv. Dkt. No. 101. Then, upon the *Trustee's Emergency Motion to Abate Adversary Proceeding* (Adv. Dkt. No. 116) filed November 9, 2023, the Court abated the case to allow the Chapter 7 Trustee time to market the claims the same day.

On January 5, 2024, the Court entered its *Order Approving Sale of Litigation Claims Free and Clear of Liens, Claims and Encumbrances* (Lead Dkt. No. 182), selling the claims back to the Plaintiffs.

The Chapter 7 Trustee now wishes to dispense with the Properties, and no longer desires to market or sell them. The Adversary Plaintiffs and BridgeCo agree, subject to the entry of the terms below.

Thus, upon the Agreement of the Parties and in finding that this Agreement is in best interest of all Parties, the Court hereby **ORDERS** the following:

**IT IS HEREBY ORDERED** that the Court's *Order Granting Temporary Restraining Order*, at Adv. Dkt. No. 37 is **VACATED**.

**IT IS FURTHER ORDERED** that the *Agreed Order* entered at Adv. Dkt. No. 53 is also

**VACATED**. The Chapter 7 Trustee is no longer directed to, nor permitted to, sell or market the Properties.

**IT IS FURTHER ORDERED** that the *Order Granting Application for Authority to Retain* a real estate broker entered at Lead Dkt. No. 163 is **VACATED**. Ruthie Porterfield of Martha Turner Sotheby's International Realty is no longer employed as broker by the Debtor's estate or by the Trustee in any other capacity.

Further, the Court finds that the above-referenced Properties are not subject to the automatic stay pursuant to 11 U.S.C. § 362 *et seq.*, and the automatic stay is therefore **ABSENT AND NOT IN EFFECT** as to the Properties.

**IT IS FUTHER ORDERED** that Magnolia BridgeCo, LLC, Cypress BridgeCo, LLC, or any of their affiliates or interested persons may pursue foreclosure, or any other remedy available to them against the above-referenced Properties, without the need for further Court order.

**IT IS FUTHER ORDERED** that the Court retains jurisdiction over any disputes related to the Properties and jurisdiction to enforce this Order as needed, as the Parties and Properties remain part of the adversary proceeding. This specifically includes jurisdiction over any dispute regarding foreclosure on the Properties, injunctions or temporary relief sought to prevent or stop foreclosure, and forcible detainer matters relating to the Properties.

SIGNED: _____

Signed: March 08, 2024

Jeffrey P. Norman
United States Bankruptcy Judge

###

3

**Approved as to Form**

| | |
|---|---|
| OKIN ADAMS BARTLETT CURRY LLP | MCDOWELL HETHERINGTON LLP |
| By: */s/ Timothy L. Wentworth (with permission by RPD)* <br> Timothy L. Wentworth <br> Texas Bar No. 21179000 <br> Okin Adams Bartlett Curry LLP <br> 1113 Vine St., Suite 240 <br> Houston, Texas 77002 <br> T: 713-228-4100 <br> F: 346-247-7158 <br> E: twentworth@okinadams.com <br><br> *Counsel for Randy Williams, Chapter 7 Trustee* | By: */s/Robert P. Debelak III* <br> Robert P. Debelak III <br> Texas Bar No. 24078410 <br> Matthew W. Bourda <br> Texas Bar No. 24091948 <br> McDowell Hetherington LLP <br> 1001 Fannin Street, Suite 2400 <br> Houston, TX 77002 <br> P: 713-337-5580 <br> F: 713-337-8850 <br> E: bobby.debelak@mhllp.com <br>    matthew.bourda@mhllp.com <br><br> *Counsel for Magnolia BridgeCo, LLC and Cypress BridgeCo, LLC* |