IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

In Re:

United States Courts
Southern District of Texas
F I L E D

OCT 2 1 2024

Nathan Ochsner, Clerk of Court

HOUSTON REAL ESTATE PROPERTIES, LLC,  §

§

§

§

§      Case No.  22-32998

Debtor.           Chapter 7

JOHN QUINLAN, OMAR KHAWAJA, AND OSAMA ABDULLATIF,    §

§
§
§
§
§
§
§
§
§

§
§
§
§
§
§
§
§
§
§
§
§
§

Adversary Cause No. 23-03141

Plaintiffs,

v.

JETALL COMPANIES, INC., ARABELLA PH 3201 LLC, 9201 MEMORIAL DR. LLC, 2727 KIRBY 26L LLC, TEXAS REIT LLC, DALIO HOLDINGS I, LLC, DALIO HOLDINGS II, LLC, HOUSTON REAL ESTATE PROPERTIES, LLC, SHAHNAZ CHOUDHRI, ALI CHOUDHRI, SHEPHERD-HULDY DEVELOPMENT I, LLC, SHEPHERD-HULDY DEVELOPMENT II, LLC, GALLERIA LOOP NOTE HOLDER LLC, A. KELLY WILLIAMS, MAGNOLIA BRIDGECO, LLC, CYPRESS BRIDGECO, LLC, MOUNTAIN BUSINESS CENTER, LLC, RANDY WILLIAMS CH7 TRUSTEE, OTISCO RDX LLC, MCITBE, LLC, JETALL/CROIX PROPERTIES LP, AND JETALL/CROIX GP, LLC.

Defendants.

## ALI CHOUDHRI'S MOTION FOR

## THE RECUSAL/DISQUALIFICATION OF JUDGE JEFFREY P. NORMAN

**TO THE HONORABLE COURT:**

Pursuant to 28 U.S.C.A. § 455 (a), 2425 WL, LLC ("WL"), and Ali Choudhri ("Choudhri"), file this Motion for the Recusal/Disqualification of Judge Jeffrey P. Norman ("Motion for Recusal") from this matter and would respectfully show the Court as follows:

### INTRODUCTION

As discussed in greater detail below, due to Your Honor's actual and/or perceived impartiality towards Choudhri, Judge Jeffrey Norman cannot preside over this matter in a just and equitable manner. As a result, Movants respectfully request that this Court grant this Motion for Recusal. Judge Norman's actual and/or perceived impartiality towards Choudhri was made evident

on a number of occasions by the manner in which Judge Norman has addressed Choudhri in this Court, both on the record and in written orders, when Judge Norman: (1) levied a number of personal accusations against Choudhri, calling him a liar, a malingerer who faked a stroke. (2) inappropriately called Choudhri "a boy who cried wolf" and admitted that Your Honor traveled outside of the bounds of this Matter to discuss Choudhri's conduct with another Bankruptcy Court Judge that Choudhri has matters pending before, Judge Marvin Isgur, in order to render a determination for a continuance due to Choudhri's stroke; (3) when Judge Norman berated Choudhri and dismissed Choudhri's very serious health concerns, despite the confirmation of the severity of the status of Choudhri's health by his physician and Methodist hospital personnel, during the June 17, 2024[1] and June 19, 2024[2] hearings before this Court, (4) Judge Jeff Norman has been alleged, under oath by another party in this case Omar Khawaja ("Khawaja"), to have approached him saying that Choudhri is "known as a fraudster."[5] (See attached depo recently taken of Omar Khawaja)

·1·   · A.· Yes.

·2·   · Q.· Anything else you reviewed?

·3·   · A.· I think just generally people in the community

·4·  ·know that your client commits fraud.· He's known as a

·5·  ·fraudster.

·6·   · Q.· Who are these --

·7·   · A.· So many people have approached me.

---

[1] Transcript of June 17, 2024 Hearing, attached as Exhibit 3.
[2] Transcript of June 19, 2024 Hearing, attached as Exhibit 3.
[5] Transcript of Sept. 11, 2024 Deposition, attached as Exhibit 4.
6. Transcript of Oct 3, 2024 Deposition, attached as Exhibit

·8· · · Q.· Okay.· Who are these people?

·9· · · A.· Yeah, I can't -- many people that he's

10· ·defrauded over the years.

11· · · Q.· Name one.

12· · · A.· Well, Judge Norman is one.· I don't know if

13· ·you know him.· He's in the Southern District.

Furthermore, in this case Judge Norman refused to allow Choudhri to be be pro-se in the deposition of Omar Khawaja, Osama Abdullatif, and John Quinlan and further denied other Parties in the case to have their own counsel and made one attorney represent all parties and denied others to ask questions in the deposition in this matter handicapping Choudhri and other defendants.  A transcript of this and further documentary evidence will be supplemented.

Judge Norman also suppressed evidence.

Additionally, Judge Norman went out side the record and investigated other cases of Choudhri or cases Choudhri was involved in and made opinions of Choudhri without assessing the merits of those cases despite no Party in the matter discussed it.

""*The Court additionally stresses that the Debtor's principal has a large litigation history, not only in this case but various bankruptcy cases scattered throughout the Southern District of Texas. footer 48"* in the

Document ECF 740 and its exhibits is incorporated herein in Case 23-34815.

Furthermore, Judge Norman in Case No 23-34815 document 743 denied the motion to reconsider and Judge Norman wrongfully stated *"Motions filed under Fed. R. Civ. P. 59(e) in bankruptcy court must be brought within 14days.1*

*The movant filed this motion on September 24, 2024, when the 14 days expired on*

*September 20, 2024. Accordingly, this motion was not timely filed under Rule 59(e)."*

Interestingly the Motion to reconsider was filed on Sept 23rd Doc 740 and the Order being reconsidered was entered and signed on September 9, 2024 Doc 717. 9 plus 14 =23 however Judge Norman states it does not. The bias by Judge Norman is beyond belief and rationalization.

It is for these reasons, and those outline below, that Movants respectfully request that this Court grant this Motion for Recusal/Disqaulification. An evidentiary hearing and investigation will reveal more that can be supplemented.

## LEGAL STANDARD

"Any justice, judge, magistrate, or referee in bankruptcy of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C.A. § 455 (a). "'A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise.'" *Johnson v. Steele*, 999 F.3d 584, 587 (8th Cir. 2021) (citing *United States v. Delorme*, 964 F.3d 678, 681 (8th Cir. 2020)). "Generally, claims of judicial bias must be based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality." *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) (citing *Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)).

"'The test for determining whether a judge's impartiality might reasonably be questioned is an objective one.'" *In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*, 681 F. Supp. 3d 993, 1000 (D. Minn. 2023) (citing *A.J. by L.B. v. Kierst*, 56 F.3d 849, 861 (8th Cir. 1995)). "'The test for recusal is 'whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all of the relevant facts of a case.'" *Id.* (citing *United*

*States v. Aldridge*, 561 F.3d 759, 764 (8th Cir. 2009)). A judge's impartiality might reasonably be questioned "when it appears that the judge harbors an aversion, hostility, or disposition of a kind that a fair-minded person could not set aside when judging the dispute." *Nairn v. Killeen Indep. Sch. Dist.*, 366 S.W.3d 229, 250 (Tex. App. 2012) (citing *Gaal v. State*, 332 S.W.3d 448, 452 (Tex.Crim.App.2011).

## LEGAL ARGUMENT

1. ***The Court's Impartiality Could be Reasonably Questioned Due to the Clear and Undisputed Bias of Your Honor Against Choudhri as a Result of Your Honor's Disparaging Statements Made on the Record in this Matter Regarding Choudhri's Character and Truthfulness***

Judicial remarks may support a partiality challenge "if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157, 127 L. Ed. 2d 474 (1994). A showing of impartiality or bias by a judge in a proceeding is evident when "the judge comes to the matter at hand already possessing the particular disqualifying leaning, as may be demonstrated by a clear record of expressions or other actions consistent with the improper disposition." *Teachers4Action v. Bloomberg*, 552 F. Supp. 2d 414, 415 (S.D.N.Y. 2008). As it relates to this case, Your Honor has made a number of biased, unfavorable, disparaging, and concerning comments against Choudhri regarding his character and candor regarding his recent health scare. It is undeniable that an average person would question Your Honor's impartiality in this matter. As a result, recusal is warranted in this matter under 28 U.S.C.A. § 455 (a).

  a. ***Improper and Discouraging Comments Made in Reference to Choudhri's Health Despite Confirmation of Severity of His Health Status by Medical Professionals***

On several occasions during June 2024 hearings before this Court, Your Honor questioned the truthfulness of Choudhri's reports concerning his health after he suffered a stroke several days before he was set to appear before this Court. Your Honor questioned the seriousness of his stroke related health impairments despite reports and confirmations of the severity of his health by licensed health professionals. It is important to outline for this Court the events related to these remarks in June of 2024 and the Movants would respectfully show as follows:

On the morning of 06/02/2024, Choudhri woke up to facial paralysis on half his face and body, and went to the ER to be assessed. Subsequently Choudhri was checked in and had an MRI done, the interpretation was that he had a "focal infarct in the right temporal lobe," by Dr. Vinh Ngo (Exhibit 5). This is "a localized area of brain tissue damage (infarct) in the right temporal lobe, caused by a disruption in blood supply, which can lead to symptoms like impaired memory, difficulty processing auditory information, visual perception issues, and sometimes even changes in personality depending on the affected area within the temporal lobe."

After an additional CT scan, he was discharged by Dr. Cecil Cherian on 06/03/2024 with orders for occupational therapy and an absolute diagnosis of "Stroke" (Exhibit 6). On 06/07/2024 Choudhri had a follow-up visit with Dr. Sajid Ali with Houston Cardiology Associates, who ordered that Choudhri "not participate in any stressful interactions and not return to work until July 7, 2024" (Exhibit 7).

All three Exhibits were previously submitted, with three separate physician's proclaiming Choudhri to have had a stroke and that he should not be working. Yet somehow Judge Norman has manipulated these proven facts, writing that Choudhri "did not appear for this hearing, claiming again, FALSELY, that he was ill," on the 09/09/2024 Order Disallowing Proof of Claim and Referral to the United States Attorney General (Exhibit 1). Additionally stating that "Choudhri

has on multiple occasions claimed to have suffered a stroke only to appear before this Court with another Bankruptcy Court {Judge Marvin Isgur} and give testimony,"

Judge Norman appears to have gone to Medical School and received his M.D., as he is now denying that three separate Doctors have provided legitimate care and that his opinion related to Mr Choudhri is the only true and correct opinion medically, based solely on the necessity of Choudhri appearing before Judge Isgur's court in opposition to his Doctor's recommendations. Choudhri choosing to disobey his Doctor's advice, does not constitute "lacking veracity"..."making false claims"... or "crying wolf," all actual words Judge Norman used to describe Choudhri, proving unequivocally that his impartiality might reasonably be questioned.

### b. *Personal and Discouraging Comments Made in Reference to Choudhri's Character and Truthfulness on the Record and in Written Orders*

Judge Jeffrey Norman has issued serious accusations against Mr. Choudhri about his "truth and veracity," before this Court, despite the fact that Mr. Choudhri has given the Court no reason to do so. Specifically, Your Honor levied a number of personal accusations against Choudhri, calling him a liar, a malingerer who faked a stroke.

Judge Norman made the statement that the Court finds "both Zaheer and Wyatt to be incredibly competent witnesses," despite common public and easily accessible knowledge that Wyatt is a twice convicted felon (Exhibit 8) and Zaheer is Choudhri's disgruntled ex-girlfriend, clearly disqualifying them from being "incredibly competent witnesses."

It is evident by the clear consistent record of improper expressions and disparagement made by Your Honor, as outlined above, against Choudhri, that Your Honor possesses a particular disqualifying leaning that the Courts intended to protect litigants against under 28 U.S.C.A. § 455 (a) and well settled case law. Because it is undeniable that an average person would question Your Honor's impartiality in this matter, Movants respectfully request that this Court grant this Motion for Recusal and reassign this matter to another judge as soon as is practicable.

## 2. *The Court's Impartiality Could be Reasonably Questioned Due to the Clear and Undisputed Bias of Your Honor Against Choudhri in Your Honor's Conferral Ex Parte Communications with Judge Marvin Isgur Prior to Issuing rulings.*

"Disqualification due to personal bias or prejudice 'necessitates a showing that the alleged bias or prejudice be both personal and extrajudicial.'" *United States v. Bravo Fernandez*, 792 F. Supp. 2d 178, 185 (D.P.R. 2011) (citing *United States v. Giorgi,* 840 F.2d 1022, 1035 (1st Cir.1988)). "The 'extrajudicial source' doctrine stems from the common-sense view that ordinarily, the circumstances suggesting or creating the appearance of partiality cannot reasonably be derived from information learned by the judge in the normal course of litigation." *In re Damerau*, 525 B.R. 799, 804 (Bankr. S.D. Fla. 2015).

As it relates to this matter, Your Honor engaged in extrajudicial conduct when Your Honor discussed Choudhri's unrelated court appearances before another Bankruptcy Court Judge, Judge Marvin Isgur, as part of Your Honor's determination in rendering a final determination of denying a continuance claiming Choudhri did not have a stroke when he infact did per the medical providers.Other unrelated legal matters for which Mr. Choudhri appears before other judges in this Court, or any other courts, carry no weight on the legal bearings central to this specific proceeding for which Judge Norman bears the responsibility of fairly and ethically adjudicating. Furthermore,

the reality that Judge Norman sought out additional and unrelated information outside of the scope of this specific bankruptcy proceeding, with the intention to further prejudice Your Honor's perception of Choudhri before this Court, has created an undeniable appearance of bias—the very bias 28 U.S.C.A. § 455 (a) was intended to protect litigants against. Because it is undeniable that an average person would question Judge Norman's impartiality in this matter, Movants respectfully request that this Court grant this Motion for Recusal and reassign this matter to another judge as soon as is practicable.

### a) *Improper and Discouraging Comments Made in Ex-Parte with Judge Isgur on an Unrelated Issue Pertaining to Choudhri*

On several occasions during June 2024 hearings before this Court, Your Honor was presented with an oral motion of continuance due to Choudhri's documented health concerns, whereby Mr. Burks stated "The man's left side of his body, his face is completely paralyzed. The right side of his face is puffed up because the left side has dropped. He has a weeping eye. His gait is changed. He has doctor's letters, which I'm asking Mr. Baker to put up, stating that he should be stress-free for four weeks. I don't want to be the person responsible for another stroke or a heart attack."

Your Honor ignored Choudhri's documented medical physical health issues based on an ex-parte discussion with Judge Isgur; stating, "Part of the reason that I basically denied the motion was because I had a discussion with Judge Isgur about what happened at the hearing after the motion was filed.... I basically talked to him. He said that he was there, that he participated, that he appeared able to participate and he didn't participate -- didn't at that point in time appear to have any sort of problems at all. Okay. So that's the reason for the motion being denied. If the order isn't clear in that regard, it is."

On 06/19/2024 hearing, Your Honor stated, "I did speak to Judge Isgur about your appearance in front of him. That's correct. I don't consider that to be improper," yet again reflecting a cavalier attitude towards impartiality and ex-parte communications with Judge Isgur.

## CONCLUSION

For all the reasons outlined in this Motion, pursuant to 28 U.S.C.A. § 455 Ali Choudhrirespectfully request that this Court grant their Motion for the Recusal/Disqualification of Judge Jeffrey P. Norman in this matter.

Respectfully submitted,

Ali Choudhri, Pro Se

2425 West Loop Suite 1100   Houston Texas 77027

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer was served on October 18, 2024, on interested parties by electronic delivery.

23-03141 Notice will be electronically mailed to:

Thomas Michael Ballases on behalf of Plaintiff John Quinlan

ballases@hooverslovacek.com

Thomas Michael Ballases on behalf of Plaintiff Omar Khawaja

ballases@hooverslovacek.com

Thomas Michael Ballases on behalf of Plaintiff Osama Abdullatif

ballases@hooverslovacek.com

Matthew W. Bourda on behalf of Creditor Cypress BridgeCo, LLC

matthew.bourda@mhllp.com

Matthew W. Bourda on behalf of Creditor Magnolia BridgeCo, LLC

matthew.bourda@mhllp.com

Robert Paul Debelak, III on behalf of Creditor Cypress BridgeCo, LLC

bobby.debelak@mhllp.com

Robert Paul Debelak, III on behalf of Creditor Magnolia BridgeCo, LLC

bobby.debelak@mhllp.com

Robin L Harrison on behalf of Defendant A. Kelly Williams

rharrison@hicks-thomas.com

Angeline Vachris Kell on behalf of Plaintiff John Quinlan

kell@hooverslovacek.com, avkell@gmail.com;doucet@hooverslovacek.com

Angeline Vachris Kell on behalf of Plaintiff Omar Khawaja

kell@hooverslovacek.com, avkell@gmail.com;doucet@hooverslovacek.com

Angeline Vachris Kell on behalf of Plaintiff Osama Abdullatif

kell@hooverslovacek.com, avkell@gmail.com;doucet@hooverslovacek.com

Jennifer Lea MacGeorge on behalf of Defendant 2727 Kirby 26L LLC

service@jlm-law.com


Jennifer Lea MacGeorge on behalf of Defendant Jetall Companies, Inc.

service@jlm-law.com


Lenard M. Parkins on behalf of Defendant Shahnaz Choudhri

lparkins@parkinsrubio.com,

9141256420@filings.docketbird.com;bmcfadden@parkinsrubio.com


Steven A. Leyh on behalf of Plaintiff John Quinlan

leyh@hooverslovacek.com, graham@hooverslovacek.com


Steven A. Leyh on behalf of Plaintiff Omar Khawaja

leyh@hooverslovacek.com, graham@hooverslovacek.com


Steven A. Leyh on behalf of Plaintiff Osama Abdullatif

leyh@hooverslovacek.com, graham@hooverslovacek.com

Timothy L. Wentworth on behalf of Defendant Randy W Williams Ch7 Trustee

twentworth@okinadams.com, bmoore@okinadams.com

/s/ Ali CHOUDHRI