# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| *In re:* | § | |
| | § | |
| **HOUSTON REAL ESTATE PROPERTIES, LLC** | § § | Case No. 22-32998 (Chapter 7) |
| | § | |
| *Debtor*, | § | |
| | § | |
| **JOHN QUINLAN, OMAR KHAWAJA, AND OSAMA ABDULLATIF,** | § § § | |
| | § | |
| *Plaintiffs*, | § | Adversary No. 23-03141 |
| | § | |
| v. | § | |
| | § | |
| **HOUSTON REAL ESTATE PROPERTIES, LLC, et al.,** | § § | |
| | § | |
| *Defendants*. | § | |

### SHAHNAZ CHOUDHRI'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED.R.CIV.P. 8(a), 9(b) AND 12(b)(1) AND (12(b)(6), AND FED.R.BANKR.P. 7008, 7009 AND 7012

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY(S).**

TO THE HONORABLE JEFFREY P. NORMAN, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Shahnaz Choudhri ("Shahnaz" or "Movant") and files this *Motion to Dismiss Pursuant to FED.R.CIV.P. 8, 9(b) 12(b)(1) and 12(b)(6), and FED.R.BANKR.P. 7008, 7009 and 7012* (the "Motion") seeking dismissal of the Complaint on the basis that it fails to meet basic pleading standards or state plausible claims and that the Court lacks subject matter jurisdiction. In support of the requested relief, Movant would respectfully show the Court as follows:

### I. SUMMARY OF ARGUMENT

1. The Complaint should be dismissed pursuant to FRCP 12(b)(1) because the Court lacks constitutional authority to adjudicate the state claims and does not have subject-matter jurisdiction over the claims asserted against Shahnaz.

2. The Complaint should be dismissed because the Plaintiffs fail to state a claim upon which relief can be granted pursuant to FRCP 12(b)(6), 8, and 9. The Claims asserted by the Plaintiffs against Shahnaz are not supported by any factual allegations against the Movant whatsoever, much less satisfying the heightened pleading standards of FRCP 9.

### II. PROCEDURAL AND FACTUAL BACKGROUND

3. On October 7, 2022 (the "Petition Date"), Houston Real Estate Properties, LLC (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code initiating the above-captioned bankruptcy case (the "Bankruptcy Case"). The Bankruptcy Case was converted to Chapter 7 on March 8, 2023, and Randy Williams was appointed Trustee on March 9, 2023.

4. On August 1, 2023, ("Plaintiffs") filed their complaint, entitled *John Quinlan, Omar Khawaja, and Osama Abdullatif's Original Complaint* (the "Complaint")

(Doc.1) initiating this adversary seeking damages against the Movant for "Fraudulent Transfer," "Alter Ego," and "Joint Enterprise Liability."

5. On August 8, 2024, a Certificate of Summons was filed with the Court indicating that the Movant was served with the Complaint via Certified Mail, Return Receipt Requested (Doc. 19), and not regular mail.[1]

Debtor. Those judgments are as follows:

a. Jetall Companies, Inc. v. Richard Heil, Todd Oakum and Renee Davy. The Judgment is for attorneys' fees awarded in favor of Defendants.

b. Jetall Companies, Inc. v. Hoover Slovacek, LLP. The judgment is attorneys' fees and sanctions awarded in favor of Defendant.

c. Osama Abdulatif and Abdulatif & Company, LLC v. Ali Choudhri and Houston Real Estate Properties, LLC ("HREP"). Judgment in favor of Plaintiff against Defendants. The Defendants in this case filed a supersedes bond staying collection while of the HREP Judgment.

6. In the Complaint, it is alleged that Osama Abdullatif, Omar Khawaja and John Quinlan bought these judgments and have been assigned the right to collect the judgments.

7. Using the judgments, these Plaintiffs then allege that because the judgements have not been paid by the judgment debtors, then magically by extension all the Defendants in this lawsuit are all alter egos of each other, including Shanaz being the alter ego of her son, Ali Choudhri. The claims made in the Adversary against Shanaz are Fraudulent Transfer, alter ego, and joint enterprise.

---

[1] Rule 7004(b) of the Federal Rules of Bankruptcy Procedure requires that service be made by first class mail postage prepaid, not certified mail.

8. All of the claims in the Adversary are state court claims.

9. It is also important to highlight that the HREP Judgment has been stayed by the filing of a supersedes bond.

10. On September 28, 2023, Defendants filed a Motion to Dismiss.

11. On October 26, 2023, this Court granted the Motion to Dismiss, finding that the Plaintiffs lacked standing to pursue the claims. The Court further granted the Chapter 7 Trustee 14 days to become the plaintiff in the case. (Doc. 101). Because the Court granted the Motion based on no standing, it did not rule on the other matters raised in the Motion.

12. Thereafter, the Plaintiffs filed a series of dilatory pleadings which delayed the dismissal of the case. Sometime after the beginning of 2024, Plaintiffs purchased whatever interest the Chapter 7 Trustee had in this case, and the case was resurrected by the Plaintiffs.

13. It is also noted that the automatic stay was lifted in relation to the Debtor.

14. The Complaint makes no specific, identifiable factual claims that can establish the pled causes of action of (i) fraudulent transfer, (ii) alter-ego, or (iii) joint enterprise liability against the Movant. The Plaintiffs vaguely and broadly assert that Shahnaz engaged in fraudulent transfer of assets, is an alter ego of other named defendants, and engaged in a joint enterprise without providing sufficient proof of any such claims.

### III.   ARGUMENT & AUTHORITIES

A. <u>The Complaint should be dismissed pursuant to FRCP 12(b)(1) because the Court lacks constitutional authority to adjudicate the state claims and does not have subject matter jurisdiction over the claims asserted against this Defendant or HREP.</u>

15. Pursuant to FED. R. CIV. P. 12(b)(1), dismissal of a complaint is authorized based on a lack of subject matter jurisdiction. *In re Neighbors Legacy Holdings, Inc.*, Adv.

No. 18- 3276, 2022 WL 4073663, *5 (Bankr. S.D. Tex. Sept. 2, 2022). A court may dismiss a party's complaint if it does not plausibly establish the court's "statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). A court does not have the constitutional power to adjudicate a dispute involving a plaintiff that lacks constitutional standing; thus, warranting dismissal. *Pelletier v. Victoria Air Conditioning, Ltd.*, 780 F. App'x 136, 139 (5th Cir. 2019) (citing *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011)) ("A dismissal for lack of constitutional standing should be granted under Rule 12(b)(1) for lack of subject matter jurisdiction…"). Federal Rule 12 applies to this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7012. Rule 12(h)(3) mandates that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Because "[i]t is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking," this Court must enter an order dismissing this suit if it finds it lacks jurisdiction to adjudicate the Plaintiff's claims. *In re USA Promlite Tech. Inc.*, 636 B.R. 743, 754 (Bankr. S.D. Tex. 2022).

16. "Federal courts are courts of limited jurisdiction." *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017) (citations omitted). Since the Plaintiffs invoke the power of this Court, they have the burden of establishing the court's subject matter jurisdiction over their Potential Claims. *See, Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 534 (5th Cir. 2017) (burden of establishing subject matter jurisdiction rests upon the party asserting jurisdiction); *Family Rehab., Inc. v. Azar*, 886 F.3d 496, 500 (5th Cir. 2018) (same).

17. The limits of the Court's constitutional authority to adjudicate claims was established in *Stern v. Marshall*, 564 U.S. 462 (2011). In *Stern*, the Supreme Court determined that such authority does not extend to state common law claims. *Id.* at 487, 502. The state law claims Plaintiffs assert, including fraudulent transfer, alter ego, and joint enterprise liability constitute claims based solely on state common law and, thus, are independent of bankruptcy law. Additionally, the Movant in this case does not consent to this Court's adjudication of the proposed state law claims. As a consequence, this Court lacks the constitutional authority to adjudicate them. *Executive Benefits Ins. Agency v. Arkinson*, 573 U.S. 25, 134 S. Ct. 2165 (2014).

B. <u>The Complaint should be dismissed because the Plaintiffs fail to state a claim upon which relief can be granted pursuant to FRCP 12(b)(6).</u>

18. Federal Rule of Civil Procedure 12(b)(6) requires a Court dismiss a challenged claim if the plaintiff fails to provide both fair notice of the claim and plausible factual allegations to support the claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a complaint under this standard, the Court does not accept conclusory statements as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Rather, discarding mere conclusions, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679. That is not sufficient to state a claim. Moreover, "a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550

U.S. at 555).

19. Rule 8(a)(2) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). To state plausible claims a complaint must contain more than labels and conclusions and not merely a formulaic recitation of a cause of action's elements. *Twombly*, 550 U.S. at 545; *Iqbal*, 556 U.S. at 678. Enough facts must be alleged to state a claim for relief that is plausible on its face. *Twombly*, 550 U.S. at 570. A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

20. The standard is higher where fraud is alleged. "Rule 9(b) imposes a heightened pleading standard for fraud claims and requires that a party state with particularity facts supporting each element of fraud." *Turner v. AmericaHomeKey Inc.*, 2011 U.S. Dist. LEXIS 91173, at *6 (N.D. Tex. Aug. 16, 2011) (citing *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003)), *aff'd*, 514 Fed. Appx. 513 (5th Cir. 2013) (per curiam). In cases alleging fraud, the plaintiff must plead the "who, what, when, where, and how" of the fraud. *United States ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005).

21. That the Plaintiffs have failed to meet their pleading standard is true under both Rule 8's pleading standard and Rule 9(b)'s heightened pleading standard, and it is the heightened standard that applies here. *Schroeder v. Wildenthal*, No. 3:11-CV-0525-B, 2011 U.S. Dist. LEXIS 137843, at *14 (N.D. Tex. Nov. 30, 2011) (dismissing constructive fraud claim for failure to meet Rule 9(b) pleading standard); *see also Cass v. City of Abilene*, Civil Action No. 1:13-CV-177-C, 2014 U.S. Dist. LEXIS 197316, at *4 (N.D. Tex. Feb.

25, 2014) ("formulaic recitations of the elements of a cause of action supported by mere conclusory statements do not satisfy Rule 8.").

22. To state a claim for fraudulent transfer under 11 U.S.C. § 548 or TEX. BUS & COM. CODE § 24.005 and § 24.006, the Plaintiffs must allege that transfers were made for which: (1) less than reasonably equivalent value was received in exchange; and (2) the transferor was or became insolvent. *Cunningham v. Schmidt* (*In re Schmidt*), Nos. 05-84993-SGJ-7, 07-03068, 2007 Bankr. LEXIS 2917, at *20-21 (Bankr. N.D. Tex. Aug. 24, 2007).

23. In their Complaint, the Plaintiffs allege both of these elements against the Movant only in a conclusory fashion, parroting the language of the statutes on which they rely, without any factual support at all. *See*, *e.g.*, Complaint ¶35 (alleging "[Defendants] are alter egos of each other and have all made intentional fraudulent transfers to avoid paying their creditors" and then reciting elements of the cause of action and the badges of fraud but not tying them to the Movant in any way); ¶ 36-41 (alleging transfers of property while not identifying the Movant as transferor or transferee and making no allegation regarding whether the Movant was rendered insolvent by such transfer); ¶ 44-45 (reciting elements of TUFTA without tying them in any way to the Movant, including no allegations regarding intent, insolvency, etc.).

24. These conclusory allegations are inadequate as a matter of law to establish either element of constructive fraud. *Tow v. Bulmahn* (*In re ATP Oil & Gas Corp.*), 711 F. App'x 216, 223 (5th Cir. 2017) (affirming dismissal of fraudulent transfer claims where "the Trustee failed to present any financial data showing that ATP was actually insolvent or had little capital when making the complained-of bonus payments" and that "[w]ithout

a specific reference to ATP's financial condition at the time—which the Trustee should be capable of making in light of his access to ATP's financial books and records—the Trustee cannot plausibly show that ATP was insolvent at the time of the transfers."); *Dynex Capital, Inc.*, 2018 U.S. Dist. LEXIS 76448, at 11 (N.D. Tex. May 7, 2018) (holding that allegations that "[t]he transfers were for less than reasonably equivalent value;" and that "[a]t the time the transfers were made, [DCI] was insolvent or became insolvent as a result of the transfers" failed to allege that defendant acted with either "constructive or actual fraudulent intent"); *Crescent Res. Litig. Tr. v. Nexen Pruet, LLC* (*In re Crescent Res., LLC*), Nos. 09-11507-CAG, 11-01082- CAG, 2012 Bankr. LEXIS 287, at 25 (Bankr. W.D. Tex. Jan. 23, 2012) (granting motion to dismiss because plaintiff "fails to support its allegations with factual assertions" where plaintiff alleged only "dates, amounts, and names of transferees included in Exhibit B,' along with general conclusory allegations of insolvency and reasonably equivalent value."); *United Healthcare Servs. v. Next Health, LLC*, No. 3:17-CV- 00243-E-BT, 2021 U.S. Dist. LEXIS 36084, at *47-48 (N.D. Tex. Feb. 26, 2021) (dismissing constructive fraudulent transfer claims where "there are no factual allegations regarding the debtors' solvency or Executive Defendants' beliefs regarding that solvency to support the conclusory statement"); *Munoz v. Cedar Park Constr., LLC* (*In re RTX Custom Homes, Inc.*), Nos. 14-11732-HCM, 15-01110-HCM, 2017 Bankr. LEXIS 1669, at 100 (Bankr. W.D. Tex. June 8, 2017) (denying constructive fraudulent transfer where Trustee could not meet his burden of proof regarding the alleged insolvency of the debtor).

25. A similar analysis holds for Plaintiffs' cause of action for "Alter Ego" (Complaint at ¶ 47). Alter Ego is not a cause of action in Texas, "but is instead a means of

imposing liability for an underlying cause of action." *Wilson v. Davis*, 305 S.W.3d 57, 68 (Tex. App. 2009). As there is no plausible cause of action pled against the Movant, analysis of alter-ego liability is premature.

26. The joint enterprise liability "cause of action" no longer exists under Texas law and has not since 2008. In S*SP Partners v. Gladstrong Investments,* 275 S.W.3d 444, 456 (Tex. 2008), the Texas Supreme Court held that a Plaintiff cannot pierce the corporate veil to impose liability of one corporation for the obligations of another merely because the corporations were acting as a single business enterprise.

27. Movant requests dismissal of the Complaint pursuant to FED.R.CIV.P 8(a), 9(b) and 12(b)(6), made applicable hereto by FED.R.BANKR.P 7008, 7009 and 7012, as the Plaintiffs' allegations found in the Complaint fail to satisfy the particularity requirement of FED.R.CIV.P 9(b) and otherwise do not support legally cognizable claims that are plausible under Rule 8(a).

## IV. PRAYER

28. The Plaintiffs' Complaint against Shahnaz Choudhri should be dismissed as a matter of law for based on lack of subject matter jurisdiction, and failure to state a claim upon which relief can be granted. For all of the foregoing reasons, Shahnaz respectfully requests that the Court grant the Motion for Dismissal of the Complaint with prejudice and for such other relief available.

Dated: October 31, 2024

                                              Respectfully submitted,

                                              /s/ James Q. Pope
                                              James Q. Pope
                                              TBN: 24048738
                                              The Pope Law Firm
                                              6161 Savoy Drive, Suite 1125
                                              Houston, Texas 77036
                                              Ph: 713-449-4481
                                              jamesp@thepopelawfirm.com

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that the foregoing document was served on interested parties in the manner listed below on October 31, 2024.

       **23-03141 Notice will be electronically mailed, via the court's ECF noticing system to:**

Thomas Michael Ballases on behalf of Plaintiff John Quinlan
ballases@hooverslovacek.com

Thomas Michael Ballases on behalf of Plaintiff Omar Khawaja
ballases@hooverslovacek.com

Thomas Michael Ballases on behalf of Plaintiff Osama Abdullatif
ballases@hooverslovacek.com

Matthew W. Bourda on behalf of Creditor Cypress BridgeCo, LLC
matthew.bourda@mhllp.com

Matthew W. Bourda on behalf of Creditor Magnolia BridgeCo, LLC
matthew.bourda@mhllp.com

Robert Paul Debelak, III on behalf of Creditor Cypress BridgeCo, LLC
bobby.debelak@mhllp.com

Robert Paul Debelak, III on behalf of Creditor Magnolia BridgeCo, LLC
bobby.debelak@mhllp.com

Robin L Harrison on behalf of Defendant A. Kelly Williams
rharrison@hicks-thomas.com

Angeline Vachris Kell on behalf of Plaintiff John Quinlan
kell@hooverslovacek.com, avkell@gmail.com;doucet@hooverslovacek.com

Angeline Vachris Kell on behalf of Plaintiff Omar Khawaja
kell@hooverslovacek.com, avkell@gmail.com;doucet@hooverslovacek.com

Angeline Vachris Kell on behalf of Plaintiff Osama Abdullatif
kell@hooverslovacek.com, avkell@gmail.com;doucet@hooverslovacek.com

Jennifer Lea MacGeorge on behalf of Defendant 2727 Kirby 26L LLC
service@jlm-law.com

Jennifer Lea MacGeorge on behalf of Defendant Jetall Companies, Inc.
service@jlm-law.com

Lenard M. Parkins on behalf of Defendant Shahnaz Choudhri
lparkins@parkinsrubio.com, 9141256420@filings.docketbird.com;bmcfadden@parkinsrubio.com

Steven A. Leyh on behalf of Plaintiff John Quinlan
leyh@hooverslovacek.com, graham@hooverslovacek.com

Steven A. Leyh on behalf of Plaintiff Omar Khawaja
leyh@hooverslovacek.com, graham@hooverslovacek.com

Steven A. Leyh on behalf of Plaintiff Osama Abdullatif
leyh@hooverslovacek.com, graham@hooverslovacek.com

Timothy L. Wentworth on behalf of Defendant Randy W Williams Ch7 Trustee
twentworth@okinadams.com, bmoore@okinadams.com

/s/ James Q. Pope
James Q. Pope