IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| *In re:* § | | |
| § | | |
| **HOUSTON REAL ESTATE PROPERTIES,** § | Case No. 22-32998 | |
| **LLC** § | (Chapter 7) | |
| § | | |
| *Debtor*, § | | |
| § | | |
| **JOHN QUINLAN, OMAR KHAWAJA, AND** § | | |
| **OSAMA ABDULLATIF,** § | | |
| § | | |
| *Plaintiffs*, § | Adversary No. 23-03141 | |
| § | | |
| v. § | | |
| § | | |
| **HOUSTON REAL ESTATE PROPERTIES,** § | | |
| **LLC, et al.,** § | | |
| § | | |
| *Defendants*. § | | |

**SHAHNAZ CHOUDHRI, ARABELLA PH 3201 LLC,
9201 MEMORIAL DR. LLC, 2727 KIRBY 26L LLC, DALIO HOLDINGS I, LLC, DALIO HOLDINGS II, LLC, SHEPHERD-HULDY DEVELOPMENT I, LLC, SHEPHERD-HULDY DEVELOPMENT II, LLC, AND GALLERIA LOOP NOTE HOLDER LLC MOTION FOR WITHDRAWAL OF THE REFERENCE PURSUANT TO 11 U.S.C. § 157(d) AND FRBP 5011**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Shahnaz Choudhri, Arabella PH 3201 LLC, 9201 Memorial Dr. LLC, 2727 Kirby 26L LLC, Dalio Holdings I, LLC, Dalio Holdings II, LLC, Shepherd-Huldy Development I, LLC, Shepherd-Huldy Development II, LLC, and Galleria Loop Note Holder LLC (hereinafter referred to individually or collectively as "**Defendant**") files this Motion for Withdrawal of the Reference Pursuant to 28 U.S.C. § 157(d) and FRBP 5011 (the "**Motion**"), and would respectfully show the Court as follows:

**I. Background**

1. On October 7, 2022, (the "**Petition Date**"), Houston Real Estate Properties LLC, Debtor, filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor's Chapter 11 case was subsequently converted to Chapter on March 8, 2023.

2. On August 1, 2023, Plaintiffs filed their Original Complaint (the "**Complaint**") alleging the following causes of action: (i) fraudulent transfer (all Defendants), (ii) alter ego (all Defendants), (iii) joint enterprise liability (all Defendants), and (iv) fraud (Ali Choudhri only).

3. On October 31, 2024, Defendant filed its Motion to Dismiss. If the Motion to Dismiss is denied, Defendant intends to request a jury trial.

## II.   Relief Requested

4. Defendant respectfully requests that the Court enter an Order withdrawing the reference to the Bankruptcy Court pursuant to 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011.

5. In light of the fact that this Court does not have jurisdiction to grant relief requested in the Complaint, Defendant maintains that the reference should be withdrawn with no conditions.

## III.   Argument

A. **Standards for withdrawal of the reference**

6. The Federal District Court exercises original exclusive jurisdiction over the Adversary Proceeding pursuant to 28 U.S.C. §§ 1334(a) and (b). Pursuant to 28 U.S.C. § 157(a) and the Standing Order, the Adversary Proceeding was automatically referred to the Bankruptcy Court.

7. Notwithstanding the automatic reference, 28 U.S.C. § 157(d) authorizes and, in some circumstances, requires the District Court to withdraw the reference to the Bankruptcy Court. The statute provides:

> The District Court may withdraw, in whole or in part, any case or proceeding referred under this section [28 U.S.C. § 157], on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United Sates regulating organizations or activities affecting interstate commerce.

8. A bankruptcy judge's authority to adjudicate claims in a referred action depends on whether the claim is "core" or "non-core." Bankruptcy judges hear but do not have authority to determine non-core claims, absent the parties' consent (which will not be given by the Defendant); rather, the bankruptcy court may only recommend proposed findings of fact and conclusions of law to the district court, absent consent

of the parties. Although bankruptcy judges may hear and determine core claims, those determinations are subject to the District Court's review. Furthermore, bankruptcy judges are constitutionally prohibited from holding jury trials on non-core claims. Bankruptcy judges may not hold jury trials even on core claims absent special designation by the District Court and the consent of both parties.

9. The term "core proceeding" is not defined in the Bankruptcy Code, but 28 U.S.C. § 157(b) provides an illustrative list of proceedings that may be considered "core." The Fifth Circuit has held that a proceeding is core if it "invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *U.S. Brass Corp. v. Travelers Ins. Group, Inc. (In re U.S. Brass Corp.),* 301 F.3d 296, 304 (5th Cir.2002).

10. Where an action is simply a suit that, absent the bankruptcy, could have proceeded in another forum, it is a non-core proceeding. *In re Gulf States Long Term Acute Care of Covington, L.L.C.*, 455 B.R. 869, 875 (E.D. La 2011).

11. In *Holland America Ins. Co. v. Succession of Roy*, the Fifth Circuit provided district courts the following guidance when deciding whether to order withdrawal of a reference:

> [T]he district court must keep one eye cocked toward the decision of the Supreme Court in *Northern Pipeline Constr. v. Marathon Oil Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), which is the progenitor of the new bankruptcy court jurisdictional scheme. Whatever the precise teaching of *Marathon* it holds, at a minimum that Article I bankruptcy courts may not have original jurisdiction over adversary proceedings that do not intimately involve the debtor-creditor relationship and rest solely in issues of state law. 458 U.S. at 84, 102 S.Ct. at 2878m, 73 L.Ed.2d at 623… The Bankruptcy Amendments Act has attempted a flexible response to *Marathon*, permitting bankruptcy courts to hear "core" proceedings by blanket reference from the district court, while authorizing them to function much like magistrates as adjuncts to the district court on matters that are merely "related to" a bankruptcy. *Marathon* provides the outer boundary of original referred jurisdiction of bankruptcy courts, but considerations of judicial economy also bear on the decision to withdraw the reference or refer to bankruptcy court. The district court should consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process.
>
> Finally, we note that there is a jury demand in the district court file. Its continued existence may influence the district court's decision, for

> while we do not reach the issue, there is some doubt whether bankruptcy courts can conduct jury trials in light of *Marathon* and the Bankruptcy Amendments Act. The district court should apply these factors in articulating whether to withdraw the reference on this litigation. *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998-999 (5th Cir.1985).

> The Supreme Court recently offered more guidance on whether the reference should be withdrawn. See *Stern v. Marshall*, 131 S.Ct. 2594 (2011).

12. The starting point under *Holland America* and *Stern* is whether the claims brought by the Plaintiffs in the Complaint are "core" or non-core." This determination is crucial in whether the reference to the Bankruptcy Court should be withdrawn because the Bankruptcy Court does not have the constitutional authority to enter final judgments on non-core state court claims.

**B.    Withdrawal of the reference for the breach of contract and breach of fiduciary duty claims should be ordered because the claims are "non-core."**

13. The fraudulent transfer, alter ego, joint enterprise liability, and fraud claims are non-core. The fraudulent transfer, alter ego, joint enterprise liability, and fraud claims are based on the law of the state of Texas and could have been brought without the filing of the bankruptcy case of the Debtor. Defendant intends to demand a jury trial on the claims alleged in the Complaint.

14. Because of the non-core nature of the fraudulent transfer, alter ego, joint enterprise liability, and fraud claims are non-core claims, the Bankruptcy Court lacks authority to enter final orders on those claims. It is in the interest of judicial economy that the reference be withdrawn because any appeal of these claims would be *de novo* to this Court in any event. Additionally, Defendant is entitled to, and will demand, a jury trial.

15. For these reasons, the Court should order the withdrawal of the reference as to all claims alleged in Plaintiffs' Complaint, and in any amended or supplemental Complaints filed by the Plaintiffs.

## IV.    Conclusion

16. For the reasons stated above, Defendant respectfully requests that the Court enter an order withdrawing the reference to the Bankruptcy Court pursuant to 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011.

17. In light of the holding in *Holland America* and *Stern*, the reference to the Bankruptcy Corut should be withdrawn for all the reasons set forth above, including (i) the

Page **4** of **6**

        Bankruptcy Court's lack of authority to determine the non-core claims in this case; and (ii) the demand for the jury trial which cannot be held before the Bankruptcy Court.

18. Defendant respectfully prays that the Court: (a) grant this Motion and (b) grant such other and further relief to which Defendant may be justly entitled.

Dated: October 31, 2024

        Respectfully submitted,

        <u>/s/ James Q. Pope</u>
        James Q. Pope
        TBN: 24048738
        The Pope Law Firm
        6161 Savoy Drive, Suite 1125
        Houston, Texas 77036
        Ph: 713-449-4481
        jamesp@thepopelawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was served on interested parties in the manner listed below on October 31, 2024.

**23-03141 Notice will be electronically mailed, via the court's ECF noticing system to:**

Thomas Michael Ballases on behalf of Plaintiff John Quinlan
ballases@hooverslovacek.com

Thomas Michael Ballases on behalf of Plaintiff Omar Khawaja
ballases@hooverslovacek.com

Thomas Michael Ballases on behalf of Plaintiff Osama Abdullatif
ballases@hooverslovacek.com

Matthew W. Bourda on behalf of Creditor Cypress BridgeCo, LLC
matthew.bourda@mhllp.com

Matthew W. Bourda on behalf of Creditor Magnolia BridgeCo, LLC
matthew.bourda@mhllp.com

Robert Paul Debelak, III on behalf of Creditor Cypress BridgeCo, LLC
bobby.debelak@mhllp.com

Robert Paul Debelak, III on behalf of Creditor Magnolia BridgeCo, LLC
bobby.debelak@mhllp.com

Robin L Harrison on behalf of Defendant A. Kelly Williams
rharrison@hicks-thomas.com

Angeline Vachris Kell on behalf of Plaintiff John Quinlan
kell@hooverslovacek.com, avkell@gmail.com;doucet@hooverslovacek.com

Angeline Vachris Kell on behalf of Plaintiff Omar Khawaja
kell@hooverslovacek.com, avkell@gmail.com;doucet@hooverslovacek.com

Angeline Vachris Kell on behalf of Plaintiff Osama Abdullatif
kell@hooverslovacek.com, avkell@gmail.com;doucet@hooverslovacek.com

Jennifer Lea MacGeorge on behalf of Defendant 2727 Kirby 26L LLC
service@jlm-law.com

Jennifer Lea MacGeorge on behalf of Defendant Jetall Companies, Inc.
service@jlm-law.com

Lenard M. Parkins on behalf of Defendant Shahnaz Choudhri
lparkins@parkinsrubio.com, 9141256420@filings.docketbird.com;bmcfadden@parkinsrubio.com

Steven A. Leyh on behalf of Plaintiff John Quinlan
leyh@hooverslovacek.com, graham@hooverslovacek.com

Steven A. Leyh on behalf of Plaintiff Omar Khawaja
leyh@hooverslovacek.com, graham@hooverslovacek.com

Steven A. Leyh on behalf of Plaintiff Osama Abdullatif
leyh@hooverslovacek.com, graham@hooverslovacek.com

Timothy L. Wentworth on behalf of Defendant Randy W Williams Ch7 Trustee
twentworth@okinadams.com, bmoore@okinadams.com

                                                                              /s/ James Q. Pope
                                                                                  James Q. Pope