United States Bankruptcy Court
Southern District of Texas
**ENTERED**
November 06, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO: 22-32998 |
| HOUSTON REAL ESTATE PROPERTIES § | |
| LLC, § | CHAPTER 7 |
| § | |
|    Debtor. § | |
| § | |
| JOHN QUINLAN, OMAR KHAWAJA § | |
| AND OSAMA ABDULLATIF, § | |
| § | |
|    Plaintiffs, § | |
| § | |
| VS. § | ADVERSARY NO. 23-3141 |
| § | |
| JETALL COMPANIES, INC., ARABELLA § | |
| PH 3201 LLC, 9201 MEMORIAL DR. LLC, § | |
| 2727 KIRBY 26L LLC, DALIO HOLDINGS § | |
| I, LLC, DALIO HOLDINGS II, LLC, § | |
| HOUSTON REAL ESTATE PROPERTIES, § | |
| LLC, SHAHNAZ CHOUDHRI, ALI § | |
| CHOUDHRI, SHEPHERD-HULDY § | |
| DEVELOPMENT I, LLC, SHEPHERD- § | |
| HULDY DEVELOPMENT II, LLC, § | |
| GALLERIA LOOP NOTE HOLDER LLC, § | |
| A. KELLY WILLIAMS, MOUNTAIN § | |
| BUSINESS CENTER, LLC, RANDY W § | |
| WILLIAMS CH7 TRUSTEE, OTISCO RDX § | |
| LLC, MCITBE, LLC, JETALL/CROIX § | |
| PROPERTIES LP, AND § | |
| JETALL/CROIX GP, LLC, § | |
| § | |
|    Defendants. § | |

**ORDER DENYING MOTION FOR WITHDRAWAL OF THE REFERENCE**

On October 31, 2024, one of the defendants, Jetall Companies ("Jetall") filed a motion seeking to withdraw the reference (ECF No. 265), and noticed the court of its non-consent to a jury trial or the entry of final orders by the Bankruptcy Court (ECF No. 262). Jetall had earlier filed a Demand for Jury Trial in this adversary proceeding (ECF No. 78). The motion to withdraw the reference alleges that only state law claims and non-core matters exist in the claims in this case.

Jetall has also demanded a trial by jury in this adversary and now provides notice that it does not consent to a jury trial and the entry of final orders by the bankruptcy court.

Pursuant to General Order No. 2011-12 in the United States District Court for the Southern District of Texas ("Authority of Bankruptcy Judges to Enter Final Orders"), as well as Bankruptcy Local Rule 5011-1, this Court enters this order.

## Discussion

The District Court for the Southern District of Texas exercises original jurisdiction over this adversary proceeding.[1] The adversary proceeding was filed with the bankruptcy court because the district court has generally referred all cases under title 11 of the United States Code, and all proceedings "arising under" title 11 or "arising in" or "related to" a case under title 11, to the bankruptcy judges.[2] General Order No. 2011-12 requires parties in adversary proceedings to move to withdraw the reference within 90 days of the complaint or notice of removal.[3]

On August 2, 2023, this Court issued a Preliminary Pretrial Order (ECF No. 2) in this adversary advising the parties of the following:

> You have the right to object to the final adjudication by this Court of any non-core matters or matters that fall within the scope of *Stern v. Marshall,* 564 U.S. 462 (2011). Any such objection to this Court's entry of final orders in this case must be filed with the Court no later than one day before the date set for the pretrial conference.

The pretrial conference was set for October 18, 2023, then continued to November 1, 2023 when it was held. No party moved to withdraw the reference until a year later, on October 31, 2024, and trial is scheduled for December 9, 2023. The Court finds this motion untimely.

Furthermore, Article III permits a bankruptcy court to decide claims submitted to them by consent.[4] Jetall has expressly not consented to the entry of final judgment by the bankruptcy court. In a core proceeding, an aggrieved party may appeal the judgment of the bankruptcy court to the district court, which applies a de novo standard of review to the conclusions of law and the clearly erroneous standard to findings of fact under 28 U.S.C.A. § 158(a). However, for noncore proceedings, the bankruptcy court submits proposed findings of facts and conclusions of law to

---

[1] 28 U.S.C. §1334(a) and (b)
[2] *General Order 2012-6 Order of Reference to Bankruptcy Judges*, United States District Court Southern District of Texas, May 24, 2012
[3] Id. at No. 1.
[4] *Wellness Intern. Network Ltd. V. Sharif*, 575 U.S. 665, 135 S.Ct. 1932, 191 L.Ed.2d 911 (2015).

the district court. As there are non-core causes of action plead in the amended complaint, the bankruptcy court cannot issue final judgments without the parties' consent.

For these reasons, this Court denies the motion to withdraw the reference, strikes the jury demand at ECF No. 78 based on Jetall's statement that it does not consent to a jury trial by the Bankruptcy Court, the trial will proceed in the bankruptcy court, and the bankruptcy court will make a report and recommendation to the district court based on the lack of the parties' consent to the entry of a final judgment.

**THEREFORE, IT IS ORDERED** that the Motion to Withdraw the Reference (ECF No. 265) is **DENIED**, and the Demand for Jury Trial filed by Jetall Companies, Inc. (ECF No. 78) is **STRUCK**.

SIGNED 11/06/2024

_____
Jeffrey Norman
United States Bankruptcy Judge