**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

United States Courts
Southern District of Texas
**FILED**

NOV 0 7 2024

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HOUSTON REAL ESTATE PROPERTIES | § | CASE NO 22-32998 |
| LLC, | § | (CHAPTER 7) |
| Debtor. | § | |
| | § | |
| JOHN QUINLAN, OMAR KHAWAJA | § | |
| AND OSAMA ABDULLATIF | § | |
| Plaintiffs, | § | ADVERSARY NO. 23-03141 |
| | § | |
| v. | § | |
| | § | |
| HOUSTON REAL ESTATE PROPERTIES | § | |
| LLC, et al | § | |
| Defendants. | § | |

**DEFENDANT'S MOTION FOR SANCTIONS AND TO COMPEL THE COMPLETION OF PLAINTIFFS' DEPOSITIONS AND OVERRULE SPECIOUS OBJECTIONS**

Defendant Ali Choudhri ("Choudhri") files this Motion for Sanctions and to Compel the Completion of Plaintiffs' Depositions and Overrule Specious Objections against Plaintiffs and their counsel.

1.     From the inception of the case, John Quinlan ("Quinlan"), Omar Khawaja ("Khawaja"), and Osama Abdullatif ("Abdullatif") have abused the legal process through a combination of malicious litigation and making comically false claims to the court. Some of the plaintiff's conduct is briefly identified below.

     a.  Filed fraudulent lis pendens which have no relation to the judgments on which this case is brought,  which violates Texas Property Code Section 12.007(a).

     b.  The final judgment obtained on November 21, 2022, by Osama Abdullatif in Cause No. 2013-41273, Osama Abdullatif and Abdullatif & Company, LLC

v. Ali Choudhri and Houston Real Estate Properties, LLC, filed in the 334th Judicial District Court of Harris County has been superseded, as seen in Exhibit 1. This goes against automatic stay provisions of the U.S. Bankruptcy Code and is affirmed by the U.S. Supreme Court case *Celotex Corp. v. Edwards*.

c.  Misrepresenting the payoff amount for the judgments on which this case is based. In Exhibit 2 it shows that the final judgment entered in Cause No.: 2020-38738, *Jetall Companies Inc. v. Hoover Slovacek LLP* was $260,607.60 as of August 22, 2023. However, over eight months later, the payoff for the same judgment was miraculously dropped to $260,607.60 as of June 3, 2024, as seen in Exhibit 3.

d.  Filed suit against Ali Choudhri, Shahnaz Choudhri, and various entities claiming alter ego despite previous Notice of Non-Suit with Prejudice in which Abdullatif made the same frivolous claims as seen in Exhibit 4.

2.      The Plaintiffs were ordered to provide deposition testimony in this case.

Throughout their depositions, held on October 3 and 4 of 2024, Quinlan, Khawaja, and

Abdullatif refused to answer an overwhelming amount of questions.  Federal Rule of Civil

Procedure 32(a) states:

> "Under **Federal Rule of Civil Procedure
> 37(a)** (or equivalent state rule), a
> party can file a motion to compel if a
> deponent refuses to answer a question
> during a deposition without a valid
> legal basis. This motion asks the court
> to order the deponent to answer the
> questions."

Additionally, throughout their depositions, the Plaintiffs' counsel, T. Michael Ballases, repeatedly

instructed the plaintiffs not to answer questions. The instructions were improper under the Rules and

prevented Defendant from being able to discover information reasonably calculated to lead to

admissible evidence. Federal Rule of Civil Procedure 30(c)(2) states:

> "A person may instruct a deponent not to
> answer only when necessary to preserve
> privilege,   to   enforce   limitation   to
> ordered by the court, or to present a
> motion under Rule 30 (d)(3) ."

There was absolutely no legal basis for the refusal or reason for instructions not to answer questions.

***Some*** (but not all) examples of the questions being posed, which deponents refused to answer, are

stated below.

```
 6      Q.    And which banks do you have these personal accounts?
 7            MR. BALLASES:  Objection.  Form.
 8            THE DEPONENT:  I don't think that's relevant.
 9  BY MR. POPE:
10      Q.    Okay.  Which banks do you have your personal
11  accounts?
12            MR. BALLASES:  If you don't want to answer, you don't
13  have to.
14            MR. POPE:  So he's going to refuse to answer the
15  question?
16            MR. BALLASES:  Yeah, it's in background.  You don't
17  have a judgment against him.  You're not doing discovery for
18  post-judgment.
19  BY MR. POPE:
20      Q.    So you're going to refuse to answer the question?
21      A.    Yeah.  I'm following the direction of counsel.
22            MR. BALLASES:  I'll object to the form of that
23  question.
```

*See* Exhibit 5, page 70, lines 6-23, from Quinlan's deposition.

```
 5          Q.    How much did you pay for it?
 6                MR. BALLASES:  Objection.  Form.  If that's
 7  proprietary and confidential, you don't have to answer it.
 8                THE DEPONENT:  Pardon me?
 9                MR. BALLASES:  If it's proprietary and confidential,
10  has to do with your business dealings, you don't have to answer
11  it.  It's up to you.
12                THE DEPONENT:  I prefer not to answer.
```

*See* Exhibit 5, page 29, 5-12, from Quinlan's deposition.

```
11        Q.    In 2013, did Khawaja Partners transfer any property
12   to Jetall Companies?
13              MR. BALLASES:  Objection.  Form.
14              THE DEPONENT:  Subject of litigation that's pending.
15   BY MR. POPE:
16        Q.    But did you -- are you aware of --
17        A.    I choose not to answer that.
18        Q.    Okay.  But are you aware that Khawaja Partners
19   transferred property to Jetall Companies?
20              MR. BALLASES:  Objection.  Form.
21              THE DEPONENT:  You know, this is the subject of a
22   trial that's going to be happening here soon, so I can't really
23   comment on this.
```

*See* Exhibit 6, page 67, lines 11-23, from Khawaja's deposition.

```
11          Q.    In 2013, did Khawaja Partners transfer any property
12  to Jetall Companies?
13              MR. BALLASES:  Objection.  Form.
14              THE DEPONENT:  Subject of litigation that's pending.
15  BY MR. POPE:
16          Q.    But did you -- are you aware of --
17          A.    I choose not to answer that.
18          Q.    Okay.  But are you aware that Khawaja Partners
19  transferred property to Jetall Companies?
20              MR. BALLASES:  Objection.  Form.
21              THE DEPONENT:  You know, this is the subject of a
22  trial that's going to be happening here soon, so I can't really
23  comment on this.
```

*See* Exhibit 6, page 68, lines 11-23, Khawaja's deposition.
.

15      Q.   And what entity holds that account?

16      A.   I'm going to -- I'm not going to answer these

17 questions.

18           MR. LEYH:  Objection, form.

19 BY MR. POPE:

20      Q.   Okay.  Does JMLH Investments have a bank account?

21           MR. LEYH:  Objection, form.

22           THE DEPONENT:  Yeah, I'm done -- not going to

23 answer those questions.

24 BY MR. POPE:

25      Q.   You're not going to answer any questions

Page 17

1 regarding the bank accounts --

2      A.   No.

3      Q.   -- of any of the entities?

4      A.   Not at all.

*See* Exhibit 7, page 16, lines 15-25 to page 17, lines 1-4, from Khawaja's deposition.

16      Q.   Have you put any of your personal funds into a

17   financial account for Khawaja Law Group, PLLC?

18          MR. LEYH:  Objection, form.

19          THE DEPONENT:  Sorry.  I'm -- I'm not going to

20   answer those questions.

21   BY MR. POPE:

22      Q.   Do you know Hira Azhar?

23      A.   Not going to answer that question, either.

*See* Exhibit 7, page 17, lines 16-123, from Khawaja's deposition.

3      Q.   Do you know Chris Wyatt?

4          MR. LEYH:  Objection, form.

5          THE DEPONENT:  I'm not answering that question.

6   BY MR. POPE:

7      Q.   So you're refusing to answer any questions

8   regarding Azeemeh Zaheer, Hira Azhar, or Christopher -- or

9   Chris Wyatt?

10      A.   That's --

11          MR. LEYH:  Objection, form.

12   BY MR. POPE:

13      Q.   Are you being instructed not to answer, or are

14   you choosing not to answer?

15      A.   I'm choosing not to answer.

*See* Exhibit 7, page 18, lines 3-15, from Khawaja's deposition.

```
18       Q.   Okay.  Have you -- how about Harold Polk?  Do you
19   know Harold Polk?
20            MR. LEYH:  Objection, form.
21            THE DEPONENT:  I'm not going to answer that
22   question.
23   BY MR. POPE:
24       Q.   Okay.  Have you -- how about Wayne Dolcefino?
25       A.   Also not going to answer that question.
```

*See* <u>Exhibit 7</u>, page 18, lines 1-17, from Khawaja's deposition.

```
4        Q.   Do you believe you'd have the right to put a lis
5    pendens on his -- Mr. Choudhri's homestead?
6             MR. BALLASES:  Objection.  Form.
7             THE DEPONENT:  I'd defer to my attorneys for
8    that.
9    BY MR. POPE:
10       Q.   So you're choosing not to answer the question?
11       A.   I -- I'm --
12            MR. BALLASES:  Objection.  Form.
13            THE DEPONENT:  I'm not a real estate lawyer.
```

*See* <u>Exhibit 7</u>, page 151, line 4-13, Khawaja's deposition.

10

8        Q.    Before you hired your attorney, did you -- what

9    other -- what other means did you use to collect

10    information?

11              MR. BALLASES:  I'll instruct him not to answer to

12    the extent it calls for work product.

*See* <u>Exhibit 7</u>, page 204, lines 8-12, from Khawaja's deposition.

```
15        Q.   Are there any additional factors or reasons that
16   you haven't disclosed in your pleading that you're going to
17   rely upon to pursue these claims?
18             MR. BALLASES:  Objection.  Form.
19             To the extent you -- your question gets into
20   attorney-client or work product, legal privileges, then I
21   would instruct the witness not to divulge that information.
```

*See* <u>Exhibit 7</u>, page 232, lines 15-21, from Kawaja's deposition.

```
17        Q.    How did you become aware of the three
18   judgments?
19        A.    I became aware of the two judgments, the first
20   initial two judgments because I have the relationship
21   with Hoover Slovacek.  And the third judgment I became
22   aware of because I have a relationship with
23   Mr. Abdullatif.
24        Q.    Do you have a relationship with Hoover
25   Slovacek beyond attorney/client?
```

Page 110

```
1        A.    No.
2        Q.    So as a client of Hoover Slovacek, they told
3   you about another client's judgment?
4        A.    Well, I wouldn't talking about --
5             MR. BALLASES:  I'm going to object to.  I'm
6   not going to object.  I'm going to assert the
7   attorney/client privilege and instruct you not to answer
8   anything about what we've communicated about.
```

*See* <u>Exhibit 7</u>, page 109, lines 17-25 to page 110, lines 1-8, from Khawaja's deposition.

```
20      Q.    Okay.  Who owns the Beal Bank Building?

21            MR. BALLASES:  Objection, form.

22            GTHE DEPONENT:  Check the form.  Go check the record.

23 BY MR. POPE:

24      Q.    You're going to refuse to answer who owns the Beal

25 Bank Building?
```

NAEGELI
(800) 528-3335   DEPOSITION & TRIAL   NAEGELIUSA.COM
Established 1980

http://www.NaegeliUSA.com

OSAMA ABDULLATIF              October 04, 2024                    159
78756

```
1      A.    I'm going to tell you go check the court records and

2 go check the public records.  And if you don't have an answer

3 who owns it, you can ask for discovery.
```

*See* Exhibit 8, page 158, lines 20-25 to page 159, line 1-3, from Abdullatif's deposition.

15      Q.   Okay.  So you're refusing to answer who the bidders

16  actually were?

17          MR. BALLASES:  Objection, form.

18          THE DEPONENT:  Well, I'm not -- I was the bidder, but

19  who was participating with me in the bid, I'm refusing to

20  answer that question, yes.  And it was moot.  Nobody actually

21  bought it.  The property went in bankruptcy.  The foreclosure

22  basically was no.

*See* Exhibit 8, page 118, lines 15-22, from Abdullatif's deposition.

18      Q.   Did you sign a note in relation to the purchase of

19   those nine properties?

20          MR. BALLASES:   Objection, form.

21          THE DEPONENT:   I'm not going to answer you that

22   question because I already answered that question.   I refer you

23   to my testimony and I refer you to the jury verdict.   There's

24   already a jury verdict and a final judgment in that issue,

25   fabricated note that Choudhri made.   And that's already been

NAEGELI
(800) 528-3335   DEPOSITION & TRIAL   NAEGELIUSA.COM
Established 1980

OSAMA ABDULLATIF                October 04, 2024                    145
78756

1   tried.   Go look at it and go use it.   If you want to go to the

2   judge --|

*See* <u>Exhibit 8</u>, page 144, lines 18-25 to page 145 lines 1-2, from Abdullatif's deposition.

**Discovery is encouraged under the law**

3.      As this Court knows, the discovery process "is [designed] to seek the truth, so that disputes may be decided by what the facts reveal, not by what facts are concealed."[1]  Discovery may be obtained about any matter relevant to the subject matter of the case.[2]  In many of these instances noted herein, there is no other source to obtain the information sought but for the witness/party's testimony or the documents. Keep in mind that these Plaintiffs have obtained at least Mrs. Choudhri's bank account information without following the required processes.  This Court has ordered Mrs. Choudhri to answer questions about these illegally obtained documents without ever questioning the Plaintiffs on how they obtained the documents.  Now, these Plaintiffs refuse to answer questions that relate to this case and their claims because they just do not want to. They think they are the arbiters of relevance.  However, "the scope of discovery is obviously much broader than the scope of admissible evidence."[3]  Accordingly, Choudhri requests for this Court to grant its Motion to Compel and for Sanctions.

**Relief sought**

4.      Ali Choudhri needs this Court to intervene to stop Plaintiff's discovery abuse and refusal to engage in the discovery process. Choudhru requests this Court to compel John Quinlan, Omar Khawaja, and Osama Abdullatif to appear for the continuation of their deposition, answer the questions posed to them, instruct whichever attorney appears for them not to interfere in the deposition, and for Defendants' and their attorneys to reimburse for the costs preparing for and attending the depositions on October 3 & 4, 2024 as well as the preparation of this motion.

---

[1] *In re Summersett*, 438 S.W.3d 74, 79 (Tex. App.—Corpus Christi 2013, no writ).
[2] Fed. R. Civ. P. 26(b).
4 *In re Exmark Mfg. Co., Inc.*, 299 S.W.3d 519, 534 (Tex. App.— Corpus Christi 2009, no writ).

## Conclusion

Defendant requests this Court to grant his Motion to Compel and for Sanctions against

Plaintiffs and their counsel, and for all such other relief requested herein.

Respectfully Submitted,
By: */s/ Ali Choudhri*
Ali Choudhri
2425 West Loop South, 11th floor
Houston, Texas 77027
Phone: 281-630-6627
Email: ali@jetallcapital.com
Defendant, Pro se

18

## CERTIFICATE OF SERVICE

I hereby certify that on 11/7/2024, a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent to parties through the Courts Electronic Case Filing System. Parties may access this filing through the Courts system.

## CERTIFICATE OF SERVICE

# Exhibit 1

P-3
SUPER

TRIAL COURT CAUSE NUMBER: 2013-41273

OSAMA ABDULLATIF. Individually, and      IN THE DISTRICT COURT OF
ABDULLATIF & COMPANY, LLC
**Plaintiffs**      HARRIS COUNTY, T E X A S

VS.

ALI CHOUDHRI and HOUSTON REAL ESTATE      334TH JUDICIAL DISTRICT
PROPERTIES, LLC
**Defendants**

### CLERK'S CERTIFICATE OF
### DEPOSIT IN LIEU OF SUPERSEDEAS BOND

**THE STATE OF TEXAS:**

**COUNTY OF HARRIS:**

    This document is to certify that I, the undersigned clerk of the District Courts of Harris County, Texas have received a cash deposit in the amount of **ONE HUNDRED THIRTY THREE THOUSAND SEVEN HUNDRED SEVENTEEN DOLLARS AND 40 CENTS ($133,717.40)**, deposited with the Registry of the Court (CHECK #: **569007723**), from **NICHOLAS PETREE** on behalf of **ALI CHOUDHRI and HOUSTON REAL ESTATE PROPERTIES, LLC** on the **23RD** day of **FEBRUARY, 2023**.

    This cash deposit was deposited in accordance with Rule 24.1(c) (1) of the Texas Rules of Appellate Procedure, and is conditioned that the appellant shall prosecute his appeal or writ of error with effect and in case the judgment of the Supreme Court or Court of Appeals shall be against the appellant, he shall perform its judgment, sentence or decree and pay all such damages and costs as said court may award against him and, upon approval by the clerk, execution of the judgment or so much thereof as has been superseded shall be suspended.

    WITNESS my hand and seal of office this 23RD day of FEBRUARY, A.D., 2023.



                              **MARILYN BURGESS**, District Clerk
                              Harris County, Texas

                              BY _Shemeka Lee_ , Deputy
                                    SHEMEKA LEE

**Court of Civil Appeals: (1ST)**
NICHOLAS PETREE
1111 LOUISIANA ST 44TH FLR
HOUSTON TX 77002

TBA# 24083657

**F I L E D**
**Marilyn Burgess**
**District Clerk**

FEB 2 3 2023

Time:_____
   Harris County, Texas
By _Shemeka Lee_
        Deputy

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging.

2/23/2023 10:58:43 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 73037012
By: Dozier, Angelia
Filed: 2/23/2023 10:58:43 AM

CAUSE NO. 2013-41273

| | | |
|---|---|---|
| OSAMA ABDULLATIF, Individually, and ABDULLATIF & COMPANY, LLC | § § § | IN THE DISTRICT COURT |
| *Plaintiffs,* | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| ALI CHOUDHRI and HOUSTON REAL ESTATE PROPERTIES, LLC | § § § | |
| *Defendants.* | § § | 334th JUDICIAL DISTRICT |

## ORDER REQUIRING ADDITIONAL CASH DEPOSIT IN LIEU OF BOND TO SUPERSEDE THE COURT'S FINAL JUDGMENT

On February 17, 2023, Judgment Debtors Ali Choudhri and Houston Real Estate Properties, LLC (together, "Judgment Debtors") deposited $1,726,200.14 with the District Clerk of Harris County, Texas in accordance with Rule 24.1(c) of the Texas Rules of Appellate Procedure.

Judgment Creditors Osama Abdullatif and Abdullatif & Company, LLC (together, "Judgment Creditors") contested the amount of security posted by Judgment Debtors to supersede the final judgment entered in this matter (the "Judgment") and contend that the amount should be increased.

The Court heard argument of counsel for Judgment Creditors and Judgment Debtors on February 22, 2023. After considering the arguments of counsel and record in this matter, the Court hereby ORDERS as follows:

It is ORDERED that pursuant to Rule 24.2 of the Texas Rules of Appellate Procedure, the amount of the bond, deposit, or security which Judgment Debtors must post to supersede the Judgment is $1,859,917.54. It is further

ORDERED that Judgment Debtors must deposit an additional $133,717.40 with the District Clerk by 5:00 p.m. on February 23, 2023 to supersede the Judgment pursuant to Rule 24.1(c) of the Texas Rules of Appellate Procedure.

SIGNED this _____ day of _____, 2023.

Signed:
2/23/2023
1:32 PM

HONORABLE JUDGE DAWN ROGERS

Unofficial Copy Office of Marilyn Burgess District Clerk

2

# Exhibit 2