United States Courts
Southern District of Texas
FILED
NOV 0 8 2024
Nathan Ochsner, Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| HOUSTON REAL ESTATE PROPERTIES LLC, <br>     Debtor. | § § § § | CASE NO 22-32998 <br> (CHAPTER 7) |
| JOHN QUINLAN, OMAR KHAWAJA AND OSAMA ABDULLATIF <br>     Plaintiffs, <br><br> v. <br><br> HOUSTON REAL ESTATE PROPERTIES LLC, et al <br>     Defendants. | § § § § § § § § § § § | ADVERSARY NO. 23-03141 |

## AMENDED EMERGENCY MOTION TO STAY ENFORECEMENT OF FULLY SUPERSEDED JUDGMENT

### NOTICE OF RIGHT TO SET A HEARING

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.REPRESENTED PARTIES SHOULD ACT THROUGH THEIRATTORNEYS. EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERSTHE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF, OR IF YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

**EMERGENCY HEARING REQUESTED**

Movant requests an emergency hearing on his Emergency Motion to Stay Enforcement of Fully Superseded Judgment, subject to convenience and availability of the Honorable Court's docket, before November 15, 2024. The emergency exists and immediate relief is absolutely imperative, Movant's mother has been taken ill due to the aggressive collections actions of the Plaintiffs, notwithstanding judgment having been fully superseded. Additionally, the collection actions of the Plaintiffs have crippled the business operations of the Movant, so much so that employment of his key employees had to be terminated due to sustainability issues caused by this adversary proceeding, business relationships with banks and lenders have been lost, and several of Movant's properties have been tied with fraudulent lis pendens filings by the Plaintiffs.

Consequently, unless the Court grants immediate relief before November 15, 2024, Movant will lose everything—many of his holdings are being sold or transferred before the 15th of November 2024, but the collection actions of the Plaintiffs bar Movant from protecting his business and personal interests.

**TO THE HONORABLE JUDGE NORMAN:**

**COMES NOW,** Ali Choudhri ("Choudhri"), Defendant herein, and files this *Emergency Motion to Stay Enforcement of Fully Superseded Judgement*, and in support would respectfully show the Honorable Court as follows:

**I.     INTRODUCTION**

Choudhri files this *Emergency Motion to Stay Enforcement of Fully Superseded Judgment*, and respectfully requests that this Court grant an immediate stay of proceedings in this action regarding collection of the so-called judgments by the Plaintiffs, until such time it can be determined and adjudicated by this Court whether the subject adversary proceeding was filed in bad faith, Plaintiffs fraudulent conduct is sanctionable, and this adversary proceeding is subject to dismissal.

2

Defendant will show that Plaintiffs and their attorney. Michael Ballases have made gross misrepresentations to this Court. Defendant Choudhri, prior to Plaintiffs filing this adversary action, had fully superseded one of the subject judgments in full. Plaintiffs were aware of Defendant arresting the said judgment, and shouldn't have requested relief from the Court relative, including propounding discovery or noticing deposition testimonies. Defendant will show that contrary to self-serving aggrandization attributed to the Plaintiffs by their attorney in the background section the original complaint:

**Background**

23. Plaintiffs are upstanding, honest, and respectable, businessmen, real estate developers, attorneys, and or a combination of all. Collectively, Plaintiffs hold three judgements and stand in the shoes of four different judgment-creditors against Jetall, Choudhri, and or HREP.

Plaintiffs and their attorney are not what they portray themselves to be. Plaintiffs' sole purpose in filing the subject adversary proceeding was to harass the Defendants, including Chaudhri's mother who is 75 years old and not in good health. *See* Original Complaint, ECF NO. 1.

The judgment at issue, originally entered on November 21, 2022, was superseded by filing a cash deposit on February 17, 2023 in the amount of $1,859,917.54 (one million, eight hundred and fifty-nine thousand, nine hundred seventeen dollars and fifty-four cents), which included full amount of the judgment, and one year's interest. *See* evidence of cash bond deposited in the registry of the Harris County District Clerk. Exhibit 1. However, in spite Defendant having arrested the judgment, Plaintiffs, in bad faith, filed this frivolous action, and have continued to misguide this Court.

Accordingly, Defendant respectfully requests that the Honorable Court take judicial notice of the Plaintiffs' gamesmanship; especially, the patently false representations made to this Court,

3

misrepresentations made in their pleadings and oral hearings before the Court, tantamount to committing fraud on the Court.

## II. STATEMENT OF FACTS

3. On or about November 21, 2022, a judgment was entered in favor of Osama Abdullatif in **Cause No. 2013-41273**, *Osama Abdullatif and Abdullatif & Company, LLC v. Ali Choudhri and Houston Real Estate Properties, LLC*, in 334th Judicial District Court of Harris County.

4. This judgment was subsequently superseded by the filing of a cash deposit, attached herewith as Exhibit 1.

5. Despite arresting enforcement of judgment, Plaintiffs are actively engaged in the collection of the said judgment. Unfortunately, they went as far as filing a fraudulent action in this Court, including *lis pendens* filings against Defendant's properties unrelated to the judgments, without asserting real property claims.

6. To wit: Omar Khawaja ("Khawaja"), a Plaintiff in this cause, claimed in his deposition that he had no knowledge of the supersedeas bond (cash deposit in the amount of approximately two-million dollars, registry of Harris County District Clerk). Whereas, Khawaja is an attorney licensed by the State Bar of Texas (Exhibit 2), and a co-Plaintiff with Osama Abdullatif and John Quinlan in this case. Regrettably, this Texas attorney would like the Honorable Court to believe that he did not consult with the other two Plaintiffs whether any of the three judgments had been superseded, before he field this adversary proceeding—even though under Bankruptcy Code Khawaja was required to diligently research whether filing of the adversary action was justified. Moreover, as an attorney who frequently files personal injury cases in Harris County, and claims to be intimately familiar with the alleged questionable actions of the Defendant, notwithstanding online access to Harris County District Clerk's public website, claims he did not know that the judgment had been superseded.

4

7. Instead, the excepts of Khawaja's deposition testimony (below) show that when asked about the supersedeas bond, he blatantly claims, "I am not aware of it." Moreover, in the deposition, he is assisted by the other bad actor, T. Micheal Bellases, his attorney, who readily objects to the questions regarding Khawaja's knowledge of a supersedeas bond regarding the subject judgment. The mendacity continues, as Khawaja then denies any knowledge of an appeal pending in the Texas Court of Appeals regarding the said judgment. Defendant hopes that this Court would compel T. Micheal Bellases to acknowledge that he shouldn't have assisted his clients with committing fraud on the Court.

```
 5       Q.   But isn't it true that one of these
 6   complaints, one of these judgment is has already been
 7   superseded?
 8       A.   I'm not aware of that.
 9       Q.   You're not aware that in case number 202038738
10   that judgment was superseded?
11            MR. BALLASES:  Objection. Form.
12            THE DEPONENT:  I have no knowledge of that.
13   BY MR. POPE:
14       Q.   Are you aware that any of the judgments are on
15   appeal?
16       A.   I'm not aware of that, no.
17       Q.   But you are alleging alter ego in this
18   proceeding against Mr. Choudhri and his mother Shahnaz
19   Choudhri, correct?
```

*See* Exhibit 3, Transcript of Omar Khawaja's Deposition dated October 3, 2024, page 94.

```
15        Q.  Certainly as a lawyer in the state of Texas,
16   you understand that when a judgment is superceded,
17   that that stays any collection activities; correct?
18        MR. BALLASES:  I'm going to object to the
19   question as misleading and harassing and oppressive.
20        Q.  (BY MS. HOOD)  You can answer --
21        A.  I'm not aware of that --
22        Q.  You're not aware of that?
23        A.  I'm not aware of that being -- I'm not aware
24   of the judgment being superceded.
25        Q.  And did you take any independent actions to
```

```
1    determine whether or not this judgment, which is on
2    appeal, had been superceded?
3         A.  No.
```

*See* Exhibit 4, Transcript of Omar Khawaja's Deposition dated September 11, 2024, page 91-92.

III. LEGAL GROUNDS FOR ABATEMENT

6.      Under **11 U.S.C. § 362**, the automatic stay is triggered upon the filing of a bankruptcy petition, prohibiting most collection actions against the debtor or the bankruptcy estate. Further, **11 U.S.C. § 105(a)** grants the court authority to issue any order necessary to carry out the provisions of the Bankruptcy Code, including staying actions that would undermine the integrity of the bankruptcy process.

7.      In this case, the collection actions of Plaintiffs and assistance furnished by their attorney on a superseded judgment are inappropriate and create conflicting liabilities for the Debtor, and harm to the bankruptcy estate, necessitating a stay until the litigation is resolved.

**III.    REQUEST FOR RELIEF**

**WHEREFORE,** Ali Choudhri respectfully requests that the Court grant the following relief:

1. Issue an immediate stay of all collection actions related to the superseded judgment, pending resolution of the ongoing litigation and verification of the judgment's enforceability;

2. Order Plaintiffs to cease collection actions related to the superseded judgment during the stay;

3. Grant any other relief the Court deems just and proper under the circumstances.

Respectfully Submitted,
By: /s/ Ali Choudhri
Ali Choudhri
2425 West Loop,
Suite 1100 77027
Phone: 281-630-6627
Email: ali@jetallcapital.com
Defendant, Pro se

## CERTIFICATE OF ACCURACY

The Movant, Ali Choudhri, hereby certifies that the averments made in the motion seeking an emergency hearing are accurate.

By: /s/ Ali Choudhri
Ali Choudhri

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served on interested parties in the manner listed below on November 8, 2024.

By: /s/ Ali Choudhri
Ali Choudhri

**23-03141 Notice will be electronically mailed, via the court's ECF noticing system to:**

1) Thomas Michael Ballases on behalf of Plaintiff John Quinlan ballases@hooverslovacek.com
   Thomas Michael Ballases on behalf of Plaintiff Omar Khawaja ballases@hooverslovacek.com;
2) Thomas Michael Ballases on behalf of Plaintiff Osama Abdullatif

7

ballases@hooverslovacek.com;
3) Matthew W. Bourda on behalf of Creditor Cypress BridgeCo, LLC matthew@jonesmurray.com;
4) Matthew W. Bourda on behalf of Creditor Magnolia BridgeCo, LLC matthew@jonesmurray.com;
5) Robert Paul Debelak, III on behalf of Creditor Cypress BridgeCo, LLC bobby.debelak@mhllp.com;
6) Robert Paul Debelak, III on behalf of Creditor Magnolia BridgeCo, LLC bobby.debelak@mhllp.com;
7) Robin L Harrison on behalf of Defendant A. Kelly Williams rharrison@hicks-thomas.com;
8) Angeline Vachris Kell on behalf of Plaintiff John Quinlan kell@hooverslovacek.com, avkell@gmail.com;doucet@hooverslovacek.com;
9) Angeline Vachris Kell on behalf of Plaintiff Omar Khawaja kell@hooverslovacek.com, avkell@gmail.com;doucet@hooverslovacek.com;
10) Angeline Vachris Kell on behalf of Plaintiff Osama Abdullatif kell@hooverslovacek.com, avkell@gmail.com;doucet@hooverslovacek.com;
11) Steven A. Leyh on behalf of Plaintiff John Quinlan leyh@hooverslovacek.com, graham@hooverslovacek.com;
12) Steven A. Leyh on behalf of Plaintiff Omar Khawaja leyh@hooverslovacek.com, graham@hooverslovacek.com;
13) Steven A. Leyh on behalf of Plaintiff Osama Abdullatif leyh@hooverslovacek.com, graham@hooverslovacek.com;
14) Jennifer Lea MacGeorge on behalf of Defendant 2727 Kirby 26L LLC service@jlm-law.com;
15) Jennifer Lea MacGeorge on behalf of Defendant 9201 Memorial Dr. LLC service@jlm-law.com;
16) Jennifer Lea MacGeorge on behalf of Defendant Arabella PH 3201 LLC service@jlm-law.com;
17) Jennifer Lea MacGeorge on behalf of Defendant Dalio Holdings I, LLC service@jlm-law.com;
18) Jennifer Lea MacGeorge on behalf of Defendant Dalio Holdings II, LLC service@jlm-law.com;
19) Jennifer Lea MacGeorge on behalf of Defendant Galleria Loop Note Holder LLC service@jlm-law.com;
20) Jennifer Lea MacGeorge on behalf of Defendant Jetall Companies, Inc. service@jlm-law.com;
21) Jennifer Lea MacGeorge on behalf of Defendant Jetall/Croix GP, LLC service@jlm-law.com;
22) Jennifer Lea MacGeorge on behalf of Defendant Jetall/Croix Properties LP service@jlm-law.com;
23) Jennifer Lea MacGeorge on behalf of Defendant MCITBE, LLC service@jlm-law.com;
24) Jennifer Lea MacGeorge on behalf of Defendant Otisco rdX LLC service@jlm-law.com;
25) Jennifer Lea MacGeorge on behalf of Defendant Shepherd-Huldy Development I, LLC service@jlm-law.com;
26) Jennifer Lea MacGeorge on behalf of Defendant Shepherd-Huldy Development II, LLC service@jlm-law.com;
27) Lenard M. Parkins on behalf of Defendant Shahnaz Choudhri lparkins@parkinsrubio.com;
28) 9141256420@filings.docketbird.com;bmcfadden@parkinsrubio.com;
29) Timothy L. Wentworth on behalf of Defendant Randy W Williams Ch7 Trustee

twentworth@okinadams.com, sgonzales@okinadams.com;nhollon@okinadams.com;
30) **Notice will be electronically mailed, via direct email correspondence to:** Ali Choudhri ali@jetallcompanies.com, legal@jetallcompanies.com **Notice will be sent by regular U.S. Mail to:** Houston Real Estate Properties, LLC 2500 West Loop South, Suite 255 Houston, Tx 77027

By: */s/ Ali Choudhri*
Ali Choudhri