# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

NOV 0 8 2024

Nathan Ochsner, Clerk of Court

| | |
|---|---|
| IN RE: § | |
| § | |
| HOUSTON REAL ESTATE PROPERTIES § | CASE NO 22-32998 |
| LLC, § | (CHAPTER 7) |
| Debtor. § | |
| § | |
| JOHN QUINLAN, OMAR KHAWAJA § | |
| AND OSAMA ABDULLATIF § | |
| Plaintiffs, § | ADVERSARY NO. 23-03141 |
| § | |
| v. § | |
| § | |
| HOUSTON REAL ESTATE PROPERTIES § | |
| LLC, et al § | |
| Defendants. § | |

## EMERGENCY MOTION TO ABATE PROCEEDINGS AND COMPEL PAYOFF AMOUNTS, PLAINTIFF HAS FAILED TO PROVIDE PAYOFF AMOUNTS

### NOTICE OF RIGHT TO SET A HEARING

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.REPRESENTED PARTIES SHOULD ACT THROUGH THEIRATTORNEYS. EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERSTHE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF, OR IF YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

**EMERGENCY HEARING REQUESTED**

Movant requests an emergency hearing on his Emergency Motion to Stay Enforcement of Fully Superseded Judgment, subject to convenience and availability of the Honorable Court's docket, before November 15, 2024. The emergency exists and immediate relief is absolutely imperative, Movant's mother has been taken ill due to the aggressive collections actions of the Plaintiffs, notwithstanding judgment having been fully superseded. Additionally, the collection actions of the Plaintiffs have crippled the business operations of the Movant, so much so that employment of his key employees had to be terminated due to sustainability issues caused by this adversary proceeding, business relationships with banks and lenders have been lost, and several of Movant's properties have been tied with fraudulent lis pendens filings by the Plaintiffs.

Consequently, unless the Court grants immediate relief before November 15, 2024, Movant will lose everything—many of his holdings are being sold or transferred before the 15th of November 2024, but the collection actions of the Plaintiffs bar Movant from protecting his business and personal interests.

**TO THE HONORABLE JUDGE NORMAN,**

**COMES NOW,** Ali Choudhri ("Choudhri"), Defendant herein, and files this *Emergency Motion to Abate Proceedings, Compel Plaintiffs to Provide a Payoff Amounts of Judgments*, and in support would respectfully show the Honorable Court as follows:

**I. INTRODUCTION**

1.  Defendant **Ali Choudhri** has repeatedly requested a payoff amount regarding judgments from Plaintiffs, JOHN QUINLAN, OMAR KHAWAJA, and OSAMA ABDULLATIF; however, Plaintiffs and their counsel have refused to provide the requested information. Defendant respectfully requests that this Court compel Plaintiffs and their counsel to provide amounts certain, regarding the subject judgments, so that the

Defendant may be afforded an opportunity to either post a bond to suspend enforcement or pay off such amounts to satisfy the judgments.

## II. STATEMENT OF FACTS

3. On or around August 15, 2023, Plaintiffs' counsel provided a payoff amount of $260,607.60 for the *Jetall Companies, Inc. v. Hoover Slovacek LLP Judgment* ("HSLLP Judgment"), cause no. 2020-38738; and $529,253.05 for *Jetall Companies, Inc. v. Richard Heil et al.* ("Heil Judgment"), cause no. 2017-10832 via email attached herewith as Exhibit 1.

4. Whereas on or around June 4, 2024, Plaintiffs filed proof of claim in cause no. 24-10120-smr to collect on the same judgments with a payoff amount of $192,928.11 for the HSLLP Judgment and $501,513.85 for the Heil Judgement attached herewith as Exhibit 2.

5. On or about October 2, 2024, Plaintiffs' counsel provided a payoff amount of $1,292,087.71 for both the HSLLP Judgment and the Heil Judgement via email, attached herewith as Exhibit 3.

6. Plaintiffs are also trying to collect on a judgment obtained on November 21, 2022, by Osama Abdullatif in Cause No. 2013-41273, *Osama Abdullatif and Abdullatif & Company, LLC v. Ali Choudhri and Houston Real Estate Properties, LLC*, in the 334th Judicial District Court of Harris County, Texas. However, the said judgment, pending appeal, has been fully arrested by posting a cash bond. Attached herewith as Exhibit 4.

Q. All righty. Mr. Khawaja, so the -- in this lawsuit you're attempting to collect on the three judgments that's listed in the complaint, correct?

A. That's correct.

Q. But isn't it true that one of these complaints, one of these judgment is has already been superseded?

A. I'm not aware of that.

Q. You're not aware that in case number 202038738 that judgment was superseded?

MR. BALLASES: Objection. Form.

THE DEPONENT: I have no knowledge of that.

BY MR. POPE:

Q. Are you aware that any of the judgments are on appeal?

A. I'm not aware of that, no.

Q. But you are alleging alter ego in this proceeding against Mr. Choudhri and his mother Shahnaz Choudhri, correct?

A. Yes.

Q. Okay. And what personal knowledge do you have that Mrs. Choudhri intentionally acted in a manner to defraud her creditors?

A. Well, Mrs. Choudhri is the same as Mr. Choudhri for purposes of defrauding creditors or

7.

4

*See* Omar Khawaja Deposition Transcript, dated September 11, 2024 and October 3, 2024.

Q.· Certainly as a lawyer in the state of Texas,
16· ·you understand that when a judgment is superceded,
17· ·that that stays any collection activities; correct?
18· · · · · ·MR. BALLASES:· I'm going to object to the
19· ·question as misleading and harassing and oppressive.
20· · · ·Q.· (BY MS. HOOD)· You can answer --
21· · · ·A.· I'm not aware of that --
22· · · ·Q.· You're not aware of that?
23· · · ·A.· I'm not aware of that being -- I'm not aware
24· ·of the judgment being superceded.
25· · · ·Q.· And did you take any independent actions to

·1· ·determine whether or not this judgment, which is on
·2· ·appeal, had been superceded?
·3· · · ·A.· No.


Q.· ·All righty.· Mr. Khawaja, so the -- in this
·2· ·lawsuit you're attempting to collect on the three
·3· ·judgments that's listed in the complaint, correct?
·4· · · ·A.· ·That's correct.
·5· · · ·Q.· ·But isn't it true that one of these
·6· ·complaints, one of these judgment is has already been
·7· ·superseded?
·8· · · ·A.· ·I'm not aware of that.
·9· · · ·Q.· ·You're not aware that in case number 202038738
10· ·that judgment was superseded?
11· · · · · · ·MR. BALLASES:· Objection.· Form.
12· · · · · · ·THE DEPONENT:· I have no knowledge of that.
13· ·BY MR. POPE:
14· · · ·Q.· ·Are you aware that any of the judgments are on
15· ·appeal?
16· · · ·A.· ·I'm not aware of that, no.
17· · · ·Q.· ·But you are alleging alter ego in this
18· ·proceeding against Mr. Choudhri and his mother Shahnaz
19· ·Choudhri, correct?
20· · · ·A.· ·Yes.

*See* Omar Khawaja Deposition Transcript, dated September 11, 2024 and October 3, 2024.

8. The lack of consistency in the payoff amounts, and illegal collection actions regarding a fully superseded judgment necessitates a temporary abatement, until the payoffs are provided, reconciled and verified.

9. Plaintiffs' counsel has failed to provide the payoff amount, despite multiple attempts by defendants to obtain this information since October 23, 2024, shown in Exhibit 1.

### III. LEGAL GROUNDS FOR ABATEMENT

6. Under **11 U.S.C. § 105(a)**, bankruptcy courts have the authority to issue orders to carry out the provisions of the Bankruptcy Code and to prevent an abuse of process to ensure that the court and parties may rely on the integrity of the bankruptcy process. Accordingly, abatement is appropriate here to avoid confusion and unfair advantage to Plaintiffs.

### IV. REQUEST FOR RELIEF

**WHEREFORE,** Ali Choudhri respectfully requests that the Court grant the following relief:

1. Issue an order to abate the proceedings until the correct payoff amount is calculated, verified, and disclosed to all relevant parties;

2. Require the Debtor to provide supporting documentation confirming the correct payoff amount to the Creditor and the Court within a specified timeframe.

3. Any other relief this Court deems just and proper under the circumstances.

Respectfully Submitted,<br>
By: /s/ *Ali Choudhri*<br>
Ali Choudhri<br>
2425 West Loop,<br>
Suite 1100 77027<br>
Phone: 281-630-6627<br>
Email: ali@jetallcapital.com<br>
Defendant, *Pro se*

## CERTIFICATE OF ACCURACY

The Movant, Ali Choudhri, hereby certifies that the averments made in the motion seeking an emergency hearing are accurate.

By: /s/ *Ali Choudhri*
Ali Choudhri

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served on interested parties in the manner listed below on November 8, 2024.

By: /s/ *Ali Choudhri*
Ali Choudhri

**23-03141 Notice will be electronically mailed, via the court's ECF noticing system to:**

1) Thomas Michael Ballases on behalf of Plaintiff John Quinlan ballases@hooverslovacek.com Thomas Michael Ballases on behalf of Plaintiff Omar Khawaja ballases@hooverslovacek.com;
2) Thomas Michael Ballases on behalf of Plaintiff Osama Abdullatif ballases@hooverslovacek.com;
3) Matthew W. Bourda on behalf of Creditor Cypress BridgeCo, LLC matthew@jonesmurray.com;
4) Matthew W. Bourda on behalf of Creditor Magnolia BridgeCo, LLC matthew@jonesmurray.com;
5) Robert Paul Debelak, III on behalf of Creditor Cypress BridgeCo, LLC bobby.debelak@mhllp.com;
6) Robert Paul Debelak, III on behalf of Creditor Magnolia BridgeCo, LLC bobby.debelak@mhllp.com;
7) Robin L Harrison on behalf of Defendant A. Kelly Williams rharrison@hicks-thomas.com;
8) Angeline Vachris Kell on behalf of Plaintiff John Quinlan kell@hooverslovacek.com, avkell@gmail.com;doucet@hooverslovacek.com;
9) Angeline Vachris Kell on behalf of Plaintiff Omar Khawaja kell@hooverslovacek.com, avkell@gmail.com;doucet@hooverslovacek.com;
10) Angeline Vachris Kell on behalf of Plaintiff Osama Abdullatif kell@hooverslovacek.com, avkell@gmail.com;doucet@hooverslovacek.com;
11) Steven A. Leyh on behalf of Plaintiff John Quinlan leyh@hooverslovacek.com, graham@hooverslovacek.com;
12) Steven A. Leyh on behalf of Plaintiff Omar Khawaja leyh@hooverslovacek.com, graham@hooverslovacek.com;
13) Steven A. Leyh on behalf of Plaintiff Osama Abdullatif leyh@hooverslovacek.com, graham@hooverslovacek.com;

14) Jennifer Lea MacGeorge on behalf of Defendant 2727 Kirby 26L LLC service@jlm-law.com;
15) Jennifer Lea MacGeorge on behalf of Defendant 9201 Memorial Dr. LLC service@jlm-law.com;
16) Jennifer Lea MacGeorge on behalf of Defendant Arabella PH 3201 LLC service@jlm-law.com;
17) Jennifer Lea MacGeorge on behalf of Defendant Dalio Holdings I, LLC service@jlm-law.com;
18) Jennifer Lea MacGeorge on behalf of Defendant Dalio Holdings II, LLC service@jlm-law.com;
19) Jennifer Lea MacGeorge on behalf of Defendant Galleria Loop Note Holder LLC service@jlm-law.com;
20) Jennifer Lea MacGeorge on behalf of Defendant Jetall Companies, Inc. service@jlm-law.com;
21) Jennifer Lea MacGeorge on behalf of Defendant Jetall/Croix GP, LLC service@jlm-law.com;
22) Jennifer Lea MacGeorge on behalf of Defendant Jetall/Croix Properties LP service@jlm-law.com;
23) Jennifer Lea MacGeorge on behalf of Defendant MCITBE, LLC service@jlm-law.com;
24) Jennifer Lea MacGeorge on behalf of Defendant Otisco rdX LLC service@jlm-law.com;
25) Jennifer Lea MacGeorge on behalf of Defendant Shepherd-Huldy Development I, LLC service@jlm-law.com;
26) Jennifer Lea MacGeorge on behalf of Defendant Shepherd-Huldy Development II, LLC service@jlm-law.com;
27) Lenard M. Parkins on behalf of Defendant Shahnaz Choudhri lparkins@parkinsrubio.com;
28) 9141256420@filings.docketbird.com;bmcfadden@parkinsrubio.com;
29) Timothy L. Wentworth on behalf of Defendant Randy W Williams Ch7 Trustee twentworth@okinadams.com, sgonzales@okinadams.com;nhollon@okinadams.com;
30) **Notice will be electronically mailed, via direct email correspondence to:** Ali Choudhri ali@jetallcompanies.com, legal@jetallcompanies.com **Notice will be sent by regular U.S. Mail to:** Houston Real Estate Properties, LLC 2500 West Loop South, Suite 255 Houston, Tx 77027

By: /s/ *Ali Choudhri*
Ali Choudhri