IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HOUSTON REAL ESTATE PROPERTIES, LLC, | § | CASE NO. 22-32998 |
| | § | (Chapter 7) |
| Debtor. | § | |
| | § | |
| JOHN QUINLAN, OMAR KHAWAJA, AND OSAMA ABDULLATIF, | § | |
| Plaintiffs, | § | ADVERSARY NO. 23-03141 |
| | § | |
| v. | § | |
| | § | |
| HOUSTON REAL ESTATE PROPERTIES, LLC, et al., | § | |
| Defendants. | § | |

**PLAINTIFFS' RESPONSE TO AMENDED EMERGENCY MOTION TO STAY ENFORCEMENT OF FULLY SUPERSEDED JUDGMENT**

TO THE HONORABLE JEFFREY P. NORMAN, UNITED STATES BANKRUPTCY JUDGE:

John Quinlan, Omar Khawaja, and Osama Abdullatif, ("Plaintiffs") file this Response to Ali Choudhri's Amended Emergency Motion to Stay Enforcement of Fully Superseded Judgment ("Motion to Stay").

**Summary of Motion**

1. Choudhri's motion and the relief sought are nonsensical and frivolous and only intended to delay and increase costs to Plaintiffs. The reasons are multiple. First, as this Court knows there are three final judgments of which Plaintiffs possess. Only one is subject to a supersedeas bond, thus even if Choudhri was correct—and he is not—that one superseded judgment (out of three total judgments) would not be grounds to stay this case. Next, as to the one judgment that is superseded, the filing of a superseades bond does ***not*** prevent a judgment creditor

1

from seeking to prevent the transferring and or dissipating of assets as well as bringing new legal proceedings to prove alter ego and fraudulent transfers. Finally, before proceeding with this adversary, Plaintiffs sought and obtained permission from the Bankruptcy Court to proceed. Accordingly, Plaintiffs respectfully request that the Court deny Choudhri's Motion to Stay.

### Jurisdiction

2.     The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding. The legal predicates for the relief requested in this Motion are 11 U.S.C. §§ 105 and 503 and the equitable powers of this Court.

### Response

3.     On or about July 6, 2023, Plaintiffs filed an *Unopposed Motion to Lift the Automatic Stay* to proceed with the Adversary Complaint in the main Bankruptcy Case. [Doc. No. 112].  On July 12, 2023, the Court granted it. [Doc. No. 132].  Subsequently, Plaintiffs proceeded with the adversary against Defendants.  Thus, Plaintiffs possess the Court's permission to proceed.

4.     Plaintiffs are the holders of three separate and distinct final judgments.  Two of the three judgments at the foundation of this adversary proceeding are not superseded and cannot be superseded because the judgment debtor exhausted all appellate avenues and options.  Thus, Plaintiffs cannot be stayed from pursuing their alter ego and fraudulent transfer claims and the motion should be denied.

5.     The supersedeas bond is irrelevant to this proceeding.  One of the judgments upon which the adversary is based, was rendered in Cause No. 2013-41273; *Osama Abdullatif & Company, LLC v. Ali Choudhri and Houston Real Estate Properties, LLC*; in the 334th Judicial District Court of Harris County, Texas (the "HREP Case").  It was this judgment that led to Houston Real Estate Properties, LLC, debtor, filing the instant bankruptcy.  Also, in the HREP

Case, the judgment debtor filed a supersedeas bond. By virtue of the adversary proceeding, Plaintiffs seek to expand the scope of liability by proving that defendants therein are alter egos of each other and participated in fraudulent transfers. In other words, Plaintiffs are seeking to prove new claims, which are separate, apart, and distinct, from collection of the underlying judgment. Choudhri mistakenly conflates the two. As such, his motion should be denied.

6. Even if Plaintiffs were seeking post-judgment discovery in or enforcement of the judgment in the underlying HREP Case (and they are not), Texas Law allows judgment creditors to conduct discovery regarding a judgment debtor's dissipating or transferring assets even if the judgment was superseded. See *In re Emeritus Corp.,* 179 S.W.3d 112, 116-117 (Tex.App.-San Antonio, 2005 orig. proceeding); TEX. R. APP. P. 24. In *Emeritus*, because the judgment debtor was trying to dissipate and or transfer away assets, the court permitted discovery of same to occur. *In re Emeritus Corp.*, 179 S.W.3d 112, 115-7. However, Plaintiffs are not seeking to execute on the judgment or post-judgment discovery in the underlying HREP Case. Rather, they are pursuing new claims, which should not be stayed.

## CONCLUSION

Plaintiffs, John Quinlan, Omar Khawaja, and Osama Abdullatif, respectfully request the Court deny Ali Choudhri's Motion to Stay; and, grant such other and further relief as the Court deems just and proper.

DATED: November 14, 2024.

Respectfully submitted,

**HOOVER SLOVACEK LLP**

By: */s/ Steve A. Leyh*_____
    T. Michael Ballases
    State Bar No. 24036179
    Ballases@hooverslovacek.com
    Steven A. Leyh
    Texas Bar No. 12318300
    Leyh@hooverslovacek.com
    Angeline Kell
    Texas Bar No. 24040009
    Kell@hooverslovacek.com
    Brice B. Beale
    State Bar No. 24031855
    Beale@hooverslovacek.com
    Chris J. Kronzer
    State Bar No. 24060120
    Kronzer@hooverslovacek.com
    Galleria Tower II
    5051 Westheimer, Suite 1200
    Houston, Texas 77056
    (713) 977-8686 (Telephone)
    (713) 977-5395 (Facsimile)

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing document has been served electronically upon each of the parties identified on the Court's ECF Service List maintained in this case, on November 14, 2024, and as additionally noted below.

**23-03141 Notice will be electronically mailed to:**

James Pope
Jennifer MacGeorge
**Jetall Companies, Inc., Arabella PH 3201 LLC, 9201 Memorial Dr. LLC, 2727 Kirby 26L LLC, Dalio Holdings I, LLC, Dalio Holdings II, LLC, Houston Real Estate Properties, LLC *[Debtor]*, Shahnaz Choudhri, Ali Choudhri, Shepherd-Huldy Development I, LLC, Shepherd-Huldy Development II, LLC, Galleria Loop Note Holder LLC**
The Pope Law Firm
6161 Savoy, Suite 1125
Houston, Texas 77036
jamesp@thepopelawfirm.com
jmac@jlm-law.com
ecf@thepopelawfirm.com

Jana Smith Whitworth
Office of United States Trustee
515 Rusk Street, Suite 3516
Houston, Texas 77002
Jana.whitworth@usdoj.gov

Timothy L. Wentworth
**Randy Williams**
**Houston Real Estate Properties, LLC**
Okin Adams, LLP
1113 Vine St., Suite 240
Houston, Texas 77002
twentworth@okinadams.com

Robin Harrison
**Kelly Williams**
Hicks Thomas LLP
700 Louisiana, Suite 2300
Houston, Texas 77002
rharrison@hicks-thomas.com

        */s/ Steve A. Leyh*_____
         Steve A. Leyh