United States Bankruptcy Court
Southern District of Texas

**ENTERED**
November 21, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | **CASE NO: 22-32998** |
| HOUSTON REAL ESTATE PROPERTIES LLC, | § § § | **CHAPTER 7** |
| Debtor. | § § | |
| JOHN QUINLAN and OMAR KHAWAJA and OSAMA ABDULLATIF, | § § § § § § § § | |
| Plaintiffs, | § § § | |
| VS. | § § | **ADVERSARY NO. 23-3141** |
| JETALL COMPANIES, INC. and ARABELLA PH 3201 LLC and 9201 MEMORIAL DR. LLC and 2727 KIRBY 26L LLC and DALIO HOLDINGS I, LLC and DALIO HOLDINGS II, LLC and HOUSTON REAL ESTATE PROPERTIES, LLC and SHAHNAZ CHOUDHRI and ALI CHOUDHRI and SHEPHERD-HULDY DEVELOPMENT I, LLC and SHEPHERD-HULDY DEVELOPMENT II, LLC and | § § § § § § § § § § § § § § § § § § § § § § § § § § | |

| | |
|---|---|
| **GALLERIA LOOP NOTE HOLDER LLC** | § |
| and | § |
| **MOUNTAIN BUSINESS CENTER, LLC** | § |
| and | § |
| **RANDY W WILLIAMS CH7 TRUSTEE** | § |
| and | § |
| **OTISCO RDX LLC** | § |
| and | § |
| **MCITBE, LLC** | § |
| and | § |
| **JETALL/CROIX PROPERTIES LP** | § |
| and | § |
| **JETALL/CROIX GP, LLC,** | § |
| | § |
| **Defendants.** | § |

## ORDER DENYING MOTIONS (ECF NO. 334 AND 335)

Before the Court are two Motions to Reconsider filed by various defendants. They are almost identical and ask the Court to reconsider two orders (ECF No. 284 and 285) declining to withdraw the reference on two motions (ECF No. 265 and 267). For the following reasons the Court denies both motions.

The Court does not believe that the moving parties have a right to a jury trial which is the basis for the reconsideration request. Case law is the chief guide as to whether the right to a jury trial applies in matters that come before the bankruptcy court. In an effort to bring clarity to the legal landscape, the Supreme Court interpreted the resulting statutory structure regarding the right to jury trial in a fraudulent conveyance action in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989). The Court stands on its prior orders, including the orders' reference to the *Stern*[1] waiver language in its Preliminary Pretrial Order and that the dispute between the parties involves the claims allowance process or is otherwise integrally related to the restructuring of the debtor-creditor relationship.

This Court as indicated by its prior orders denying withdrawal of the reference will not issue a judgment in this case but will submit proposed findings of fact and conclusions of law to the District Court for de novo review. The District Court will review this Court's holding as to the defendant's right to a jury trial. In the District Court's discretion, it may adopt any holding or finding that the Court recommends and/or determine that some or all of the causes of action of the Plaintiffs or defenses raised by the Defendants require a jury trial. The Court stresses this is a de novo review. If the District Court makes that determination, it can then conduct a jury trial on those issues for which it makes that determination.

**The Court additionally stresses the importance of this order to the Plaintiffs**. It is possible that the District Court may have a very different opinion regarding the rights of the moving parties to a jury trial, as a whole or in part. This Court stresses that should the Plaintiffs agree with the allegations that the defendants are entitled to a jury trial, again in whole or in part, or not be willing

---

[1] *Stern v. Marshall*, 564 U.S. 462 (2011).

to defend this order denying a jury trial on a de novo review at the District Court, the Plaintiffs should seek to withdraw the reference. This case is ready for trial and the Court could grant such a motion and immediately certify the matter for trial to the District Court. The Court stresses there is a possibility that the Plaintiffs could be forced to try all, or part of this case twice should the District Court disagree with this Court's holding, which would lead to substantial duplication of effort and the incurrence of additional and substantial costs by the Plaintiffs.

Accordingly, both Motions to Reconsider are denied.

**SO ORDERED**.

    SIGNED 11/21/2024

_____
Jeffrey Norman
United States Bankruptcy Judge