United States Bankruptcy Court
Southern District of Texas
**ENTERED**
December 05, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO: 22-32998 |
| HOUSTON REAL ESTATE PROPERTIES § | |
| LLC, § | CHAPTER 7 |
| § | |
| Debtor. § | |
| § | |
| JOHN QUINLAN, OMAR KHAWAJA § | |
| AND OSAMA ABDULLATIF, § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | ADVERSARY NO. 23-3141 |
| § | |
| JETALL COMPANIES, INC., ARABELLA § | |
| PH 3201 LLC, 9201 MEMORIAL DR. LLC, § | |
| 2727 KIRBY 26L LLC, DALIO HOLDINGS § | |
| I, LLC, DALIO HOLDINGS II, LLC, § | |
| HOUSTON REAL ESTATE PROPERTIES, § | |
| LLC, SHAHNAZ CHOUDHRI, ALI § | |
| CHOUDHRI, SHEPHERD-HULDY § | |
| DEVELOPMENT I, LLC, SHEPHERD- § | |
| HULDY DEVELOPMENT II, LLC, § | |
| GALLERIA LOOP NOTE HOLDER LLC, § | |
| MOUNTAIN BUSINESS CENTER, LLC, § | |
| RANDY W WILLIAMS CH7 TRUSTEE, § | |
| OTISCO RDX LLC, MCITBE, LLC, § | |
| JETALL/CROIX PROPERTIES LP, § | |
| AND JETALL/CROIX GP, LLC, § | |
| § | |
| Defendants. § | |

### ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS

This matter is before the Court on the Motion to Dismiss Complaint (ECF No. 260) filed by the defendant, Shahnaz Choudhri, the Motion to Dismiss Complaint (ECF No. 261) filed by the defendants Jetall Companies, Inc., Arabella PH 3201 LLC, 9201 Memorial Dr. LLC, 2727 Kirby 26L LLC, Dalio Holdings I, LLC, Dalio Holdings II, LLC, Shepherd-Huldy Development I, LLC, Shepherd-Huldy Development II, LLC, and Galleria Loop Note Holder LLC.  These two motions

to dismiss are identical. A joinder to the two motions to dismiss was filed by Ali Choudhri (ECF No. 264). The plaintiffs filed one response to the two motions to dismiss and the joinder (ECF No. 339). The movants are moving to dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1) alleging that the Court lacks jurisdiction, for the failure to state a claim pursuant to FRCP 12(b)(6), the failure of the Complaint to include a "short and plain statement of the claim" as required by FRCP 8(a), and the failure to adequately plead fraud under FRCP 9(b). For the following reasons, the motions to dismiss and the joinder are all denied.

## FACTUAL BACKGROUND

This adversary proceeding was commenced on August 1, 2023, (ECF No. 1) (the "Complaint") alleging claims against the defendants for fraudulent transfer, fraud, alter ego liability, and joint business enterprise liability. The Complaint was supplemented on August 30, 2023 (ECF No. 26) and on March 20, 2024 (ECF No. 158). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409. Trial is currently scheduled for December 16, 2024.

## STANDARD OF REVIEW

These motions to dismiss were filed pursuant to FRCP 12(b)(1) and FRCP 12(b)(6), incorporated into Federal Rule of Bankruptcy Procedure 7012, and pursuant to FRCP 9(b), incorporated into Federal Rule of Bankruptcy Procedure 7009.

Pursuant to FRCP 12(b)(6), if a plaintiff has failed to state a claim upon which relief may be granted, a defendant may move to dismiss the complaint.[1] The Court reviews motions under Rule 12(b)(6) "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs."[2] The Court "will not strain to find inferences favorable to the plaintiff."[3] In order to survive a motion to dismiss for failure to state a claim, a plaintiff must meet FRCP 8(a)(2)'s pleading requirement, requiring a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief."[4] "A complaint does not need detailed factual allegations but must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assumed to be true raise a right to relief above the speculative level."[5] Fraud claims must, additionally, meet FRCP 9(b)'s heightened pleading requirements. Under

---

[1] *DynaStudy, Inc. v. Houston Independent School District*, 325 F.Supp.3d 767,773 (S.D.Tex. 2017).
[2] *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007).
[3] *Southland Sec. Corp. v. INSpire Ins. Solutions Inc.,* 365 F.3d 353,361 (5th Cir. 2004).
[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).
[5] *Lombard v. US Unwired, Inc.,* 565 F.3d 228, 232 (5th Cir. 2009).

FRCP 9(b), fraud claims must be alleged with particularity concerning the circumstances of the fraud.[6]

### FRCP 12(b)(1)

The bankruptcy court's jurisdiction arises from 28 U.S.C. §§ 1334(b) which grants district courts authority over "all civil proceedings arising under title 11, or arising in or related to cases under title 11."  The movants claim that the underlying claims against them are based solely on state common law and thus are "independent of bankruptcy law." They further state that they have not consented to this Court's adjudication of the state law claims.

The movants' argument regarding their consent to jurisdiction has been waived as this Court entered a pretrial order on August 2, 2023 at ECF No. 2, which required the parties to object to this Court's jurisdiction on or before October 17, 2023.  No objection to this Court's jurisdiction was filed by that deadline.

The movants do not address the remainder of Section 1334 regarding whether the claims arise in or are related to the underlying bankruptcy case, Case No. 22-32998.  28 U.S.C § 157(b) again provides that bankruptcy judges "may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, . . .". The Response points out that the Fifth Circuit "noted that it was only necessary to determine whether the matter was at least "related to" the bankruptcy." *In re Canion*, 196 F.3d 579, 581–82 (5th Cir. 1999).  The claims in this adversary concern whether or not the debtor and the defendants together engaged in fraudulent transfers, whether they are alter egos of each other and whether they engaged in a joint enterprise and whether those actions harmed the plaintiffs, John Quinlan, Omar Khawaja, and Osama Abdullatif (the "Plaintiffs").  Here, the Court agrees that if the Plaintiffs are successful, and can collect from the defendants the judgment held against the debtor, the underlying bankruptcy estate may be affected.  In addition, the Plaintiffs assert a cause of action for fraudulent transfer under the Texas Uniform Fraudulent Transfers Act ("TUFTA"),[7] which is a core proceeding under 28 U.S.C. § 157(b)(H).  The Court finds that it has jurisdiction over this adversary as a core proceeding and related to jurisdiction regarding the underlying bankruptcy proceeding. Therefore, the request to dismiss based on the lack of subject matter jurisdiction is denied.

---

[6] *Oppenheimer v. Prudential Sec. Inc.,* 94 F.3d 189, 195 (5th Cir. 1996).
[7] TEX. BUS. & COM. CODE §§ 24.005 and 24.006

**FRCP 8, 9, and 12(b)(6)**

Movants also assert that the Complaint should be dismissed under FRCP 8, 9 and 12(b)(6) as the allegations are conclusory and inadequate to establish the elements of each claim plead. The Court disagrees. Instead, it finds that the factual allegations set forth in the Complaint and the two supplements to the Complaint are sufficient to state a claim upon which relief may be granted.

With respect to fraud and fraud-based claims, a complaint must meet a heightened pleading standard, "stat[ing] with particularity the circumstances constituting fraud" and the "[m]alice, intent, knowledge, and other conditions" necessarily underlying fraud.[8] Specifically, the complaint must "(1) detail the statements (or omissions) that [the plaintiff] contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent."[9] Under FRCP 9(b), allegations of fraud must state the circumstances constituting the fraud "with particularity."[10] Pleading claims of fraud but failing to identify specific false or misleading disclosures made by the defendant constitutes grounds for dismissing a complaint under Rule 12(b)(6).[11]

There are two fraud based claims made by plaintiffs, one for fraudulent transfer against all defendants and one fraud claim against only one defendant, Ali Choudhri, who is not one of the movants. An element common to fraudulent transfers under TUFTA and the Bankruptcy Code is that the transfer must be of an interest of the debtor in property. Although not defined in the Bankruptcy Code,[12] the Fifth Circuit has interpreted the phrase to refer to any interest of the debtor in property that would constitute property of the debtor's bankruptcy estate but for the debtor's transfer of such interest.[13] The Complaint asserts sufficient facts in support of its claims that the defendants used various agreements to conceal ownership interest, control of assets, transferred personal assets, including cash, commingled funds, paid debts of each other and diverted profits.

---

[8] FRCP. 9(b).
[9] *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Secs.*, LLC, 797 F.3d 160, 171 (2d Cir. 2015). *See also McCauley v. Home Loan Inv. Bank*, 710 F.3d 551, 559 (4th Cir. 2013); *U.S. v. Planned Parenthood of the Heartland*, 765 F.3d 914, 916–17 (8th Cir. 2014); *Sanderson v. HCA - The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006); *Borsellino v. Goldman Sachs Grp.*, 477 F.3d 502, 507 (7th Cir. 2007); *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997).
[10] Fed. R. Civ. P. 9(b); see also, *Hernandez v. Ciba-Geigy Corp.,* 200 F.R.D. 285, 290 (S.D. Tex 2001); *U.S. v. Medco Health Solutions, Inc.*, 671 F.3d 1217, 1222 (11th Cir. 2012).
[11] *Royal Bus. Grp. v. Realist, Inc.*, 933 F.2d 1056, 1065-66 (1st Cir. 1991).
[12] *In re Jenkins*, 617 B.R. 91, 104 (Bankr. N.D. Tex. 2020).
[13] *In re Criswell*, 102 F.3d 1411, 1416 (5th Cir. 1997);

11 U.S.C. § 548 provides two bases to avoid a qualifying transfer, actual fraud and constructive fraud. The forms of fraud are distinguished by how fraud is proven. A transfer made with actual fraud involves a transfer made with actual intent to hinder, delay, or defraud,[14] while a constructive fraud claim is based on a transfer where the debtor received less than equivalent value in exchange for such transfer and was insolvent, or was engaged in business for which any property remaining with the debtor was an unreasonably small capital, or intended or believed that the debtor would incur debts that would be beyond the ability of the debtor to repay on the date such transfer was made.[15] The Fifth Circuit has articulated the following "badges of fraud" in connection with Section 548: (1) the lack of inadequacy of consideration received by the debtor; (2) the family, friendship or close associate relationship between the parties; (3) the retention of possession, benefit or use of the property in question; (4) the financial condition of the debtor—both before and after the transaction in question; (5) the existence or cumulative effect of the pattern or series of transactions or course of conduct after the incurring of debt by the debtor; (6) onset of financial difficulties by the debtor; (7) pendency or threat of suits by creditors of the debtor; and (8) the general chronology of events and transactions under inquiry.[16] The plaintiffs' actual fraud claim is subject to the heightened standard of Federal Rule of Civil Procedure 9(b), incorporated into Rule of Bankruptcy Procedure 7009(b). Applying these standards to the facts of this particular case, the Court concludes that Plaintiffs have pled fraud with sufficient particularity to satisfy the Rule 9(b) standard with respect to their fraudulent transfer claims. Several of these "badges of fraud" articulated by the Fifth Circuit are pled with particularity in the Complaint and the two supplements. In addition, plaintiffs have satisfied the Fifth Circuit's standard by specifically pointing to dates, amounts, and individuals who were involved in the alleged fraudulent transfers with intent to defraud creditors.[17]

To state a claim for a constructive fraudulent transfer, three elements must be established: (1) the debtor transferred an interest in property; (2) the debtor received less than a reasonably equivalent exchange for such transfer; and (3) the debtor was or became insolvent at the time of the transfer or incurred the obligation, or was engaged in a business with unreasonable small

---

[14] 11 U.S.C. § 548(a)(1)(A).
[15] 1 1 U.S.C. § 548(a)(1)(B).
[16] *In re Soza*, 542 F.3d 1060 (5th Cir. 2008).
[17] *In re Cyr*, 602 B.R. 315 (Bankr. W.D. Tex. 2019), *citing Think3 Litig. Tr. v. Zuccarello (In e Think3, Inc.*, 529 B.R. 147 (Bankr. W.D. Tex. 2015).

capital, or intended or believed that the debtor would incur debts beyond the debtor's ability to pay when due, or made such transfer or incurred such obligation for the benefit of an insider under an employment contract and not in the ordinary course of business.[18] The Complaint adequately sets forth facts in support of these elements by stating sufficient allegations identifying transferred assets in which the debtor would have had a legal or equitable interest at the time of filing as required in order to defeat the motion to dismiss.

**Alter Ego and Joint Enterprise Liability**

Lastly, the movants argue that there are two causes of action plead that are not true causes of action; i.e., alter ego and joint enterprise liability. They argue that alter ego is a means of imposing liability and any analysis of alter ego liability is premature at this time as there is no cause of action pled. The Court has already found that there is a cause of action, so this argument is without merit.

The joint enterprise liability cause of action in the Complaint is that the defendants "had an understanding or common purpose to be carried out by the enterprise, a community of pecuniary interest in that common purpose and an equal right to direct and control the enterprise. The Choudhri Defendants also committed one or more torts against Plaintiffs while acting within the scope of the enterprise." There is no allegation that the defendants acted as a single business enterprise as cited in the case law urged by the movants.[19] Instead, it is a joint enterprise claim.

**ACCORDINGLY, IT IS ORDERED** that the Motions to Dismiss, and the Joinder are denied.

SIGNED 12/05/2024

_____
Jeffrey Norman
United States Bankruptcy Judge

---

[18] *BFP V. Resolution Trust Corp.*, 511 U.S. 531, 535, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994).
[19] *SSP Partners v. Gladstrong Investments*, 275 S.W.3d 444, 456 (Tex. 2008).