IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HOUSTON REAL ESTATE PROPERTIES, LLC, | § § | CASE NO. 22-32998 |
| | § | (Chapter 7) |
| Debtor. | § | |
| | § | |
| JOHN QUINLAN, OMAR KHAWAJA, AND OSAMA ABDULLATIF, | § § § | |
| Movants, | § | ADVERSARY NO. 23-03141 |
| | § | |
| v. | § | |
| | § | |
| HOUSTON REAL ESTATE PROPERTIES, LLC, et al., | § § | |
| Respondents. | § § | |

**JOHN QUINLAN, OMAR KHAWAJA, AND OSAMA ABDULLATIF'S SUPPLEMENTAL RESPONSE[1] TO ALI CHOUDHRI'S BAD-FAITH AND FRIVOLOUS MOTION FOR THE <u>RECUSAL/DISQUALIFICATION OF JUDGE JEFFREY P. NORMAN</u>**

Plaintiffs, John Quinlan, Omar Khawaja, and Osama Abdullatif (collectively, "**Plaintiffs**"), submit this response to Ali Choudhri's Motion for the Recusal/Disqualification of Judge Jeffrey P. Norman (ECF No. 245) ("**Motion to Recuse**"), and ask the Court to deny the Motion to Recuse.

### I. INTRODUCTION

1. From the inception of this proceeding, Ali Choudhri ("**Choudhri**") has engaged in evasive and deceitful conduct, hampered discovery efforts, and caused delays. Due to this conduct, Judge Norman has had to issue warnings, admonishments, and orders against Choudhri for his lack of cooperation. But that is not a basis for a recusal and is no one's fault but for Choudhri's.

2. For example, Choudhri has not responded to discovery requests propounded upon him and other defendants. After Plaintiffs moved to compel, Judge Norman ordered Choudhri to

---

[1] This document supplements ECF Doc. No. 252.

respond to the production requests or otherwise be prohibited from introducing evidence that was not timely produced. *See* Discovery Conference Order (06/20/2024) (ECF No. 187). But Judge Norman's order offered Choudhri grace and an opportunity to rectify his discovery deficiency, as shown from the Order below:

> The Court grants grace. Any of the named parties may seek to vacate this order by (1) **timely** responding to the Production Requests, time being of the essence (2) filing a motion seeking to vacate this order for timely compliance with the production requests.
>
> SO ORDERED.
>
> SIGNED 06/20/2024
>
> Jeffrey Norman
> United States Bankruptcy Judge

3. Despite the grace offered by Judge Norman, Choudhri still has not responded. And without attempting to comply with the Order, Choudhri asked the Court to modify the Order in a motion to reconsider. In response, Judge Norman reiterated that Choudhri had to first comply with the order before seeking to modify or vacate it, as shown below:

> At issue is compliance with requests for production, as there have been no responses to the production requests in violation of Federal Rule of Civil Procedure 34. The Court requires compliance with its original order² which is clear and unequivocal. The movants/defendants must comply with the discovery requests before the Court will consider vacating or modifying its order. It seems counterintuitive that the defendants should seek to modify an order when they are in default of their discovery obligations, have been given an opportunity to fully cure their default without penalty and yet have not complied with the terms of the order.
> Furthermore, the Court warns movants/defendants that continued delay that is prejudicial to the parties as indicated by the entry of the Discovery Conference Order may lead to the Court denying any future attempt to vacate or modify its order.
> **THEREFORE, IT IS ORDERED** that the Motion to Reconsider Discovery Conference Order is denied without prejudice.
> SIGNED 07/15/2024
>
> Jeffrey Norman
> United States Bankruptcy Judge

*See* Order Denying Mot. Reconsider (07/15/2024) (ECF No. 190).

4. In addition, Judge Norman had to compel Choudhri and Shahnaz Choudhri to attend depositions after they unilaterally cancelled their own depositions set by Plaintiffs' counsel. *See* Discovery Conference Order (09/05/2024) (ECF. No. 195). Judge Norman's frustration with the discovery disputes was reflected in an order entered October 11, 2024, shown in part below:

> **DISCOVERY ORDER**
>
> The Court has held multiple Discovery Conferences in this case. Discovery disputes, however, appear to continue unabated. The Court warns all parties that failure to participate in discovery without good cause will lead to sever sanctions, the striking of pleadings and the entry of appropriate orders. This is the Court's final warning.

Discovery Order (10/11/2024) (ECF No. 221).

5. Despite the Court's admonishments, and despite Choudhri's continued failure to comply with his discovery obligations, the defendant entities, which are controlled by Choudhri, proceeded to file a motion for summary judgment in violation of Judge Norman's Order (ECF No. 187). *See* Defs.' Mot. Summ. J. (ECF No. 266). But acting dilatory and utilizing discovery as a shield and a sword is not all that Choudhri does in bad faith.

6. Now, Choudhri claims that Judge Norman is impartial against him and seeks to disqualify Judge Norman. However, filing a motion to recuse is a pattern and practice of Choudhri is numerous other lawsuit, of which the Court can take judicial notice thereof. Nevertheless, Plaintiffs file this supplemental response in opposition.

## II.  ARGUMENT

7. The Court should deny the Motion to Recuse for the following reasons:

A. **Judge Norman should not be disqualified based on rulings and statements made in response to Choudhri's repeated efforts to evade obligations and deadlines, deceive the Court, and delay proceedings.**

8. Section 455 governs the disqualification of judges "in any proceeding in which his impartiality might reasonably be questioned. 28 U.S.C. § 455. In applying the statute, a court considers "whether a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality." *United States v. Brocato*, 4 F.4th 296, 301 (5th Cir. 2021). The objective standard relies on the "well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *Id*.

9. "[A]dverse rulings or comments by a judge 'will support a claim of bias only if they reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible.'" *Id*. at 302 (citing *United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007)). The Supreme Court has explained that "challenges to a judge's 'ordinary efforts at courtroom administration'— including 'judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel and to witnesses'— are typically *insufficient* to require a judge to recuse." *Moskovits v. Mercedes-Benz Fin. Servs. United States, LLC*, No. 4:21-cv-2260, 2022 U.S. Dist. LEXIS 21360, at *4 (S.D. Tex. Feb. 2, 2022) (emphasis added) (quoting *Liteky v. United States*, 510 U.S. 540, 556, 114 S. Ct. 1147, 1158 (1994)).

10. "The bar for recusal under § 455 is a high one." *Dondero v. Jernigan*, No. 24-10287, 2024 U.S. App. LEXIS 28079, at *9 (5th Cir. Nov. 5, 2024). A movant seeking disqualification bears the burden of proving that a judge is unqualified by clear and convincing evidence. *Kinnear-Weed Corp. v. Humble Oil & Refining Co.*, 441 F.2d 631, 634 (5th Cir.1971).

**1.   Statements by Judge Norman regarding Choudhri's truthfulness were not based on extrajudicial information but based on Choudhri's history of lies in this proceeding and prior proceedings before Judge Norman.**

11.   "As a general rule, for purposes of recusal, a judge's 'personal' knowledge of evidentiary facts means 'extrajudicial,' so 'facts learned by a judge in his or her judicial capacity regarding the parties before the court, whether learned in the same or a related proceeding, ***cannot be the basis for disqualification***.'" *Conkling v. Turner*, 138 F.3d 577, 592 (5th Cir. 1998) (emphasis added) (cleaned up).

12.   Regarding judicial remarks, the Fifth Circuit has explained:

> Opinions formed by the judge that are based on the evidence in the case or events occurring during the proceedings do not constitute a basis for recusal "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Id*. If the remarks stem from an extrajudicial source, they may constitute sufficient grounds for recusal. Further, expressions of impatience, annoyance, dissatisfaction, and even anger, do not establish bias or partiality.

*United States v. Landerman*, 109 F.3d 1053, 1066 (5th Cir. 1997).

13.   Choudhri's first contention is that Judge Norman is impartial and biased based on "Disparaging Statements Made on the Record in this Matter Regarding Choudhri's Character and Truthfulness." Mot. to Recuse 8. However, Judge Norman's statements regarding Choudhri's truthfulness, or lack thereof, were not based on extrajudicial knowledge but rather based on facts learned by Judge Norman in his judicial capacity.

14.   In Judge Norman's Order disallowing a proof of claim, it is clear that Judge Norman's comments were made based on his "long history" of cases with Ali Choudhri. *See* **Ex. AA-12**, Order Disallowing Proof of Claim. In fact, Judge Norman stated that he "has held that [Choudhri's] truth and veracity are questionable in prior proceedings in this case." *Id*. at 2. This

shows that Judge Norman's statements did not stem from extrajudicial sources but from presiding over cases involving Choudhri.

15. Moreover, in stating that Choudhri failed to attend the hearing "claiming again, falsely, that he was ill," the Court's Order offers an insight into Judge Norman's reasoning in the following footnote:

> [3] Choudhri has made this claim in various matter set before this Court.
> 3 / 3

**Ex. AA-12**, Order Disallowing Proof of Claim. And although Choudhri's Motion to Recuse sneers at Judge Norman's qualification to evaluate Choudhri's medical condition, *see* Mot. to Recuse 9, a medical degree is not needed to identify a repeated lie.

16. In addition, Judge Norman, in his judicial capacity, could have taken judicial notice of the various orders by state courts and federal courts, including the Bankruptcy Court for the Southern District of Texas, to learn that Choudhri has repeatedly used the same excuse to miss hearings or extend deadlines. For example, in a Memorandum Opinion by the Texas Fourteenth District Court of Appeals denying a request for extension by Choudhri as the Appellant, the court stated:

> Appellant's motion was required to provide a plausible good faith justification for filing his notice of appeal when he did. *See Hone v. Hanefin*, 104 S.W.3d 884, 887 (Tex. 2003) (per curiam). Appellant's motion asserts that on June 2nd, two days before the deadline for filing the notice of appeal, he had stroke and was hospitalized. In appellant's telling, he missed the June 4th deadline for filing his notice of appeal during the ensuing confusion and while under doctor's care. However, appellant's motion is not accompanied by any evidence of his medical condition and treatment. Moreover, on July 1st, appellee filed a response containing evidence that appellant was actively participating in other litigation on June 3rd and 4th, as well as days beyond, despite his claim of having suffered a stroke and being under doctor's care. Notably, on June 3rd, appellant not only participated personally in a bankruptcy proceeding at Houston's federal courthouse, he was recorded later that day walking and talking outside that courthouse with no apparent paralysis or slurred speech, and otherwise exhibiting no signs of having suffered a stroke the previous day. Moreover, appellant apparently attended another hearing in person at Houston's federal courthouse on June 4th, the deadline for filing his notice of appeal. On one final note, on June 5th, the day after the deadline for filing the notice of appeal, appellant personally conducted a deposition for approximately four hours as a pro se litigant, despite (in his motion's telling) recently suffering a stroke and being under doctor's care.

**Ex. AA-14**, Mem. Op. Denying Extension 2–3. Notably, the ailment that Choudhri attempted to use in this appeal is the same ailment that he uses to support his Motion to Recuse.

17. Further, Choudhri alleges that Judge Norman "levied a number of personal accusations against him" by calling him a liar and a malingerer. *See* Mot. to Recuse 9. However, the Fifth Circuit has recently explained that "a judge is not generally required to recuse for bias,

even if the judge is 'exceedingly ill disposed towards the defendant,' when the judge's 'knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings.'" *United States v. Brocato*, 4 F.4th 296, 302 (5th Cir. 2021). Based on the knowledge obtained by Judge Norman from the course of the proceedings, Choudhri has proven to be dishonest and to feign illnesses to evade his obligations. Therefore, even assuming that such statements were made by Judge Norman, they would not require recusal because the statements are based on knowledge obtained from the course of this case.

**B.    Discussions between judges about cases are not improper nor a basis for disqualification.**

18.    Choudhri's second contention is that Judge Norman improperly discussed with another Bankruptcy Court Judge regarding this case. *See* Mot. to Recuse 10–12. This assertion fails for two reasons. First, Choudhri does not show that any information obtained by Judge Norman was extrajudicial, meaning outside of Judge Norman's judicial capacity. *See Conkling*, 138 F.3d at 592. Second, discussions between judges about cases are not considered improper. *See Doe v. Archdiocese of New Orleans Indem., Inc.*, No. 20-1338, 2023 U.S. Dist. LEXIS 106212, at *4 (E.D. La. 2023) ("[T]here was nothing improper about Judge North discussing the case with Judge Grabill while he was assigned to the case. **Judges frequently do, and sometimes must, talk to each other.**") (emphasis added).

**C.    Choudhri cannot be believed due to his repeated bad acts in litigation**

19.    Choudhri has demonstrated a pattern and practice of engaging in sanctionable conduct in his extensive litigation career.  Choudhri harassed Judge Norman's Court staff to such an extent that an email from a court manager had to be sent to admonish counsel for the Choudhri Defendants, and then this Court had to sua sponte issue an order stopping this conduct because he would not stop (**Ex. AA-16**). Monetary sanctions have been levied but not deterred the bad

behavior.  Attached as **Exhibit AA-2** is an order sanctioning Ali Choudhri, in the amount of $12,195.00 and noting that he asserted frivolous claims.  Attached as **Exhibit AA-3** is another order sanctioning Ali Choudhri, in the amount of $11,657.50.  Attached as **Exhibit AA-4** is an order instructing Ali Choudhri to stop filing pleadings seeking affirmative relief.  Attached as **Exhibit AA-5** is another order sanctioning Jetall in the amount of $122,752.60.   Attached as **Exhibit AA-6** is a pleading where Ali Choudhri's own attorney (former) accused him of fraud.  Attached as **Exhibit AA-7** is another order sanctioning Jetall in the amount of $90,000.00 and noting therein that "Jetall has been sanctioned multiple times in past litigation for engaging in improper and repugnant actions, in courts of law;  Jetall brought this, lawsuit for an improper purpose, which was to harass and increase the cost litigation and to cause opposing counsel to personally incur unnecessary expense so as to dissuade its opposing counsel from representing parties adverse to Jetall;".  Attached as **Exhibit AA-8** is another order sanctioning an entity owned by Ali Choudhri in the amount of $63,725.00.  Ali Choudhri commits fraud and has a reputation of dishonesty in the community.  Attached as **Exhibit AA-9** is a final arbitration order against Ali Choudhri and entities he controls noting that Ali Choudhri committed fraud (p.26) and lied under oath (p.28).  Attached as **Exhibit  AA-10** is a final judgment against Ali Choudhri and entities he controls noting that they committed fraud (again).  Attached as **Exhibit AA-11** is a memorandum opinion noting that Ali Choudhri and entities that he controls engage in schemes to improperly halt foreclosures and nuisance litigation (p. 16), have filed numerous unfounded bankruptcies as a part of this scheme (p.17), and has a reputation in the community as lacking the ability to be truthful (p.18).  Attached as **Exhibit  AA-12** is an order referring Ali Choudhri to the United States Attorney for criminal prosecution for filing a fraudulent proof of claim (p. 1) and noting that Ali Choudhri is a "forger" and a "liar" (p.3).  Attached as **Exhibit AA-13** is an order denying a motion

4919-3099-9044, v. 1

for reconsideration filed by Ali Choudhri noting therein that his motion contained a "materially false statement" (p.3). Attached as **Exhibit AA-14** is another memorandum opinion noting that Ali Choudhri lied about his medical condition in order to gain an extension of a deadline, which was denied as a result of his lying (pgs.2-3). And finally, attached as **Exhibit AA-15** is a pleading from Jetall and Ali Choudhri wherein they assert their Fifth (5th) Amendment (right against self-incrimination) in a matter with the Department of Justice.

20.   These are only some of the bad acts committed by Ali Choudhri and the entities that he controls. The Court can take judicial notice of more public filings in this same regard. However, the bottom line is that Choudhri should NEVER be taken at his word and all statements and accusations that he makes MUST be verified.

### III.   PRAYER

For these reasons, Plaintiffs respectfully ask the Court to deny Choudhri's Motion to Recuse.

Respectfully submitted,

**HOOVER SLOVACEK LLP**

By: _____
T. Michael Ballases
State Bar No. 24036179
ballases@hooverslovacek.com
Steve A. Leyh
State Bar No. 12318300
leyh@hooverslovacek.com
5051 Westheimer, Suite 1200
Houston, Texas 77056
Telephone: (713) 977-8686
Facsimile: (713) 977-5395

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

       I hereby certify that, on December 6, 2024, a true and correct copy of this filing was served electronically via the Court's CM/ECF system, and or as evidenced below.

### 23-03141 Notice will be electronically mailed to:

James Pope
Jennifer MacGeorge
**Jetall Companies, Inc., Arabella PH 3201 LLC, 9201 Memorial Dr. LLC, 2727 Kirby 26L LLC, Dalio Holdings I, LLC, Dalio Holdings II, LLC, Houston Real Estate Properties, LLC *[Debtor]*, Shahnaz Choudhri, Ali Choudhri, Shepherd-Huldy Development I, LLC, Shepherd-Huldy Development II, LLC, Galleria Loop Note Holder LLC, Otisco rdX, LLC, MCITBE, LLC, Jetall/Croix Properties LP, and its general partner Jetall/Croix GP, LLC**
The Pope Law Firm
6161 Savoy, Suite 1125
Houston, Texas 77036
jamesp@thepopelawfirm.com
jmac@jlm-law.com
ecf@thepopelawfirm.com

Jana Smith Whitworth
Office of United States Trustee
515 Rusk Street, Suite 3516
Houston, Texas 77002
Jana.whitworth@usdoj.gov

Timothy L. Wentworth
**Randy Williams**
**Houston Real Estate Properties, LLC**
Okin Adams, LLP
1113 Vine St., Suite 240
Houston, Texas 77002
twentworth@okinadams.com



_____
T. Michael Ballases

4919-3099-9044, v. 1