No. 1046362

| | | |
|---|---|---|
| ALI CHOUDHRI, | § | IN THE COUNTY COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CHRIS BELL, | § | |
| Defendant. | § | COUNTY COURT AT LAW NO. 2 |

**ORDER**

On **November 17**, 2014, the Court considered Plaintiff Ali Choudhri's motion for new trial, Defendant Chris Bell's response and motion for sanctions against Choudhri. The Court has also considered any response to Bell's motion for sanctions. The Court rules as follows:

Plaintiff Ali Choudhri's motion for new trial is denied.

Following an evidentiary hearing, Defendant Chris Bell's motion for sanctions is granted.

Accordingly, the Court makes the following findings:

1. Plaintiff has filed pleadings, made statements, and engaged in conduct which violate TRCP 13 and Chapter 10 of the Civil Practices & Remedies Code. Choudhri's original petition and amended petition assert frivolous claims. Choudhri filed his lawsuit only after Bell demanded payment for professional services rendered and informed Choudhri he would be filing suit to collect what was owed to him. Choudhri filed the lawsuit for an improper purpose, primarily to harass Bell and pressure him not to demand payment for his professional services rendered. After filing suit for an improper purpose, Choudhri engaged in a pattern of conduct calculated to delay the proceedings so that justice would be denied.

2. Choudhri has also disobeyed orders of this Court. On September 30, 2014, the Court granted Choudhri's motion for continuance of Defendants' motion for sanctions. At that hearing, the Court ordered from the bench that the continuance would be granted if Choudhri paid Defendants' attorneys' fees associated with preparing for and attending that hearing. Counsel for Defendant requested $2,500 and counsel for Choudhri agreed to pay it. The Court additionally ordered, and Choudhri agreed to pay Osama Abdullatif,

**EXHIBIT AA-2**    Exhibit E-2

a witness subpoenaed to attend the September 30, 2014 hearing, $500. Included in the Court's order and Choudhri's agreement, was that payment would be made to counsel for Defendant on or before October 7, 2014. Choudhri did not pay counsel for Defendant until November 7, 2014. At a November 10, 2014 hearing, counsel for Defendant claimed to have forgotten to make payment on time, blaming it on his secretary for failing to set a calendar reminder. But as counsel for Defendant pointed out, Bell filed a motion to show cause shortly after Choudhri failed to comply with the September 30, 2014 order, providing notice to Choudhri that he was in violation of that order. There is additionally no evidence in the record that Choudhri has ever paid the $500 the Court ordered – and he agreed – to pay to Osama Abdullatif.

4. There is a direct relationship between the sanctions and the offensive conduct.

Choudhri and/or entities under his control have been sanctioned multiple times by Harris County district and county courts. These sanctions have been in the range of $500-$11,000. Despite these sanctions, Choudhri's dilatory, harassing, and improper litigation conduct has continued unabated.

5. The sanctions imposed here are no more severe than necessary to promote full compliance.

6. There is good cause to support the imposition of sanctions in this case because the lawsuit was filed for improper purposes, including harassment, delay, and needless costs and expense. Additionally, the claims brought by Choudhri are clearly barred by existing law, have no basis in law or fact, and are not warranted by a good faith argument for the extension, modification or reversal of existing law and, in light of the record before the Court, the claims brought by Choudhri are groundless and brought in bad faith or for the purpose of harassment. Choudhri's conduct during litigation is also sanctionable for the reasons described above. It is therefore –

ORDERED, ADJUDGED, and DECREED that Plaintiff Ali Choudhri is sanctioned in the following amount: $ 12,195.— . Said sum shall be paid by certified check, money order, or by wire transfer to Berg Feldman Johnson Bell, LLP f/b/o Chris Bell within twenty days of this order. ~~It is further~~ –

3. Choudhri has also failed to obey a subpoena. Both parties agreed to set Choudhri's motion for new trial and Bell's motion for sanctions for an oral hearing at 11AM on November 17, 2014. Choudhri was served with subpoena through Defendant's counsel to appear before the Court to provide testimony at this hearing. Choudhri disobeyed the subpoena and did not appear at the hearing. Neither a motion to quash nor a motion for protective order was ever filed by Choudhri before 11AM November 17, 2014, the time specified in the subpoena for Choudhri's appearance.

EXHIBIT AA-2

Exhibit E-2

*It is further* ORDERED, ADJUDGED, and DECREED that Bell shall have and be entitled to all writs and processes that may be necessary for enforcement, execution, and collection of the sanctions imposed against Choudhri herein.

SIGNED on ____November 18____, 2014

_____
JUDGE PRESIDING

**APPROVED AND ENTRY REQUESTED:**

BERG FELDMAN JOHNSON BELL, LLP

By: _____
Geoffrey Berg (gberg@bfjblaw.com)
Texas Bar No. 00793330
Arthur Feldman (afeldman@bfjblaw.com)
Texas Bar No. 06886600
Bruce Johnson (bjohnson@bfjblaw.com)
Texas Bar No. 00794029
4203 Montrose Boulevard, Suite 150
Houston, Texas 77006
713-526-0200 (tel)
832-615-2665 (fax)

**RECORDER'S MEMORANDUM:**
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded.

ORDERED, ADJUDGED, and DECREED that Chris Bell is awarded the following attorney's fees in the event Choudhri files appeals (1) $10,000.- for responding to an appeal filed at the Court of Appeal and Bell prevails; (2) $15,000.- for responding to a Petition for Review before the Texas Supreme Court and Bell prevails; and (3) $10,000.- for preparing a brief on the merits if requested by Texas Supreme Court and Bell prevails.

3

EXHIBIT AA-2          Exhibit E-2