United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 09, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 23-34815 |
| **GALLERIA 2425 OWNER, LLC,** | § | |
| | § | |
| Debtor. | § | |
| | § | CHAPTER 11 |

### ORDER DISALLOWING PROOF OF CLAIM AND REFERRAL TO UNITED STATES ATTORNEY

Filing a false Proof of Claim is a federal crime.[1] For the reasons so stated the Court holds that Proof of Claim 7, and the Amended Claim 7-2 signed by Ali Choudhri as manager of 2425 WL, LLC is a false Proof of Claim, the claim is disallowed in its entirety and the Court refers this matter to the United States Attorney for investigation.

On March 21, 2024, Proof of Claim Number 7 was filed by 2425 WL, LLC in the amount of $22,968,231.58. On June 3, 2024, the Chapter 11 Trustee, Christopher R. Murray filed his Objection to Claim No. 7 (ECF No. 402). On June 28, 2024, the claim was amended (Claim 7-2) for the same amount of $22,968,231.58. Trial was held on September 6, 2024, evidence was introduced, and witnesses testified.

Proof of Claim 7-2 attaches as documentary evidence a Promissory Note (ECF No. 692-2) dated May 23, 2018, and a Deed of Trust (ECF No. 692-3) dated May 23, 2018, that was recorded on May 11, 2021. The Deed of Trust contains an undated notary acknowledgment, the attachments to the Proof of Claim also include a Settlement Statement (ECF No. 692-4) with a settlement date of May 23, 2018. Claim 7-2, the Promissory Note and Deed of Trust are all signed by Ali Choudhri. The Promissory Note and Deed of Trust are fraudulent. They were not created on May 23, 2018, and were created at a date substantially thereafter but prior to the recording date on the Deed of Trust of May 11, 2021.

The false secured Proof of Claim 7-2 is based on the Settlement Statement attached thereto that arises out of a real estate transaction that is shown by exhibits at ECF No. 692-8 to ECF No. 692-12. On May 23, 2018, Galleria 2425 Owner, LLC as borrower and National Bank of Kuwait, S. A. K. P., New York Branch ("NBK) as lender loaned $51,675,000.00 to the borrower for the purchase of real estate. The Promissory Note (ECF 692-9) is secured by a Deed of Trust (ECF 692-10) against the subject real estate. In addition to the NBK promissory note there was an additional Mezzanine Loan Agreement between Galleria 2425 JV, LLC as borrower and Naissance Galleria, LLC as lender in the amount of $16,100,000.00 (ECF 692-12). These various transactions are incorporated into the Settlement Statement, attached to the false Proof of Claim.

---

[1] 28 U.S.C. § 152 "A person who – …(4) knowingly and fraudulently presents any false claim for proof against the estate of a debtor or used any such claim in any case under title 11, in a personal capacity or as or though an; agent, proxy or attorney; …shall be fined under this title, imprisoned not more than 5 years or both."

**EXHIBIT AA-12**

As indicated by the Settlement Statement the borrower was Galleria 2425 Owner, LLC (the debtor), the Seller was 2425 WL, LLC (the claimant) and the lender was NBK. The Contract Sales Price (Line 401) is $79,500,000.00 and after payment of all outstanding debits and credits the Seller and claimant received cash of $13,720,254.15 (Line 603). The false Proof of Claim 7-2 is based on line 518 of the Settlement Statement which indicates a "Seller Credit to Buyer" of $14,730,332.38, which when netted against debits to the Buyer in the settlement statement leads to the cash payment to the Seller and claimant of $13,720,254.15. Somehow line 603 of the Settlement Statement leads the claimant to make the fanciful, and wholly false claim that the claimant who received over $13 million in cash has an additional claim against the debtor for over $14 million dollars plus accumulated interest as if it lent the debtor this sum, when it did not.

The actual May 23, 2018, transactions were authorized and signed by Azeemeh Zaheer ("Zaheer") in her various capacities including the representative(s) of Galleria 2425 Owner, LLC, Naissance Galleria, LLC, Naissance Capital Real Estate, Ltd, and Galleria 2425 JV, LLC. On this date she was the only person who could have authorized these transactions, and no other persons had authority to bind these entities. Zaheer appeared under subpoena and testified that the Promissory Note and Deed of Trust signed by Choudhri that are attached to the Proof of Claim 7-2 did not exist as of May 23, 2018, their purported date, and that even if they had existed, she would have been the only person authorized to enter such transactions. Choudhri had at that time no authority to sign these documents even though they purported to be signed on that date.

A plain reading of the Settlement Statement indicates that the Seller and claimant received over $13 million dollars from the sales transaction of May 23, 2018, and did not have a claim against the debtor for over $14 million plus accumulated interest. There could have been no consideration paid by the claimant for the Promissory Note or the Deed of Trust as alleged in Claim 7-2. The claimant received funds and did not and could not have paid any monies in the subject transaction. The Court holds that on May 23, 2018, the Promissory Note and Deed of Trust attached to the false Proof of Claim 7-2 did not exist, that they were created without the payment of any consideration by the claimant and that they were fraudulently created after the fact by Ali Choudhri, who controls the claimant.

If the testimony of Zaheer was not damning enough to Choudhri, Christopher Wyatt ("Wyatt") also testified under subpoena at the hearing. Wyatt was the Chief Operating Officer of Jetall Companies, Inc from July of 2019 to October of 2020. Jetall is also controlled by Ali Choudhri. Wyatt testified that Choudhri requested that he draft a Promissory Note and Deed of Trust in order to secure leverage against NBK due to a bankruptcy proceeding that severely impacted the financial standing of the debtor.[2] Wyatt was concerned about the request, conducted an independent investigation and determined that the claimant did not have a valid claim as contained in the false Promissory Note and false Deed of Trust and that any documents he drafted would be fraudulent. The Court finds both Zaheer and Wyatt to be incredibly competent witnesses.

This Court now has a long history with Ali Choudhri. This Court has held that his truth and veracity are questionable in prior proceedings in this case. The Court after hearing finds again that

---

[2] Case No. 20-32564, Stage Stores, Inc.

2 / 3

**EXHIBIT AA-12**

his truth and veracity are questionable, unfortunately entirely questionable. He did not appear for this hearing, claiming again, falsely, that he was ill.[3] The Court understands his failure to appear, as the only witnesses before the Court testified that Choudhri was of questionable conduct and created false documents. There are questions that Choudhri does not want to answer and if he had appeared, the Court would have forced him to answer them. The Court believes that Choudhri is a forger and a liar, but he at least is smart enough to avoid a Court hearing where he would be forced to testify and face what is now very evident to this Court.

The Court sustains the Chapter 11 Trustee's Objection at ECF No. 402, and orders that Proof of Claim 7-2 is disallowed in its entirety. This matter is referred to the United States Attorney for investigation.

**SO ORDERED.**

SIGNED 09/09/2024

_____
Jeffrey Norman
United States Bankruptcy Judge

---

[3] Choudhri has made this claim in various matter set before this Court.

3 / 3

**EXHIBIT AA-12**