United States Bankruptcy Court
Southern District of Texas

**ENTERED**

September 12, 2024

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 24-32143 |
| GALLERIA WEST LOOP | § | |
| INVESTMENTS, LLC, | § | |
| | § | |
| Debtor. | § | |
| | § | |
| | § | CHAPTER 7 |

## ORDER DENYING MOTION TO RECONSIDER
### (ECF No. 127)

On September 10, 2024, Mr. Choudhri sought reconsideration of the Court's order denying his motion for continuance. The motion for reconsideration is docketed by Mr. Choudhri with respect to an order entered on July 10, 2024 at ECF No. 92. It is apparent that is a docketing error. The substance of his motion concerns the Court's August 27, 2024 order entered at ECF No. 118. That is the order that is addressed here.

At a hearing on July 22, 2024, Mr. Choudhri challenged the appointment of the interim chapter 7 trustee by the United States Trustee. An interim chapter 7 trustee, who is vested with authority to control property of an estate, must be "disinterested" to qualify to serve. Mr. Choudhri alleged that Mr. Sommers was not "disinterested" and thus not qualified to serve.

The Court expressed its concern about delaying any consideration about Mr. Sommer's qualifications to serve. Mr. Choudhri was advised by the Court that it would set the hearing as soon as Mr. Choudhri could

EXHIBIT AA-13

be ready. The Court advised that the Court would not allow Mr. Sommers to serve as interim Trustee if he was not disinterested.[1]

Mr. Choudhri requested a hearing in 30-days and that discovery be permitted. The Court granted the precise relief requested by Mr. Choudhri. Mr. Choudhri picked the date of August 20, 2024. The Court granted the request. When a party aligned with Mr. Choudhri was not available on that date, Mr. Choudhri suggested August 27, 2024 or August 28. The Court set the hearing at 9:00 a.m. on August 28, 2024 as requested by Mr. Choudhri and counsel for his aligned parties. Recorded on July 22, 2024 between 2:00 p.m. and 2:06 p.m. The Court, at Mr. Choudhri's request, allowed discovery and required expedited responses.

Mr. Choudhri did not file any witness list or exhibit list prior to the scheduled August 28, 2024 hearing. It was alleged that he also took no discovery. Mr. Choudhri has not contradicted that allegation.

On August 27, 2024 at 2:16 p.m., Mr. Choudhri filed a motion to continue the August 28, 2024 hearing. The sole basis in his motion for a continuance was that he was "ordered to attend another court setting in Federal court on the same date, making attendance at both hearings not possible." He attached a purported docket sheet from a case pending in the United States Bankruptcy Court for the Western District of Texas. However, what he attached was not a docket sheet at all. Moreover, the document did not contain a scintilla of information concerning any requirement that Mr. Choudhri attend a hearing in the Western District of Texas.

At 4:46 p.m., the Court issued its order for which reconsideration is now sought. The Order granted leave to Mr. Choudhri to supplement his motion with a copy of the order requiring his attendance. The Court

---

[1] The docket sheet reflects that Mr. Sommers was elected as the permanent chapter 7 Trustee at the First Meeting of Creditors on August 14, 2024. An elected permanent trustee is elected by the estate's creditors. 11 U.S.C. § 702(b). The permanent trustee is not required to be "disinterested" under the Bankruptcy Code.

EXHIBIT AA-13

advised that it would consider the continuance motion upon receipt of the Order.

Mr. Choudhri did not supplement his motion. The Court proceeded with the scheduled hearing. Mr. Choudhri did not attend.

Remarkably, Mr. Choudhri seeks reconsideration. His motion for reconsideration is self-defeating:

1. The reconsideration motion informs the Court that Mr. Choudhri was not ordered to attend any hearing — the sole basis of his initial motion. *See* Decl. of Steve Sather, Ex. 1 ¶14, ECF No. 127 ("Mr. Choudhri was not ordered to be present for trial.") On the contrary, it appears that Mr. Choudhri chose to attend the hearing because it was in his best interest. That may be a valid reason, but it would not explain why he waited until the afternoon of August 27, 2024 to seek a continuance.

2. The reconsideration motion attaches a docket sheet from the Western District of Texas. The August 28, 2024 hearing in the Western District was set during an August 22, 2004 hearing at which Mr. Choudhri's attorney was present. Mr. Choudhri took no action to notify this Court or to request a continuance from this Court until 3 business hours before the scheduled August 28, 2024 hearing.

3. The motion contains no indication as to why Mr. Choudhri failed to comply with the simple requirements of the Court's order. He was merely required to supplement his motion so that the Court could consider whether to grant the requested relief.

Inasmuch as it is now known that the motion for a continuance contained the materially false statement (that Mr. Choudhri was ordered to appear in another Court), it is clear that the Court's order to supplement was appropriately issued.

On July 22, 2024, Mr. Choudhri advised the Court that he required discovery to be able to proceed with his disinterestedness

EXHIBIT AA-13

objection. The motion for continuance does not indicate that there is any merit whatsoever to the disinterestedness objection; Mr. Choudhri apparently did not conduct the discovery that he said was required. In any event, Mr. Choudhri failed to file a witness and exhibit list as required by this Court's local rules. He would not have been able to proceed with his case with or without a continuance.

There is neither a procedural nor a substantive basis on which Mr. Choudhri has demonstrated any merit.

Reconsideration of the order requiring supplementation is denied.

SIGNED 09/12/2024

_____

Marvin Isgur
United States Bankruptcy Judge

EXHIBIT AA-13