United States Bankruptcy Court
Southern District of Texas
**ENTERED**
December 16, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | **CASE NO: 22-32998** |
| HOUSTON REAL ESTATE PROPERTIES LLC, | § § § | **CHAPTER 7** |
| Debtor. | § § | |
| JOHN QUINLAN, OMAR KHAWAJA, AND OSAMA ABDULLATIF, | § § § § | |
| Plaintiffs, | § § § | |
| VS. | § § | **ADVERSARY NO. 23-3141** |
| JETALL COMPANIES, INC., ARABELLA PH 3201 LLC, 9201 MEMORIAL DR. LLC, 2727 KIRBY 26L LLC, DALIO HOLDINGS I, LLC, DALIO HOLDINGS II, LLC, HOUSTON REAL ESTATE PROPERTIES, LLC, SHAHNAZ CHOUDHRI, ALI CHOUDHRI, SHEPHERD-HULDY DEVELOPMENT I, LLC, SHEPHERD-HULDY DEVELOPMENT II, LLC, GALLERIA LOOP NOTE HOLDER LLC, MOUNTAIN BUSINESS CENTER, LLC, RANDY W WILLIAMS CH7 TRUSTEE, OTISCO RDX LLC, MCITBE, LLC, JETALL/CROIX PROPERTIES LP, AND JETALL/CROIX GP, LLC, | § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § § | |

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on the Motion for Summary Judgment (ECF No. 266) filed by the Jetall Companies, Inc., Arabella PH 3201 LLC, 9201 Memorial Dr. LLC, 2727 Kirby 26L LLC, Dalio Holdings I, LLC, Dalio Holdings II, LLC, Shepherd-Huldy Development I, LLC, Shepherd-Huldy Development II, LLC, Galleria Loop Note Holder LLC, Otisco RDX LLC, MCITBE, LLC, Jetall/Croix Properties LP, and Jetall/Croix GP, LLC (collectively the

"Defendants"). A response was filed in opposition by the plaintiffs, John Quinlan, Omar Khawaja and Osama Abdullah (ECF Nos. 368).

The motion for summary judgment was filed pursuant to Federal Rule of Civil Procedure 56 and Federal Rule of Bankruptcy Procedure ("FRBP") 7056, alleging there is no evidence of at least one essential element of each of the Plaintiffs' claims for fraud and liability based on an alter ego theory, and thus there is no genuine issue of material fact that exists as to the Plaintiffs' claims. This Court, having considered the pleadings filed, the summary judgment evidence, and applicable law, finds that the Motion for Summary Judgment should be denied.

## PROCEDURAL ISSUES

Procedurally, the motion is deficient as the movant failed to attach a proposed order to the instant motion as required by Bankruptcy Local Rule 9013-1(h).[1] In addition, the motion states that the Defendants are seeking summary judgment, yet in paragraph 8, it states that the debtor, Houston Real Estate Properties is seeking summary judgment. The prayer for relief prays that the "Defendant" receive a summary judgment on all issues of liability. The motion is executed by Rob Teir as co-counsel for Defendant, Houston Real Estate Properties, LLC ("HREP"). The docket does not reflect Rob Teir as counsel for any party and reflects that HREP currently has no counsel. Accordingly, it appears that only one defendant, Houston Real Estate Properties, LLC is moving for summary judgment in this case, and not the Defendants listed in the opening paragraph of the motion.

## FACTS

This action stems from John Quinlan, Omar Khawaja and Osama Abdullah (collectively the "Plaintiffs")'s attempts to collect on three judgments they received in three separate lawsuits in Texas state court. The Plaintiffs obtained an assignment from the judgment creditors in two of the suits and Osama Abdullatif and Abdullatif & Company, LLC are the judgment holders in the third suit. Plaintiffs contend that all of the defendants sued are one and the same acting alter egos of one another, and that they intentionally evaded the Plaintiffs' collection efforts and defrauded the Plaintiffs through a series of fraudulent transfers of real and personal property.

HREP filed a petition under Chapter 11 on October 7, 2022. The complaint in this adversary was filed on August 1, 2023, with two supplemental complaints, one filed on March 20, 2024 and one was filed on June 10, 2024.

---

[1] "Each motion, application, objection, and response filed with the court must be accompanied by a proposed order."

2 / 4

## JURISDICTION

The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334(a) and (b), and the standing order of reference from the District Court. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2). The bankruptcy court has the power to enter a final judgment in this adversary proceeding, subject to traditional rights of appeal. This adversary proceeding arises under bankruptcy case number 22-32998 pending in this District and venue is proper pursuant to 28 U.S.C. § 1409.

## STANDARD OF REVIEW

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] The Court must view the evidence in a light most favorable to the nonmovant.[3] The movant bears the initial burden of presenting the basis for the motion and the elements upon which the nonmovant will be unable to establish a genuine dispute of material fact.[4] The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial.[5] However, before the non-moving party is required to produce evidence in opposition to the motion, the moving party must first satisfy its obligation of demonstrating that there are no factual issues warranting trial.[6]

## LEGAL ANALYSIS

HREP contends that the Plaintiffs failed to demonstrate that they have more than a scintilla of evidence regarding the cause of action for fraud.  The complaint alleges a fraud claim against Ali Choudhri only, not HREP and not against any of the other defendants.[7]  Accordingly, summary judgment is denied as to this allegation.

Next, HREP argues that "Defendants must show that each of his laundry list of alleged alter-egos of the debtor was in fact an alter ego, so as to overcome the usual prohibition of personal and overlapping liability that comes from the protection of forming a corporation or a similarly business entity."  However, it fails to present any facts in support of this argument. Instead, it merely sets forth conclusory statements regarding the issue and law in support of its position. The Fifth Circuit requires the moving party to demonstrate that there are no factual issues warranting

---

[2] Federal Rule of Civil Procedure 56(a).
[3] *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).
[4] *Celotex.Corp. v.Catrett*, 477 U.S. 317, 323 (1986).
[5] *Matsushita Elec. Indus. Co. v.Zenith Radio Crop.*, 475 U.S. 574, 586-87 (1986).
[6] *Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir. 1993).
[7] ECF No. 1, ¶46, page 20.

trial, and that mere conclusory statements are insufficient.[8]  Therefore, movant has not met its burden, and summary judgment is denied.

     **IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment is **DENIED**.

    SIGNED 12/16/2024

                                            Jeffrey Norman
                                            United States Bankruptcy Judge

---

[8] *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425 (5th Cir. 2000).