Motion for extension of time to file notice of appeal denied, motion to dismiss granted, appeal dismissed, and Memorandum Opinion filed July 23, 2024.



In The

# Fourteenth Court of Appeals

———————————

NO. 14-24-00428-CV

———————————

**ALI CHOUDHRI, Appellant**

V.

**ASHLEY B. PATTEN, Appellee**

**On Appeal from the 215th District Court
Harris County, Texas
Trial Court Cause No. 2017-43146**

## MEMORANDUM OPINION

This is an attempted appeal from a judgment signed March 6, 2024. Appellant's notice of appeal was filed June 11, 2024. As appellant timely filed a post-judgment motion to modify the judgment, the notice of appeal was due June 4, 2024. Tex. R. App. P. 26.1(a)(2).

Appellant's notice of appeal was not filed timely. A motion to extend time is necessarily implied when an appellant, acting in good faith, files a notice of appeal

Case 23-03141   Document 307-14   Filed in TXSB on 12/06/24   Page 2 of 3

beyond the time allowed by Texas Rule of Appellate Procedure 26.1, but within the 15-day grace period provided by Rule 26.3 for filing a motion to extend time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (1997) (construing the predecessor to Rule 26). Appellant's notice of appeal was filed within that 15-day grace period. However, appellant was still obligated to come forward with a reasonable explanation to support the late filing. *See Miller v. Greenpark Surgery Ctr. Assocs., Ltd.*, 974 S.W.2d 805, 808 (Tex. App.—Houston [14th Dist.] 1998, no pet.). Consistent with that situation, on June 24, 2024, appellee filed a motion to dismiss that was based on, among other things, appellant's failure to file a proper motion for extension of time to file his notice of appeal, and on June 25, 2024, appellant filed a motion for extension of time to file his notice of appeal.

Appellant's motion was required to provide a plausible good faith justification for filing his notice of appeal when he did. *See Hone v. Hanefin*, 104 S.W.3d 884, 887 (Tex. 2003) (per curiam). Appellant's motion asserts that on June 2nd, two days before the deadline for filing the notice of appeal, he had stroke and was hospitalized. In appellant's telling, he missed the June 4th deadline for filing his notice of appeal during the ensuing confusion and while under doctor's care. However, appellant's motion is not accompanied by any evidence of his medical condition and treatment. Moreover, on July 1st, appellee filed a response containing evidence that appellant was actively participating in other litigation on June 3rd and 4th, as well as days beyond, despite his claim of having suffered a stroke and being under doctor's care. Notably, on June 3rd, appellant not only participated personally in a bankruptcy proceeding at Houston's federal courthouse, he was recorded later that day walking and talking outside that courthouse with no apparent paralysis or slurred speech, and otherwise exhibiting no signs of having suffered a stroke the previous day. Moreover, appellant apparently attended another hearing in person at Houston's

2

EXHIBIT AA-14                EXHIBIT 14

federal courthouse on June 4th, the deadline for filing his notice of appeal. On one final note, on June 5th, the day after the deadline for filing the notice of appeal, appellant personally conducted a deposition for approximately four hours as a pro se litigant, despite (in his motion's telling) recently suffering a stroke and being under doctor's care.

Despite the clear incongruity between the vigorous activities appellee has alleged appellant was carrying out in early June and appellant's claim that he suffered a stroke and was under doctor's care at that time, appellant has made no effort at all to refute appellee's claims. We conclude, therefore, that appellant has failed to provide a plausible good faith justification for filing his notice of appeal untimely. Consequently, we deny appellant's motion for extension of time to file his notice of appeal, grant appellee's motion to dismiss, and dismiss the appeal for want of jurisdiction.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Wise and Bourliot.