IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
DEC 18 2024
Nathan Ochsner, Clerk of Court

| | |
|---|---|
| In re:<br><br>HOUSTON REAL ESTATE PROPERTIES, LLC,<br><br>Debtor,<br><br>JOHN QUINLAN, OMAR KHAWAJA, AND OSAMA ABDULLATIF,<br><br>Plaintiffs<br><br>v.<br><br>HOUSTON REAL ESTATE PROPERTIES, LLC, et al.<br><br>Defendants | Case No. 22-32998<br><br>Chapter 7<br><br><br><br>Adversary Case No. 23-03141 |

## ALI CHOUDHRI'S SUPPLEMENTAL MOTION FOR THE RECUSAL/DISQUALIFICATION OF JUDGE JEFFREY P. NORMAN

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C.A. § 455 (a), 2425 WL, LLC ("WL"), and Ali Choudhri ("Choudhri"), file this Supplemental Motion for the Recusal/Disqualification of Judge Jeffrey P. Norman ("Motion for Recusal") from this matter and would respectfully show the Court as follows:

### INTRODUCTION

As discussed in greater detail below, due to actual and/or perceived lack of impartiality towards Choudhri, Judge Jeffrey Norman cannot preside over this matter in a just and equitable manner. As a result, Movants respectfully request that this Court grant this Motion for Recusal. Judge Norman's

actual and/or perceived lack of impartiality towards Choudhri was made evident on a number of occasions by the manner in which Judge Norman has addressed Choudhri in this Court, both on the record and in written orders, to wit: when Judge Norman: (1) levied a number of personal accusations against Choudhri, calling him a liar, a malingerer who faked a stroke; (2) inappropriately called Choudhri "a boy who cried wolf" and admitted that Judge Norman traveled outside of the bounds of this Matter to discuss Choudhri's conduct with another Bankruptcy Court Judge, Judge Marvin Isgur, that Choudhri has matters pending before, in order to render a determination for a continuance due to Choudhri's stroke; (3) when Judge Norman berated Choudhri and dismissed very serious health concerns, despite the confirmation of the severity of the status of Choudhri's health by his physician and Methodist hospital personnel, during the June 17, 2024[1] and June 19, 2024[2] hearings before this Court, (4) Judge Jeff Norman has been alleged, under oath by another party in this case Omar Khawaja ("Khawaja"), to have approached him saying that Choudhri is "known as a fraudster."[5] (See attached depo recently taken of Omar Khawaja)

·1·   ···A.· Yes.

·2· • • • Q.· Anything else you reviewed?

·3· • • ·A.· I think just generally people in the community
·4· ·know that your client commits fraud. He's known as a
·5• •fraudster.

·6· • • • Q.· Who are these --

·7• • • • A.· So many people have approached me.

---

[1] Transcript of June 17, 2024 Hearing, attached as Exhibit 3.
[2] Transcript of June 19, 2024 Hearing, attached as Exhibit 3.
[5] Transcript of Sept. 11, 2024 Deposition, attached as Exhibit 4.
6. Transcript of Oct 3, 2024 Deposition, attached as Exhibit

8· · · · Q.· Okay. Who are these people?

9· · · · A.· Yeah, I can't -- many people that he's 10· ·defrauded over the years.

11· · · · Q.· Name one.

12· · · · A.· Well, Judge Norman is one. I don't know if

13· ·you know him. He's in the Southern District.

Furthermore, in this case Judge Norman refused to allow Choudhri to be pro-se in the deposition of Omar Khawaja, Osama Abdullatif, and John Quinlan and further denied other Parties in the case to have their own counsel and made one attorney represent all parties and denied others to ask questions in the deposition in this matter handicapping Choudhri and other defendants (Exhibit 15). Specifically, such acts were improper in the face of the underlying allegations in the complaint. The plaintiffs claim that Mr. Choudhri is an alter ego for the purposes of all his properties - all are one and one is all. Judge Norman's ruling in allowing only one party to represent the interest of all properties clearly assumes the conclusion that alter ego exists with respect to the defendants, a matter that has not been adjudicated by a

court of law. In effect, Judge Norman is advocating for the plaintiffs. Such a result clearly demonstrates a lack of impartiality in the matter before the Court.

Additionally, Judge Norman went outside the record and investigated other cases of Choudhri or cases Choudhri was involved in and made opinions of Choudhri without assessing the merits of those cases despite no Party in the matter discussing it.

*"The Court additionally stresses that the Debtors principal has a large litigation history, not only in this case but various bankruptcy cases scattered throughout the Southern District of Texas. footer 48"* in the Document ECF 740 and its exhibits is incorporated herein in Case 23-34815 (Exhibit 5). Furthermore, Judge Norman in Case No 23-34815 document 743 denied the motion to reconsider and Judge Norman wrongfully stated *"Motions filed under Fed. R. Civ. P 59(e) in bankruptcy court must be brought within 14 days. The movant filed this motion on September 24, 2024, when the 14 days expired on September 20, 2024. Accordingly, this motion was not timely filed under Rule 59(e)."* (Exhibit 6). Interestingly, the Motion to reconsider was filed on September 23rd Doc. 740 and the Order being reconsidered was entered and signed on September 9, 2024, Doc. 717. 9 plus 14 =23, however Judge Norman states it does not. The bias by Judge Norman is beyond belief and rationalization. It is for these reasons, and those outlined below, that Movants respectfully request that this Court grant this Motion for Recusal/Disqualification. An evidentiary hearing and investigation will reveal more evidence that can be presented.

## LEGAL STANDARD

"Any justice, judge, magistrate, or referee in bankruptcy of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C.A. § 455 (a). "'A party introducing a motion to recuse carries a heavy

burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise.'" *Johnson v. Steele,* 999 F.3d 584, 587 (8th Cir. 2021) (citing *United States v. Delorme,* 964 F.3d 678, 681 (8th Cir. 2020)). "Generally, claims of judicial bias must be based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality." *Chen v. Chen Qualified Settlement Fund,* 552 F.3d 218, 227 (2d Cir. 2009) (citing *Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)).

"The test for determining whether a judge's impartiality might reasonably be questioned is an objective one." *In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.,* 681 F. Supp. 3d 993, 1000 (D. Minn. 2023) (citing *A.J. by L.B. v. Kierst,* 56 F.3d 849, 861 (8th Cir. 1995)). "The test for recusal is 'whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all of the relevant facts of a case.'" *Id.* (citing *United*

*States v. Aldridge,* 561 F.3d 759, 764 (8th Cir. 2009)). A judge's impartiality might reasonably be questioned "when it appears that the judge harbors an aversion, hostility, or disposition of a kind that a fair-minded person could not set aside when judging the dispute." *Nairn v. Killeen Indep. Sch. Dist.,* 366 S.W.3d 229, 250 (Tex. App. 2012) (citing *Gaal v. State,* 332 S.W.3d 448, 452 (Tex.Crim.App.2011).

## LEGAL ARGUMENT

1. ***The Court's Impartiality Could be Reasonably Questioned Due to the Clear and Undisputed Bias of Your Honor Against Choudhri as a Result of Judge Norman's Disparaging Statements Made on the Record in this Matter Regarding Choudhri's Character and Truthfulness***

Judicial remarks may support a partiality challenge "if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky v. United States,* 510 U.S. 540,555, 114 S. Ct. 1147, 1157, 127 L. Ed. 2d 474 (1994). A showing of impartiality or bias by a judge in a proceeding is evident when "the judge comes to the matter at hand already possessing the particular disqualifying leaning, as may be demonstrated by a clear record of expressions or other actions consistent with the improper disposition." *Teachers4Action v. Bloomberg,* 552 F. Supp. 2d 414, 415 (S.D.N.Y. 2008). As it relates to this case, Judge Norman has made a number of biased, unfavorable, disparaging, and concerning comments against Choudhri regarding his character and candor regarding his recent health scare. It is undeniable that an average person would question Your Honor's impartiality in this matter. As a result, recusal is warranted in this matter under 28 U.S.C.A. § 455 (a).

   a. ***Improper and Discouraging Comments Made in Reference to Choudhri's Health Despite Confirmation of Severity of His Health Status by Medical Professionals***

On several occasions during June 2024 hearings before this Court, Judge Norman questioned

the truthfulness of Choudhri's reports concerning his health after he suffered a stroke several days before he was set to appear before this Court. Judge Norman questioned the seriousness of his stroke related health impairments despite reports and confirmations of the severity of his health by licensed health professionals. It is important to outline for this Court the events related to these remarks in June of 2024 and the Movants would respectfully show as follows:

On the morning of 06/02/2024, Choudhri woke up to facial paralysis on half his face and body and went to the ER to be assessed. Subsequently Choudhri was checked in to the hospital and had an MRI done, the interpretation was that he had a "focal infarct in the right temporal lobe," by Dr. Vinh Ngo (Exhibit 5). This is "a localized area of brain tissue damage (infarct) in the right temporal lobe, caused by a disruption in blood supply, which can lead to symptoms like impaired memory, difficulty processing auditory information, visual perception issues, and sometimes even changes in personality depending on the affected area within the temporal lobe."

After an additional CT scan, he was discharged by Dr. Cecil Cherian on 06/03/2024 with orders for occupational therapy and an absolute diagnosis of "Stroke" (Exhibit 6). On 06/07/2024 Choudhri had a follow-up visit with Dr. Sajid Ali with Houston Cardiology Associates, who ordered that Choudhri "not participate in any stressful interactions and not return to work until July 7, 2024" (Exhibit 7).

All three Exhibits were previously submitted, with three separate physician's proclaiming Choudhri to have had a stroke and that he should not be working. Yet

somehow Judge Norman has manipulated these proven facts, writing that Choudhri "did not appear for this hearing, claiming again, FALSELY, that he was ill," on the 09/09/2024, Order Disallowing Proof of Claim and Referral to the United States Attorney General (Exhibit 1). Additionally, stating that "Choudhri has on multiple occasions claimed to have suffered a stroke only to appear before this Court with another Bankruptcy Court (Judge Marvin Isgur) and give testimony."

Judge Norman appears to have gone to Medical School and received his M.D., as he is now denying that three separate Doctors have provided legitimate care and that his opinion related to Mr. Choudhri is the only true and correct opinion medically, based solely on the necessity of Choudhri appearing before Judge Isgur's court in opposition to his doctor's recommendations. Choudhri choosing to disobey his doctor's advice, does not constitute "lacking veracity"... "making false claims"... or "crying wolf," all actual words Judge Norman used to describe Choudhri, proving unequivocally that his impartiality might reasonably be questioned.

### b. *Personal and Discouraging Comments Made in Reference to Choudhri's Character and Truthfulness on the Record and in Written Orders*

Judge Jeffrey Norman has issued serious accusations against Mr. Choudhri about his "truth and veracity," before this Court, despite the fact that Mr. Choudhri has given the Court no reason to do so. Specifically, Your Honor levied a number of personal accusations against Choudhri, calling him a liar, a malingerer who faked a stroke.

In contrast, Judge Norman made the statement that the Court finds "both Zaheer and Wyatt to be incredibly competent witnesses," despite common public and easily accessible

knowledge that Wyatt is a twice convicted felon (Exhibit 8) and Zaheer is Choudhri's disgruntled ex-girlfriend, clearly disqualifying them from being "incredibly competent witnesses." The duplicity exhibited by this opinion clearly speaks to bias against Mr. Choudhri, where the court credits the testimony of a twice convicted felon over that of a well-respected real estate developer in the community. This demonstrates the kind of hostility that a fair-minded person could not set aside when judging the dispute that courts look for when deciding whether recusal is proper.

It is evident by the clear consistent record of improper expressions and disparagement made by Judge Norman, as outlined above and explained below, against Choudhri, that Judge Norman possesses a particular disqualifying leaning that the Courts intended to protect litigants against under 28 U.S.C.A. § 455 (a) and well settled case law. Because it is undeniable that an average person would question Judge Norman's impartiality in this matter, Movants respectfully request that this Court grant this Motion for Recusal and reassign this matter to another judge as soon as is practicable.

### 2. *The Court's Impartiality Could be Reasonably Questioned Due to the Clear and Undisputed Bias of Your Honor Against Choudhri in Your Honor's Conferral Ex Parte Communications with Judge Marvin Isgur Prior to Issuing Rulings.*

"Disqualification due to personal bias or prejudice 'necessitates a showing that the alleged bias or prejudice be both personal and extrajudicial.'" *United States v. Bravo Fernandez,* 792 F. Supp. 2d 178, 185 (D.P.R. 2011) (citing *United States v. Giorgi,* 840 F.2d 1022, 1035 (1st Cir.1988)). "The 'extrajudicial source' doctrine stems from the common-sense view that ordinarily, the circumstances suggesting or creating the appearance of partiality cannot reasonably be derived from information learned by the judge in the normal course of litigation." *In re Damerau,* 525 B.R. 799, 804 (Bankr. S.D. Fla. 2015).

As it relates to this matter, Judge Norman engaged in extrajudicial conduct when he discussed Choudhri's unrelated court appearances before another Bankruptcy Court Judge, Judge Marvin Isgur, as part of Judge Norman's determination in denying a

continuance claiming Choudhri did not have a stroke when he in fact did as per the medical providers (Exhibit 3). Other unrelated legal matters for which Mr. Choudhri appears before other judges in this Court, or any other courts, carry no weight on the legal bearings central to this specific proceeding for which Judge Norman bears the responsibility of fairly and ethically adjudicating.

Furthermore, the reality that Judge Norman sought out additional and unrelated information outside of the scope of this specific bankruptcy proceeding, with the intention to further prejudice his perception of Choudhri before this Court, has created an undeniable appearance of bias--the very bias under 28 U.S.C.A. § 455 (a) was intended to protect litigants against. Because it is undeniable that an average person would question Judge Norman's impartiality in this matter, Movants respectfully request that this Court grant this Motion for Recusal and reassign this matter to another judge as soon as is practicable.

### a) *Improper and Discouraging Comments Made in Ex-Parte with Judge Isgur on an Unrelated Issue Pertaining to Choudhri*

On several occasions during June 2024 hearings before Judge Norman, he was presented with an oral motion of continuance due to Choudhri's documented health concerns, whereby Mr. Burks stated "The man's left side of his body, his face is completely paralyzed. The right side of his face is puffed up because the left side has dropped. He has a weeping eye. His gait is changed. He has doctor's letters, which I'm asking Mr. Baker to put up, stating that he should be stress-free for four weeks. I don't want to be the person responsible for another stroke or a heart attack." (Exhibit 3).

Judge Norman ignored Choudhri's documented medical physical health issues based on an ex-parte discussion with Judge Isgur; stating, "Part of the reason that I basically denied the motion was because I had a discussion with Judge Isgur about what happened at the hearing after the motion was filed .... I basically talked to him. He said that he was there, that he participated, that he appeared able to participate and he didn't participate--didn't at that point in time appear to have any sort of problems at all. Okay. So that's the reason for the motion being denied. If the order isn't clear in that regard, it is."

On 06/19/2024 hearing, Judge Norman stated, "I did speak to Judge Isgur about your appearance in front of him. That's correct. I don't consider that to be improper," yet again reflecting a cavalier attitude towards impartiality and ex-parte communications with Judge Isgur. This type of extrajudicial conduct is of the type 28 U.S.C.A 455 (a) and related caselaw was clearly intended to protect litigants against and therefore Movants respectfully requests that Judge Norman be recused/disqualified from this matter and another judge be assigned to this case as soon as practicable.

3.  ***The Court's Impartiality Could be Reasonably Questioned Due to the Clear and Undisputed Bias of Your Honor Against Choudhri Evidenced by Your Honor's Gross Errors in Application of the Law and Gratuitous Assistance to Plaintiffs.***

On Friday, December 6, 2024, the Judge Norman granted a motion by the National Bank of Kuwait, S.A.K.P., New York Branch and its affiliate Houston 2425 Galleria, LLC ("Purchaser"), to evict Jetall from One West Loop Plaza, located at 2425 West Loop South in Houston Texas, where Jetall has maintained offices for nearly 10 years. The Eviction Order requires that Jetall leave the Property immediately and allows NBK and its affiliate to seek assistance from law enforcement if Jetall has not vacated the premises by December 13, 2024The Court possessed neither jurisdiction nor statutory power to enter the eviction order. Neither the Bank nor the purchaser is a debtor in the underlying bankruptcy action. Jetall is a stranger to the proceeding too. It has not appeared in this case, has not been served with citation, has not been provided proper notice or an appropriate period to vacate, and was denied the procedural protections that parties enjoy in forcible entry and detainer actions under Texas law. Indeed, the Bank and Purchaser obtained the eviction order after a state court justice of the peace refused to evict Jetall, before the notice period that the Purchaser had given Jetall to vacate had expired, and after Jetall entered bankruptcy itself. No bankruptcy court in the country has ever granted such relief – allowing one non-debtor to evict another from property that has been sold and is therefore no longer part of the bankruptcy estate. Such matters lie beyond the jurisdiction and statutory powers conferred upon bankruptcy courts, reserved instead for the exclusive jurisdiction of state courts. The actions taken by Judge Norman with respect to these matters constitutes clear violations of applicable law which goes beyond reasonable bounds of judicial discretion. Rather, the violations of law stem from a pattern and practice of discriminatory bias against Mr. Choudhri and his fellow defendants which 28 U.S.C.A. 455 (a) and related caselaw was

meant to protect litigants against. A direct quote from judge Norman helps shed some light on the respect that he has for courts of competent jurisdiction, "I'm not really concerned with what the JP court has done. I take anything they do with a grain of salt. With all due respect to their jurisdiction and what they can and cannot do, they are, you know, an inferior court as far as I'm concerned." (Exhibit 20). Such a record clearly demonstrates action consistent with improper disposition thereby supporting disqualification/recusal. Therefore, Movant respectfully requests that Your Honor be removed from this case and that another judge be assigned to the matter as soon as practicable.

## CONCLUSION

For all the reasons outlined in this Motion, pursuant to 28 U.S.C.A. § 455 Ali Choudhri respectfully request that this Court grant their Motion for the Recusal/Disqualification of Judge Jeffrey P. Norman in this matter.

Respectfully Submitted,
By: /s/ Ali Choudhri
Ali Choudhri
2425 West Loop,
Suite 1100 77027
Phone: 281-630-6627
Email: ali@jetallcapital.com
Defendant, *Pro se*

CERTIFICATE OF SERVICE

I hereby certify that, on December 18, 2024, a true and correct copy of this filing was served electronically via the Court's CM/ECF system and/or as evidenced below.

23-03141 Notice will be electronically mailed to:

**Thomas Michael Ballases**
Hoover Slovacek LLP
5051 Westheimer
Ste 1200
Houston, TX 77056
713-977-8686
Email: ballases@hooverslovacek.com
*LEAD ATTORNEY*

**Angeline Vachris Kell**
Hoover Slovacek LLP
5051 Westheimer, Suite 1200
Houston, TX 77056
713-977-8686
Fax : 713-977-5395
Email: kell@hooverslovacek.com
*LEAD ATTORNEY*

**Christopher James Kronzer**
Hoover Slovacek LLP
5051 Westhemier
Ste 1200
Houston, TX 77056
713-977-8686
Email: kronzer@hooverslovacek.com

**Steven A. Leyh**
Hoover Slovacek, LLP
5051 Westheimer Road
Suite 1200
Houston, TX 77024
713-977-8686
Fax : 713-977-5395
Email: leyh@hooverslovacek.com

*/s/ Ali Choudhri*

<u>Ali Choudhri</u>