# EXHIBIT 6

United States Bankruptcy Court
Southern District of Texas

**ENTERED**
September 24, 2024
Nathan Ochsner, Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO: 23-34815 |
| GALLERIA 2425 OWNER, LLC, § | |
| § | |
| Debtor. § | |
| § | CHAPTER 11 |

## ORDER DENYING MOTION (ECF NO. 740)

Before the Court is the Motion to Reconsider (ECF No. 740) filed by 2425 WL, LLC. For the following reasons the motion is denied. This motion was filed under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 59(e), 60(a) and 60(b), as well as Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P.") 9023 and 9024.

The Court is being asked to reconsider its Order Disallowing Proof of Claim No. 7 which it entered after an evidentiary hearing on September 6, 2024. Although the movant also claims that Fed. R. Civ. P. 60(a) applies, it does not point to any clerical mistake or a mistake in oversight or omission as provided by Rule 60(a). Instead, the main thrust of its arguments is found under Rule 60(b)'s allowance of relief from mistake, inadvertence, surprise or excusable neglect. The Court stands on the hearing record, the evidence presented to it and its order with fact and legal findings.

Motions filed under Fed. R. Civ. P. 59(e) in bankruptcy court must be brought within 14 days.[1] The movant filed this motion on September 24, 2024, when the 14 days expired on September 20, 2024. Accordingly, this motion was not timely filed under Rule 59(e).

Furthermore, Fed. R. Civ. P. 59(e) requires movant to clearly establish either a manifest error of law or fact or mut present newly discovered evidence.[2] This motion makes the same arguments made at trial, i.e. that the Settlement Statement attached to the disallowed Proof of Claim (Claim 7-2) somehow supports it rather than disproves it; that there was proper consideration; and that Choudhri has legal authority to sign the disallowed Promissory Note and Deed of Trust. All of these arguments were expressly rejected at trial. Thus, there is no error of law or fact, and the movant has not presented any newly discovered evidence.



EXHIBIT 6

---

[1] Fed. R. Bankr. P. 9023. Movant mistakenly states that the deadline is 28 days in its motion.
[2] *Pluet v. Frasier*, 355 F.3d 381, 384 (5th Cir. 2004).

As the Court stated:

As indicated by the Settlement Statement the borrower was Galleria 2425 Owner, LLC (the debtor), the Seller was 2425 WL, LLC (the claimant) and the lender was NBK. The Contract Sales Price (Line 401) is $79,500,000.00 and after payment of all outstanding debits and credits the Seller and claimant received cash of $13,720,254.15 (Line 603). The false Proof of Claim 7-2 is based on line 518 of the Settlement Statement which indicates a "Seller Credit to Buyer" of $14,730,332.38, which when netted against debits to the Buyer in the settlement statement leads to the cash payment to the Seller and claimant of $13,720,254.15. Somehow line 603 of the Settlement Statement leads the claimant to make the fanciful, and wholly false claim that the claimant who received over $13 million in cash has an additional claim against the debtor for over $14 million dollars plus accumulated interest as if it lent the debtor this sum, when it did not.

The Court reiterates that a plain reading of the settlement statement in conjunction with the testimony of the two appearing witnesses Azeemeh Zaheer and Christopher Wyatt can only lead to one conclusion, the conclusion reached by the Court in its order disallowing the claim. That the movant believes there is "no basis for the Court to disallow the claim" is in the opinion of this Court again fanciful and without a factual or legal basis.

The Court disagrees with the allegation that it erred as a matter of law by rendering a moot decision to invalidate the Proof of Claim. First, the Court notes that the Chapter 11 Plan has been appealed, that is it possible that Plan confirmation may be reversed, and the claim would therefore not be disallowed. Additionally, that the issues of claim validity that were raise in the objection to claim are substantially different than those raised by plan confirmation.

The Court also reiterates the long history this Court has experienced with Ali Choudhri ("Choudhri"). The Court has found Choudhri's truth and veracity to be lacking on multiple occasions. The Court stresses that Choudhri cannot expect the Court give weight to his unsubstantiated claims in this motion given (1) its prior holdings and (2) the prior hearing testimony of the Chapter 11 Trustee where "he could not rely on the veracity of Choudhri."[3]

The Court addresses Choudhri's claims that he was ill and unable to testify at the claim objection hearing. Unfortunately, Choudhri is much like "the boy who cried wolf."[4] Choudhri has on multiple occasions claimed to have suffered a stroke only to appear before this Court and another Bankruptcy Court [Judge Marvin Isgur] and give testimony. The Court therefore must

---

[3] ECF No. 565, pg 10) "He further testified that it was his opinion that he could not rely on the veracity of Choudhri."
[4] One of Aesop's Fables, to cry wolf is to give a false alarm so that future claims are treated as doubtful.

2 / 3

severely discount his claims that he was unable to appear. The Court additionally notes that his Emergency Motion to continue the claims disallowance hearing was filed at 10:05 p.m. the night before the scheduled hearing, less than twelve hours prior to that hearing. As the Court stated on the record when it denied Choudhri's request to continue, there were no reasons as to what only became apparent at 10:00 p.m. the night before the hearing, that the Choudhri parties could not have known much, much earlier.

The Court stresses its prior holding regarding what it perceives to be a long running scheme by Choudhri to stall a foreclosure and litigate.[5] The Motion to Reconsider is simply more of the same and rehashes the same arguments made at the hearing. This Court, as the trial court, has ruled. The parties have appeal rights, and the Court encourages them to exercise them, it will not however reconsider its ruling.

Therefore, for the reasons stated above, the Court denies in its entirety the Motion for Reconsideration and Relief from Judgment.

**SO ORDERED.**

SIGNED 09/24/2024

_____
Jeffrey Norman
United States Bankruptcy Judge

---

[5] ECF No. 565, pg 16) "As shown by the record, the Debtor and its principal have attempted and to this point been very successful in delaying NBK from exercising its rights under its loan documents, deed of trust and the Confidential Settlement Agreement. The Debtor and its principal Choudhri have been involved in a long running scheme to postpone a real estate foreclosure. This Court has spent over two days June 17 and 19, 2024, hearing specific evidence regarding the disputes between the Debtor, its principal and the NBK. The Court has previously found that the disputes raised by the Debtor, primarily the Debtor's principal, who is also the principal of the other objecting creditor, to be dubious and of limited value that includes primarily nuisance litigation to avoid foreclosure of the subject real estate. The Court finds that is has evaluated the claims raised by the Debtor and its principal based on the evidence presented in this case, especially the documentary evidence. The Courts evaluation finds these claims are not viable."