**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **By the Court** |
| **Bankruptcy Local Rules** | § | |

**Bankruptcy Local Rules
Effective October 29, 2024**

**Local Rule 1001-1.  General.**

(a)    These rules may be cited as the "Bankruptcy Local Rules" or "BLR".

(b)    In addition to these rules, the Local Rules of the District Court, the Administrative Procedures for CM/ECF, and the standing and general orders govern practice in the bankruptcy court.

(c)    The court's website, www.txs.uscourts.gov contains:

  (1)    Judges' schedules

  (2)    Dates for setting hearings

  (3)    Forms referenced in these rules

  (4)    Judges' individual court procedures

  (5)    Rules for chapter 11 cases designated as complex cases

  (6)    General and standing orders

(d)    A judge may modify the application of the rules in any case.

(e)    The forms referenced in these rules are on the court's website (www.txs.uscourts.gov).  "Official Forms" referenced in these rules are nationally promulgated forms and may be found via a link on the court's website.

(f)    All citations to statutory sections are to Title 11 of the United States Code (*i.e*, the Bankruptcy Code) unless otherwise specified.

**Local Rule 1002-1. Commencement of Case and Divisional Filing Locations.**

(a)    Corporate or partnership parties must be represented by counsel at all times.

EXHIBIT
22

October 29, 2024

(b)    Cases must be filed in the division of the debtor's "principal location", as defined in subparagraphs (c) and (d).  Nothing in this rule precludes a party-in-interest from filing a motion to transfer a case to another division under BLR 1014-1.

(c)    For an individual debtor, the debtor's principal location is the county of the debtor's principal residence or domicile for the longest portion of the 180 days preceding the date of the petition. If an individual debtor did not have a principal residence or domicile within the Southern District of Texas for at least 91 days before the filing of the petition, the individual debtor's principal location is the county of the debtor's principal assets within the Southern District of Texas.

(d)    For a debtor that is not an individual, the debtor's principal location is the county of the debtor's principal executive offices or principal assets for the 180 days immediately preceding the filing of the petition, or for a longer portion of such 180-day period than the principal executive offices or principal assets were located in any other county in this District.  If there are no principal executive offices or principal assets within the District, the principal location shall be the Houston division.

(e)    Notwithstanding anything herein to the contrary, Complex Cases as defined under the Procedures for Complex Cases in the Southern District of Texas are governed by General Order 2018-1, as it may be subsequently amended.

**Local Rule 1007-1.  Supporting Documents**.

(a)    On schedules D and E/F of Official Form 106, creditors must be in alphabetical order.

(b)    Official Form 121 must be submitted to the clerk with conventionally filed petitions and must be submitted to the clerk within 7 days of electronically filed petitions.

(c)    In all Chapter 13 Cases, the debtor must file with the plan:

(1)    If the debtor is a wage or salary employee, the debtor must file a wage order with service on the Trustee; or

(2)    If the debtor is not a wage or salary employee, the debtor must file on the forms promulgated from time to time by the Court:

(A)    a proposed Order for EFT Payments (Online Banking) and Debtor's Certification; or

(B)    a proposed Order for ACH Payments and Debtor's Certification.

October 29, 2024

(3)     If there are extraordinary circumstances justifying an exception to (1) or (2) above, the debtor may file a motion to allow direct payment of funds to the Trustee.

**Local Rule 1007-2.  Pro Se Petitions.**

(a)     Any individual filing a bankruptcy petition in person at the Clerk's office shall present the filer's government issued photo identification card used for entry to the federal courthouse.  The Clerk will make a copy of the presented photo identification.

(b)     Acceptable identification for the purposes of this local rule includes any state driver's license, a U.S. Passport, any identification card issued by a federal, state, or local governmental entity, military identification, as well as any other identification acceptable for entry into the federal courthouse.

(c)     The Clerk will convert the copy of the photo identification to a PDF document, which will be added to the docket as a restricted event.  Once docketed, the paper copy will be destroyed.

(d)     If a person fails to present acceptable identification as required by this Rule, the Clerk will note that failure on the docket sheet.

**Local Rule 1009-1.  Amendments of Voluntary Petitions and Their Supporting Documents.**

(a)     If an amendment or supplement is filed to add a creditor or to change the status, classification, or amount owed a creditor, no later than two days after the filing, the debtor must:

(1)     Serve the amendment by first class mail, postage prepaid, on the trustee, U.S. trustee, and all creditors affected by the amendment,

(2)     File a certificate of service,

(3)     File an amended mailing list in the form directed by the clerk, and

(4)     Pay the filing fee.

(b)     Amendments to schedules must be marked to identify added, deleted or changed information.

(c)     If it appears to the court or trustee that the supporting documents need to be amended, the court or trustee may notify the debtor, specifying the items, documents, and time for amendment.

October 29, 2024

(d)     If the debtor moves to correct an erroneous social security number, the debtor must serve all parties in interest. The proposed form of order must extend the deadline for objecting to exemptions and discharge if necessary.

## Local Rule 1014-1.  Intradistrict Transfer.

On motion of a party in interest or on its own motion, the judge may transfer a case, an adversary proceeding, or a contested proceeding to another judge or division in this district.  This rule does not apply to the reassignment of a judge following a recusal.

## Local Rule 1015-1.  Joint Administration.

(a)     Motions and proposed orders for joint administration should itemize the requested relief.  The motion and order must be in the form published on the court's website.

(b)     A motion for joint administration must be made to the judge with the lowest case number.

## Local Rule 1017-2.  Dismissals.

(a)     Among the reasons a case may be dismissed for want of prosecution under FED. R. BANKR. P. 1017 are:

(1)     Incomplete or late schedules filed by the debtor;

(2)     The failure of a non-individual debtor to act through counsel in the filing of a bankruptcy petition or the prosecution of a case;

(3)     Unpaid or late filing fees by the debtor;

(4)     Failure by the debtor to timely file mailing lists of creditors in the prescribed format;

(5)     Failure by the debtor to include the required creditors list with the petition;

(6)     Failure by the debtor to timely file the forms required by BLR 1007-1;

(7)     The debtor's lack of diligent, prompt prosecution through filing of a plan late, missing or incomplete disclosure statement or other document required by the code, rules, or orders;

(8)     The debtor's failure to attend the § 341 creditors meeting;

    (9)     The debtor's failure to timely amend schedules requested by the trustee or the U. S. trustee; and

    (10)    Unpaid U.S. trustee quarterly fees.

(b)    Chapter 13 trustees may file motions to dismiss for non-payment, in the exercise of their discretion, at any time.  Chapter 13 trustees must timely file motions to dismiss if the debtor is two monthly payments behind.  The hearing must be set at the first panel following the expiration of 28 days after the motion is filed.  The form of motion shall be in a form promulgated from time-to-time by the Bankruptcy Court.  Responses and requests for hearings on motions to dismiss must be filed not later than 21 days after service.  If no timely response is filed, the Court may dismiss the case without a hearing, at its discretion.

(c)    In chapter 13 cases, federal tax issues will be governed by the following procedures:

    (1)     At or before 7 days before the date first set for the first § 341 meeting of creditors, the Internal Revenue Service must send a tax transcript to the chapter 13 trustee, the debtor and debtor's counsel.

    (2)     Within 7 days after the § 341 meeting of creditors, the trustee must file a motion to dismiss any chapter 13 case in which the IRS transcript reflects a delinquent return for a period in which taxes would be entitled to a priority.  The motion shall be in a form published from time-to-time on the Court's website.

    (3)     Within 21 days after the chapter 13 trustee has filed a motion to dismiss a case based on delinquent tax returns, the debtor must file a response to the motion.

    (4)     If all tax returns that are the subject of a motion under BLR 1017-2(b) have not been filed, the plan will not be confirmed.  If all tax returns have been filed, the court may confirm the plan or may deny confirmation based on an estimate of the IRS's claim pursuant to § 502(c).  The order confirming the plan will provide that the plan has been confirmed based on an estimate of the debtor's tax liability and that the actual amount payable by the debtor in order to discharge the tax liability will be the actual amount determined based on the allowance of the tax claim, without regard for any provision in the plan to the contrary.

    (5)     The proposed order dismissing for failure to file tax returns will provide for dismissal with prejudice until all delinquent returns have been filed and must be in the form published from time-to-time on the Court's website.

October 29, 2024

**Local Rule 1019-1.  Supplemental Schedules in Converted Cases.**

Within 14 days after entry of an order converting a case from one chapter to another, the debtor must file: (1) supplemental schedules itemizing changes from the original schedules in property of the estate and in creditor lists, or (2) a statement that there are no changes.

**Local Rule 1075-1.  Complex Cases.**

Procedures for the administration of complex cases are governed by the Procedures for Complex Cases in the Southern District of Texas as posted on the Court's website.

**Local Rule 2002-1.  Notices to Creditors, Equity Security Holders, and the United States.**

Notices given under Bankruptcy Rule 2002 must be given as ordered by the Court.  If the Court does not enter a separate order directing the method of notice:

    (a)    Under Bankruptcy Rule 2002(a), the Court directs that notices that are governed by that rule must be given:

        (1)    With respect to the matters in Bankruptcy Rule 2002(a)(1), notice will be given by the clerk.

        (2)    With respect to the matters in Bankruptcy Rule 2002(a)(2), notice must be given by the proponent of the proposed use, sale, or lease of property.

        (3)    With respect to the matters in Bankruptcy Rule 2002(a)(3), notice must be given:

            (A)    In a chapter 7 case with a compromise involving exempt property, by the Debtor(s); in all other chapter 7 matters, by the trustee.

            (B)    In a chapter 11 case with Debtor(s) in possession, by the Debtor(s) in possession; in a chapter 11 case with a trustee, by the trustee.

            (C)    In a chapter 13 case when the proponent of the compromise is the chapter 13 trustee, by the chapter 13 trustee; in all other chapter 13 matters, by the Debtor(s).

        (4)    With respect to the matters in Bankruptcy Rule 2002(a)(4), notice must be given by the proponent of the dismissal or conversion.

        (5)    With respect to the matters in Bankruptcy Rule 2002(a)(5), notice must be given by the proponent of the proposed plan modification.

October 29, 2024

(6)     With respect to the matters in Bankruptcy Rule 2002(a)(6), notice must be given by the applicant.

(7)     With respect to the matters in Bankruptcy Rule 2002(a)(7), notice must be given by the clerk if the notice is sent with the notice of the initial meeting of creditors under § 341.  All other notices for matters in Bankruptcy Rule 2002(a)(7) must be given by the party requesting a bar date.

(8)     With respect to the matters set forth in Bankruptcy Rule 2002(a)(8), notice must be given by the proponent of the proposed plan.

(b)     With respect to the matters in Bankruptcy Rule 2002(b), notices must be given by the proponent of a proposed plan under chapters 9 and 11. With respect to a chapter 13 plan, notice must be given by the clerk as set forth in BLR 2002-1(c).

(c)     The clerk must send a notice promptly after a chapter 13 case is filed.  The notice must:

(1)     Set the initial meeting of creditors under § 341 (the "§ 341 Meeting").

(2)     Set the initial confirmation date for the Debtor(s)' proposed plan and a hearing on § 506 valuations on the last available date that is not more than 45 days after the § 341 meeting.  If the plan is filed on the petition date, the notice shall include a copy of the plan.

**Local Rule 2002-4.  Communication and Cooperation with Foreign Courts and Foreign Representatives.**

Except as otherwise ordered, the Court will utilize the Modalities of Court-to-Court Communication as published by the Judicial Insolvency Network.  A copy of the Modalities is available on the Court's website.  Unless otherwise ordered, initial communications shall be in English.  Communications should be directed to the presiding judge.  If the communication does not concern a specific case, the communication should be addressed to the Chief Bankruptcy Judge.

**Local Rule 2003-1.  Section 341 Meetings of Creditors or Equity Security Holders**.

(a)     The debtor must attend creditors' meetings unless excused by the court from attendance.

(b)     With trustee's consent, a debtor may participate at the creditors meeting by telephone in accordance with procedures established by the U.S. trustee. Any

other requested participation requires a court order.  The U.S. trustee's procedures are available on the Court's website.

(c)      The chapter 13 trustee will file a recommendation regarding confirmation of the debtor's proposed plan at the conclusion of the debtor's § 341 meeting.  If no timely confirmation objection is filed and the trustee recommends confirmation, then the judge may confirm the plan without a hearing or conduct a hearing on confirmation of the plan.  The trustee may withdraw a recommendation in favor of confirmation at any time.   If the trustee withdraws the confirmation recommendation less than 7 days before confirmation, the confirmation hearing will be rescheduled.

**Local Rule 2004-1.  Examination**.

(a)      The purpose of this rule is to avoid a motion and court order for a 2004 examination unless an objection is filed and to encourage agreements on an examination schedule.

(b)      A written agreement between the proponent, opposing counsel, and the person or entity to be examined of date, time, and place of a 2004 examination is enforceable by a motion to compel or for sanctions without necessity of court order or subpoena.

(c)      Conferences to arrange for an agreeable examination schedule are required. Failure to confer is grounds for a motion to quash and sanctions.

(d)      Not fewer than 14 days written notice of a proposed examination must be given to the person or entity to be examined, its counsel, and to affected parties under BLR 9013-1(a). The notice must apprise the party of the scope of the examination and categories of documents to be produced.  The notice must be filed.

(e)      If no response is served, the notice to conduct an examination under this rule is deemed ordered, without requiring the entry of an order.

(f)      If a party to be examined has objections, that party has the burden to seek relief from the court by filing a motion to quash or for a protective order.  The motion must comply with BLR 9013-1. The entity to be examined and affected parties have 7 days to respond or object to the proposed examination.

(g)      If anyone has been unreasonable in seeking or resisting discovery under Fed. R. Bankr. P. 2004, the court may impose sanctions.

**Local Rule 2006-1.  Trustee Election.**

A party seeking to conduct an election of a trustee must give written notice to the U. S. trustee not later than 7 days before the commencement of the § 341 meeting of creditors.

**Local Rule 2014-1.  Employment of Professionals.**

(a)     An application for employment by an attorney for the debtor or a motion for substitution of counsel for the debtor must have attached the statement required by FED. R. BANKR. P. 2016(b) and § 329 of the Bankruptcy Code.

(b)     *Nunc Pro Tunc* Application.

   (1)     If an application for approval of the employment of a professional is made within 30 days of the commencement of that professional's provision of services, it is deemed contemporaneous.

   (2)     If an application for the approval of the employment of a professional is made more than 30 days after that professional commences provision of services and the application seeks to make the authority retroactive to the commencement, the application must include:

      (A)     An explanation of why the application was not filed earlier;

      (B)     An explanation why the order authorizing employment is required *nunc pro tunc*;
      (C)     An explanation, to the best of the applicant's knowledge, how approval of the application may prejudice any parties-in-interest.

   (3)     Applications to approve the employment of professionals *nunc pro tunc* shall be approved only on notice and opportunity for hearing. All creditors in the case must be served with notice of the application. The notice must include the negative notice language of BLR 9013-1(b).

(c)     A combined application to employ accountant and pay compensation for the preparation of a tax return may be filed and approved without notice or hearing if the requested compensation does not exceed the Maximum Fixed Fee per tax return.  The Court will publish the current Maximum Fixed Fee on its website.

(d)     Applications to retain special counsel in an individual chapter 7, 11, 12 or 13 case for the purpose of prosecuting a tort claim must be filed in a form as published on the Court's website.  The proposed form of order must also be on a form as published on the Court's website.  Leave from this BLR 2014-1(d) must be sought by a separate motion.

(e)      Service of applications to employ professionals is governed by BLR 9003-1.

**Local Rule 2015-3.  Reports.**

Periodic reports required by FED. R. BANKR. P. 2015 must be filed monthly.

**Local Rule 2016-1.  Professional Fees.**

(a)      Each judge's web page contains fee application procedures.

(b)      In chapter 11 cases, retainers may be deposited with attorneys or accountants only (i) prior to the filing of the petition; or (ii) pursuant to a Court order, if paid after the filing of the petition.

(c)      In chapter 11 cases, attorneys and accountants must deposit retainer funds in trust accounts, whether the retainer is received from the debtor or from anyone else.  A retainer may be applied to fees and expenses only if no objection has been filed and 21 days have elapsed from the filing and service of a notice for the distribution of a retainer.  The notice must describe the services rendered, time spent, hourly rates charged, and the name of the professional or paraprofessional doing the work. A notice of distribution may not be filed more frequently than once a month.  Compensation withdrawn under this rule is interim until a final fee application is approved.

(d)      Chapter 13 debtor's attorneys may seek attorneys' fees on a fixed fee basis or a lodestar basis as follows:

      (1)      Fixed fee agreements must be filed within 21 days of the petition date and be in the form promulgated from time-to-time by the Bankruptcy Court.

      (2)      Lodestar applications must include (A) a cover sheet in the form promulgated from time-to-time by the Bankruptcy Court, (B) attached, detailed, contemporaneous time records; (C) a statement setting forth the basis of the retention (i.e., whether the retention was on a fixed or hourly fee basis and any other pertinent details); and (D) a narrative description setting forth any unique, unusual or time consuming issues particular to the chapter 13 case. A copy of the lodestar fee application, with required attachments, must be sent to the court's case manager.

(e)      A chapter 7 trustee is authorized to pay, without prior Court approval, administrative expenses from funds of the estate for:

      (1)      filing fees for adversary proceedings;

      (2)      bond premiums as authorized by the United States Trustee;

October 29, 2024

     (3)     reasonable and necessary bank charges;

     (4)     additional routine administrative expenses incurred in the administration of the estate for the preservation of estate assets, such as locksmith charges and storage rental expenses payable to unrelated third-party vendors, in amounts not exceeding an aggregate of $2,000.00 to any single entity.

Payments made pursuant to subsection 2016-1(e)(4) must be itemized and described in the Trustee's Request for Fees and Expenses and are subject to Court approval after notice and hearing. This Rule does not (x) apply to payments advanced by professionals retained by the estate; or (y) limit amounts that may be paid by a chapter 7 trustee who is authorized to operate the business of a debtor pursuant to § 721 of the Code.

**Local Rule 3001-1. Proofs of Claim on Home Mortgages.**

Nothing in these Rules or the Federal Rules of Bankruptcy Procedure precludes the Court from requiring additional disclosures or the production of supporting documents to verify the validity or amount of a claim.

**Local Rule 3003-1. Deadline for Filing Proofs of Claim and Proofs of Interest in Chapter 9 and Chapter 11 Cases.**

     (a)     Unless otherwise ordered, in chapter 9 cases and chapter 11 cases (other than cases filed under subchapter V of chapter 11), a proof of claim or proof of interest is timely filed if the proof of claim or proof of interest is filed not later than 90 days after the first date set for the § 341(a) meeting of creditors.

     (b)     In cases filed under subchapter V of chapter 11, a proof of claim or proof of interest is timely filed if that proof of claim or proof of interest is filed not later than 70 days after the date of the order for relief.

     (c)     The following exceptions apply to subsections (a) and (b) of this rule:

          (1)     A proof of claim filed by a governmental unit is timely filed if it is filed not later than 180 days after the date of the order for relief. A proof of claim filed by a governmental unit for a claim resulting from a tax return filed after the order for relief is timely filed if it is filed no later than the longer of (x)180 days after the date of the order for relief and (y) 60 days after the date of the filing of the tax return. The court may, for cause, enlarge the time for a governmental unit to file a proof of claim only upon motion of the governmental unit made before expiration of the period for filing a timely proof of claim.

(2)     In the interest of justice and if it will not unduly delay the administration of the case, the court may extend the time for filing a proof of claim by an infant or incompetent person or the representative of either.

(3)     A claim arising from the rejection of an executory contract or unexpired lease of the debtor may be filed within such time as the court may direct.

(4)     On motion filed by a creditor before or after the expiration of the time to file a proof of claim, the court may extend the time by not more than 60 days from the date of the order granting the motion. The motion may be granted if the court finds that:

     (A)     the notice of the commencement of the case was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim because the debtor failed to timely list the creditor's name and address as required by Rule 1007(a); or

     (B)     the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim, and the notice was mailed to the creditor at a foreign address.

(5)     In a case in which the debtor is an individual, a proof of claim filed by the holder of a claim that is secured by a security interest in the debtor's principal residence is timely filed if:

     (A)     the proof of claim, together with the attachments required by Rule 3001(c)(2)(C), is filed not later than 70 days after the order for relief is entered; and

     (B)     any attachments required by Rule 3001(c)(1) and (d) are filed as a supplement to the holder's claim not later than 120 days after the order for relief is entered.

**Local Rule 3007-1.  Objections to Claims.**

(a)     An objection to claim must list the claimant, the date the proof of claim was filed, the amount of the claim, and the classification of the claim as secured, priority unsecured or general unsecured.  The legal and factual basis for the objection must be clear from the face of the pleading.  The objection must include an affidavit signed by a person with personal knowledge supporting the objection.

(b)     An objection to claim may be filed without a hearing date.  Objections to claims filed in accordance with this Rule, and to which no reply has been filed, may be

considered without a hearing.  If an objection to claim is filed without a hearing date, the objection must state in bold print immediately below the title:

> **This is an objection to your claim.  This objection asks the Court to disallow the claim that you filed in this bankruptcy case.  If you do not file a response within 30 days after the objection was served on you, your claim may be disallowed without a hearing.**

(c)     An objection to claim may include an initial hearing date obtained from the judge's web page or case manager.  If an initial hearing date is scheduled, the objection must state in bold print immediately below the title:

> **This is an objection to your claim.  This objection asks the Court to disallow the claim that you filed in this bankruptcy case.  If you do not file a response within 30 days after the objection was served on you, your claim may be disallowed without a hearing.**
>
> **A hearing has been set on this matter on [date] at [time] in Courtroom _____, address].**

(d)     Unless otherwise ordered by the Court or by consent of the parties, the initial hearing will be non-evidentiary and used as a scheduling conference.  The parties should confer prior to the initial hearing regarding any required discovery and other issues necessary for a trial on the merits.  Notwithstanding the foregoing, the failure of either party to appear at the initial hearing may result in the summary disposition of the objection.  Agreed orders may be presented at the initial hearing or filed prior to the initial hearing.

**Local Rule 3010-1.  Date of Distribution in Dismissed Chapter 13 Cases.**

Distributions in dismissed cases should be made by the chapter 13 trustee at the earliest practicable date following the disposition of all motions for administrative expenses that are timely filed or that are deemed allowed pursuant to BLR 4001-1.  Timely filed motions for administrative expenses will be those filed within 21 days of the dismissal order.

**Local Rule 3011-1. Unclaimed Funds.**

(a)     A request for unclaimed funds from the Court's registry must utilize the approved form of application available on the Court's website.  The application (i) must be completed in its entirety; (ii) may not be modified; and (iii) must include all

attachments as set forth below.  Failure to comply with the foregoing will result in denial of the application.

(b)     Except as provided in subsection (f) below, unclaimed funds deposited in the Court's registry by a trustee are presumed to be the property of the person who was named as the claimant in the order authorizing the deposit of funds by the trustee (the "Original Claimant").

(c)     If the application is filed by the Original Claimant or by an attorney authorized to practice in this Court who is appearing on behalf of the Original Claimant, the completed application must attach:

(1)     A copy of the order authorizing the deposit of the funds into the Court's registry;

(2)     A legible copy of the Original Claimant's driver's license or other form of government-issued ID that exhibits a photograph of the Original Claimant, redacted to comply with District Court General Order 2004-11; and

(3)     A proposed form of order in the form on the Court's website directing that payment be made directly to the Original Claimant.

(d)     If the application is filed by or on behalf of the Original Claimant and the Original Claimant has agreed to pay any compensation or reimbursement (whether in the form of a fee, a percentage interest in the recovery, or otherwise) with respect to the recovery of any unclaimed funds, the application must attach:

(1)     A copy of the order authorizing the deposit of the funds into the Court's registry;

(2)     A legible copy of the Original Claimant's driver's license or other form of government-issued ID that exhibits a photograph of the Original Claimant, redacted to comply with District Court General Order 2004-11;

(3)     An unredacted[1] copy of all agreements between the Original Claimant and the recipient of the proposed compensation or reimbursement; and

(4)     If the compensation or reimbursement to be paid exceeds 10% of the amount of unclaimed funds deposited into the Court's registry on behalf of the Original Claimant, a Notice, signed and dated by the Original Claimant, that states the following in at least 14-point bold type:

### <u>NOTICE THAT YOU MAY CLAIM THESE</u>

---

[1] Redactions are permitted only to the extent necessary to comply with District Court General Order 2004-11.

October 29, 2024

**<u>FUNDS WITHOUT OUR ASSISTANCE</u>**

**You may claim these funds directly from the United States Bankruptcy Court for the Southern District of Texas without our assistance.**

**The fees that we charge exceed the fees approved by the Court without an evidentiary hearing.  Because the fees exceed that amount, you will be required to personally attend the hearing to receive your funds.**

**To file a claim without our assistance, you must complete the attached form and mail it to the address shown on the form.  if you make the claim without our assistance, you will not be required to pay any fee to us or any other person.**

**Date: _____          Signed: _____**

**Sworn to and subscribed before me, the undersigned notary public.**

> **Printed Name of Notary: _____**
> **My Commission Expires: _____**
>
> **_____**
> **Notary Public in and for the State of _____**

The Notice must be the only writing on a single piece of paper and must be signed, dated and notarized before any agreement concerning compensation is executed by the Original Claimant.

> (5)     A proposed order in the form on the Court's website directing that payment be to the Original Claimant at the Original Claimant's address.

(e)     If an application for unclaimed funds is made by an assignee of the Original Claimant, but the assignee has not yet paid in cash all consideration for the assignment, the assignee must attach each of the documents set forth in subparagraph (d) above to the application along with (1) a file-stamped copy of a Notice of Transfer for Other than Security filed in accordance with Bankruptcy Rule 3001; (2) unredacted[2] copies of all agreements between the assignee and the Original Claimant; (3) verified documentation reflecting the authority of the person signing the application; and (4) a legible copy of such person's driver's license or other form of government-issued ID that exhibits a photograph of such person, redacted to comply with District Court General Order 2004-11.  For the purposes of determining whether a Notice of the type required by Local Rule 3011-1(d)(4) above is required to be included, the percentage amount of the compensation is calculated as follows:

---

2 Redactions are permitted only to the extent necessary to comply with District Court General Order 2004-11.

October 29, 2024

The numerator will be the amount determined by subtracting the amount paid or payable to the Original Claimant by or on behalf of the assignee from the amount on deposit in the Court's registry on behalf of the Original Claimant.  The denominator will be the amount on deposit in the Court's registry on behalf of the Original Claimant.

For purposes of this section (e), the proposed form of order required by Local Rule 3011-1(d)(5) may direct that disbursements be made payable to the Original Claimant at the assignee's address.

(f)     If an application for unclaimed funds is made by an assignee of the Original Claimant and the assignee has paid in cash all consideration given in exchange for the assignment, the application must attach:

  (1)    A copy of the order authorizing the deposit of the funds into the Court's registry;

  (2)    A legible copy of the Original Claimant's driver's license or other form of government-issued ID that exhibits a photograph of the Original Claimant, redacted to comply with District Court General Order 2004-11;

  (3)    Verified documentation reflecting the authority of the person signing the application and a legible copy of such person's driver's license or other form of government-issued ID that exhibits a photograph of such person, redacted to comply with District Court General Order 2004-11;

  (4)    Unredacted[2] copy of all agreements between the assignee and the Original Claimant and if the assignee is not the original assignee from the Original Claimant, unredacted[2] copies of all agreements that establish that the assignee has the sole right to receive the unclaimed funds;

  (5)    A document (such as a canceled check or proof of a wire transfer) showing that the all of the consideration has been paid to the Original Claimant for the original assignment;

  (6)    A file-stamped copy of a Notice of Transfer for Other than Security filed in accordance with Bankruptcy Rule 3001; and

  (7)    A proposed form of order in the form on the Court's website directing that payment be made directly to the assignee.

(g)     Any party in interest seeking a variance from this rule may file a motion showing good cause for such a variance.  The motion must be electronically filed utilizing the Court's CM/ECF filing system and must be self-calendared for hearing.  Notwithstanding anything in a judge's procedures to the contrary, no telephonic appearances will be allowed at the hearing.  The Original Claimant must appear as

a witness at any hearing requesting a variance from this rule; provided, that if the Original Claimant is deceased, the Original Claimant's executor or administrator may appear; and, if there is no executor or administrator, all of the Original Claimant's heirs may appear with a certified copy of any will.

(h)    Applications for unclaimed funds that do not meet one of the following criteria will be set for a hearing.

    (1)    Filed by the original payee with the same address to which the original payment was remitted.

    (2)    Filed by the debtor's original counsel of record in the case.

    (3)    Filed by a funds locator who is on the Court's list of approved funds locators.

**Local Rule 3015-1.  Confirmation of Chapter 13 Plans and Rule 3015.1 Opt-Out.**

(a)    **Uniform Plan and Motion for Valuation of Collateral**. Pursuant to FED. R. BANKR. P. 3015.1, the Court requires that a Local Form Plan must be used instead of the Official Form Plan. The Local Form Plan is posted on the Court's website.

(b)    **Mortgage Payments Through the Chapter 13 Trustee.**  Home mortgage payments will be made through the chapter 13 trustee, in accordance with the Administrative Procedures for Claims Secured by Real Estate. The current procedures may be found on the Court's website.

(c)    **Plan Modifications.**  To obtain a modification of a confirmed chapter 13 plan:

    (1)    The party seeking to modify the plan must file (i) a proposed modified plan and a proposed modified plan summary, each utilizing the official forms posted on the Court's website; and (ii) a proposed amended wage order or electronic payment mechanism consistent with the proposed modification.

    (2)    The proposed modified plan must be self-calendared for a hearing on the next available date as scheduled on the Chapter 13 Trustee's website.

    (3)    If the proposed modified plan is filed by the Debtor(s), the Debtor(s) must simultaneously file amended schedules I and J.

**Local Rule 3016-1.  Chapter 11 Plans.**

    (a)    If a proponent of a plan seeks to impose an injunction of the type referenced in FED. R. BANKR. P. 3016(c), the proponent must orally notify the court at the disclosure statement hearing of the proponent's intent to seek the injunctive relief.

    (b)    In chapter 11 cases in which a debtor is an individual, the form of the chapter 11 plan must either

        (1)    Be in the form as published on the Court's website and state in the title of the Plan that the Plan is a "Uniform Individual Chapter 11 Plan"; or

        (2)    State in the title of the Plan that the Plan is a "Non-Uniform Individual Chapter 11 Plan."

**Local Rule 3016-2. Combined Disclosure Statement and Plan; Conditional Approval of Disclosure Statements; Combined Hearings on Final Approval of Disclosure Statements and Confirmation of Plans in Chapter 11 Cases.**

A disclosure statement and plan may be combined into one document.

A plan proponent may file a motion requesting (i) conditional approval of a disclosure statement; (ii) approval of solicitation procedures and forms of ballots and notices; and (iii) the scheduling of a joint hearing to consider final approval of the adequacy of the disclosure statement and confirmation of a proposed plan.  The motion may be granted without a hearing if the motion provides at least fourteen (14) days' notice to the United States Trustee, any statutory committee, the twenty (20) largest unsecured creditors and all parties who have requested service.  Any objections to a request for conditional approval must be filed within fourteen (14) days.  The failure to object to a request for conditional approval does not constitute a waiver of any objection to the final approval of a disclosure statement or confirmation of a proposed plan.

**Local Rule 3021-1. Payments by Chapter 13 Trustee.**

    (a)    Chapter 13 trustees must make payments in accordance with confirmed plans.

    (b)    Payment of Debtor(s)' attorneys' fees shall be made only after entry of an order allowing the fees.  Under fixed fee agreements, attorneys' fees are allowed on entry of the order approving the fixed fee agreement.

    (c)    The priority of payments to be made under a plan is established by the confirmed plan.

    (d)    Each chapter 13 trustee will place information on the chapter 13 trustee's website regarding all payments made under Plans.

**Local Rule 4001-1.  Relief from Automatic Stay.**

(a)    Motions for relief from stay:

    (1)    Motions for relief from the stay must contain a certificate that the movant has conferred with opposing counsel (or, in the event of *pro se* parties, opposing parties) and been unable to reach an agreement on the requested relief.  If no conference has been conducted, movant must certify the dates and times on which movant has attempted to confer.  Notwithstanding the foregoing, no conference is required if the movant files a certification that a confirmed plan provides for the surrender of the collateral that is the subject of the motion.

    (2)    A motion for relief from stay must include a hearing date from the judge's web page. Failure to obtain a hearing date from the judge's web page and to include the notice in BLR 4001-1(a)(3) is a waiver of the automatic termination of the automatic stay under 11 U.S.C. § 362(e) or 1301(d).

    (3)    The motion must state immediately below the title:

        This is a motion for relief from the automatic stay.  If it is granted, the movant may act outside of the bankruptcy process. If you do not want the stay lifted, immediately contact the moving party to settle.  If you cannot settle, you must file a response and send a copy to the moving party at least 7 days before the hearing.  If you cannot settle, you must attend the hearing. Evidence may be offered at the hearing and the court may rule.

        Represented parties should act through their attorney.

        There will be a hearing on this matter on [date] at [time] in courtroom _____, [address].

    (4)    In addition to service as required by FED. R. BANKR. P. 4001(a)(1), on the same day that it is filed, the motion must be served on debtor, debtor's attorney, parties requesting notice, parties with an interest in collateral that is the subject of the requested relief, co-debtors under 11 U.S.C. § 1301, parties who are identified as a party against whom relief is sought in the motion, and the trustee.

    (5)    If the moving party schedules a hearing on a motion for relief from stay or agrees to continue the hearing to a date more than thirty (30) days after the date the motion was filed (21 days for motions to lift the co-debtor stay), the party shall be deemed to have waived the automatic termination under 11 U.S.C. § 362(e) and/or 1301(d).

October 29, 2024

(6)     All motions to lift stay that request foreclosure on improved real property must be accompanied by documents evidencing the debt and lien perfection, and a payment history, including an explanation of transaction codes. Responses disputing the payment history must specify payments made that are not reflected in the payment history, the dates of payment, the amounts, and the mode. Evidence not accompanying the motion or response may be inadmissible in an evidentiary hearing.

(7)     Failure of the movant to prosecute the motion at a preliminary hearing may result in dismissal of the motion for want of prosecution unless there is (i) an order continuing the hearing and waiving the 30-day requirement; (ii) a stipulation of the parties to continue the hearing and waive the 30-day requirement; or (iii) an agreed order resolving the motion that is entered prior to or is signed at the hearing.

(8)     Motions for relief from the stay may never be combined with a request for other relief.

(9)     In addition to other procedures applicable to motions for relief from the stay, a chapter 13 debtor must timely respond to motions for relief from the stay. A timely response includes the filing of an agreed order, a denial that conforms to FED. R. BANKR. P. 7008, a statement of non-opposition, or another accurate statement reflecting the current status of the motion. If no timely response is filed, the court may grant the motion for relief from the stay with or without a hearing, at its discretion.

(10)    Responses should state the efforts of respondent to reach an agreement with movant and either (i) itemize each disputed issue of law or fact; or (ii) comply with FED. R. CIV. P. 8 as applied by FED. R. BANKR. P. 7008.

(11)    In any evidentiary hearing conducted on a motion for relief from the automatic stay, all counsel shall certify before the presentation of evidence (1) that good faith settlement discussions have been held or why they have not been held; (2) that counsel has complied with Local Rule 9013-2 (except that the debtor is presumed to be a witness and need not be identified); and (3) the anticipated length of the hearing.

(b)     Motions filed under BR 4001(b), 4001(c), or 4001(d) for the use of cash collateral, obtaining credit, or for approval of agreements on BR 4001 matters, must state immediately below the title:

This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot

agree, you must file a response and send a copy to the moving party.  You must file and serve your response within 14 days of the date this was served on you.  Your response must state why the motion should not be granted.  If you do not file a timely response, the relief may be granted without further notice to you.  If you oppose the motion and have not reached an agreement, you must attend the hearing.  Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.

Represented parties should act through their attorney.

If a hearing has been set on the motion, this language must be added at the end of the notice:

There will be a hearing on this motion on [date] at [time] in courtroom _____, [address].

(c) Motions to approve agreements governed by Bankruptcy Rule 4001(d) must be served:

(1) If the agreement is in an individual chapter 7 case or a chapter 13 case and concerns consumer goods, the debtor's homestead or a non-business-use vehicle, notice should be given to the chapter 13 trustee, the debtor, any co-obligor, and any party with an interest in the collateral.

(2) Motions to approve all other agreements governed by Bankruptcy Rule 4001(d) shall be served under BLR 2002-1(a)(3).

(d) Attorneys' fees will be awarded to creditors for filing motions for relief from the stay as follows:

(1) Undersecured creditors will not be awarded attorneys' fees for the filing of a motion for relief from the stay in a chapter 13 bankruptcy case.

(2) With respect to motions by oversecured creditors or by home lenders filing post-confirmation motions governed by § 1322(b)(2), the court will approve agreed orders (i) providing for attorneys' fees and costs not to exceed $500.00 plus statutory filing fees; and (ii) providing for attorneys' fees and costs exceeding that sum only upon a submission of fee statements reflecting actual time incurred.  All requests for attorneys' fees must (i) include a certification that the amount requested is less than or equal to the amount that will be paid by the holder of the lien to the holder's counsel; and (ii) be reasonable under the facts and circumstances.

October 29, 2024

(3)    Attorneys' fees in matters not resolved by agreed orders will be considered on an evidentiary basis.

(e)    In each chapter 13 case, the Court will issue an order that authorizes the use of estate vehicles under § 363 and provides adequate protection to the holders of liens on the vehicles.

    (1)    The adequate protection order will require the debtor to (i) maintain insurance on the vehicle in the amount required by the debtor(s) prepetition contract; (ii) provide proof of insurance to the lien holder; and (iii) enter into a wage order or EFT Order not later than 14 days after the petition date.

    (2)    As additional adequate protection, the lien holder will be given an administrative claim, with priority under § 507(b), in an amount equal to 1.25% of the value of the vehicle for each 30 days that elapses from the date of the adequate protection order.  For example, if the vehicle is valued at $10,000, a § 507(b) adequate protection claim in the amount of $125 will accrue each month.  In the event of a dismissal or conversion of the chapter 13 case, the trustee will distribute the proceeds in accordance with § 1326(a)(2).  This will result, in most cases, in payments being made in the following order of priority:

        (A)    First, to the vehicle lien holders in the amount of the adequate protection reserve;

        (B)    Second, to debtor's counsel for unpaid fees for which an application is filed on or before 21 days after entry of the order of dismissal and that have been allowed by court order;

        (C)    Third, to the debtor (directly and not through counsel).

        (D)    Payments under paragraph "1" shall be made following the expiration of 14 days of entry of the dismissal order, unless the dismissal order is stayed.

    (3)    The debtor or any other party in interest may object to the adequate protection order not later than 30 days after entry of the court's order.  The objecting party must state the date that the hearing will be conducted, which date will be the next chapter 13 panel after the expiration of 14 days from the date of the objection.  The objection must be served on the debtor, the debtor's counsel, the chapter 13 trustee, and any party holding security interest in the vehicle.  The objecting party must attend the hearing and present evidence in support of the objection.

October 29, 2024

(4)     For purposes of valuation in the absence of any objection, the vehicle value will be determined based on 90% of the "Average Price Paid" stated on the website www.jdpower.com (utilizing the version available without charge) for a vehicle (without options or mileage adjustments) located at the first zip code listed for the Debtor on the docket sheet, unless the Court orders otherwise. In determining the principal amount due to the lien holder under the plan, the § 507(b) payments will be (i) deducted from the value of the vehicle, if the value of the vehicle is less than the lien; and (ii) applied to interest if the value of the vehicle is greater than the lien.  If the value of the vehicle is less than the lien, interest will begin to accrue on the confirmation date.

(5)     The adequate protection order will not provide protection to a vehicle lender if the debtor voluntarily surrenders the vehicle by delivering the vehicle to the vehicle lender within 28 days of the petition date.

(6)     If a debtor proposes to make direct, post-petition payments to a lender on a vehicle loan that was not in default as of the petition date, no additional adequate protection payments are required, unless otherwise ordered by the Court. If a debtor defaults on direct payments, the debtor must make a cash payment to the lien holder at or before the time of any plan modification. The cash payment must equal or exceed 1.25% of the vehicle's value (determined in the manner set forth in paragraph 4 above) for each one month of missed direct payments.

(f)     Motions for relief from the automatic stay that pertain to exempt residences or exempt vehicles ("Consumer Lift Stay Motions") are governed by this BLR 4001-1(f).

(1)     Parties who file motions for relief from the stay on exempt residences or exempt vehicles in chapter 7 and chapter 13 cases must comply with this BLR 4001-1(f) and must use the forms promulgated by the court from time to time.

(2)     Variance from this rule is allowed, if exceptional circumstances exist.

(A)     Exceptional circumstances include:

(1) A motion for relief from the stay filed against a repeat bankruptcy case filer for which the movant seeks relief other than a routine termination of the stay; or

(2) A motion for relief from the stay on which there are disputes regarding the extent, validity, or priority of liens on the collateral that is the subject of the motion.

October 29, 2024

(B)     A party believing that are other exceptional circumstances justifying exemption from this rule must allege the exceptional circumstances with particularity in the motion.

(3)     Variance from this rule is allowed, if exceptional circumstances exist. When exceptional circumstances are alleged, the court may conduct an evidentiary hearing at which time the exceptional circumstances must be demonstrated by a preponderance of the evidence.

(4)     Prior to filing a Consumer Lift Stay Motion, the movant must attempt to contact the debtor(s)' counsel to discuss whether an agreement can be reached utilizing the court's agreed order forms. If such an agreement can be reached, the parties may submit a Motion for Entry of Agreed Order under FRBP 4001. Conferences may be attempted by telephone or by e-mail. In all conferences, movant's counsel must provide a contact person with a direct telephone number for future discussions. The motion may be filed by the movant in accordance with the following table:

| Day of Initial Attempt to Confer | When Motion May be Filed |
|---|---|
| Monday | 5:00 p.m. on Wednesday |
| Tuesday | 5:00 p.m. on Thursday |
| Wednesday | 5:00 p.m. on Friday |
| Thursday | 5:00 p.m. on the following Monday |
| Friday | 5:00 p.m. on the following Tuesday |

(5)     If the parties cannot reach agreement to submit an agreed order in the court's format, the party seeking relief from the stay may file a Consumer Lift Stay Motion in the court's format along with a proposed order, also in the court's format.  Responses by the debtor must be one of the following and must be filed at least 7 days before the hearing:

(A)     Submission of an agreed order terminating the stay utilizing a form from the court's website.  If an agreed order is filed in accordance with these procedures, the court usually will issue the order prior to the hearing.  Attendance at the originally scheduled hearing is not necessary, by either party.  If the court declines to issue the order, the court will issue an order for further proceedings.

(B)     Submission of an agreed order conditioning the stay utilizing a form from the court's website.  If an agreed order is filed in accordance with these procedures, the court will usually issue the order prior to the hearing.  Attendance at the originally scheduled hearing is not necessary, by either party.  If the court declines to

October 29, 2024

issue the order, the court will issue an order for further proceedings.

(C)     Filing an answer or other response.  Answers must comply with FRBP 9011.  Responses must be based on reasonable investigation and must not be filed for delay or other improper purpose.  A response stating that the debtor(s)' attorney has not been able to contact the debtor(s) or a general denial not based on reasonable investigation may not be sufficient to prevent default relief.  If a timely response is filed, attendance at the hearing by both parties is required.

(6)     If a sufficient response has not been timely filed, the movant must submit a proposed form of default order with a certification of default.  The proposed form of default order and certification must comply with the court's form as promulgated from time to time.  The court may issue a default order if an adequate response is not filed at least 7 days before the hearing.  If the court issues a default order prior to the hearing, counsel need not appear at the hearing.  If the court has not issued a default order and a party who has failed to respond appears at the hearing, the court may nevertheless grant default relief or may set a date for an evidentiary hearing.

## Local Rule 4002-1.  Duties of Debtor-in-possession.

(a)     A debtor in possession is responsible for strict compliance with the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and standing orders.  Counsel for the debtor-in-possession is responsible for instructing the debtor about the U. S. trustee guidelines for a debtor-in-possession and insuring compliance with those guidelines.

(b)     The debtor, its officers, and agents hold and manage the debtor's assets as fiduciaries for the estate; they must strictly comply with court orders and Bankruptcy Code §§ 363 and 1107.  The debtor must prevent the depletion of the assets of the business during the proceedings, and it must notify its counsel immediately of a depletion or potential depletion.

(c)     If the debtor becomes aware of facts indicating that the continued operation of its business may not be in the best interest of the creditors or of the estate, it must immediately notify its counsel, who may immediately notify the court and recommend a solution.

(d)     The debtor may not use property of the estate to pay any prepetition unsecured obligation except on order.

(e)     The debtor must not transfer (sell, give, move, encumber) an asset outside of the ordinary course of business except on order.

(f)     The debtor must not incur administrative and priority expenses unless funds are reasonably expected to be generated to pay them.

(g)     The debtor must comply fully with Title 11's tax provisions, with the deposit requirements of the Internal Revenue Code and Regulations, and with all state tax laws.

(h)     The debtor must not use cash collateral without prior written consent of the secured creditor or an order.

(i)     This list of duties is not exclusive, and it does not exclude unenumerated obligations imposed by law. Counsel for the debtor-in-possession is responsible to instruct the debtor of this rule immediately on filing the case.

(j)     Counsel may advise the court of any knowing violation by debtor.

**Local Rule 4003-1.  Exemptions.**

(a)     If an amendment or supplement to the list of exemptions is filed after the § 341(a) meeting of creditors, it must be served by the party claiming the exemption under BLR 9013-1.

(b)     When a hearing date on an objection to an amended or supplemented list of exemptions is established, the objector must give notice as if the objection were a motion with service under BLR 9013-1.

**Local Rule 4008-1.  Reaffirmation Agreements.**

The filing of a reaffirmation agreement will be a request for a hearing if the reaffirmation agreement is not accompanied by a § 524(c)(3) declaration or affidavit of debtor's counsel.  No motion is required to invoke the reaffirmation procedures of § 524(c).

**Local Rule 5005-1.  Filing of Papers and Signatures.**

(a)     Except as set forth in this rule, the Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means in Texas Bankruptcy Courts (as amended January 12, 2017) are adopted. The current version is available on the Court's website.

October 29, 2024

(b)     Signatures of debtors, attorneys, affiants and declarants may be either (i) received and maintained in "wet signature form"; or (ii) electronically signed utilizing a commercially available electronic signing technology (such as DocuSign) that (a) maintains an audit trail that allows the filing attorney to obtain the identification of the signer's computer or other electronic device from the commercial provider; and (b) complies with the requirements of the United States ESIGN Act.

(c)     The notice of electronic filing that is automatically generated by the Court's electronic filing system constitutes service of the document on those registered as filing users of the system.

(d)     Depositions, interrogatories, answers to interrogatories, requests for production or inspection, responses to those requests, and other discovery material may not be filed.   When a discovery document is needed in a pretrial proceeding, those portions that are needed may be attached as an exhibit to the relevant pleading. When this material is needed at trial, it may be introduced under the Federal Rules of Evidence.

**Local Rule 5011-1.  Withdrawal of Reference.**

A motion to withdraw a case, contested matter, or adversary proceeding to the district court must be filed with the clerk.   Unless the district court orders otherwise, the matter will first be presented to the bankruptcy judge for recommendation.

**Local Rule 6007-1.  Surrender of Collateral in Chapter 13 Cases.**

(a)     If a chapter 13 plan[3] requires the surrender of collateral that is subject to a debtor's possession or control, this Rule governs the implementation of the surrender, unless the Court orders otherwise.

(b)     Debtors and holders of security interests may enter into written agreements (including agreements made by email) providing for the orderly surrender of collateral under a confirmed plan.   No agreement may impose personal liability on a debtor or limit a debtor's discharge.    If a written agreement is made, the Court will enforce it according to its terms unless the agreement contravenes applicable law.   The balance of this Rule governs the method of surrender under a confirmed plan when there is not a written agreement.

---

[3]  This rule applies equally to modified plans.

October 29, 2024

(c)    The procedures for the surrender of collateral made pursuant to Paragraph 7 of the plan must commence not later than 7 days following entry of the order approving the plan.

(d)    The procedures for the surrender of collateral made pursuant to Paragraph 18 of a confirmed plan must commence no earlier than 21 days nor later than 28 days after a Surrender Notice is filed.

(e)    This subsection applies to the surrender of real property and for which no written agreement has been made under BLR 6007-1(b).

   (1)    The Debtor(s) must send a letter, substantially in the form set forth on the Court's website, offering immediate possession of the real property to each holder of a security interest on the real property that is listed as a secured creditor on the Debtor's Schedule D or that has filed a proof of claim asserting a secured claim in the real property to be surrendered.

   (2)    The letter must be sent by prepaid United States Mail to (i) the last known address of the security interest holder; and if a proof of claim has been filed, to the address for notices set forth on the proof of claim; or (ii) if the security interest holder has appeared through counsel in the case, to the counsel who has appeared.

   (3)    If there is more than one security interest holder and a dispute arises between the security interest holders as to the disposition of the property, the security interest holders must promptly notify the Debtor(s).   In the event of such a dispute, the Debtor(s) must vacate the property within 14 days of receipt of the notice.

   (4)    If a security interest holder requests possession of the property, the Debtor(s) must fully cooperate in vacating the premises.   This includes, without limitation, complying with a written request from the security interest holder to deliver all keys, garage door openers, alarm codes, and other information that will allow the security interest holder unfettered access to the property in a prepaid package supplied by the holder of the security interest holder.   The premises must be vacated not later than the date set forth in writing by the security interest holder, which date may not be sooner than 14 days following delivery of the request.   Any request must be (i) sent by email to the Debtor's counsel (if any), and (ii) served on the Debtor in accordance with FED. R. BANKR. P. 7004.   Subject to FED. R. BANKR. P. 9006(f), delivery of the request will be deemed to occur when the requirements of the preceding sentence have been satisfied.

October 29, 2024

(5)    The procedures set forth in subparagraphs (iii) and (iv) of this subparagraph may be implemented by a holder of a security interest immediately following the 7-day period set forth in subparagraph (c) of this Rule and without waiting for the sending or receipt of the letter required by subparagraph (e)(1) of this Rule.

(6)    If a document is required to be sent under this Rule to the United States or its agencies, the document must additionally be sent (i) to the United States Attorney at 1000 Louisiana Street, Suite 2300, Houston, Texas 77002 (attention: Civil Process Clerk); or (ii) in accordance with Bankruptcy Rule 7004.

(f)    This subsection applies to the surrender of a vehicle that is permitted to operate on public roads and for which no written agreement has been made under BLR 6007-1(b).

(1)    The holder of a security interest must file a Delivery Notice. The Delivery Notice must instruct the Debtor(s) (i) to deliver the vehicle to a specific location; and (ii) as to the disposition of the keys to the vehicle at the time of delivery. The Delivery Notice must be served by United States mail on the Debtor(s) at their address as listed on the docket sheet. The Debtor(s) must deliver the vehicle within 14 days of the filing of the Delivery Notice.

(2)    The specific location in the Delivery Notice must be within 25 driving miles of the Debtor(s)' home, as listed on the docket sheet.

(A)    If the specific location is a public street address, the Debtor(s) must park the vehicle on the designated public street and within 2 city blocks of the address. No public street address may be designated by the security interest holder unless free parking is available on the public street. When the Debtor(s) park the vehicle, the Debtor(s) must photograph the exterior and interior of the vehicle. The exterior must be photographed such that the location is visible from the photograph. The car must be locked.

(B)    After the vehicle is parked in accordance with this Rule, the security interest holder will have the sole risk of loss as to the vehicle and will be responsible for the payment of any traffic fines or other penalties arising out of compliance with the instructions in the Delivery Notice.

(C)    If the specified location is not an address on a public street, the location must be available for delivery of the vehicle and staffed with at least one person (i) not less than 4 days per week; (ii) at

least one weekend day each week; (iii) by 7:00 a.m. on at least one day each week; and (iv) until at least 7:00 p.m. on at least one day each week.  Upon delivery:

(1)    the staff person at the delivery location must execute and deliver a receipt to the Debtor(s), which receipt will reflect that the vehicle was delivered.  The receipt will not be an acknowledgement that the vehicle was received in any particular condition.

(2)    the Debtor(s) and the staff person at the delivery location must each take pictures of the interior and exterior of the vehicle.  The pictures will be taken after delivery, but prior to the execution of the receipt.

(D)    If the holder of the security interest has not been provided with a current certificate of insurance, the vehicle is not operable, or the vehicle is not in the Debtor(s)' possession or control, the holder of the security interest may repossess the vehicle in accordance with applicable non-bankruptcy law. Additionally, the Debtor(s) must:

(1)    Within 7 days of the filing of a Delivery Notice, notify the security interest holder in writing of the circumstances that preclude the Debtor(s) from delivering the vehicle. The notification must inform the security interest holder of the location of the vehicle if known.  Notices to the security interest holder must be sent to (i) the last known address of the security interest holder; and if a proof of claim has been filed, to the address for notices set forth on the proof of claim; or (ii) if the security interest holder has appeared through counsel in the case, to the counsel who has appeared;

(2)    Fully cooperate in allowing the security interest holder to retrieve the vehicle, including agreeing to meet the security interest holder at a specific date and time to allow the retrieval of the vehicle; and,

(3)    Not drive a vehicle that is uninsured.

(g)    The surrender of any other property is governed by this Rule and by applicable non-bankruptcy law.  The holder of a security interest must make reasonable efforts to take possession of the surrendered property before the expiration of 28 days following (i) the confirmation of a plan that provides for the surrender

or collateral under paragraph 7 of a confirmed plan; or (ii) the filing of a Surrender Notice under paragraph 18 of a confirmed plan.

(h)     If the Debtor(s) fail to comply with the provisions of this Rule, the holder of the security interest may seek (i) to compel compliance by the Debtor(s); and (ii) to recover from the Debtor(s) the holder's reasonable costs and attorney's fees as an administrative expense to be paid under the confirmed plan; provided, there shall be no liability for the failure to take photographs as required by this Rule. The failure to take photographs as required by his Rule may result in an adverse evidentiary inference.

(i)     If a holder of a security interest, secured by personal property, fails to comply with the provisions of this Rule, the Debtor(s) may (i) seek to compel compliance by the holder; and (ii) impose a monthly storage fee, secured by a first priority lien on the holder's collateral, equal to 0.5% of the fair market value of the collateral for every day that the collateral is held by the Debtor(s) after the expiration of 28 days following (i) the confirmation of a plan that provides for the surrender or collateral under paragraph 7 of a confirmed plan; or (ii) the filing of a Surrender Notice under paragraph 18 of a confirmed plan. If the holder retrieves the collateral after the 28-day period, the security interest lien holder must pay cash to the Debtor(s) in the amount of all accrued storage fees. The Debtor(s)' rights created by the lien under this subparagraph may be enforced through the Bankruptcy Court or any other court of competent jurisdiction.

(j)     Subject to subparagraph (f) of this Rule, the Debtors may use any collateral pending the retrieval by the lien holder.

(k)     If a writing is required by this Rule, the writing may include an email communication, a facsimile signature, or a paper document.

(l)     This Rule applies only in Chapter 13 cases.

**Local Rule 6007-2.  Abandonment of Property in Chapter 7 Cases.**

Upon the filing by the chapter 7 trustee of a Notice of Proposed Abandonment and Report of No Distribution, the clerk shall promptly send the Notice to all persons listed on the CM/ECF list of creditors. If no objection is filed within 14 days of the sending of the notice by the clerk, property scheduled by the Debtor(s) is abandoned without further Court order.

**Local Rule 7007-1.  Motions in Adversary Proceedings.**

Motion practice in adversary proceedings is governed by BLR 9013-1.

October 29, 2024

**Local Rule 7008-1. Statement Regarding Consent to Entry of Orders or Judgment in Core Proceeding.**

In an adversary proceeding before a bankruptcy judge, in addition to statements required by Rule 7008(a) of the Federal Rules of Bankruptcy Procedure, if the complaint, counterclaim, cross-claim, or third-party complaint contains a statement that the proceeding or any part of it is core, it shall contain a statement that the pleader does or does not consent to the entry of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

**Local Rule 7012-1.   Statement in Responsive Pleading Regarding Consent to Entry of Orders or Judgment in Core Proceeding.**

In addition to statements required by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, if a responsive pleading contains a statement that the proceeding or any part of it is core, it shall contain a statement that the pleader does or does not consent to the entry of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

**Local Rule 7016-1.  Pretrial Adversary Proceeding Case Management.**

Parties must comply with pretrial procedures on the website of the judge to whom the adversary proceeding has been assigned.

**Local Rule 7041-1.  Settlement**.

When a motion to approve a compromise of controversy is required, the motion must be filed in the main case, accompanied by a proposed order in the main case and by a proposed final judgment in the adversary proceeding.

**Local Rule 7067-1.  Registry of the Court and Costs.**

A proposed order for the deposit or withdrawal of funds from the court registry must contain the approval stamp of the Finance Department of the Office of the Clerk of Court.  Unless the court orders otherwise, a motion to deposit funds will be considered *ex parte*.

**Local Rule 9003-1.  Matters Heard *Ex Parte*.**

Motions for admission *pro hac vice* may be considered *ex parte*.  Applications to retain general counsel or accountants need be served only on the U. S. trustee or as ordered. Applications to retain special counsel pursuant to § 327(e) must be served under BLR 9013-1 or as ordered.

**Local Rule 9013-1.  Pleadings, Hearings, and Service.**

(a)     Pleadings must include a title that identifies the party filing the pleading and a brief description of the nature of the pleading.  Example: XYZ Finance Company Motion for Relief from the Stay for 2003 Ford Explorer.  Responses, other pleadings, and proposed orders filed after the initial motion should state the title and the docket number of the motion to which it applies. Example:  Joe Debtor Response to XYZ Finance Company Motion for Relief from the Stay for 2003 Ford Explorer (docket 17).

(b)     Except as noted in (e), each pleading seeking an order must include this immediately below the title:

> This motion seeks an order that may adversely affect you.  If you oppose the motion, you should immediately contact the moving party to resolve the dispute.  If you and the moving party cannot agree, you must file a response and send a copy to the moving party.  You must file and serve your response within 21 days of the date this was served on you.  Your response must state why the motion should not be granted.  If you do not file a timely response, the relief may be granted without further notice to you.  If you oppose the motion and have not reached an agreement, you must attend the hearing.  Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.

> Represented parties should act through their attorney.

(c)     Movants should check the individual judge's web page to determine whether the motion may be self-calendared.  If the motion may be self-calendared, this language must be added at the end of the notice:

> There will be a hearing on this motion on [date] at [time] in courtroom _____, [address].

(d)     In addition to service required by the FED. R. BANKR. P., and except as noted in (e), the movant must serve the entities with pleadings requesting an order, notices, and hearing settings:

**Main case**

Party against whom relief is sought and its counsel, if known;
Debtors;
Debtors' counsel;
Trustee, if one has been appointed;

Examiner, if one has been appointed;
Committees, if any have been appointed;
Parties who have filed a notice of appearance;
Twenty largest unsecured creditors;
Parties claiming an interest in any property that is affected by the motion;
Parties claiming a lien on any property that is affected by the motion;
United States trustee;
Parties on whom the court has ordered notice.

**Adversary Proceedings**

Parties to the proceeding.

(e)     The notice language, hearing settings, and service requirements for the following matters are governed by the rules noted, instead of BLR 9013-1(a-d):

Claim Objections, Rule 3007
Motions for Relief from Stay, Rule 4001
Employment Applications, Rule 2014 and Rule 9003
*Pro Hac Vice* Applications, Rule 9003

(f)     Whenever service of a pleading, notice, or other document is required under these rules or the Federal Rules of Bankruptcy Procedure, the serving party must serve it no later than the next day after the pleading is filed.  The serving party must file a certificate of service including the name and address of those served.

(g)     Responses to Motions.

(1)     Responses to motions to lift the automatic stay are governed by BLR 4001-1.  Responses to all other motions are governed by FED. R. BANKR. P. 7008.  Prior to filing a response, counsel (or unrepresented parties) shall confer with movant to attempt to resolve the relief requested in the motion without the necessity of a hearing.  Responses must include a certificate either that (i) a conference was held and that the parties were unable to resolve the matter; or (ii) the specific dates that the respondent attempted to contact the movant and the reason why no conference was held.

(2)     If no timely response is filed, the court may grant the motion without a hearing.

(h)     Each motion, application, objection, and response filed with the court must be accompanied by a proposed order.

(i)     Some judges allow self-calendaring of emergency motions through the judge's web page.  If self-calendaring is not authorized, requests for emergency hearings

October 29, 2024

may be made in the pleading requesting the relief.  No separate motion requesting an emergency hearing is required.  The emergency motion must contain the word "Emergency" in the title of the motion.  The motion must include a detailed statement why an emergency exists, and the date relief is needed to avoid the consequences of the emergency.  The motion seeking an emergency hearing must be certified for its accuracy by the party seeking the emergency relief or by its counsel.

In addition to the notice required by BLR 9013-1(b), the movant must include the following paragraph:

> Emergency relief has been requested.  If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer.  If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.

## Local Rule 9013-2.  Exchange of Exhibits, Exhibit Lists and Witness Lists in all Contested Matters and Adversary Proceedings.

(a)     Unless otherwise directed by the Court, this rule shall apply to all contested matters and adversary proceedings in which a response is filed except for (i) hearings held during a chapter 13 panel, such as hearings on motions to dismiss chapter 13 cases; (ii) motions to modify the automatic stay in chapter 13 cases and individual chapter 7 cases to allow the foreclosure of liens on the debtor's principal residence or vehicle(s); (iii) objections to claims to which no response has been filed; or (iv) contested matters and trials covered by a separate scheduling order that specifically provides alternative deadlines for the exchange of exhibits, exhibit lists and witness list.

(b)     Counsel for each party shall exchange exhibits by noon on the Day of Exchange in accordance with Table 1.

(c)     Counsel for each party shall also exchange and file exhibit and witness lists with the Clerk of the Court by noon on the Day of Exchange in accordance with Table 1. Witness lists must identify whether each witness is to be called as a fact witness or as an expert.  If no delineation is made, the witness will only be allowed to testify as a fact witness unless otherwise ordered by the Court, or the witness is an owner of the property at issue opining as to value.

(d)     If counsel intends to use only hard copy exhibits at the hearing or trial, then counsel must deliver either (i) a hard copy of the exhibits to opposing counsel; or (ii) a copy of the exhibits by electronic mail to opposing counsel and, if requested in writing from opposing counsel, a hard copy of the exhibits within 24 hours of receiving the written request.  If no written request is made, counsel shall provide a hard copy of the exhibits to opposing counsel at the hearing or trial.  If counsel intends to use technology in the courtroom by putting the exhibits on an electronic

October 29, 2024

media so that exhibits may be shown on the screens in the courtroom, then counsel must deliver an electronic copy of the exhibits to opposing counsel and, if requested in writing, a hard copy of the exhibits within 24 hours of receiving the request.  The electronic copy must contain the exhibits in the same order as they are contained on the electronic media to be used in the courtroom.  Alternatively, the parties may agree in writing to a different manner of exchange, i.e., exchange by electronic mail, facsimile, Dropbox (or other form of internet-based distribution service), etc.  Any party agreeing in writing to a different manner of exchange under this paragraph waives the right to object to the admission of any exhibit for non-compliance with this rule and to receive a hard copy of the exhibits under this paragraph.

(e)     All hard copy exhibits should be clearly marked, tabbed and bound in a 3-ring notebook or utilizing another binding method that allows the exhibit book to open and lay flat on an even surface.

(f)     For exhibits that are more than 10 pages in length, each page of that exhibit must be numbered or bates labeled.

(g)     If counsel has identified expert witnesses on the witness list, then counsel must ensure that the written reports of the expert witnesses are timely provided to opposing counsel.  Expert reports shall be delivered to opposing counsel by noon on the Day of Exchange in accordance with Table 1.   Notwithstanding the foregoing, no expert reports shall be required for (i) owners of property opining on the value of the property; and (ii) attorneys providing expert testimony regarding the reasonableness and amount of attorney's fees.

(h)     ***Emergency Hearings***. If a hearing is scheduled on an emergency basis and unless a specific order is otherwise issued, all of the above referenced procedures shall apply except that counsel must (i) exchange exhibits, exhibit and witness lists; and (ii) file exhibit and witness lists with the Clerk of the Court by noon of the Day of Exchange in accordance with Table 2. An emergency hearing is a hearing set (i) by order that expressly states that the hearing is an emergency hearing; or (ii) a hearing set by docket entry on less than 72 hours' notice.  If a hearing is set on less than two (2) days' notice, then the exhibits must be exchanged at the earliest practicable time.

(i)     ***Contested Hearings in Chapter 13 and 7 Cases Involving less than Ten Exhibits***.  In other contested matters in chapter 13 and 7 cases where a party intends to offer ten or fewer exhibits, counsel are not required to provide bound exhibits and may exchange exhibits with opposing counsel by electronic mail. All other requirements and deadlines will apply.

(j)     ***Contested Hearings in Complex Chapter 11 Cases***.  In contested matters in complex chapter 11 cases, counsel may deliver exhibits via an internet-based

distribution service that does not assess a charge to the party performing the download.  The website address along with instructions for downloading the exhibits shall be made available in accordance with Table 1 or Table 2 as appropriate.  If a party elects to deliver exhibits in accordance with this paragraph, counsel is not required to provide bound exhibits to counsel.  <u>All other requirements and deadlines will apply</u>.

(k)     The failure to timely comply with this rule may be grounds for the denial of the admission of any or all exhibits and the exclusion of witness testimony.

(l)     **Regardless of the manner of exchange between counsel and unless otherwise instructed by the Court, counsel shall bring three hard copies of the exhibits to the scheduled hearing or trial—one for the court; one for the courtroom deputy; and one for witnesses**.

(m)     <u>**Table 1**</u>.

| Scheduled Day for Hearing or Trial | Day of Exchange |
|---|---|
| Monday | Previous Thursday |
| Tuesday | Previous Friday |
| Wednesday | Previous Monday |
| Thursday | Previous Tuesday |
| Friday | Previous Wednesday |

If the Day of Exchange is a legal holiday, the Day of Exchange would be the preceding Day of Exchange.  For example, if the Scheduled Day for Hearing or Trial was a Wednesday and the Previous Monday was a legal holiday, the Day of Exchange would be the Previous Friday.

(n)     <u>**Table 2**</u>.

| Scheduled Day for Emergency Hearing | Day of Exchange |
|---|---|
| Monday | Previous Friday |
| Tuesday | Previous Monday |
| Wednesday | Previous Tuesday |
| Thursday | Previous Wednesday |
| Friday | Previous Thursday |

If the Day of Exchange is a legal holiday, the Day of Exchange would be the preceding Day of Exchange.  For example, if the Scheduled Day for Emergency Hearing was a Wednesday and the Previous Tuesday was a legal holiday, the Day of Exchange would be the Previous Monday.

October 29, 2024

**Rule 9017-1.  Means of Conducting Hearings and the Taking of Testimony[4]**

(a)     The Court may allow remote participation for individual hearings or trials.  In hearings and trials for which the Court authorizes remote participation, the Court's audio and video connections may be utilized only by

      (1)     the parties to the proceeding;

      (2)     other parties-in-interest, including creditors and interest holders;

      (3)     attorneys, other professionals and their staff acting on behalf of a party or a party-in-interest;

      (4)     witnesses;

      (5)     other persons necessary to conduct the hearing or trial; and

      (6)     other persons as specifically authorized by the Court.

(b)     The presiding judge's individual procedures (accessible on that judge's home page) determine whether remote participation is authorized.  Those procedures may be varied by a case-specific order.

(c)     Fed. R. Civ. P. 43 applies to the taking of testimony.  If the Court determines that emergency consideration of a matter is required, witness testimony will be allowed remotely. In all other instances, the party choosing to call a witness to testify remotely must first demonstrate that good cause in compelling circumstances exists and that appropriate safeguards have been established.

      (1)     At a minimum, appropriate safeguards will include assurances that the witness will be giving testimony independently and with no assistance or coaching by others.

      (2)     Good cause in compelling circumstances may be shown:

            (A)     At the scheduled hearing or trial, by a demonstration of the good cause in compelling circumstances;

            (B)     By filing of a "Notice of Intent to Call Live Witness by Telephone and Video Technology" in the form published on the Court's website at least 7 days prior to the scheduled hearing or trial.  Any party-in-interest may object to the Notice within 3

---

[4] NOTE: Rule 9017-1 applies to hearings or trials scheduled for on or after September 21, 2023.

days of the filing of the Notice.  If no party-in-interest files a timely objection, the witness will be allowed to testify remotely using the Court's audio and video connections.  If a party-in-interest files a timely objection, the Court will rule on the objection prior to or at the scheduled hearing or trial.

(C)     If the Court does not authorize the testimony to be taken remotely, the Court will schedule a date for the witness's testimony.  Both the witness and the objecting party-in-interest must appear in person at the scheduled date.

(d)     This rule supersedes General Orders 2020-4 and 2020-20.  General Order 2021-5 is superseded only to the extent this Rule 9017-1 conflicts with General Order 2021-5.

## Local Rule 9027-1.  Removal.

(a)     A party removing a civil action to the bankruptcy court must comply with FED. R. BANKR. P. 9027 and must (i) list all names and addresses of the parties, (ii) designate on which parties service of process has been accomplished, and (iii) list the name, address, and telephone number of the counsel for every party.

(b)     The notice of removal must be accompanied by copies of all papers that have been filed in the court from which the case is removed.

(c)     Removals under 28 U.S.C. § 1452 must contain this caption:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
_____ DIVISION

## Local Rule 9027-2.  Statement in Notice of Removal Regarding Consent to Entry of Orders or Judgment in Core Proceeding.

If, pursuant to Rule 9027(a)(1) of the Federal Rules of Bankruptcy Procedure, a notice of removal states that upon removal of the claim or cause of action the proceeding or any part of it is core, the notice shall also state that the party removing the proceeding does or does not consent to the entry of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

## Local Rule 9027-3.  Statement Regarding Consent to Entry of Orders or Judgment in Core Proceeding.

October 29, 2024

If a statement filed pursuant to Rule 9027(e)(3) by a party who filed a pleading in connection with a removed claim or cause of action, other than the party filing the notice of removal, states that the proceeding or any part of it is core, the party shall also state that the party does or does not consent to the entry of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

**Local Rule 9033-1.  Proposed Findings and Conclusions in Certain Core Proceedings.**

If the Court determines that it cannot enter a final order or judgment consistent with Article III of the United States Constitution in a particular proceeding referred to the Court and designated as core under section 157(b) of title 28, and the Court hears the proceeding, Rule 9033(a), (b), and (c) of the Federal Rules of Bankruptcy Procedure shall apply as if it is a non-core proceeding.

**Local Rule 9037-1.  Sealed Documents.**

    (a)    The sealing of documents is discouraged.

    (b)    Certain documents are routinely redacted to remove personal identifying information or other content that is not relevant to a decision by the Court.  In those instances, (i) the document may be filed in redacted form only; (ii) no document should be filed that contains the redacted information; and (iii) the balance of this Rule 5003-1 does not apply.

    (c)    A motion, reply, or other document may initially be filed under seal if the filing party simultaneously files a motion requesting that the document be maintained under seal.  The document must be filed using the correct CM/ECF code for the filing of a sealed document.  The filing party should notify the Case Manager if a motion to seal is filed.

    (d)    In some instances, it may be practicable to redact relevant confidential information from a document, and to file the redacted document in the public record.  In those instances, (i) a redacted document should be filed, not under seal; and (ii) the unredacted document should simultaneously be filed, under seal.

    (e)    A document filed under seal will be kept by the clerk in electronic form but will be viewable only by the bankruptcy judges and staff.

    (f)    Documents filed under seal must be served by the filing party by e-mail and conventional means on parties-in-interest entitled to receive the sealed document.

October 29, 2024

(g)     A motion to seal the document must be filed in the public record and served as any other motion.  The motion to seal must state whether a redacted version of the document has been filed.

(h)     Instructions for filing documents under seal are on the Court's web site.

(i)     After reviewing the motion to seal, the Court may order appropriate relief, including the unsealing of the document.

October 29, 2024