| Fill in this information to identify the case: |
|---|

| Debtor 1 | In re Reit, LLC |
|---|---|
| Debtor 2 (Spouse, if filing) | |

United States Bankruptcy Court for the: _Western _ District of __Texas ☑

Case number  24-10120

## Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

## Part 1: Identify the Claim

| 1. | Who is the current creditor? | John Quinlan, Omar Khawaja, and Osama Abdullatif |
|---|---|---|
| | | Name of the current creditor (the person or entity to be paid for this claim) |
| | | Other names the creditor used with the debtor _____ |

| 2. | Has this claim been acquired from someone else? | ☐ No ☐ Yes. From whom? _____ |
|---|---|---|

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

c/o Steven A. Leyh, Hoover Slovacek LLP
Name

5051 Westheimer, Ste 1200 Galleria Tower II
Number     Street

Houston,                    TX          77056
City                         State        ZIP Code

Contact phone 713 977-8686

Contact email leyh@hooverslovacek.com

Where should payments to the creditor be sent? (if different)

Name

Number     Street

City                         State        ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __

| 4. | Does this claim amend one already filed? | ☑ No ☐ Yes. Claim number on court claims registry (if known) _____ | Filed on _____ MM / DD / YYYY |
|---|---|---|---|

| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☑ No ☐ Yes. Who made the earlier filing? _____ |
|---|---|---|

EXHIBIT
25

**Part 2:** **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |

7. **How much is the claim?**   $ _____ 4,847,894.68 . **Does this amount include interest or other charges?**

            ☐ No

            ☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

    Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

    Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

    Limit disclosing information that is entitled to privacy, such as health care information.

    Judgments - See the attached Complaint & Calculation Judgments

9. **Is all or part of the claim secured?**

    ☐ No

    ☐ Yes. The claim is secured by a lien on property.

        **Nature of property:**

        ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

        ☐ Motor vehicle

        ☐ Other. Describe: _____

        **Basis for perfection:** _____

        Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

        **Value of property:**             $ _____

        **Amount of the claim that is secured:**   $ _____

        **Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

        **Amount necessary to cure any default as of the date of the petition:** $ _____

        **Annual Interest Rate** (when case was filed) _____%

        ☐ Fixed

        ☐ Variable

10. **Is this claim based on a lease?**

    ☑ No

    ☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____

11. **Is this claim subject to a right of setoff?**

    ☑ No

    ☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

Amount entitled to priority

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

$_____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

$_____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

$_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

$_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.

$_____

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  06/4/2024
                  MM / DD / YYYY

✗ *Signature*  *Osama Latif*

**Print the name of the person who is completing and signing this claim:**

| | | | |
|---|---|---|---|
| Name | Osama | | Abdullatif |
| | First name | Middle name | Last name |
| Title | Member | | |
| Company | Abdullatiff & Company LLC | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | | | |
| | Number        Street | | |
| | City | State | ZIP Code |
| Contact phone | _____ | Email | _____ |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

|  |  |  |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 24-10120-smr |
| TEXAS REIT, LLC | § | |
| | § | |
| Debtor. | § | CHAPTER 11 |

## STATEMENT REGARDING PROOF OF CLAIM AND
## SUMMARY OF PROOF OF CLAIM JUDGMENTS' DAMAGES

Claimants reserve the right to (a) amend, clarify, modify, update or supplement this Proof of Claim at any time and in any respect, including without limitation to assert additional claims and requests for payment or additional grounds for its claims, or to specify the amount of Claimants' contingent, unmatured or unliquidated claims as they become noncontingent, matured or liquidated; (b) file additional proofs of claim at any time and in any respect; (c) file a request for payment of administrative or priority expenses, including but not limited to servicing fees, in accordance with 11 U.S.C. §§ 503 and 507; or (d) pursue additional forms of relief, including, without limitation, the imposition of a constructive trust, equitable lien or other legal or equitable remedies. By virtue of the filing of this Proof of Claim, Claimants do not waive, and hereby expressly reserves, its right to pursue claims and requests for payment.

By filing this Proof of Claim, Claimants do not waive, and specifically preserve, its procedural and substantive defenses to any claim that may be asserted against it by the Debtor, by any trustee of the estate, or any other party. Claimants also reserve all rights accruing to it against the Debtor, and the filing of this Proof of Claim is not intended to be and shall not be construed as (a) an election of remedies or (b) a waiver or limitation of any rights of Claimants. Claimants reserve the right to withdraw this Proof of Claim with respect to any claims for any reason whatsoever.

This Proof of Claim shall not be deemed to be a waiver of Claimants' right: (a) to have final orders in noncore matters entered only after *de novo* review by a District Court Judge, (b) to trial by jury in any proceeding so triable in this case or any case, controversy, or proceeding related to this case, (c) to have the District Court withdraw the reference in any matter subject to

mandatory or discretionary withdrawal, or (d) to any other rights, claims, actions, set-offs, or recoupments to which Claimants are or may be entitled, in law or in equity, all of which rights, claims, actions, defenses, set-off, and recoupments Claimants expressly reserve.

By the filing of this Proof of Claim, Claimant do not submit to the jurisdiction of the Bankruptcy Court for any purpose other than with respect to this Proof of Claim.

The Claimants may recover funds which decrease the total amount owing from the Estate, including but not limited to, due to certain asserts being abandoned.

## **SUMMARY OF DAMAGES**

Creditors' damages stem from 3 Judgments. Below are the calculations of the Judgments, including interest. The Judgments are attached as Exhibits to the Proof of Claim.

**Judgment 1.  Davy and Heil Judgment**.
I.      Lawsuit filed on 2-16-17.
II.     Judgment obtained on 6-23-20.
III.    Days of prejudgment interest: None because only attorneys' fees awarded.
IV.     Pre-judgment interest stated in judgment: Not applicable.
V.      Damages in judgment: $0.00.
VI.     Attorneys' fees in judgment:  Trial Court – $344,029.89;
                                      Appellate Court – $45,300.00;
                                      Total attorneys' fees: $389,329.89.
VII.    Sanctions awarded in judgment: $0.00.
VIII.   Pre-judgment interest in judgment: Not applicable.
IX.     Post-judgment interest: 5%;
        A.      Year 1: $19,466.49;
        B.      Year 2: $20,439.81;
        C.      Year 3: $21,461.81;
        D.      Year 4: $$61.73;-----> Total interest for year four through 6-3-24 ($21,296.85);
X.      Total amount due as of June 3, 2024: **$501,513.85** with per diem interest continuing to accrue.
XI.     Court of Appeals Bill of Costs: (awarded per Court of Appeals Mandate).

**Judgment 2.  Abdullatif Judgment**.
**$4,153,452.72** as of May 31, 2024 (includes interest calculations).

**Judgment 3.   HSLLP Judgment**.

I.       Lawsuit filed on 6-29-20.

II.      Judgment obtained on 10-31-20.

III.     Days of prejudgment interest: None because only attorneys' fees and sanctions awarded.

IV.     Pre-judgment interest stated in judgment: Not applicable.

V.      Damages in judgment: $0.00

VI.     Attorneys' fees in judgment:  Trial Court – $35,891.00;

                                                    Appellate Court – $36,000.00;

                                                    Total attorneys' fees: $71,891.00.

VII.    Sanctions awarded in judgment: $90,000.00.

VIII.   Pre-judgment interest in judgment: Not applicable.

IX.     Post-judgment interest: 5%;

       A.      Year 1 post-judgment interest: $8,094.55;

       B.      Year 2 post-judgment interest: $8,499.27;

       C.      Year 3 post-judgment interest: $8,924.24;

       D.      Year 4 per diem is $25.67;-----> Total interest for year four through 6-3-24 ($5,519.05);

X.      Total amount due as of June 3, 2024: **$192,928.11** with per diem interest continuing to accrue.

**TOTAL AMOUNT OWED FOR THREE JUDGMENTS: $4,847,894.68 plus continuing post-judgment interest and attorneys' fees.**



# JUDGMENT

## Court of Appeals

## First District of Texas

NO. 01-20-00615-CV

JETALL COMPANIES, INC., Appellant

V.

RICHARD HEIL, TODD OAKUM, AND RENEE DAVY F/K/A RENEE DAVY F/K/A
RENEE OAKUM, Appellees

Appeal from the 152nd District Court of Harris County.  (Tr. Ct. No. 2017-10832).

This case is an appeal from the final judgment signed by the trial court on June 23, 2020.  After submitting the case on the appellate record and the arguments properly raised by the parties, the Court holds that the trial court's judgment contains no reversible error. Accordingly, the Court **affirms** the trial court's judgment.

The Court orders that the appellant, Jetall Companies, Inc., pay all appellate costs.

The Court **orders** that this decision be certified below for observance.

Judgment rendered August 16, 2022.

Panel consists of Justices Landau, Guerra, and Farris. Opinion delivered by Justice Guerra.



**MANDATE**

# Court of Appeals

# First District of Texas

NO. 01-20-00615-CV

JETALL COMPANIES, INC., Appellant

V.

RICHARD HEIL, TODD OAKUM, AND RENEE DAVY F/K/A RENEE DAVY F/K/A
RENEE OAKUM, Appellees

Appeal from the 152nd District Court of Harris County. (Tr. Ct. No. 2017-10832).

**TO THE 152ND DISTRICT COURT OF HARRIS COUNTY, GREETINGS:**

Before this Court, on the 16th day of August 2022, the case upon appeal to revise
or to reverse your judgment was determined. This Court made its order in these words:

> This case is an appeal from the final judgment signed
> by the trial court on June 23, 2020. After submitting the case
> on the appellate record and the arguments properly raised by
> the parties, the Court holds that the trial court's judgment
> contains no reversible error. Accordingly, the Court **affirms**
> the trial court's judgment.
>
> The Court orders that the appellant, Jetall Companies,
> Inc., pay all appellate costs.
>
> The Court **orders** that this decision be certified below
> for observance.

Judgment rendered August 16, 2022.

Panel consists of Justices Landau, Guerra, and Farris. Opinion delivered by Justice Guerra.

**WHEREFORE, WE COMMAND YOU** to observe the order of our said Court in this behalf and in all things to have it duly recognized, obeyed, and executed.

December 16, 2022
_____

Date

CHRISTOPHER A. PRINE
CLERK OF THE COURT



5/11/2020 11:34 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 42874093
By: KATINA WILLIAMS
Filed: 5/11/2020 11:34 AM

CAUSE NO. 2017-10832

| | | |
|---|---|---|
| JETALL COMPANIES, INC. | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | |
| | § | 152ND JUDICIAL DISTRICT |
| RICHARD HEIL, TODD OAKUM, and | § | |
| RENEE DAVY f/k/a RENEE DAVY f/k/a | § | |
| RENEE OAKUM | § | HARRIS COUNTY, TEXAS |

## FINAL JUDGMENT

On March 9, 2020, this case was called for trial. Plaintiff, Jetall Companies, Inc., ("Plaintiff" or "Jetall") appeared with its representative and through its attorneys and announced ready for trial. Defendants Richard Heil and Renee Davy f/k/a Renee Oakum appeared in person and through their attorneys announced ready for trial. Defendant Julio Fernandez appeared through his attorneys and announced ready for trial. Defendant Todd Oakum did not appear. Defendant Alan Daughtry was nonsuited on August 1, 2019.

The Parties stipulated prior to jury selection that the issue of attorneys' fees, including the reasonableness of same, would be submitted to this Court to decide after the conclusion of the trial. After a jury was impaneled and sworn, it heard the evidence and arguments of counsel. On March 17, 2020, Plaintiff announced that it was non-suiting its aiding and abetting claims against all Defendants.

On March 18, 2020, the Court charged the jury and the jury returned its verdict in favor of all Defendants, finding that:

- Todd Oakum did not agree to assign his interest in Declaration Title Company, LLC to Jetall in the Memorandum of Understanding dated June 24, 2016;

- Renee Davy did not agree to assign her interest in Declaration Title Company, LLC to Jetall in the Memorandum of Understanding dated June 24, 2016;

- Renee Davy and Jetall did not agree to the June 29, 2016 proposal; and

- Renee Davy did not commit fraud against Jetall.

A true and correct copy of the Charge of the Court and Verdict Certificate is attached hereto as *Exhibit A* and incorporated by reference.

Pursuant to the jury's findings, it is hereby ORDERED, ADJUDGED AND DECREED that

1. Jetall take and recover nothing, on all its claims, against all Defendants, Todd Oakum, Renee Davy, Richard Heil and Julio Fernandez;

2. Jetall owns no interest in Declaration Title Company, LLC, whatsoever;

3. Defendants Richard Heil and Julio Fernandez, collectively, are and have been the true and lawful owners of 100% of Declaration Title Company, LLC since August 2, 2016;

4. Pursuant to the Uniform Declaratory Judgment Act (TEX. CIV. PRAC. & REM. CODE, 37.001, *et seq.*), Defendant **Richard Heil** shall hereby recover from and against Jetall his reasonable and necessary attorneys' fees incurred in the prosecution and defense of this matter in the following amounts:

    A. In the trial court: $ 157,324.68 ; and

    B. If an appeal by Jetall is unsuccessful, then **Richard Heil** shall recover these sums from and against Jetall:

        1) **$22,500.00** for an appellee's brief to the Court of Appeals,

        2) **$7,500.00** if oral argument is conducted at the Court of Appeals,

        3) **$9,000.00** for a response to each motion for hearing at the Court of Appeals,

4) **$9,000.00** for a response to a petition for review to the Supreme Court of Texas,

5) **$12,000.00** for a response brief on the merits to the Supreme Court of Texas,

6) **$6,000.00** for oral argument conducted before the Supreme Court of Texas, and

7) **$9,000.00** for each response to motion for rehearing to the Supreme Court of Texas, whether at the petition stage or a rehearing of a cause;

5. Pursuant to the Uniform Declaratory Judgment Act (TEX. CIV. PRAC. & REM. CODE, 37.001, *et seq*.), Defendant **Renee Davy** shall hereby recover from and against Jetall her reasonable and necessary attorneys' fees incurred in the prosecution and defense of this matter in the following amounts:

A. In the trial court: $ ___186,705.21___; and

B. If an appeal by Jetall is unsuccessful, then **Renee Davy** shall recover these sums from and against Jetall:

1) **$22,800.00** for an appellee's brief to the Court of Appeals,

2) **$7,600.00** if oral argument is conducted at the Court of Appeals,

3) **$11,400.00** for a response to each motion for hearing at the Court of Appeals,

4) **$11,400.00** for a response to a petition for review to the Supreme Court of Texas,

5) **$15,200.00** for a response brief on the merits to the Supreme Court of Texas,

6) **$7,600.00** for oral argument conducted before the Supreme Court of Texas, and

7) **$11,400.00** for each response to motion for rehearing to the Supreme Court of Texas, whether at the petition stage or a rehearing of a cause;

6. Defendants Richard Heil, Julio Fernandez, and Renee Davy shall hereby recover from and against Jetall their costs of court.

Unofficial Copy Office of Maily Burgess District Clerk

-3-

7. Defendants, Richard Heil and Renee Davy, are entitled to and shall recover from and against Jetall post-judgment interest in the amount of five percent (5%) per year, as required by the Texas Finance Code (TEX. FIN. CODE § 304.003). Such post-judgment interest shall begin to accrue on the date this Judgment is signed and rendered by the Court;

8. Defendants shall have all appropriate and necessary writs, executions and process, as many and as often as are necessary, for enforcement and collection of this order; and

9. Defendants shall recover from Plaintiff, Jetall Companies, Inc., any and all reasonable and necessary attorneys' fees incurred in connection with the enforcement and collection of this judgment.

All other relief that is not expressly granted herein is denied. This Judgment is final and disposes of all claims and all parties.

SIGNED this the _____ day of _____, 2020.

Signed:
6/23/2020

_____
JUDGE PRESIDING

**JOHANSON & FAIRLESS, L.L.P.**

BY: _____
Mike Johanson, #10670400
Jocelyn A. Holland, #24059965
1456 First Colony Blvd.
Sugar Land, TX 77479
281-340-5000 Phone

*Attorneys for Defendant Richard Heil*

**HOOVER SLOVACEK, LLP**

BY: _____
Paul Pilibosian, #20728300
Michael Ballases, #24036179
5051 Westheimer Ste 1200
Houston, TX 77056
713-977-8686 Phone

*Attorneys for Defendant Renee Davy*

-4-

March 29, 2022



# JUDGMENT

# 𝕿𝖍𝖊 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

JETALL COMPANIES, INC., Appellant

NO. 14-20-00691-CV                    V.

HOOVER SLOVACEK LLP, Appellee

_____

 This cause, an appeal from the judgment in favor of appellee, Hoover Slovacek LLP, signed October 31, 2020, was heard on the appellate record. We have inspected the record and find no error in the judgment. We order the judgment of the court below **AFFIRMED**.

 We order appellant, Jetall Companies, Inc., to pay all costs incurred in this appeal.

 We further order this decision certified below for observance.


Judgment Rendered March 29, 2022.

Panel Consists of Justices Jewell, Bourliot, and Poissant. Memorandum Opinion delivered by Justice Jewell.

# MANDATE

# 𝔗𝔥𝔢 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## NO. 14-20-00691-CV

Jetall Companies, Inc., Appellant

v.

Hoover Slovacek LLP, Appellee

Appealed from the 164th District Court of Harris County. (Trial Court No. 2020-38738). Memorandum Opinion delivered by Justice Jewell. Justices Bourliot and Poissant also participating.

## TO THE 164TH DISTRICT COURT OF HARRIS COUNTY, GREETINGS:

Before our Court of Appeals on March 29, 2022, the cause upon appeal to revise or reverse your judgment was determined. Our Court of Appeals made its order in these words:

This cause, an appeal from the judgment in favor of appellee, Hoover Slovacek LLP, signed October 31, 2020, was heard on the appellate record. We have inspected the record and find no error in the judgment. We order the judgment of the court below **AFFIRMED**.

We order appellant, Jetall Companies, Inc., to pay all costs incurred in this appeal.

We further order this decision certified below for observance.

**WHEREFORE, WE COMMAND YOU** to observe the order of our said Court in this behalf and in all things have it duly recognized, obeyed, and executed.

**WITNESS**, the Hon. Tracy Christopher, Chief Justice of our Fourteenth Court of Appeals, with the Seal thereof affixed, at the City of Houston, Texas, November 1, 2022.

**CHRISTOPHER A. PRINE, CLERK**

Case 23-10013 in Claim #9-1 Part 2 Filed 06/04/24 Attach 10/10/14 Page 16 of 27

Filed 20 November 02 P2:02
Marilyn Burgess - District Clerk
Harris County

Pgs-3

ATFEX
7

CAUSE NO. 2020-38738

| | | |
|---|---|---|
| JETALL COMPANIES INC, | § | IN THE DISTRICT COURT OF |
| *Plaintiff(s)* | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| HOOVER SLOVACEK LLP, | § | 164th JUDICIAL DISTRICT |
| *Defendant(s)* | § | |

## **FINAL JUDGMENT**

On October 30, 2020 a hearing was held to consider *Defendant Hoover Slovacek, LLP's Motion for Relief Pursuant to Section 27.09(A) of the Texas Citizen Participation Act and Motion for Summary Judgment as to Plaintiff's Sole Remaining Claim,* filed October 9, 2020. All parties appeared and a record was made. In consideration of the said motion, Plaintiff's response, the Court's prior Order, the Court's file, argument of counsel and relevant authority, the Court finds:

In its Order signed September 17, 2020, the Court dismissed, with prejudice, Jetall Companies, Inc.'s, causes of action for breach of contract and breach of fiduciary duty under authority of Section 27.007 of the Texas Citizen Participation Act;

Hoover Slovacek LLP has, in past actions, represented parties adverse to Jetall Companies, Inc., in multiple legal matters;

Jetall Companies, Inc., previously sued a Hoover Slovacek LLP partner and attorney related                                                                                                            to similar or the same subject matter as this lawsuit;

Jetall Companies, Inc.'s previous lawsuit was dismissed by a different court pursuant to the Act and Jetall Companies, Inc. was sanctioned in that matter;

Jetall has sued opposing attorneys, who represent parties adverse to Jetall, on multiple occasions in the past;

Jetall has been sanctioned multiple times in past litigation for engaging in improper and repugnant actions, in courts of law;

Jetall brought this lawsuit for an improper purpose, which was to harass and increase the cost of litigation and to cause opposing counsel to personally incur unnecessary expenses so as to dissuade its opposing counsel from representing parties adverse to Jetall; and,

1

sanctions are justified in the present matter pursuant to Section 27.005(b) and Section 27.009(a) of the Texas Citizens Participation Act.

It is therefore:

Ordered that, pursuant to Section 27.009(a)(l) of the Texas Citizens Participation Act, Hoover Slovacek, LLP shall have and recover from Plaintiff, Jetall Companies, Inc., the amount of $35,891 .00 as reasonable attorneys' fees and court costs. It is further,

Ordered that pursuant to Section 27.009(a)(2) of the Texas Citizens Participation Act, Hoover Slovacek LLP is awarded as a sanction against Jetall Companies, Inc., the sum of $90,000.00, which the Court finds is sufficient to likely deter Jetall Companies, Inc., from bringing similar actions that violate the Texas Citizens Participation Act. lt is further,

Ordered that Jetall Companies, Inc., shall pay all sums listed above, to Hoover Slovacek LLP, within ten (10) days of the signing of this order and that execution shall issue for all other amounts and all relief awarded herein, consistent with Texas law. It is further,

Ordered that, in the event an appeal of this judgment in favor of Hoover Slovacek, LLP is taken to the Court of Appeals and this judgment is affirmed (and in that event only), Hoover Slovacek, LLP shall recover the additional sum of $36,000.00 from Jetall Companies, Inc., as reasonable attorney fees on appeal. It is further

Ordered that, in the event this judgment in favor of Hoover Slovacek, LLP is affirmed by the Court of Appeals and is subsequently the subject of a petition for review in the Texas Supreme Court and such petition is denied or dismissed, Hoover Slovacek, LLP shall recover the additional sum of $15,000.00 from Jetall Companies, Inc., as reasonable attorney fees incurred in defending against the petition for review filed in the Supreme Court. It is further

Ordered that, in the event this judgment in favor of Hoover Slovacek, LLP is affirmed by the Court of Appeals the Texas Supreme Court calls for briefing on the merits, Hoover Slovacek, LLP shall recover the additional sum of $25,000.00 from Jetall Companies, Inc., as reasonable attorney fees incurred before the Supreme Court. It is further

Unofficial copy Office of Marilyn Burgess District Clerk

2

Ordered that, in the event this judgment in favor of Hoover Slovacek, LLP is affirmed by the Court of Appeals and is affirmed following the grant of a petition for review in the Texas Supreme Court, Hoover Slovacek, LLP shall recover the additional sum of $10,000.00 from Jetall Companies, Inc., as reasonable attorney fees incurred in the completion of representation before the Supreme Court. It is further

Ordered that, Hoover Slovacek LLP's Motion for Summary Judgment as to Jetall Companies, Inc.'s, sole remaining cause of action for fraud is hereby granted and said fraud claim is dismissed with prejudice. It is further

Ordered that interest shall accrue on the amounts awarded in this judgment at the rate of five per cent (5%) per annum per TEX. FIN. CODE §304.003 (c). Such post-judgment interest shall accrue on the amount awarded from the date of judgment until paid. It is further

Ordered that costs of court are taxed against Jetall Companies, Inc.

All claims and causes of action not expressly disposed of herein are dismissed. This judgment disposes of all claims and all parties, and it is final and appealable.

Signed October 31, 2020

Hon. MICHAEL LANDRUM
Judge, 164th District Court

3



# THE SUPREME COURT OF TEXAS

Orders Pronounced September 23, 2022

**ORDERS ON CAUSES**

21-0652   THREE ACES TOWING, INC. D/B/A THREE ACES STORAGE v.
CASSIE LANDRUM, INDIVIDUALLY, AND AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF JEFFREY LANDRUM; from
Chambers County; 14th Court of Appeals District (14-19-00409-CV, 628
SW3d 346, 06-24-21)

Pursuant to Texas Rule of Appellate Procedure 59.1, after granting the
petition for review and without hearing oral argument, the Court reverses the
court of appeals' judgment and renders judgment.

Per Curiam Opinion

22-0078   IN RE MARIAM AYAD; from Collin County; 5th Court of Appeals District
(05-21-00216-CV, ___ SW3d ___, 01-05-22)

stay order issued February 22, 2022, lifted

Pursuant to Texas Rule of Appellate Procedure 52.8(c), without hearing oral
argument, the Court conditionally grants the petition for writ of mandamus.

Per Curiam Opinion

## ORDERS ON PETITIONS FOR REVIEW

### THE FOLLOWING PETITIONS FOR REVIEW ARE DENIED:

21-0497   DIAMONDBACK E & P LLC AND MAGNOLIA, LLC v. RIDGEFIELD
          PERMIAN, LLC AND ALBERT JEFFRYES GRIFFITHS, AS TRUSTEE
          OF THE ALBERT JEFFRYES GRIFFITHS TRUST; from Reeves County;
          8th Court of Appeals District (08-19-00156-CV, 626 SW3d 357, 05-05-21)
          2 petitions

22-0364   JOE ERVIN LOCKRIDGE v. STEPHANIE MARTIN; from Dallas County;
          5th Court of Appeals District (05-21-00717-CV, ___ SW3d ___, 04-05-22)

22-0539   WEST LOOP HOSPITALITY, LLC, JETALL COMPANIES, INC., AND
          ALI CHOUDHRI v. HOUSTON GALLERIA LODGING ASSOCIATES,
          LLC, RAYMOND MANAGEMENT CO., INC., THE ESTATE OF C.J.
          RAYMOND, AND BARRY PERKEL; from Harris County; 1st Court of
          Appeals District (01-19-00885-CV, 649 SW3d 461, 03-03-22)
               (Justice Young not participating)

22-0553   JETALL COMPANIES, INC. v. HOOVER SLOVACEK LLP; from Harris
          County; 14th Court of Appeals District (14-20-00691-CV, ___ SW3d ___,
          03-29-22)
               (Justice Young not participating)

22-0766   C. G. v. TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE
          SERVICES; from Travis County; 3rd Court of Appeals District (03-22-
          00098-CV, ___ SW3d ___, 07-22-22)
          counsel's motion to withdraw granted

**MISCELLANEOUS**

THE FOLLOWING PETITION FOR WRIT OF MANDAMUS IS DENIED:

22-0700   IN RE BRENDA L. CADDELL; from Dallas County; 5th Court of Appeals
          District (05-22-00435-CV, 649 SW3d 857, 07-05-22)

THE FOLLOWING PETITION FOR WRIT OF PROHIBITION IS DENIED:

22-0695   IN RE RJR VAPOR CO., LLC; from Travis County; 3rd Court of Appeals
          District (03-22-00361-CV, ___ SW3d ___, 06-30-22)

11/10/2022 4:50 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 70086314
By: Jennifer Ochoa
Filed: 11/10/2022 4:50 PM

CAUSE NO. 2013-41273

| | | |
|---|---|---|
| OSAMA ABDULLATIF, Individually, | § | IN THE DISTRICT COURT OF |
| and ABDULLATIF & COMPANY, LLC | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | HARRIS COUNTY, TEXAS |
| v. | § | |
| | § | |
| ALI CHOUDHRI and HOUSTON | § | |
| REAL ESTATE PROPERTIES, LLC | § | |
| | § | |
| *Defendants.* | § | 334th DISTRICT COURT |

P. 6
AMFJX

## **FINAL JUDGMENT**

On January 6, 2020, the Court in this Cause entered an Order Granting Plaintiffs' Motion

to Sell Properties Free of Lien as to the nine (9) properties owned by Plaintiff Abdullatif[1] and

described as Tracts 1-9 as set forth in the Affidavit of Lien filed by Choudhri in the real property

records of Harris County, Texas on April 16, 2013, under Clerk's File No. 20130178411 ("Lien

Affidavit"). Pursuant to the January 6, 2020 Order the monies realized from the subsequent sale

of seven (7) of the Properties was placed into the registry of the Court. As of August 19, 2022, the

monies in the registry of the Court totaled $1,796,960.76 and continues to accrue interest daily.

On August 8, 2022, this cause came on to be heard and Osama Abdullatif ("Abdullatif")

and Abdullatif & Company LLC ("ACLLC"), Plaintiffs, appeared in person and by its

representative and by attorney of record and announced ready for trial. Defendants, Ali Choudhri

("Choudhri") and Houston Real Estate Properties, LLC ("HREP") appeared in person and by its

representative and by and through attorney of record. A jury having been previously demanded,

consisting of twelve (12) qualified jurors, was duly empaneled and the case proceeded to trial.

---

[1] The nine (9) properties described in the Motion to Sell Properties Free of Lien are hereinafter referred to as the "Properties".


RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

Following an eight (8) day trial, on August 19, 2022 the jury returned an eleven to one (11-1) verdict in the favor of Plaintiffs Abdullatif and ACLLC and against Defendants Choudhri and HREP finding that: (1) Choudhri had committed fraud against Abdullatif; (2) HREP had committed fraud against Abdullatif; (3) Choudhri had filed a fraudulent lien or claim against The Properties; (4) Choudhri had filed a fraudulent lien against a property owned by ACLLC (the "ACLLC Property");[2] (5) Abdullatif and Choudhri did not enter into a promissory note dated February 10, 2010 in the principle amount of $1,500,000.00, an annual interest rate of 8%, a maturity date of February 9, 2012, and an annual interest rate of 18% on matured, unpaid amounts as asserted in Defendants' counterclaim.

In accordance with the Court's Order dated January 6, 2020 and the jury's verdict, the Court enters the following Final Judgment:

It is ORDERED, ADJUDGED, AND DECREED that Abdullatif shall have and recover judgment from Choudhri and HREP, jointly and severally, the sum of $1,678,000.00 for Choudhri and HREP's fraud committed against Abdullatif, together with prejudgment interest at the statutory rate of five percent (5%) interest, calculated based on when the actual damages were incurred as of July 15, 2013, and continuing on a bi-annual basis beginning December 31, 2013 and continuing up to and including the day preceding the Final Judgment as of September 15, 2022, is $533,155.42 with a per diem interest amount of $229.86.

---

[2] The ACLLC Property was identified as Tract 10 in the Lien Affidavit and is known by the street address of 5445 Almeda Road in Houston, Texas.

| Period End Date | Amt of Damages as of Period End Date | 1 year of Interest at 5% | Per Day Interest for the Year | # days in this Period | Total Prejudment Interest for this 6 months period |
|---|---|---|---|---|---|
| July 15,2013 | $ 298,039.81 | | | | |
| 12/31/2013 | $ 473,100.13 | $ 23,655.01 | $ 64.81 | 168 | $ 10,887.78 |
| 6/30/2014 | $ 533,303.14 | $ 26,665.16 | $ 73.06 | 181 | $ 13,223.00 |
| 12/31/2014 | $ 644,770.74 | $ 32,238.54 | $ 88.32 | 184 | $ 16,251.76 |
| 6/30/2015 | $ 696,450.85 | $ 34,822.54 | $ 95.40 | 181 | $ 17,268.16 |
| 12/31/2015 | $ 747,125.85 | $ 37,356.29 | $ 102.35 | 184 | $ 18,831.67 |
| 6/30/2016 | $ 857,932.02 | $ 42,896.60 | $ 117.52 | 181 | $ 21,272.01 |
| 12/31/2016 | $ 957,196.75 | $ 47,859.84 | $ 131.12 | 184 | $ 24,126.60 |
| 6/30/2017 | $ 1,013,739.75 | $ 50,686.99 | $ 138.87 | 181 | $ 25,135.19 |
| 12/31/2017 | $ 1,129,729.38 | $ 56,486.47 | $ 154.76 | 184 | $ 28,475.37 |
| 6/30/2018 | $ 1,178,804.38 | $ 58,940.22 | $ 161.48 | 181 | $ 29,227.89 |
| 12/31/2018 | $ 1,291,623.03 | $ 64,581.15 | $ 176.93 | 184 | $ 32,555.98 |
| 6/30/2019 | $ 1,374,931.29 | $ 68,746.56 | $ 188.35 | 181 | $ 34,090.76 |
| 12/31/2019 | $ 1,513,165.31 | $ 75,658.27 | $ 207.28 | 184 | $ 38,140.06 |
| 6/30/2020 | $ 1,587,770.98 | $ 79,388.55 | $ 217.50 | 181 | $ 39,368.02 |
| 12/31/2020 | $ 1,658,478.58 | $ 82,923.93 | $ 227.19 | 184 | $ 41,802.75 |
| 6/30/2021 | $ 1,661,884.96 | $ 83,094.25 | $ 227.66 | 181 | $ 41,205.64 |
| 12/31/2021 | $ 1,665,842.53 | $ 83,292.13 | $ 228.20 | 184 | $ 41,988.36 |
| 6/30/2022 | $ 1,678,000.00 | $ 83,900.00 | $ 229.86 | 181 | $ 41,605.21 |
| 7-1 to 9-15 | $ 1,678,000.00 | $ 83,900.00 | $ 229.86 | 77 | $ 17,699.22 |
| TOTAL PREJUDGEMENT INTEREST | | | | | $ 533,155.42 |

It is further ORDERED, ADJUDGED, AND DECREED that Abdullatif shall have and recover judgment from Choudhri the sum of $1,739,655.50 plus any accrued interest for Choudhri's filing of a fraudulent lien against the Properties, together with prejudgment interest at the statutory rate of five percent (5%) interest, beginning on July 15, 2013, and up to and including the day preceding the signing of a Final Judgment in this case. As of September 15, 2022, prejudgment interest is $801,198.22 with a per diem interest amount of $238.31.

It is further ORDERED, ADJUDGED, AND DECREED that ACLLC shall have and recover judgment from Choudhri the sum of $10,000.00 constituting the statutory damages as set forth by TEX. CIV. PRAC. & REM. CODE § 12.002(b)(1)(A) arising from Choudhri's filing a fraudulent lien against the ACLLC Properties, together with prejudgment interest at the statutory rate of five percent (5%) interest, beginning on July 15, 2013, and up to and including the day preceding the signing of a Final Judgment in this case. As of September 15, 2022, prejudgment interest is $4,584.94 with a per diem interest amount of $1.37.

It is further ORDERED, ADJUDGED, AND DECREED that Abdullatif shall have and recover judgment from Choudhri the sum of $455,359.00 in attorney's fees and costs expended in successfully prosecuting his claims for statutory fraud and filing a fraudulent lien. In addition, Abdullatif shall have and recover judgment from Choudhri in the following amounts for post-trial motion practice and appeal:

- $60,000 for representation in responding to a Motion for a New Trial;

- $100,000 for representation through Defendants' unsuccessful appeal to the Texas Court of Appeals;

- $50,000 for representation at the petition for review stage in the Supreme Court of Texas;

- $100,000 for representation at the merits briefing stage in the Supreme Court of Texas; and

- $60,000 for representation through oral argument and the completion of proceedings in the Supreme Court of Texas.

It is further ORDERED, ADJUDGED, AND DECREED that ACLLC shall have and recover judgment from Choudhri the sum of $291,550.00 in attorney's fees and costs expended in successfully prosecuting its claims for filing a fraudulent lien. In addition, ACLLC shall have and recover judgment from Choudhri in the following amounts for post-trial motion practice and appeal:

- $60,000 for representation in responding to a Motion for a New Trial;

- $100,000 for representation through Defendants' unsuccessful appeal to the Texas Court of Appeals;

- $50,000 for representation at the petition for review stage in the Supreme Court of Texas;

- $100,000 for representation at the merits briefing stage in the Supreme Court of Texas; and

- $60,000 for representation through oral argument and the completion of proceedings in the Supreme Court of Texas.

It is further ORDERED, ADJUDGED, AND DECREED that Choudhri shall take nothing on his Counterclaim for breach of promissory note claim.

It is further ORDERED, ADJUDGED, and DECREED that Abdullatif is entitled to immediate receipt of all of the funds in the registry of the Court, including but not limited to any accrued interest on said funds representing the proceeds from the sale of seven (7) of the Properties and the Harris County District Clerk is hereby ORDERED to pay all of the money in the registry of the Court plus any accrued interest to Abdullatif within three (3) days from the entry of this Final Judgment notwithstanding any filed or anticipated appeals;

It is further ORDERED, ADJUDGED, and DECREED that as a result of the jury verdict and this Judgment the procedures and restrictions for sale of the Properties as set forth in the January 6, 2020 Order, is no longer necessary and therefore the January 6, 2020 Order is no longer enforceable and is hereby rescinded. Abdullatif may sell the remaining two (2) of the Properties in the normal course of business without any restriction imposed by the January 6, 2020 Order.

It is further ORDERED, ADJUDGED, and DECREED that any and all liens, encumbrances, or claims against the real property and improvements identified in that certain Lien Affidavit, are hereby invalidated, nullified, unenforceable and declared void *ab initio*.

It is further, ORDERED, ADJUDGED AND DECREED that any claim to title, lien or encumbrance against the Properties by Choudhri or HREP is of no force and effect; and title to the Properties is quieted in favor of Abdullatif against any claim of Choudhri or HREP.

It is further ORDERED, ADJUDGED, and DECREED that any claim to title, lien or encumbrance against the ACLLC Property by Choudhri or HREP is of no force and effect; and title to the ACLLC property is quieted in favor of ACLLC against any claim of Choudhri or HREP.

It is further ORDERED, ADJUDGED, and DECREED that, upon the signing of this Final Judgment, Choudhri shall immediately prepare and file a full and complete release of the Lien Affidavit in the real property records of Harris County, Texas for the purpose of removing any and all liens, encumbrances, or claims against the Properties and the ACLLC Property and, for every day Choudhri fails to file such release or releases, ~~he shall be fined in an amount of no less than $5,000 dollars a day beginning the day following the signing of this Final Judgment.~~

It is further ORDERED, ADJUDGED, AND DECREED that Abdullatif and ACLLC shall have and recover judgment in the form of post-judgment interest at the maximum rate permitted under the law from Choudhri and HREP.

This is a final, appealable judgment.

SIGNED September __, 2022.

Signed:
11/21/2022
1:48 PM

_____
The Honorable Judge Dawn Rogers
334th Judicial District Court of Harris County

**AGREED AS TO FORM:**

*AMENDED on 12/30/22*

*Judge Presiding*

**McCathern Houston**

By: */s/ Rodney Drinnon*
**Rodney L. Drinnon**
Texas Bar No. 24047841
rdrinnon@mccathernlaw.com
2000 West Loop S., Suite 1850
Houston, Texas 77027
Tel. (832) 533-8689
Fax (832) 213-4842

**ATTORNEY FOR PLAINTIFF
ABDULLATIF & COMPANY, LLC**