NO. 2015-36895

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | HARRIS COUNTY, TEXAS |
| HIRA AZHAR | § | |
| AND | § | |
| MOHAMMAD ALI CHOUDHRI | § | 312th JUDICIAL DISTRICT |

## FINDINGS AND CONCLUSIONS

The court adopts the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. Azhar commenced this case on June 25, 2015.

2. Prior to that time, Choudhri had initiated and concluded a divorce from Azhar in Pakistan (the "Pakistan Divorce").

3. Before filing this case, Azhar sought an order from the courts in Pakistan seeking to nullify the effect of the Pakistan Divorce.

4. As this case was pending, Azhar pursued claims in the courts of Pakistan contesting the validity of the Pakistan Divorce and ultimately appealed to the Supreme Court of Pakistan.

5. On November 3, 2018, the Supreme Court of Pakistan rejected Azhar's appeal and affirmed the lower court's ruling concluding Azhar could not set aside the prior Pakistan Divorce and concluding that Azhar's prior filing and dismissal of claims resulted in the claims arising out of and relating to Azhar's attack on the Pakistan divorce being dismissed with prejudice.

6. Choudhri then moved to dismiss this case on grounds this Court had no jurisdiction to address Azhar's claims seeking a divorce, citing *Ashfaq v. Ashfaq*, 467 S.W.3d 539 (Tex. App.---Houston [1st Dist]. 2015) and the final ruling of the Supreme Court of Pakistan.

7. This Court considered the motion and entered an Order dated August 9, 2019 granting the motion and concluding that the Court had no jurisdiction to entertain Azhar's Texas Family Code Chapter 6 suit for dissolution of marriage because the parties were already divorced.

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

8. Before the August 9, 2019 order was signed, Azhar amended her petition to assert, in the alternative, claims under Texas Family Code Chapter 9 or Texas Property Code Chapter 23 contending that the parties jointly owned assets that were not addressed in any prior judgment (the "Omitted Asset Claims").

9. The Court directed the parties to submit briefing on the question of whether there were assets omitted from the Pakistan court proceedings and whether this Court could entertain the Omitted Asset Claims, given the various proceedings in the Pakistan courts.

10. The Court heard evidence at hearings on August 23, 2019 and September 3, 2019 and took the matter under advisement.

11. Based on the evidence admitted, the Court finds that:

    a. Azhar filed claims in the courts of Pakistan that had the jurisdiction to consider her Omitted Asset Claims.

    b. Azhar did not pursue her Omitted Asset Claims in the Pakistan courts although she had the right to do so and although the Pakistan courts had the jurisdiction to consider those claims.

    c. Azhar's claims in the Pakistan courts contested the validity of the Pakistan Divorce and those claims were rejected by the courts in Pakistan and ultimately affirmed by the Pakistan Supreme Court.

    d. This Court must give deference to the ruling of the Pakistan Supreme Court and its decision in the Azhar case are binding on this Court.

    e. Pakistan, like U.S. courts, follows principles of res judicata and collateral estoppel.

    f. Pakistan's law of res judicata and its corollary rules bar claim splitting. A party may not pursue some claims arising out of a transaction or occurrence to conclusion and then later bring other claims arising out of the same transaction or occurrence.

g. Azhar was obligated to bring all claims against Choudhri or be barred from asserting omitted claims in subsequent proceedings.

h. Azhar could have pursued, but did not, her Omitted Asset Claims in the proceedings she initiated in Pakistan. She could not properly split her claims. The final adjudication by the Pakistan Supreme Court bars the Omitted Asset Claims.

i. Additionally, Azhar commenced and then dismissed causes of action in Pakistan trial courts. The order dismissing those claims did not reserve the claims.

j. The law of Pakistan provides that the dismissal of a claim without reservation amounts to a dismissal of claims asserted (or which could have been asserted) with prejudice.

k. The Lahore High Court in Pakistan expressly addressed the effect of Azhar's filing of claims and dismissal without reservation, noting that the dismissal effectively barred her subsequent claims arising out of the marriage and the Pakistan Divorce.

l. The Pakistan Supreme Court affirmed the Lahore High Court judgment.

m. Azhar is bound by the rulings of the Lahore High Court and the Pakistan Supreme Court and this Court is bound by those rulings as well.

n. The courts of Pakistan provide due process to litigants and Azhar's due process rights were observed in the various Pakistan court proceedings.

o. This Court is required to give deference to the Pakistan Supreme Court determination under principles of comity.

## CONCLUSIONS OF LAW

1. This Court had no jurisdiction over Azhar's Texas Family Code Chapter 6 suit for dissolution of marriage in light of the prior Pakistan divorce. As noted by the Honorable Justice Bland, writing for the First Court of Appeals:

> A valid marriage must exist for a trial court to have subject-matter jurisdiction over a suit for the spouses' divorce. Gray v. Gray, 354 S.W.2d 948, 949 (Tex.Civ.App.— Houston 1962, writ dism'd) ("A suit for divorce presumes a valid marriage."). If a marriage previously was legally dissolved, then the court lacks subject-matter jurisdiction to again dissolve that

marriage. See Ashfaq v. Ashfaq, 467 S.W.3d 539, 544 (Tex.App.— Houston [1st Dist.] 2015, no pet.) (trial court properly dismissed for lack of jurisdiction where parties had divorced before filing for divorce 555 S.W.3d 154 in Texas); Fidalgo v. Galan, No. 13-01-469-CV, 2003 WL 21982186, at *3 (Tex.App.— Corpus Christi Aug. 21, 2003, no pet.) (not designated for publication) (affirming dismissal of divorce action, holding that "subject matter jurisdiction was lacking because there was no live controversy," where trial court found that "a previous divorce action had been filed by [appellant] in Mexico that resulted in the issuance of a divorce decree and orders and relief identical to the relief sought in the Texas divorce action").

*Fuentes v. Zaragoza*, 555 S.W.3d 141, 153-4 (Tex. App.---Houston [1st Dist.], 2018).

2. The Pakistan Supreme Court's decision on the issues asserted there by Azhar, or which could have been asserted there by Azhar, are deserving of respect or comity in this case. See *Ashfaq*, id.

3. The Pakistan courts had jurisdiction to consider and decide Azhar's Omitted Asset Claims but Azhar did not assert those claims.

4. Azhar's dismissal of claims in Pakistan was with prejudice as to claims asserted or which could have been asserted – including the Omitted Asset Claims. This Court concludes that the dismissal with prejudice bars the Omitted Asset Claims in this Court

5. Pakistan's law barring claim splitting bars Azhar's Omitted Asset Claims because of the final decision in the Pakistan Supreme Court. This Court concludes that res judicata principles bar the Omitted Asset Claims in the courts of Pakistan and that the same effect should be given those proceedings in this Court.

## CONCLUSION

If any of the foregoing findings of fact are more properly considered conclusions of law, they are hereby adopted as such. If any of the foregoing conclusions of law are more properly considered findings of fact, they are hereby adopted as such.

Signed this _____ day of __SEP 2 7 2020__, 20__.

_____
JUDGE PRESIDING