# CONTRACT AND AGREEMENT OF EMPLOYMENT

The undersigned, **HIRA AZHAR** hereinafter sometimes referred to as "Client" and **BOBBY K. NEWMAN, P.C.** and **LILLY, NEWMAN & VAN NESS, L.L.P.** sometimes hereinafter referred to as "Firm," hereby enter into the following Contract and Agreement regarding Firm's representation of Client in a single family law related matter: A divorce action in Harris County Texas. Client understands and has been advised that client's husband has alleged that there is a valid and binding divorce granted in Pakistan. Client understands that if such divorce is determined to be valid and is not set aside in Pakistan, it may preclude jurisdiction being valid for the divorce in Texas.

I.  Client asserts the following representation and understandings regarding employment of Firm in this case:

   a.  The date of employment of Firm is the date on which Client executes this contract or the date that this contract is executed by **Bobby K. Newman, or John Van Ness**, whichever is <u>later</u>.

   b.  Client HAS AGREED TO PAY A TRUST DEPOSIT OF $50,000.00 OF WHICH $50,000.00 IS NON-REFUNDABLE ENGAGEMENT FEE. CLIENT UNDERSTANDS AND IT HAS BEEN EXPLAINED TO CLIENT THAT FIRM MUST FOREGO OTHER CASES TO TAKE CLIENT'S CASE AND THAT IS THE REASON $50,000.00 OF THE TRUST DEPOSIT IS A NON REFUNDABLE ENGAGEMENT FEE. HOWEVER, FIRM WILL CREDIT SUCH MINIMUM CASE FEE AGAINST TIME EXPENDED ON THIS CASE.

   c.  NO REPRESENTATIONS HAVE BEEN MADE BY FIRM AS TO THE ULTIMATE SUCCESS OF THE CASE AND THE ONLY MATERIAL REPRESENTATIONS MADE BY FIRM TO CLIENT IS THAT IT WILL EXERT ITS BEST PROFESSIONAL EFFORTS IN ITS REPRESENTATIONS OF CLIENT. THERE WILL BE NO REFUND TO CLIENT OF THE ATTORNEY FEES, COSTS OR EXPENSES INCURRED BY CLIENT IN THIS CAUSE OF ACTION.

   d.  Client fully understands that in the event any monies are recovered and actually received from the opposing party, by either the Client or the Firm, such monies shall



HA
HA

first be tendered to the Firm to be credited against any unpaid fees, costs, and/or expenses due Firm by Client with any remaining overage then being paid to Client.

e.  Client fully understands that this instrument represents a contract for services rendered and to be rendered by Firm and that such services are conditioned upon the terms of this agreement, including but not limited to payment of attorney fees to Firm in accordance with the fee schedule and other fee terms as set forth herein below.

f.  Client fully understands and hereby states that Firm has no responsibility or liability of any nature for any actions, occurrences, matters of concern or interest in this cause preceding the date of execution of this Agreement.

g.  Client fully understands that the minimum case fee as stated herein is <u>absolutely vested</u> to **Lilly, Newman Van Ness, LLP** upon execution of this Agreement and is <u>non-refundable</u>.

h.  Client fully understands that an additional cost expense deposit of **$1,000.00** is to be paid simultaneously with the execution of this contract and held in trust to be used for the payment of costs and expenses incurred in the representation of Client by Firm. Any monies so deposited and not expended shall be refunded to Client at the close of the case, less any outstanding attorney's fees, costs, and expenses owing the Firm. By execution of this contract, Client hereby authorizes the Firm to pay any out-of-pocket expenses incurred by the Firm in the handling of this case out of the cost expense deposit. Client further understands and agrees that when and if the tendered cost/expense deposit has been extinguished, Client shall, upon thirty (30) days written demand by the Firm, remit to the Firm an additional cost/expense deposit.

i.  Client fully understands that at such time as the minimum case fee referred to in paragraphs I.b. and I.g. above and the cost/expense deposit referred to in paragraph I.h. above have been expended, Client shall be required to pay (and Client hereby agrees to pay) all current monthly balances with Firm in accordance with the monthly billing.

j.  TRIAL DEPOSIT:

Client fully understands that prior to the 15th day of the month prior to the month in which a trial of this cause of action is set, unless other arrangements are specifically made in writing, All past due or billed and unpaid fees and expenses must be brought current and a trial deposit to be made in an amount determined by multiplying Bobby K. Newman's hourly rate by the number of hours estimated by Bobby K. Newman to be necessary to prepare for trial and try the case. To the extent the trial deposit made pursuant to this paragraph is not used will be returned.

k. Client understands and acknowledges that the fees charged by **Bobby K. Newman, P.C.** and **Lilly, Newman & Van Ness, LLP** are high but states that, in Client's opinion, such fees are "reasonable."

l. Client fully understands that Firm may withdraw from representation in the event Client:

1. insists upon presenting a claim or defense not warranted under existing law and/or claims or defense that cannot be supported by a good faith argument for extension or reversal of such law;

2. personally seeks to pursue an illegal course of conduct;

3. insists that the Firm pursue a course of conduct which is illegal or prohibited under the disciplinary rules;

4. by other conduct renders it unreasonably difficult for the Firm to carry out employment;

5. insists upon the Firm engaging in conduct which is contrary to the judgment or advice of the attorneys;

6. disregards the agreement with Firm as to the payment of fees, costs or expenses as set forth herein;

7. fails to keep the Firm fully informed of any change of Client's residence address or telephone number or change of employment and work telephone number;

8. fails to timely remit additional cost expense deposits as per paragraph "h" as set out herein above.

11. Firm asserts the following as its understanding of the Contract and Agreement between Firm and Client:

a. The terms of this instrument reflect the entire agreement between Firm and Client and there have been no promises or assurances other than as contained in this Agreement.

b. Firm and all members will conduct themselves at all times in connection with this cause in keeping with professional standards and will exert its best professional

efforts to reach the most desirable results in perfecting the legal claims and rights of Client in connection with this cause of action.

c. Firm has not accepted employment in this cause until the date of execution of this Agreement by **Bobby K. Newman, P.C. and/or Lilly, Newman Van Ness, LLP**.

d. The time heretofore expended in consultation and telephone communications will be carried over and included in this total amount of time expended in connection with this cause as provided for in the following fee schedule.

## III.   FEE SCHEDULE

Firm and Client understand and hereby agree that the following fee schedule shall apply as an absolute condition of employment of Firm by Client. Client understands that the total amount of fees incurred in Firm's representation of Client may well exceed the minimum case fee paid by Client. By execution of this contract, Client accepts full responsibility for the timely payment of any and all amounts due Firm for legal services rendered by Firm over and above the minimum case fee pursuant to the following fee schedule and this contract, if, in fact, the minimum case fee is exceeded:

a. All time expended in connection with this cause shall be charged at the rate as set forth herein below.

This includes, but is not limited to, telephone conversations, interviews with Client or other parties in connection with this cause, legal research time, legal drafting of instruments, preparation for Court, review of correspondence and documents, and miscellaneous time spent in office practice in connection with this cause and/or legal investigation in connection with this cause. All time spent in court room attendance, whether in actual trial of this cause, or at ancillary hearings or motions, including but not limited to, motions for contempt, motions for judgment, or other motions for ancillary relief, and travel time to and from such hearing.

b. All out-of-pocket expenses, if any, incurred by Firm in connection with Client's case are billed as separate items on Client's statement. Additional details on expenses will be provided upon request. Invoices for individual expenses, including but not limited to filing costs, subpoena costs, transportation costs, printing/copying costs, investigation/expert costs, accounting costs, and all other miscellaneous actual expenses may be sent to you from time to time for immediate payment direct to the respective suppliers. As your attorneys, on specific matters, you have authorized and empowered us to do whatever is necessary and appropriate, in our professional judgment, to represent you properly and to incur such costs and expenses as are reasonably necessary to handle your matter properly, including the authorization and power to associate or employ such other persons or entities as we may deem

HA
---
HA

necessary to assist us, such as support services, technical experts, or other attorneys (usually "local counsel" in a distant forum) who are not members of the Firm. Expenses relative to deposition testimony taken and/or transcripts received of any depositions taken with respect to this cause of action will be billed directly to you by the court reporter pursuant to a Determination of Liable Party agreement to be executed by you and provided to each court reporter prior to our appearance at any deposition in this cause of action.

c. All time will be recorded in minimum units of three-tenths (.3) of an hour even though the time spent may be less than three-tenths (.3) of an hour.

d. All accounts are due and payable in Harris County, Texas, and the unpaid balance of fees owed to the Firm as well as expenses advanced on behalf of the Client shall bear interest at the rate of ten percent (10%) per annum commencing thirty (30) days after the date of the occurrence of the fee or expense so advanced. Such interest shall appear on each statement.

e. THIS CONTRACT AND AGREEMENT DOES NOT INCLUDE PRESENTATION OF THIS CASE TO ANY APPELLATE COURT OR THE FILING OF EXTRAORDINARY WRITS INCLUDING BUT NOT LIMITED TO WRITS OF HABEAS CORPUS, WRITS OF MANDAMUS, WRITS OF PROHIBITION, ETC., AND IN THE EVENT THAT AN APPEAL OR THE FILING OF EXTRAORDINARY WRITS IS NECESSITATED, CLIENT AND ATTORNEY WILL CONSIDER THAT MATTER AS A SEPARATE AND DISTINCT CAUSE OF ACTION AND A NEW AND DISTINCT FEE ARRANGEMENT WILL CONTROL IF, IN FACT, ATTORNEY AND CLIENT ARE MUTUALLY DESIROUS OF CONTINUING AN ATTORNEY/CLIENT RELATIONSHIP.

## IV. INDEMNIFICATION

Client hereby understands and agrees that Client is solely responsible for the payment of any and all costs and expenses incurred by Firm in the adequate and proper handling of Client's case which may become due and payable to court reporters, private investigators, accountants, expert witnesses, consulting experts, and/or civil process servers. Client further agrees and understands that it is Client's responsibility to pay any and all of said above costs and expenses as they become due direct to any such court reporter, private investigator, accountant, expert witness, consulting expert,

and/or civil process server performing such said services. Client understands and agrees that Firm is neither liable nor responsible for the payment of any costs and/or expenses as referenced hereinabove.

## V. RATES OF ATTORNEYS AND STAFF

Firm and Client understand and agree that, from time to time, during the pendency of the matter which is the basis of this contract and agreement of employment and the Firm/Client relationship, the Firm may deem it necessary to use the services of legal assistants, paralegal employees or other associates, and Client agrees that use of such is acceptable to him and that all work performed by assistants selected by Bobby K. Newman shall be fully supervised by Bobby K. Newman, and that the periodic time spent, if any, by lawyers and/or law clerks shall be billed at the following rates:

| | | |
|---|---|---|
| BOBBY K. NEWMAN | $600.00 | PER HOUR |
| EARLE LILLY | $600.00 | PER HOUR |
| JOHN VAN NESS | $550.00 | PER HOUR |
| SENIOR ASSOCIATE ATTORNEY | $325.00 | PER HOUR |
| ASSOCIATE ATTORNEY | $275.00 | PER HOUR |
| LAW CLERKS | $150.00 | PER HOUR |
| SENIOR PARALEGAL | $175.00 | PER HOUR |
| PARALEGALS | $150.00 | PER HOUR |

## VI. MISCELLANEOUS

FOR ALL CASES PENDING IN HARRIS COUNTY, TEXAS:

A. CLIENT ACKNOWLEDGES RECEIPT OF THE HARRIS COUNTY LOCAL RULES AND UNDERSTANDS CLIENT HAS A DUTY TO PRODUCE THE DOCUMENTS AS SET OUT IN THE HARRIS COUNTY LOCAL RULES.

B. CLIENT FURTHER UNDERSTANDS THAT CLIENT NEEDS TO TAKE A

PARENTING EDUCATION CLASS APPROVED BY THE COURT PRIOR TO THE FINAL TRIAL.

C. At the conclusion of your legal matter, you may have the contents of your file other than the personal notes, briefs, and other work product deemed necessary to be retained by the firm. If you choose to leave all or part of your file in the possession of the firm, the firm shall have the authority to destroy your file after three (3) years from the conclusion of your case.

D. The State Bar of Texas investigates and prosecutes professional misconduct committed by Texas attorneys. Although not every complaint against or dispute with a lawyer involves professional misconduct, the State Bar's Office of General Counsel will provide you with information about how to file a complaint. Please call 1-800-932-1900 toll-free for more information.

## VII  ARBITRATION

**CLIENT AND FIRM AGREE THAT ANY DISPUTE WHATSOEVER ARISING OUT OF THIS AGREEMENT OR SERVICES PROVIDED BY FIRM WHETHER IN CONTRACT OR TORT IS SUBJECT TO BINDING ARBITRATION.**

Any and all disputes, controversies, claims or demands arising out of or relating to the Agreement or any provisions hereof, the providing of services by Attorneys to Client, or in any way relating to the relationship between Attorneys with Client, whether in contract, tort or otherwise, at law or in equity, for damages or any other relief, shall be resolved by binding arbitration pursuant to the Federal Arbitration Association. Any such arbitration proceedings shall be conducted in Harris County, Texas. This arbitration provision shall be enforceable in either federal or state court in Harris County, Texas pursuant to the substantive federal laws established by the Federal Arbitration Act. Any party to any award rendered in such arbitration proceeding may seek a judgment upon the

award and that judgment may be entered by any federal or state court Harris County, Texas having jurisdiction.

SIGNED this __22nd__ day of __June__, 2015.

_____
HIRA AZHAR

_____
OMAR KHAWAJA
ATTORNEY FOR HIRA AZHAR in the negotiation of this contract

LILLY, NEWMAN, VAN NESS, L.L.P.

BY: _____
Bobby K. Newman

Date: __6/22/15__