# LOCAL COURT RULES
## OF THE
## UNITED STATES BANKRUPTCY COURT FOR THE
## WESTERN DISTRICT OF TEXAS

L. Rule 1001.          SCOPE OF RULES AND FORMS; SHORT TITLE

L. Rule 1002.          COMMENCEMENT OF CASE

L. Rule 1004.          PARTNERSHIP PETITIONS

L. Rule 1005.          CAPTION OF PETITION

L. Rule 1007.          LISTS, SCHEDULES AND STATEMENTS

L. Rule 1009.          AMENDMENTS OF VOLUNTARY PETITIONS, LISTS, SCHEDULES
                       AND STATEMENTS

L. Rule 1010.          SERVICE OF INVOLUNTARY PETITIONS AND SUMMONS

L. Rule 1014.          DISMISSAL AND CHANGE OF VENUE

L. Rule 1015.          CONSOLIDATION OR JOINT ADMINISTRATION OF CASES
                       PENDING IN SAME COURT

L. Rule 1017.          DISMISSAL OR CONVERSION OF THE CASE

L. Rule 1019.          CONVERSION OF CHAPTER 11 REORGANIZATION CASE,
                       CHAPTER 12 FAMILY FARMER'S DEBT ADJUSTMENT CASE, OR
                       CHAPTER 13 INDIVIDUAL'S DEBT ADJUSTMENT CASE TO
                       CHAPTER 7 LIQUIDATION CASE

L. Rule 1020.1.        COMPLEX CHAPTER 11 CASES

L. Rule 1021.          HEALTH CARE BUSINESS CASE

L. Rule 2002.          NOTICES TO CREDITORS, EQUITY SECURITY HOLDERS,
                       UNITED STATES, AND UNITED STATES TRUSTEE

L. Rule 2004.          EXAMINATION

L. Rule 2007.1.        APPOINTMENT OF A TRUSTEE OR EXAMINER IN A CHAPTER 11
                       REORGANIZATION CASE

L. Rule 2007.2.        APPOINTMENT OF A PATIENT CARE OMBUDSMAN IN A
                       HEALTH CARE BUSINESS CASE

L. Rule 2014.        EMPLOYMENT OF PROFESSIONAL PERSONS

L. Rule 2015.        DUTY TO KEEP RECORDS, MAKE REPORTS, AND GIVE NOTICE OF CASE

L. Rule 2015.1.      PATIENT CARE OMBUDSMAN

L. Rule 2015.2.      TRANSFER OF PATIENT IN HEALTH CARE BUSINESS CASE

L. Rule 2016.        COMPENSATION OF PROFESSIONALS

L. Rule 2090.        ADMISSION *PRO HAC VICE*

L. Rule 3001.        PROOF OF CLAIM

L. Rule 3002.        FILING PROOF OF CLAIM OR INTEREST

L. Rule 3002.1.      NOTICE RELATED TO CLAIMS SECURED BY SECURITY INTEREST IN THE DEBTOR'S PRINCIPAL RESIDENCE

L. Rule 3003.        TIME FOR FILING PROOF OF CLAIM OR EQUITY SECURITY INTEREST IN CHAPTER 9 MUNICIPALITY OR CHAPTER 11 REORGANIZATION CASE; CLAIMS PROCEDURE FOR ADMINISTRATIVE CLAIMS

L. Rule 3004.        FILING OF CLAIMS BY DEBTOR OR TRUSTEE

L. Rule 3005.        FILING OF CLAIM, ACCEPTANCE, OR REJECTION BY GUARANTOR, SURETY, ENDORSER, OR OTHER CO-DEBTOR

L. Rule 3007.        OBJECTIONS TO CLAIM

L. Rule 3011.        UNCLAIMED FUNDS IN CHAPTER 7 LIQUIDATION, CHAPTER 12 FAMILY FARMER'S DEBT ADJUSTMENT, AND CHAPTER 13 INDIVIDUAL'S DEBT ADJUSTMENT CASES

L. Rule 3012.        VALUATION OF SECURITY

L. Rule 3015.        CHAPTER 13 PLAN AND CONFIRMATION HEARINGS

L. Rule 3017.        APPROVAL OF DISCLOSURE STATEMENT IN CHAPTER 11 CASES

L. Rule 3018.        ACCEPTANCE OR REJECTION OF A PLAN IN CHAPTER 11 REORGANIZATION CASES

L. Rule 3022.        FINAL DECREE IN CHAPTER 11 CASES

L. Rule 3023.        DISPOSITION OF FEDERAL INCOME TAX REFUNDS IN CHAPTER 13 CASES

L. Rule 4001.        RELIEF FROM AUTOMATIC STAY; PROHIBITING OR CONDITIONING USE, SALE OR LEASE OF PROPERTY; USE OF CASH COLLATERAL; OBTAINING CREDIT

L. Rule 4002.        DUTIES OF DEBTOR

L. Rule 4004.        GRANT OR DENIAL OF DISCHARGE

L. Rule 5005.        ADMINISTRATIVE PROCEDURES FOR ELECTRONIC FILING

L. Rule 5011.        WITHDRAWAL OF REFERENCE

L. Rule 6004.        USE, SALE OR LEASE OF PROPERTY

L. Rule 6008.        REDEMPTION OF PROPERTY FROM LIEN OR SALE

L. Rule 6011.        DISPOSAL OF PATIENT RECORDS IN HEALTH CARE BUSINESS CASE

L. Rule 7005.        SERVICE AND FILING OF PLEADINGS AND OTHER PAPERS

L. Rule 7007.        PLEADINGS ALLOWED

L. Rule 7012.        DEFENSES AND OBJECTIONS – WHEN AND HOW PRESENTED – BY PLEADING OR MOTION – MOTION FOR JUDGMENT ON THE PLEADINGS

L. Rule 7015.        AMENDED AND SUPPLEMENTAL PLEADINGS

L. Rule 7016.        PRETRIAL PROCEDURES; FORMULATING ISSUES

L. Rule 7026.        GENERAL PROVISIONS GOVERNING DISCOVERY

L. Rule 7030.        DEPOSITIONS UPON ORAL EXAMINATION

L. Rule 7033.        INTERROGATORIES TO PARTIES

L. Rule 7036.        REQUESTS FOR ADMISSION

L. Rule 7054.        CLAIMS FOR ATTORNEY'S FEES AND COSTS IN ADVERSARY PROCEEDINGS

L. Rule 7056.        SUMMARY JUDGMENT

L. Rule 9004.        GENERAL REQUIREMENTS OF FORM

L. Rule 9011.          SIGNING OF PAPERS

L. Rule 9013.          MOTIONS; FORM AND SERVICE

L. Rule 9014.          CONTESTED MATTERS

L. Rule 9015.          JURY TRIAL PROCEDURES

L. Rule 9018.          SECRET OR CONFIDENTIAL MATTERS

L. Rule 9019.          COMPROMISE

L. Rule 9022.          NON-ELECTRONIC SUBMISSION OF ORDERS OR JUDGMENTS

L. Rule 9027.          REMOVAL

## INDEX OF APPENDICES

APPENDIX L-1001-i      ALTERNATIVE DISPUTE RESOLUTION PROCEDURES

APPENDIX L-1020.1      PROCEDURES FOR COMPLEX CHAPTER 11 CASES

APPENDIX L-2014      NOTICE OF EMPLOYMENT OF PROFESSIONAL

APPENDIX L-2016-a-2      FEE APPLICATION SUMMARY

APPENDIX L-3018-b      BALLOT SUMMARY

APPENDIX L-4001      AFFIDAVIT AND PAYMENT HISTORY FOR CERTAIN MOTIONS FOR RELIEF FROM STAY

APPENDIX L-7016      FORM SCHEDULING ORDER

APPENDIX L-9014      MATTERS DEEMED CONTESTED

APPENDIX L-9022      ORDER SUBMISSION FORM

**L. Rule 1001. SCOPE OF RULES AND FORMS; SHORT TITLE**

(a)     <u>Title</u>.

The Rules that follow are adopted as the Local Rules to govern procedure of the Bankruptcy Court until further order, and shall be cited as the "Bankruptcy Local Rules" or "L. Rule."

(b)     <u>Scope and Effective Date of Rules</u>.

    (1)     These Rules supplement or, as permitted, modify the Federal Rules of Bankruptcy Procedure, and shall be construed consistently with those Rules and to promote the just, efficient and economical determination of every action and proceeding.

    (2)     On motion or on the Court's own initiative, a judge may waive the provisions of these Rules in any case for the convenience of the parties in interest or in the interest of justice. The Appendices may be supplemented or modified from time to time.

    (3)     These Rules shall govern all actions and proceedings pending or commenced after the effective date cited in the Standing Order adopting the changes to the Local Rules.

(c)     <u>Adoption of Certain Local Rules of the United States District Court</u>.

The Local Rules of the United States District Court for the Western District of Texas shall not apply to any proceedings in the United States Bankruptcy Court, except as hereinafter adopted. In the event of a conflict between the Local Rules of the United States District Court for the Western District of Texas and these Rules, these Rules shall control.

(d)     <u>Definitions</u>.

    (1)     "District Court" shall mean the United States District Court.

    (2)     "Court" and "Judge" shall mean the United States Bankruptcy Court and bankruptcy judge, except when a matter is pending before a District Court Judge.

    (3)     "Trustee" shall mean the trustee appointed in a Chapter 7, 11, 12 or 13 case, except where specifically designated as "U.S. Trustee."

    (4)     The Local Rules of the United States District Court shall be referenced as "District Court Local Rules."

    (5)     The Federal Rules of Bankruptcy Procedure shall be referenced as "FRBP" and the Federal Rules of Civil Procedure shall be referenced as "FRCP."

(e)     Reference.

See the Standing Order of Reference on the Court's website at:
http://www.txwb.uscourts.gov/district-court-standing-orders-affecting-bankruptcy-court.

(f)     Standards of Conduct.

The provisions of Rule AT 5 of the United States District Court Local Rules, which govern Standards of Professional Conduct, are adopted.

(g)     Standing Orders.

(1)     Standing orders of the Bankruptcy Court apply to practice before and procedures in the Bankruptcy Court for this District, including procedures relating to Chapter 13 practices in the various divisions thereof. These orders may be modified from time to time and are available at each divisional office and at the Court's website at: http://www.txwb.uscourts.gov/standing-orders-index.

(2)     In the event of a conflict between a standing order of this Court and these Rules, the standing order shall prevail.

(h)     Mediation and Alternative Dispute Resolution Provisions.

(1)     The Court on its own motion or upon the motion of any party or party-in-interest may order parties to participate in mediation and may order the parties to bear expenses in such proportion as the Court finds appropriate.

(2)     The ADR provisions found at Appendix L-1001-h are adopted.

(i)     Court's Website.

The most current Local Rules and their appendices, standing orders, and forms may be found on the Court's official website at:  http://www.txwb.uscourts.gov.

## L. Rule 1002. COMMENCEMENT OF CASE

All debtors, other than individuals, must be represented by counsel as of the date a case is filed with regard to all pleadings and hearings (including the bankruptcy petition itself). Petitions filed without counsel by entities other than individuals may be dismissed by the Court on its own motion.

## L. Rule 1004. PARTNERSHIP PETITIONS

If a partnership case is commenced by the filing of an involuntary petition by its partner(s) and an order for relief is entered by default, the petitioning partner(s) shall be responsible for timely

filing the schedules and statement of financial affairs for the debtor entity. If schedules are not timely filed, the petition may be dismissed by the Court on its own motion.

## L. Rule 1005. CAPTION OF PETITION

In addition to the requirements of Bankruptcy Rule 1005, the caption of the petition and all other pleadings and papers accompanying the petition shall include the division in which it is filed (Austin, El Paso, Midland/Odessa, San Antonio, or Waco).

## L. Rule 1007. LISTS, SCHEDULES AND STATEMENTS

(a)     <u>Creditor List</u>.

    (1)     <u>General Requirements</u>.

        The master creditor list shall include those agencies and offices of the United States required to receive notice in FRBP 2002. Addresses for proper notice to major United States Government agencies are listed on the Court's website at: http://www.txwb.uscourts.gov/local-rules-attachments.

    (2)     <u>Form of Creditor List</u>.

        The creditor list shall be in such form as prescribed from time to time by the Clerk of the Court. The format may be found at the Court's website at: http://www.txwb.uscourts.gov/list-creditors-specifications.

(b)     <u>Counseling Certificate Required Under § 521(b)(1)</u>.

If an individual debtor fails to file with the petition commencing the case the certificate, required under 11 U.S.C. § 521(b)(1), from an approved nonprofit budget and credit counseling agency, the Clerk of the Court shall refer the case to the presiding judge for action, which may include dismissal without further notice or hearing.

(c)     <u>Small Business Financial Report (Monthly Operating Report)</u>.

Unless the Court orders otherwise, the filing of a completed Monthly Operating Report in the form required by the Office of the United States Trustee shall be deemed to satisfy the small business debtor's obligation under 11 U.S.C. § 308(b) to file periodic financial and other reports as described therein.

## L. Rule 1009. AMENDMENTS OF VOLUNTARY PETITIONS, LISTS, SCHEDULES AND STATEMENTS

(a)     <u>Required Service</u>.

Any amended petition, creditor list, list of 20 largest creditors, or amended or late-filed Schedules or Statements, shall be served by the party filing same on the parties listed in L. Rule 9013(d) and as provided below.

(b)      Notice to Newly Scheduled or Added Entities.

Copies of amended or late-filed Schedules or Statements shall be served within 3 days of filing, on each entity newly scheduled, newly added, or newly affected. The entity filing same shall also attach a copy of the "Order For and Notice of § 341(a) Meeting," "Discharge of Debtor," "Order Confirming Plan," and "Order Fixing Date for Filing Claims" if such orders have been entered in the case.

(c)      Amendment of Creditor Lists.

Whenever schedules or amendments add new entities or correct mailing addresses, the debtor shall file with the document an amended creditor list which shall include only the names and addresses of the entities added, deleted, or corrected.

(d)      Notice of Amendment of Exemptions and Deadline for Objections.

If a debtor's schedule of exemptions is amended, notice of such amendment shall be sent by the debtor to all creditors and to any trustee appointed in the case. Objections to the amended schedule must be filed within 30 days from the date of service of such notice.

## L. Rule 1010. SERVICE OF INVOLUNTARY PETITIONS AND SUMMONS

If service of the summons is not filed by the petitioning entity within the time allowed by FRBP 7004, the Court may dismiss the case on its own motion.

## L. Rule 1014. DISMISSAL AND CHANGE OF VENUE
Upon motion by any party-in-interest or upon the Court's own motion, the Court may, for cause, transfer venue to another division within the District.

## L. Rule 1015. CONSOLIDATION OR JOINT ADMINISTRATION OF CASES PENDING IN SAME COURT

To request joint administration of two or more pending bankruptcy cases, a motion setting out the following shall be filed in each case:

(1)      the name and case number of each case sought to be jointly administered;

(2)      the proposed style and case number to be used on subsequent pleadings if joint administration is ordered;

(3)      a summary of any administrative or scheduling orders previously entered in the affected cases which may require modification; and

(4)      the need to propose amendments or consolidation of mailing lists in the affected cases for future noticing requirements.

A party seeking consolidation or joint administration must use the form of order prescribed by the Court on the Court's website at: http://www.txwb.uscourts.gov/official-forms-western-district-texas.

## L. Rule 1017. DISMISSAL OR CONVERSION OF THE CASE

(a)      Any motion to dismiss or convert shall state whether the case has been previously converted from another Chapter of Title 11.

(b)      A motion to convert a case filed pursuant to 11 U.S.C. § 1112(a) shall state whether:

      (1)      the debtor is a debtor-in-possession;

      (2)      the case was commenced by an involuntary petition; and

      (3)      the case was previously converted to Chapter 11 other than on the debtor's request.

(c)      Section 521(i)(1) Dismissals.

The Court will enter an order dismissing a case voluntarily filed by an individual debtor under Chapter 7 or 13 under § 521(i)(1) only upon motion of a creditor or party in interest. If no motion is filed, the case will be deemed not to have been dismissed. A motion seeking an order of dismissal under § 521(i)(1) must be filed no later than the 65th day after the date of filing of the case in order for the case to be deemed to have been dismissed effective on the 46th day after the date of filing of the petition. A motion filed later than the 65th day, if granted, will result in a dismissal effective the date of entry of the order dismissing the case. A motion filed pursuant to this Local Rule shall be served on the debtor, the debtor's counsel, the trustee, the United States Trustee, and all creditors and parties in interest.

(d)      Section 521(e)(2)(A) Dismissals.

A party in interest seeking dismissal of a case for failure to comply with § 521(e)(2)(A) must do so by motion. Such motion must be served upon the trustee, the debtor, the debtor's counsel, and the United States Trustee.

## L. Rule 1019. CONVERSION OF CHAPTER 11 REORGANIZATION CASE, CHAPTER 12 FAMILY FARMER'S DEBT ADJUSTMENT CASE, OR CHAPTER 13 INDIVIDUAL'S DEBT ADJUSTMENT CASE TO CHAPTER 7 LIQUIDATION CASE

Within 14 days after the effective date of conversion, the debtor shall file an amended schedule indicating any changes to its creditor list, schedules, and statements of financial affairs, as may

be applicable, or amend such items to reflect any changes, including but not limited to the inclusion of any property acquired or disposed of since the entry of the order for relief under the previous Chapter. If no amendments are necessary, debtor shall file a certificate to that effect during the 14-day period.

## L. Rule 1020.1 COMPLEX CHAPTER 11 CASES

Procedures for the administration of complex Chapter 11 cases are governed by the Texas Procedures for Complex Chapter 11 Cases. A copy of the Procedures is attached to these Local Rules as Appendix L-1020.1 and is also available on the Court's website at: http://www.txwb.uscourts.gov/appendix-l-10201-procedures-complex-chapter-11-cases.

## L. Rule 1021. HEALTH CARE BUSINESS CASE

In addition to the notice required by Rule 9013, the movant shall serve any motion to determine whether the debtor is a health care business on the designated representative of the Texas state agency responsible for regulating the health care business. A list of Texas state agencies is available on the Court's website at: http://www.txwb.uscourts.gov/l-rule-1021-health-care-business-case.

## L. Rule 2002. NOTICES TO CREDITORS, EQUITY SECURITY HOLDERS, UNITED STATES, AND UNITED STATES TRUSTEE

(a)      Returned Notices.

Notices of the Meeting of Creditors and Orders of Discharge which are undelivered shall be returned to the debtor or debtor's counsel. The debtor shall be responsible for re-serving such notices and is responsible for attempting to determine the correct address for each returned notice. The debtor shall file a certificate of service and file an amended creditor list with the Clerk, adding corrected addresses for the entities for whom notice was returned. If corrected addresses are unavailable, debtor or debtor's counsel shall file an amended creditor matrix with the Clerk, who is then authorized to remove from the mailing list on file any such address.

(b)      Section 342(b) Notice to Individual Consumer Debtors.

The notice required under 11 U.S.C. § 342(b) to be given by the Clerk is hereby delegated, and it shall be debtor's counsel's responsibility to give such notice in cases where the debtor is represented by counsel before filing the petition commencing the bankruptcy case.

## L. Rule 2004. EXAMINATION

(a)      Inapplicable to Adversary Proceedings.

The provisions for examination under FRBP 2004 shall be inapplicable to adversary proceedings.

(b)     <u>Notice</u>.

Not less than 14 days written notice of a proposed examination shall be given to the entity to be examined, and its counsel. The notice shall have a certificate of conference attached indicating what efforts were made to obtain an agreeable date, time and place for the 2004 examination. The entity to be examined shall object to the proposed examination within 7 days after service of the notice. The notice shall describe the scope of the examination and describe any documents requested.

(c)     <u>No Order Required</u>.

Unless a motion to quash or for a protective order is granted the noticed examination shall be, by this Local Rule, deemed ordered by the Court. The notice of intent to conduct Rule 2004 Examination need not be filed. Attendance and production of documentary evidence requested of an entity other than the debtor shall comply with FRBP 9016.

(d)     <u>Motions to Quash</u>.

If an entity objects to the examination for any reason, it must file a motion to quash, and request and obtain an expedited hearing on such motion before the scheduled date and time of the examination. Notwithstanding the filing of a motion to quash, the party to be examined must appear for the noticed examination unless otherwise excused by the Court, or if the notice provides less than 14 days notice.

## L. Rule 2007.1. APPOINTMENT OF A TRUSTEE OR EXAMINER IN A CHAPTER 11 REORGANIZATION CASE

(a)     If a request has been made for the election of a trustee in a Chapter 11 case, pursuant to § 1104(b), the United States Trustee shall schedule a meeting for the purposes of the election.

(b)     The party requesting the election shall be responsible for notice.

(c)     An application for approval of the election results or, in the event of a dispute, a report summarizing the election and any disputes regarding the validity thereof shall be filed within 14 days after the conclusion of the election.

## L. Rule 2007.2. APPOINTMENT OF PATIENT CARE OMBUDSMAN IN A HEALTH CARE BUSINESS CASE

(a)     In a chapter 7, chapter 9, or chapter 11 case in which the debtor is a health care business, the Court will enter an order no earlier than 22 days and no later than 30 days after commencement of the case directing the United States Trustee to appoint a patient care ombudsman, unless a party has filed a motion to find the appointment of a patient care ombudsman unnecessary under FRBP 2007.2.  The Court will conduct a hearing within 30 days after commencement of the case on any motion to find the appointment of a

patient care ombudsman unnecessary.  A motion to expedite under L. Rule 9014 is required.  If the motion to find the appointment of a patient care ombudsman unnecessary is denied, the Court will thereafter enter an order directing the United States Trustee to appoint a patient care ombudsman.

(b)     For any motion filed under FRBP 2007.2, the movant shall serve the designated representative of the Texas agency(ies) which regulate the health care business at the address designated at the following website:
http://www.txwb.uscourts.gov/l-rule-1021-health-care-business-case.

(c)     Unless otherwise ordered by the Court, the patient care ombudsman's appointment will terminate on (i) entry of an order dismissing the case or (ii) the effective date of any chapter 11 plan.  If a chapter 11 plan is confirmed, the plan proponent shall notify the patient care ombudsman of the occurrence of the effective date.

## L. Rule 2014. EMPLOYMENT OF PROFESSIONAL PERSONS

(a)     <u>By Whom Application Made</u>.

An application to approve the employment of a professional person shall be made and signed by the entity seeking to employ that person.

(b)     <u>Content of Application</u>.

(1)     In addition to the information required by FRBP 2014, the application must also contain the following:

(A)     the date the petition was filed, the Chapter under which the petition was filed, and (if applicable), the date the case was converted and the Chapter under which the application is currently pending;

(B)     the mailing address, telephone number, fax number, and email address (if available) of the professional person to be employed; and

(C)      a disclosure of other persons in the same profession who are already or will be employed by the applicant, and an explanation of the reason an additional professional is required.

(2)     An application to employ any professional under 11 U.S.C. § 327, 1103, or 1114 shall include a copy of the contract setting forth the terms of compensation and the FRBP 2016(b) disclosure of compensation. The Court recommends that any proposed form of order granting an application to employ include language stating that settlement funds shall not be disbursed without prior court approval.

(c)      *Nunc Pro Tunc* Application.

An application filed within 30 days after the professional's commencing services is deemed contemporaneous. Any later application is deemed *nunc pro tunc* and may be granted only for cause shown, and after notice and an opportunity for hearing.

(d)      Procedure.

An application to employ a professional person is a contested matter. The application or a summary of the application in the form of Appendix L-2014 must be served on entities pursuant to L. Rule 9013(d). The application may be granted by the Court without hearing. A party in interest who opposes an application for employment may file an objection within 21 days after the date of service of the application summary, and such objection shall be set for hearing notwithstanding the Court's order granting the application to employ.

(e)      Withdrawal and Substitution of Counsel.

(1)      Withdrawal from representation of, or substitution as, counsel for the debtor, an official creditors' committee, or the trustee must be done upon motion with notice pursuant to L. Rule 9013 and opportunity for hearing. Such motion may be filed with 21-day negative notice as provided in L. Rule 9014(a).

(2)      Withdrawal from representation of, or substitution as, counsel for parties other than those described in subparagraph (1) above may be accomplished by notice filed with the Clerk and served pursuant to L. Rule 9013(d).

## L. Rule 2015. DUTY TO KEEP RECORDS, MAKE REPORTS, AND GIVE NOTICE OF CASE

(a)      Maintenance and Disposition of Records.

Unless otherwise ordered by the Court on notice and hearing, a debtor shall maintain all books and records until the entry of an order closing the case. A trustee who is in possession of books and records of the debtor may, on notice and hearing, destroy, abandon, store or return to the debtor all or a portion of those books and records. Such notice shall include a detailed description of the books and records and the objection period language as provided in L. Rule 9014(a). Notice shall be given to the United States Attorney, the United States Trustee, and the Special Procedures Office for the Internal Revenue Service, in addition to those persons otherwise entitled to notice under L. Rule 9013.

(b)      Debtor's Duty to Report.

In a Chapter 11 case, and in an operating Chapter 7 case, the debtor-in-possession or the trustee shall file a Monthly Operating Report, in the form prescribed by the United States Trustee. The Monthly Operating Report shall be filed on or before the 20th day of each month following the

month the subject of the report until a plan is confirmed, or the case is converted or dismissed. A signed copy of the Monthly Operating Report shall be furnished to the United States Trustee.

## L. Rule 2015.1. PATIENT CARE OMBUDSMAN

A patient care ombudsman may satisfy the notice requirements of FRBP 2015.1(a) by stating that after the forthcoming report, the patient care ombudsman will file reports at least every 60 days during his or her appointment and no further notice of such reports will be given, except to new patients who have not received this notice.

## L. Rule 2015.2. TRANSFER OF PATIENT IN HEALTH CARE BUSINESS CASE

Unless the Court orders otherwise, any notice served under FRBP 2015.2 shall at the same time be served on the (i) Texas Human Health and Human Services Commission, (ii) Texas Medicaid and Healthcare Partnership, and (iii) designated representative of the agency responsible for regulating the debtor at the address designated at the following website: http://www.txwb.uscourts.gov/l-rule-1021-health-care-business-case.

The health care business shall also provide for the orderly transfer to the new facility of all records relating to any affected patients, subject to applicable patient privacy or other law.

## L. Rule 2016. COMPENSATION OF PROFESSIONALS

(a)      Form of Application.

Unless otherwise ordered by the Court, an application for compensation and reimbursement of expenses for a professional retained pursuant to Court order shall also include:

(1)      A Fee Application Summary in the form of Appendix L-2016-a-2; the Summary must include a summary description of the services rendered by category, reflecting the total cost of each category of services and summarizing the nature and purpose of each category of services rendered, and the results obtained;

(2)      A Compensation Support Exhibit reflecting contemporaneous time records itemizing services rendered by category, in a format which reflects a description of each service entry, the amount of time spent rendering that service, the date the service was performed, who performed that service, and the hourly rate of the person performing that service; and

(3)      A Reimbursement Support Exhibit, reflecting invoices, records and/or receipts for expenses incurred. The date, time, and amount of each expense shall be shown. Any single expense in excess of $100.00 shall be supported by a receipt or invoice, except for in-house postage, telephone, and photocopying charges.

(b)　　Procedure for Applying for Compensation in Chapter 11 and Chapter 7 Cases.

    (1)　　The Fee Application Summary must be served pursuant to L. Rule 9013 upon any secured creditor whose cash collateral is used by the estate (and such creditor's counsel), any committee appointed in the case (and such committee's counsel), the twenty largest unsecured creditors, any trustee appointed in the case (and such trustee's counsel), the debtor (and debtor's counsel), and the United States Trustee.

    (2)　　Any party in interest may obtain a copy of the Compensation Support Exhibit and Reimbursement Support Exhibit at no charge by requesting a copy of same from the professional seeking compensation.

    (3)　　A joint application can be filed for jointly administered cases. The Court reserves the right to order that fees be allocated at the time of the final fee application.

(c)　　Procedure for Compensation in Chapter 13 Cases.

    (1)　　The Chapter 13 trustee shall review the attorney's fee charged in each case and shall make a recommendation concerning the reasonableness of the compensation requested. If the Court agrees with the trustee's recommendation, then confirmation of the Chapter 13 plan shall also constitute Court approval of the fees requested. The Court may, on its own motion, set a hearing to review the attorney's fee requested, which hearing may be conducted at the same time as the confirmation hearing scheduled in the case. The Court in each division may set a flat fee for routine non-business Chapter 13 cases, and a flat fee for routine business Chapter 13 cases. Notwithstanding said flat fee, an attorney may, for cause shown, request a higher fee.

    (2)　　An attorney representing a debtor under Chapter 13 shall be the attorney of record from the filing of the petition for relief under Chapter 13, if signed by the attorney, or from the filing of a notice of appearance until the close or dismissal of the case (including disposition of motions to reinstate), unless relieved from representation by order of the Court.

    (3)　　Standing Orders for each division govern compensation in Chapter 13 cases and are posted on the Court's website at: http://www.txwb.uscourts.gov/standing-orders-index.

## L. Rule 2090. ADMISSION *PRO HAC VICE*.

    (1)　　In General. An attorney who is licensed by the highest court of a state, but who is not admitted to practice in the Western District of Texas, may represent a party in this Court *pro hac vice* by permission of the judge presiding. Admission to practice is limited to the particular case or adversary proceeding for which it is approved; it is not a general admission to practice before the Bankruptcy Court or

the District Court. An attorney admitted *pro hac vice* must read and comply with the Local Court Rules for the Bankruptcy Court for the Western District of Texas. By appearing in any case, an attorney becomes subject to the rules of this Court.

(2)    Procedure. An attorney seeking admission *pro hac vice* must use the form of motion and order prescribed by the Court, which may be found on the Court's website at: http://www.txwb.uscourts.gov/official-forms-western-district-texas.

(3)    The motion may be filed ex parte.

## L. Rule 3001. PROOF OF CLAIM

For the sole purpose of section 8 of the B 10 official proof of claim form, "creditor" and "debtor" shall include counsel for the creditor and for the debtor.

## L. Rule 3002. FILING PROOF OF CLAIM OR INTEREST

(a)    Service of Claim.

A copy of each proof of claim or interest shall be served with any attachments on the debtor's attorney (or on the debtor, if the debtor is not represented by counsel) and any trustee appointed in the case.

(b)    Secured Proofs of Claim.

A secured creditor (or the debtor) in Chapter 12 and Chapter 13 must file a proof of claim for the claim to be allowed. Such proof of claim must be filed within the time frame set forth in FRBP 3002(c).

## L. Rule 3002.1 NOTICE RELATING TO CLAIMS SECURED BY SECURITY INTEREST IN THE DEBTOR'S PRINCIPAL RESIDENCE

(a)    If the Court grants relief from the automatic stay with respect to property subject to this Rule, the Notices set forth in FRBP 3002.1(b), (c) and (f) are no longer required.

(b)    If the holder of a claim, as defined in FRBP 3002.1, files a response which disagrees with the Notice of Final Cure Payment under 3002.1(f), or otherwise asserts that unpaid post-petition amounts are outstanding, and neither the debtor nor the trustee timely file a motion pursuant to FRBP 3002.1(h), the trustee is authorized to close the case.

(c)    For provisions relating to payment of such fees and expenses, see divisional Standing Orders Relating to Bankruptcy Rule 3002.1.

**L. Rule 3003. TIME FOR FILING PROOF OF CLAIM OR EQUITY SECURITY INTEREST IN CHAPTER 9 MUNICIPALITY OR CHAPTER 11 REORGANIZATION CASE; CLAIMS PROCEDURE FOR ADMINISTRATIVE CLAIMS**

(a)      <u>Bar Date for Proof of Claim or Interest in Notice of First Meeting</u>.

Proofs of claim or interests in Chapter 11 cases shall be filed by the date established in the Notice of the Meeting of Creditors pursuant to 11 U.S.C. § 341, unless the Court, upon motion and after notice and an opportunity for hearing, orders otherwise.

(b)      <u>Bar Date for Administrative Claims</u>.

The Court, after notice and an opportunity for hearing, may establish a bar date for filing an application for allowance and payment of an administrative claim, either on its own motion or on motion of a party in interest, filed pursuant to L. Rules 9013 and 9014.

**L. Rule 3004. FILING OF CLAIMS BY DEBTOR OR TRUSTEE**

A proof of claim filed under FRBP 3004 need not comply with Bankruptcy Rule 3001(c).

**L. Rule 3005. FILING OF CLAIM, ACCEPTANCE, OR REJECTION BY GUARANTOR, SURETY, ENDORSER, OR OTHER CREDITOR**

A proof of claim filed under FRBP 3005 need not comply with Bankruptcy Rule 3001(c).

**L. Rule 3007. OBJECTIONS TO CLAIM**

(a)      Objections to claims are contested matters and may be made on negative notice as set forth in L. Rule 9014. If negative notice is not used or if a timely response to the objection is filed, a hearing on the objection will be set in pursuant to FRBP 3007.

(b)      All Objections to claims shall specifically set forth all bases for the objection. General denials regarding the accuracy of the claim without specific contentions regarding the disputed items may result in the Court denying the Objection.

**L. Rule 3011. UNCLAIMED FUNDS IN CHAPTER 7 LIQUIDATION, CHAPTER 12 FAMILY FARMER'S DEBT ADJUSTMENT, AND CHAPTER 13 INDIVIDUAL'S DEBT ADJUSTMENT CASES**

An application seeking withdrawal of funds must comply with the procedures set forth by the clerk's office, which may be found on the Court's website at:
http://www.txwb.uscourts.gov/unclaimed-funds

**L. Rule 3012. VALUATION OF SECURITY**

All motions for valuation shall include the name of the creditor and the claim number, if any, in the title of the motion.

**L. Rule 3015. CHAPTER 13 PLAN AND CONFIRMATION HEARINGS**

(a)      Timely Filing of Plan.

If the plan is not timely filed, the Court may summarily dismiss the case without notice or hearing. A motion to extend the time for filing the plan must be filed before the expiration of the time provided in FRBP 3015(b).

(b)      Notice.

Unless provided otherwise by standing order, the debtor shall serve a copy of the plan and any amended plan on the Trustee, all creditors, and all parties requesting notice.

(c)      Pay Orders and Waivers of Pay Orders.

Pay orders are required in all Chapter 13 cases, except as provided herein or as otherwise ordered by the Court. The Chapter 13 trustee may waive the requirement of a pay order at the Meeting of Creditors on request of the debtor. If the Chapter 13 trustee declines to waive the requirement of a pay order, then the debtor may request a waiver of the pay order from the Court on motion and notice to the trustee and with opportunity for a hearing.

(d)      Modification of Plan After Confirmation.

Any modification to a plan after confirmation shall be upon motion and shall comply with the provisions of L. Rule 9014 and the requirements imposed by any applicable standing order affecting Chapter 13 practice in the division in which the case is pending. Contemporaneously with the motion to modify, amended schedules I and J must be filed with the Court as a separate entry on the docket.  The filing of amended I and J only applies to the debtor, and not the Chapter 13 trustee.

(e)      Excused Attendance at Confirmation Hearings.

If all of the following conditions are met, the debtor and the debtor's attorney are excused from attending the scheduled Chapter 13 plan confirmation hearing:

(1)      the plan has been filed and requirements imposed by any applicable standing order affecting Chapter 13 practice in the division in which the case is pending have been complied with;

(2)      no party in interest has timely filed an objection or any such objection has been resolved before confirmation;

(3)     the Chapter 13 trustee has recommended confirmation; and

(4)     the Declaration Concerning Confirmation Requirements is filed no later than 7 days before the confirmation hearing to the extent that the Chapter 13 trustee requires a Declaration Concerning Confirmation Requirements.

## L. Rule 3017. APPROVAL OF DISCLOSURE STATEMENT IN CHAPTER 11 CASES

Unless otherwise ordered by the Court, any objection to a disclosure statement shall be filed and served not less than 3 days before the hearing on the disclosure statement.

## L. Rule 3018. ACCEPTANCE OR REJECTION OF A PLAN IN CHAPTER 11 REORGANIZATION CASES

(a)     Voting.

No ballots shall be filed with the Clerk of the Court, except as provided by this Rule or order of the Court. The notice which is required by FRBP 3017(d) shall direct that all ballots be submitted to the plan proponent at a specified mailing address.

(b)     Ballot Summary.

For all confirmation hearings the plan proponent must prepare a written ballot summary in substantially the same form as Appendix L-3018-b. In addition to indicating how each class and each claimant voted, the summary shall attach each ballot. The plan proponent shall file the ballot summary 3 days before the confirmation hearing, unless the Court orders otherwise.

## L. Rule 3022. FINAL DECREE IN CHAPTER 11 CASES

Motions requesting the entry of a final decree in Chapter 11 cases may be filed using the negative notice language set forth in L. Rule 9014(a). Such motions must be served as required under L. Rule 9013.

## L. Rule 3023. DISPOSITION OF FEDERAL INCOME TAX REFUNDS IN CHAPTER 13 CASES

(a)     Except as may be provided by standing order, any tax refund not necessary to pay tax obligations may be first applied to cure any delinquency in the Chapter 13 plan, and the balance of the refund shall be remitted to the debtor.

(b)     With respect to all pending Chapter 13 bankruptcy cases:

(1)     the Internal Revenue Service is authorized to apply any tax refunds of debtors to the payment of any tax obligations due and owing by the debtors, regardless of

whether such tax obligations or tax refunds arose before or after the filing of the case, so long as such tax claims are entitled to priority status under § 507(a);

(2)     the terms "taxes" and "refunds" include all penalties and interest associated with taxes and refunds; and

(3)     the Internal Revenue Service shall be entitled to charge its normal rate of interest and penalties for tax obligations arising after the filing of the Chapter 13 petition.

For Austin, see the related standing order on the Court's website at:
http://www.txwb.uscourts.gov/l-rule-3023-disposition-federal-income-tax-refunds-chapter-13-cases

For Midland, see the related standing order on the Court's website at:
http://www.txwb.uscourts.gov/l-rule-3023-disposition-federal-income-tax-refunds-chapter-13-cases

## L.  Rule 4001.  RELIEF FROM AUTOMATIC STAY; PROHIBITING OR CONDITIONING USE, SALE OR LEASE OF PROPERTY; USE OF CASH COLLATERAL; OBTAINING CREDIT

(a)     Motions for Relief from Stay under 11 U.S.C. § 362(d).

(1)     Motions.

(A)     Motions seeking relief from the automatic stay shall state the specific relief requested, shall state with specificity the facts that support the relief requested, shall state the provision of § 362(d) under which relief is sought, and shall state Movant's belief as to the value of any collateral and the basis for such belief.

(B)     If the motion is filed in a Chapter 11 or Chapter 13 case with respect to residential real property and if non-payment of any post-petition payment is a ground for relief, at the time the motion is filed the movant shall serve the debtor, debtor's counsel, and trustee with an affidavit and a pay history showing, at a minimum, the months in which the default was alleged to have occurred and the amount and character of the default, in a form substantially in compliance with Appendix L-4001.

(C)     By signing the certificate of service on the motion, the movant certifies that the affidavit and pay history were served on the debtor, debtor's counsel, and trustee in accordance with this Rule. Failure to serve the affidavit and pay history in accordance with this Rule may be grounds for the denial of the relief requested in the motion.

    (D)    A creditor moving for relief from stay under § 362(d)(1) in a case shall file with the motion, where applicable, an affidavit specifying the month(s) in which the debtor failed to make a payment, any failure to satisfy an escrow shortage (including the amount of the shortage and the period of time involved), and any failure to maintain insurance (including the amount of shortage and the period of time involved).

    (E)    Motions for relief from stay shall not be combined with other forms of relief except those allowed by §§ 362 and 1205. Movants wishing to waive the 30 day hearing requirement of § 362(e) must include such waiver in the caption of the motion.

(2)    <u>Negative Notice</u>.

A movant may file a motion seeking relief from stay using the following 14-day negative notice language:

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 14 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held.**

If this negative notice language is used, the movant will be deemed to have waived entitlement to an initial hearing within 30 days. If negative notice language is not used, then the motion will be set within 30 days of its filing, as provided in § 362(e), unless the movant waives the thirty day hearing requirement in the caption of the motion.

(3)    <u>Responses</u>.

If the motion includes negative notice language, a hearing will be held only if a timely response is filed, or if the Court decides that a hearing is appropriate.  A response shall comply with Local Rule 9014(b).  Furthermore, if the party filing a response disagrees with the value of collateral set forth in the motion, the party shall state its belief as to the value of any collateral and the basis for such belief.

(4)    <u>Use of Affidavits</u>.

    (A)    Pursuant to FRCP 43(e), a movant may use affidavits as evidence at the hearing in support of the factual allegations in the motion. The affidavits should not be filed with the Clerk, but must be served pursuant to L. Rule 9013 when the motion is served.

    (B)    A respondent may also use affidavits as evidence at the hearing. The affidavits should not be filed with the Clerk, but must be served pursuant

to L. Rule 9013 either (i) at the same time the response is filed, if one is required under this Rule or (ii) within 14 days of the date of service of the motion, if no response is required under this Rule.

(C)      The use of affidavits does not preclude the use of witnesses at the hearing.

(5)      Value.

The statement of belief as to value of any collateral and the basis for such belief that is required to be included in the motion or response is for notice purposes only, shall not be construed as or deemed to be a judicial admission, shall not be used in any other proceeding, and may be amended by further evidence offered at the hearing on the motion (or any other hearing).

(6)      Hearings.

A § 362(e) hearing on a motion for relief from automatic stay shall be consolidated with the § 362(d) final hearing unless the Court, for cause, rules otherwise at the time of the hearing.

(b)      Motions for Extensions of Stay under § 362(c)(3)(B).

A party in interest seeking relief under § 362(c)(3)(B) shall file a motion styled "Motion for Extension of Stay Pursuant to § 362(c)(3)(B)." If the motion is filed within 7 days after the petition was filed, the Court will set an expedited hearing and debtor's counsel shall give notice of the expedited hearing. If the motion is filed more than 7 days after the petition was filed, the motion must be accompanied by a separate motion for expedited hearing.

(c)      Motions for Imposition of Stay under § 362(c)(4)(B).

A party in interest seeking relief under § 362(c)(4)(B) shall file a motion styled "Motion for Imposition of Stay Pursuant to § 362(c)(4)(B)." If the motion is filed within 7 days after the petition was filed, the Court will set an expedited hearing and debtor's counsel shall give notice of the expedited hearing. If the motion is filed more than 7 days after the petition was filed, the motion must be accompanied by a separate motion for expedited hearing.

(d)      Motions for Orders Confirming Termination of Automatic Stay under § 362(c).

A party in interest requesting an order under § 362(j) shall file a verified motion styled "Motion for Order Confirming Termination of Automatic Stay Under § 362(c)." The verified motion shall specifically allege the grounds for contending that the stay has terminated under the provisions of § 362(c). The motion shall be served on the debtor, the trustee, the United States Trustee, and all creditors and parties in interest.

(e)     <u>Incurring Debt in a Chapter 13 Case</u>.

    (1)     A motion by a debtor in a Chapter 13 case to incur debt shall include the following information:

        (A)     the amount of debt sought to be incurred, and the reasons why the debtor believes it necessary;

        (B)     the percentage to be paid to unsecured creditors under the plan before and after the proposed debt to be incurred; and

        (C)     a copy of the debtor's Schedules I and J, before and after the debt incurrence.

    (2)     The motion shall be served upon all creditors and parties in interest and may, upon a showing of need, be served on 14 days negative notice.

    (3)     A motion and order to incur debt shall not be required for any debtors wishing to proceed with a loan modification of their existing mortgage.

## L. Rule 4002. DUTIES OF DEBTOR

(a)     <u>Redaction</u>.

    (1)     Debtors complying with the disclosure requirements of FRBP 4002, or of 11 U.S.C. §§ 521 and 1308, are required to redact personal information from the documents to be produced to the trustee, filed with the Court, or given to any creditor, consistent with the Guidelines for Safeguarding Confidentiality established by the Director of the Administrative Office of the United States Courts, as they may be amended from time to time. The Guidelines for Privacy are available at: http://www.pacer.gov/privacy/bk.html

    (2)     A trustee or the United States Trustee may request authority to review the unredacted versions of any such documents, upon motion setting forth the grounds therefore, and notice to the debtor. The debtor may submit such documents to the Court for *in camera* inspection.

(b)     <u>Access to Debtor's Tax and Other Personal Information</u>.

    (1)     A creditor or other party in interest desiring access to any tax information filed by the debtor pursuant to 11 U.S.C. § 521 must file a motion with the Court, served upon the trustee, the debtor, debtor's counsel, and the United States Trustee. The motion must state why such information is needed, why such information is not otherwise available to the creditor, and how the movant proposes to protect the privacy of the debtor and others consistent with the Guidelines for Safeguarding Confidentiality established by the Director of the Administrative Office of the

United States Courts. Any motion filed pursuant to this subparagraph shall be set for hearing.

(2)     A creditor or other party in interest may not directly request from a trustee copies of any materials submitted to the trustee pursuant to the debtor's duties under 11 U.S.C. § 521 or § 1308 or under Rule 4002(b), and all such materials are privileged from discovery in any Court proceeding. A trustee shall not produce such documents to any creditor or party in interest except on order of the Court. A trustee may produce such documents or materials to any law enforcement officer as part of any criminal investigation.

(3)     A creditor or other party in interest may request from the Court permission to obtain access to materials submitted to a trustee pursuant to 11 U.S.C. § 521 or § 1308 or pursuant to the duties imposed by Rule 4002(b) or these Local Rules. Any such motion must set forth why such information is needed, why such information is not otherwise available to the creditor, and how the movant proposes to protect the privacy of the debtor and others, consistent with the Guidelines for Safeguarding Confidentiality established by the Director of the Administrative Office of the United States Courts.

(4)     If the Court grants a creditor's request made pursuant to subparagraph (b)(3) of this Rule, then the debtor in responding to the order may redact such materials in accordance with subparagraph (a)(1) of this Rule, unless the Court orders otherwise.

## L. Rule 4004. GRANT OR DENIAL OF DISCHARGE

(a)     <u>Chapter 7</u>.

In a Chapter 7 case, a motion to delay or postpone discharge under § 727(a)(12) must be filed not later than 30 days before the deadline for filing a complaint objecting to discharge, and must be served on the debtor, any trustee serving in the case, and on the United States Trustee. An untimely motion will not be deemed to be pending, for purposes of Rule 4004(c)(1)(I), unless the Court orders otherwise before the entry of the discharge. To be timely considered, the motion must be accompanied by a separate motion to expedite the hearing in accordance with L. Rule 9014(e).

(b)     <u>Chapter 12 or 13</u>.

In a Chapter 12 or 13 case, a debtor who completes and timely submits to the trustee a pre-discharge questionnaire in the form specified by the trustee will be deemed to have complied with the filing requirements of Rule 1007(b)(8).

The trustee's motion to enter discharge shall be deemed to be notice under Rule 2002(f)(11) of the time to request delay in the entry of discharge under § 1228(f) or § 1328(h).

(c)      Chapter 11.

An individual debtor in a Chapter 11 case, in order to receive a discharge, must file a motion requesting entry of a discharge. The motion must contain a verified statement addressing the requirements of § 1141(d)(5)(A) or  (B). The motion must also include the statements specified in Rule 4004(c)(1)(H) and (I). The motion (and all attachments) must be served on all creditors and parties in interest, and must include a conspicuous notice that any objections to the entry of discharge, or any request to delay entry of the discharge under § 1141(d)(5)(C) must be filed with the Clerk and served on the debtor within 21 days after the date of service of the statement. Service of the motion with the required notice in accordance with this Rule shall satisfy the requirements of Rule 2002(f)(11).

If an objection to the entry of discharge, or a request to delay entry of discharge is timely filed, then no discharge will be entered until a hearing has been held under § 1141(d)(5)(C). If no such objection or request is timely filed, then a discharge may be entered without further hearing, unless the Court orders otherwise.

## L. Rule 5005. ADMINISTRATIVE PROCEDURES FOR ELECTRONIC FILING

By standing order, the Court has adopted administrative procedures for electronic filing, which are posted on the Court's website at:
http://www.txwb.uscourts.gov/l-rule-5005-administrative-procedures-electronic-filing

## L. Rule 5011. WITHDRAWAL OF REFERENCE

(a)      Filing.

A motion to withdraw the reference and any responses thereto shall be filed under the style and number of the bankruptcy case or adversary proceeding in which reference is sought to be withdrawn and shall be filed with the Clerk of the Bankruptcy Court. The Clerk of the Bankruptcy Court will transmit the motion to withdraw the reference and timely filed responses to the District Court.

(b)      Contents of Motion.

The motion shall list all pleadings which may be relevant to the Court's disposition of the motion, including docket entry numbers. The motion shall be accompanied by a form of order for entry by the District Court.

(c)      Responses.

Any response or objection to a motion for withdrawal of the reference shall be filed within 14 days after the date of service.

(d)      Standing Orders of Reference.

The Standing Order of Reference is posted on the Court's website at:
http://www.txwb.uscourts.gov/district-court-standing-orders-affecting-bankruptcy-court.

## L. Rule 6004. USE, SALE OR LEASE OF PROPERTY

(a)     <u>Trustee's Use of Estate Funds</u>.

      (1)     A Chapter 7 trustee may, without prior approval of the Court, pay from funds of the estate routine expenses for preservation of the estate, such as insurance premiums on property, locksmith charges, storage space rental, filing fees for adversary proceedings, and other routine charges. Expenses included within this provision do not include reimbursement of internal operating expenses of the trustee. Payments made under this provision in each case shall not exceed an aggregate of $2,400.00 in any twelve month period.

      (2)     In addition to the expenses authorized in (a)(1) above, a Chapter 7 Trustee may, without prior approval of the Court, incur and pay funds of an estate, on an ongoing basis, any actual, necessary expense for bank fees and service charges imposed by third party depositories, related to the administration of the estate's accounts. The Court retains authority to review and approve bank fees and service charges during the administration of an estate.

(b)     <u>Notice of Proposed Use, Sale, or Lease of Property</u>.

Notice of a motion to use, sell, or lease property shall contain the negative notice language set forth in L. Rule 9014(a). In addition to the requirements of FRBP 2002(c)(1), the notice shall contain:

      (1)     The name and address of the proposed buyer or lessee;

      (2)     The proposed consideration to be received by the estate, including estimated costs of the sale or lease, including commissions, auctioneer's fees, costs of document preparation and recording and any other customary closing costs; and

      (3)     A description of the estimated or possible tax consequences to the estate, if known, and how any tax liability generated by the use, sale or lease of such property will be paid.

(c)     <u>Motions in Chapter 12 and 13 Cases</u>.

In Chapter 12 and Chapter 13 cases, a motion for proposed use, sale, or lease of property shall indicate consent or lack of consent of the trustee and of any affected secured creditor.

**L. Rule 6008. REDEMPTION OF PROPERTY FROM LIEN OR SALE**

All motions seeking redemption of property under 11 U.S.C. § 722 must be verified or accompanied by an affidavit of the debtor which discloses:

      (1)     the purchase price of the item(s) sought to be valued;

      (2)      a description of the condition of the item(s);

      (3)     the movant's opinion of the value of the item(s);

      (4)     the basis for that opinion; and

      (5)     the last four digits of the account number by which the creditor can identify the loan transaction.

**L. Rule 6011. DISPOSAL OF PATIENT RECORDS IN HEALTH CARE BUSINESS CASE**

Any notice served by mail under § 351(1)(B) shall also be served on the designated representative for the Texas state agency responsible for regulating the health care business at the address designated at the following website:
http://www.txwb.uscourts.gov/l-rule-1021-health-care-business-case.

**L. Rule 7005. SERVICE AND FILING OF PLEADINGS AND OTHER PAPERS**

Parties are permitted to make service through the Bankruptcy Court's electronic means, as permitted by FRCP 5(b)(2)(E). This rule is not applicable to the service of process of a summons and complaint, which must be served in accordance with Bankruptcy Rule 7004.

**L. Rule 7007. PLEADINGS ALLOWED**

Motions filed in adversary proceedings are governed by Local Rule 9013 and 9014, except as otherwise provided in these Rules. Service of the motion, responses, and replies is limited to all counsel and parties without counsel in the adversary proceeding. If a response is not timely filed, the relief requested may be granted without further notice and hearing.

(a)    <u>Motions</u>.

      (1)    <u>Dispositive Motions</u>. For purposes of this rule, a "dispositive motion" is a motion filed pursuant to FRBP 7012 and 7056.  Any other motions filed in an adversary proceeding are deemed non-dispositive for purposes of these Rules.

      (2)    <u>Page Limits</u>. A dispositive motion is limited to 20 pages and a non-dispositive motion is limited to 10 pages, unless otherwise authorized by the Court. These

page limits are exclusive of the caption, signature block, any certificate, and accompanying documents.

(b)     Responses.

    (1)     Generally. Any party opposing a motion shall file a response and supporting documents as are then available. The response must contain a concise statement of the reasons for opposition to the motion and citations of the legal authorities on which the party relies.

    (2)     Time Limits. A response to a dispositive motion shall be filed not later than 21 days after the filing of the motion. A response to a non-dispositive motion shall be filed not later than 14 days after the motion is filed, except to the extent the Court or these Rules provide otherwise. If there is no response filed within the time period prescribed by this rule, the Court may grant the motion as unopposed.

    (3)     Page Limits. A response to a dispositive motion is limited to 20 pages and a response to a non-dispositive motion is limited to 10 pages, unless otherwise authorized by the Court. These page limits are exclusive of the caption, signature block, any certificate, and accompanying documents.

(c)     Replies.

    (1)     Generally. A party may file a reply in support of a motion. No further submissions on the motion are allowed, absent leave of the Court.

    (2)     Time Limit. A reply in support of a motion shall be filed not later than 7 days after the filing of the response to the motion. The Court need not wait for a reply before ruling on a motion.

    (3)     Page Limits. A reply in support of a dispositive motion is limited to 10 pages and a reply in support of a non-dispositive motion is limited to 5 pages, unless otherwise authorized by the Court. These page limits are exclusive of the caption, signature block, any certificate, and accompanying documents.

## L. Rule 7012. DEFENSES AND OBJECTIONS – WHEN AND HOW PRESENTED – BY PLEADING OR MOTION – MOTION FOR JUDGMENT ON THE PLEADINGS

A response to a motion under FRBP 7012 must be filed within 21 days after service of the motion. The failure to timely file a response will be treated as consent to entry of an order granting the motion. The Court may set a motion under FRBP 7012 for hearing or may rule on such motion without a hearing.

## L. Rule 7015. AMENDED AND SUPPLEMENTAL PLEADINGS

(a)     Attachments.

Any motions to amend or to supplement pleadings must attach a complete copy of the amended or supplemental pleading the movant proposes to file. The failure to attach a copy may be grounds for denial of relief, without further hearing.

(b)      Filing of Allowed Amendments.

After an order is entered allowing the amendment, the amended or supplemental pleading which conforms with the Court's order must be filed and served by the movant within 7 days after the entry of the order.

## L. Rule 7016. PRETRIAL PROCEDURES; FORMULATING ISSUES

(a)      Scheduling Order.

After the filing of an answer or upon motion of a party, the Court shall issue its scheduling order, which will set forth deadlines, hearing dates, and limitations on discovery. Unopposed discovery may continue after the deadline for discovery contained in the scheduling order, provided that discovery does not delay other pretrial preparations or the trial setting.

(b)      Pretrial Conferences.

A pretrial conference will not be held, unless otherwise provided in the scheduling order. A pretrial conference may be scheduled upon written motion or upon the Court's own motion.

(c)      Joint Pretrial Order.

A joint pretrial order shall be filed at least 7 days before trial docket call, unless otherwise directed by the Court. Counsel shall exchange proposed Pretrial Orders 14 days before docket call, except to the extent counsel agree otherwise. If counsel cannot agree on a joint pretrial order, counsel shall file separate proposed Pretrial Orders on or before the deadline. The Pretrial Order shall contain the following:

(1)      a concise description of the dispute;

(2)      a statement as to jurisdiction, including whether the matter is core or non-core;

(3)      a statement as to whether the parties consent to the entry of a final order or judgment by the Bankruptcy Court;

(4)      a summary of the claims and defenses of each party;

(5)      a statement of stipulated facts;

(6)      a summary of the disputed factual issues;

(7)      a summary of the agreed applicable law;

(8)     a list of contested issues of law. This list shall include specific reference to applicable bankruptcy code provisions, state or federal statutes and/or regulations, applicable rules of procedure and conflict questions, if any. (Copies of regulations must be attached);

(9)     A list of witnesses who may be called, accompanied by a concise statement of their proposed testimony.  If a witness's testimony will be presented by a deposition, the Pretrial Order must designate by reference to page and line of the testimony to be offered (except those to be used for impeachment only), and if not taken stenographically, a transcript of the pertinent portions of the deposition testimony;

(10)    an estimate of the length of trial. **If counsel's estimate of trial time is 5 hours or more, a pretrial conference must be requested. It will be the parties' burden to file a written request for the pretrial conference in such instance, within 30 days after the date of the initial scheduling order**;

(11)    a list of any additional matters that might aid in the disposition of the case;

(12)    a list and description of each exhibit upon which the parties intent to rely upon at trial of their case in chief; and

(13)    a signature of an attorney for each party.

(d)     <u>Proposed Findings of Fact and Conclusions of Law</u>.

Proposed findings of fact and conclusions of law shall be filed by each party at least 7 days before trial docket call and emailed to the Courtroom Deputy in word processing format.

(e)     <u>Conflict between Scheduling Order and Local Rule</u>.

In any conflict between a scheduling order and these Local Bankruptcy Rules, the scheduling order controls.  If the Pretrial Order is not timely filed, a default judgment may be rendered or the proceeding may be dismissed for want of prosecution.

(f)     <u>Briefs</u>.

Any briefs to be considered by the Court at the trial on the merits of an adversary complaint shall be filed contemporaneously with the pretrial order, but as a separate document with service on all counsel and  parties without counsel, unless otherwise provided in the scheduling order or other order of the Court.

(g)    <u>Exhibits and Number of Copies Required</u>.

    (1)    All exhibits shall be appropriately marked and **either be provided in an electronic format agreed to by counsel or** be bound in booklet form which will lie flat when opened.  Exhibits shall be separately tabbed and identified in numerical order, and shall be indexed at the front of each exhibit book or books.

    (2)    **Tabbed and marked c**opies of exhibits shall be provided to each party not less than 5 days before trial.

    (3)    Exhibits shall not be filed with the Clerk before trial. **In addition to exhibits exchanged with opposing counsel, a complete set of exhibits shall be provided for the Court, the Law Clerk, the Courtroom Deputy and the witness stand.**

    (4)    Failure to comply with these rules may result in the refusal of the Court to admit exhibits into evidence, or in sanctions.

## L. Rule 7026. GENERAL PROVISIONS GOVERNING DISCOVERY

(a)    <u>Relief Under FRCP 26(c) or 37(a)(3)</u>.

If relief is sought under FRCP 26(c) or 37(a)(3), concerning any interrogatories, requests for production or inspection, requests for admissions, answers to interrogatories or responses to requests for admissions, copies of the relevant portions of the interrogatories, requests, answers or responses in dispute shall be attached to the motion.

(b)    <u>Definitions and Rules of Construction</u>.

The full text of the definitions and rules of construction set forth in this paragraph is deemed incorporated by reference into all discovery requests, but shall not preclude (i) the definition of other terms specific to the particular litigation, (ii) the use of abbreviations or (iii) a more narrow definition of a term defined in this paragraph. This rule is not intended to broaden or narrow the scope of discovery permitted by the FRCP.

The following definitions apply to all discovery requests:

    (1)    <u>Communication</u>. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

    (2)    <u>Document</u>. The word "document" is synonymous - and equal in scope to the use of this term in FRCP 34(a). A draft of a non-identical copy is a separate document within the meaning of this term.

    (3)    <u>Identify (With Respect to Persons)</u>. When referring to a person, to "identify" means to give, to the extent known, the person's full name, present or last known address, e-mail address, and telephone number, and when referring to a natural

person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4) <u>Identify (With Respect to Documents)</u>. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

(5) <u>Parties</u>. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(6) <u>Person</u>. The term "person" is defined as any natural person or business, legal, or governmental entity or association.

(7) <u>Concerning</u>. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

(c) <u>Protective Orders</u>.

Upon motion by any party demonstrating good cause, the Court may enter a protective order or any other appropriate order.

(d) <u>Authentication of Documents</u>.

A party's production of a document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial unless within 14 days or a longer or shorter period ordered by the Court, after the producing party has actual notice that the document will be used – the party objects to the authenticity of the document, or any part of it, stating the specific basis for objection. An objection must be either on the record or in writing and must have a good faith factual and legal basis. An objection made to the authenticity of only part of a document does not affect the authenticity of the remainder. If objection is made, the party attempting to use the document should be given a reasonable opportunity to establish its authenticity.

(e) <u>Discovery</u>.

Discovery shall not be filed with the Clerk. Absent exceptional circumstances, no motions relating to discovery, including motions under Rules FRCP 26(c), 29, and 37, shall be filed after the expiration of the discovery deadline, unless they are filed within 7 days after the discovery deadline and pertain to conduct occurring during the final 7 days of discovery. Written discovery is not timely unless the response to that discovery would be due before the discovery deadline.

The responding party has no obligation to respond or object to written discovery if the response and objection would not be due until after the discovery deadline. Depositions must be completed before the discovery deadline. Any notices served before the discovery deadline scheduling depositions after the discovery deadline will not be enforced.

## L. Rule 7030. DEPOSITIONS UPON ORAL EXAMINATION

(a)     Notice.

The notice for a deposition shall be in the form prescribed in FRCP 30, and in addition shall state the identity of persons who will attend other than the witness, parties, spouses of parties, counsel, employees of counsel, and the officer taking the deposition. If any party intends to have any other persons attend, that party must give reasonable notice to all parties of the identity of such other persons.

(b)     Procedures, Examinations and Objections.

The parties are permitted to stipulate on the record of the deposition any agreement regarding the rules for the deposition. Objections during depositions shall be stated concisely and in a non-argumentative and non-suggestive manner. An attorney shall not, in the presence of the deponent, make objections or statements that might suggest an answer to the deponent. An attorney for a deponent shall not initiate a private conference with the deponent regarding a pending question, except for the purpose of determining whether a claim of privilege should be asserted. An attorney who instructs a deponent not to answer a question shall state, on the record, the legal basis for the instruction consistent with FRCP 30(d)(1). If a claim of privilege has been asserted as a basis for an instruction not to answer, the attorney seeking discovery shall have reasonable latitude during the deposition to question the deponent and establish relevant information concerning the appropriateness of the assertion of the privilege, including (i) the applicability of the privilege being asserted, (ii) the circumstances that may result in the privilege having been waived, and (iii) circumstances that may overcome a claim of qualified privilege. A violation of the provisions of this local Rule may be deemed to be a violation of a Court order and may subject the violator to sanctions under FRCP 37(b)(2).

## L. Rule 7033. INTERROGATORIES TO PARTIES

(a)     All answers to interrogatories must be signed under oath by the party except that, if circumstances prevent a party from signing responses to interrogatories, the attorney may serve the responses without the party's signature if an affidavit is served simultaneously stating that properly executed responses to interrogatories will be served within 21 days. Such time may be extended by order of the Court.

(b)     Each party that chooses to submit written interrogatories pursuant to FRCP 33 may use the following questions. The Court will not entertain any objection to these approved interrogatories, except upon a showing of exceptional circumstances. Each of the following interrogatories counts as one question; as to all interrogatories other than those approved in this rule, subparts count as separate questions.

(1)    Identify all persons who you believe have knowledge of relevant facts and identify the issues upon which you believe they have knowledge.

(2)    Identify all persons or legal entities who have a subrogation interest in the cause of action set forth in your complaint [or counterclaim], and state the basis and extent of said interest.

(3)    If [name of party to whom the interrogatory is directed] is a partner, a partnership, or a subsidiary or affiliate of a publicly owned corporation that has a financial interest in the outcome of this lawsuit, list the identity of the parent corporation, affiliate, partner, or partnership and the relationship between it and [the named party]. If there is a publicly owned corporation or a holding company not a party to the case that has a financial interest in the outcome, list the identity of such corporation and the nature of the financial interest.

(4)    If the defendant is improperly identified, give its proper identification and state whether you will accept service of an amended summons and complaint reflecting the information furnished by you in answer hereto.

(5)    If you contend that some other person or legal entity is, in whole or in part, liable to [the plaintiff or defendant] in this matter, identify that person or legal entity and describe in detail the basis of said liability.

## L. Rule 7036. REQUESTS FOR ADMISSION

Requests for admissions made pursuant to FRCP 36, are limited to 30 requests, which will include separate paragraphs and sub-parts contained within a numbered request. The Court may permit further requests upon a showing of good cause.

## L. Rule 7054. CLAIMS FOR ATTORNEY'S FEES AND COSTS IN ADVERSARY PROCEEDINGS

(a)    <u>Claims for Attorney's Fees.</u>

(1)    All motions for an award of attorney's fees shall be filed and served no later than 14 days after entry of judgment pursuant to FRCP 54. Unless the substantive law requires a claim for attorney's fees and related nontaxable expenses to be proved at trial as an element of damages to be determined by a jury, a claim for fees shall be made by motion not later than 14 days after entry of judgment and pursuant to the following provisions. Counsel for the parties shall meet and confer for the purpose of resolving all disputed issues relating to attorney's fees before making application. The application shall certify that such a conference has occurred. If no agreement is reached, the applicant shall certify the specific reason(s) why the matter could not be resolved by agreement. The motion shall include a supporting document organized chronologically by activity or project, listing attorney name,

date, and hours expended on the particular activity or project, as well as an affidavit certifying (1) that the hours expended were actually expended on the topics stated, and (2) that the hours expended and rate claimed were reasonable. Such application shall also be accompanied by a brief memo explaining how the fees were computed, with sufficient citation of authority to permit the reviewing court the opportunity to determine whether such computation is correct. The request shall include reference to the statutory authorization or other authority for the request. Detailed time sheets for each attorney for whom fees are claimed may be required to be submitted upon further order of the Court.

(2)    An objection to any motion for attorney's fees shall be filed on or before 14 days after the date of filing of the motion. If there is no timely objection, the Court may grant the motion as unopposed.

(3)    The motion shall be resolved without further hearing, unless an evidentiary hearing is requested, reasons therefore presented, and good cause shown, whereupon hearing on the motion may be granted.

(4)    A motion for award of attorney's fees filed beyond the 14 day period may be deemed untimely and a waiver of entitlement to fees.

(b)    <u>Costs</u>.

(1)    Costs will be assessed in the final judgment in a proceeding, unless otherwise determined by the Court. A party awarded costs shall prepare and file a proposed bill of costs no later than 14 days after the entry of judgment. The proposed bill of costs shall be served on all parties.

Suggested guidelines can be found at: http://www.txwb.uscourts.gov/local-rules-attachments.

(2)    Any party opposing a proposed bill of costs must file an objection no later than 14 days after a proposed bill of costs is filed.

(3)    If no objection to the proposed bill of costs is filed, the clerk shall not tax costs until the expiration of 21 days after the filing of the proposed bill of costs. If the clerk fails to tax costs within 28 days after the proposed bill of costs is filed, and there being no objection filed, then costs will be deemed taxed as proposed.

(4)    If objection to the proposed bill of costs is timely filed by a party, the clerk will forward the proposed bill of costs and the objection to the presiding judge in the case for final resolution.

(5)    A party objecting to the clerk's action may file a motion to review the clerk's action no later than 7 days after the clerk has taxed costs.

**L. Rule 7056. SUMMARY JUDGMENT**

Motions under FRCP 56 do not require negative notice. However, responses and responsive affidavits must be filed no later than 21 days after the date of service, unless the Court, for cause, extends or shortens the time. The Court may rule on the motion with or without a hearing.

**L. Rule 9004. GENERAL REQUIREMENTS OF FORM**

(a)     Number of Copies.

Whenever any pleading is offered for filing, only the original shall be tendered to the Clerk, except as otherwise provided by applicable rules.

(b)     Caption.

Form 16 is modified to include the division where the case is pending (Austin, El Paso, Midland/Odessa, San Antonio, or Waco) and the case number, including the initials of the judge assigned to the case.

(c)     Titles of Pleadings and Proposed Forms of Orders.

All pleadings and proposed forms of orders shall, within the title, designate the specific relief sought or granted. Orders shall contain within the title a reference to the motion or application to be granted.

(d)     Non-Conforming Pleadings.

Any pleading that fails to conform to the requirements of this or any other applicable rule may be dismissed by the Court on its own motion.

**L. Rule 9011. SIGNING OF PAPERS**

All pleadings must be signed and shall include the signer's name, mailing address, email address, telephone and fax numbers including area code and, if the signer is an attorney, the attorney's State Bar Number (and the state from which the bar number is issued, if other than Texas).  An electronic signature constitutes a signature for the purposes of FRBP 9011.

**L. Rule 9013. MOTIONS; FORM AND SERVICE**

(a)     Motions.

The Court, in its discretion, may strike multifarious pleadings on its own motion.

(b)     Forms of Orders.

A form of proposed order must be submitted at the time of filing a request for relief, with the following exceptions:

    (1)    plans and objections to plans under Chapter 11 and Chapter 13;

    (2)    Chapter 11 disclosure statements; and

    (3)    motions requesting omnibus relief, such as an omnibus objection to claims.

A form of proposed order must be submitted both (1) attached as an exhibit to the motion and (2) separately uploaded for consideration by the Court.

(c)    <u>Certificates of Service</u>.

All motions, applications, objections to claims, and all responses to same must contain a certificate of service reflecting service on affected entities, as specified in paragraph (d) of this Local Rule.

    (1)    The certificate of service must be signed by an attorney or party (if appearing without counsel), certifying that service has been accomplished in the manner and on the date stated in the certificate and upon the parties required to be served.

    (2)    The certificate of service must list each of the entities served and their addresses.

    (3)    With Court approval, a party may serve a summary of a pleading where the pleading is voluminous, or the number of parties to be served is excessively large. In such cases, the summary shall be filed, and the certificate of service shall be appended to the summary.

(d)    <u>Entities to Be Served</u>.

    (1)    When a pleading is filed, the following entities at a minimum shall be served unless otherwise specifically provided by these Rules, by the FRBP, by standing order, or by order of the Court.

        (A)    In a Chapter 7 case (except the Chapter 7 trustee's final reports before and after distribution and reports of sale): the debtor, the trustee, any court-approved committees, the counsel for each of these entities, and any other entities adversely affected by the relief requested.

        (B)    In a Chapter 11 case (except the plan and disclosure statement): the debtor, any court-approved committee, any Chapter 11 trustee, the counsel for each of these entities, the twenty largest unsecured creditors, parties who have filed a notice of appearance, the United States Trustee, and any other entities adversely affected by the relief requested.

(C)     In a Chapter 12 or 13 case: the debtor, debtor's counsel, the trustee and any other entities adversely affected by the relief requested.

(2)     In an adversary proceeding, service shall be made upon all counsel and parties without counsel, unless otherwise specifically provided by these rules, the FRBP, by standing order, or by order of the Court.

(3)     Whenever a pleading governed by this Local Rule is to be served on the United States, or an officer or agency thereof, the service provisions of FRBP 7004(b)(4) apply.

(4)     If a movant uses the negative notice language of L. Rule 9014(a), the following motions require service upon all creditors and parties in interest:

(A)     motions to dismiss in Chapters 7, 9, and 11;

(B)     motions to modify plans in Chapters 11, 12, and 13;

(C)     motions to incur debt in Chapters 11, 12, and 13; and

(D)     motions for hardship discharge.

(5)     An attorney who is an electronic filer consents to service by electronic means within the meaning of FRCP 5.

## L. Rule 9014. CONTESTED MATTERS

(a)     <u>Negative Notice Language</u>.

Notice and an opportunity for hearing is accomplished by including the following form language presented conspicuously, in bold face type (at least 12 pt.) and placed immediately below the caption and before the body of the pleading.

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held.**

This language should not be used for:

(1)     matters granted without a hearing as set forth in subsection (d);

(2)     matters set forth in Appendix L-9014;

39

  (3)  matters upon which a hearing is specifically required by the Bankruptcy Code or by applicable rules; or

  (4)  matters that require the Court to act within a shortened time frame.

(b) <u>Responses to Motions, Applications, and Objections to Claims and any Reply Thereto</u>.

  (1)  <u>Time of Filing a Response</u>. A party who opposes the relief requested must file a responsive pleading within the time set out in the negative notice (if applicable). If negative notice language is not used, a response is not required unless the Court or these rules direct.  A responsive pleading shall specifically admit or deny each factual allegation or state that the party lacks knowledge or information sufficient to form a belief about the truth of an allegation.

  (2)  <u>Time of Filing a Reply</u>.  Any reply to a response must be filed within 7 days after service of the response.

(c) <u>Hearings</u>.

If a matter requires a hearing, the Clerk shall send notice of the hearing, unless otherwise directed by the Court. The Court may set any contested matter for hearing, even if negative notice language has been used and even if no party has requested a hearing.

(d) <u>Matters Granted Without Hearing</u>.

The Court may rule, without further notice or hearing, on certain matters including the following:

  (1)  motions for admission *pro hac vice*, pursuant to L. Rule2090;

  (2)  motions to shorten notice pursuant to FRBP 2002;

  (3)  motions to enlarge time pursuant to FRBP 9006;

  (4)  motions to expedite hearings;

  (5)  motions for new trial pursuant to FRBP 9023;

  (6)  motions for reconsideration pursuant to FRBP 9024; and

  (7)  motions for continuance.

(e) <u>Expedited Hearing or Consideration</u>.

A motion for expedited hearing or expedited consideration of a matter, shall be filed as a separate pleading, except as otherwise provided by these Rules or by standing order. Such motions may be granted only for good cause stated in the pleading and shall contain a certificate

of conference reflecting efforts to confer with adversely affected parties regarding the relief requested or the reasons why conferring was not possible or practical. Such motions shall also contain a detailed statement as to the need for an expedited hearing and the date by which relief is needed.

A proposed form of order shall accompany the motion for expedited hearing in substantially the following format:

**ORDER GRANTING**
**MOTION OF [movant's name] TO EXPEDITE HEARING**
**ON [name of underlying pleading][ Docket No.__]**

On this date came on for consideration the Motion filed by [movant] ("Movant") requesting an expedited hearing on the [name of underlying pleading] filed on [date] [Docket No. __]. The Court finds that the Motion should be granted as set forth below.

IT IS, THEREFORE, ORDERED that the [name of underlying pleading] is scheduled for expedited hearing on the date and time listed above.

The moving party is responsible for notice of hearing on expedited matters. Movant shall file a certificate of notice listing persons served. The certificate should be filed within 7 days of such service but in no event later than the date and time of the hearing.

(f)     <u>Continuances</u>.

(1)     <u>Time for filing</u>. No continuance of any hearing will be granted except upon motion filed no later than 3 days before the scheduled hearing and upon good cause shown on the face of the pleading. The Court may consider such a motion filed less than 3 days prior, but only if the motion sets forth the emergency that explains why it was not timely filed. The motion shall contain a certificate of conference reflecting efforts to confer with affected parties regarding the relief requested or the reasons why conferring was not possible or practical.

(2)     <u>Relief from Stay</u>.  Parties to a motion for relief from stay are excused from filing a motion for continuance if it is their first request for continuance and the debtor, creditor, and any party that filed an objection or response to the motion for relief from stay are in agreement as to the continuance.

(3)     <u>Agreement</u>.  An agreement to continue is insufficient. The agreement of the parties to a continuance is not, in itself, good cause for granting a continuance.

(4)     <u>Appearance required</u>. Unless the Court grants the motion for continuance before the hearing, the parties are required to appear at the scheduled hearing. The filing of a motion for continuance of itself does not excuse appearance.

     (5)    <u>Certificate</u>. The moving party shall file a certificate signed by the party or the party's attorney reflecting the date of any hearing reset by the Court, and reflecting service of notice that reset hearing, within 7 days of such service.

(g)    <u>Exhibits for Hearings in Contested Matters</u>.

    (1)    L. Rule 7016(g) applies in contested matters.

    (2)    Except as otherwise provided in these rules, witness and exhibit lists shall be exchanged 5 days in advance of the hearing.

(h)    FRBP 7015, to the extent that it adopts FRCP 15(c), applies in contested matters.

(i)    FRCP 26(b) and (c), as implemented by FRBP 7026, apply in contested matters and the remainder of FRCP 26 does not apply unless the Court orders otherwise.

## L. Rule 9015. JURY TRIAL PROCEDURES

(a)    <u>Consent to Jury Trial Before Bankruptcy Court</u>.

    (1)    <u>By the Party Demanding Jury Trial</u>. If a jury trial is requested in a matter pending before the Bankruptcy Court, the requesting party shall file with the Court, in a separate pleading and contemporaneously with the jury demand, a separate pleading entitled "Statement Regarding Consent," setting forth the following:

        (A)    whether the requesting party consents to the conduct of the jury trial by the Bankruptcy Court;

        (B)    whether the matter is one to which the Seventh Amendment right to jury trial attaches, and the grounds therefore;

        (C)    whether the matter is a core or non-core proceeding, and the grounds therefore; and

        (D)    if the matter is a non-core proceeding, whether the party consents to the entry of a final order by the Bankruptcy Court.

    (2)    <u>By the Parties to the Litigation in Response to a Jury Demand</u>. Within 14 days after the filing of a jury demand and the Statement Regarding Consent required under paragraph (a)(1) of this Rule, each party to the litigation shall file with the Court in a separate contemporaneous pleading, a "Response Regarding Consent," addressing each of the four matters referenced above.

(b)     <u>Withdrawal of the Reference in the Event of Non-Consent</u>.

If the Court grants the jury demand and a party has refused to consent to the Bankruptcy Court's conduct of the jury trial, then any party may, within 14 days, file a motion to withdraw the reference, attaching a copy of the Court's order and a copy of the party's refusal to consent. If no party timely files such a motion, the Court shall strike the jury demand.

(c)     <u>Application of the District Court Local Rules Relating to Jury Trials</u>.

All rules relating to the conduct of a jury trial in the District Court shall apply to the conduct of such trials in Bankruptcy Court.

## L. Rule 9018. SECRET OR CONFIDENTIAL MATTERS

(a)     <u>Filing</u>.

(1)     Documents or proceedings may be sealed only by order of the Court, and on motion with notice to parties in interest.

(2)     Documents to be sealed shall be presented to the Clerk after the order has been entered. The documents shall be contained in an envelope or other secure device, with the initials or signature of the submitting party or attorney written across the edge of the closure, and transparent tape placed on top of the mark for security. The envelope (or other secure device) shall have affixed to it a letter-size sheet of paper bearing the style and caption of the matter with reference to which the documents are being filed.

(3)     The form of order submitted with the motion requesting a matter be sealed shall contain the following recitations:

(A)     The matter shall remain under seal for no longer than one year from the date of entry of the order, unless the Court orders otherwise.

(B)     The only entities permitted to review documents or transcripts of proceedings placed under seal are those entities specified in the order, except that the following entities shall also have access to matters placed under seal unless the Court specifically rules otherwise: (1) the judge presiding over the case, (2) the law clerk to whom the matter is assigned internally by the presiding judge, (3) the Courtroom Deputy responsible for the matter, (4) the Clerk of the Court, and (5) the presiding judge and staff of any appellate tribunal.

(b)     <u>Disposition of Sealed Documents</u>.

(1)     Documents or transcripts of proceedings under seal may be forwarded to an appellate court without the necessity of unsealing the matter. The matter so

forwarded shall be accompanied by a true copy of the order placing the matter under seal. Further motions with regard to the sealing or unsealing of a matter shall be filed with the Court that entered the original order sealing the matter, notwithstanding the pendency of an appeal.

(2)     Upon the entry of an order unsealing a matter (or upon the expiration of the time period specified in paragraph (a)(3)(A), supra), the Clerk (or other person responsible for the maintenance of the matter) shall place the document or transcript of proceedings in the file of the case or adversary proceeding.

## L. Rule 9019. COMPROMISE

(a)     <u>Filing</u>.

(1)     An application to compromise an adversary proceeding shall be filed in the main bankruptcy case, not in the adversary proceeding. It shall bear the style of the main bankruptcy case, not the adversary proceeding.

(2)     An application to compromise an adversary proceeding shall, within the body of the application, set out the style and number of the adversary proceeding.

(3)     No application to compromise an adversary proceeding need be filed in order to settle a nondischargeability action filed pursuant to 11 U.S.C. § 523, unless the compromise creates an allowed claim to be paid in the bankruptcy case. The proposed order must set forth the name and address of the payee and the proposed treatment of the claim

(b)     <u>Notice</u>.

(1)     Applications to compromise adversary proceedings are governed by L. Rule 9014, and may include the negative notice language there specified.

(2)     Applications to compromise and motions to dismiss an objection to discharge under 11 U.S.C. § 727 must identify the cause of action and any consideration paid or agreed to be paid.

(c)     <u>Order and Judgment</u>.

An application to compromise an adversary proceeding shall be submitted with both:

(1)     an order to approve the application to compromise, bearing the style of the main bankruptcy case; and

(2)     a proposed agreed judgment or order of dismissal, bearing the style of the adversary proceeding, for entry in the underlying adversary proceeding.

**L. Rule 9022. NON-ELECTRONIC SUBMISSION OF ORDERS OR JUDGMENTS**

Order Submission Form. Agreed Orders submitted other than by electronic means must have a cover sheet in conformity with the standard form attached as Appendix L-9022.

**L. Rule 9027. REMOVAL**

(a)  <u>Abstention</u>.

A motion to abstain is filed with the Clerk of the Bankruptcy Court.

(b)  <u>Removal</u>.

    (1)  <u>Filing</u>. A notice of removal pursuant to 28 U.S.C. § 1452(a) shall be filed with the Clerk of the Bankruptcy Court. A notice of removal grounded on any other federal provision (e.g., diversity of citizenship) shall be filed with the Clerk of the District Court.

    (2)  <u>Attachments</u>. A notice of removal pursuant to 28 U.S.C. § 1452(a) shall include a copy of the docket sheet and all pleadings, orders, and writs.

    (3)  <u>Motion for Remand</u>. Any motion for remand must be filed no later than 30 days after the date of filing of the notice of removal.

# APPENDICES

## to the Local Court Rules

## of the United States Bankruptcy Court

## for the Western District of Texas

APPENDIX L-1001-h

## ALTERNATIVE DISPUTE RESOLUTION

It is the intent of the Court to facilitate the use of alternative dispute resolution ("ADR") in all matters, including specifically contested matters and adversary proceedings, to the extent practicable, helpful and appropriate.

### (a) ADR REPORT

Upon order of the Court entered in any contested matter or adversary proceeding, the Debtor and/or Trustee, and all parties (as well as all parties-in-interest affected thereby, including official Committees(s)) shall submit a report addressing the status of settlement negotiations, disclosing the identity of the person responsible for settlement negotiations for each party, and truthfully, candidly and realistically evaluating whether alternative dispute resolution is appropriate in the contested matter or adversary proceeding. Counsel shall certify in the report that their clients have been informed of the ADR procedures available in this district.  In the event the parties conclude that ADR is appropriate and agree upon a method of ADR and a neutral, they should identify both the method of ADR and the neutral they have selected, the method by which the neutral was selected, and how the neutral will be compensated. If the parties agree upon an ADR method and neutral, the Court will defer to the parties' agreement, unless the Court finds that another ADR method or neutral is better suited to the contested matter, adversary proceeding or the parties.

### (b) REFERRAL TO ADR

The Court on its own motion or upon the motion of any party or party-in-interest may order the participation in a non-binding alternative dispute resolution proceeding, including non-binding arbitration, early neutral evaluation, mediation, or mini-trial in accordance with Local Rule 1001(h).  The order may further direct the parties to bear all expenses relating to alternative dispute resolution proceedings in such proportions as the Court finds appropriate, and may direct that portions thereof be allowed as an administrative expense entitled to priority in the case, but in no event should apportioning of costs constitute a penalty for failing to arrive at a settlement. The alternative dispute resolution proceeding shall begin at a date and time selected by the parties, subject to the schedule of the neutral or neutrals, but in no event later than forty-five (45) days after the entry of the order compelling participation in the proceeding.

### (c) ATTENDANCE

Party representatives with authority to negotiate a settlement and all other persons necessary to negotiate a settlement must attend and participate in good faith in the alternative dispute proceeding, subject to the Court's power to assess appropriate sanctions.

**(d) SELECTION OF NEUTRAL**

Upon entry of an order compelling participation in alternative dispute resolution, or upon agreement of the parties where they have not selected a neutral or neutrals from the roster, the Clerk shall forthwith furnish to each party a list of neutrals.  If the compelled procedure is non-binding arbitration or moderated settlement conference, the list shall include five neutrals whose names have been selected from the roster of arbitrators maintained in the District Clerk's Office.  If the compelled procedure is other than nonbinding arbitration or moderated settlement conference the list shall include three neutrals selected from general neutral roster. The parties shall then confer with each side entitled to strike one name from the three neutral list (two names from the five neutrals list).  The person remaining shall be designated the neutral.  The parties may by agreement reject the list furnished by the Clerk and instead unanimously select a neutral or neutrals from either roster.  Failure of counsel to timely notify the Clerk of their strikes or selection shall result in the selection of the neutral or neutrals by the Clerk.  The Clerk shall promptly notify the neutral or neutrals selected.  If any person selected is unable or unwilling to serve the Clerk shall submit an additional list of names to the parties until a neutral or complete panel of neutrals is selected.  When a neutral or full panel of neutrals have been selected and have agreed to serve, the Clerk shall promptly notify the neutral or neutrals and the parties of the selection.  No person shall serve as a neutral if any of the circumstances specified in 28 U.S.C. § 455 of the Judicial Code of Conduct exist, or if the neutral believes in good faith that such circumstances exist.  Any person whose name appears on the roster maintained in the Clerk's Office may ask at any time to have his or her name removed, or, if selected to serve in any case, decline to serve but remain on the roster.

Upon its own motion or upon motion and showing of good cause by any party, the Court may order appointment of a neutral or neutrals from outside the roster of qualified neutrals maintained by the Clerk's Office.

**(e) CONFIDENTIALITY**

Except as otherwise provided herein, a communication relating to the subject matter of any case under Title 11, contested matter or adversary proceeding made by a participant in an alternative dispute resolution procedure, whether before or after the institution of formal judicial proceedings, is confidential, is not subject to disclosure, and may not be used as evidence against the participant in any judicial or administrative proceeding.

> (1) Any record made at an alternative dispute resolution procedure is confidential, and the participants or the third party neutral(s) facilitating the procedure may not testify, or be required to testify, in any proceedings relating to or arising out of the matter in dispute or be subject to process requiring the disclosure of confidential information or data relating to or arising out of the matter in dispute.

> (2) An oral communication or written material used in or made a part of an alternative dispute resolution procedure is only admissible or discoverable if it is admissible or discoverable independent of the procedure.

(3) If this section conflicts with other legal requirements for disclosure of communications or materials, the issue of confidentiality may be presented to any Court having jurisdiction of the proceedings to determine, in camera, whether the facts, circumstances, and context of the communications or materials sought to be disclosed warrant a protective order of the Court or whether the communications or materials are subject to disclosure.

### (f) SUMMARY TRIAL OR JURY TRIAL

In cases where other alternative dispute resolution procedures have proved unsuccessful and a complex and lengthy trial is anticipated, the Court may conduct a summary trial or jury trial, provided that the Court finds that a summary trial or jury trial may produce settlement of all or a significant part of the issues and thereby effect a saving in time, effort and expense for all concerned.  The Court should develop procedures, which may include referral to one or more neutrals on the roster of arbitrators (for report and recommendation), for such summary trial or jury trial with the advice of counsel.

### (g) REPORT

At the conclusion of each ADR proceeding, the neutral or panel of neutrals shall submit to the Court a notice of outcome, including the style and number of the case, the date(s) of the ADR proceeding, the names of the participants and only whether the case has settled or not.

### (h) SANCTIONS

All sanctions available under FRCP 16(f), FRBP 7016 and/or any Local Rule or previous Order of the Court shall apply to any violation of this rule.

### (i) COURT AUTHORIZATION NOT REQUIRED

Nothing in this rule should be interpreted as limiting parties' ability to agree to a form of alternative dispute resolution or the selection of a neutral without a court order, through mutual consent.  In fact, consent is preferred.

APPENDIX L-1020.1

## PROCEDURES FOR
## COMPLEX CHAPTER 11 CASES

The following procedures shall apply in complex Chapter 11 cases:

1. A "complex Chapter 11 case" is defined as a case filed in this district under Chapter 11 of the Bankruptcy Code that requires special scheduling and other procedures because of a combination of the following factors:

    a. the size of the case (usually total debt of more than $10 million);
    b. the large number of parties in interest in the case (usually more than 50 parties in interest in the case);
    c. the fact that claims against the debtor and/or equity interests in the debtor are publicly traded (with some creditors possibly being represented by indenture trustees); or
    d. any other circumstances justifying complex case treatment.

2. "Expedited" means a matter which, for cause shown, should be heard on less than 21 days' notice.  "Emergency" means a matter which, for cause shown, should be heard on less than 7 days' notice.

3. If any party filing a Chapter 11 bankruptcy petition believes that the case should be classified as a complex Chapter 11 case, the party shall file with the bankruptcy petition a Notice of Designation as Complex Chapter 11 Case in the form[*] attached as Exhibit A.

4. If a party has "First Day" matters requiring emergency consideration by the Court, it should submit a Request for Emergency Consideration of Certain "First Day" Matters in the form attached as Exhibit B.

5. Each judge shall arrange the judge's calendar so that "first day" emergency hearings, as requested in the Court-approved form entitled Request for Emergency Consideration of Certain First Day Matters, can be conducted consistent with the Bankruptcy Code and Rules, including Rule 4001, as required by the circumstances, but not more than two business days after the request for emergency "first day" hearings.

6. When a party has filed a Chapter 11 case and filed a Notice of Designation as Complex Chapter 11 Case, the Clerk of Court shall:

    a. Generally assign the case to a judge in accordance with the usual procedures and general orders of the district or division;

---

[*] All order exemplars attached as exhibits are furnished for the purpose of prescribing content.  Actual formatting of orders should follow the formatting requirements for the district in which the case is filed.

b. Immediately confer with the Court about designating the case as a complex Chapter 11 case and about setting hearings on emergency or first day motions. If the Court determines that the case does not qualify as a complex Chapter 11 case, the Court shall issue an Order Denying Complex Case Treatment in the form attached as Exhibit C. If the Court determines that the case appears to be a complex Chapter 11 case, the Court shall issue an Order Granting Complex Chapter 11 Case Treatment in the form attached as Exhibit D; and

c. Notify and serve counsel for the debtor with the order entered by the Court relating to the complex case treatment and notify counsel for the debtor regarding the hearing settings for emergency first day matters.

7. Counsel for the debtor, upon receipt of notice of entry of an order regarding complex Chapter 11 case treatment, shall:

a. Serve the order granting or denying complex Chapter 11 case on all parties in interest within 7 days.

b. Provide notice of the first day emergency hearings in accordance with the procedures shown in the form attached as Exhibit E.

8. Counsel shall follow the agenda guidelines for hearings in complex Chapter 11 cases attached as Exhibit F and the guidelines for mailing matrices and shortened service lists attached as Exhibit G.

**EXHIBIT A.**
**NOTICE OF DESIGNATION AS**
**COMPLEX CHAPTER 11 BANKRUPTCY CASE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
_____ DIVISION

IN RE:                          §
                                §
                                §       CASE NO._____
                                §
        DEBTOR.                 §

NOTICE OF DESIGNATION AS COMPLEX
CHAPTER 11 BANKRUPTCY CASE

This bankruptcy case was filed on_____, 20__.  The undersigned party in interest believes that this case qualifies as a complex Chapter 11 case because:

_____The debtor has total debt of more than $10 million;
_____There are more than 50 parties in interest in this case;
_____Claims against the debtor are publicly traded;
_____Other: (Substantial explanation is required.  Attach additional sheets if necessary.)

_____
_____
_____
_____

_____, 20__

_____
Name

_____
Address

_____
Telephone, Fax Numbers, and email

**EXHIBIT B.**
**REQUEST FOR EMERGENCY CONSIDERATION**
**OF CERTAIN "FIRST DAY" MATTERS**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
_____ DIVISION

IN RE:                        §
                              §
                              §        CASE NO._____
                              §
        DEBTOR.               §

REQUEST FOR EMERGENCY CONSIDERATION
OF CERTAIN "FIRST DAY" MATTERS

On _____, _____ filed a petition for relief under Chapter 11 of the Bankruptcy Code.  Counsel for the debtor believes that the case qualifies as a "Complex Chapter 11 Case."  The debtor needs emergency consideration of the following initial case matters (check those that apply*):

_____ JOINT MOTION FOR JOINT ADMINISTRATION

_____ MOTION FOR ORDER EXTENDING TIME TO FILE SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS

_____ MOTION RE MAINTENANCE OF BANK ACCOUNTS AND EXISTING CASH MANAGEMENT, ATTACHING NOTICE OF CONFERENCE WITH U.S. TRUSTEE

_____ MOTION TO PAY PRE-PETITION WAGES, SALARIES, ET AL., ATTACHING NOTICE OF CONFERENCE WITH U.S. TRUSTEE AND DETAILED EXHIBIT SHOWING WHO DEBTOR PROPOSES TO PAY AND AMOUNTS

_____ MOTION FOR ENTRY OF INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL

_____ MOTION FOR INTERIM APPROVAL OF POST-PETITION SECURED AND SUPER PRIORITY FINANCING PURSUANT TO SECTION 364(c) OF THE BANKRUPTCY CODE

_____ MOTION PURSUANT TO 11 U.S.C.  § 366, FOR ENTRY OF INTERIM ORDER (1) DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY

SERVICES AND (2) RESTRAINING UTILITY COMPANIES FROM DISCONTINUING, ALTERING, OR REFUSING SERVICE

\_\_\_\_\_ MOTION TO ESTABLISH INTERIM NOTICE PROCEDURES

\_\_\_\_\_ MOTION FOR ORDER APPROVING INTERIM RETENTION OF PROFESSIONALS

\_\_\_\_\_ MOTION FOR ORDER APPROVING PAYMENT OF PRE-PETITION CLAIMS OF CERTAIN CRITICAL VENDORS

\_\_\_\_ OTHERS (LIST):

_____
_____
_____
_____

_____, 20\_\_

_____
Name

_____
Address

_____
Telephone, Fax Numbers, and email

* NOTE: The Court expects the parties to exercise judgment regarding which motions are applicable.

**EXHIBIT C.**
**ORDER DENYING COMPLEX**
**CASE TREATMENT**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
_____ DIVISION

IN RE:                          §
                                §
                                §       CASE NO._____
                                §
DEBTOR.                  §

ORDER DENYING COMPLEX
CASE TREATMENT

This bankruptcy case was filed on _____, 20____.  A Notice of Designation as Complex Chapter 11 Case was filed.  After review of the initial pleadings filed in this case, the Court concludes that the case does not appear to qualify as a complex Chapter 11 case. Therefore, the case will proceed under the local bankruptcy rules and procedures generally applicable to bankruptcy cases without special scheduling orders.  The Court may reconsider this determination on motion, after hearing.

IT IS SO ORDERED.

#   #   #

The Clerk shall notice:
Debtor
Debtor's Counsel
U.S. Trustee

**EXHIBIT D.**
**ORDER GRANTING COMPLEX**
**CHAPTER 11 BANKRUPTCY CASE TREATMENT**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
_____ DIVISION

IN RE:                          §
                                §
                                §       CASE NO._____
                                §
DEBTOR.                §

ORDER GRANTING COMPLEX
CHAPTER 11 BANKRUPTCY CASE TREATMENT

This bankruptcy case was filed on _____, 20_____.  A Notice of Designation as Complex Chapter 11 Case was filed.  After review of the initial pleadings filed in this case, the Court concludes that this case appears to be a complex Chapter 11 case.

Accordingly, unless the Court orders otherwise,

IT IS ORDERED THAT:

1.  The debtor shall maintain a service list identifying the parties that must be served whenever a motion or other pleading requires notice.  Unless otherwise required by the Bankruptcy Code or Rules, notices of motions and other matters will be limited to the parties on the service list.

    a.  The service list shall initially include the debtor, debtor's counsel, counsel for the unsecured creditors' committee, the U.S. Trustee, all secured creditors, the 20 largest unsecured creditors of each debtor, any indenture trustee, and any party that requests notice;

    b.  Any party in interest that wishes to receive notice, other than as listed on the service list, shall be added to the service list by filing and serving the debtor and debtor's counsel with a notice of appearance and request for service.

    c.  Parties on the service list, who have not otherwise consented to service by email, through the act of becoming a registered e-filer in this district, are encouraged to provide an e-mail address for service of process and to authorize service by e-mail; consent to e-mail service may be included in the party's notice of appearance and request for service; in the event a party has not consented to e-mail service, a "hard copy" shall be served by fax or by regular mail.

    d.  The initial service list shall be filed within 3 days after entry of this order.  A revised list shall be filed 7 days after the initial service list is filed.  The debtor shall update the service list, and shall file a copy of the updated service list, (i) at least every 7 days during the first 30 days of the case; (ii) at least every 15 days during the next 60 days of the case; and (iii) at least every 30 days thereafter throughout the case.

2.  [The Court sets _____ of [each week] [every other week, commencing [Month and Day] [each month] at _____ am/pm as the pre-set hearing day and time for hearing all motions and other matters in these cases.]   The Court sets the following dates and times for the next two months as the pre-set hearing date and time for hearing all motions and other matters in these cases [insert dates and times].  Settings for the following months will be published by the Court no later than 30 days before the first hearing date in the said following months.  (There may be exceptions; those exceptions will be noted on the Court's internet schedule, available at www.txwb.uscourts.gov.)

    a.  All motions and other matters requiring hearing, but not requiring expedited or emergency hearing, shall be noticed for hearing, on the next hearing day that is at least 21 days after the notice is mailed.  As a preface to each pleading, just below

the case caption, in lieu of the language required by any Local Bankruptcy Rule, the pleading shall state:

**A hearing will be conducted on this matter on_____ at \_\_\_\_\_ am/pm in courtroom \_\_\_\_, [courthouse name & address], _____, Texas.**

**If you object to the relief requested, you must respond in writing, specifically answering each paragraph of this pleading. Unless otherwise directed by the court, you must file your response with the clerk of the bankruptcy court within 21 days from the date you were served with this pleading. You must serve a copy of your response on the person who sent you the notice; otherwise, the court may treat the pleading as unopposed and grant the relief requested.**

    b.  All motions and other matters requiring expedited or emergency hearing shall comply with the usual Court requirements for explanation and verification of the need for emergency or expedited hearing. Specifically, if a party in interest has a situation that it believes requires consideration on less than 7 days' notice, then the party should file and serve a separate, written motion for expedited hearing, with respect to the underlying motion. The Court will make its best effort to rule on the motion for expedited or emergency hearing within 24 hours of the time it is presented. If the Court grants the motion for expedited or emergency hearing, the underlying motion will be set by the Courtroom Deputy at the next available pre-set hearing day or at some other appropriate shortened date approved by the Court. The party requesting the hearing shall be responsible for providing proper notice in accordance with this order and the Bankruptcy Code and Rules.

3.  Emergency and expedited hearings (and other hearings in limited circumstances) in this case may be conducted by telephone or, where available, video. Parties must request permission to participate by telephone by calling the Courtroom Deputy for the particular division at the number listed on the Court's website at www.txwb.uscourts.gov.

4.   If a matter is properly noticed for hearing and the parties reach a settlement of the dispute before the final hearing, the parties may announce the settlement at the scheduled hearing.  If the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement, (i.e., that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated) the Court may approve the settlement at the hearing without further notice of the terms of the settlement.

5.   The debtor shall give notice of this order to all parties in interest within 7 days.  If any party in interest, at any time, objects to the provisions of this order, that party shall file a motion articulating the objection and the relief requested.  After hearing the objection and any responses the Court may reconsider any part of this order and may grant relief, if appropriate.

#   #   #

The Clerk shall notice:
Debtor
Debtor's Counsel
U.S. Trustee

**EXHIBIT E.**
**PROCEDURES FOR OBTAINING HEARINGS**
**IN COMPLEX CHAPTER 11 CASES**

**1. Hearing on First Day Matters: Official Form for Request for Expedited Consideration of Certain First Day Matters.**  Upon the filing of a complex Chapter 11 case, if the debtor has matters that require immediate emergency consideration ("first day" or "near first day" relief), the debtor should file a "Request for Emergency Consideration of Certain 'First Day' Matters" using the form of Exhibit B to the Procedures for Complex Chapter 11 Cases ("First Day Hearing Request").  The first day hearing request will be immediately forwarded by the Clerk of Court to the judge who has been assigned the complex Chapter 11 case (or if there are multiple, related debtor cases, to the judge assigned to the first-filed case).  The Court will hold a hearing within 2 business days for the time requested by the debtor's counsel and the Courtroom Deputy will notify counsel for the debtor of the time of the setting.  If the Judge assigned to the complex Chapter 11 case is not available to hold the hearing within 2 business days of the time requested by the debtor's counsel, an available judge will hold a hearing within 2 business days of the time requested by the debtor's counsel and the Courtroom Deputy will notify counsel for the debtor of the time of the setting.  If no judge is available to hold a hearing within 2 business days, then a hearing date will be scheduled at the earliest possible date that a judge is available.  The Debtor's Counsel should (1) serve electronically, if the e-mail address is available (or by facsimile or immediate hand-delivery) a copy of the first day hearing request on all affected parties, including the U.S. Trustee, simultaneously with its filing; and (2) notify electronically, if the e-mail address is available, or by fax or telephonically (or by immediate hand-delivery) all affected parties of the hearing time on first day matters as soon as possible after debtor's counsel has received confirmation from the Court.  The Court will allow parties in interest to participate telephonically at the hearing on first day matters whenever (and to the extent) practicable, and Debtor's Counsel will be responsible for the coordination of the telephonic participation.

**2. Pre-Set Hearing Dates.**  The debtor may request (as one of its first day matters or otherwise) that the Court establish in a complex Chapter 11 case a weekly/bimonthly/monthly setting time ("Pre-Set Hearing Dates") for hearings in the complex Chapter 11 case (e.g., every Wednesday at 1:30 p.m.).  The Court will accommodate this request for pre-set hearing dates in a complex Chapter 11 case if it appears justified.  After pre-set hearing dates are established, all matters in the complex Chapter 11 case (whether initiated by a motion of the debtor or by another party in interest) will be set on pre-set hearing dates that are at least 21 days after the filing/service of a particular motion (unless otherwise requested by a party or ordered by the Court) and the movant shall indicate the hearing date and time on the face of the pleading. Movant shall advise the Courtroom Deputy of all such settings before filing, and the Courtroom Deputy will advise the movant whether there is enough time on the docket that day to accommodate the matter.

**3. Notice of Hearing.**  Notice of hearing of matters scheduled for pre-set hearing dates shall be accomplished by the moving party, who shall file a certificate that the notice has been accomplished in accordance with these procedures.

**4. Case Emergencies (Other Than the First-Day Matters).** If a party in interest has an expedited or emergency situation that it believes requires consideration on less than 21 days' notice, the party must file and serve a separate, written motion for expedited or emergency hearing, with respect to the underlying motion, which must comply with the usual Court requirements for explanation and verification of the need for expedited or emergency hearing. The Court will make its best effort to rule on the motion for expedited or emergency hearing within 24 hours of the time it is presented. If the Court grants the motion for expedited or emergency hearing, the underlying motion will be set by the Courtroom Deputy at the next available pre-set hearing date or at some other appropriate shortened date approved by the Court. Motions for expedited and emergency hearings will only be granted for clear cause shown and presented with particularity in the body of the motion.

**EXHIBIT F.**
**AGENDA GUIDELINES FOR HEARINGS**
**IN COMPLEX CHAPTER 11 CASES**

   In complex Chapter 11 cases where five or more matters are noticed for the same hearing date, counsel for the debtor-in-possession, the party requesting the hearings, or trustee shall file and serve an agenda describing the nature of the items set for hearing.

   1.  **Timing of Filing.** Counsel shall file an agenda at least 24 hours before the date and time of the hearing.  At the same time, counsel shall also serve the agenda (or confirm electronic service has been effectuated) upon all attorneys who have filed papers with respect to the matters scheduled and upon the service list.

   2.  **Sequence of Items on Agenda.** Uncontested matters should be listed ahead of contested matters.  Contested matters should be listed in the order in which they appear on the Court's docket.

   3.  **Status Information.** For each motion filed in the complex Chapter 11 case, each motion filed in an adversary proceeding concerning the Chapter 11 case, each objection to claim, or application concerning the case, the agenda shall indicate the moving party, the nature of the motion, the docket number of the pleadings, if known, the response deadline, and the status of the matter.  The status description should indicate whether the motion is settled, going forward, whether a continuance is requested (and any opposition to the continuance, if known) and any other pertinent information.

   4.  **Information for Motions in the Case.** For each motion that is going forward, or where a continuance request is not consensual, the agenda shall also list all pleadings in support of the motion, and any objections or responses.  Each pleading listed shall identify the entity that filed the pleading, and the docket number of the pleading, if known.  If any entity has not filed a responsive pleading, but has engaged in written or oral communications with the debtor, that fact should be indicated on the agenda, as well as the status or outcome of those communications. For an omnibus objection to claims, responses to the objection which have been continued by consent may be listed collectively (e.g., "the following responses have been continued by consent:")

   5.  **Changes in Agenda Information.** After the filing of the agenda, counsel shall notify judge's chambers by phone or letter of additional related pleadings that have been filed, and changes in the status of any agenda matter.

   6.  The requirements listed above should not be construed to prohibit other information of a procedural nature that counsel thinks would be helpful to the Court.

ALL MOTIONS AND PLEADINGS SHALL CONTAIN THE HEARING DATE AND
TIME BELOW THE CASE/ADVERSARY NUMBER.

**EXHIBIT G.**
**GUIDELINES FOR SERVICE LISTS AND SHORTENED SERVICE LISTS IN**
**COMPLEX CHAPTER 11 CASES**

I.      **Bankruptcy Rule 2002 Notice/Service List**

      **A. Helpful Hints Regarding Whom to Include on the Service List in a Complex Chapter 11 Case.**  There are certain events and deadlines that occur in a Chapter 11 case which FRBP 2002 requires be broadly noticed to all creditors, indenture trustees, equity interest holders, and other parties in interest ("Rule 2002 notice list").  To facilitate this, debtor's counsel shall evaluate and consider whether the following persons and entities need to be included on the Rule 2002 notice list:

1.      creditors (whether a creditor's claim is disputed, undisputed, contingent, noncontingent, liquidated, unliquidated, matured, unmatured, fixed, legal, equitable, secured or unsecured);

2.      indenture trustees;

3.      financial institutions at which the debtor has maintained accounts (regardless of whether such institutions are creditors);

4.      vendors with whom the debtor has dealt, even if the debtor's records currently indicate no amount is owed;

5.      parties to contracts, executory contracts or leases with the debtor;

6.      federal, state, or local taxing authorities with which the debtor deals, including taxing authorities in every county in which the debtor owns real or personal property with regard to which ad valorem taxes might be owed;

7.      governmental entities with which the debtor might interact (including, but not limited to, the U.S. Trustee and the SEC);

8.      any party who might assert a lien against property of the debtor;

9.      parties to litigation involving the debtor;

10.     parties with which the debtor might be engaged in some sort of dispute, whether or not a claim has formally been made against the debtor;

11.     tort claimants or accident victims;

12.     insurance companies with whom the debtor deals or has policies;

13.     active and retired employees of the debtor;

14.     officers or directors of the debtor;

15.     customers who are owed deposits, refunds, or store credit;

16.     utilities;

17.     shareholders (preferred and common), holders of options, warrants or other rights or equitable interests in the debtor;

18.     miscellaneous others who, in debtor counsel's judgment, might be entitled to "party in interest" status or who have requested notice.

**B. Flexible ("User Friendly") Format Rules for Mailing Matrix or Creditor List in a Complex Chapter 11 Case in Which Debtor's Counsel Serves Notices.**  In a complex Chapter 11 case, where the mailing matrix (or creditor list) is likely to be very lengthy, the following special format rules will apply, [in lieu of any applicable local bankruptcy rule, save and except the Administrative Procedures for the Filing, Signing and Verifying of Documents by Electronic Means in Texas Bankruptcy Courts, adopted by local rule or general order in all federal districts in Texas] whenever it is the debtor's responsibility to serve notices in the case.  The debtor (since it will typically be the party serving all notices in the Chapter 11 case rather than the Clerk of Court) may create the mailing matrix or creditor list in whatever format it finds convenient so long as it is neatly typed in upper and lower case letter-quality characters (in no smaller than 10 point and no greater than 14 point type, in either Courier, Times Roman, Helvetica or Orator font) in a format equivalent to 8 ½ inch by 11 inch blank, unlined, standard white paper.  The mailing matrix or creditor list, if lengthy, should ideally include separate subheadings throughout, to help identify categories of parties in interest.  By way of example, the following subheadings (among others) might be used:

Debtor and its Professionals

Secured Creditors
Indenture Trustees
Unsecured Creditors
Governmental Entities
Current and Retired Employees
Officers and Directors
Tort Claimants
Parties to Executory Contracts
Equity Interest Holders
Other

Parties in interest within each category/subheading should be listed alphabetically.

Also, the mailing matrix or creditor list may be filed in separate volumes, for the separate categories of parties in interest, if the mailing matrix or creditor list is voluminous.  Finally, if

there are multiple, related debtors and the debtors intend to promptly move for joint administration of their cases, the debtors may file a consolidated mailing matrix or creditor list, subject to later being required to file separate mailing matrices if joint administration is not permitted.

**C. When Inclusion of Certain Parties in Interest on a Mailing Matrix is Burdensome.**   If inclusion of certain categories of parties in interest on the mailing matrix or creditor list would be extremely impracticable, burdensome and costly to the estate, the debtor may file a motion, pursuant to FRBP 2002(l), and on notice to the affected categories of parties in interest, requesting authority to provide notices to certain categories of parties in interest and may forego including those categories of parties in interest on the mailing matrix if the Court grants the motion.

## II.      Shortened Service List Procedure in a Complex Chapter 11 Case.

**A. Procedures/Contents/Presumptions.**   If the Court has entered an order granting complex Chapter 11 case treatment, the debtor shall provide service as required by ¶ 1 of that order.  If the Court has not entered such an order, the debtor may move to limit notice – that is, for approval of a shortened service list – that will be acceptable for noticing most events in the bankruptcy case, other than those events/deadlines that Federal Rules of Bankruptcy Procedure 2002 contemplates be served on all creditors and equity interest holders.  At a minimum, the shortened list should include the debtor and its professionals, the secured creditors, the 20 largest unsecured creditors, any official committees and the professionals for same, the U.S. Trustee, the IRS and other relevant governmental entities, and all parties who have requested notice.  Upon the Court's approval of a shortened service list in a complex Chapter 11 case, notice in any particular situation during a case shall be presumed adequate if there has been service on (1) the most current service list on file in the case; plus (2) any other party directly affected by the relief requested and not otherwise included on the service list.

**B. Obligation to Update, File and Serve Service List.**   The debtor must update the service list as parties request to be added to it or as circumstances otherwise require.  To be added to the list, a party must file a notice of appearance and request for service and serve the notice on debtor's counsel.  Parties should include e-mail transmission information if they wish to receive expedited service of process during the case.  Additionally, the debtor must file an updated service list and must serve a clean and redlined copy of the updated service list on all parties on the service list weekly for the first month after filing, then bi-monthly for the next 60 days, then monthly thereafter during the pendency of the case.  If, in a particular month, there are no changes to the service list, the debtor must file a notice with the Court so stating.

**EXHIBIT H.**
**GUIDELINES FOR COMPENSATION AND EXPENSE REIMBURSEMENT OF**
**PROFESSIONALS IN COMPLEX CHAPTER 11 CASES**

The following are guidelines govern the most significant issues relating to applications for compensation and expense reimbursement.  The guidelines cover the narrative portion of an application, time records, and expenses.  It applies to all professionals, but is not intended to cover every situation.  All professionals are required to exercise reasonable billing judgment, notwithstanding total hours spent.

If, in a chapter 11 case, a professional to be employed pursuant to section 327 or 1103 of the Bankruptcy Code desires to have the terms of its compensation approved pursuant to section 328(a) of the Bankruptcy Code at the time of such professional's retention, then the application seeking such approval should so indicate and the Court will consider such request after an evidentiary hearing on notice to be held after the United States trustee has had an opportunity to form a statutory committee of creditors pursuant to section 1102 of the Bankruptcy Code and the debtor had such committee have had an opportunity to review and comment on such application.  At a hearing to consider whether a professional's compensation arrangement should be approved pursuant to section 328(a), such professional should be prepared to produce evidence that the terms of compensation for which approval under section 328(a) is sought comply with the certification requirements of section I.G(3) of these guidelines.

I.       **NARRATIVE**

**A. Employment and Prior Compensation.**  The application should disclose the date of the order approving applicant's employment and contain a clear statement itemizing the date of each prior request for compensation, the amount requested, the amount approved, and the amount paid.

**B. Case Status.**  With respect to interim requests, the application should briefly explain the history and the present posture of the case, including a description of the status of pending litigation and the amount of recovery sought for the estate.

In chapter 11 cases, the information furnished should describe the general operations of the debtor; whether the business of the debtor, if any, is being operated at a profit or loss; the debtor's cash flow; whether a plan has been filed, and if not, what the prospects are for reorganization and when it is anticipated that a plan will be filed and a hearing set on the disclosure statement.

In chapter 7 cases, the application should contain a report of the administration of the case including the disposition of property of the estate; what property remains to be disposed of; why the estate is not in a position to be closed; and whether it is feasible to pay an interim dividend to creditors.

In both chapter 7 and chapter 11 cases, the application should state the amount of money on hand in the estate and the estimated amount of other accrued expenses of administration.  On

applications for interim fees, the applicant should orally supplement the application at the hearing to inform the Court of any changes in the current financial status of the debtor's estate since the filing of the application. All retainers, previous draw downs, and fee applications and orders should be listed specifying the date of the event and the amounts involved and drawn down or allowed.

With respect to final requests, applications should meet the same criteria except where a chapter 7 trustee's final account if being heard at the same time, the financial information in the final account need not be repeated.

Fee applications submitted by special counsel seeking compensation from a fund generated directly by their efforts, auctioneers, real estate brokers, or appraisers do not have to comply with the above. For all other applications, when more than one application is noticed for the same hearing, they may, to the extent appropriate, incorporate by reference the narrative history furnished in a contemporaneous application.

**C. Project Billing.** This is required in all cases where the applicant's professional fee is expected to exceed $10,000.00. The narrative should be categorized by subject matter, and separately discuss each professional project or task. All work for which compensation is requested should be in a category. Miscellaneous items may be included in a category such as "Case Administration." The professional may use reasonable discretion in defining projects for this purpose, provided that the application provides meaningful guidance to the Court as to the complexity and difficulty of the task, the professional's efficiency, and the results achieved. With respect to each project or task, the number of hours spent and the amount of compensation and expenses requested should be set forth at the conclusion of the discussion of that project or task. In larger cases with multiple professionals, efforts should be made by the professionals for standard categorization.

**D. Billing Summary.** Hours and total compensation requested in each application should be aggregate and itemized as to each professional and paraprofessional who provided compensable services. Dates of changes in rates should be itemized as well as reasons for said changes.

**E. Paraprofessionals.** Fees may be sought for paralegals, professional assistants and law clerks only if identified as such and if the application includes a resume or summary of the paraprofessional's qualifications.

**F. Preparation of Application.** Reasonable fees for preparation of a fee application and responding to objections thereto may be requested. The aggregate number of hours spent, the amount requested, and the percentage of the total request which the amount represents must be disclosed. If the actual time spent will be reflected and charged in a future fee application, this fact should be stated, but an estimate provided, nevertheless.

**G. Certification.** Each application for compensation and expense reimbursement must contain a certification by the professional designated by the applicant with the responsibility in the particular case for compliance with these guidelines ("Certifying Professional") that 1) the

Certifying Professional has read the application; 2) to the best of the Certifying Professional's knowledge, information and belief, formed after reasonable inquiry, the compensation and expense reimbursement sought is in conformity with these guidelines, except as specifically noted in the application; and 3) the compensation and expenses reimbursement requested are billed at rates, in accordance with practices, no less favorable than those customarily employed by the applicant and generally accepted by the applicant's clients.

**H. Interim Compensation Arrangements in Complex Cases.**  In a complex case, the Court may, upon request, consider at the outset of the case approval of an interim compensation mechanism for estate professionals that would enable professionals on a monthly basis to be paid up to 80% of their compensation for services rendered and reimbursed up to 100% of their actual and necessary out of pocket expenses.  In connection with such a procedure, if approved in a particular complex case, professionals shall be required to circulate monthly billing statements to the US Trustee and other primary parties in interest, and the Debtor in Possession or Trustee will be authorized to pay the applicable percentage of such bill not disputed or contested by a party in interest.

## II.    TIME RECORDS

**A. Time Records Required.**  All professionals, except auctioneers, real estate brokers, and appraisers must keep accurate contemporaneous time records.

**B. Increments.**  Professionals are required to keep time records in minimum increments no greater than six minutes.  Professionals who utilize a minimum billing increment greater than .1 hour are subject to a substantial reduction of their requests.

**C. Descriptions.**  At a minimum, the time entries should identify the person performing the service, the date(s) performed, what was done, and the subject involved.  Mere notations of telephone calls, conferences, research, drafting, etc., without identifying the matter involved, may result in disallowance of the time covered by the entries.

**D. Grouping of Tasks.**  If a number of separate tasks are performed on a single day, the fee application should disclose the time spent for each such task, i.e., no "grouping" or "clumping."  Minor administrative matters may be lumped together where the aggregate time attributed thereto is relatively minor.  A rule of reason applies as to how specific and detailed the breakdown needs to be.  For grouped entries, the applicant must accept the Court inferences therefrom.

**E. Conferences.**  Professionals should be prepared to explain time spent in conferences with other professionals or paraprofessionals in the same firm.  Relevant explanation would include complexity of issues involved and the necessity of more individuals' involvement. Failure to justify this time may result in disallowance of all, or a portion of, fees related to such conferences.

**F. Multiple Professionals.**  Professionals should be prepared to explain the need for more than one professional or paraprofessional from the same firm at the same Court hearing,

deposition, or meeting.  Failure to justify this time may result in compensation for only the person with the lowest billing rate.  The Court acknowledges, however, that in complex chapter 11 cases the need for multiple professionals' involvement will be more common and that in hearings involving multiple or complex issues a law firm may justifiably be required to utilize multiple attorneys as the circumstances of the case require.

**G. Travel Time.**  Travel time is compensable at one-half rates, but work actually done during travel is fully compensable.

**H. Administrative Tasks.**  Time spent in addressing, stamping and stuffing envelopes, filing, photocopying or "supervising" any of the foregoing is generally not compensable, whether performed by a professional, paraprofessional, or secretary.

## III.    EXPENSES

**A. Firm Practice.**  The Court will consider the customary practice of the firm in charging or not charging non-bankruptcy/insolvency clients for particular expense items. Where any other clients, with the exception of pro-bono clients, are not billed for a particular expense, the estate should not be billed.  Where expenses are billed to all other clients, reimbursement should be sought at the least expensive rate the firm or professional charges to any client for comparable services or expenses.  It is recognized that there will be differences in billing practices among professionals.

**B. Actual Cost.**  This is defined as the amount paid to a third party provider of goods or services without enhancement for handling or other administrative charge.

**C. Documentation.**  This must be retained and made available upon request for all expenditures in excess of $50.00.  Where possible, receipts should be obtained for all expenditures.

**D. Office Overhead.**  This is not reimbursable.  Overhead includes:  secretarial time, secretarial overtime (where clear necessity for same has not been shown), word processing time, charges for after-hour and weekend air conditioning and other utilities, and cost of meals or transportation provided to professionals and staff who work late or on weekends.

**E. Word Processing.**  This is not reimbursable.

**F. Computerized Research.**  This is reimbursable at actual cost.  For large amounts billed to computerized research, significant explanatory detail should be furnished.

**G.  Paraprofessional Services.**  These services may be compensated as a paraprofessional under § 330, but not charged or reimbursed as an expense.

**H. Professional Services.**  A professional employed under § 327 may not employ, and charge as an expense, another professional (e.g., special litigation counsel employing an expert

witness) unless the employment of the second professional is approved by the Court before the rendering of service.

**I. Photocopies (Internal).**  Charges must be disclosed on an aggregate and per page basis.  If the per-page cost exceeds $.20, the professional must demonstrate to the satisfaction of the Court, with data, that the per-page cost represents a good faith estimate of the actual cost of the copies, based upon the purchase or lease cost of the copy machine and supplies therefore, including the space occupied by the machine, but not including time spent in operating the machine.

**J. Photocopies (Outside).**  This item is reimbursable at actual cost.

**K. Postage.**  This is reimbursable at actual cost.

**L. Overnight Delivery.**  This is reimbursable at actual cost where it is shown to be necessary.  The Court acknowledges that in complex chapter 11 cases overnight delivery or messenger services may often be appropriate, particularly when shortened notice of a hearing of a hearing has been requested.

**M. Messenger Service.**  This is reimbursable at actual cost where it is shown to be necessary.  An in-house messenger service is reimbursable, but the estate cannot be charged more than the cost of comparable services available outside the firm.

**N. Facsimile Transmission.**  The actual cost of telephone charges for outgoing transmissions is reimbursable.  Transmissions received are reimbursable on a per-page basis.  If the per-page cost exceeds $.20, the professional must demonstrate, with data, to the satisfaction of the Court, that the per-page cost represents a good faith estimate of the actual cost of the copies, based upon the purchase or lease cost of the facsimile machine and supplies therefore, including the space occupied by the machine, but not including time spent in operating the machine.

**O. Long Distance Telephone.**  This is reimbursable at actual cost.

**P. Parking.**  This is reimbursable at actual cost.

**Q. Air Transportation.**  Air travel is expected to be at regular coach fare for all flights.

**R. Hotels.**  Due to wide variation in hotel costs in various cities, it is not possible to establish a single guideline for this type of expense.  All persons will be required to exercise reasonable discretion and prudence in connection with hotel expenditures.

**S. Meals (Travel).**  Reimbursement may be sought for the reasonable cost of breakfast, lunch and dinner while traveling.

**T. Meals (Working).**  Working meals at restaurants or private clubs are not reimbursable.  Reasonable reimbursement may be sought for working meals only where food is

catered to the professional's office in the course of a meeting with clients, such as a Creditors' Committee, for the purpose of allowing the meeting to continue through a normal meal period.

**U. Amenities.**  Charges for entertainment, alcoholic beverages, newspapers, dry cleaning, shoe shines, etc. are not reimbursable.

**V. Filing Fees.**  These are reimbursable at actual cost.

**W. Court Reporter Fees.**  These are reimbursable at actual cost.

**X. Witness Fees.**  These are reimbursable at actual cost.

**Y. Process Service.**  This is reimbursable at actual cost.

**Z. UCC Searches.**  These are reimbursable at actual cost.

# EXHIBIT I.
## GUIDELINES FOR EARLY DISPOSITION OF ASSETS IN CHAPTER 11 CASES THE SALE OF SUBSTANTIALLY ALL ASSETS UNDER SECTION 363 AND OVERBID AND TOPPING FEES

The following guidelines are promulgated as a result of the increasing use of pre-negotiated or pre-packaged plans and 11 U.S.C. § 363 sales to dispose of substantially all assets of a Chapter 11 debtor shortly after the filing of the petition.  The guidelines recognize that parties in interest perceive the need at times to act expeditiously on such matters.  In addition, the guidelines are written to provide procedural protection to the parties in interest.  The Court will consider requests to modify the guidelines to fit the circumstances of a particular case.

## A.  OVERBIDS AND TOPPING FEES

1. Topping Fees and Break-up Fees.  Any request for the approval of a topping fee or a break-up fee provision shall be supported by a statement of the precise conditions under which the topping fee or break-up fee would be payable and the factual basis on which the seller determined the provision was reasonable.  The request shall also disclose the identities of other potential purchasers, the offers made by them (if any), and the nature of the offer, including, without limitation, any disclosure of their plans as it relates to retention of debtor's employees.

2. Topping fees, break-up fees, overbid amounts and other buyer protection provisions will be reviewed on a case by case basis and approved if supported by evidence and case law.  Case law may not support buyer protection provisions for readily marketable assets.

3. In connection with a request to sell substantially all assets under § 363 within 60 days of the filing of the petition, buyer protections may be considered upon motion, on an expedited basis.

## B.  THE SALE OF SUBSTANTIALLY ALL ASSETS UNDER SECTION 363 WITHIN 60 DAYS OF THE FILING OF THE PETITION

**1. The Motion to Sell.**  In connection with any hearing to approve the sale of substantially all assets at any time before 60 days after the filing of the petition, a motion for an order authorizing a sale procedure and hearing or the sale motion itself when regularly noticed, should include factual information on the following points:

a.  Creditors' Committee.  If a creditors' committee existed pre-petition, indicate the date and manner in which the committee was formed, as well as the identity of the members of the committee and the companies with which they are affiliated.

b.  Counsel for Committee.  If the pre-petition creditors' committee retained counsel, indicate the date counsel was engaged and the selection process, as well as the identity of committee counsel.

c. Sale Contingencies.  Statement of all contingencies to the sale agreement, together with a copy of the agreement.

d. Creditor Contact List.  If no committee has been formed, a list of contact persons, together with fax and phone numbers for each of the largest 20 unsecured creditors.

e. Administrative Expenses.  Assuming the sale is approved, an itemization and an estimate of administrative expenses relating to the sale to be incurred before closing and the source of payment for those expenses.

f. Proceeds of Sale.  An estimate of the gross proceeds anticipated from the sale, together with an estimate of the net proceeds coming to the estate with an explanation of the items making up the difference.  Itemize all deductions that are to be made from gross sale proceeds and include a brief description of the basis for any such deductions.

g. Debt Structure of Debtor.  A brief description of the debtor's debt structure, including the amount of the debtor's secured debt, priority claims and general unsecured claims.

h. Need for Quick Sale.  An extensive description of why the assets of the estate must be sold on an expedited basis.  Include a discussion of alternatives to the sale.

i. Negotiating Background.  A description of the length of time spent in negotiating the sale, and which parties in interest were involved in the negotiation, along with a description of the details of any other offers to purchase, including, without limitation, the potential purchaser's plans in connection with retention of the debtor's employees.

j. Marketing of Assets.  A description of the manner in which the assets were marketed for sale, including the period of time involved and the results achieved.

k. Decision to Sell.  The date on which the debtor accepted the offer to purchase the assets.

l. Relationship of Buyer.  A statement identifying the buyer and setting forth all of the buyer's (including its officers, directors and shareholders) connections with the debtor, creditors, any other party in interest, their respective attorneys, accountants, the United States Trustee or any person employed in the office of the United States Trustee.

m. Post Sale Relationship with Debtor.  A statement setting forth any relationship or connection the debtor (including its officers, directors, shareholders and employees) will have with the buyer after the consummation of the sale, assuming it is approved.

n. Relationship with Secured Creditors.  If the sale involves the payment of all or a portion of secured debt(s), a statement of all connections between debtor's officers, directors, employees or other insiders and each secured creditor involved (for example, release of insider's guaranty).

o. Insider Compensation.  Disclosure of current compensation received by officers, directors, key employees or other insiders pending approval of the sale.

p. Notice Timing.  Notice of the hearing on the motion to approve the motion to sell will be provided as is necessary under the circumstances.

**2. Proposed Order Approving Sale.**  A proposed order approving the sale must be included with the motion or the notice of hearing.  A proposed final order and redlined version of the order approving the sale should be provided to chambers twenty-four hours before the hearing.

**3. Good Faith Finding.**  There must be an evidentiary basis for a finding of good faith under 11 U.S.C. § 363(m).

**4. Competing Bids.**  Unless the Court orders otherwise, competing bids may be presented at the time of the hearing.  The motion to sell and the notice of hearing should so provide.

**5. Financial Ability to Close.**  Unless the Court orders otherwise, any bidder must be prepared to demonstrate to the satisfaction of the Court, through an evidentiary hearing, its ability to consummate the transaction if it is the successful bidder, along with evidence regarding any financial contingencies to closing the transaction.

**6. Hearing and Notice Regarding Sale.**  Unless the Court orders otherwise, all sales governed by these guidelines, including auctions or the presentation of competing bids, will occur at the hearing before the Court.  The Court may, for cause, including the need to maximize and preserve asset value, expedite a hearing on a motion to sell substantially all assets under § 363.

**EXHIBIT J.**
**CHECKLIST FOR LENGTHY MOTIONS AND ORDERS PERTAINING TO CASH**
**COLLATERAL AND POST-PETITION FINANCING**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
_____ DIVISION

| | | | |
|---|---|---|---|
| IN RE: | § | | |
| | § | | |
| | § | CASE NO._____ | |
| | § | | |
| DEBTOR. | § | HEARING:_____ | |

ATTORNEY CHECKLIST CONCERNING MOTIONS AND ORDERS
PERTAINING TO USE OF CASH COLLATERAL AND POST-PETITION FINANCING
(WHICH ARE IN EXCESS OF TEN (10) PAGES)

Motions and orders pertaining to cash collateral and post-petition financing matters tend to be lengthy and complicated. Although the Court intends to read such motions and orders carefully, it will assist the Court if counsel will complete and file this checklist. All references are to the Bankruptcy Code (§) or Rules (R).

PLEASE NOTE:

"*"     Means generally not favored by Bankruptcy Courts in this District.
"**"    Means generally not favored by Bankruptcy Courts in this District without a reason and a time period for objections.

If your motion or order makes provision for any of the following, so indicate in the space provided:

CERTIFICATE BY COUNSEL

This is to certify that the following checklist fully responds to the Court's inquiry concerning material terms of the motion and/or proposed order:

Yes, at Page/Exhibit
Y means yes; N means no
N/A means not applicable
(Page Listing Optional)

1. **Identification of Proceedings:**
     (a) Preliminary or final motion/order (circle one)       \_\_\_\_\_

   (b) Continuing use of cash collateral (§ 363)       \_\_\_\_\_

   (c) New financing (§ 364)       \_\_\_\_\_

   (d) Combination of §§ 363 and 364 financing       \_\_\_\_\_

   (e) Emergency hearing (immediate and irreparable harm)       \_\_\_\_\_

2. **Stipulations:**
     (a) Brief history of debtor's businesses and status of debtor's prior relationships with lender       \_\_\_\_\_

   (b) Brief statement of purpose and necessity of financing       \_\_\_\_\_

   (c) Brief statement of type of financing (i.e., accounts receivable, inventory)       \_\_\_\_\_

   \*\* (d) Are lender's pre-petition security interest(s) and liens deemed valid, fully perfected and non-avoidable       \_\_\_\_\_

   (i) Are there provisions to allow for objections to above?       \_\_\_\_\_

   (e) Is there a post-petition financing agreement between lender and debtor?       \_\_\_\_\_
        (*i*) If so, is agreement attached?       \_\_\_\_\_

   \*\* (f) If there is an agreement are lender's post-petition security interests and liens deemed valid, fully perfected and non-avoidable?       \_\_\_\_\_

   (g) Is lender undersecured or oversecured? (circle one)       \_\_\_\_\_

   (h) Has lender's non-cash collateral been appraised?       \_\_\_\_\_
        (*i*) Insert date of latest appraisal       \_\_\_\_\_

   (i) Is debtor's proposed budget attached?       \_\_\_\_\_

   (j) Are all pre-petition loan documents identified?       \_\_\_\_\_

   (k) Are pre-petition liens on single or multiple assets? (circle one)       \_\_\_\_\_

   (l) Are there pre-petition guaranties of debt?       \_\_\_\_\_
        (*i*) Limited or unlimited? (circle one)       \_\_\_\_\_

**3.**     **Grant of Liens:**
\*         (a) Do post-petition liens secure pre-petition debts?          _____

\*         (b) Is there cross-collateralization?          _____

\*\*        (c) Is the priority of post-petition liens equal to or higher than existing
           liens?          _____

\*\*        (d) Do post-petition liens have retroactive effect?          _____

           (e) Are there restrictions on granting further liens or liens of equal or
           higher priority?          _____

\*         (f) Is lender given liens on claims under §§ 506(c), 544-50 and
           §§ 522?          _____
\*\*            (*i*)  Are lender's attorney's fees to be paid?
              (*ii*) Are debtor's attorney's fees excepted from § 506(c)?
              _____

\*         (g) Is lender given liens upon proceeds of causes of action under
           §§ 544, 547 and 548?          _____

**4.**     **Administrative Priority Claims:**
           (a) Is lender given an administrative priority?          _____

           (b) Is administrative priority higher than § 507(a)?          _____

           (c) Is there a conversion of pre-petition secured claim to post-petition
           administrative claim by virtue of use of existing collateral?          _____

**5.**     **Adequate Protection (§ 361):**
           (a) Is there post-petition debt service?          _____

           (b) Is mere a replacement/addition 361(l) lien? (circle one or both)          _____

\*\*        (c) Is the lender's claim given super-priority?
           (§ 364(c) or (d)) [designate]          _____

           (d) Are there guaranties?          _____

           (e) Is there adequate insurance coverage?          _____

           (f) Other?          _____

**6. Waiver/Release Claims v. Lender:**

\*\* (a) Debtor waives or release claims against lender, including, but not limited to, claims under §§ 506(c), 544-550, 552, and 553 of the Code?   _____

\*\* (b) Does the debtor waive defenses to claim or liens of lender?   _____

**7. Source of Post-Petition Financing (§ 364 Financing):**

 (a) Is the proposed lender also the pre-petition lender?   _____

 (b) New post-petition lender?   _____

 (c) Is the lender an insider?   _____

**8. Modification of Stay:**

\*\* (a) Is any modified lift of stay allowed?   _____

\*\* (b) Will the automatic stay be lifted to permit lender to exercise self-help upon default without further order?   _____

 (c) Are there any other remedies exercisable without further order of the Court?   _____

 (d) Is there a provision that any future modification of order shall not affect status of debtor's post-petition obligations to lender?   _____

**9. Creditors' Committee:**

 (a) Has creditors' committee been appointed?   _____

 (b) Does creditors' committee approve of proposed financing?   _____

**10. Restrictions on Parties in Interest:**

\*\* (a) Is a plan proponent restricted in any manner, concerning modification of lender's rights, liens and/or causes?   _____

\*\* (b) Is the debtor prohibited from seeking to enjoin the lender in pursuant of rights?   _____

\*\* (c) Is any party in interest prohibited from seeking to modify this order?   _____

 (d) Is the entry of any order conditioned upon payment of debt to lender?   _____

 (e) Is the order binding on subsequent trustee on conversion?   _____

**11. Nunc Pro Tunc:**
    (a) Does any provision have retroactive effect?    \_\_\_\_\_

**12. Notice and Other Procedures:**
    (a) Is shortened notice requested?    \_\_\_\_\_

    (b) Is notice requested to shortened list?    \_\_\_\_\_

    (c) Is time to respond to be shortened?    \_\_\_\_\_

    (d) If final order sought, have 14 days elapsed since service of
       motion pursuant to Rule 4001(b)(2)?    \_\_\_\_\_

    (e) If preliminary order sought, is cash collateral necessary to avoid immediate
       and irreparable harm to the estate pending a final hearing?    \_\_\_\_\_

    (f) Is a Certificate of Conference included?    \_\_\_\_\_

    (g) Is a Certificate of Service included?    \_\_\_\_\_

    (h) Is there verification of transmittal to U.S. Trustee included
       pursuant to Rule 9034?    \_\_\_\_\_

    (i) Has an agreement been reached subsequent to filing motion?    \_\_\_\_\_
       (*i*) If so, has notice of the agreement been served pursuant to
         Rule 4001(d)(4)?    \_\_\_\_\_
       (*ii*) Is the agreement in settlement of motion pursuant to Rule
         4001(d)(4)?    \_\_\_\_\_
       (iii) Does the motion afford reasonable notice of material
         provisions of agreement pursuant to Rule 4001(d)(4)?    \_\_\_\_\_
       (iv) Does the motion provide for opportunity for hearing
         pursuant to Rule 9014?    \_\_\_\_\_

SIGNED this \_\_\_\_day of_____, 20\_\_ .

            [Enter Firm Name]

            By: _____
            [Enter Attorney's Name]
            [Enter Texas Bar No.]
            [Enter Address]
            [Enter Telephone Number]
            [Enter Email Address]

[Enter Identification Role in Case]**COMMENTS TO CASH COLLATERAL AND DIP FINANCING CHECKLIST**

**1.      Interim vs. Final Orders**

a.      Stipulations in preliminary or interim orders should be minimized.  Notice is generally not adequate to test the validity of stipulations, and they should be avoided to the extent not absolutely necessary to the interim approval process.

b.      Simply state the nature of notice given; do not recite notice was "sufficient and adequate" since that is usually not the case particularly on the first day.  The order should simply note that the financing is being approved pursuant to Bankruptcy Rule 4001(c)(2) authorizing such financing to avoid immediate and irreparable harm.

c.      Adequate protection for the use of pre-petition cash collateral may be granted to the extent of a diminution of collateral.  The Court will not approve on an interim basis language that adequate protection is granted in the form of replacement liens on post-petition assets based on stipulations that "use of cash collateral shall be deemed a dollar for dollar decrease in the value of the pre-petition collateral."  At the final hearing the Court will consider evidence to determine the extent to which the lender's pre-petition collateral has or is likely to diminish in value.  That evidence will inform the extent to which adequate protection will be granted.

d.      The Court expects that other parties in interest will be involved in the process of developing an interim cash collateral order to the extent practicable.  If the Court finds that the debtor and lender have not made reasonable efforts to afford the best notice possible, preliminary relief will not be granted until parties in interest have had a reasonable opportunity to review and comment on any proposed interim order.

e.      Bankruptcy Rule 4001(b) and (c) limit the extent to which the Court may grant relief on less than 14 days' notice.  The debtor and the lender must negotiate interim orders within the confines of that authority.  Interim orders shall be expressly without prejudice to the rights of parties in interest at a final hearing.

**2.      Stipulations**

The lender may request a stipulation as to the amount, validity, priority and extent of the pre-petition documents.  The stipulation will only be approved if the order provides the stipulation is binding on other parties in interest only after the passage of an appropriate period of time (customarily 90 days) during which the parties in interest will have the opportunity to test the validity of the lien and the allowance of the claim.

**3.      Grant of Liens**

a.      Liens granted in the cash collateral and DIP financing orders may not secure prepetition debts.  Financing orders should not be used to elevate a pre-petition lender's collateral inadequacy to a fully secured status.

b.      Avoidance actions are frequently one of the few sources of recovery for creditors other than secured lenders.  Orders granting liens on these unencumbered assets for the benefit of the lender will require a showing of extraordinary circumstances.  In most cases the adequate protection grant will protect the lender since the lender will have a superpriority under § 507(b) that will give the lender who suffers a failure of adequate protection a first right to payment out of the proceeds from such actions before payment of any other expenses of the Chapter 11 case.  Avoidance actions in the event of a conversion to Chapter 7 may be the only assets available to fund the trustee's discharge of his or her statutory duties.

c.      Similarly, limitations on the surcharge of the lender's collateral under § 506(c) are disfavored.  The secured creditor may be the principal beneficiary of the proceedings in Chapter 11.  Since the burden to surcharge requires a showing of direct benefit to the lender's collateral, lenders are not unreasonably exposed to surcharges of their collateral.  And in light of the decision in *Hartford Underwriter's Insurance Co. v. Union Planters Bank N.A. (In re Hen House Interstate Inc.)*, 530 U.S. 1 (2000), only the DIP or the trustee may recover under § 506(c).

## 4.      Modification of Stay

Authority for unilateral action by lender without necessity to return to Court to establish post-petition default or breach or at least a notice to parties in interest will not be approved.  If the cash collateral or financing order provides for a termination of the automatic stay in the event of a default, parties in interest must have an opportunity to be heard before the stay lifts.

## 5.      Restrictions on Plan Process

a.      The Court will not approve cash collateral orders (or post-petition financing orders that are in substance cash collateral orders that have the effect of converting all the pre-petition liens and claims to post-petition liabilities under the guise of collecting prepetition accounts and readvancing them post-petition) that have the effect of converting prepetition secured debt into post-petition administrative claims that must be paid in full in order to confirm a plan.  That type of provision unfairly limits the ability and flexibility of the debtor and other parties in interest to formulate a plan.  That type of provision, granted at the outset of a case, effectively compels the debtor to pay off the secured lender in full on the effective date and has the consequence of eviscerating § 1129(b).

b.      On the other hand, persons who are advancing new money to the debtor postpetition may include in financing orders provisions that the post-petition loans have a § 364(c)(1) super-super priority.

## 6.      Loan Agreements

If there will be a loan agreement, the language of the financing order does not need to restate all of the terms of the loan agreement.  The financing motion should, however, summarize the essential elements of the proposed borrowing or use of cash collateral, such as, amount of

loan facility, sublimits on availability, borrowing base formula, conditions to new advances, interest rate, maturity, events of default, limitation on use of funds and description of collateral.

## 7.      Professional Fees

a.      To the extent consistent with the market for similar financings, the lender may request reimbursement of reasonable professional fees.  The lender should provide reasonably detailed invoices to the debtor and the committees so a proper assessment of reasonableness can be made.

b.      The parties may agree on carve-outs for estate professionals.  Lenders may exclude from the carve-out payment of professional fees for litigation of the extent, validity or perfection of the lender's claim as well as prosecution of lender liability suits.  The carve-out should not, however, exclude the due diligence work by the committee or its professionals to determine whether a challenge to the lender is justified.

## 8.      Work Fees/Loan Fees

Underwriting a substantial DIP loan may involve both direct out-of-pocket expenses and, at times, a certain lost opportunity cost.  The debtor may move for the reimbursement of its lender's direct out-of-pocket expenses.  The debtor and lender must be prepared to establish actual out-of-pocket costs, the reasonableness of the costs, and that the type of costs are actually paid in the market.  On a case-by-case basis, the Court will consider on an expedited basis the debtor's request to pay a reasonable up-front fee to a prospective DIP lender to reimburse it for direct out-of-pocket costs.  In addition, in connection with approving a DIP loan facility, on motion of the debtor, the Court will consider evidence of market rates and pricing for comparable loans in determining whether commitment fees, facility or availability fees, and other up-front or periodic loan charges are appropriate.  The lender must provide evidence that it actually has provided or will provide the services customarily associated with these fees.

**APPENDIX L-2014**

(STYLE)

<u>NOTICE OF EMPLOYMENT OF PROFESSIONAL</u>

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested in the motion may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held.**

Name of client:

Identity of professional:        (Name, address, phone)

Nature of profession:        (Attorney, accountant)

Conflicts:        None or specify

Retainer:

Proposed compensation:        (e.g. hourly rates (specified), flat fee, contingency fee)

List of other professionals in case:

Signed: (professional)

**APPENDIX L-2016-a-2**

(Case No.)

(Case Name)

(Hearing Date, if known)

## <u>FEE APPLICATION SUMMARY</u>

I.    CLIENT - (Name of party represented)

      Example: DIP, Bankruptcy Estate

II.    REQUESTING APPLICANT/FIRM - (Give attorney/accountant name and nature of representation.)

      Example: Collier & Norton, attorneys for the Debtor, on behalf of Penny & Dollar, Court-approved CPA.

III.    TOTAL AMOUNT OF FEES REQUESTED -

    a.  Fees: $
    b.  Expenses: $
    c.  Pre-petition retainer, if any: $_____; (of this amount, $_____has previously been offset pursuant to prior fee applications)
    d.  Time period covered: _____to_____.

IV.    BREAKOUT OF CURRENT APPLICATION

| NAME/CAPACITY | TOTAL HOURS | RATE | TOTAL |
|---|---|---|---|
| (Collier, Atty. | 20.00 | $100.00 | $2,000.00) |
| (Norton, Paralegal | <u>10.00</u> | 35.00 | <u>350.00</u>) |
| | 30.00 | | $2,350.00 |

MINIMUM FEE INCREMENTS - (Give minimum fee increment. Explain fully fee increments other than. 1 or any other flat or unusual rates).

EXPENSES - (Give total amounts requested for expenses and specifically charge for photocopy and any in-house services such as delivery fees).

AMOUNT ALLOCATED FOR PREPARATION OF THIS FEE APPLICATION:_____

V.     PRIOR APPLICATIONS:

| Date of hearing | Amount requested | Amount authorized |
|---|---|---|
| (e.g., 1/5/87 | $2,510.00 | * $2,400.00) |

* (Explain if any of the previous authorized amounts still remain to be paid.)

VI.     OTHER CO-EQUAL OR ADMINISTRATIVE CLAIMANTS IN THIS CASE:

<u>Name</u>                <u>Party Represented</u>

Explain whether allowance of your Application will or will not result in this estate not being able to pay all co-equal or superior administrative claims in this ease.

VII.    RESULT OBTAINED -

For the time period covered by this Application, briefly identify the various matters for which services were rendered. For each identified matter, summarize the work performed and estimate the amount of fees allocated to such work during the time period in question. This estimate need not be exactly accurate, however the total of estimated fees must equal the amount of fees sought in this Application.

**APPENDIX L-3018-b**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
_____ DIVISION

IN RE:                              §
                                    §
                                    §        CASE NO._____
                                    §
          DEBTOR(S)                 §

## BALLOT SUMMARY FOR  (PLAN PROPONENT'S NAME) PLAN OF REORGANIZATION

**BALLOT SUMMARY        (BY CLAIM)**

| NAME | CLASS | ALLOWED CLAIM | | | | VOTE |
|---|---|---|---|---|---|---|
| (alphabetized) | (per plan) | p/c | schedule | ct ord | sec 502(c) | |
| | | | | | | |

**BALLOT SUMMARY       (BY CLASS)**

| CLASS | TOTAL # | TOTAL AMOUNT | TOTAL – (Y)/(N) | | TOTAL AMOUNT (Y)/(N) | | CLASS |
|---|---|---|---|---|---|---|---|
| | | | (YES) | (NO) | (YES) | (NO) | VOTE |
| | | | | | | | |

**Appendix L-4001**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
_____DIVISION

IN RE:                                  §          CASE NO._____
                                        §
_____,            §                              Chapter____
                                        §
            Debtor                      §
_____§_____
                                        §
_____,            §
                                        §
            Movant                      §          Hearing Date:_____
                                        §          Time:_____
v.                                      §
                                        §
_____,            §
                                        §
            Respondent                  §          Judge: _____

**AFFIDAVIT OF   [Affiant's name]**
**FOR    [Movant]**_____

STATE OF TEXAS                          §
COUNTY OF _____      §
                                        §
                                        §

"Affiant, being duly sworn, deposes and says that:

1. My name is _____, I am of sound mind, capable of making this affidavit, and am personally acquainted with the facts herein stated.

2. I am a custodian of the records of _____ ("Movant").

3. Attached hereto as Exhibit "A" are _____ page(s) of the Payment History, prepared by me from records of Movant kept by it in the regular course of its business, and it was the regular course of business of Movant for an employee or a representative of said business, with knowledge of the acts, conditions, or opinions records, to make those records or to transmit the information to be included in such records; and such records were made at or near the time or reasonably soon after the acts, conditions or opinions records.

4. The records summarized in the Payment History, or copies thereof, have been or will be made available to any respondent on Movant's Motion for Relief from Stay upon request.

Further Affiant sayeth not."


_____
(Affiant)

Subscribed and sworn to me the undersigned authority of this _____ day of _____.


My Commission Expires:

_____
Notary Public in and for the
State of _____.


## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Affidavit was served on _____. Service was accomplished by the method(s) and on the persons indicated below.


_____/s/_____
ATTORNEY FOR MOVANT

BY ELECTRONIC NOTICE OR REGULAR FIRST CLASS MAIL:

Debtor's Attorney:                              Persons filing notices of appearance:


Debtor:                                        Other persons with an interest in the
subject
                                               matter of the Motion for Relief from Stay:

Trustee:

Exhibit A – "Payment History"

| Applied to | Date Rec'd | Amt due | Amt rec'd | Over/short | To Suspense | Suspense Balance | Comments |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

APPENDIX L -7016

**FORM SCHEDULING ORDER**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS

|  | | |
|---|---|---|
| | § | |
| | § | |
| | § | |
| | § | |
| V. | § | ADVERSARY NO. |
| | § | |
| | § | |
| | § | |
| | § | |

<u>SCHEDULING ORDER</u>

Pursuant to Rule 16, Federal Rules of Civil Procedure, the Court issues the following scheduling order.

IT IS ORDERED THAT:

1.      The parties shall file all amended or supplemental pleadings and shall join additional parties on or before [60 days after Scheduling Order].  *See* L. Rule 7015.

2.      All parties asserting or resisting claims for relief shall file and serve on all other parties, but not file, the disclosures required by Federal Rule of Civil Procedure 26(a)(1) on or before [14 days after Scheduling Order].

3.      The parties shall complete discovery on or before [90 days from the issuance of the Scheduling Order].  Counsel may, by agreement, continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances.

4.      All dispositive motions shall be filed and served on all other parties on or before [100 days from the issuance of the Scheduling Order] and shall be limited to 20 pages.  *See* L. Rule 7007(a) for the definition of dispositive motions and page limits.  Responses shall be filed and served on all other parties not later than 21 days of the service of the motion and shall be limited to 20 pages.  *See* L. Rule 7007(b)(2).  Any replies shall be filed and served on all other parties not later than 7 days of the service of the response and shall be limited to 10 pages, but the Court need not wait for the reply before ruling on the motion.  *See* L. Rule 7007(c).

5.      Motions other than Rule 12 or 56 are governed by L. Rule 7007, 9013, and 9014 where applicable.

6.      Docket call for trial is set [125 days from issuance of the Scheduling Order]. Parties will be required to discuss at docket call any objections to the use of deposition testimony and stipulations regarding the use of experts for trial.

7.      A Joint Pre-trial Order and proposed findings of fact and conclusions of law are due 7 days before docket call.  *See* L. Rule 7016(c) and (d).

8.      Exhibits and a witness list are to be exchanged five business days in advance of trial.  *See* L. Rule 7016(g)(2).  In addition, counsel are encouraged to present and provide electronic versions of exhibits where practicable.  Use and presentation of electronic exhibits should be coordinated through the courtroom deputy.

9.      Counsel are reminded that, with regard to any paper that is filed, compliance with Fed. R. Civ. P. 5.2 is mandatory.  As such, counsel should ensure that appropriate redactions are made.

10.      This Scheduling Order does not specifically address the discovery of electronically stored information (ESI).  To the extent the parties believe that ESI is subject to

discovery, the parties are directed to reach an agreement on production of ESI.  The parties are encouraged to use the template developed by the Seventh Circuit Electronic Discovery Pilot Program.  *See* www.discoverypilot.com.  Any party may bring any dispute regarding the discovery of ESI, but it must be brought to the Court's attention by motion 30 days after Rule 26(a)(1) disclosures are made.

11.    Counsel residing outside the State of Texas may designate local counsel in writing, giving the street address, telephone number and mailing address.  The designation shall be filed with the Clerk of the Court in this proceeding, and a copy shall be sent to all other counsel of record in this proceeding.  This provision may be waived by the Court upon motion of counsel and service upon other parties.

12.    **All discovery must be commenced and completed by the discovery deadline provided in this Order.**

    a.    Designation of experts shall be an issue at any pretrial conference.

    b.    Counsel are encouraged to resolve discovery disputes by agreement. Motions to compel, motions for protective orders and similar motions, while not prohibited, may result in sanctions being imposed on the losing party or both parties as provided in Fed. R. Bankr. P. 7037 & 9011 or 28 U.S.C. § 1927, if a hearing is required thereon.

    c.    If applicable, parties may file dispositive motions under Fed. R. Bankr. P. 7012 & 7056 and Fed. R. Civ. P. 12(b) & 56.  Such motions, if filed, must be filed by the deadline for dispositive motions in this Order.  Responses to motions under FRBP 12 and 56 must be filed within 21 days after the Motion is filed. **All other motions in this adversary proceeding, unless**

**unopposed, require the filing of a written response within 14 days, or the motion may be granted without a hearing.**

    d.    All discovery shall be commenced at a time which allows for the full response time provided by applicable rules on or before the discovery deadline.

    E.g., if the discovery deadline is July 15, interrogatories must be actually delivered on or before June 15 in order to allow thirty days for answers.  If the interrogatories are mailed, then they must be mailed on or before June 12, pursuant to Fed. R. Bankr. P. 9006(f), to allow three additional days for service by mail.

    e.    The Court may, upon motion and for cause shown, extend, reduce, or otherwise modify the deadlines set out in the Scheduling Order. Mere agreement of the parties to such extensions or modifications is not of itself sufficient cause.

13.    Counsel and unrepresented parties must confer prior to the date the Pre-Trial Order is required to be filed, to fully explore the possibility of settlement, to stipulate to matters not in dispute and to simplify the issues.  The Pre-Trial Order shall contain a certificate to the effect that the conference of counsel has been held.  Counsel must also confer in an effort to determine whether the original time estimate for trial is correct or should be revised.  If the parties wish to have a pre-trial conference with the Court, a pre-trial conference should be requested as early as possible, but at least 60 days prior to the trial.

14.    Docket call is set on the docket call date provided in the scheduling order.  **The only matters to be considered by the Court at docket call are as follows:**

    a.      Date, time and place of trial following docket call.

    b.      Properly and timely-filed motions for continuance or for default judgment.

    c.      Motions not previously ruled on under Fed. R. Civ. P. 12 and Fed. R. Bankr. P. 7012.

    d.      Settlement announcements.

**Failure to attend docket call may result in dismissal or rendition of final judgment. You may, however, authorize any member of the Bar of this Court, including opposing counsel, to make an appearance on your behalf at docket call, if there are no contested motions for continuance, motions for default judgment or motions under Fed. R. Civ. P. 12 and Fed. R. Bankr. P. 7012.**

Dated: _____

                                             Yvette M. Taylor
                                           Clerk, US Bankruptcy Court

                                           by : _____Courtroom Deputy_____

**APPENDIX L-9014**

## MATTERS DEEMED CONTESTED

Hearings must be held on the following matters:

1.  Reaffirmation Agreements.- (if the Court deems necessary to set)

2.  Disclosure statement and confirmation proceedings under Chapters 9, 11 and 12.

3.  Adversary proceedings generally, except as provided in Local District Rules or the Bankruptcy Rules.

4.  Motions for contempt or sanctions, including motions under Rule 9011.

5.  Objections to confirmation in Chapters 9, 11, 12, and 13.

6.  Motions to appoint a Trustee or examiner in Chapter 11 cases.

APPENDIX L-9022

## UNITED STATES BANKRUPTCY COURT

## WESTERN DISTRICT OF TEXAS

_____DIVISION

### ORDER SUBMISSION FORM

(Order Submission Forms must have all required fields filled in.  Order Submission Forms that are not complete may be returned with the Order unsigned.)

RE: [Case Name and/or Adversary Style, as applicable]   **Case Number:**_____

**Adversary Number:**_____

_____

**Related Document Number:**_____
(The document number of the related matter for which the order is being submitted)

You _must_ select one of the following order types:

_____   **Ex Parte (no hearing required)** an order on a matter which is not going to be set for hearing and which does not have negative notice language.

_____   **Expedited** an order on a expedited or emergency matter.

_____   **Hearing Held** an order on a matter for which a hearing has already been held.
**Hearing Date**_____

_____   **Hearing Scheduled** an order on a matter for which a hearing has been set but not yet held.
**Hearing Date**_____

_____   **Suspense (obj language)** an order on a matter that was filed with "negative response language"
**Check one of the following: ____14 day____ 21 day____ 30 day___ 60 day**

**Submitted By:**

_____