Case 23-34815 Document 870-5 Filed in TXSB on 12/06/24 Page 1 of 4
Case 23-34815 Document 865 Filed in TXSB on 12/06/24 Page 1 of 4

United States Bankruptcy Court
Southern District of Texas

**ENTERED**
December 06, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 23-34815 |
| **GALLERIA 2425 OWNER, LLC,** | § | |
| | § | |
| Debtor. | § | |
| | § | |
| | § | **CHAPTER 11** |

## MEMORANDUM OPINION

Before the Court are two emergency motions: NBK's (Renewed) Emergency Motion to Enforce Sale Order against Jetall Companies, Inc. and NBK's Second Emergency Motion to Enforce Sale Order (ECF Nos. 838 and 839) filed by the National Bank of Kuwait, S. A. K. P., New York Branch ("NBK") and responses in opposition (ECF Nos. 842 and 848)[1] filed by Jetall Companies, Inc.[2] ("Jetall") and 2425 WL, LLC ("WL"). Hearing was held on December 5, 2024. For the reasons so stated the Court grants both motions by separate orders.

## PROCEDURAL BACKGROUND

The two motions filed by NBK both seek to enforce a Sale Order. On December 5, 2023, Galleria 2425 Owner, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On January 31, 2024, the Court entered an order directing the appointment of a Chapter 11 Trustee to manage the estate.[3] On February 9, 2024, the Court entered an order appointing a Chapter 11 Trustee.[4] The case is a single asset real estate case within the meaning of the relevant provisions of the Bankruptcy Code. The Debtor's sole asset was real property located at 2425 West Loop South, Houston, Texas 77027 (the "Property"). Jetall was a tenant of the real property at filing. On May 23, 2018, NBK loaned the Debtor $51,675,000 (the "Loan") to acquire the Property from WL. WL has made claims that it holds a lien[5] against the subject property. The Debtor at case filing, Jetall and WL are all controlled by Ali Choudhri.

On July 8, 2024, the Court entered its Order (A) Approving Asset Purchase Agreement Between the Trustee and QB Loop Property LP; (B) Approving the Sale of the Property Free and Clear of all Liens, Claims, Encumbrances, and Other Interests; (C) Approving Assumption and Assignment

---

[1] The response at ECF 841 was struck from the docket (ECF No. 845).
[2] ECF No. 842 indicates that the objection was filed by Galleria 2425 Owner, LLC. This is not the case and counsel does not represent the reorganized debtor.
[3] ECF No. 99
[4] ECF Nos. 116
[5] WL is the asserted holder of certain alleged beneficiary rights under that certain Deed of Trust, recorded as Instrument No. RP-2021-258619 in the Official Public Records of Harris County, Texas [Docket No. 692-3] (the "Lien"), with respect to certain real property located at 2425 West Loop South, Houston, Texas (the "Property"). The Court has previously found this Deed of Trust to be fraudulent in its Order Disallowing Proof of Claim and Referral to United States Attorney [ECF No. 717].

of Executory Contracts and Leases; (D) Determining the amounts necessary to cure such Executory Contracts, and Unexpired Leases; and (E) Granting Related Relief (the "Sale Order")[6], approving the Asset Purchase Agreement submitted by QB Loop and the Stalking Horse Agreement submitted by NBK for a sale of the Property "free and clear of and all interests, including all liens, claims and encumbrances." The Sale Order further required "[a]ll persons that are in possession of some or all of the Purchased Assets as of or after the Closing are hereby directed to surrender possession of such Purchased Assets to the Buyer as of the Closing or at such time thereafter as the Buyer may request." Additionally, the Sale Order authorized the sale of the Property "free and clear of all liens, claims, encumbrances, and other interests."

On June 21, 2024, the Chapter 11 Trustee filed a Notice of Successful Bidder, Backup Bidder, and Sale Hearing,[7] which designated QB Loop Property LP ("QB Loop"), an entity affiliated with Mr. Choudhri, as the successful bidder for the Property and further designated NBK as the "Backup Bidder."

QB Loop failed to close on its purchase of the Property, and on August 9, 2024, the Chapter 11 Trustee filed a Notice of Failure to Close Under Successful Bid[8]. As a result, the rights to purchase the Property went to NBK as the Backup Bidder pursuant to the terms of its Stalking Horse Agreement, with only a change in purchase price. On or about August 20, 2024, the Chapter 11 Trustee in this case sold the Property to Houston 2425 Galleria, LLC, as designee and assignee of National Bank of Kuwait, S.A.K.P., for $27 million."[9]

Ali Choudhri is the President of Jetall. Jetall occupies and refuses to vacate suite 1100 (11th floor) of the office building located at 2425 West Loop South, Houston, Texas. The Court additionally notes that a Chapter 11 plan has been confirmed in this case.

NBK seeks relief requiring Jetall to vacate the premises immediately, confirming that Jetall has no right of occupancy or claim based upon its alleged lease with the Debtor. NBK also seeks lien releases as NBK seeks to enforce the Sale Order's provisions that the sale is "free and clear of all liens, claims, encumbrances, and other interests."

Hearing was set at 9:00 a.m. on December 5, 2024. Less than 12 hours prior to the hearing at 9:12 p.m. an Involuntary Chapter 11 case was filed against Jetall in the Western District of Texas by EAO Global LLC dba PopLabs.[10] This Court given the history of this case and the intertwined connections between Jetall, WL, and the reorganized debtor and what the Court has held to be vexatious litigation by Mr. Choudhri and his related entities conferred with the Bankruptcy Judges of the Western District of Texas and requested that the Jetall bankruptcy case be transferred to the Southern District of Texas and specifically to this Court. That transfer was approved. The case assignment to this Court was thereafter consented to by all Bankruptcy Judges in the Southern District of Texas.[11]

---

[6] ECF No. 608
[7] ECF No. 561
[8] ECF No. 658
[9] ECF No. 675
[10] In re Jetall Companies, Inc., Case No. 24-11544 in the Western District of Texas, Austin Division.
[11] Transferred case are typically randomly assigned to Bankruptcy Judges in the Southern District of Texas.

# FINDINGS

The first written objection[12] of Jetall to NBK's requested relief contains multiple parts, the first is the Court lacks jurisdiction to grant the relief requested. The Court rejects this argument. Jetall filed three proofs of claims on April 9, 2024, all are listed on the claims register as Jetall Companies, Inc. Thus, Jetall has subjected itself to jurisdiction. Irrespective of the filed proofs of claim, two of which actually appear to be filed by Jetall Capital, LLC, the Court finds it has nationwide jurisdiction to enforce the Sale Order against both Jetall and WL.

The second part is that the matter before the Court is not an emergency, and that emergency relief is not required. Again, the Court rejects this argument. One must only review the docket in this case to determine that delay in enforcement of the Sale Order has been ongoing and in any event this Court has the exclusive right to maintain its docket and to set emergency hearings.

The last part is colorable as to both what Jetall claims to be the lack of necessity for emergency relief but also that the Justice of the Peace Court, which in Texas has exclusive jurisdiction for forceable entry and detainer actions, i.e. an eviction, is the proper court for NBK to achieve one of its desired goals which is to evict Jetall from the premises. This Court holds that it has jurisdiction to enforce its Sale Order, irrespective of the grant of exclusive jurisdiction to the Justice of the Peace Court for evictions in the State of Texas. Additionally, any order it issues hereafter regarding possession, given the terms of the Sale Order is simply enforcement of the Sale Order. Still further that NBK is not required, nor is it desirable especially in this complicated bankruptcy case for NBK to have to seek enforcement of a Bankruptcy Court order from a lower-level State Court, which as this Court is aware often is unknowledgeable about the intricacies of bankruptcy law, and which already dismissed a forcible entry and detainer action brought by Houston 2425 Galleria, LLC against Jetall due to lack of jurisdiction.[13]

The second written objection[14] of both Jetall and WL renews the objections contained in the first objection but raises additional issues which the Court now addresses. First, is the disqualification of NBK's counsel. As the Court stated on the record at the hearing the moving parties may move for that relief but have not done so during the year this case has been pending. Second, the response indicates that the relief sought by NBK is blocked by the automatic stay of another pending bankruptcy, the filing of Texas REIT, LLC.[15] Absent an order extending the stay in the Texas REIT, LLC to this case this Court holds that the automatic stay in that case does not apply to this case. Lastly, if the Involuntary Jetall bankruptcy case [16] limits this Court's ability to grant the relief requested by NBK, it will as the Judge on the Jetall involuntary case retroactively lift the automatic stay for cause, as to this case, based on the findings in this order.

---

[12] ECF No. 842

[13] ECF No. 846-8, **which is a form check mark order**.

[14] ECF No. 848

[15] Case No. 24-10120, Western District of Texas, Austin Division. The Property is not listed as an asset of the debtor in the Texas REIT case, see ECF No. 168, Amended Schedules and Summary.

[16] The Court believes that the involuntary filing is for many reasons suspect and ultimately will be dismissed. First, it was filed less than 12 hours prior to the scheduled hearing after 9:00 p.m. at night. Second, it contains only one petitioning creditor, when the Court believes three would be required and there is a "good faith" filing requirement in an involuntary case which appears to be absent. 11 USC § 303.

## HOLDING

For these reasons the relief requested by NBK is in all things granted, the objections of Jetall and WL are in all things denied, and the Court will sign the proposed orders filed by NBK.

SIGNED 12/06/2024

_____
Jeffrey Norman
United States Bankruptcy Judge