```
               UNITED STATES BANKRUPTCY COURT
              SOUTHERN DISTRICT OF TEXAS (HOUSTON)

                                     .
IN RE:                               .  Case No. 22-32998
                                     .  Chapter 7
HOUSTON REAL ESTATE                  .
PROPERTIES LLC,                      .
                                     .
                Debtor.              .
. . . . . . . . . . . . . . . .      .
                                     .  Adv. No. 23-03141
JOHN QUINLAN, et al.,                .
                                     .
                Plaintiffs,          .
                                     .
v.                                   .
                                     .  515 Rusk Street
JETALL COMPANIES, INC.,              .  Houston, TX 77002
et al.,                              .
                                     .  Monday, December 9, 2024
                Defendants.          .  3:50 p.m.
. . . . . . . . . . . . . . . .      .


           TRANSCRIPT OF MOTION TO RECUSE JUDGE [245]
             BEFORE THE HONORABLE EDUARDO RODRIGUEZ
           CHIEF UNITED STATES BANKRUPTCY COURT JUDGE
```

APPEARANCES CONTINUED.

Audio Operator:          Ana Castro, ECR

Transcription Company:   Access Transcripts, LLC
                         10110 Youngwood Lane
                         Fishers, IN 46048
                         (855) 873-2223
                         www.accesstranscripts.com

    Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

```
APPEARANCES (Continued):


 For the Plaintiffs:        Hoover Slovacek LLP
                            By:  THOMAS MICHAEL BALLASES, ESQ.
                                 STEVE LEYH, ESQ.
                            5051 Westheimer, Suite 1200
                            Houston, TX 77056
                            (713) 977-8686


 For Ali Choudhri:          Law Office of Lance Nguyen
                            By:  LANCE NGUYEN, ESQ.
                            6001 Savoy, Suite 120
                            Houston, TX 77036
                            (281) 999-5111

                            ALI CHOUDHRI (Pro se)
                            2425 West Loop South, Suite 1200
                            Houston, TX 77056
```

```
 1        (Proceedings commence at 3:50 p.m.)
 2            THE COURT:  -- for appearances in 23-3141, John
 3  Quinlan.
 4            MR. BALLASES:  Michael Ballases and Steve Leyh for
 5  John Quinlan, Omar Khawaja, and Osama Abdullatif.
 6            MR. NGUYEN:  Good afternoon, Judge.
 7            THE COURT:  Yes, sir.
 8            MR. NGUYEN:  Judge, Attorney Lance Nguyen for Ali
 9  Choudhri, the movant in this case, Judge.
10            THE COURT:  And this is --
11            MR. NGUYEN:   On the motion to recuse.
12            THE COURT:  This motion to recuse Judge Norman?
13            MR. NGUYEN:  Yes, sir.  I do have a housekeeping
14  matter, Judge, if I may present to the Court before we proceed
15  any further.
16            THE COURT:  Go ahead.
17            MR. NGUYEN:  Judge, I have been recently retained to
18  represent Mr. Choudhri on this motion to recuse within the last
19  several days, and that's stretching it to say several days.
20  There is a lot of exhibits and evidence that Mr. Choudhri, the
21  movant, would like to present to the Court.  I have reviewed
22  most of those, if not all of them, Judge, and it's my
23  estimation that I could present a better case to the Court,
24  Judge, exhibits-wise and arguments-wise and legal
25  memorandum-wise, if I were to have more time on it, Judge.  I
```

```
 1   would request the Court, if I can pass this hearing, Judge,

 2   this would be the first request to pass this hearing.

 3              Obviously, I see counsel for the other parties are

 4   here.  Certainly, this is not done to delay or harass or annoy,

 5   Judge.  I was put in these circumstances.  Basically, you know,

 6   a client hires you when he hires you, and the proposed exhibits

 7   by Mr. Choudhri that he has prepared before retaining me,

 8   Judge, is a lot.  And --

 9              THE COURT:  Which exhibits --

10              MR. NGUYEN:  -- I believe --

11              THE COURT:  Which exhibits are you referring to,

12   Mr. Nguyen?

13              MR. NGUYEN:  Sir?

14              THE COURT:  Which exhibits are you referring to?

15              MR. NGUYEN:  I have an exhibit list, Judge.  At least

16   one of them is a transcript of a hearing that's about --

17              THE COURT:  Okay.  But where on my docket -- where on

18   this docket is it?

19              MR. NGUYEN:  Judge, I believe Mr. Choudhri has filed

20   it pro se.  I tried to file a notice of appearance, Judge, and

21   also the trial witness list.  Apparently, I didn't know, Judge,

22   but the Southern District requires a separate application to

23   file for ECF under bankruptcy court.  I am licensed in ECF for

24   the main civil and criminal judge.  I did not know that I had

25   to file a separate application to be put on there.  So I tried
```

1  today to file the notice of appearance and also the exhibit

2  list.

3            I understand from Mr. Choudhri that he has filed the

4  exhibit list in paper format as pro se, Judge.  But on your ECF

5  system, I doubt if there's going to show any exhibits or

6  witness lists or exhibit lists.  But I understand he has

7  physically filed a witness list and exhibit list.

8            THE COURT:  And that's what I'm asking.  Where on the

9  docket is it?

10            MR. NGUYEN:  If I may confer, Judge?

11            THE COURT:  Go ahead.

12            MR. BALLASES:  Judge, it's not on the docket.

13            MR. NGUYEN:  Yeah, it's not.  Well -- oh, okay.

14  Okay.  Judge, I'm informed that it was filed today.  I had

15  tried to file it myself, and obviously, I couldn't get on the

16  system.  I'm informed that it was filed downstairs in the

17  district clerk's office, that they say they were backed up.  So

18  I'm guessing it's still being processing, Judge.

19            THE COURT:  Yes, sir.

20            MR. BALLASES:  So, Judge --

21            THE COURT:  Can you stand in front of the microphone

22  so we can -- and state your name again and who you represent,

23  please.

24            MR. BALLASES:  Sure.  Michael Ballases.  I represent

25  the plaintiffs in the matter before Judge Norman, the adversary

1   proceeding, as John Quinlan, Omar Khawaja, and Osma Abdullatif.

2        So as the Court can see from the record, this hearing

3   has been set since mid-October, since October 22nd, I think, if

4   not earlier.  For Mr. Choudhri to come now on the -- you know,

5   less than 30 minutes before and say, well, I've hired a new

6   counsel, despite the fact that I've had two months to do this,

7   is part and parcel for what his scheme of delaying everything

8   is.  That's what he does repeatedly.  He's done in front of

9   Judge Norman in that case, and he's done in virtually every

10   other piece of litigation he's been involved in.

11        Beyond that, there was a deadline set to file witness

12   and exhibit lists of last week.  So whatever they filed this

13   morning is late, and I would request that it's struck.  And I'm

14   not going to take them at their word that they did file

15   something this morning.  But irrespective of that, even if they

16   did, it's late.

17        And so they don't have the ability to put on any

18   evidence, any exhibits, any witnesses, and proceed today.  So I

19   would request that you would deny any request for a

20   continuance, you would deny this frivolous motion.  And if you

21   want to hear argument as to why it should be denied, I'm happy

22   to make that argument myself.

23        But to not allow this to be delayed any further,

24   because that is the goal of Mr. Choudhri and his team today,

25   and that is to delay.  And by allowing it to be continued,

```
 1   you're giving him his goal.
 2              MR. NGUYEN:  May I address the Court on that, Judge?
 3              THE COURT:  One moment.
 4              So on October 22nd, I issued -- this case was
 5   randomly assigned to me to hear.  And I issued an order October
 6   22nd, setting this for an evidentiary hearing for today.
 7              All right.  So everybody's here and ready to go.  So
 8   the motion's denied.  We're going to have this hearing.
 9              MR. NGUYEN:  Judge, Mr. Choudhri would like to
10   address the Court.  I would ask for permission that the Court
11   would hear what he has to say.  I don't know what he has to
12   say, Judge.  But he's asked me --
13              THE COURT:  He'll have his opportunity when we have
14   our hearing.  We're going to have our hearing.  So please have
15   a seat.
16              MR. CHOUDHRI:  Just as a pro se, Your Honor, I would
17   like to --
18              THE COURT:  You're represented by counsel.  So --
19              MR. CHOUDHRI:  I'm just in the process --
20              THE COURT:  -- have a seat, please.
21              Okay.  We're going to go back and pick up a
22   hearing --
23         (Other matters heard from 3:57 p.m. to 6:13 p.m.)
24              THE COURT:  --23-3141, John Quinlan.  Do we have any
25   announcements in this matter?
```

1            MR. BALLASES:  No, Judge, not to my knowledge.  I

2  mean, it's their motion, they're the movant.

3            THE COURT:  Where are they?

4            MR. BALLASES:  We think it was brought in bad faith.

5  And --

6            THE COURT:  Before we broke, they wanted to withdraw

7  it.

8            THE BAILIFF:  Your Honor, the other position is not

9  here.  Should I go find them?

10           THE COURT:  Let's see if we can find them in the

11 hall.

12           MR. BALLASES:  Okay.

13      (Pause)

14           THE COURT:  Mr. Nguyen?

15           MR. NGUYEN:  Yes, sir.  Judge, I've talked to my

16 client about it.  To make a long story short, he'd like to

17 proceed pro se on this motion.  I've discussed with him about

18 the various aspects of proceeding pro se on it.  He has

19 officially terminated my representation on this matter and

20 basically eliminated the scope of my work in this case.  So

21 he's asked to proceed pro se on this case.  And --

22           THE COURT:  All right.  You all may be seated then.

23 Thank you.

24           MR. NGUYEN:  Judge, if his assistant can sit at the

25 table and assist him with some documents, please.

```
 1              THE COURT:  I'm sorry?

 2              MR. NGUYEN:  If his assistant can sit at the table

 3   and assist him with some documents.

 4              THE COURT:  Is she an attorney?

 5              MR. NGUYEN:  She is not, Judge.

 6              MR. CHOUDHRI:  No.

 7              MR. NGUYEN:  She's with the --

 8              THE COURT:  This is only -- the bar is only for

 9   lawyers.  So she can sit behind the bar and she can assist him

10   from there.  Not a problem.

11        (Other matters heard from 6:16 p.m. to 6:51 p.m.)

12              THE COURT:  All right.  Let's take up 23-3141 with my

13   apologies to all the parties present for keeping everybody here

14   so late, but we're ready to proceed on this matter, John

15   Quinlan.

16              Mr. Choudhri?  I just called the case, Mr. Choudhri,

17   and, again, you were out in the hallway when I extended my

18   apologies to everybody here, keeping you so late.  And I'm so

19   sorry that we had to do this.  But we're here now, so let's go

20   ahead and hear this case.  Let me -- you're going to represent

21   yourself?

22              MR. CHOUDHRI:  Yes, Your Honor.

23              THE COURT:  Raise your right hand to be sworn.

24                   ALI CHOUDHRI, DEFENDANT, SWORN

25              THE COURT:  Please state your name.
```

```
 1                    MR. CHOUDHRI:  Ali Choudhri.

 2                    THE COURT:  Okay.  Let's take other appearances in

 3   this matter.

 4                    MR. BALLASES:  Michael Ballases and Steve Lehy for

 5   the --

 6                    THE COURT:  Microphone, please, so we can hear.

 7                    MR. BALLASES:  Michael Ballases and Steve Lehy for

 8   the plaintiffs in the adversary proceeding, John Quinlan, Omar

 9   Khawaja, and Osama Abdullatif.

10                    THE COURT:  Thank you.

11                    Yes, sir?  Mr. Lehy?

12                    MR. LEHY:  I'm sorry, Your Honor.

13                    THE COURT:  Microphone, please.

14                    MR. LEHY:  Steve Lehy on behalf --

15                    THE COURT:  Microphone, please.

16                    MR. LEHY:  -- of the plaintiffs.  Steve Lehy on

17   behalf of the plaintiffs.

18                    THE COURT:  So we have an ERO in McAllen recording.

19   And if you're not speaking into a microphone, she cannot hear

20   you.  And if she can't hear you, there is nothing on the record

21   that you say.

22                    MR. LEHY:  I'm sorry, Your Honor.  I'm sorry, Your

23   Honor.

24                    THE COURT:  I just wanted to make sure everybody

25   understands that.  That's why I'm so insistent on a microphone.
```

1  I want a good record.

2          All right.  Mr. Choudhri, this is your motion

3  docketed at Number 245 that was assigned to this Court.

4          MR. CHOUDHRI:  Thank you, Your Honor.

5          Your Honor, I want to bring to your attention that

6  there's been some recent development as last week.  So two

7  things, Your Honor, I just want to clarify.  One of the things,

8  Your Honor, I had heard from Mr. Ballases that this motion is

9  for purposes of delay or to slow down the case that the motion

10  for recusal was filed in, Your Honor.

11          That case by Judge Norman is still going forward.

12  Judge Norman has entered an order today.  There was a hearing

13  last week.  So there's been nothing that has stopped since the

14  recusal was filed, Your Honor.  I just wanted to state that.

15  So there has not been any intent to delay.

16          However, Your Honor, based on recent discovery and

17  mainly of extra judicial conduct going outside the record in

18  which I can demonstrate, Your Honor, I have some evidence and

19  I've learned of new evidence recently, Your Honor, I felt

20  because my mom is a --

21          MR. LEHY:  Objection, Your Honor.  I'd like for him

22  to proceed --

23          THE COURT:  Microphone, please.

24          MR. LEHY:  I'd like for him to proceed in question

25  and answer format.  He's just standing up here chatting.

```
 1              THE COURT:  This is just opening remarks.  Okay.
 2   We're not going to get into evidence yet.  We're just hearing
 3   opening remarks.  If you have witnesses you wish to call or
 4   evidence you wish to present, then we can get into that.
 5              MR. CHOUDHRI:  Yes, Your Honor.  I'm just giving you
 6   an opening right now, Your Honor.
 7              THE COURT:  Go ahead.
 8              MR. CHOUDHRI:  And I just was wanting to respond to
 9   some representations that were made to Your Honor about the
10   cases not going forward in Judge Norman's court.  That's not
11   the case.  The case is going, it's been going forward --
12              AUTOMATED VOICE:  Our system will end this conference
13   in five minutes.
14              THE COURT:  One moment, please.
15              AUTOMATED VOICE:  To extend this call for one hour,
16   please enter the moderator PIN now.  Your conference has been
17   extended for 60 minutes.
18              THE COURT:  Go ahead, sir.
19              MR. CHOUDHRI:  Thank you.  So Your Honor, there's
20   been some recent material developments recently, and that is
21   one of the primary reasons, Your Honor, that I wanted to
22   continue the hearing or withdraw the motion, so I could have
23   the recent developments that have taken place with going
24   outside the record by Judge Norman that have come to my
25   attention.
```

1 And there's some more that I'm just learning of, and

2 so it is something I wanted to save the Court's time and

3 actually have counsel so I could do it.

4 THE COURT:  You just fired your counsel.

5 MR. CHOUDHRI:  Your Honor, I was given the choice

6 that Your Honor was going to only consider my withdrawal if it

7 was with prejudice.  And so I just did not want -- and I would

8 agree --

9 THE COURT:  The reason I said that was because

10 everybody's here for the hearing.  This is your hearing that

11 was set by this Court two months ago.  You've had plenty of

12 opportunity to gather your evidence, gather your witnesses, and

13 get prepared for today's hearing.  Have you not?

14 MR. CHOUDHRI:  No, Your Honor.  There's been new

15 development.  But you're right that this motion was filed, when

16 it was filed.  There's no doubt.  You're 100 percent accurate

17 in what you said.  The only thing I would add, Your Honor, is

18 there has been recent development, which is why we wanted to

19 get a short continuance or pass the hearing and withdraw the

20 motion, and then -- but without prejudice, Your Honor.

21 Because -- but if Your Honor insists that and if my

22 choices withdraw with prejudice --

23 THE COURT:  Well, how does this supposedly alleged

24 new evidence change anything or any of your arguments that you

25 raised in your motion to recuse to begin with?

 1              MR. CHOUDHRI:  There's been new acts, Your Honor --

 2              THE COURT:  Sir, you're saying your motion that you

 3    filed in and of itself is not enough to recuse Judge Norman?

 4              MR. CHOUDHRI:  No, Your Honor.  I'm not saying that.

 5              THE COURT:  Well, then why can't you go forward on

 6    that?

 7              MR. CHOUDHRI:  If Your Honor would like me to, I

 8    will.

 9              THE COURT:  I'm asking you the question.  You're the

10    one that asked for the hearing.

11              MR. CHOUDHRI:  Yes, sir.

12              THE COURT:  You got the hearing.

13              MR. CHOUDHRI:  Yes, sir.

14              THE COURT:  I gave you the hearing.  We're here.

15    Right?  This is what you asked for.  You come into my

16    courtroom.  Everybody's here ready to go.  And now you're

17    saying you don't want to do it.  King's X, I'll do it over

18    again some other time --

19              MR. CHOUDHRI:  No, sir.

20              THE COURT:  -- when you're ready.

21              MR. CHOUDHRI:  That's not the intention, Your Honor.

22              THE COURT:  So you're telling me you filed a motion

23    to recuse.  You're ready to go forward on it.  You're ready to

24    recuse Judge Norman.  I'm ready to hear it.  And now you're

25    telling me that's not good enough.  There's something else you

1   want to do?  Some other evidence?  And you want to disregard

2   the motions you filed, and this Court has taken time and these

3   parties have taken time to be here on and file something

4   differently and take another shot because you didn't like what

5   you heard today?  What is it, Mr. Choudhri?

6          MR. CHOUDHRI:  No, Your Honor.  It's not about what I

7   heard.  I haven't heard any -- I just -- I'm here because I'm

8   asking to withdraw the motion so I could bring to the Court's

9   attention the more recent developments that have taken place

10  and have counsel to help --

11         THE COURT:  So what is it in the current motion that

12  is insufficient?

13         MR. CHOUDHRI:  Well, Your Honor, there's things that

14  have happened since then, since the motion was filed.  For

15  example, Your Honor, one of the things, and I can tell you, is

16  Judge Norman -- well, one of the things, Your Honor, my mom is

17  75 years old.  She's a widow.  And the whole history here, real

18  quick, Your Honor, is I believe I've been in front of you

19  before, Your Honor, if I'm not mistaken, on a matter related to

20  George Lee over a lien that --

21         THE COURT:  I remember that case.  But that's, like,

22  2018 or --

23         MR. CHOUDHRI:  Correct.

24         THE COURT:  -- it's a very old case.

25         MR. CHOUDHRI:  You're right.  You're right.

```
 1              THE COURT:  If my memory serves right, that was some
 2    kind of an office building, and lawyers well represented both
 3    sides in that case.
 4              MR. CHOUDHRI:  Right.  And I have no qualms with
 5    that.  I was just giving you a little background of --
 6              THE COURT:  Right.
 7              MR. CHOUDHRI:  -- kind of, Your Honor.  So in 2012,
 8    my father passed away.  I was divorced.  And Osama Abdullatif,
 9    this gentleman who's in the room here, and Omar Khawaja, I
10    ended up in litigation with them.  Within a week of losing my
11    dad, Osama Abdullatif came in my office with literally over a
12    dozen people.  And I have evidence.  I have his own test --
13              MR. BALLASES:  I'm going to object.  I'm going to
14    object on the relevance of this, first of all.
15              THE COURT:  I understand.  This is just opening
16    argument.  Just let me hear him out.  Thank you.
17              MR. CHOUDHRI:  So Your Honor, what I've been living
18    and dealing with is asymmetric warfare and sponsored
19    litigation.  And --
20              THE COURT:  That doesn't explain why you don't want
21    to go forward on your hearing today.
22              MR. CHOUDHRI:  Your Honor, last week, one of the
23    examples I can give you, there's many, but one of the examples
24    is last week, one of my company's general companies -- well,
25    let me back up.  So my mom ended up having a severe infection,
```

1   and she ended up in the ER.  And she had given her deposition.

2   She was sued in this case as an alter ego.  They've accused my

3   mom.

4           The reason I was giving you the little background,

5   Your Honor, because it's going to make sense maybe a little

6   better than I'm trying my best, Osama Abdullatif and Omar

7   Khawaja recruited my ex-wife to file a divorce action in 2015

8   and sued 34 companies, including my mom, all my lenders --

9           THE COURT:  What does that have to do --

10          MR. CHOUDHRI:  -- all my entities --

11          THE COURT:  -- with today's hearing?

12          MR. CHOUDHRI:  Your Honor --

13          THE COURT:  This is about recusal of a federal

14  sitting judge.

15          MR. CHOUDHRI:  Yes, sir.

16          THE COURT:  All right?  And as chief judge, I'm

17  tasked with the duty to understand whether or not he should be

18  recused in a case, not about all this satellite litigation that

19  you've been dealing with.  I'm just not following why you're

20  making these opening statements here today.

21          MR. CHOUDHRI:  So, Your Honor, what Judge Norman has

22  done is he has become an advocate, an independent investigator

23  outside the record.  Whatever's in the record, he's gone

24  outside the record.  And he's done that since the motion was

25  filed as well, and I need to bring that to the Court's

1   attention.

2           And that's happened as late as, Your Honor, for one

3   example, is that Judge -- as of just Friday -- or I'm sorry,

4   just last week, Your Honor, and I have the order here, I've

5   been alleged, the allegations are, by Osama Abdullatif and Omar

6   Khawaja, that Ali Choudhri and all of his entities, including

7   his mother, is an alter ego.  And my mom gave her deposition

8   for several hours.  Mr. Ballases asked Judge Norman to make her

9   retake her deposition because they got bank records that they

10  alleged they got.  We verified there wasn't a subpoena for

11  these bank records.  They wouldn't tell us where they got them

12  from.  There wasn't a business record affidavit.  And her

13  lawyer -- please let me just finish.

14          MR. BALLASES:  Judge, none of this is relevant, nor

15  does that have anything to do --

16          THE COURT:  I'm -- okay, I'm not -- we can't hear you

17  on the record because you're not speaking in the microphone.

18          MR. BALLASES:  None of this is relevant, Judge, nor

19  is it an accurate depiction of what's happened.

20          THE COURT:  Thank you.

21          MR. CHOUDHRI:  Your Honor, and her attorney

22  instructed her not to answer a couple of questions relating to

23  the bank records that they couldn't determine where they got

24  them from.  And she went to the bank, verified they never got a

25  subpoena.  They misrepresent.  This has been the past pattern,

1    asymmetric warfare.

2            And now, Your Honor, they have -- they're weaponizing

3    the situation with Judge Norman.  And I can elaborate if you

4    just allow me to explain a little bit.

5            THE COURT:  So what is it that -- what is it that you

6    need?

7            MR. CHOUDHRI:  Your Honor, I believe that Judge

8    Norman should be disqualified.

9            THE COURT:  No, no, no, no.  I'm ask -- you're asking

10   me for --

11           MR. CHOUDHRI:  A short, very short --

12           THE COURT:  A short recess.

13           MR. CHOUDHRI:  -- continuance.  Yes, sir.

14           THE COURT:  Okay.  What do -- tell me what you need

15   and why you need that.

16           MR. CHOUDHRI:  Your Honor, there are additional

17   events that have taken place since this motion was filed.  For

18   example, my mom gave her deposition in this case.  Judge Norman

19   sanctioned her and made her give her deposition again.  And

20   then on a motion they filed on a Friday afternoon, set it for

21   Monday, had us file responses and exhibits by Sunday, and

22   sanctioned her, Your Honor, and not just that, but asked her to

23   retake her deposition, which she was prepared to.

24           She's 75 years old.  She ended up in the hospital.

25   She got very sick.  The ER said, you have a severe infection,

1   you cannot attend the deposition, the second deposition that

2   she was ordered to take.  Her lawyers filed a motion for

3   continuance.  Judge Norman said it wasn't verified.  They

4   attached a verification.  Then they attached the ER letter from

5   the hospital.  Judge Norman struck her pleadings or whatnot and

6   said that regardless of being in the hospital or being with the

7   ER and having a doctor's letter, he made her go and take her

8   deposition regardless, which she ended up --

9          THE COURT:  And so what is it that you want to do,

10  Mr. Choudhri?

11          MR. CHOUDHRI:  Your Honor, I would just ask, there's

12  additional things that have taken place since the recusal was

13  filed, and this is not a delay.  I would just want a short

14  recess so I can be in front of Your Honor with that evidence to

15  substantiate the pattern.

16          One of the things that have just taken place

17  recently, Your Honor, there is no local rule in the Southern

18  District or Western District where a sitting judge can call

19  another judge in a different district and have a case moved to

20  himself and then without notice annul the stay, without notice.

21          Due process violations, Your Honor, I can -- there's

22  a laundry list.  It's substantial.  It's a pattern.  It is --

23  and the amount of bias in the statements that I can share with

24  Your Honor is overwhelming.

25          On June 2nd, I had a stroke, mainly, Your Honor,

```
 1  because of the stress.  They have filed 80 lis pendenses
 2  against all these properties and added all these entities.  Now
 3  they've -- that was through the divorce action, which later,
 4  Your Honor, Justice Gregg Costa was able to win the appeal.

 5          In 2015, they filed a fraudulent divorce action
 6  claiming I'm still married to this woman, with an agreement
 7  with Mr. Osama Abdullatif that he funds the litigation, and
 8  whatever she gets, they split it.

 9          That went on for four years, Your Honor.  All these
10  properties were lis pendensed.  Finally, we went to trial.  The
11  Court found there was no jurisdiction.  I was already divorced
12  as of 2012.  With the sponsored litigation by Osama Abdullatif,
13  they appealed it.  In 2023, Judge Gregg Costa went to the
14  appellate court and argued, and the judgment was affirmed.

15          They've recently now filed a motion to the Supreme
16  Court to try and get an extension for a -- they had an en banc
17  that was denied.  And now what they've done, Your Honor, is
18  they've filed this new lawsuit suing all these entities
19  claiming alter ego and filing lis pendenses.  And Judge Norman
20  has denied a jury.

21          When there is a -- they filed lis pendenses when
22  my -- me or my entities try and file an expungement.  It
23  doesn't get expunged when the other side files something.  It
24  gets -- there's hearings they're having without notice.  The
25  pattern is substantial.  And it's happened since I filed this
```

1    motion to recuse.

2              There's been lots of acts, Your Honor, that have

3    happened.  I can point to Your Honor where Judge Norman

4    recently in a memorandum opinion, Document 870 in Case Number

5    23-34815 on December the 6th, Friday, states in here that he

6    has conferred with the bankruptcy judges of the Western

7    District.  And he confirms that he's conferred with the judges

8    of the Southern District.

9              On June the 2nd, Your Honor, there was a property I

10   have, Briar Hollow, that Osama Abdullatif filed a fraudulent

11   lien claiming that entity -- that property is an alter ego of

12   me.  That property, the entity that owns the property is not a

13   party to a lawsuit.  It's an absolute fraudulent lien.  That

14   entity ended up filing bankruptcy to try and sell the property

15   free and clear of liens because he had filed a fraudulent lien

16   on the property.

17             THE COURT:  So this --

18             MR. CHOUDHRI:  On June --

19             THE COURT:  -- does this have to do with --

20             MR. CHOUDHRI:  Judge Norman.

21             THE COURT:  No, I understand that.  But does this

22   have to do with properties that this Court dealt with?

23             MR. CHOUDHRI:  Yes, Your Honor.  Absolutely.  So

24   in --

25             THE COURT:  Because these properties you're talking

 1    about sound very familiar.  The Briar Hollow property, Jetall

 2    Companies, all of these names you're throwing out are very

 3    familiar.

 4              MR. CHOUDHRI:  Jetall Companies is one of the parties

 5    in this case, Your Honor.  So what Mr. Abdullatif has done in

 6    this case, Omar Khawaja and Osama Abdullatif, is they filed an

 7    alter ego lawsuit against me and all these entities and filed

 8    list pendenses.

 9              And then what they've done, Your Honor, is on June

10    the 2nd -- I'm 44 years old.  I had a stroke.  I was admitted

11    to Methodist Hospital.  And I have the ECF number here with the

12    medical record, Your Honor, I can point out to you.  And my

13    attorney, Reese Baker, for the debtor's attorney and another

14    attorney for one of the entities, that's one of my entities,

15    filed a motion to continue and attached the stroke diagnosis.

16              So on June the 2nd, I had a stroke.  On June the 4th,

17    Judge Isgur was going forward with a foreclosure.  I called in,

18    not on video, but I called in.  And I have the transcript.  I

19    told Judge Isgur, I had a stroke on June the 2nd.

20              On June the 7th, I collapsed.  And the cardiologist

21    said, you're going to die if you keep this up.  You need to

22    take 30 days off.  You've been diagnosed with a stroke.  I have

23    an --

24              THE COURT:  Okay.  Let's --

25              MR. CHOUDHRI:  -- MRI letter with a stroke.

```
 1              THE COURT:  Let's slow it down just a minute.
 2              MR. CHOUDHRI:  All right.
 3              THE COURT:  Slow it down just a minute.
 4              MR. CHOUDHRI:  I have an MRI letter.
 5              THE COURT:  Slow -- okay, slow it down just a minute.
 6              MR. CHOUDHRI:  Sorry.
 7              THE COURT:  Just a minute.  We're getting in way, way
 8   off balance here.
 9              MR. CHOUDHRI:  So what Judge Norman did, Your Honor,
10   is he denied the continuance.  And he says, I didn't do it
11   callously.  I did it because I spoke to Judge Isgur.  And he
12   went and investigated the motion and spoke to --
13              THE COURT:  Okay.  We're not going to get into
14   evidence right now.
15              MR. CHOUDHRI:  Yes, Your Honor.  I just urge, Your
16   Honor, if I can have a short recess so I can add additional
17   events to substantiate so we can have -- and there is no delay.
18   Judge Norman is not stopping.  The hearing that's going -- the
19   case has not been slowed down.  It's not been stopped.  We had
20   a status conference on December the 2nd, Your Honor.  And he's
21   entered orders as of even today.  And there is no delay.
22              I just would like to have this information
23   transparent to Your Honor and the facts come out.
24   Specifically, things that have happened since the recusal
25   motion has been filed.  There's been many, many events that
```

```
 1  have taken place since that recusal was filed.  One of them I
 2  can just represent, Your Honor.
 3            And I have the ECFs here where there's a -- there's a
 4  hearing that he held with an attorney of mine, Carl Cecere, who
 5  handled the Purdue Pharma appeal.  And he's appealing the plan
 6  confirmation that was approved without any votes, confirmed
 7  without a single vote, despite they never moved to -- and the
 8  Bank of Kuwait never moved to estimate claims.
 9            MR. LEHY:  I'm sorry, Your Honor --
10            THE COURT:  Okay.
11            MR. LEHY:  -- but we are way off in the weeds here.
12            THE COURT:  Okay.
13            MR. LEHY:  I don't even have any idea of what case
14  he's talking about now.
15            THE COURT:  I understand.
16            MR. CHOUDHRI:  I can delineate the cases, Your Honor.
17  I can just tell you.  But I would just --
18            MR. LEHY:  That's an absolute objection.
19            MR. CHOUDHRI:  I would just urge, Your Honor, a very
20  short recess.  Don't need any more recesses.  I'm not here to
21  waste your time or anyone's time.  And I apologize, Your Honor,
22  based on this recent event that took place on December the 7th,
23  where Judge Norman told Carl Cecere in a hearing on December
24  the 3rd that he's --
25            THE COURT:  Okay.
```

 1              MR. CHOUDHRI:  -- going to contact --

 2              MR. LEHY:  Same objection.

 3              THE COURT:  All right.  All right.

 4              MR. LEHY:  Same objection.

 5              THE COURT:  All right.  All right.  Hold it right

 6    there.  Okay.  Thank you.  Have a seat.

 7              Let me hear from Mr. Cecere.

 8              MR. BALLASES:  Judge, to almost quote *My Cousin*

 9    *Vinny*, everything that guy just said is baloney.  We filed a

10    response, a supplemental response to his motion to recuse on

11    Friday.  I don't know if you've had an opportunity to look at

12    it, but if you review it, it's replete with instances of

13    representations of fraud, of deceit, of lying, of sanctions.

14    You name it, that guy right there has done it.  And he's done

15    it to courts, and he's done it again and again.

16              You know, we also, in that pleading, I had a line at

17    the very end and says, you know, I don't trust anything he says

18    and everything he says has got to be verified.  Well, nothing

19    he said just then is supported by one shred of evidence that he

20    has submitted.

21              And the reason why is he hasn't submitted any

22    evidence.  There was nothing attached to his motion to recuse

23    because it was a bogus motion to recuse that was made in bad

24    faith with the intent to stop proceedings.  The morning he

25    filed the motion to recuse, we had a hearing before Judge

1    Norman, and he actually got up with his attorney and said,

2    well, Mr. Norman, you can't make this ruling because I filed

3    this motion to recuse.  And so you have to stop the proceedings

4    here.

5            King's X right there.  That's why he filed it, to

6    stop the proceedings.

7            Now, in bankruptcy, you don't have to stop the

8    proceedings, and we haven't.  But he did not attach any

9    evidence to that motion.  Under bankruptcy rule -- Local Rule

10   913-2, you have to file a witness list and an exhibit list

11   within a certain amount of time.  That was last week.  He

12   didn't do it.

13           Why do you think he wants a request for an extension

14   now?  Because he didn't do it.  He doesn't have any evidence to

15   put up, nor should he be allowed to put forth any evidence.  He

16   doesn't have any witnesses to put up, nor should he be allowed

17   to put up witnesses when he hasn't disclosed them in accordance

18   with this Court's rules or let us see anything.

19           The truth of the matter is, and as this Court knows,

20   you cannot recuse a judge because the judge rules against you.

21   You cannot recuse a judge because the judge, who is a fact

22   finder, makes determinations of a lack of credibility and a

23   lack of veracity.  Especially when he talks about this stroke,

24   when there are numerous courts and they're all -- the orders

25   and the memorandums where the courts find that he made up his

1  stroke are all in the supplemental petition.  You got the 14th

2  Court of Appeals.  You got Judge Isgur.  You got Judge Norman.

3          There's repeated references to other fact finders,

4  other judges, not me saying it, not me saying he didn't have a

5  stroke because I'm an advocate.  Fact finders, judges who say,

6  you know what, he said he had a stroke, but then the next day

7  he was cross-examining a witness or he was outside a court or

8  he was filing pleadings.

9          So don't listen to me.  Look at the attachments that

10  have been filed to my supplemental response that was filed

11  Friday.  The truth of the matter is is that this is a pattern

12  and practice of Mr. Choudhri.  He is known for delaying

13  proceedings.  Again, there's evidence attached to my

14  supplemental response showing that.  He is known for not

15  responding to discovery, as he's done in this case.  He's known

16  for filing motions to recuse.  And in state court, it's been

17  very effective for him because in state court, it stays the

18  proceeding.  And so that's what he was hoping to do with Judge

19  Norman, but it's not the same in bankruptcy court.

20          And so this is a pattern and practice where he makes

21  allegations.  There's no evidence of it, but he has the gall to

22  get up before a judge like yourself and say all these things

23  without evidence.  And people are sort of taken aback by it

24  because no one does these things in court but for him.

25          I've never seen anything like it in my 22 years of

1    practice.  It still blows my mind when I read pleadings and see

2    what he alleges when there's absolutely not a shred of evidence

3    to support it.

4           With respect, though, just to his opening statement,

5    so as you know, you cannot recuse a judge because they rule

6    against you.  That's what's happened in this case.  You have to

7    prove it by clear and convincing evidence.  That's the

8    standard.  He has no evidence.  He hasn't filed any with the

9    Court, nor has he even suggested he has any.  He's just told

10   you he promises he has it, and he needs more time, and then

11   he'll get it.

12          But despite the fact it's been two months, he doesn't

13   have one piece of evidence.  He didn't cite a single thing.

14          Beyond that, we cited case law that specifically says

15   that to be able to recuse, you have to have extrajudicial

16   facts.  And so if it's related to a proceeding, then it's

17   absolutely within the judge's purview.  So Judge Norman has

18   multiple cases pending before or involving Jetall and/or Ali

19   Choudhri, so it's all within the course and scope of his job as

20   a judge.  So any statement outside of that is baloney, for lack

21   of a better term.  All of his facts were based upon his time as

22   a judicial -- or as a judge of various matters.

23          Beyond that, again, adverse rulings and findings are

24   not a basis for recusal.  I'd also like to encourage the Court

25   to -- oh, we also cited a case that says that discussions

1   between judges about case are not considered improper.  And

2   here's a quote.  There is nothing improper about Judge North

3   discussing the case with Judge Grabil while he was assigned the

4   case.  Judges frequently do and sometimes must talk to each

5   other.  That's in quotes we cited that case.

6          The other thing I'd really like to focus you on, and

7   we do have evidence and we did attach it to our pleading, is

8   again -- and I've hinted upon them or brushed upon the, is the

9   evidence attached to our supplemental pleading.  Because I

10  would not only say, not only should Your Honor deny this

11  motion, but he should be sanctioned for filing it.

12         I mean, notice he says he fired his counsel.  Well,

13  who's sitting at counsel table?  I guess he's just doing it for

14  free.  Or maybe he didn't fire his counsel.  That was just a

15  ploy to try to get a continuance and his counsel is still here.

16  This is par for the course.

17         But we've attached Exhibit -- ECF 3691 is an order

18  from a state court talking about Choudhri asserting frivolous

19  claims, filing a lawsuit for improper purposes, and sanctioning

20  over $12,000.  Exhibit ECF 692 is another motion for sanctions

21  where it says Choudhri shall pay sanctions to reimburse

22  attorneys' fees for some $11,000.  Exhibit ECF 3693, another

23  order for sanctions saying don't file another affirmative

24  pleading in this particular case.  ECF 3694, here is a judgment

25  where he was sanctioned over a hundred -- excuse me, Jetall was

1    sanctioned more than $121,000 for filing frivolous pleadings.

2            But yet it continues.  Here is a ECF 3695.  This is a

3    rich one.  This is one of Choudhri's former attorneys, Lloyd

4    Kelley, who sued his own client for fraud.  That's something

5    you don't see every day.  You normally don't see attorneys sue

6    their former client for fraud, but that's happened here, and

7    you have that in front of you.

8            ECF 3696, this is one of my favorites.  So this is

9    another final judgment against Jetall, and I'll quote from the

10   order, and you have it in front of you.  Jetall has been

11   sanctioned multiple times in past litigation for engaging in

12   improper and repugnant actions in courts of law.  Jetall

13   brought this lawsuit for an improper purpose, which was to

14   harass and increase the cost of litigation and to cause

15   opposing counsel to personally incur unnecessary expenses so as

16   to dissuade opposing counsel from representing parties adverse

17   to Jetall.  Jetall was sanctioned $90,000 in this order for

18   that, and I think that was actually the highest award in Harris

19   County of sanctions that year.

20           In ECF 3697, here's another final judgment where

21   Jetall -- well, excuse me, one of the -- an entity controlled

22   and owned by Mr. Choudhri, Galleria 2425 Owner, was sanctioned

23   here $63,725 for another bad faith action.

24           Here is another one.  ECF --

25           THE COURT:  All right.  Mr. Ballases, I've heard

 1  enough.

 2          MR. BALLASES:  Okay.

 3          THE COURT:  I don't want to delve too deep into

 4  evidentiary hearing today.  I'm just hearing opening statements

 5  and why I shouldn't grant him a continuance.  That's all I want

 6  to deal with right now.

 7          MR. BALLASES:  Sure.

 8          MR. CHOUDHRI:  May I respond?

 9          THE COURT:  Okay.

10          MR. CHOUDHRI:  May I quickly respond, Your Honor?

11          THE COURT:  No, sir.

12          Mr. Choudhri, you said you needed a brief recess,

13  right?

14          MR. CHOUDHRI:  Short recess, short continuance, Your

15  Honor.

16          THE COURT:  December 20th.

17          MR. CHOUDHRI:  That's acceptable, Your Honor.

18  December 20th.

19          THE COURT:  Okay.  It's going to have to be an

20  electronic hearing.  I'm not going to be able to be here in

21  Houston.  So you're going to have to appear electronically.

22  Everyone will have to.

23          MR. CHOUDHRI:  Your Honor, I have a hearing with

24  Osama Abdullatif in Austin on December 19th.  I'm not sure if

25  that's going to go to the 20th, but I just want to know

```
 1   apprise --

 2             THE COURT:  You just said the 20th was fine.

 3             MR. CHOUDHRI:  Yes, Your Honor, but I have a hearing

 4   on the 19th.  I'm not sure it's going to go over.  In the past,

 5   Judge Robinson hearings have -- sometimes will continue to the

 6   next day and the next day.  I just wanted to apprise your Court

 7   of that, Your Honor.  I'm personally fine with that.  Just with

 8   that caveat, I want to mention that, Your Honor.

 9             THE COURT:  Well, it's either it's going to go or

10   it's not going to -- you're not going to get a continuance.

11             MR. CHOUDHRI:  Okay.

12             THE COURT:  What do you want to do?

13             MR. CHOUDHRI:  I'll take the continuance.

14             THE COURT:  Because I'm not going to sit and wait for

15   you to show up or not.

16             MR. CHOUDHRI:  No, Your Honor.

17             THE COURT:  If you don't show up, I'm going to deny

18   your motion.  Do you understand that?

19             MR. CHOUDHRI:  Yes, Your Honor.  I'll --

20             THE COURT:  You're asking for this continuance.

21   You're here.  You're ready to go.  I'm ready to go.  You're

22   asking for continuance.  So if you can't be here on the 20th,

23   you're going to lose your motion.  Do you understand that?

24             MR. CHOUDHRI:  Yes, Your Honor.  That's clear.  I

25   respect that.
```

```
 1                THE COURT:  No excuses.

 2                MR. CHOUDHRI:  No excuses.  Thank you.

 3                THE COURT:  Let's hear it from everybody else.

 4                MR. BALLASES:  Sure.  So just real quick, real quick.

 5     I would request that if he doesn't show up, if the hearing

 6     is -- if the motion to recuse is denied, that we reserve open

 7     our ability to seek sanctions on this because this is bad

 8     faith.

 9                And second, given that they have not filed a witness

10     list or an exhibit list --

11                THE COURT:  I haven't finished my order yet.

12                MR. BALLASES:  Oh, okay.

13                THE COURT:  I just want to make sure everybody's okay

14     with that date.  We're going to start at nine o'clock in the

15     morning, electronically.

16                MR. CHOUDHRI:  Anything else, Your Honor?

17                THE COURT:  Yeah, don't go yet.  I haven't finished.

18     Any conflicts with that time?

19                MR. BALLASES:  We both have a hearing on the 19th,

20     but we'll have someone here.  So we have no conflict.

21                THE COURT:  All right.  Witness and exhibit list need

22     to be filed no later than December 18th and exchanged.

23                MR. CHOUDHRI:  Yes, Your Honor.

24                MR. BALLASES:  Judge, can I object to that?  That

25     time --
```

```
 1              THE COURT:  You can, but I'm going to overrule you.
 2              MR. BALLASES:  Okay.  That --
 3              THE COURT:  Okay.  We're going to have a hearing.
 4  We're going to have a hearing.
 5              MR. CHOUDHRI:  Yes, sir.
 6              THE COURT:  Everybody's supposed to be ready today.
 7  I understand everybody's upset about that.  You're asking for a
 8  one-time short continuance.  It's not unreasonable.  You want
 9  to gather your evidence.  This is your shot.
10              MR. CHOUDHRI:  Yes, Your Honor.  Thank you.
11              THE COURT:  There's not going to be any other second
12  chances.  Do you understand that, Mr. Choudhri?
13              MR. CHOUDHRI:  Yes, sir.
14              THE COURT:  Any questions about my ruling for today?
15              MR. CHOUDHRI:  No, Your Honor.
16              MR. BALLASES:  Judge, I just want to object to giving
17  him an extension.  You're basically granting him leave when he
18  hasn't asked for it, to file a witness list and the exhibit
19  list asking --
20              THE COURT:  I'm granting him that, and I'm granting
21  you that opportunity as well.
22              MR. BALLASES:  Okay.  Thank you, Your Honor.
23              THE COURT:  All right.
24              MR. NGUYEN:  Judge, may I please ask you one matter,
25  Judge?
```

```
1              THE COURT:  You --

2              MR. NGUYEN:  The reason --

3              THE COURT:  Okay.  I can't hear you, and you've been

4    dismissed as counsel for Mr. Choudhri.  So I'm not going to

5    hear any arguments from counsel.

6              All right.  Court's adjourned.  Everyone's excused.

7              THE BAILIFF:  All rise.

8          (Proceedings concluded at 7:26 p.m.)

9                              * * * * *

10

11

12

13

14

15              C E R T I F I C A T I O N

16

17              I, Heidi Jolliff, court-approved transcriber, hereby

18   certify that the foregoing is a correct transcript from the

19   official electronic sound recording of the proceedings in the

20   above-entitled matter.

21

22

23   _____

24   HEIDI JOLLIFF, AAERT NO. 2850    DATE: 12/11/24

25   ACCESS TRANSCRIPTS, LLC
```