```
                    UNITED STATES BANKRUPTCY COURT
                  SOUTHERN DISTRICT OF TEXAS (HOUSTON)

                                       .
IN RE:                                 .  Case No. 22-32998
                                       .  Chapter 7
HOUSTON REAL ESTATE                    .
PROPERTIES LLC,                        .
                                       .
            Debtor.                    .
. . . . . . . . . . . . . . . . . . . .
                                       .  Adv. No. 23-03141
JOHN QUINLAN, et al.,                  .
                                       .
            Plaintiffs,                .
                                       .
v.                                     .
                                       .  515 Rusk Street
JETALL COMPANIES, INC.,                .  Houston, TX 77002
et al.,                                .
                                       .  Monday, December 16, 2024
            Defendants.                .  9:39 a.m.
. . . . . . . . . . . . . . . . . . . .


                  TRANSCRIPT OF SHOW CAUSE HEARING
             BEFORE THE HONORABLE JEFFREY P. NORMAN
            CHIEF UNITED STATES BANKRUPTCY COURT JUDGE




APPEARANCES CONTINUED.

Audio Operator:            Shannon Holden, ECR

Transcription Company:     Access Transcripts, LLC
                           10110 Youngwood Lane
                           Fishers, IN 46048
                           (855) 873-2223
                           www.accesstranscripts.com

     Proceedings recorded by electronic sound recording,
transcript produced by transcription service.
```

ACCESS TRANSCRIPTS, LLC   1-855-USE-ACCESS (873-2223)

```
APPEARANCES (Continued):

For the Plaintiffs:      Hoover Slovacek LLP
                         By:  THOMAS MICHAEL BALLASES, ESQ.
                              STEVE LEYH, ESQ.
                         5051 Westheimer, Suite 1200
                         Houston, TX 77056
                         (713) 977-8686

For Ali Choudhri:        ALI CHOUDHRI (Pro se)
                         2425 West Loop South, Suite 1200
                         Houston, TX 77056

For EAO Global LLC and   Kell C. Mercer, P.C.
M. Nasr & Partners,      By:  KELL C. MERCER, ESQ.
P.C.:                    901 South MoPac Expresssay, Bldg. 1
                         Austin, TX 78746
                         (512) 855-6056
```

1          (Proceedings commence at 9:39 a.m.)
2              THE COURT:  Quinlan v. Jetall Companies, 23-3141.
3    Appearances, please.
4              MR. BALLASES:  Michael Ballases and Steve Leyh for
5    the plaintiffs, John Quinlan, Omar Khawaja, and Osama
6    Abdullatif.
7              THE COURT:  All right.  Is anyone appearing for the
8    parties who were show caused in this case?
9         (Pause)
10             MR. BALLASES:  Doesn't appear so.
11             THE COURT:  Just want to make sure that the record's
12   clear that I'm -- all right.  There's a show cause order
13   entered at Docket Number 377 basically requiring that the
14   plaintiffs in the Jetall involuntary case, Gene McCubbin of EAO
15   Global, LLC d/b/a Pop Labs and M. Nasr & Partners, P.C. appear
16   and show cause why Jetall Companies should not be severed from
17   this cause of action.  There's no appearance from them at this
18   point in time.
19             Mr. Ballases, what's your position on staying the
20   adversary or severing Jetall Companies from the bankruptcy
21   proceeding?
22             MR. BALLASES:  We would not want to sever them out.
23   We would want similar relief to what you just ordered with
24   respect to Shepherd-Huldy or as you ordered as to Jetall's
25   bankruptcy in the Galleria 2425 Owner, LLC lawsuit which is to

1  annul the automatic stay retroactive to the filing date.

2         And the reason for that is multiple.  One, we think
3  it -- the evidence will bear out that this was a frivolous
4  filing.  If we get that far, you'll see Gene McCubbin has
5  appeared in our adversary proceeding as a corporate rep of some
6  of the alter ego defendants, which is interesting, to say the
7  least.

8         And I think it promotes judicial economy; it'll
9  preserve resources.

10        Moreover, I think if you sever out Jetall, as what
11 happened with Texas REIT at the beginning, you're setting a
12 precedent for Mr. Choudhri to start filing bankruptcy on behalf
13 of all the alter ego defendants to sort of parse this out and
14 create a, you know, a litany, a number of different litigation
15 matters, as opposed to having one suit before Your Honor where
16 we discuss all of the alter ego matters and cases in the
17 fraudulent transfer.

18        So my request would be to annul the stay as to our --
19 Jetall's stay as to this particular adversary proceeding,
20 retroactive to the original filing date so we can proceed
21 forward.

22        THE COURT:  All right.  Thank you, sir.

23        Mr. Mercer, you were late appearing in the case, and
24 you're appearing by video in a show cause order, which I really
25 didn't expect.  But do you want to make an appearance in the

1  case?  And I'm not sure what you've heard or have not heard.

2          MR. MERCER:  Thank you, Your Honor.  I was not aware

3  of this hearing until about five minutes ago when one of my

4  clients called me and said that they had gotten a call about

5  this hearing.  And so I have attempted very quickly -- and this

6  is Kell Mercer appearing on behalf of the two petitioning

7  creditors in the Jetall involuntary case.

8          I was trying to get up to speed quickly so that I

9  could make some sort of informed comment on the record, but I,

10 you know, I only learned of this hearing moments ago.  We

11 didn't get notice, from what I can tell from the docket, of the

12 orders, and it wasn't entered in the involuntary case that

13 there was a show cause related to this adversary proceeding.

14         I can only tell you that my two clients -- and I

15 represent the two petitioning creditors -- have invoice-based

16 claims against Jetall, and I'm unaware, at this point, of any

17 reason why it's a bad-faith filing.  And I feel like the

18 appropriate way to have a stay annulment occur in an

19 involuntary case is for there to be a motion set, filed in the

20 involuntary, so that the interested parties can participate

21 meaningfully with notice and an opportunity to prepare and be

22 heard.

23         I understand that a lot of this has been going on for

24 some time.  But it is impossible for me to be fully informed

25 and articulate and intelligent about these matters with, you

1  know, ten minutes' notice.
2          THE COURT:  All right.  So let me ask you the
3  question which shouldn't require very much notice.  So my
4  understanding of Jetall -- and obviously, they've been in front
5  of me an awful lot -- is that you're going to need a third
6  petitioning creditor?
7          MR. MERCER:  I believe that I will have that third
8  petitioning creditor this week.
9          THE COURT:  All right.  So -- and I realize you've
10 issued a summons and the answer date hasn't come.  My thought
11 process is this:  that I -- given what has happened and
12 transpired over a number of cases, is that I basically annul
13 the stay until such time as an order for relief is entered.  So
14 if you can get that third petitioning creditor before me, I
15 have no reason to believe that I can't, basically, move forward
16 on your case, protect the debtor at that point in time.
17         But given what I've seen so far, given the fact that
18 this was filed less than 12 hours before another hearing, you
19 have to admit that there are at least grounds for -- or I guess
20 there's just the suspicion that it's a bad-faith filing, let's
21 say, at this point in time.  And I don't think that, in effect,
22 saying, hey, until an order for relief is entered, there is no
23 automatic stay.  As soon as the order for relief is entered,
24 then you get the full protection of the stay.
25         MR. MERCER:  Your Honor, my comment to that would be

1  that I don't have a serious opposition to what you're
2  suggesting, so long as it is limited to this proceeding.  I
3  understand that you've entered another order as to the other
4  bankruptcy case, and I don't have a problem with a similar
5  order being entered as to this matter that you're holding the
6  show cause hearing in this morning.  But I wouldn't want an
7  annulment or a ruling that no stay applies across the board
8  until such time as an order for relief is entered because I
9  don't think cause exists for that.
10           But as to this proceeding, I have no objection and
11  understand that that's the Court's approach to annul the stay
12  as it --
13           THE COURT: So let me ask you this question.
14           MR. MERCER:  Yeah.
15           THE COURT:  What is -- I mean, I don't expect -- my
16  expectation is that Jetall will not be real happy about being
17  in an involuntary, especially given the fact that that
18  involuntary could potentially -- if I enter an order for
19  relief, potentially be converted to a Chapter 7, all right,
20  which would raise all sorts of issues for Jetall.
21           What's the prejudice to your clients, your two
22  clients if I say no stay until such time as the order for
23  relief is entered?
24           MR. MERCER:  I guess my response to that on very
25  quick notice is the Bankruptcy Code sets up the automatic stay

1  being in existence upon the filing of an involuntary petition.
2  And of course, the Bankruptcy Code allows annulment or
3  modification of the stay for cause shown on notice and hearing,
4  but I'm not sure I understand why we would have a blanket
5  annulment or a blanket ruling that no stay applies,
6  notwithstanding what the Bankruptcy Code says.
7              THE COURT:  Well, and I guess my response to that is
8  I have said at least on numerous -- at least on one occasion,
9  perhaps on two or three occasions -- I think Jetall is, at
10 times, a vexatious litigant.  And this appears at least on, you
11 know, a 360-degree overview, perhaps to be a continuation of
12 that vexation [sic] litigation, and I think that there's cause
13 for doing what I'm thinking about doing.  And my issue for you
14 is what's the prejudice to you?  Given what I know about Jetall
15 and all the litigation it's involved in, what's the prejudice
16 to your clients?
17             MR. MERCER:  Simply, Your Honor, I don't represent
18 Jetall.  I represent two creditors that are --
19             THE COURT:  I know.  So what's the prejudice to --
20             MR. MERCER:  -- owed money by Jetall.  Let --
21             THE COURT:  -- your clients.  That's what I'm asking.
22 I'm asking about your clients.
23             MR. MERCER:  I am concerned.  And the reason -- and
24 Your Honor, I've been practicing bankruptcy law for about 28
25 years and have been handling involuntary cases for much of

1   that.  I understand the rules and Bankruptcy Code as it applies
2   to involuntary cases, and I do not represent Jetall.
3           Jetall may be a vexatious litigant.  In fact, my
4   clients are owed money by Jetall and want to see that no one
5   that is suing Jetall gets an unfair advantage over my unsecured
6   clients.  And that is the protection that they are afforded
7   under the Bankruptcy Code, that when an involuntary is filed --
8   because Jetall is not paying my clients as and when they are
9   due, and I believe Jetall is insolvent and will be shown to be
10  insolvent and that they are appropriately in either a Chapter
11  11 or a Chapter 7.
12          My clients aren't the bad guys.  My clients are
13  creditors of what is described as a vexatious litigant.  This
14  is not litigation filed by Jetall.
15          THE COURT:  And again, I'm looking for what is the
16  prejudice to your clients, because you've basically not
17  answered my question.
18          MR. MERCER:  Okay.  Let me try again.  The prejudice
19  is that other creditors would have an advantage, and the stay
20  is designed to level the playing field so that all creditors
21  can be treated ratably and according to their claim hierarchy
22  under the Bankruptcy Code.  That's the prejudice, that that
23  would be undone without due process, notice, or cause.
24          THE COURT:  At least as far as the litigation I have
25  in front of you, that will all post-date any sort of order for

1  relief being entered, more than likely.  All right.  But I'll
2  take your arguments under advisement.  I appreciate you
3  appearing today.
4            I will note for the record, though, that it does
5  appear that you probably didn't get proper notice, and I'm
6  somewhat troubled by that, as well.
7            MR. MERCER:  Thank you, Your Honor.  May I just say
8  one more thing?
9            THE COURT:  Sure.
10           MR. MERCER:  I literally have no problem with you
11 annulling the stay as it relates to this adversary proceeding
12 in which we are here today.  I just would really plea to the
13 Court that you not expand the relief that you're contemplating
14 beyond the adversary --
15           THE COURT:  Well --
16           MR. MERCER:  -- and that which you've already
17 granted.
18           THE COURT:  -- let me do this, then.  Let's assume
19 that I do it.  I will be happy to entertain some sort of motion
20 from you once you have that third creditor and you can make
21 some sort of cognizant argument as to why the stay should
22 basically be reapplied based on whatever other litigation or
23 claims are pending against Jetall of which I am basically
24 totally unaware.
25           MR. MERCER:  Thank you, Your Honor.  I appreciate the

1   opportunity.

2           THE COURT: All right. I'll take the matter under

3   advisement. You can expect orders later today on both cases.

4           I think, Mr. Ballases, as far as you're concerned,

5   I'm going to basically annul the stay retroactively. It's not

6   going to affect your litigation at all. All right?

7           MR. BALLASES: Thank you, Judge.

8           MR. CHOUDHRI: Your Honor, may I be heard? I'm a pro

9   se in this case, as you know.

10          THE COURT: You can be heard on the adversary

11  proceeding, Mr. Choudhri. Go ahead.

12          MR. CHOUDHRI: So Your Honor, I just wanted to bring

13  up a few things.

14          There's been a lot of gratuitous statements by Your

15  Honor. I think in a memorandum of opinion, you -- on Footer

16  48, you listed a number of various lawsuits including where

17  tenants had filed bankruptcy. And I'm really baffled, Your

18  Honor, by -- in the past, you also said that I lied about

19  having a stroke, and you made those findings.

20          And what I'm really baffled by, Your Honor, is just

21  the lack of due process by you. One is calling another judge

22  in a different district and having a case moved over. I'm not

23  aware --

24          MR. BALLASES: Objection, Your Honor. We've heard

25  this argument at least three different times.

1                THE COURT:  No.  No, I'm going to let Mr. Choudhri
2    make his statement for the record, and then I'll respond to it.
3           Go ahead, sir.
4                MR. CHOUDHRI:  Yes, Your Honor.  What I'm failing to
5    understand, Your Honor, is just the repeated lack of due
6    process and rights so the playing field is level.  And it seems
7    that there's been continuous extrajudicial acts by Your Honor
8    where you're going outside the record.
9                One example would be where you went and found a
10   number of other cases that were never referenced or mentioned
11   in this case.  And you put it in Footer 48.  You also --
12               THE COURT:  So I'm not -- Mr. Choudhri, as I will
13   tell you, I have 3,500 cases.  Your knowledge of what has
14   pended in your cases is probably, as it relates to docket
15   entries, probably better than mine.
16               If you'd like to refer me to a specific document, I'm
17   happy to look at it, but I don't have any independent
18   recollection.  So do you want to refer me to something so you
19   can tell me where I should go look?
20               MR. CHOUDHRI:  Yes, Your Honor.  In the Galleria 2425
21   plan confirmation and memorandum opinion, you stated in the --
22   in that memorandum, on Footer 48, that I have a bad business
23   reputation and I have all these other cases.  And you've made
24   statements, again, about vexatious where there's been no
25   finding or holding of that, or -- there's been no adjudication

```
 1  of that.
 2            Number two, Your Honor, I'm unaware of any rule
 3  that --
 4            THE COURT:  Bear with me for one second.  I'm going
 5  to pull that up and look at it.  Bear with me for one second.
 6            MR. CHOUDHRI:  Sure.  It's Footer 48 on the
 7  memorandum.
 8            THE COURT:  I've got to -- it doesn't -- it's not
 9  that quick.
10            MR. CHOUDHRI:  Yeah, no problem.
11            THE COURT:  Bear with me for one second.
12            MR. BALLASES:  Mr. Choudhri, do you have a copy for
13  us, whatever you're referring to?
14            THE COURT:  I'll project it.
15            MR. BALLASES:  Okay.
16            MR. CHOUDHRI:  While you're doing that, Your Honor,
17  is it okay if I mention something else?
18            THE COURT:  No, because it's --
19            MR. CHOUDHRI:  Just one thing at a time?
20            THE COURT:  I do one thing very well.  I do multiple
21  things very poorly.  So bear with me for one second.
22            MR. CHOUDHRI:  Fair enough.  No problem.  Fair
23  enough.
24       (Pause)
25            THE COURT:  You don't happen to know the docket entry
```

1  of that memorandum opinion, do you?  Because there's over a
2  thousand entries in that case.
3            MR. CHOUDHRI:  It's Document 565, Case Number
4  23-34815.
5            THE COURT:  Bear with me for one second, sir.  That
6  helps, because I was already at 800 going down.  565?
7            MR. CHOUDHRI:  Yes, sir, 565.
8            THE COURT:  So Footnote 48 is the footnote that you
9  complain of?
10           MR. CHOUDHRI:  That's one of them, Your Honor.  And
11 it lists, like, the --
12           THE COURT:  Bear with me for one second.  Let me --
13           MR. CHOUDHRI:  -- Stage Store's bankruptcy filing
14 and --
15           THE COURT:  Let me just look at it real quick.
16           MR. CHOUDHRI:  -- many other cases, and I believe you
17 reference Footnote 48.
18           THE COURT:  So, "The Court additionally stresses the
19 debtor principal has a large litigation history not only in
20 this case but various bankruptcy cases scattered throughout the
21 Southern District of Texas."  Footnote 48 then basically lists
22 all those cases, correct?
23           MR. CHOUDHRI:  Right, Your Honor.
24           THE COURT:  All right, go ahead.
25           MR. CHOUDHRI:  So Your Honor independently goes

1   outside the record and investigates other cases that I have
2   without actually looking at the merits of those cases and
3   without really even understanding my side of it.  You just
4   unilaterally make an assessment of the veracity of any of those
5   other matters.
6           As you can see, a lot of these cases involve
7   Abdullatif.  There's a history that goes back with Abdullatif
8   in the sponsored litigation.
9           Number two, Your Honor, I had requested continuance
10  when I walked in your court, and my counsel had -- with the
11  diagnosis of stroke that I had, I was admitted to Methodist
12  stroke unit.  And Your Honor went outside the record and
13  investigated continuance with Judge Isgur and spoke to him, and
14  based on that conversation and your finding based on your
15  investigation with Judge Isgur -- who is not a medical doctor,
16  nor I think you are, Your Honor, with respect, you're -- as far
17  as I know -- and denied the continuance based on that reason.
18          And now Your Honor has contacted a different
19  district, spoken to other judges in a different district where
20  I'm involved in cases, Your Honor, and without any notice,
21  without any party's motion, you've transferred a case.  I'm not
22  aware of any rules, bankruptcy rules that allow Your Honor to
23  reach out to a different district and move a case over to your
24  court.  And it's very troubling, Your Honor.
25          And then annulling a stay in that matter without any

1  notice or without a hearing or any sort of notice.

2           I tried to investigate if this has ever happened

3  before.  I'm not aware of any, and I'm not aware of any -- and

4  Your Honor, my family's been very tortured and significantly

5  affected.  I feel like you've become an advocate as -- for the

6  other side.

7           And so that's where I'm really troubled with lack of

8  due process.  I'm just not aware of the rules that would allow

9  you to transfer a case from a different district without any

10 party making a motion and without there being any notice.

11          THE COURT:  All right, thank you, sir.  So let me

12 just make these following comments on the record back to you,

13 and then we'll be done for the day.

14          First of all, Mr. Choudhri, I will stand on the

15 record on the various cases that I've heard, both the record

16 and the orders that I've entered.  I think I have the

17 discretion to do what I've done.  I think that I have the

18 discretion to take judicial notice of litigation that's

19 involved in these courts, and I'll stand on the docket.

20          And I'll specifically stand on the paragraph that

21 basically -- it's exactly after Footnote 48, and I'm reading

22 from ECF 565, Page 17.  It says -- and I'll stand on this

23 because I truly believe it -- "This Court has spent

24 considerable time attempting to evaluate the actions and

25 testimony of Ali Choudhri in this case, both as a witness and

1  as a pro se litigant.  The Court, based on this analysis, holds
2  that Choudhri must, at times, believe what he is telling the
3  Court.
4          "Unfortunately, what he has told the Court, often in
5  broad terms, is not supported by rational facts or any
6  documentary evidence.  It additionally often is totally untrue.
7          "The Chapter 11 trustee found that Choudhri's
8  veracity was troubling.  The Court strongly agrees with this
9  assessment.  Based on the testimony of the Chapter 11 trustee,
10 the Court believes that, in part, Choudhri's reputation in the
11 community for a lack of veracity has damaged his ability to
12 conduct business as a real estate developer.  The Court can
13 only look to repeated promises of payment to MBK (phonetic)
14 that were repeatedly broken to make such a holding."
15         Mr. Choudhri, I want to give you every opportunity to
16 prove up your case.  All right?  But you need to do that by
17 evidence and not by argument.  All right?  You can do it in
18 this case.  You can do it in any case that's before me.  But
19 I'm going to call balls and strikes because that is what I am
20 duty-bound to do.
21         I understand you don't like the results of what I've
22 done.  You have the right to appeal, and I encourage you to
23 appeal.  Okay?  I'm not always right.  Okay?  I'm right most of
24 the time, but I'm not always right.  I'm happy to see you
25 appeal any of my rulings, to contest anything that I do in any

1   litigation.

2            But again, when it comes down to calling balls and
3   strikes, I'm going to call it as I see it, all right?  And
4   that's how I saw this particular case.  I may see it
5   differently in a different case, but that's purely based on the
6   evidence that I hear.  All right?

7            Thank you for appearing.

8            MR. CHOUDHRI:  Thank you, Your Honor.

9            THE COURT:  Thank you.

10           MR. CHOUDHRI:  I just want to know about the
11  transcript.  Can you help me understand what rule?

12           THE COURT:  You have lawyers, Mr. Choudhri, and I'll
13  let you deal with them.  I can't give you legal advice.

14           MR. CHOUDHRI:  I'm not asking you for --

15           THE COURT:  I don't want to give you legal advice,
16  okay?  I don't have to give you rationale, either.  It's in my
17  orders.  I stand on the record.

18           MR. CHOUDHRI:  In something else in this order --

19           THE COURT:  Thank you.  We're adjourned,
20  Mr. Choudhri.

21           MR. CHOUDHRI:  Okay.

22           THE COURT:  Thank you.

23        (Proceedings concluded at 10:03 a.m.)

24                        * * * * *

25

**C E R T I F I C A T I O N**

I, Dena Farbman, court-approved transcriber, hereby certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

_____

DENA FARBMAN, AAERT NO. 629    DATE:   12/17/2024

ACCESS TRANSCRIPTS, LLC

ACCESS TRANSCRIPTS, LLC             1-855-USE-ACCESS (873-2223)