**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In Re: | § | Chapter 7 |
| | § | |
| HOUSTON REAL ESTATE PROPERTIES, LLC, | § | Case No. 22-32998 |
| | § | |
| *Debtor.* | § | |
| | § | |
| | § | |
| JOHN QUINLAN, OMAR KHAWAJA, AND OSAMA ABDULLATIF, *et al.*, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | Adversary No. 23-03141 |
| v. | § | |
| | § | |
| HOUSTON REAL ESTATE PROPERTIES, LLC, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

**CYPRESS BRIDGECO, LLC'S EMERGENCY**
**MOTION TO EXPUNGE LIS PENDENS AND EMERGENCY HEARING REQUEST**

---

**Emergency relief has been requested. Relief is requested not later than December 23, 2024.**

**Emergency relief has been requested.  If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer.  If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.**

---

Defendant Cypress BridgeCo, LLC moves the Court to expunge two (2) invalid lis pendens recorded by Plaintiff Osama Abdullatif.

Specifically, Abdullatif previously recorded two *Notices of Lis Pendens* against 2727 Kirby #26L, Houston, Texas 77098 (the "Property") in June and July 2023. Despite this Court's order permitting BridgeCo's foreclosure of the Property [Dkt. 155], and the absence of any direct real property claims involving the Property, Abdullatif has refused to release these lis pendens.

Accordingly, BridgeCo respectfully requests that the Court set an emergency hearing to expunge Abdullatif's invalid lis pendens for the following reasons.

## I.   INTRODUCTION

1.      BridgeCo is the former secured lender on properties previously owned by Defendant Ali Choudhri and other entities affiliated with Mr. Choudhri, including Defendants 2727 Kirby 26L LLC, 9201 Memorial Dr., LLC, and Shepherd Huldy Development I, LLC (the "Choudhri Defendants"). The Choudhri Defendants defaulted, and BridgeCo foreclosed on those properties pursuant to this Court's order in this adversary proceeding. *See* Dkt. 155, Agreed Order Permitting Foreclosure; *see also* Exhibit A, BridgeCo's Substitute Trustee's Deed for the Property. That order permitted BridgeCo's foreclosure and provided that the Court retained jurisdiction over any disputes related to the properties.

2.      Now—months *after* BridgeCo foreclosed on the Property—Abdullatif is refusing to release two *Notices of Lis Pendens* that are interfering with the sale of the property located at 2727 Kirby #26L, Houston, Texas 77098. *See* Exhibit B, June 2023 *Notice of Lis Pendens*, Instrument No. RP-2023-228967; Exhibit C, July 2023 *Notice of Lis Pendens*, Instrument No. RP-2023-286266. [1] The earlier June 2023 Lis Pendens refers to a state court action that was removed to this Court, and the July 2023 Lis Pendens references this adversary proceeding. Both of these actions, though, assert fraud-related claims and no direct real property claims—a requisite for the validity of a lis pendens under the Texas Property Code.

3.      These Lis Pendens should be expunged. There are no pending claims involving the Property. First, Abdullatif nonsuited his claims against BridgeCo [Dkt. 197]. Second, any

---

[1] With this Emergency Motion, BridgeCo is filing two proposed orders—one for each Lis Pendens.

pending claims only assert a collateral interest in the Property for recovery of damages. Third, this Court explicitly permitted BridgeCo's foreclosure of the Property [Dkt. 155]—a foreclosure that occurred in April of this year. *See* Exhibit A. As such, these Lis Pendens are subject to expungement under Section 12.0071(c) of the Texas Property Code.

4.      BridgeCo files this Emergency Motion because, as the Court knows from BridgeCo's other motions (*See* Adversary No. 24-03091 at Dkt. 12, 25, 31), the Property is currently under contract for sale and these Lis Pendens are clouding title. BridgeCo will incur significant interference and harm if these Lis Pendens are not immediately expunged.

5.      BridgeCo accordingly moves the Court to expunge these Lis Pendens and requests an emergency hearing for consideration of the same.

## II.      BACKGROUND

6.      On October 7, 2022, Houston Real Estate Properties, LLC filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code in Case No. 22-32998 (the "Bankruptcy Case") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

7.      Since then, parties have initiated several adversary cases under the Bankruptcy Case, including this adversary proceeding. Specifically, Plaintiffs John Quinlan, Omar Khawaja, and Osama Abdullatif initiated this adversary proceeding (the "Quinlan Adversary") on August 1, 2023, as judgment creditors seeking recovery from the Choudhri Defendants and other affiliated entities under fraud-based claims. *See* Dkt. 1, Original Complaint.

8.      Later that month, Plaintiffs supplemented their Original Complaint to add BridgeCo as a defendant asserting the same fraud-based claims. *See* Dkt. 26, Plaintiffs' First Supplemental Complaint.

9.      The next day, Defendant Ali Choudhri removed a state court action initiated by Abdullatif to this adversary proceeding that included similar claims against the Choudhri Defendants. *See* Dkt. 35, Notice of Removal; *see also* Exhibit D, Plaintiffs' First Amended Petition.

## A. This Court retained jurisdiction over disputes related to the Property and permitted BridgeCo to foreclose on the Property.

10.      The Choudhri Defendants are entities controlled by Choudhri that BridgeCo had loaned money to for the funding of real property interests, including the Property at 2727 Kirby 26L, Houston, Texas 77098. BridgeCo, of course, held a security interest in those properties. And when the Choudhri Defendants defaulted on the loans, BridgeCo moved to exercise its rights to foreclose on the properties.

11.      On March 8, 2024, the Bankruptcy Court entered an Order permitting BridgeCo to "pursue foreclosure, or any other remedy available to them" on the following properties:

   (a)  2503 S. Shepherd Dr., Houston, Texas 77019;
   (b)  2421 S. Shepherd Dr., Houston, Texas 77019;
   (c)  2502 Huldy St., Houston, Texas 77019;
   (d)  2424 Huldy St., Houston, Texas 77019;
   (e)  9201 Memorial Drive, Houston, Texas 77024; and
   (f)  **2727 Kirby 26L, Houston, Texas 77098**.

*See* Dkt. 155, Agreed Order Permitting Foreclosure (emphasis added).

12.      As part of that Order, the Bankruptcy Court provided that it "retains jurisdiction over any disputes related to the Properties and jurisdiction to enforce this Order as needed. . . ."

13.      Pursuant to that order, BridgeCo posted the Properties for foreclosure the following month [Dkt. 155] and foreclosed on the Properties on April 2, 2024. *See* Exhibit A.

14.      Then, on September 16, 2024, Plaintiffs filed a Notice of Voluntary Dismissal, dismissing all of their claims against BridgeCo. *See* Dkt. 197, Plaintiffs' Notice of Voluntary

Dismissal (Nonsuit Without Prejudice) as to only Cypress BridgeCo, LLC and Magnolia BridgeCo, LLC.

**B. Abdullatif refuses to release the Lis Pendens blocking the sale of the Property.**

15.     Despite the Court Order [Dkt. 155] and no live, direct real property claims pending involving the Property, Abdullatif has not released the Lis Pendens against the Property he currently holds. Counsel for BridgeCo has conferred several times over the past couple months with Counsel for Abdullatif regarding the need to record those releases. Abdullatif has yet to do so.

16.     Because the Lis Pendens are obstructing and interfering with the sale of the Property, BridgeCo is now forced to seek the expungement of those Lis Pendens from this Court. BridgeCo will incur significant interference and harm if the Lis Pendens are not immediately expunged.

17.     This Court can properly expunge the Lis Pendens: (1) the Court has "retained jurisdiction over any disputes related to the Properties and jurisdiction to enforce [its] Order," and (2) 11 U.S.C. § 105 allows the Court to "issue any order, process, or judgment that is necessary or appropriate . . . to enforce or implement court orders or rules, or to prevent an abuse of process." *See* § 105; *see also* Dkt. 155.

18.     Accordingly, BridgeCo respectfully moves the Court to expunge the Lis Pendens.

### III.     ARGUMENT & AUTHORITIES

19.     A notice of lis pendens filed in Texas is governed by the Texas Property Code. TEX. PROP. CODE § 12.0071, *et. seq*. The Texas Property Code provides that a party to an action in connection with which a notice of lis pendens has been filed may "(1) apply to the court to expunge

the notice; and (2) file evidence, including declarations, with the motion to expunge the notice."

TEX. PROP. CODE § 12.0071(b)**.**

20.     "A notice of lis pendens may only be filed during the pendency of an action

involving (1) title to real property, (2) the establishment of an interest in real property, or (3) the

enforcement of an encumbrance against real property." *In re Briar Bldg. Houston LLC*, 609 B.R.

589, 597 (Bankr. S.D. Tex. 2019) (citing to TEX. PROP. CODE 12.007(a). "In other words, a nexus

must exist between the underlying suit and the Property in question." *In re Briar Bldg. Houston*

*LLC*, 609 B.R. 589 at 598.

21.     And "the suit on which the lis pendens is based **must claim a direct interest in**

**real property** rather than a collateral interest." *In re Jackson*, No. 14-23-00753-CV, 2024 WL

1102888, at *3 (Tex. App.—Houston [14th Dist.] Mar. 14, 2024, no pet.) (emphasis added). "If

the suit seeks a property interest only to secure the recovery of damages or other relief that the

plaintiff may be awarded, the interest is merely collateral and will not support a lis pendens." *In*

*re Jackson*, 2024 WL 1102888 at *3. Texas's Fourteenth Court of Appeals in Houston has clarified

this precept:

> "[T]he plaintiff's suit did 'not seek recovery to the title to relator's property
> nor to establish an interest in the [property] except as security for the
> recovery of ... damages ... on his fraud allegation and only to the extent he
> [could] trace the proceeds' used to purchase of the property. Therefore, our
> court held that the plaintiff's claim was '**essentially a prayer for a**
> **judgment lien, affects the property only collaterally, and does not come**
> **within the provisions of § 12.007**.'"

*Id.* (quoting *Moss v. Tennant*, 722 S.W.2d 762, 762-63 (Tex. App.—Houston [14th Dist.] 1986,

orig. proceeding) (emphasis added) (internal quotation marks omitted)).

22.     Here, the Lis Pendens should be expunged because there are no pending direct claims involving the Property, and "no nexus [] exist[s] between the underlying suit and the Property in question." *In re Briar Bldg. Houston LLC*, 609 B.R. at 598.

23.     Plaintiffs John Quinlan, Omar Khawaja, and Osama Abdullatif (the recorder of the Lis Pendens) voluntarily nonsuited their claims against BridgeCo more than three months ago. *See* Dkt. 197. Regardless, there are no direct real property claims involving the Property—only claims seeking recovery of damages that merely involve the Property as a *collateral* interest. This is insufficient to survive expungement under Section 12.0071 of the Texas Property Code. *See* TEX. PROP. CODE § 12.0071(c).

24.     Accordingly, BridgeCo respectfully requests that the Court expunge the invalid Lis Pendens.

## IV.     CONCLUSION

For the reasons stated above, BridgeCo respectfully requests that the Court grant this Emergency Motion to Expunge the Lis Pendens recorded by Plaintiff Osama Abdullatif. The Lis Pendens are obstructing BridgeCo's sale of the Property, and its expungement is necessary to prevent further harm to BridgeCo's business operations. BridgeCo also requests an emergency hearing for the expungement to prevent additional interference with the pending sale. Accordingly, BridgeCo prays that the Court expunge these Lis Pendens and grant all other appropriate relief, including BridgeCo's attorneys fees and costs.

Dated: December 20, 2024,                    MCDOWELL HETHERINGTON LLP

                                             By: _____
                                             Robert P. Debelak III
                                             Texas Bar No. 24078410
                                             Justin R. Huber
                                             Texas Bar No. 24132916
                                             1001 Fannin Street, Suite 2400

Houston, TX 77002
P: 713-337-5580
F: 713-337-8850
E:  bobby.debelak@mhllp.com
      justin.huber@mhllp.com
*Counsel for Cypress BridgeCo, LLC*

## CERTIFICATE OF ACCURACY

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

Justin R. Huber

## CERTIFICATE OF CONFERENCE

I certify that I have conferred with counsel for Plaintiff Osama Abdullatif via phone and email regarding the invalid lis pendens recorded against the Property and the emergency nature of the release or expungement of the same. At the date and time of filing this Motion, Abdullatif has not recorded a release of the Lis Pendens.

*/s/ Robert P. Debelak III*
Robert P. Debelak III

## CERTIFICATE OF SERVICE

I certify that, on the date set forth above, I cause a copy of the foregoing motion to be served via the Electronic Case Filing System in accordance with the Federal Rules of Bankruptcy Procedure.

Justin R. Huber