IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| *In re:* | § | |
| | § | |
| **HOUSTON REAL ESTATE PROPERTIES, LLC** | § | Case No. 22-32998 |
| | § | (Chapter 7) |
| *Debtor*, | § | |
| | § | |
| **JOHN QUINLAN, OMAR KHAWAJA, AND OSAMA ABDULLATIF,** | § | |
| | § | |
| *Plaintiffs*, | § | Adversary No. 23-03141 |
| | § | |
| v. | § | |
| | § | |
| **HOUSTON REAL ESTATE PROPERTIES, LLC, et al.,** | § | |
| | § | |
| *Respondents*. | § | |

### ALI CHOUDHRI, JETALL COMPANIES, INC., AND SHAHNAZ CHOUDHRI'S EMERGENCY MOTION FOR REMAND

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY(S).**

COMES NOW, Ali Choudhri, Jetall Companies, Inc., and Shahnaz Choudhri ("Movants") and file this Emergency Motion for Remand (the "Motion") seeking to remand a state court action[1] back to the Harris County District Court pursuant to 28 U.S.C. § 1452(b) and would respectfully show as follows:

---

[1] *Ali Choudhri, Shahnaz Choudhri, and Jetall Companies, Inc. v. Osama Abdullatiff and Abdullatif & Company, LLC;* Cause No. 2024-83320 in the 55th Judicial District Court for Harris County, Texas (the "State Action").

1

# I.
# BACKGROUND

1. On July 15, 2013, Osama Abdullatif and Abdullatif & Company, LLC filed suit against Ali Choudhri by way of their Original Petition in a case styled, *Osama Abdullatif and Abdullatif & Company, LLC v. Ali Choudhri and Houston Real Estate Properties, LLC*; Cause No. 2013-41273, in the 334th Judicial District Court of Harris County, Texas ("the Original Lawsuit"). The Original Lawsuit was subsequently transferred to the 55th Judicial District Court of Harris County Texas.

2. On November 21, 2022, a Final Judgment (the "Judgment") was signed in the Original Lawsuit against Ali Choudhri and Jetall Companies, Inc., among other defendants. The Judgment is currently pending on appeal before the First Court of Appeals in Houston, Texas.

3. On February 23, 2023, the final Judgment was superseded by cash deposit, made by Ali Chaudhri, of the required judgment amount in lieu of a bond. The Court entered an order dated February 27, 2023, which stated that the cash deposit of the required amount will "supersede the Judgment pursuant to Rule 24.1(c) of the Texas Rules of Appellate Procedure." Attached hereto as Exhibit A.

4. The cash deposit effectively stayed all enforcement actions related to the Judgment. However, defendants in the State Action continue to pursue collection of the superseded judgment.

5. Defendants attempted, on multiple occasions, to improperly obtain discovery in the Original Lawsuit after the Judgment was superseded. Each time, the Court determined that the discovery requests were improper as the basis for discovery requests became moot as a result of the Judgment being superseded. Thereafter, Defendants unlawfully used the Judgment as the basis for their adversary claim in attempt to collect monies from the Plaintiffs through misplaced allegations of alter ego and filed a proof of claim that never disclosed the fact that the Judgment is

superseded.

6. On or about November 26, 2024, Movants filed the State Action seeking a temporary and permanent injunction to prevent Osama Abdullatif and Abdullatif & Company, LLC from unjustly and improperly attempting to collect, execute or enforce the Judgment that has been superseded by cash deposit in the Original Lawsuit; conduct or execute post-judgment discovery, litigation on or from parties to the Original Lawsuit, or non-parties related to the Original Lawsuit, or to Movants' business(es); attempt to obstruct, thwart, disrupt, or derail in any manner, the lawful business practices of Movants, and their related business entities, in the marketplace.

7. The Court in the State Action set an initial TRO hearing for November 27, 2024 during which it scheduled a Temporary Injunction hearing for December 9, 2024 at 8:30AM.

8. Before the hearing, the removing parties filed its Notice of Removal of the State Action to this Court on December 5, 2024 in a bad faith attempt to forum shop and prevent the entry of any order preventing them from continuing to illegally collect on the superseded Judgment.

## II.
## SUMMARY OF REQUESTED RELIEF

9. Remand is proper because (i) the State Action has no connection to this Bankruptcy proceeding, (ii) the Notice of Removal was filed with the sole intention to delay the December 9, 2024 hearing, (iii) the requirements for remand are fully satisfied, and (iv) this Court does not have Jurisdiction over the claims at issue in the State Action.

10. Removal of bankruptcy-related claims are governed by 28 U.S.C. § 1452(a), which provides that "[a] party may remove any . . . cause of action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." The claims brought by Movants in the State Action have nothing to do with the debtor's bankruptcy case. Thus, this Court does not have jurisdiction over

3

the claims at issue in the state Action. As the parties are Texas residents there is no diversity, and no federal question is invoked, therefore the Court must rely on 28 U.S.C. § 1452(a) and §1334(b) for jurisdiction.

11. Remand of a removed action is governed by 28 U.S.C. § 1452(b), which provides that in determining whether to remand an action, courts are to consider: (1) the convenience of the forum; (2) the presence of non-debtor parties; (3) whether the case should be tried in state court; (4) the duplicative and uneconomic effect of judicial resources in two forums; (5) the possibility of inconsistent results; (6) whether the state court is better suited to handle issues of state law; (7) the expertise of the bankruptcy court; (8) the degree of relatedness to the main bankruptcy case; (9) prejudice to involuntarily removed parties; (10) forum shopping; (11) burden on the bankruptcy court; and (12) comity. *In re Briseno*, 571 B.R. 214 (Bankr. S.D. Tex. 2017). Courts may also consider: (1) forum non conveniens; (2) whether the civil action has been bifurcated during removal, favoring a trial of the action in state court; (3) the inefficiencies of proceeding in two forums; and (4) each courts expertise. *Id*. (citing *In re Ramirez*, 413 B.R. 621, 632☐33 (Bankr. S.D. Tex. 2009)).

12. Given that the parties are not diverse, in order for the State Action to be removed, the Court must maintain subject matter over the action in order to justify denying a request for remand. "Subject matter jurisdiction exists under section 1334(b) over claims 'related to' a pending bankruptcy case." *Holman v. Johnson & Johnson*, 600 B.R. 6, 9 (Bankr. N.D. Ill. 2019). "If subject matter jurisdiction under section 1334(b) is lacking, the claims must be remanded back to state court." *Id*. In cases where "claims are being brought neither by nor against the debtor, [a] case is related to a bankruptcy when the dispute affects the amount of property for distribution [i.e., the debtor's estate] or the allocation of property among creditors." *Id*. (citing *Matter of FedPak Sys.,*

*Inc.*, 80 F.3d 207 (7th Cir. 1996) (internal citations omitted). "Like other federal courts, a bankruptcy tribunal is one of limited jurisdiction. Its power must be conferred, and it may not be enlarged by the judiciary because the judge believes it wise to resolve the dispute." *Matter of Kubly*, 818 F.2d 643, 645 (7th Cir. 1987).

13. In this instance, remand is proper as the state court is better suited, and ready, to handle the claims at issue in the State Action. Furthermore, the State Action was already scheduled to be heard before the removing parties filed their Notice of Removal in a bad faith attempt to delay the pre-scheduled hearing. The Judgment at issue was issued in state court, the claims that form the basis of the Judgment concern state law, and the claims at issue in the State Action concern state law. The removing parties are clearly forum shopping for purposes of delay by filing the notice of removal, and there is no reason to further burden this Court with the litigation between the parties. The parties in the State Action have been litigating for nearly a decade and the Movants were ready to proceed with the December 9th hearing before the removing parties brought the State Action to a halt with its Notice of Removal. All the litigants are non-debtor parties, and this Court does not have jurisdiction over those parties, or the claims asserted in the State Action. Therefore, the Movants request that the Court remand the State Action back to state court.

## III.
## PRAYER

Movant Shahnaz Choudhri respectfully requests that this Court enter an order (i) granting this Emergency Motion to Remand the State Action back to state court, (ii) preclude the removing parting from filing any further notices of removal to federal court, (iii) and granting such other and further relief as may be just and proper.

Dated: January 3, 2025

Respectfully submitted,

**SHACKELFORD, BOWEN, MCKINLEY & NORTON, LLP**

By: */s/ Lori A. Hood*
Lori A. Hood
Texas Bar No. 09943430
lhood@shackelford.law
717 Texas Ave, 27th Floor
Houston, Texas 77002
Tel: 832-415-1801
Fax: 832-415-1095

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all parties and counsel of record electronically through the electronic filing manager or via e-mail on the 3rd day of January 2025.

*/s/ Lori A. Hood*
Lori A. Hood