IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| *In re:* <br><br> **HOUSTON REAL ESTATE PROPERTIES, LLC** <br><br> *Debtor*, <br><br> **JOHN QUINLAN, OMAR KHAWAJA, AND OSAMA ABDULLATIF,** <br> *Plaintiffs*, <br><br> v. <br><br> **HOUSTON REAL ESTATE PROPERTIES, LLC, et al.,** <br> *Defendants*. | Case No. 22-32998 <br> (Chapter 7) <br><br><br><br><br> **ADVERSARY NO. 23-03141** |

**MOTION FOR LEAVE, OR IN THE ALTERNATIVE
TO EXTEND DEADLINE, OR IN THE ALTERNATIVE TO ALLOW LATE FILED
RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW OTISCO RDX LLC, MCITBE, LLC, JETALL/CROIX PROPERTIES LP, JETALL/CROIX GP, LLC'S and ALI CHOUDHRI, hereinafter referred to individually or collectively as "Defendants" or "Defendant", files this their Motion for Leave, or in the alternative Extend Deadline, or in the alternative to Allow Late Filed Response to Motion for Summary Judgment, and in support thereof would show the court as follows:

1. On December 9, 2024, the Court entered an Order setting the deadline to respond to the Plaintiffs' Motion for Summary Judgment for January 6, 2025 at 5:00pm.

2. Shahnaz Choudhri filed her response on January 6, 2025 at 9:29pm, and the remaining Defendants OTISCO RDX LLC, MCITBE, LLC, JETALL/CROIX PROPERTIES LP,

JETALL/CROIX GP, LLC'S and ALI CHOUDHRI filed their response on January 6, 2025 at 9:38pm.

3. Defendants would ask that the court grant them leave to file the late responses, or to extend the deadline to accommodate the responses, or to allow the responses filed on January 6, 2025, but a few hours after the deadline at Docket Number 436.

4. Under Rule 6, when an act may or must be done within a specified time, the court may, for good cause, extend the time for a motion to be filed after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). "The district judge enjoys broad discretion to grant or deny an extension of a deadline, and the excusable neglect standard is intended and has proven to be quite elastic in its application." *Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012) (quotations omitted).

5. While Rule 6(b) incorporates 16b)(4)'s good cause standard, the good cause standard under Rule 6 is a far more lenient standard than the Rule 16(b) good cause standard. See *Ethridge v. Samsung SDI Co., Ltd.,* No. 3:21-cv-306, 2023 U.S. Dist. LEXIS 25366, at *11 (S.D. Tex. 2023); *Devillier v. Texas*, No. 3:20-cv-00223, 2023 U.S. Dist. LEXIS 56084, at *6-7 (S.D. Tex. 2023).

6. The responses filed a few hours after the 5:00pm deadline were a result of mistake or excusable neglect.

7. Granting leave, providing a short extension of the response deadline, or allowing the responses filed only a few hours after the 5:00pm deadline would not be prejudicial to any of the remaining parties to the case.

8. The less than five-hour delay in filing the respective responses has no real impact on the proceeding, considering the responses were still filed 7 days before the hearing set on the Motion

for Final Summary Judgment.  The hearing on the Motion for Final Summary Judgment was is set for January 13, 2025, and the trial was reset to March 25, 2025 at 9:00am.

9. Defendants' Counsel Jeffrey W. Steidley ("Steidley") was contacted by Defendants late in the evening of January 5, 2025 and began working on the response early in the morning of January 6 under the mistaken impression that the deadline was 11:59pm.  Counsel became aware of that time discrepancy only after the deadline had passed.

10. Defendants filed their respective responses in good faith, and would ask that either leave be granted, or an extension, or an allowance of the responses under the circumstances.

For these reasons, Defendants would ask that this court grant the Motion for Leave, or in the alternative Extend Deadline, or in the alternative to Allow Late Filed Response to Motion for Summary Judgment.

Respectfully submitted,

**THE STEIDLEY LAW FIRM**

*By :Jeffery W. Steidley*
JEFFREY W. STEIDLEY
State Bar No. 19126300
Federal Bar No. 5609
jeff@texlaw.us
3701 Kirby Drive, Suite 1196
Houston, Texas 77098
(713) 523-9595 (telephone)
(713) 523-0578 (facsimile)

**ATTORNEY FOR DEFENDANTS OTISCO RDX LLC, MCITBE, LLC, JETALL/CROIX PROPERTIES LP, JETALL/CROIX GP, LLC'S and ALI CHOUDHRI**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served on interested parties in the manner listed below on January 7, 2025.
**23-03141 Notice will be electronically mailed, via the court's ECF noticing system to:**

| | |
|---|---|
| Thomas Michael Ballases | ballases@hooverslovacek.com |
| Angeline Vachris Kell | kell@hooverslovacek.com |
| Steven A. Leyh | leyh@hooverslovacek.com |
| on behalf of Plaintiffs | |
| John Quinlan | |
| Omar Khawaja | |
| Osama Abdullatif | |
| | |
| Matthew W. Bourda | matthew@jonesmurray.com |
| Robert Paul Debelak, III | bobby.debelak@mhllp.com |
| on behalf of Creditor | |
| Cypress BridgeCo, LLC | |
| Magnolia BridgeCo, LLC | |
| | |
| Robin L Harrison | rharrison@hicks-thomas.com |
| on behalf of Defendant | |
| A Kelly Williams | |
| | |
| Jennifer Lea MacGeorge | service@jlm-law.com |
| James Q. Pope | jamesp@thepopelawfirm.com |
| on behalf of Defendant | |
| 2727 Kirby 26L LLC | |
| 9201 Memorial Dr. LLC | |
| Arabella PH 3201 LLC | |
| Dalio Holdings I, LLC | |
| Dalio Holdings II, LLC | |
| Galleria Loop Note Holder LLC | |
| Jetall Companies, Inc. | |
| Shepherd-Huldy Development I, LLC | |
| Shepherd-Huldy Development II, LLC | |
| | |
| Lenard M. Parkins | lparkins@parkinsrubio.com |
| on behalf of Defendant | |
| Shahnaz Choudhri | |
| | |
| Timothy L. Wentworth | twentworth@okinadams.com |
| on behalf of Defendant | |
| Randy W Williams Ch7 Trustee | |

                                           */s/ Jeffery W. Steidley*
                                           Jeffrey W. Steidley