United States Bankruptcy Court
Southern District of Texas
**ENTERED**
January 10, 2025
Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 22-32998 |
| HOUSTON REAL ESTATE PROPERTIES | § | |
| LLC, | § | CHAPTER 7 |
| | § | |
| Debtor. | § | |
| | § | |
| JOHN QUINLAN, OMAR KHAWAJA | § | |
| AND OSAMA ABDULLATIF, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 23-3141 |
| | § | |
| JETALL COMPANIES, INC., ARABELLA | § | |
| PH 3201 LLC, 9201 MEMORIAL DR. LLC, | § | |
| 2727 KIRBY 26L LLC, DALIO HOLDINGS | § | |
| I, LLC, DALIO HOLDINGS II, LLC, | § | |
| HOUSTON REAL ESTATE PROPERTIES, | § | |
| LLC, SHAHNAZ CHOUDHRI, ALI | § | |
| CHOUDHRI, SHEPHERD-HULDY | § | |
| DEVELOPMENT I, LLC, SHEPHERD- | § | |
| HULDY DEVELOPMENT II, LLC, | § | |
| GALLERIA LOOP NOTE HOLDER LLC, | § | |
| MOUNTAIN BUSINESS CENTER, LLC, | § | |
| RANDY W WILLIAMS CH7 TRUSTEE, | § | |
| OTISCO RDX LLC, MCITBE, LLC, | § | |
| JETALL/CROIX PROPERTIES LP, | § | |
| AND JETALL/CROIX GP, LLC, | § | |
| | § | |
| Defendants. | § | |

### ORDER ON MOTION FOR SUMMARY JUDGMENT

The plaintiffs John Quinlan, Omar Khawaja, and Osama Abdullatif (collectively "Plaintiffs") filed a motion for summary judgment (ECF No. 348) in this hotly contested adversary on all their claims against all the defendants and the counterclaims brought against them.by Jetall Companies, Inc. and Ali Choudhri (collectively "Counter Plaintiffs") (ECF No. 33).  As expected,

it has drawn multiple responses.  Defendant Shahnaz Choudhri ("Shahnaz") filed a response in opposition (ECF No. 433), defendants Jetall Companies, Inc., Arabella PH 3201 LLC, 9201 Memorial Dr. LLC, 2727 Kirby 26L LLC, Dalio Holdings I, LLC, Dalio Holdings II, LLC, Shepherd-Huldy Development I, LLC, Shepherd-Huldy Development II, LLC, and Galleria Loop Note Holder LLC (collectively "Original Defendants") filed their joint response in opposition (ECF No. 434) and defendants Otisco rdX LLC, MCITBE, LLC, Jetall/Croix Properties LP, Ali Choudhri, and Jetall/Croix GP, LLC (collectively "Supplemental Defendants") filed a joint response, also in opposition (ECF No. 436), all on January 6, 2025.  The Court, having considered the pleadings filed, and the summary judgment evidence, if any, finds that the motion for summary judgment should be denied.

The Plaintiffs are moving for summary judgment pursuant to Federal Rule of Civil Procedure 56 and Federal Rule of Bankruptcy Procedure 7056, establishing there is not a genuine dispute about any material fact, thereby entitling Plaintiffs to judgment as a matter of law on all their claims asserted against all the defendants.

In addition, the Plaintiffs are moving for a no-evidence motion for summary judgment on all of Counter Plaintiff's counterclaims.  That motion is also denied.

Lastly, the Plaintiffs are moving for sanctions for misuse of the judicial system.  This is not a claim for relief in the Complaint[1] or in any of the Supplemental Complaints.[2]  The deadline to file amendments to pleadings has passed, and summary judgment for this cause of action is also denied.

## PRELIMINARY ISSUES RAISED IN THE PLEADINGS

**Request for Abatement by Shahnaz, the Original Defendants and the Supplemental Defendants**

---

[1] ECF No. 1.

[2] ECF Nos. 26, 158 and 174.

Each of the responses requests that the Court should abate any ruling on the motion for summary judgment as a motion to recuse is pending. The Court denies this request.

**Summary Judgment Evidence and Objections to Summary Judgment Evidence by Shahnaz and the Original Defendants**

Shahnaz's Response at ECF No. 433 and the Original Defendants' Response at ECF No. 434 both object to Plaintiffs' summary judgment evidence as inadmissible.  The motion for summary judgment includes 75 exhibits. None of the exhibits are affidavits in support of the motion.  There is an affidavit[3] in support of the movants' request for attorneys' fees.  In addition, there is an unsworn declaration by Christopher Wyatt dated August 25, 2022,[4] regarding his employment with co-defendant Jetall Companies, Inc. through late 2020.  The general objection to all the summary judgment evidence is overruled without prejudice to asserting specific objections at trial of this case.

Shahnaz and the Original Defendants object specifically to Exhibit CC (ECF No. 348-46) based on Federal Rules of Evidence 602 and 901, and Shahnaz also objects to Exhibit ZZ (ECF No. 348-69).  These are both business records affidavits, and these affidavits were used in other litigation between the parties.  Exhibit CC is a Business Record Affidavit of Magnolia BridgeCo LLC and Cypress BridgeCo LLC produced in response to a subpoena in a separate lawsuit.  The Business Record Affidavit includes statements from Bancorp South for an account in the name of Ali Choudhri and Shahnaz Choudhri.  The objections to Exhibit CC are overruled without prejudice to asserting them at trial of this case.

Exhibit ZZ is a Business Record Affidavit of Frost Bank produced in response to a subpoena in a separate lawsuit.  The Business Record Affidavit includes records from Frost Bank

---

[3] Exhibit AA, ECF No. 348-28.
[4] Exhibit BB, ECF No. 348-45

for an account in the name of Mobeen Naeem Choudhri or Shahnaz Choudhri.  The objection to Exhibit ZZ is based on Federal Rule of Evidence 803(6). The objection is overruled without prejudice to asserting it at trial of this case.[5]

Furthermore, there are no affidavits in support of any of the responses to the motion for summary judgment.  On a summary judgment motion, this Court may only consider whether competing affidavits diverge on specific facts to determine whether a factual dispute exists for trial.[6]

### Subject Matter Jurisdiction

Each of the responses assert that this Court lacks subject matter jurisdiction.  The issue of jurisdiction in this Court has already been resolved.  The Court found that it has jurisdiction over this adversary as a core proceeding and related to jurisdiction on December 5, 2024 (ECF No. 362, page 3).  To the extent that the parties are seeking reconsideration, that request is not timely and is denied.

In addition, the counterclaims brought by Jetall Companies, Inc. and Ali Choudhri on August 31, 2023 acknowledge that "jurisdiction is also proper in this Court pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334(b)."[7]  Furthermore, the counterclaims assert causes of action under additional federal statutes invoking federal jurisdiction, the Lanham Act and the Racketeer Influenced and Corrupt Organizations Act citing to 15 U.S.C. §§ 1501 et seq and 28 U.S.C. §§ 1331 and 1338 for their authority.  Accordingly, it is clear that this Court has jurisdiction in this matter.

---

[5] *In re Anderson*, 562 B.R. 135 (Bankr. S.D. Tex. 2016) (Otherwise admissible evidence may be submitted in inadmissible form at the summary judgment stage, but must be in admissible form at trial.)
[6] *In re Green*,, 968 F.3d 516 (5th Cir. 2020) (internal citations omitted).
[7] ECF No. 33, page 2, ¶ 6.

## FACTUAL AND PROCEDURAL BACKGROUND

This adversary proceeding was commenced on August 1, 2023, (ECF No. 1) (the "Complaint") alleging claims against the various defendants for fraudulent transfer, fraud, alter ego liability, and joint business enterprise liability. The Complaint was supplemented on August 30, 2023 (ECF No. 26) to add defendants Cypress BridgeCo, LLC, Magnolia BridgeCo and A. Kelly Williams.  Those defendants have since been dismissed from this case.[8]  A Second Supplemental Complaint was filed on March 20, 2024 to add defendant Otisco rdX, LLC ("Otisco") alleging alter ego and joint enterprise liability against Otisco as well (ECF No. 158). Thereafter, a Third Supplemental Complaint was filed by the Plaintiffs adding MCITBE, LLC, Jetall/Croix Properties LP and Jetall/Croix GP, LLC also alleging alter ego and joint enterprise liability (ECF No. 174).

Two of the defendants filed counterclaims against the Plaintiffs on August 31, 2023 (ECF No. 33), Jetall Companies, Inc. and Ali Choudhri.  The Counter Plaintiffs assert that Osama Abdullatif engaged in false advertising in violation of Section 43(a) of the Lanham Act by making false claims against Ali Choudhri and by filing improper lis pendens in real property records in Houston, Texas.

Counter Plaintiffs also allege that the Counter Defendants engaged in a conspiracy in violation of 18 U.S.C. § 1962 by engaging in wire fraud and financial institution fraud using email and the internet to fraudulently misrepresent Ali Choudhri in interstate commerce and by filing fraudulent lis pendens.  Lastly, the Counter Plaintiffs complain that Counter Defendants illegally obtained wire, oral and electronic communication stolen from Jetall Companies, Inc. as well as

---

[8] Notice of Nonsuit as to Cypress BridgeCo, LLC and Magnolia BridgeCo., LLC at ECF No. 197, and Order Granting the Stipulation of an Order Dismissing A. Kelly Williams Without Prejudice at ECF No. 332.

confidential communications between Ali Choudhri and his counsel in violation of 18 U.S.C. §§ 2510-2521.

This adversary stems from John Quinlan, Omar Khawaja and Osama Abdullah's attempts to collect on three judgments that they either hold directly or are holding as assignees of the original judgment creditors in three separate lawsuits in Texas state court.[9] The Plaintiffs obtained an assignment from the judgment creditors in two of the suits and Osama Abdullatif and Abdullatif & Company, LLC are the judgment holders in the third suit. Plaintiffs contend that all the defendants sued are one and the same acting as alter egos of one another, and that they intentionally evaded the Plaintiffs' collection efforts and defrauded the Plaintiffs through a series of fraudulent transfers of real and personal property.

## JURISDICTION

As already stated, the court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334(a) and (b), and the standing order of reference from the District Court. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(H) and related to jurisdiction as the underlying bankruptcy estate may be affected by a judgment in favor of the Plaintiffs.[10] The bankruptcy court has the power to enter a final judgment in this adversary proceeding, subject to traditional rights of appeal. As set forth above, there is also federal jurisdiction pursuant to the claims asserted under 15 U.S.C. §§ 1501 et seq and 28 U.S.C. §§ 1331 and 1338.

---

[9] Cause No. 2017-10832, *Jetall Companies, Inc. v. Richard Heil, et al*; in the 152nd Judicial District Court, Harris County, Texas, Cause No. 2020-38738, *Jetall Companies, Inc. v. Hoover Slovacek LLP*; in the 164th Judicial District Court, Harris County, Texas and Cause No. 2013-41273 *Osama Abdullatif and Abdullatif & Company, LLC v. Ali Choudhri and Houston Real Estate Properties, LLC* in the 335th Judicial District Court, Harris County, Texas.
[10] The Court has addressed its jurisdiction in its Order Denying Defendants' Motion to Dismiss (ECF No. 362, page 3).

This adversary proceeding arises under bankruptcy Case Number 22-32998 pending in this District and venue is proper pursuant to 28 U.S.C. § 1409.  Trial is currently scheduled for March 25, 2025.

## STANDARD OF REVIEW

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[11]  The Court must view the evidence in a light most favorable to the nonmovant.[12] The movant bears the initial burden of presenting the basis for the motion and the elements upon which the nonmovant will be unable to establish a genuine dispute of material fact.[13]  The Court may not undertake to evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.[14]  The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial.[15] However, before the nonmoving party is required to produce evidence in opposition to the motion, the moving party must first satisfy its obligation of demonstrating that there are no factual issues warranting trial.[16]

## LEGAL ANALYSIS

**Fraudulent Transfer**

The Complaint contends that all the Defendants fraudulently transferred assets in violation of the Texas Uniform Fraudulent Transfer Act ("TUFTA") attempting to hinder, delay and defraud the Plaintiffs.[17]  The Plaintiffs also request that a constructive trust be imposed for the assets that were fraudulently transferred.

---

[11] Federal Rule of Civil Procedure 56(a).
[12] *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).
[13] *Celotex.Corp. v.Catrett*, 477 U.S. 317, 323 (1986).
[14] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257 (5th Cir. 1991).
[15] *Matsushita Elec. Indus. Co. v.Zenith Radio Crop.*, 475 U.S. 574, 586-87 (1986).
[16] *Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir. 1993).
[17] Tex. Bus. & Com Code §§ 24.005 and 24.006. See ECF No. 1.

In order to succeed on a fraudulent transfer claim under TUFTA, the Plaintiffs must demonstrate: (1) they are creditors with a claim against a debtor; (2) the debtor transferred assets after, or a short time before the Plaintiffs' claim arose; and (3) the debtor made the transfer with the intent to hinder, delay or defraud the Plaintiff.[18]  The debtor's intent can be shown by actual or constructive fraud.[19]  There are number of factors when considering actual intent, but these factors are neither exhaustive nor exclusive:[20]  In the alternative, a plaintiff may show constructive fraud by demonstrating that a debtor made the transfer or incurred the obligation and either was engaged or was about :to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small" or intended to incur or believed or "reasonably should have believed that the debtor would incur debts beyond the debtor's ability to pay as they became due."[21]

The Plaintiffs' motion for summary judgment outlines various monetary transfers between the various defendants, asserts fraudulent mortgages on real property and fraudulent transfers of real property.  However, the Plaintiffs have not demonstrated that the transfers were engineered to ensure that the Plaintiffs would not get paid, and there is no evidence regarding the reasonably

---

[18] *Clapper v. American Realty Investor, Inc.*, No. 3:14-CV-2970-D, 2018 WL 3868703 (N.D. Tex. Aug. 14, 2018) *citing Dontos v. Vendomation NZ Ltd.*, 582 Fed. Appx. 338. 344 (5th Cir. 2014).

[19] Id. at *8.

[20] *Id.*, *citng Janvey v. Dillon Gage, Inc. of Dall.*, 856 F.3d 377 (5th Cir. 2017). The following factors are set forth in Tex. Bus. & Com Code §24.005 (b):  (1) the transfer or obligation was to an insider;
(2) the debtor retained possession or control of the property transferred after the transfer;
(3) the transfer or obligation was concealed;
(4) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;
(5) the transfer was of substantially all the debtor's assets;
(6) the debtor absconded;
(7) the debtor removed or concealed assets;
(8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;
(9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;
(10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and
(11) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

[21] *Id. quoting* Tex/ Bis & Com. Code 24.005(a)(2).

equivalent value in exchange for the transfer or that the remaining assets of the various defendants were unreasonably small. Accordingly, summary judgment is denied as to this allegation.

**Constructive Trust**

Under Texas law, a constructive trust is broadly defined as a trust arising by operation of law, as distinguished from an express trust; but as a matter of equity in order to satisfy the demands of justice.[22] Equity will impose a constructive trust to prevent one who obtained property by fraudulent means from being unjustly enriched. Texas law recognizes three elements of a constructive trust: (1) breach of a fiduciary duty or, in the alternative, actual fraud; (2) unjust enrichment of the wrongdoer; and (3) tracing of the property to an identifiable res.[23]

The Plaintiffs have failed to show that there was a fiduciary duty of any of the defendants to the Plaintiffs and have failed to demonstrate as a matter of law that Chaudhri committed actual fraud.   Furthermore, there was no evidence as to unjust enrichment or an identifiable res. Therefore, summary judgment is denied on a claim of constructive trust.

**Alter Ego**

The allegations in the Complaint are that each of the defendants are alter egos of each other, and that they have individually, and/or utilized corporate entities formed for illegitimate purposes, in order "to perpetrate a fraud," and to conceal assets to avoid the Plaintiffs' judgments.[24]

In support of this cause of action, the Plaintiffs assert in the motion for summary judgment that they are required to show that the entity on which it seeks to impose liability is the alter ego of the debtor and that the corporate fiction was used for an illegitimate purpose; to perpetrate an actual fraud on these Plaintiffs for the defendants' direct personal benefit.  The Court does not

---

[22] *Consol. Gas & Equip. Co. of Am. v. Thompson*, 397 S.W.2d 260, 263 (Tex.Civ.App.-Amarillo 1965), rev'd on other grounds, 405 S.W.2d 333 (Tex.1966).
[23] *In re Haber Oil Co., Inc.*, 12 F.3d 426, 437 (5th Cir.1994).
[24] ECF No. 1, page 21 of 24, ¶47.

disagree.  However, the movants have failed to make this showing.  They recite various badges of fraud and state that these actions were taken, but there are no specifics as to which defendant took which action, although there are some specific actions that they allege were taken by the debtor, one of the co-defendants.  Instead, they lump all the defendants together and then make conclusory allegations that all the defendants are alter egos of each other, and they do not need to show any more specifics to obtain a summary judgment.

The responses argue that the allegations in the motion for summary judgment are all conclusory, that there is no evidence that any agency agreement or affiliation was unlawful, and that there is no evidence that any of the defendants were insolvent on the date of any of the alleged transfers.  The Court agrees, the Plaintiffs have failed to show that each of the alleged alter egos of the debtor was in fact an alter ego, so as to overcome the usual prohibition of personal and overlapping liability that comes from the protection of forming a corporation or a similar business entity.  The Fifth Circuit requires the moving party to demonstrate that there are no factual issues warranting trial, and that mere conclusory statements are insufficient.[25] Therefore, movants have not met their burden, and summary judgment is denied.

### Joint Enterprise Liability

The Complaint contains allegations that all of the defendants "engaged in a joint enterprise because they had an understanding or common purpose to be carried out by the enterprise, a community of pecuniary interest in that common purpose and an equal right to direct and control the enterprise" and that they "committed one or more torts against Plaintiffs while acting within the scope of the enterprise."[26]  The motion for summary judgment does not refer to this cause of action, and there are no specifics regarding what torts that any of the defendants committed against

---

[25] *Topalian v. Ehrman*, 954 F.2d 1125 (5th Cir. 1992).
[26] ECF No. 1, plage 21 of 24, ¶48.

the Plaintiffs.  To the extent that it is claimed, summary judgment is denied as to this cause of action.

### Fraud as to Ali Chaudhri

The elements of common-law fraud under Texas law are: "(1) defendant made a material misrepresentation that (2) was false, (3) and was either known to be false when made or was asserted without knowledge of its truth, (4) the defendant intended the representation to be acted upon, (5) it was relied upon, and (6) it caused injury."[27]  Plaintiffs assert that defendant, Ali Chaudhri ("Chaudhri") made misrepresentations regarding his net worth, committed fraudulent conveyances and that he attempted to transfer assets between the various co-defendants in this case and other parties in an effort to preclude the Plaintiffs from collecting upon their judgments.[28]

There is no evidence of an injury, which is an essential element of fraud. The live pleading does not identify the time, place, contents of the false representations or what any of the defendants obtained.  The motion for summary judgment does discuss transfers made by Chaudhri and the other defendants but has not demonstrated that these transfers were fraudulent as required for a judgment for fraud. Accordingly, summary judgment is denied as to this allegation.

### ATTORNEYS' FEES

There is a request for attorneys' fees in the Conclusion of the motion for summary judgment. Under the "American Rule" each party pays its own attorneys' fees arising out of litigation.[29]  There must exist a contractual or statutory basis for attorneys' fees. Here, the motion for summary judgment does not provide any basis for attorneys' fees. Accordingly, the Court denies the request for attorneys' fees.

---

[27] *Copeland v. Alamo Billing Company*, No. 420-CV-00393, 2021 WL 2792354 (E.D. Tex. May 3, 2021).
[28] ECF No. 1, pages 20-21, ¶46.
[29] *In re Kakal*, 596 B.R. 335 (Bankr. S.D. Tex. 2019) citing A*lyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).

**MOTION FOR NO EVIDENCE MOTION FOR SUMMARY JUDGMENT**

As part of their motion for summary judgment, Plaintiffs inserted a section entitled "No-Evidence Motion for Summary Judgment on all Defendants' Counterclaims."[30]  The Court agrees with the responses that federal law does not recognize "no evidence" summary judgments.[31]  However, if a party does not bear the burden of proof at trial, Federal Rule of Civil Procedure 56 applies.[32]  Neither Counter Plaintiff addresses movants' concerns with the counterclaims in substance, only that the motion is procedurally incorrect under federal law.

The movants have alleged the affirmative defense to the counter claims of statute of limitations. They specifically point to the pleading itself in support of their argument that the statute of limitations applies to the wiretapping cause of action.  Statute of limitations is an affirmative defense which was pled in their answer,[33] and Plaintiffs/Counter Defendants have the burden of proof.  Since they have the burden of proof, the motion for no evidence summary judgment is denied on this allegation.

The remaining arguments in support of their no evidence motion for summary judgment are merely conclusory statements that there was no evidence of racketeering activity or a RICO enterprise as required by the statute.  Furthermore, there is no evidence to support a cause of action under Section 43 of the Lanham Act as there is no evidence that any false or misleading statement about any product or that the Counter Defendants made any statement that was deceptive.  The party seeking summary judgment may meet its initial responsibility by demonstrating that non-

---

[30] ECF No. 348, page 30.
[31] *In re Arredondo*, 568 B.R. 271 (Bankr. S.D. Tex. 2017).
[32] Federal Rule of Civil Procedure 56(c).
[33] ECF No. 55, page 3, ¶19

movant will be unable to produce any evidence at trial supporting an essential element of the claim. It is not enough to move for summary judgment without supporting the motion in any way.[34]

The Court finds upon due consideration of the pleadings, any summary judgment evidence submitted, the relevant legal authorities, and for the reasons set forth herein, there are genuine issues of material fact, and that summary judgment should be denied.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Summary Judgment is **DENIED**.

SIGNED 01/10/2025

_____
Jeffrey Norman
United States Bankruptcy Judge

---

[34] *In re BFN Operations LLC*, 607 B.R. 551 (Bankr. N.D. Tex 2018) *citing Celotex Corp. v. Catrett*, 477 U.S. 317.