IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| INRE: | § § | CASE NO: 22-32998 |
| HOUSTON REAL ESTATE PROPERTIES LLC, | § § § | CHAPTER 7 |
| Debtor. | § § | |
| JOHN QUINLAN, OMAR KHAWAJA, and OSAMA ABDULLATIF, | § § § | |
| Plaintiffs, | § § § | |
| VS. | § § | ADVERSARY NO. 23-3141 |
| JETALL COMPANIES, INC., ARABELLA PH 3201 LLC, 9201 MEMORIAL DR. LLC, 2727 KIRBY 26L LLC, DALIO HOLDINGS I, LLC, DALIO HOLDINGS II, LLC, HOUSTON REAL ESTATE PROPERTIES, LLC, SHAHNAZ CHOUDHRI, ALI CHOUDHRI, SHEPHERD-HOLDY DEVELOPMENT I, LLC, SHEPHERD-HOLDY DEVELOPMENT II, LLC, GALLERIA LOOP NOTE HOLDER LLC, MOUNTAIN BUSINESS CENTER, LLC, RANDY W WILLIAMS CH7 TRUSTEE, OTISCO RDX LLC, MCITBE, LLC, JETALL/CROIX PROPERTIES LP,· and JETALL/CROIX GP, LLC, | § § § § § § § § § § § § § § § § § § | |
| Defendants. | § | |

1

**AMENDED EMERGENCY MOTION TO CONTINUE HEARING ON MOTION FOR RECUSAL/DISQUALIFICATION OF JUDGE JEFFREY P. NORMAN**

**TO THE HONORABLE U.S. BANKRUPTCY JUDGE:**

COMES NOW Ali Choudhri and files this Emergency Motion to Continue Hearing on Motion for Recusal/Disqualification of Judge Jeffrey P. Norman and would show as follows:

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY

Emergency (or expedited) relief has been requested. If the Court considers the motion on an emergency (or expedited) basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency (or expedited) consideration is not warranted, you should file an immediate response.

**REQUESTED RELIEF**

Ali Choudhri seeks to continue this matter on an emergency basis on two grounds. First, key witnesses are intentionally avoiding service of process. Second, new events have occurred with respect to Judge Norman's behavior toward Ali Choudhri and his related entities that demonstrate substantial bias and questions his impartiality toward Mr. Choudhri. Additional time is necessary to gather evidence of this new instance of bias.

I. **Key Witnesses Are Intentionally Avoiding Service of Process.**

Ali Choudhri has employed the services of a process server, Larry White, to find and serve witness Omar Khawaja. Omar Khawaja has key facts relevant to Judge Norman's bias against Ali Choudhri. Based on representations of Mr. White, Omar Khawaja is intentionally avoiding service of process. *See* Exhibit A. Apparently, Mr. Khawaja is aware that Mr. White is attempting to lawfully serve him, but Mr. Khawaja has engaged in evasive action to avoid being served. In fact, Mr. Khawaja's wife informed Mr. White that Mr.

2

Khawaja is aware Mr. White is trying to find him for purposes of effectuating service of process, but that her husband is intentionally avoiding Mr. White. Mr. Khawaja's testimony is very important to establish extrajudicial conduct demonstrating Judge Norman's bias against Ali Choudhri, and without this testimony Mr. Choudhri will not be able to adequately put on his case. It is imperative that this witness be cited to appear for the scheduled hearing tomorrow, but, if this not able to occur, the hearing should be continued to enable Mr. Choudhri to present necessary facts establishing Judge Norman's prejudice against him. To note, Mr. Khawaja was properly served and appeared at the hearing before this Court on December 6, 2024, but has not returned since the hearing was continued. Given his appearance at the prior hearing, the Court has the authority to compel his presence at a continuation of this matter. Accordingly, the Court should grant the motion for continuance.

## II. Norman Has Imposed Criminal Sanctions Against Ali Choudhri.

On January 28, 2025, Judge Norman issued an order imposing sanctions against Mr. Choudhri, and any entity or person under his control, related to the filing of a lawful lis pendens against a piece of property transferred outside of the bankruptcy estate. *See* Exhibit B. The order can only be described as criminal rather than civil, the latter of which being the only type of permissible sanction imposed by a bankruptcy court. The order expunges the lis pendens and imposes a sanction of **$25,000** against Mr. Choudhri for bringing any action or recording any instrument affecting the property. The order also imposes a **$50,000** fine against Mr. Choudhri for each instance of the filing of a notice of lis pendens against the property. Additionally, the order imposes a **180-day bar** from practicing before the Southern District of Texas Bankruptcy Court for any attorney acting on behalf of Mr. Choudhri that violates the order.

The motion which gave rise to the order included a proposed order which, when considered together with the motion, clearly resembles a motion for contempt. *See* Exhibit C. Thus, the Court's order itself can be said to resemble contempt sanctions. Sanctions for contempt issued by a bankruptcy court must be civil in nature. *Matter of Highland Cap. Mgmt., L.P.*, 98 F.4th 170, 174 (5th Cir. 2024). Whether a contempt is civil or criminal turns on the "character and purpose" of the sanction involved. *Int'l Union, United Mine Workers of Am. v. Bagwell*,

512 U.S. 821, 827, 114 S. Ct. 2552, 2557, 129 L. Ed. 2d 642 (1994) (quoting *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 444, 31 S.Ct. 492, 499, 55 L.Ed. 797 (1911)). Thus, a contempt sanction is considered civil if it "is remedial, and for the benefit of the complainant. *Id*. at 828. But if it is for criminal contempt the sentence is punitive, to vindicate the authority of the court." *Id.* However, the stated purposes of a contempt sanction alone cannot be determinative. *Gompers*, 443, 31 S.Ct., at 498–499. Conclusions about the civil or criminal nature of a contempt sanction are properly drawn, not from "the subjective intent of a State's laws and its courts," but "from an examination of the character of the relief itself." *Bagwell*, 512 U.S. 821, 828 (1994).

Regardless of how Judge Norman characterized the order, the relief contained therein lends itself to only one conclusion – the sanctions are punitive and therefore criminal. Indeed, the sanctions are not remedial and are imposed solely to vindicate the authority of his court. The financial sanctions are not for the benefit of the complainants as there is no "causal link" between the alleged misconduct and the legal fees paid by the opposing party. *See Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 137 S.Ct. 1178, 197 L.Ed.2d 585 (2017) (The required causal link means that a bankruptcy court may shift "only those attorney's fees incurred because of the misconduct at issue."). This clear error of law is so egregious as to demonstrate prejudice against Mr. Choudhri. Indeed, this order is more than a mere adverse ruling. *See Liteky v. United States*, 510 U.S. 540 (1994) (adverse rulings "without more" will rarely suffice to provide a reasonable basis for questioning a judge's impartiality). Accordingly, a continuance is necessary to allow for additional time to gather evidence and develop Mr. Choudhri's arguments related to this new instance of bias to be presented in his case-in-chief.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Ali Choudhri respectfully requests that the Court continue the hearing to the first date convenient for the Court's docket.

Respectfully submitted,

*/s/ Ali Choudhri*
Ali Choudhri
Pro Se
1001 West Loop South, Suite 700
Houston, Texas 77027
Ali@jetallcapital.com

4

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served on interested parties in the manner listed below on December 27, 2024.

**23-03141 Notice will be electronically mailed, via the court's ECF noticing system to:**

Thomas Michael Ballases on behalf of Plaintiff John Quinlan
ballases@hooverslovacek.com

Thomas Michael Ballases on behalf of Plaintiff Omar Khawaja
ballases@hooverslovacek.com

Thomas Michael Ballases on behalf of Osama Abdullatif
ballases@hooverslovacek.com

Matthew W. Bourda on behalf of Creditor Cypress BridgeCo, LLC
matthew@jonesmurray.com

Matthew W. Bourda on behalf of Creditor Magnolia BridgeCo, LLC
matthew@jonesmurray.com

Robert Paul Debelak, III on behalf of Creditor Cypress BridgeCo, LLC
bobby.debelak@mhllp.com

Robert Paul Debelak, III on behalf of Creditor Magnolia BridgeCo, LLC
bobby.debelak@mhllp.com

Robin L. Harrison on behalf of Defendant A. Kelly Williams
rharrison@hicks-thomas.com

Angeline Vachris Kell on behalf of Plaintiff John Quinlan
kell@hooverslovacekcorn, avkell@gmail.com; doucet@hooverslovacek.com

Angeline Vachris Kell on behalf of Plaintiff Omar Khawaja
kell@hooverslovacekcom, avkell@gmail.com; doucet@hooverslovacek.com

Angeline Vachris Kell on behalf of Plaintiff Osama Abdullatif
kell@hooverslovacekcom, avkell@gmail.com; doucet@hooverslovacek.com

Steven A. Leyh on behalf of Plaintiff John Quinlan
leyh@hooverslovacek.com, graharn@hooverslovacek.com

Steven A. Leyh on behalf of Plaintiff Omar Khawaja
leyh@hooverslovacek.com, graham@hooverslovacek.com

Steven A. Leyh on behalf of Plaintiff Osama Abdullatif
leyh@hooverslovacek.com, graham@hooverslovacek.com

Jennifer Lea MacGeorge on behalf of Defendant 2727 Kirby 26L LLC
service@jlrn-law.com

Jennifer Lea MacGeorge on behalf of Defendant 9201 Memorial Dr. LLC
service@jlrn-law.com

Jennifer Lea MacGeorge on behalf of Defendant Arabella PH 3201 LLC
service@jIm-law.com

Jennifer Lea MacGeorge on behalf of Defendant Dalio Holdings I, LLC
service@jlm-law.com

Jennifer Lea MacGeorge on behalf of Defendant Dalio Holdings II, LLC
service@jlm-law.com

Jennifer Lea MacGeorge on behalf of Defendant Galleria Loop Note Holder LLC
service@jlm-law.com

Jennifer Lea MacGeorge on behalf of Defendant Jetall Companies, Inc.
service@jlm-law.com

Jennifer Lea MacGeorge on behalf of Defendant Jetall/Croix GP, LLC
service@jlm-law.com

Jennifer Lea MacGeorge on behalf of Defendant Jetall/Croix Properties LP
service@jlm-law.com

Jennifer Lea MacGeorge on behalf of Defendant MCITBE, LLC
service@jlm-law.com

Jennifer Lea MacGeorge on behalf of Defendant Otisco rdX LLC
service@jIm-law.com

Jennifer Lea MacGeorge on behalf of Defendant Shepherd-Huldy Development I, LLC
service@jlm-law.com

Jennifer Lea MacGeorge on behalf of Defendant Shepherd-Huldy Development II, LLC
service@jlm-law.com

Lenard M. Parkins on behalf of Defendant Shahnaz Choudhri
lparkins@parkinsrubio.com, 9141256420@filings.docketbird.com;bmcfadden@parkinsrubio.com •

Timothy L. Wentworth on behalf of Defendant Randy W. Williams Ch7 Trustee
twentworth@okinadams.com, sgonzales@okinadamscom;nhollon@okinadams.com

**Notice will be electronically mailed, via direct email correspondence to:**
Ali Choudhri
ali@jetallcompanies.com, legal@jetallcompanies.com

**Notice will be sent by regular U.S. Mail to:**

Houston Real Estate Properties, LLC
2500 West Loop South, Suite 255
Houston, Texas 77027