United States Bankruptcy Court
Southern District of Texas
**ENTERED**
January 28, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 23-34815 (JPN) |
| GALLERIA 2425 OWNER, LLC, | § | |
| | § | Chapter 11 |
| Debtor. | § | |

**ORDER CANCELING *LIS PENDENS* RECORDED AS INSTRUMENT NOS.
RP-2024-477576, RP-2025-23705, AND RP-2025-25888**

Upon National Bank of Kuwait, S.A.K.P., New York Branch ("NBK")'s, for itself and Houston 2425 Galleria, LLC ("Houston 2425"), *Fourth Emergency Motion* (the "Motion")[1] *to Enforce Sale Order and Cancel Lis Pendens Recorded as Instrument Nos. RP-2024-477576, RP-2025-23705, and RP-2025-2588*; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that emergency consideration of the Motion is warranted and that no other or further notice need be provided; and this Court having reviewed the Motion; and all objections, if any; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein based upon the record before it, including the entire record of this chapter 11 case; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

4900-8359-9891.v3

1. The Motion is granted as set forth herein.

2. Emergency relief is warranted.

3. The Notices of *Lis Pendens* recorded as Instrument Nos. *RP-2024-477576, RP-2025-23705, and RP-2025-2588* in the Official Public Records of Harris County, Texas are canceled and expunged.

4. The Harris County Clerk's Office is directed to accept this order for recording and to strike Instrument Nos. RP-2024-477576, RP-2025-23705, and RP-2025-2588 in the Official Public Records of Harris County, Texas, or otherwise to reflect Instrument Nos. RP-2024-477576, RP-2025-23705, and RP-2025-2588 in the Official Public Records of Harris County, Texas as being canceled and expunged.

5. Any title agents and title insurance underwriters can recognize and rely on this order to issue title policies on the Property without exception for Jetall's Notices of *Lis Pendens*, recorded as Instrument Nos. RP-2024-477576, RP-2025-23705, and RP-2025-2588 in the Official Public Records of Harris County, Texas.

6. Lance Nguyen, Justin Rayome, Ali Choudhri, any entity under the control of Ali Choudhri, and any individual acting on behalf of Ali Choudhri or any entities that he controls are enjoined and barred from bringing any action or recording any instruments, excluding appeals, in any court affecting the Property in any manner whatsoever.

7. In addition to any other sanction imposed by a separate order this Court:

   a. a monetary sanction of $25,000 will be imposed against any entity under the control of or any individual acting on behalf of Mr. Ali Choudhri or any entities that he controls for each future violation of this Court's orders;

b.  a monetary sanction of $50,000 will be imposed against any entity under the control of or any individual acting on behalf of Mr. Ali Choudhri or any entities that he controls for each future recording of a notice of *lis pendens* against the Property in violation of this Court's orders; and

c.  a sanction of a 180-day bar from appearing before this Court will be imposed against any attorney for each future violation of this Court's orders committed on behalf of Ali Choudhri or any entity that he controls.

8. The entry of this order is without prejudice to NBK's rights to any pending request for relief from the Court regarding Jetall or any affiliated party's violations of this Court's orders and the attorneys' fees, costs, and other expenses NBK has incurred as a result of such violations or any future requests for relief.

9. This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this order.

Signed: January 28, 2025

Jeffrey P. Norman
United States Bankruptcy Judge