IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| § | | |
| HOUSTON REAL ESTATE PROPERTIES, § | CASE NO. 22-32998 | |
| LLC, § | (Chapter 7) | |
|     Debtor. § | | |
| § | | |
| JOHN QUINLAN, OMAR KHAWAJA, § | | |
| AND OSAMA ABDULLATIF, § | | |
|     Plaintiffs, § | ADVERSARY NO. 23-03141 | |
| § | | |
| v. § | | |
| § | | |
| HOUSTON REAL ESTATE PROPERTIES, § | | |
| LLC, et al., § | | |
|     Defendants. § | | |

## PLAINTIFFS' RESPONSE TO ALI CHOUDHRI'S EMERGENCY MOTION TO COMPEL OMAR KHAWAJA [DOC. NO. 472] AND MISREPRESENTATION OF THE DEPOSITION RECORD

Plaintiffs file this Response to Ali Choudhri's Emergency Motion to Compel Omar Khawaja [Doc. No. 472] and Misrepresentation of the Deposition Record.

1. On or about Monday, October 21, 2024, Ali Choudhri filed Document Number 245, which is titled "Ali Choudhri's Motion for the Recusal/Disqualification of Judge Jeffrey P. Norman". In it, Ali Choudhri ("Choudhri") grossly misrepresented the deposition record of Omar Khawaja, which necessitated a correction that Plaintiffs then made in Document Number 252. However, given that Choudhri continues to misrepresent the deposition record, as he did here in Document number 472, Plaintiffs are compelled to notify this Court of the misrepresentation by Choudhri.

2. In Exhibit A, to Choudhri's Emergency Motion to Compel, Choudhri only cites a single page of deposition testimony. The reason for this was to conceal two points from this Court. First, the cited deposition did not occur in this matter. Rather, it occurred in *In re: Texas REIT,*

1

*LLC*, debtor, Chapter 11, Case No. 24-10120-smr; In the United States Bankruptcy Court for the Western District of Texas – Austin Division. Attached as <u>Exhibit 1</u> to this response are the proper pages from said deposition, when utilizing a deposition in motion practice, to allow the Court to discern this fact. However, the second concealment, by Choudhri, is sanctionable.

   3. What Choudhri did was to leave out the questions and answers immediately following what he cites and attaches to intentionally mislead the Court. The full question and answer portion makes clear that Mr. Khawaja's statement was referring to a written opinion issued by Judge Norman and not an oral conversation. Here is what Choudhri put in his Motion to Compel from the transcript:

> ·1· · · · A.· Yes.
>
> ·2· · · · Q.· Anything else you reviewed?
>
> ·3· · · · A.· I think just generally people in the community
>
> ·4· ·know that your client commits fraud.· He's known as a
>
> ·5· ·fraudster.
>
> ·6· · · · Q.· Who are these --
>
> ·7· · · · A.· So many people have approached me.

2

```
·8· · · Q.· Okay.· Who are these people?
·9· · · A.· Yeah, I can't -- many people that he's
10· ·defrauded over the years.
11· · · Q.· Name one.
12· · · A.· Well, Judge Norman is one.· I don't know if
13· ·you know him.· He's in the Southern District.
```

*See* Exhibit A to Choudhri's Emergency Motion to Compel [Document Number 472]. Reading this excerpt by itself gives the reader the impression that Choudhri is contending that Mr. Khawaja had an oral conversation with Judge Norman. However, that is untrue, and Mr. Khawaja immediately made that clear in the questions and answers that Choudhri intentionally omitted in his Motion to Compel. Here is what the actual and full record reflect.

```
16    Q.  (BY MS. HOOD)  All right.  That's the first
17    lawsuit that you said you looked at for public record
18    in order to determine that my client is somehow the
19    alter ego of all these other things; correct?
20    A.  That's correct.
21    Q.  Okay.  What other -- what other public records
22    did you review?
23    A.  There's also these videos by a guy named Wayne
24    Dolcefino I saw.
25    Q.  So you looked at videos.
```

4905-0981-0452, v. 1

OMAR KHAWAJA
TEXAS REIT LLC

September 11, 2024
110

1   A.  Yes.
2   Q.  Anything else you reviewed?
3   A.  I think just generally people in the community
4   know that your client commits fraud.  He's known as a
5   fraudster.
6   Q.  Who are these --
7   A.  So many people have approached me.
8   Q.  Okay.  Who are these people?
9   A.  Yeah, I can't -- many people that he's
10  defrauded over the years.
11  Q.  Name one.
12  A.  Well, Judge Norman is one.  I don't know if
13  you know him.  He's in the Southern District.
14  Q.  Okay.  Who else?
15  A.  Let's see.  Who else in the community have
16  called him a fraudster?
17      Judge Landrum, Judge Michael Landrum in the
18  Harris County District Court, 164th District Court.
19  He considers your client a fraud.
20  Q.  And is that in relation to the HREP case?
21  A.  I just think generally.
22  Q.  Okay.  So Judge Landrum has spoken to you
23  about Mr. Choudhri being a fraudster?
24  A.  It's in a final judgment.  I can read that for
25  you if you'd like.

4905-0981-0452, v. 1

```
OMAR KHAWAJA                                      September 11, 2024
TEXAS REIT LLC                                                   111

 1         Q.  No, I'm asking --
 2         A.  Do you want me to read it to you?
 3         Q.  No, no, no.  I'm asking you.  You said people
 4   have told you; many people have told you.  So I'm
 5   asking who --
 6         A.  Yes.
 7         Q.  -- who's had a conversation with you about
 8   Mr. Choudhri being a fraudster?  And you've said Judge
 9   Norman, and I'm assuming you didn't --
10         A.  Yes.
11         Q.  -- talk personally with Judge Norman.  That's
12   out of an opinion; right?
13         A.  Yes.
```

*See* Exhibit 1 to this document, which are portions of the deposition transcript from the *In re: Texas REIT, LLC*, debtor, Chapter 11, Case No. 24-10120-smr; In the United States Bankruptcy Court for the Western District of Texas – Austin Division.  What is noteworthy here, is that Mr. Khawaja makes clear—in no uncertain terms—that he did not talk personally with Judge Norman and instead was referencing a written opinion issued by Judge Norman[1].  *See* lines 2-13 on page 111 of Exhibit 1.  However, this begs the question: Why would Choudhri leave this out of his Motion to Compel and to Recuse? —unless he was trying to mislead the reader.  This is a classic Choudhri litigation tactic to mislead or misrepresent something. And he should be held to account for such improper actions, which is why this document is being filed.  However, there are other reasons why the Motion to Compel should be denied.

---

[1] Attached as Exhibit 2 is the referenced opinion.

3. Mr. Khawaja has no personal knowledge nor evidence or testimony to offer that is relevant to Choudhri's Motion to Recuse other than what is in <u>Exhibit 1</u>. Mr. Khawaja was already asked about this and provided his testimony. There is no need to re-ask him again. As we have heard in our 4 days of previous hearings regarding Choudhri's Motion to Recuse, there is no evidence supporting recusal. Choudhri filed a frivolous Motion to Recuse to besmirch Judge Norman's good name and reputation without any evidence and making Mr. Khawaja testify again would amount to more wasted time and resources. Mr. Khawaja has nothing relevant to add.

4. Choudhri now claims that Mr. Khawaja's testimony is pertinent to his position and that it is an emergency to have him testify but yet the facts do not support him. First, Choudhri never stated that Khawaja was essential to his case until the 4th day of the hearing and months after the filing. If Mr. Khawaja was important to Choudhri's case, that would have been articulated months and hearings ago. Further, if what Choudhri is now saying was true then he would have made it a priority to have Mr. Khawaja attend the hearing and not wait until the night before the 5th day of hearings and months after filing his motion to recuse. The truth is that Choudhri is desperate and grasping for anything he can latch onto now. The facts simply do not line-up with what Choudhri is now telling the Court.

5. Finally, Mr. Khawaja was not served with a proper or legal subpoena. Attached as <u>Exhibit 3</u> is a true and correct copy of a document that Mr. Khawaja was given on or about December 2, 2024. Note that it is ***unsigned*** by the clerk of the court and strictly for a hearing on December 2, 2024. It is not for any other hearing nor is it a continuing subpoena. Accordingly, Mr. Khawaja has not been served with process to appear at this hearing and should not be compelled.

**Conclusion**

Plaintiffs request for this Court to deny Ali Choudhri's Motion to Compel and for such other relief to which they may be entitled, including sanctions for filing a frivolous motion to recuse.

Respectfully submitted,

**HOOVER SLOVACEK LLP**

By: _____
T. Michael Ballases
State Bar No. 24036179
Ballases@hooverslovacek.com
Steven A. Leyh
Texas Bar No. 12318300
Leyh@hooverslovacek.com
Angeline Kell
Texas Bar No. 24040009
Kell@hooverslovacek.com
Brice B. Beale
State Bar No. 24031855
Beale@hooverslovacek.com
Chris J. Kronzer
State Bar No. 24060120
Kronzer@hooverslovacek.com
Galleria Tower II
5051 Westheimer, Suite 1200
Houston, Texas 77056
(713) 977-8686 (Telephone)
(713) 977-5395 (Facsimile)

**ATTORNEYS FOR PLAINTIFFS**

4905-0981-0452, v. 1

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document has been served electronically upon each of the parties on the Court's ECF Service List maintained in this case on January 30, 2025, and on the parties noted below.

**23-03141 Notice will be electronically mailed to:**

| | |
|---|---|
| James Pope<br>Jennifer MacGeorge<br>**Jetall Companies, Inc., Arabella PH 3201 LLC, 9201 Memorial Dr. LLC, 2727 Kirby 26L LLC, Dalio Holdings I, LLC, Dalio Holdings II, LLC, Houston Real Estate Properties, LLC *[Debtor]*, Shahnaz Choudhri, Ali Choudhri, Shepherd-Huldy Development I, LLC, Shepherd-Huldy Development II, LLC, Galleria Loop Note Holder LLC**<br>The Pope Law Firm<br>6161 Savoy, Suite 1125<br>Houston, Texas 77036<br>jamesp@thepopelawfirm.com<br>jmac@jlm-law.com<br>ecf@thepopelawfirm.com | Jana Smith Whitworth<br>Office of United States Trustee<br>515 Rusk Street, Suite 3516<br>Houston, Texas 77002<br>Jana.whitworth@usdoj.gov<br><br>Timothy L. Wentworth<br>**Randy Williams**<br>**Houston Real Estate Properties, LLC**<br>Okin Adams, LLP<br>1113 Vine St., Suite 240<br>Houston, Texas 77002<br>twentworth@okinadams.com |

By: _____
         T. Michael Ballases

4905-0981-0452, v. 1