**The United States Bankruptcy Court**
**For the Southern District of Texas**
**Houston Division**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| GALLERIA 2425 OWNER, LLC, | ) | Case No. 23-34815 (JPN) |
| Debtor. | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |

**SECOND AMENDED MOTION TO CONTINUE HEARING ON**
**MOTION TO DISQUALIFY/RECUSE JUDGE JEFFREY P. NORMAN**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY**

**Emergency (or expedited) relief has been requested. If the Court considers the motion on an emergency (or expedited) basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency (or expedited) consideration is not warranted, you should file an immediate response.**

**TO THE HONORABLE U.S. BANKRUPTCY JUDGE:**

**<u>OVERVIEW OF THE AMENDED MOTION TO CONTINUE</u>**

The Movant, Ali Choudhri (the "Movant" or "Choudhri"), Ali Choudhri seeks to continue this matter, hearings scheduled before the Honorable Court on January 30-31, 2025, on an emergency basis on two grounds:

First, key witnesses are unavailable for the hearings scheduled before the court, because notwithstanding Movant's every effort, these witnesses have been intentionally avoiding service of process. Consequently, without the testimony of the subject key witnesses, including Omar Khawaja ("Khawaja"), who has been boasting that Judge Norman has communicated with him *ex-parte* and discussed cases pending before Judge Norman including Ali Choudhri and his entities.[1] Movant is simply unbale to present his case-in-chief regarding his motion to recuse and disqualify Honorable Judge Jeffrey Norman, and prove bias and prejudice harbored by Judge Norman against the Movant.

Second, new events have occurred with respect to Judge Norman's animus towards Ali Choudhri and his related entities. These new actions unequivocally demonstrate Judge Norman's substantial bias and prejudice and question his impartiality toward Mr. Choudhri. Notably, Movant will show below that most recently Judge Norman, ignoring substantive law, rules of bankruptcy code, procedure and evidence, imposed unprecedented criminal sanctions against Ali Choudhri, sanctions so severe that the Movant's basic fundamental rights and been crippled by Judge Norman's actions, even though such basic rights are guaranteed by the constitution of the United

---

[1] Khawaja knew the outcome of certain rather critical motions and dispositive actions pending before Judge Norman, regarding Ali Choudhri and his entities, including the exact contents of orders, before they were entered into the record Accordingly, Khawaja's testimony is absolutely critical to Movant's case-in-chief.

2

States and afforded protections and privileges. Accordingly, additional time is necessary to gather evidence of this instance of bias.

I.      **Key Witnesses Are Intentionally Avoiding Service of Process.**

Ali Choudhri has employed the services of a process server, Larry White, to find and serve Omar Khawaja.

As explained above, Omar Khawaja has key facts relevant to Judge Norman's bias against Ali Choudhri. Based on representations of Mr. White, Omar Khawaja is intentionally avoiding service of process. *See* Exhibit A. Apparently, Mr. Khawaja is aware that Mr. White is attempting to lawfully serve him, but Mr. Khawaja has engaged in evasive action to avoid being served. In fact, Mr. Khawaja's wife informed Mr. White that Mr. Khawaja is aware Mr. White is trying to find him for purposes of effectuating service of process, but that her husband is intentionally avoiding Mr. White. Mr. Khawaja's testimony is very important to establish extrajudicial conduct demonstrating Judge Norman's bias against Ali Choudhri, and without this testimony Mr. Choudhri will not be able to adequately put on his case. It is imperative that this witness be cited to appear for the scheduled hearing tomorrow, but, if this not able to occur, the hearing should be continued to enable Mr. Choudhri to present necessary facts establishing Judge Norman's prejudice against him. To note, Mr. Khawaja was properly served and appeared at the hearing before this Court on December 6, 2024, but has not returned since the hearing was continued. Given his appearance at the prior hearing, the Court has the authority to compel his presence at a continuation of this matter. Accordingly, the Court should grant the motion for continuance.

Similarly, process servers have been employed to serve designated witnesses Osama Abdullatif and Chris Wyatt. Despite best efforts by the process servers, both witnesses have evaded service. Movant has also attempted to personally reach out to Chris Wyatt regarding today's

3

hearing. He indicated he is unavailable.

Process servers have attempted to serve Dr. Ying Zhao. He is unable to be found.

Designated witness Lori Hood has a conflicting court appearance. She is unavailable to appear at the hearing today.

Designated witness Melissa Heyward is unavailable to appear at the hearing today.

## II.     Norman Has Imposed Criminal Sanctions Against Ali Choudhri.

On January 28, 2025, Judge Norman issued an order imposing sanctions against Mr. Choudhri, and any entity or person under his control, related to the filing of a lawful *lis pendens* against a piece of property transferred outside of the bankruptcy estate. *See* Exhibit B. The order can only be described as criminal rather than civil, the latter of which being the only type of permissible sanction imposed by a bankruptcy court. The order expunges the lis pendens and imposes a sanction of $25,000 against Mr. Choudhri for bringing any action or recording any instrument affecting the property. The order also imposes a $50,000 fine against Mr. Choudhri for each instance of the filing of a notice of lis pendens against the property. Additionally, the order imposes a 180-day bar from practicing before the Southern District of Texas Bankruptcy Court for any attorney acting on behalf of Mr. Choudhri that violates the order.

The motion which gave rise to the order included a proposed order which, when considered together with the motion, clearly resembles a motion for contempt. *See* Exhibit C. Thus, the Court's order itself can be said to resemble contempt sanctions. Sanctions for contempt issued by a bankruptcy court must be civil in nature. *Matter of Highland Cap. Mgmt., L.P.*, 98 F.4th 170, 174 (5th Cir. 2024). Whether a contempt is civil or criminal turns on the "character and purpose" of the sanction involved. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827, 114 S. Ct. 2552, 2557, 129 L. Ed. 2d 642 (1994) (quoting *Gompers v. Bucks Stove & Range Co.*,

221 U.S. 418, 444, 31 S.Ct. 492, 499, 55 L.Ed. 797 (1911)). Thus, a contempt sanction is considered civil if it "is remedial, and for the benefit of the complainant. *Id*. at 828. But if it is for criminal contempt the sentence is punitive, to vindicate the authority of the court." *Id.* However, the stated purposes of a contempt sanction alone cannot be determinative. *Gompers*, 443, 31 S.Ct., at 498–499. Conclusions about the civil or criminal nature of a contempt sanction are properly drawn, not from "the subjective intent of a State's laws and its courts," but "from an examination of the character of the relief itself." *Bagwell*, 512 U.S. 821, 828 (1994).

Regardless of how Judge Norman characterized the order, the relief contained therein lends itself to only one conclusion – the sanctions are punitive and therefore criminal. Indeed, the sanctions are not remedial and are imposed solely to vindicate the authority of his court. The financial sanctions are not for the benefit of the complainants as there is no "causal link" between the alleged misconduct and the legal fees paid by the opposing party. *See Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 137 S.Ct. 1178, 197 L.Ed.2d 585 (2017) (The required causal link means that a bankruptcy court may shift "only those attorney's fees incurred because of the misconduct at issue."). This clear error of law is so egregious as to demonstrate prejudice against Mr. Choudhri. Indeed, this order is more than a mere adverse ruling. *See Liteky v. United States*, 510 U.S. 540 (1994) (adverse rulings "without more" will rarely suffice to provide a reasonable basis for questioning a judge's impartiality). Accordingly, a continuance is necessary to allow for additional time to gather evidence and develop Mr. Choudhri's arguments related to this new instance of bias to be presented in his case-in-chief.

## **CONCLUSION**

Judge Norman has contaminated the entire pool of judges in the Southern District. He admits that he contacted the Western District and had the Movant's cases before those Judges

moved from the Western District to the Southern district, without a single party asking for the transfer of the cases, without a motion, without notice, and without a hearing. After moving these cases, in his orders moving these cases he makes derogatory statements about the Movant, vexatious statements saying that the Movant is a vexatious litigant when there's no such motion before him seeking the Movants to be decaled vexatious—it is obvious that Judge Norman deliberately engineered the outcome of these cases simply to rule against the Movant. Judge Norman's actions against the Movant are unprecedented, not permitted under the law and are prejudicial.

Furthermore, Judge Norman has violated Movant's constitutional rights. He has entered orders depriving Movant the benefit of legal representation, barring his attorneys from appearing before him regarding Ali Choudhri and his entities, without a hearing, and without evidence not even one business hour notice he enters an order of by NBK against Movant and enjoins Movant from exercising appellate in constitutional freedom of speech rights. This is a suppression of Movant's fundamental rights, suppression of constitutional rights.

Movant is unable to present his case without a continuance which is necessary for adequate preparations and benefit of the presence of key witnesses.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Ali Choudhri respectfully requests that the Court continue the hearing to the first date convenient for the Court's docket.

*Respectfully submitted,*

*/s/Ali Choudhri Ali*
Choudhri Pro Se
1001 West Loop South,
Suite 700
Houston, Texas 77027
Ali@jetallcapital.com

**CERTIFICATE OF ~~SERVICE~~**

The undersigned hereby certifies that the foregoing document was served on interested parties in the manner listed below on December 27, 2024.

23-03141 Notice will be electronically mailed, via the court's ECF noticing system to:

Thomas Michael Ballases on behalf of Plaintiff John Quinlan ballases@hooverslovacek.com

Thomas Michael Ballases on behalf of Plaintiff Omar Khawaja ballases@hooverslovacek.com

Thomas Michael Ballases on behalf of Osama Abdullatif ballases@hooverslovacek.com

Matthew W. Bourda on behalf of Creditor Cypress BridgeCo, LLC matthew@jonesmurray.com

Matthew W. Bourda on behalf of Creditor Magnolia BridgeCo, LLC matthew@jonesmurray.com

Robert Paul Debelak, III on behalf of Creditor Cypress BridgeCo, LLC bobby.debelak@mhllp.com

Robert Paul Debelak, III on behalf of Creditor Magnolia BridgeCo, LLC bobby.debelak@mhllp.com

Robin L. Harrison on behalf of Defendant A. Kelly Williams rharrison@hicks-thomas.com

Angeline Vachris Kell on behalf of Plaintiff John Quinlan kell@hooverslovacekcorn, avkell@gmail.com; doucet@hooverslovacek.com

Angeline Vachris Kell on behalf of Plaintiff Omar Khawaja kell@hooverslovacekcom, avkell@gmail.com; doucet@hooverslovacek.com

Angeline Vachris Kell on behalf of Plaintiff Osama Abdullatif kell@hooverslovacekcom, avkell@gmail.com; doucet@hooverslovacek.com

Steven A. Leyh on behalf of Plaintiff John Quinlan leyh@hooverslovacek.com, graharn@hooverslovacek.com

Steven A. Leyh on behalf of Plaintiff Omar Khawaja leyh@hooverslovacek.com, graham@hooverslovacek.com

Steven A. Leyh on behalf of Plaintiff Osama Abdullatif leyh@hooverslovacek.com, graham@hooverslovacek.com

8

Jennifer Lea MacGeorge on behalf of Defendant 2727 Kirby 26L LLC service@jlrn-law.com

Jennifer Lea MacGeorge on behalf of Defendant 9201 Memorial Dr. LLC service@jlrn-law.com

Jennifer Lea MacGeorge on behalf of Defendant Arabella PH 3201 LLC service@jIm-law.com

Jennifer Lea MacGeorge on behalf of Defendant Dalio Holdings I, LLC service@jlm-law.com

Jennifer Lea MacGeorge on behalf of Defendant Dalio Holdings II, LLC service@jlm-law.com

Jennifer Lea MacGeorge on behalf of Defendant Galleria Loop Note Holder LLC service@jlm-law.com

Jennifer Lea MacGeorge on behalf of Defendant Jetall Companies, Inc. service@jlm-law.com

Jennifer Lea MacGeorge on behalf of Defendant Jetall/Croix GP, LLC service@jlm-law.com

Jennifer Lea MacGeorge on behalf of Defendant Jetall/Croix Properties LP service@jlm-law.com

Jennifer Lea MacGeorge on behalf of Defendant MCITBE, LLC service@jlm-law.com

Jennifer Lea MacGeorge on behalf of Defendant Otisco rdX LLC service@jIm-law.com

Jennifer Lea MacGeorge on behalf of Defendant Shepherd-Huldy Development I, LLC service@jlm-law.com

Jennifer Lea MacGeorge on behalf of Defendant Shepherd-Huldy Development II, LLC service@jlm-law.com

Lenard M. Parkins on behalf of Defendant Shahnaz Choudhri

lparkins@parkinsrubio.com, 9141256420@filings.docketbird.com;bmcfadden@parkinsrubio.com •

Timothy L. Wentworth on behalf of Defendant Randy W. Williams Ch7 Trustee twentworth@okinadams.com, sgonzales@okinadamscom;nhollon@okinadams.com

Notice will be electronically mailed, via direct email correspondence to:
Ali Choudhri

ali@jetallcompanies.com, legal@jetallcompanies.com

Notice will be sent by regular U.S. Mail to:

Houston Real Estate Properties, LLC 2500 West Loop South, Suite 255
Houston, Texas 77027