IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | Chapter 7 |
| | § | |
| **HOUSTON REAL ESTATE** | § | Case No. 22-32998 |
| **PROPERTIES, LLC,** | § | |
| | § | |
| *Debtor*. | § | |
| | § | |
| **JOHN QUINLAN, OMAR KHAWAJA,** | § | |
| **AND OSAMA ABDULLATIF,** *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | Adversary No. 23-03141 |
| v. | § | |
| | § | |
| **HOUSTON REAL ESTATE** | § | |
| **PROPERTIES, LLC,** *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**CYPRESS BRIDGECO, LLC'S EMERGENCY
MOTION TO EXPUNGE LIS PENDENS AND EMERGENCY HEARING REQUEST**

**Emergency relief has been requested. Relief is requested not later than February 28, 2025.**

**Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.**

Defendant Cypress BridgeCo, LLC moves the Court to expunge three (3) invalid lis pendens recorded by Defendant Ali Choudhri, 2727 Kirby 26L, LLC, and 9201 Memorial Dr., LLC (the "Choudhri Defendants") against property foreclosed on by BridgeCo. Specifically, the Choudhri Defendants recorded the *Notices of Lis Pendens* against 9201 Memorial Dr., Houston, Texas 77024 (the "Property")—Property that this Court previously permitted BridgeCo's foreclosure of. *See* Dkt. 155, Agreed Order Permitting Foreclosure.

This Court has already expunged two other lis pendens recorded against the Property by the Choudhri Defendants. *See* Adversary No. 24-03091 at Dkt. 21 (11.26.2024 BridgeCo's Motion to Expunge Lis Pendens), 28 (12.13.2024 Order Expunging Lis Pendens); *see also* Adversary No. 24-03141 at Dkt. 457 (1.23.2024 BridgeCo's Emergency Motion to Expunge Lis Pendens), 458 (1.24.2025 Order Expunging Lis Pendens).

As the Court is aware, this has been a repeated effort by Mr. Choudhri and the Choudhri Defendants to frivolously cloud the title of properties properly foreclosed on by BridgeCo. *See* Adversary No. 24-03091 at Dkt. 12, 21, 25, and 31; *see also* Adversary No. 24-03141 at Dkt. 414, 415, 416, 457, 458.

Accordingly, BridgeCo respectfully requests that the Court expunge another invalid lis pendens recorded by Mr. Choudhri and the Choudhri Defendants for the following reasons.

## I.   INTRODUCTION

1. BridgeCo is the former secured lender on properties previously owned by Defendant Ali Choudhri and the Choudhri Defendants. The Choudhri Defendants defaulted, and BridgeCo foreclosed on those properties pursuant to this Court's order in this adversary proceeding. *See* Dkt. 155, Agreed Order Permitting Foreclosure. That order permitted BridgeCo's foreclosure and provided that the Court retained jurisdiction over any disputes related to the properties.

2. Now—months *after* BridgeCo foreclosed on the Property—Mr. Choudhri and the Choudhri Defendants recorded multiple Lis Pendens against the Property (collectively the "Lis Pendens"). *See* Exhibit A, November 2024 *Notice of Lis Pendens*, Instrument No. RP-2024-444892 ("Lis Pendens 1"); Exhibit B, December 2024 *Notice of Lis Pendens*, Instrument No. RP-2024-477035 ("Lis Pendens 2"); Exhibit C, December 2024 *Notice of Lis Pendens*, Instrument No.

RP-2024-479403 ("Lis Pendens 3"); *see also* Adversary No. 24-03091 at Dkt. 21, 28. BridgeCo did not receive notice of any of these Lis Pendens.

3. Lis Pendens 1 and Lis Pendens 2, though, reference state court actions that have no direct real property claims. *See* Exhibit D, Lis Pendens 1 Petition (seeking to enforcement of a judgment against the Choudhri Defendants); Exhibit E, Lis Pendens 2 Petition (asserting fraud-related claims). And Lis Pendens 2 asserts a wrongful foreclosure claim regarding the Property that this Court has already permitted the foreclosure of and maintained jurisdiction over. *See* Exhibit F, Lis Pendens 3 Petition.

4. These Lis Pendens are invalid for the same reasons as the other lis pendens expunged by this Court.

5. ***First***, Mr. Choudhri has yet to provide any notice of these Lis Pendens to BridgeCo—a procedural requisite that is fatal to its validity under Section 12.0071 of the Texas Property Code. *See* Exhibit G, Declaration of Casey Marcin.

6. ***Second***, the underlying lawsuits for Lis Pendens 1 and Lis Pendens 2 do not assert any direct real property claims. Instead, they involve fraud-related allegations seeking a judgment lien or damages, which are insufficient to support a lis pendens. This also is an independent basis for the Court to expunge the invalid Lis Pendens under Section 12.0071 of the Texas Property Code.

7. ***Third***, this Court explicitly permitted BridgeCo's foreclosure of the Property [Dkt. 155]—a foreclosure that occurred in April of last year.

8. Like before, this Court has the authority to expunge the Lis Pendens: (1) the Court explicitly "retained jurisdiction over any disputes related to the Propert[y] and jurisdiction to enforce [its] Order [Dkt. 155]," and (2) 11 U.S.C. § 105 empowers the Court to "issue any order,

3

process, or judgment that is necessary or appropriate . . . to enforce or implement court orders or rules, or to prevent an abuse of process." *See* § 105.

9. BridgeCo files this Emergency Motion because BridgeCo is currently attempting to sell the Property, but the Lis Pendens are clouding title and deterring potential buyers. BridgeCo will incur significant interference and harm if the Lis Pendens are not immediately expunged.

10. BridgeCo accordingly moves the Court to expunge these Lis Pendens and requests an emergency hearing for consideration of the same.

## II. BACKGROUND

11. On October 7, 2022, Houston Real Estate Properties, LLC filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code in Case No. 22-32998 (the "Bankruptcy Case") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

12. Since then, parties have initiated several adversary cases under the Bankruptcy Case, including this adversary proceeding. Specifically, Plaintiffs John Quinlan, Omar Khawaja, and Osama Abdullatif initiated this adversary proceeding (the "Quinlan Adversary") on August 1, 2023, as judgment creditors seeking recovery from the Choudhri Defendants and other affiliated entities under fraud-based claims. *See* Dkt. 1, Original Complaint.

### A. This Court retained jurisdiction over disputes related to the Property and permitted BridgeCo to foreclose on the Property.

13. The Choudhri Defendants are entities controlled by Choudhri that BridgeCo had loaned money to for the funding of real property interests, including the Property at 9201 Memorial Drive, Houston, Texas 77024. BridgeCo, of course, held a security interest in those properties. And when the Choudhri Defendants defaulted on the loans, BridgeCo moved to exercise its rights to foreclose on the properties.

4

14. On March 8, 2024, the Bankruptcy Court entered an Order permitting BridgeCo to "pursue foreclosure, or any other remedy available to them" on the following properties:

> (a) 2503 S. Shepherd Dr., Houston, Texas 77019;
> (b) 2421 S. Shepherd Dr., Houston, Texas 77019;
> (c) 2502 Huldy St., Houston, Texas 77019;
> (d) 2424 Huldy St., Houston, Texas 77019;
> (e) **9201 Memorial Drive, Houston, Texas 77024**; and
> (f) 2727 Kirby 26L, Houston, Texas 77098.

*See* Dkt. 155, Agreed Order Permitting Foreclosure (emphasis added).

15. As part of that Order, the Bankruptcy Court provided that it "retains jurisdiction over any disputes related to the Properties and jurisdiction to enforce this Order as needed. . . ." *Id.*

16. Pursuant to that order, BridgeCo posted the Properties for foreclosure the following month [Dkt. 155] and foreclosed on the Properties on April 2, 2024.

### B. Mr. Choudhri and the Choudhri Defendants record another Lis Pendens against the Property.

17. Despite the Court Order [Dkt. 155] permitting foreclosure and maintaining jurisdiction over the Property, Mr. Choudhri and the Choudhri Defendants have again recorded invalid Lis Pendens.

18. Accordingly, BridgeCo respectfully moves the Court to expunge the Lis Pendens.

### III. ARGUMENT & AUTHORITIES

19. A notice of lis pendens filed in Texas is governed by the Texas Property Code. TEX. PROP. CODE § 12.0071, *et. seq*. The Texas Property Code provides that a party to an action in connection with which a notice of lis pendens has been filed may "(1) apply to the court to expunge the notice; and (2) file evidence, including declarations, with the motion to expunge the notice." TEX. PROP. CODE § 12.0071(b).

20. "A notice of lis pendens may only be filed during the pendency of an action involving (1) title to real property, (2) the establishment of an interest in real property, or (3) the enforcement of an encumbrance against real property." *In re Briar Bldg. Houston LLC*, 609 B.R. 589, 597 (Bankr. S.D. Tex. 2019) (citing to TEX. PROP. CODE 12.007(a). "In other words, a nexus must exist between the underlying suit and the Property in question." *In re Briar Bldg. Houston LLC*, 609 B.R. 589 at 598.

21. And "the suit on which the lis pendens is based **must claim a direct interest in real property** rather than a collateral interest." *In re Jackson*, No. 14-23-00753-CV, 2024 WL 1102888, at *3 (Tex. App.—Houston [14th Dist.] Mar. 14, 2024, no pet.) (emphasis added). "If the suit seeks a property interest only to secure the recovery of damages or other relief that the plaintiff may be awarded, the interest is merely collateral and will not support a lis pendens." *In re Jackson*, 2024 WL 1102888 at *3. Texas's Fourteenth Court of Appeals in Houston has clarified this precept:

> "[T]he plaintiff's suit did 'not seek recovery to the title to relator's property nor to establish an interest in the [property] except as security for the recovery of ... damages ... on his fraud allegation and only to the extent he [could] trace the proceeds' used to purchase of the property. Therefore, our court held that the plaintiff's claim was '**essentially a prayer for a judgment lien, affects the property only collaterally, and does not come within the provisions of § 12.007**.'"

*Id.* (quoting *Moss v. Tennant*, 722 S.W.2d 762, 762-63 (Tex. App.—Houston [14th Dist.] 1986, orig. proceeding) (emphasis added) (internal quotation marks omitted)).

22. Here, these Lis Pendens should be expunged due to the lack of underlying, requisite claims to sustain a lis pendens, this Court's previous order [Dkt. 155], and the failure to properly serve the Lis Pendens. ***First***, there are no pending direct claims involving the Property for Lis Pendens 1 and Lis Pendens 2, and "no nexus [] exist[s] between the underlying suit and the

Property in question." *In re Briar Bldg. Houston LLC*, 609 B.R. at 598. **Second**, BridgeCo never received notice of these Lis Pendens in accordance with Section 12.0071(c) of the Texas Property Code. *See* Exhibit G.

23. Additionally, this Property is the very Property that this Court expressly permitted the foreclosure of and maintained jurisdiction over—Mr. Choudhri and the Choudhri Defendants have repeatedly try to circumvent this through the baseless recordings of numerous lis pendens.

24. Accordingly, BridgeCo respectfully requests that the Court expunge the invalid Lis Pendens. Further, given the baseless nature of the Choudhri Defendants' continuous efforts to only obstruct and interfere with BridgeCo's legitimate business operations while ignoring this Court's Orders, BridgeCo also requests that the Choudhri Defendants be ordered to show cause for its lis pendens recordings. BridgeCo further seeks its attorneys' fees and costs incurred in its counsel's preparation of this Motion.

## IV. CONCLUSION

For the reasons stated above, BridgeCo respectfully requests that the Court grant this Emergency Motion to Expunge the Lis Pendens recorded by Mr. Choudhri and the Choudhri Defendants. The Lis Pendens are obstructing BridgeCo's ability to sell the Property, and its expungement is necessary to prevent further harm to BridgeCo's business operations. BridgeCo also requests an emergency hearing for the expungement to prevent additional interference with the pending sale. Accordingly, BridgeCo prays that the Court expunge this Lis Pendens and grant all other appropriate relief, including BridgeCo's attorneys fees and costs.

Dated: February 27, 2025,   McDOWELL HETHERINGTON LLP

By: _____
Robert P. Debelak III
Texas Bar No. 24078410
Justin R. Huber

        Texas Bar No. 24132916
        1001 Fannin Street, Suite 2400
        Houston, TX 77002
        P: 713-337-5580
        F: 713-337-8850
        E: bobby.debelak@mhllp.com
            justin.huber@mhllp.com

*Counsel for Cypress BridgeCo, LLC*

## CERTIFICATE OF ACCURACY

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

_____
Justin R. Huber

## CERTIFICATE OF SERVICE

I certify that, on the date set forth above, I cause a copy of the foregoing motion to be served via the Electronic Case Filing System in accordance with the Federal Rules of Bankruptcy Procedure.

_____
Justin R. Huber