# EXHIBIT E

2/20/2023 5:31 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 72929316
By: Deandra Mosley
Filed: 2/20/2023 5:31 PM

CAUSE NO. 2023-10986

| | | |
|---|---|---|
| OSAMA ABDULLATIF, Individually, | § | IN THE DISTRICT COURT OF |
| and ABDULLATIF & COMPANY, LLC | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ALI CHOUDHRI, | § | |
| 9201 MEMORIAL LLC, | § | |
| 2727 KIRBY 26L LLC, | § | |
| MEMORIAL GLEN COVE LLC, | § | |
| MEMORIAL PARK LLC, and | § | |
| VGRP HOLDINGS LLC | § | |
| | § | |
| **Defendants.** | § | 189th JUDICIAL DISTRICT |

## PLAINTIFFS' FIRST AMENDED PETITION

NOW COME, Plaintiffs Osama Abdullatif ("Abdullatif") and Abdullatif & Company, LLC

("ACLLC") (collectively, "Plaintiffs") and file this Original Petition against Defendants Ali

Choudhri ("Choudhri"), 9201 Memorial LLC ("Memorial"), 2727 Kirby 26L LLC ("Kirby"),

Memorial Glen Cove, LLC ("Memorial Glen"), Memorial Park LLC ("Memorial Park"), and

VGRP Holdings LLC ("VGRP") (collectively, "Defendants") and respectfully state as follows:

### I.    DISCOVERY CONTROL PLAN

1.    Plaintiffs intend to conduct discovery under Level 2 and affirmatively plead that

they seek monetary relief over $1,000,000.00, including damages of any kind, penalties, costs,

expenses, pre-judgment interest, and attorney fees. TEX. R. CIV. P. 47(c); TEX. R. CIV. P. 190.1.

### II.    PARTIES

2.    Plaintiff Osama Abdullatif is an individual residing in Harris County, Texas.

3.    Plaintiff Abdullatif & Company LLC is a Texas limited liability company with its

principal place of business in Harris County, Texas.

4.      Defendant Ali Choudhri is an individual residing and doing business in Harris County, Texas. Choudhri may be served with process at his business address at 1001 W. Loop S, #700, Houston, Texas 77027, or wherever he may be found. **Citation for service is requested at this time**.

5.      Defendant 9201 Memorial LLC is a limited liability company registered in Wyoming with a principal address at 9201 Memorial Dr., Houston, Texas 77024. Memorial may be served by process through the Texas Secretary of State by serving its registered agent for service of process, Mountain Business Center LLC, at 960 Alpine Lane 4, PO BOX 12200, Jackson, WY, 83001. **Citation for service is requested at this time**.

6.      Defendant 2727 Kirby 26L LLC is a limited liability company registered in Wyoming with a principal address at 412 W Polk Street, #1, Houston, TX 77019. Kirby may be served by process through the Texas Secretary of State by serving its registered agent for service of process, Mountain Business Center LLC, at 960 Alpine Lane 4, PO BOX 12200, Jackson, WY, 83001. **Citation for service is requested at this time**.

7.      Defendant Memorial Glen Cove LLC is a Texas limited liability company and may be served by process by serving its registered agent for service of process, Legal Registered Agent Services Inc., at 5900 Balcones Drive, Suite 100, Austin, Texas 78731. **Citation for service is requested at this time**.

8.      Defendant Memorial Park LLC is a Texas limited liability company and may be served by process by serving its registered agent for service of process, Legal Registered Agent Services Inc., at 5900 Balcones Drive, Suite 100, Austin, Texas 78731. **Citation for service is requested at this time**.

9.     Defendant VGRP Holdings LLC is a Texas limited liability company and may be served by process by serving its registered agent for service of process, James Vernon Young III at 6611 Stoney River Dr., Spring, Texas 77379. **Citation for service is requested at this time**.

### III.     JURISDICTION AND VENUE

10.     This Court has jurisdiction over this cause in that it involves an amount in controversy within the jurisdictional limits of the court. TEX. R. CIV. P. 47; TEX. GOV'T CODE § 24.007. Venue is proper in Harris County Texas pursuant to TEX. CIV. PRAC. & REM. CODE §§ 15.002(a)(2) and 15.002(a)(3). Venue is also proper in Harris County, Texas under the general venue provision because the acts or omissions complained of herein occurred in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

### IV.     FACTS

#### A. Background

11.     On August 19, 2022, a jury rendered a verdict in Abdullatif and ACLLC's favor against Choudhri and his business entity Houston Real Estate Properties, LLC ("HREP") in Cause No. 2013-41273, styled *Osama Abdullatif and Abdullatif & Company, LLC v. Ali Choudhri and Houston Real Estate Properties, LLC*. The jury found Choudhri and HREP liable for **statutory fraud and fraud in a real estate transaction**. On November 21, 2022, the 334th District Court entered Final Judgment in Abdullatif and ACLLC's favor consistent with the jury's findings awarding them nearly $5,500,000 (without attorney's fees). On December 7, 2022, to avoid paying an appeal bond equal to the sum of compensatory damages and interest awarded to Plaintiffs, Choudhri filed a fraudulent Net Worth Affidavit claiming a personal net worth of [–$67,951,728.25]. This is contrary to multiple public statements, articles, and personal financial statements attested to by Choudhri himself in the recent past. The same day, on December 7, 2022,

pursuant to Tex. R. App. P. 24.2(c)(2), Abdullatif and ACLLC filed their Contest of Ali Choudhri's Net Worth Affidavit based on Choudhri's lengthy and well-documented history of fraud against individuals and government institutions.

12.     Pursuant to Tex. R. App. P. 24.2(c)(2), Plaintiffs as judgment creditors were permitted to "conduct reasonable discovery concerning the judgment debtor's net worth." Choudhri, as per usual, refused to provide any documents supporting his fraudulent Net Worth Affidavit. Choudhri further refused to answer all but one interrogatory directed to his personal net worth. Choudhri also moved to quash subpoenas seeking documents and information about his net worth from third parties. On two separate occasions, Plaintiffs moved to compel discovery. On February 13, 2023, the 334th District Court granted Plaintiffs' Motions and compelled Choudhri to produce documents responsive to all ninety-four (94) categories of requests. The 334th District Court further compelled Choudhri to answer all interrogatories without objection because his responses were seven (7) days late.

13.     Meanwhile, on or about February 10, 2023, Plaintiffs received documents from a third-party confirming that in November 2021, approximately one year before Choudhri signed his fraudulent Net Worth Affidavit, Choudhri provided a Personal Financial Statement to a "mezzanine" or "hard money" lender asserting that his personal net worth was $246,440,100.00. A comparison of this Personal Financial Statement and the fraudulent Net Worth Affidavit represents an alleged decrease in net worth by a total of $314,391,828.25 in just over one (1) year. An examination of the metadata of the November 12, 2021 Personal Financial Statement demonstrates that Ali Choudhri personally prepared the document.[2] If Choudhri did suffer this

---

[1] Interrogatory No. 1 merely asked for the identity of the individuals who provided or assisted in the provision of the interrogatory responses.

[2] **Exhibit A.** Metadata from Ali Choudhri's Financial Statement dated November 12, 2021.

great of a financial loss, he should have no reservation in providing responsive documents evidencing his losses. However, the aforementioned facts explain Choudhri's reticence to produce documents reflecting the alleged losses and false claims made in his Net Worth Affidavit. Why? Because he was committing another fraudulent act, this time upon the Court.

### B. Choudhri's Fraudulent Transfers and Use of Corporate Fiction

14.     Upon information and belief, Choudhri has been transferring assets and properties between the named Defendants and various third-parties in an effort to hinder and delay Plaintiffs' efforts of collecting their award.

15.     Attached as Tab C of his November 12, 2021 Financial Statement is a list of properties allegedly owned by Choudhri along with the liabilities associated with each.  Seven (7) of those properties valued by Choudhri at $15,575,000 were unencumbered by any "liabilities."[3] Assets of $15,575,000 would be more than enough to supersede the Final Judgment in the 334th, assuming that Choudhri valued the properties accurately. However, following the August 19, 2022 verdict, Choudhri has been systematically encumbering the properties with debt for no apparent business purpose and absconding with the cash. The lenders for these encumbrances are entities owned by Ali Choudhri.

### 9201 Memorial Drive

16.     For example, on November 2, 2022, Choudhri obtained a loan for $2,760,000.00 from Cypress BridgeCo, LLC, another "mezzanine" or "hard money" lender, pledging the *'til then unencumbered* 9201 Memorial Dr. property as collateral.[4]  Choudhri has not accounted for the

---

[3] **Exhibit B**, Ali Choudhri's November 15, 2021 Personal Financial Statement, Tab C.
[4] **Exhibit C**, November 4, 2022 Mortgage, Deed of Trust, Security Agreement and Assignment of Liens in favor of Cypress BridgeCo, LLC relating to 9201 Memorial Dr. property.

whereabouts of the cash he received from Cypress BridgeCo LLC, nor has he provided any evidence as to the ordinary business purpose for taking cash out of this property.

**2727 Kirby 26L**

17.    *On that same day*, Choudhri obtained another loan for $2,079,000.00 from Cypress BridgeCo, LLC pledging the '*til then unencumbered* 2727 Kirby 26L property as collateral.[5] Choudhri has not accounted for the whereabouts of the cash he received from Cypress BridgeCo LLC, nor has he provided any evidence as to the ordinary business purpose for taking cash out of this property.

**The Memorial Glen Cove, LLC Properties, formerly Properties owned individually by Ali Choudhri**

18.    Upon information and belief, Memorial Glen Cove, LLC is a Texas limited liability company owned by Ai Choudhri.  Pursuant to the Texas Secretary of State, Memorial Glen Cove LLC is managed by Memorial Park LLC. A Texas limited liability company also owned by Choudhri.  Curiously, Memorial Park LLC is managed by Memorial Glen Cove. Choudhri often uses this circular member/manager scheme to hide his ownership in various "pass-through" entities.

19.    Additionally, another lender named VGRP Holdings LLC was involved in transactions and conveyances involving Memorial Glen Cove, LLC properties after the Final Judgment was entered. Specifically, VGRP obtained a deed of trust in its favor after presumably loaning money to Choudhri secured by properties that he owned individually but then placed into Memorial Glen Cove.  Encumbering the properties owned by Choudhri individually below served

---

[5] **Exhibit D**. November 4, 2022 Mortgage, Deed of Trust, Security Agreement and Assignment of Liens in favor of Cypress BridgeCo, LLC relating to 2727 Kirby 26L property.

no legitimate business interest and was done solely to thwart collection efforts by the Plaintiffs. Choudhri signed VGRP's Texas Franchise Tax Public Information filing.  Upon information and belief, Memorial Glen Cove LLC, Memorial Park LLC, and VGRP Holdings LLC are Texas limited liability companies all owned by Ali Choudhri.

**402 Terrace Dr., Houston, TX 77007**

20.     On November 15, 2022, Choudhri transferred a property identified as 402 Terrace Dr., Houston, TX 77007 to the entity coined Memorial Glen Cove, LLC for "[c]ash and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged."

21.     In his November 12, 2021 Financial Statement, Choudhri refers to the 402 Terrace Dr. Property as "0 Terrace (Glen Cove Lot in Memorial Park)" and assigns it a value of $1,125,000 with no corresponding liability.

22.     Upon information and belief, Choudhri has been transferring assets and properties between the named Defendants and various third parties in an effort to hinder and delay Plaintiffs efforts of collecting their debts.

23.     Regardless, Choudhri will continue to encumber his property holdings and abscond with the cash handing it to business associates, colleagues, and/or his family members to "hold" in their names in order to hinder and delay Plaintiffs' collection of their debts.  He has done it before to hide money from his former wife during his divorce.

**3550 Charleston St., Houston, TX 70021**

On November 15, 2022, Choudhri transferred a property identified as 3550 Charleston St., Houston, TX 70021 to the entity coined Memorial Glen Cove, LLC for "[c]ash and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged."

24.     In his November 12, 2021 Financial Statement, Choudhri refers to the 3550 Charleston St. Property as "Charleston (SINGLE FAM HOUSE)" and assigns it a value of $200,000 with only a corresponding $15,000 liability.

25.     Upon information and belief, Choudhri has been transferring assets and properties between the named Defendants and various third parties in an effort to hinder and delay Plaintiffs efforts of collecting their debts.

26.     Regardless, Choudhri will continue to encumber his property holdings and abscond with the cash handing it to business associates, colleagues, and/or his family members to "hold" in their names in order to hinder and delay Plaintiffs' collection of their debts.  He has done it before to hide money from his former wife during his divorce.

### 6531 Rodrigo St., Houston, TX 77007

27.     On November 15, 2022, Choudhri transferred a property identified as 6531 Rodrigo St., Houston, TX 77007 to the entity coined Memorial Glen Cove, LLC for "[c]ash and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged."

28.     Upon information and belief, Choudhri has been transferring assets and properties between the named Defendants and various third-parties in an effort to hinder and delay Plaintiffs efforts of collecting their debts.

29.     Regardless, Choudhri will continue to encumber his property holdings and abscond with the cash handing it to business associates, colleagues, and/or his family members to "hold" in their names in order to hinder and delay Plaintiffs' collection of their debts.  He has done it before to hide money from his former wife during his divorce.

### 5803 Blossom Street, Houston, TX 77007

30.     On November 15, 2022, Choudhri transferred a property identified as 5803

Blossom Street, Houston, TX 77007 to the entity coined Memorial Glen Cove, LLC for "[c]ash and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged."

31.     In his November 12, 2021 Financial Statement, Choudhri refers to the 5803 Blossom Street Property as "Blossom (LOT MEMORIAL PARK)" and assigns it a value of $995,000 with a corresponding liability of $328,000.

32.     Upon information and belief, Choudhri has been transferring assets and properties between the named Defendants and various third parties in an effort to hinder and delay Plaintiffs efforts of collecting their debts.

33.     Regardless, Choudhri will continue to encumber his property holdings and abscond with the cash handing it to business associates, colleagues, and/or his family members to "hold" in their names in order to hinder and delay Plaintiffs' collection of their debts.  He has done it before to hide money from his former wife during his divorce.

**207 Malone Street, Houston, TX 77007**

34.     On November 15, 2022, Choudhri transferred a property identified as 207 Malone Street, Houston, TX 77007 to the entity coined Memorial Glen Cove, LLC for "[c]ash and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged."

35.     In his November 12, 2021 Financial Statement, Choudhri refers to the 207 Malone Street Property as "205-207 Malone (SINGLE FAM HOUSE)" and assigns it a value of $550.000 with a corresponding liability of $175,000.

36.     Upon information and belief, Choudhri has been transferring assets and properties between the named Defendants and various third parties in an effort to hinder and delay Plaintiffs efforts of collecting their debts.

37.    Regardless, Choudhri will continue to encumber his property holdings and abscond with the cash handing it to business associates, colleagues, and/or his family members to "hold" in their names in order to hinder and delay Plaintiffs' collection of their debts.  He has done it before to hide money from his former wife during his divorce.

**4401 Schurmier Road, Houston, TX 77048**

38.    On November 15, 2022, Choudhri transferred a property identified as 4401 Schurmier Road, Houston, TX 77048 to the entity coined Memorial Glen Cove, LLC for "[c]ash and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged."

39.    In his November 12, 2021 Financial Statement, Choudhri refers to the 4401 Schurmier Road Property as "Schurmier (2.5 ACRES LAND)" and assigns it a value of $375,000 with no corresponding liability.

40.    Upon information and belief, Choudhri has been transferring assets and properties between the named Defendants and various third parties in an effort to hinder and delay Plaintiffs efforts of collecting their debts.

41.    Regardless, Choudhri will continue to encumber his property holdings and abscond with the cash handing it to business associates, colleagues, and/or his family members to "hold" in their names in order to hinder and delay Plaintiffs' collection of their debts.  He has done it before to hide money from his former wife during his divorce.

42.    As a result, Plaintiffs bring the following causes of action:

10

## V.   CAUSES OF ACTION

### Count 1:   Fraudulent Transfer (All Defendants)

43.      Under the Texas Uniform Fraudulent Transfers Act, a judgment creditor may bring a claim for fraudulent transfer if debtor's conveyances were made (1) with actual intent to hinder, delay, or defraud any creditor of the debtor; or (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation. TEX. BUS. & COM. CODE § 24.005. Choudhri's concealment and facilitation of certain transactions constitute fraudulent conveyances under TEX. BUS. & COM. CODE §§ 24.005 and 24.006.

44.      Choudhri's fraudulent conveyances of these properties are the latest in a long history of obfuscation of justice and attempts at evasion, as he seeks to hinder, delay, and defraud Plaintiffs as judgment creditors. Further, Choudhri is attempting to devalue his personal assets and, upon information and belief, has not received a reasonably equivalent value in return for these transfers.

45.      Pursuant to TEX. BUS. & COM. CODE § 24.008, Plaintiffs seek (a) an avoidance of the transfer or obligation to the extent necessary to satisfy their claim; (b) an injunction against further disposition by Defendants, or a transferee, or both, of the asset transferred or of other property; (c) their reasonable and necessary attorney fees and court costs; (d) that a constructive trust be imposed for the assets fraudulently transferred; and (e) after obtaining a judgment against the Defendants for their violations, Plaintiffs ask that they be authorized to levy execution on the assets found to have been fraudulently transferred or their proceeds as well as any other relief the circumstances may require.

### Count 2:   Fraud (Choudhri)

46.      The elements of a fraud claim are (1) that a material representation was made; (2)

the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009).

47.     Choudhri's misrepresentations of his net worth, fraudulent conveyances, attempts to transfer assets between Defendants and disingenuously hinder Plaintiffs from collecting on their debt have damaged not only the Plaintiffs, but this Court, and constitute fraud.

**Count 3:      <u>Alter Ego (All Defendants)</u>**

48.     Plaintiffs allege that the entities mentioned herein are alter egos of Choudhri, and he has used this corporate fiction for an illegitimate purpose, meaning "actual or constructive fraud, a sham to perpetrate a fraud, or other similar theory." TEX. BUS. ORG. CODE §§ 21.223(a)-(b). *SSP Partners v. Gladstrong Inv. (USA) Corp.*, 275 S.W.3d 444, 451-52 (Tex. 2007). Plaintiffs allege that various business entities, including the named Defendants in this case, are alter egos of Choudhri and are being used to conceal his assets and are therefore liable for the full judgment amount.

**Count 4:      <u>Declaratory Judgment</u>**

49.     Pursuant to Section 37 of the Texas Civil Practice and Remedies Code, Plaintiffs request that this Court declare the following:

a.   Choudhri's December 7, 2022 Net Worth Affidavit was based on false information;

b.   Choudhri is currently, and has previously, transferred assets to hinder and delay Plaintiffs' collection of debts;

c.   Choudhri's misrepresentations and unauthorized conveyances of his assets

constitute fraud; and

    d.   The named Defendants in this case are controlled by, or are otherwise alter egos, of Ali Choudhri.

## VI.    ATTORNEYS' FEES

50.    Plaintiffs are entitled to recover their reasonable and necessary attorneys' fees from Choudhri based on causes of action pleaded as follows:

    a.  TEX. CIV. PRAC. & REM. CODE § 24.012, which states that "in any proceeding under this chapter, the court may award costs and reasonable attorney's fees as are equitable and just"; and/or

    b.  TEX. CIV. PRAC. & REM. CODE § 31.002(e), which states that a judgment creditor is entitled to recover reasonable attorney's fees.

    c.  TEX. CIV. PRAC. & REM. CODE § 37.009, which states that "the court may award costs and reasonable attorney's fees as are equitable and just" in a declaratory judgment action.

## VII.    CONDITIONS PRECEDENT

51.    All conditions precedent to Plaintiffs' claims for relief have been performed, have been waived or have otherwise occurred.

## VIII.    EXEMPLARY DAMAGES

52.    Under Texas law, a plaintiff suing for fraud may recover exemplary damages. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 304 (Tex. 2006). Plaintiffs further seek exemplary damages as a result of the Defendants' actions pursuant to TEX. CIV. PRAC. & REM. CODE §§ 41.003 and § 41.008, which state that in an action in which a claimant seeks recovery of damages, the trier of fact shall determine the amount of economic damages separately from the amount of other compensatory damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Osama Abdullatif and Abdullatif & Company LLC pray that they be awarded a judgment against Defendants, including the specific relief as follows:

a.  Actual damages;

b.  Economic damages;

c.  Consequential damages;

d.  Exemplary or enhanced damages as allowed by Texas law;

e.  Pre-judgment and post-judgment interest at the maximum allowable rate;

f.  Court costs, attorneys' fees, and all reasonable and necessary expenses incurred by Plaintiffs in pursuing this action against Defendants;

g.  Avoidance of the transfers or obligations to the extent necessary to satisfy Plaintiffs' claim;

h.  An injunction against further disposition by Defendants, or a transferee, or both, of the assets transferred or of other property;

i.  A constructive trust be imposed for the assets fraudulently transferred;

j.  After obtaining a judgment against the Defendants for their violations, Plaintiffs ask that they be authorized to levy execution on the assets found to have been fraudulently transferred or their proceeds as well as any other relief the circumstances may require; and

k.  All other relief, at law or in equity, to which Plaintiffs are or may be justly entitled.

Respectfully submitted,

**MCCATHERN HOUSTON**

By: */s/Rodney Drinnon*
  **Rodney L. Drinnon**
  Texas Bar No. 24047841
  rdrinnon@mccathernlaw.com
  **David L. Clark**
  Texas Bar No. 24036367
  dclark@mccathernlaw.com
  **Haseeb Dada**
  Texas Bar No. 24132578

14

hdada@mccathernlaw.com
2000 West Loop S., Suite 1850
Houston, Texas 77027
Tel. (832) 533-8689
Fax (832) 213-4842

**ATTORNEYS FOR PLAINTIFFS
OSAMA ABDULLATIF and
ABDULLATIF & COMPANY, LLC**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Simone Nunez on behalf of Rodney  Drinnon
Bar No. 24047841
snunez@mccathernlaw.com
Envelope ID: 72929316
Status as of 2/21/2023 8:28 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David L. Clark | 24036367 | dclark@mccathernlaw.com | 2/20/2023 5:31:22 PM | SENT |
| Rodney Lee Drinnon | 24047841 | rdrinnon@mccathernlaw.com | 2/20/2023 5:31:22 PM | SENT |
| Simone Nunez | | snunez@mccathernlaw.com | 2/20/2023 5:31:22 PM | SENT |
| Danielle Chester | | dchester@mccathernlaw.com | 2/20/2023 5:31:22 PM | SENT |
| Haseeb Dada | | hdada@mccathernlaw.com | 2/20/2023 5:31:22 PM | SENT |
| Averyll  Mauch | | amauch@Mccathernlaw.com | 2/20/2023 5:31:22 PM | SENT |