# EXHIBIT F

12/23/2024 4:14 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 95618569
By: Wanda Chambers
Filed: 12/23/2024 4:14 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **2727 KIRBY 26L, LLC,** | § | IN THE DISTRICT COURT OF |
| **ALI CHOUDHRI and** | § | |
| **9201 MEMORIAL DR, LLC** | § | |
| *Plaintiffs*, | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| **CYPRESS BRIDGECO, LLC,** | § | |
| **MAGNOLIA BRIDGECO, LLC,** | § | |
| **WILLIAM KEITH MAXWELL, III and** | § | |
| **GARY LANCASTER, Trustee, or any** | § | |
| **Substitute Trustees** | § | |
| *Defendants*. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** 2727 KIRBY 26L, LLC, 9201 MEMORIAL DR, LLC and ALI CHOUDHRI, Plaintiffs in the above numbered and entitled cause ("Current Lawsuit") and files this their *Original Petition* against Defendants CYPRESS BRIDGECO, LLC, MAGNOLIA BRIDGECO, LLC ("Bridgeco Defendants"), WILLIAM KEITH MAXWELL, III and GARY LANCASTER and all future designated Substitute Trustees, and would show unto the Court the following:

### I.

### Discovery Level

1.   Plaintiff intends to conduct discovery under Level 2 of Rule 190 of the TRCP.

## II.

## Parties

2. Plaintiff 2727 KIRBY 26L, LLC ("2727 KIRBY") is a foreign limited liability company organized and existing under the laws of the State of Wyoming with its principal place of business is 2727 Kirby #26L, Houston, Texas 77098.

3. Plaintiff 9201 MEMORIAL DR, LLC ("9201 MEMORIAL") is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business is 9201 Memorial Dr., Houston, Texas 77024.

4. Plaintiff ALI CHOUDHRI is an individual residing in Harris County, Texas.

5. Defendant CYPRESS BRIDGECO, LLC, ("CYPRESS BRIDGECO") is a limited liability company organized and existing under the laws of the State of Texas. It may be served by serving its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, located at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

6. Defendant MAGNOLIA BRIDGECO, LLC, ("MAGNOLIA BRIDGECO") is a limited liability company organized and existing under the laws of the State of Texas. It may be served by serving its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, located at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

7. Defendant WILLIAM KEITH MAXWELL, III ("MAXWELL") is an individual who may be served at 4606 Cheltenham Dr. Bethesda, MD 20814.

8. Defendant GARY LANCASTER ("LANCASTER") is an individual who may be served at 12140 Wickchester Lane, Suite 100, Houston, Texas 77079.

### III.

### Jurisdiction & Venue

9. The Court has jurisdiction over this matter because the amount in controversy exceeds the minimum jurisdictional limits of the Court.

10. Maxwell has subjected himself personally to the jurisdiction of this Court under the Texas Long-Arm Statute because he was actively involved in the negotiations and representations that led to the execution of the contract at issue in this cause and the damages sought by the Plaintiffs. The performance of the contract was to take place exclusively in Houston, Texas. The breach of the contract and the related torts committed by Maxwell, as set forth herein, took place exclusively in the State of Texas. This includes making false promises and representations to representatives of a Texas-based Plaintiff.

11. The Court's exercise of personal jurisdiction over Maxwell does not violate federal and state constitutional due process guarantees nor the traditional standards of fair play and substantial justice because both Maxwell has established minimum contacts with Texas and have purposely availed himself of the privilege of conducting activities in the State of Texas. Maxwell, regardless of where he lives, was a representative of a Texas entity doing work in Texas from which Maxwell benefited. Maxwell's promises and representations to the Plaintiffs that Plaintiffs would be benefited by Maxwell's services were made to the Plaintiffs while the Plaintiffs were in Texas, which is where all the services would be performed.

12. Venue is proper in Harris County, Texas because one or more of the Defendants operate in Harris County, Texas, and the events at issue in this cause occurred, in whole or in part, in Harris County, Texas.

IV.

Facts

13.     Plaintiffs own or previously owned or had an interest the real property located in Harris County described in Exhibit "A" and further identified as: (1) 2503 S. Shepherd Dr., Houston, Texas 77019; (2) 2421 S. Shepherd Dr., Houston, Texas 77019; (3) 2502 Huldy St., Houston, Texas 77019; (4) 2424 Huldy St., Houston, Texas 77019; (5) 9201 Memorial Drive, Houston, Texas 77024; and (6) 2727 Kirby 26L, Houston, Texas 77098 (the "Properties").

14.     Certain Plaintiffs in the Current Lawsuit are or were Defendants in Adversary Action No. 23-3141 on file under Case No.: 22-32998 in the United States Bankruptcy Court for the Southern District of Texas (the "Adversary Case"). Other Defendants in the Adversary Action include CYPRESS BRIDGECO, LLC and MAGNOLIA BRIDGECO, LLC, who are the Defendants in the Current Lawsuit. The Properties are at issue in the Adversary Action, with numerous parties fighting over them and multiple other issues.

15.     On March 8, 2023, the Bankruptcy Court entered an "Agreed Order" between CYPRESS BRIDGECO, LLC and MAGNOLIA BRIDGECO, LLC, and the Plaintiffs in the Adversary Action (who are not the Plaintiffs in the Current Lawsuit). <u>None of the Plaintiffs in the Current Lawsuit were parties to the "Agreed Order"</u> and it had no legal or preclusive effect upon them. Indeed, in an order entered on October 23, 2023, the Bankruptcy Court made clear that agreed orders entered in the Adversary Case <u>only applied to the parties to such orders.</u> *See* Ex. "B," which is attached and herein incorporated by reference. The Plaintiffs in the Current Lawsuit were concerned that agreed orders entered by the Bankruptcy Court related to other parties were potentially prejudicing their rights, which is why they filed certain motions to reconsider other

4

agreed orders that led to the Bankruptcy Court signing the order attached as Exhibit "B," which made it clear that no agreed orders applied to anyone other than the parties to those orders.:

> "First, the Agreed Order is an agreement between the parties to that order. **It only binds the parties to that order [the BridgeCo Defendants] and any language regarding any sale of property would still require a motion and order in the main bankruptcy case…**"

*See* Exhibit "B," page 2/2 (emphasis added).

16.     The "Agreed Order" concerned certain properties, including the Properties at issue in the Current Lawsuit. The" Agreed Order" vacated a previous order that enjoined the sale of any of the Properties and allowed CYPRESS BRIDGECO, LLC and MAGNOLIA BRIDGECO, LLC to seek to foreclose on the Properties. The Bankruptcy Court then stated that it maintained jurisdiction over any issues related to any potential foreclosures. **Again, this "Agreed Order" applied *only* to the parties to the Agreed Order. It had absolutely no application to and party who did not sign it nor agree to it. Thus, it only applied to the Plaintiffs in the Adversary Action and CYPRESS BRIDGECO, LLC and MAGNOLIA BRIDGECO, LLC.** In other words, while the Plaintiffs in the Adversary Action and CYPRESS BRIDGECO, LLC and MAGNOLIA BRIDGECO, LLC were subject to the Agreed Order — including the Bankruptcy Court's jurisdiction over any foreclosure actions between the Plaintiffs in the Adversary Action (who, again, are not the Plaintiffs in the Current Lawsuit) and CYPRESS BRIDGECO, LLC and MAGNOLIA BRIDGECO, LLC — none of the other parties in the Current Lawsuit were subject to the Agreed Order in any form or fashion. Thus, nothing in the "Agreed Order" prevented the Plaintiffs in the Current Lawsuit from seeking a temporary restraining order from the ancillary court or seeking relief from the trial court in the Current Lawsuit. Further, the "Agreed Order" clearly states that it maintained jurisdiction over any disputes or foreclosure action related to the

5

"Parties" to the Agreed Order pursuant to those Parties Agreement. Nowhere did the Bankruptcy Court state that the Bankruptcy Court maintained *exclusive jurisdiction* over any foreclosure actions as to every other party in interest related to the Properties whether they were part of the "Agreed Order" or not. In other words, the Bankruptcy Court did not claim that it had exclusive jurisdiction over the Properties as to every party to the exclusion of all other courts. It only had jurisdiction as to the Parties to the "Agreed Order." The Defendants in the Current Lawsuit cannot escape from the plain language of the "Agreed Order":

> "Thus, <u>upon the Agreement of the Parties</u> and in finding that this Agreement is in best interest of all Parties, the Court hereby ORDERS the following:

*See* Ex. "A," p. 2 (emphasis added).

17.     Among the ORDERS that the Court issued <u>based upon the agreement of the parties to the "Agreed Order"</u> was the final Order giving the Bankruptcy Court jurisdiction over injunctions or foreclosure actions.

18.     On March 11, 2024, the Defendants in the Current Lawsuit sent notice to the Plaintiffs in the Current Lawsuit informing them that the Properties would be sold at a Trustee's Sale on April 2, 2024.

19.     After this notice, on March 20, 2024, certain Plaintiffs in the Current Lawsuit and the Bridgeco Defendants in the Current Lawsuit mediated their disputes related to the Adversary Action and the Properties. On Monday March 24, the Plaintiffs in the Current Lawsuit accepted an offer from the Defendants in the Current Lawsuit that would, among other things, cancel the April 2, 2024 Trustee Sale. The Defendants in the Current Lawsuit subsequently claimed that the offer was not "timely" accepted. Plaintiffs believe it was properly accepted.

20.     Because the Defendants in the Current Lawsuit indicated their intention to go forward with the Trustee's Sale, the Plaintiffs in the Current Lawsuit filed suit in Harris County District Court to seek injunctive relief enjoying the sale. The Court orally granted a temporary restraining order. A $1,000.00 bond was ordered that would be posted as soon as the Court signed the temporary restraining order.

21.     Unfortunately, other petitions seeking the same relief were inadvertently filed at or after the time the first lawsuit was filed. This caused some confusion. Specifically, a temporary restraining order hearing was scheduled related to at least one of the other petitions for April 2, 2024

22.     Counsel for the Defendants in the Current Lawsuit filed a response to the inadvertently filed petitions and then appeared at the (passed) hearing on April 2, 2024. Counsel who had drafted the inadvertently filed petitions did not appear for the April 2, 2024 hearing, believing it had been passed.

23.     At the hearing, Defendants in the Current Lawsuit falsely argued to the Court that the "Agreed Order" gave exclusive jurisdiction to the Bankruptcy Court to resolve all injunctions, foreclosures and other issues related to the Properties and insinuated that the Court was somehow improperly trespassing into the jurisdiction of a federal court. Defendants in the Current Lawsuit also falsely stated that they had not been given notice of the April 1, 2024 hearing on the temporary restraining order. The Ancillary Court was concerned that important information was not presented to it and that misrepresentations had been made in the April 1, 2024 temporary restraining order hearing related to the Agreed Order. This was, of course, the Bridgeco Defendants in the Current Lawsuit's intention. The Ancillary Court then denied the previously granted temporary restraining order, though it did set an injunction hearing in the trial court for April 11, 2024 at 11:00 p.m. **Of**

7

**course, Defendants in the Current Lawsuit failed to inform the Ancillary Court that certain Plaintiffs in the Current Lawsuit were not parties to the "Agreed Order," and it had no bearing on them at all. Defendants also failed to inform the Ancillary Court that the Bankruptcy Court had issued previous orders that made it clear that agreed orders in the Adversary Case only affected parties to those orders.**

24. Due to the absolute bad faith actions of the Defendants in the Current Lawsuit in misrepresenting to the Ancillary Court that the "Agreed Order" affected the Ancillary Court's ability to issue a temporary restraining order, Defendants in the Current Lawsuit succeeded in having the Ancillary Court reverse its previous ruling granting the temporary restraining order. The Bridgeco Defendants in the Current Lawsuit then foreclosed on the Properties without proper notice and without conforming to the requirements of Texas law.

V.

**First Cause of Action: Wrongful Foreclosure**

25. Plaintiffs incorporate by reference all previous paragraphs as if fully restated herein.

26. Plaintiffs owned the Properties and/or are beneficiaries of any obligations owed by Defendants to the Plaintiffs under the Loan Documents.

27. Defendants did not comply with their duties as required by the Deed of Trust and Texas law related to the foreclosure on the Property and/or complied with such terms yet took an affirmative action that detrimentally affected the fairness of the foreclosure process. Under Texas law, a mortgagor, even though in default, has a right to an orderly disposition of the property in which the creditor has a security interest. The terms of the deed of trust must be strictly followed. These actions include, but are not limited to, failing to comply with the Settlement Agreement entered at mediation and making false representations to the trial court who heard the initial

8

injunction action. These irregularities in the foreclosure caused Plaintiffs to suffer substantial damages, including Plaintiffs exposure that would not exist but for the wrongful actions of the Defendants.

28. Plaintiffs seek actual damages in the amount of at least $5 million, rescission of the foreclosure and return of the Properties. Additionally, because Defendants acted knowingly and with malice, Plaintiffs seek exemplary or punitive damages in the amount of $1 million. Plaintiffs also seek their reasonable and necessary attorney's fees and prejudgment and post judgment interest in the maximum amount allowed by law.

29. Plaintiffs are also entitled to recover their reasonable and necessary attorney's fees pursuant to Texas Civil Practice & Remedies Code chapter 38 in an amount of between $25,000-$75,000 through trial.

## VI.

**Second Cause of Action: Fraudulent Misrepresentation/Fraud in the Inducement**

30. Plaintiffs incorporates all previous paragraphs as if fully restated herein.

31. Defendants made material misrepresentations to Plaintiffs related to the Properties. Specifically, the Defendants represented to the Plaintiffs that the properties were free from any defects to title.

32. These representations were false because the properties were encumbered by a number of defects not previously disclosed.

33. Defendants made these representations with the intent that Plaintiffs would act on them by entering into agreements related to the Properties.

34. Plaintiffs relied on Defendants' representations by entering into these agreements and were damaged by the loss of the Properties.

9

35.     Plaintiffs seeks actual damages related to Defendants' fraud in the amount of at least $5 million.

36.     Plaintiffs also seek rescission of all contracts related to the Properties and seek an order that the Properties be returned to Plaintiffs.

37.     Plaintiffs also seeks exemplary damages in the amount of at least $500,000.00.

## VII.

### Third Cause of Action: Declaratory Judgment: CPRC Sec. 37.002

38.     Plaintiff assert all previous paragraphs as if fully restated herein.

39.     Plaintiffs seek a declaration from this Court that the Properties at issue in this lawsuit were wrongfully foreclosed upon and that Plaintiffs remain the beneficial owners of the Properties.

## VIII.

### Interest

40.     Plaintiff seeks pre-judgment and post-judgment interest in the maximum amount allowed by law.

## IX.

### Conditions Precedent

41.     All conditions precedent to Plaintiffs' claim for relief have been performed or have occurred.

## X.

### Rule 47 Statement

42.     Plaintiff seeks monetary relief of more than $2,000,000.00 and non-monetary relief.

## XI.

10

**Rule 193.7 Notice**

43.     Defendants are hereby given notice pursuant to Texas Rules of Civil Procedure Rule 193.7 of Plaintiff intends to offer all documents produced by Defendant(s) in response to any discovery request as evidence in any pretrial proceeding or at trial.

**Prayer**

For the reasons stated above, Plaintiffs respectfully ask that Defendants appear, and answer and that Plaintiffs have judgment against the Defendants and that Plaintiffs be granted all further relief, both legal and equitable, to which they may show themselves justly entitled.

Respectfully submitted,

/s/ *Justin Rayome*

**Justin Rayome**
State Bar No.: 24130709
5882 Sugar Hill Dr.
Houston, Texas 77057
Telephone: (214) 934-9345
Email: justinrayome3@gmail.com
**COUNSEL FOR PLAINTIFFS**

11