IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) ) ) ) | Chapter 7 |
| HOUSTON REAL ESTATE PROPERTIES, LLC | ) ) ) ) ) | Case No. 22-32998 |
| | | Adversary No. 23-03141 |
| Debtor. | | |

### RESPONSE TO EMERGENCY MOTION TO EXPUNGE LIS PENDENS

**To the Honorable Judge Jeffrey P. Norman:**

**COMES NOW**, Ali Choudhri, 2727 Kirby 26L, LLC, and 9201 Memorial Dr., LLC (the "Choudhri Parties") and file their Objection to the jurisdiction of this Court to adjudicate a matter that is pending before the state court and *Response to Emergency Motion to Expunge Lis Pendens*, and in support thereof would respectfully show the Court as follows:

### OBJECTION

Ali Choudhri, the individual who filed the notice of lis pendens, subject of the emergency motion to expunge, was never a party to the agreed order of this Court and is not before this court regarding this matter; therefore, bankruptcy court cannot adjudicate Ali Chaudhri's rights and liabilities, or the validity and expungement of the subject notice of lis pendens. Simply, the bankruptcy court has no jurisdiction over this matter, the case is presently pending in the state court; accordingly, this Court must abstain in order to avoid conflicts between the state and federal court systems. Moreover, the case pending in state court is based on state law claims and can be timely adjudicated in state court.

1

## ARGUMENT

**A. The Court lacks jurisdiction over the Choudhri Parties.**

On March 8, 2023, this Court entered an "Agreed Order" between Cypress BridgeCo, LLC and the Plaintiffs in the adversary action (ECF No. 155).[1] While the Agreed Order explicitly grants the Court broad jurisdiction over any disputes related to the properties, the order only applies to the parties to that order. It does not, and cannot, bind the parties involved in the underlying suits upon which the *lis pendens* notices are based, because they <u>were not parties to the Agreed Order and are not before this Bankruptcy Court</u>. Therefore, since none of the Plaintiffs in the underlying lawsuits pending in state court were parties to the *Agreed Order,* it had no legal or preclusive effect upon them. Indeed, in an order entered on October 23, 2023 (ECF No. 94), this Court made clear that *Agreed Orders* entered in the Adversary Case only applied to the parties to such orders.[2]

The subject *Agreed Order* concerned certain properties, including the property at issue in this motion. It allowed movants to seek to foreclose on the Properties. This Court then stated that it maintained jurisdiction over any issues related to any potential foreclosures. Again, as argued and explained above, the said *Agreed Order* applied only to the parties to the *Agreed Order*, it had absolutely no application to any party who did not sign it nor agree to it. Thus, it only applied to the Plaintiffs in the Adversary Action and the Movant. In other words, while the Plaintiffs in the Adversary Action and Movant were subject to the Agreed Order – including this Court's jurisdiction over any foreclosure action between Plaintiffs in the Adversary Action and Movant – none of the other parties in the lawsuits upon which the *lis pendens* notices are based were subject to the *Agreed Order* in any form or fashion. Accordingly, nothing in the *Agreed Order* prevented

---

[1] Exhibit A.
[2] Exhibit B at 2 ¶ 3.

the parties in the underlying suits from seeking relief in state court, including filing the *lis pendens* at issue in this motion.

Furthermore, the Agreed Order clearly states that it maintained jurisdiction over any dispute or foreclosure action related to the "Parties" to the Agreed Order pursuant to those parties' agreement. Nowhere did this Court state that it maintained *exclusive jurisdiction* over any foreclosure actions as to every other party-in-interest related to the subject Properties, whether they were part of the *Agreed Order* or not. The Court did not claim that it had exclusive jurisdiction over the Properties as to every party to the exclusion of all other courts. It only had jurisdiction as to the parties to the Agreed Order. Movant cannot escape from the plain language of the Agreed Order and its reliance upon it in its motion is misplaced.

**B. The lis pendens seek to establish an interest in real property and are therefore valid under Texas law.**

As demonstrated by the foregoing, the issue of the validity of the *lis pendens* is squarely within the purview of the state court. If the Movants have an issue with the propriety of these instruments, they can seek to have them expunged in the relevant state court proceedings. *See* Tex. Prop. Code § 12.0071. Indeed, under Tex. Prop. Code. § 12.0071 a specific procedure must be followed when filing a motion to expunge a lis pendens, including providing each of the affected partes with notice at least 20 days before the hearing, which has not yet occurred. Movants cannot seek an end-run around Texas state law by seeking redress in this Court.

Moreover, the lis pendens at issue will have been released by the time of the hearing, thus mooting the issue of their validity. Respondent plans to properly amend its pleadings to cure any alleged defects and dispense with the argument that the claims at issue do not comply with Tex. Prop. Code. § 12.007.

**C. Choudhri Parties object to the emergency nature of this proceeding.**

The issue of the validity of the lis pendens does not meet the standard for an emergency. The mere assertion that Movant is currently attempting to sell the property in question is insufficient to establish the existence of an emergency. There is no immediate and irreparable harm that will occur in the absence of having this motion heard on an emergency basis. Indeed, Movant does not assert that a sale is pending nor identify any potential buyer. Vague claims that the lis pendens are "clouding title" to the property is not an emergency. Accordingly, the hearing should be reset to allow Respondent ample time to prepare an argument.

Respectfully submitted,

*/s/ Justin Rayome*
Justin Rayome
State Bar No. 24130709
S.D. TX Bar No. 3873342
1001 West Loop South, Suite 700
Houston, TX 77027
Telephone: 214-934-934
justin.r@jetallcompanies.com
***Attorney for Respondents***