United States Bankruptcy Court
Southern District of Texas

**ENTERED**
March 28, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 22-32998 |
| HOUSTON REAL ESTATE PROPERTIES LLC, | § | |
| | § | CHAPTER 7 |
| Debtor. | § | |
| | § | |
| JOHN QUINLAN, OMAR KHAWAJA, AND OSAMA ABDULLATIF, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 23-3141 |
| | § | |
| JETALL COMPANIES, INC., ARABELLA PH 3201 LLC, 9201 MEMORIAL DR. LLC, 2727 KIRBY 26L LLC, DALIO HOLDINGS I, LLC, DALIO HOLDINGS II, LLC, HOUSTON REAL ESTATE PROPERTIES, LLC, SHAHNAZ CHOUDHRI, ALI CHOUDHRI, SHEPHERD-HULDY DEVELOPMENT I, LLC, SHEPHERD-HULDY DEVELOPMENT II, LLC, GALLERIA LOOP NOTE HOLDER LLC, MOUNTAIN BUSINESS CENTER, LLC, RANDY W WILLIAMS CH7 TRUSTEE, OTISCO RDX LLC, MCITBE, LLC, JETALL/CROIX PROPERTIES LP, AND JETALL/CROIX GP, LLC, | § | |
| Defendants. | § | |

## ORDER DENYING MOTION TO STAY PENDING APPEAL

Before the Court is the Motion to Stay Pending Appeal filed by Ali Choudhri, 2727 Kirby 26L, LLC, and 9201 Memorial Dr., LLC (ECF No. 586). The movants failed to attach a proposed order to the instant motion as required by Bankruptcy Local Rule 9013-1(h).[1] In addition, Justin

---

[1] "Each motion, application, objection, and response filed with the court must be accompanied by a proposed order."

Rayome attached a certificate of service to the instant motion that stated service was made electronically to all parties receiving electronic notice. However, there was no service list attached, and there are parties in this case that do not receive electronic notice and must be served via regular U.S. mail.[2] The Court requires compliance with Local Bankruptcy Rules 9013-1(d).[3]

Additionally, the motion is denied as the Movant is not likely to succeed on the merits.[4] The motion asks that the Court stay its order expunging three (3) invalid lis pendens recorded by Defendant Ali Choudhri, 2727 Kirby 26L, LLC, and 9201 Memorial Dr., LLC (the "Choudhri Defendants") against property foreclosed on by BridgeCo. The Court had previously expunged two other lis pendens recorded against the Property by the Choudhri Defendants. See Adversary No. 24-03091 at ECF 21 (11.26.2024 BridgeCo's Motion to Expunge Lis Pendens), 28 (12.13.2024 Order Expunging Lis Pendens); see also Adversary No. 23-03141 at ECF 457 (1.23.2024 BridgeCo's Emergency Motion to Expunge Lis Pendens), 458 (1.24.2025 Order Expunging Lis Pendens). This Court has held that the repeated efforts by Mr. Choudhri, the Choudhri Defendants as well as other entities tied to Mr. Choudhri to frivolously cloud the title of property owned by BridgeCo and also of other parties is vexatious litigation. See Bankruptcy No. 23-34815, Galleria 2425 Owner, LLC, (ECF 895 Emergency Motion NBK's Third Emergency Motion to Enforce Sale Order (Jetall Companies, Inc. -- Lis Pendens)), (ECF No. 911 Order Canceling Lis Pendens), (ECF No. 957, Emergency Motion NBK's Fourth Emergency Motion to Enforce Sale Order and Cancel Lis Pendens), (ECF No. 972 Corrected Order Canceling Lis Pendens). There is no merit to the appeal and this pending appeal is simply a continuation of the the Choudhri Defendants continued pattern of delay and ongoing vexatious litigation. The request

---

[2] See Bankruptcy Local Rule 9013-1(f) located at www.txs.uscourts.gov/page/bankrupty-local-rules: "Whenever service of a pleading, notice, or other document is required under these rules or the Federal Rules of Bankruptcy Procedure, the serving party must serve it no later than the next day after the pleading is filed. The serving party must file a certificate of service including the name and address of those served.

[3] "In addition to service required by the FED. R. BANKR. P., and except as noted in (e), the movant must serve the entities with pleadings requesting an order, notices, and hearing settings:
**Main case**
Party against whom relief is sought and its counsel, if known;
Debtors;
Debtors' counsel;
Trustee, if one has been appointed;
Examiner, if one has been appointed;
Committees, if any have been appointed;
Parties who have filed a notice of appearance;
Twenty largest unsecured creditors;
Parties claiming an interest in any property that is affected by the motion;
Parties claiming a lien on any property that is affected by the motion;
United States trustee;
Parties on whom the court has ordered notice.

[4] The first prong required for a stay pending appeal. Having failed on the first prong the Court need not discuss the other three prongs. A stay pending appeal is appropriate where the moving party demonstrates: (1) a likelihood of success on the merits; (2) irreparable harm in the absence of a stay; (3) that issuance of the stay will not substantially injure the opposing party; and (4) that the stay serves the public interest.

for stay should be denied on these grounds.

**THEREFORE, IT IS ORDERED** that the Motion to Stay Pending Appeal is **DENIED**.

SIGNED 03/28/2025

_____
Jeffrey Norman
United States Bankruptcy Judge