United States Bankruptcy Court
Southern District of Texas
**ENTERED**
August 29, 2025
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| IN RE: HOUSTON REAL ESTATE PROPERTIES LLC | § CIVIL ACTION NO<br>§ 4:24-cv-4861<br>§<br>§<br>§ JUDGE CHARLES ESKRIDGE<br>§<br>§<br>§<br>§<br>§<br>§ |

## ORDER OF DISMISSAL

A notice of appeal was filed by Appellants Shahnaz Choudhri *et al* on December 11, 2024. Dkt 1-1. This required Appellants to "serve and file a brief within 30 days after the docketing of notice that the record has been sent or that it is available electronically." See Federal Rule of Bankruptcy Procedure 8018(a)(1). Appellants failed to file such a brief.

District courts have the discretion to dismiss bankruptcy appeals for failure to follow procedural rules. See Rule 8003(a)(2); see also *In re Braniff Airways, Inc*, 774 F2d 1303, 1305, 1305 n 6 (5th Cir 1985). Not all procedural violations warrant dismissal. See *In re CPDC Inc*, 221 F3d 693, 699 (5th Cir 2000). But factors suggesting that dismissal is appropriate include whether the failure to comply is a result of the client's behavior and whether appellant's failure to comply disrupts the "swift and efficient resolution" of the bankruptcy appeal. Id at 699–700.

Dismissal is appropriate here. Appellants have failed to file their brief even after receiving notice regarding their obligation to do so. See Dkt 3 at 1; see *Matter of Pacheco*, 788 FedAppx 288, 290 (5th Cir 2019), quoting *In re Braniff Airways, Inc*, 774 F2d 1303, 1305 (5th Cir 1985): "Bankruptcy appeals have frequently been dismissed for the appellant's failure to comply with the duty of diligent prosecution, and we have dismissed civil appeals for failure of prosecution when the appellant's brief was not timely filed."

This failure to comply with Rule 8018(a)(1) is traceable to Appellants' own conduct, and not any mistake of their counsel. See *In re CPDC Inc*, 221 F3d at 699–700. At a hearing on June 4, 2025, Appellants' counsel at the time stated that his only role in the litigation was to file the notice of appeal, and that his clients were to hire separate counsel to handle the appeal. See Dkt 10 at 1–2. It was thus ordered that replacement counsel must appear by June 18, 2025. See id at 2. While replacement counsel then gave notice of appearance on June 18, 2025, no action has been taken in the month since. Dkt 11.

This failure by Appellants to file their brief also undermines the swift and efficient resolution of this case. See *In re CPDC Inc*, 221 F3d at 700. The debtor, appellees, and the Court still don't know the exact basis for Appellants' appeal. Nor have Appellants moved for an extension, filed any status reports, or otherwise taken any steps to progress this appeal.

Dismissal is thus warranted to prevent prejudice to creditors and the parties in the underlying bankruptcy case.

The appeal is DISMISSED for failure to comply with the Federal Rules of Bankruptcy and for want of prosecution.

This is a FINAL JUDGMENT.

SO ORDERED.

Signed on August 29, 2025, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge