United States Bankruptcy Court
Southern District of Texas
**ENTERED**
December 15, 2025
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE HOUSTON REAL ESTATE PROPERTIES, LLC, | § § § | BANKRUPTCY CASE 4:22-bk-32998 ADVERSARY PROCEEDING |
| Debtor. | § | 4:23-ap-03141 |
| ———————————— | § § | |
| OTISCO RDX, LLC, *et al*, | § | CIVIL ACTION NUMBER |
| Appellants, | § § | 4:25-cv-01485 |
| versus | § § | JUDGE CHARLES ESKRIDGE |
| | § § | |
| JOHN QUINLAN, *et al*, | § | |
| Appellees. | § | |

## ORDER

Pending is a motion by Appellees John Quinlan, Omar Khawaja, and Osama Abdullatif to dismiss this appeal. Dkt 14. It argues that the notice of appeal concerns an interlocutory order of the bankruptcy judge and that Appellants failed to obtain leave before filing this appeal. Id at 6–7. It seeks in the alternative an abatement of appeal pending determination of how the underlying adversary proceeding will go forward or a 30-day extension of time in which to file their brief. Id at 7–9.

The notice of appeal has been reviewed. See Dkt 1. It notes that Appellants OTISCO RDX, LLC, MCITBE, LLC, JETALL/CROIX PROPERTIES, LP, and JETALL/CROIX GP, LLC, appeal an order of the bankruptcy judge denying their motion to dismiss the adversary proceeding. Dkt 1-1 at 1; see also 1-1 at 5–6 (order).

Federal district courts have jurisdiction to hear appeals from final orders and decrees of bankruptcy judges. See 28 USC §158(a)(1). They also have jurisdiction to hear appeals from interlocutory orders of bankruptcy judges modifying the time periods for filing a bankruptcy plan under 11 USC §1121. See 28 USC §158(a)(2). But an appellant must first seek leave from the district court for appeals of other interlocutory orders of bankruptcy judges. See id at §158(a)(3).

Appellants seek review of an interlocutory order denying their motion to dismiss. They failed to seek leave from this Court before filing such notice of appeal. Subject-matter jurisdiction is thus lacking under 28 USC §158(a)(3).

Appellants argue that they weren't required to seek leave because their appeal challenges putative lack of subject-matter jurisdiction in the bankruptcy court. Dkt 15 at 5–7. They point to no authority holding that leave isn't required in such circumstances. The only cited case notes that an interlocutory appeal may be taken to the *court of appeals* when a district court reverses a bankruptcy court order denying a motion to dismiss for lack of subject-matter jurisdiction. Id at 6–7, citing *In re Phillips*, 844 F2d 230, 234–35 (5th Cir 1988). But this in no way indicates that a *district court* may disregard the clear requirement in §158(a)(3) that leave is required to file an interlocutory appeal.

The motion by Appellees to dismiss this appeal for lack of jurisdiction is GRANTED. Dkt 14.

The notice of appeal by Appellants is DISMISSED, as is this appeal itself.

So ordered.

Signed on December 15, 2025, at Houston, Texas.

_CREskridge_
Honorable Charles Eskridge
United States District Judge